KEKER & VAN NEST, LLP
Jeffrey R. Chanin (No. 103649)
Daralyn J. Durie (No. 169825)
Dorothy McLaughlin (No. 229453)
Kevin T. Reed (No. 240799)
710 Sansome Street
San Francisco, CA 94111-5400
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
Email: jrc@kvn.com
        ddurie@kvn.com
        amb@kvn.com
        kreed@kvn.com

Attorneys for Plaintiff and Counterdefendant,
Netflix, Inc.

ALSCHULER GROSSMAN STEIN & KAHAN LLP
Marshall B. Grossman (No. 35958)
William J. O'Brien (No. 99526)
Tony D. Chen (No. 176635)
Dominique N. Thomas (No. 231464)
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA 90404-4060
Telephone: 310-907-1000
Facsimile: 310-907-2000
Email: mgrossman@agsk.com
        wobrien@agsk.com
        tchen@agsk.com
        dthomas@agsk.com

Attorneys for Defendant and Counterclaimant,
Blockbuster Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BLOCKBUSTER INC., a Delaware corporation, DOES 1-50,<br><br>Defendants.<br><br>AND RELATED COUNTER ACTION. | CASE NO. C 06 2361 WHA<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>Complaint Filed: April 4, 2006<br>Case Management<br>Conference Date: June 29, 2006<br>Time: 11:00 a.m.<br>Courtroom: 9, 19th Floor |

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

1    **A.    Topics in Court's Supplemental Order**

2    The parties provide the following statements on the subjects

3    designated in Paragraph 2 of the Court's Supplemental Order ("Order") filed

4    May 2, 2006 (Document 8 in the Court's file):

5    1.    Jurisdiction and Venue:  This Court has subject-matter

6    jurisdiction under 28 U.S.C. §§1331, 1337(a), and 1338(a) and 15 U.S.C. §26.  The

7    parties know of no issue regarding personal jurisdiction or venue.

8    2.    Claims and Defenses and Related Proceedings:

9    a.    Netflix's Claims and Defenses:  Netflix alleges that

10    Blockbuster infringes two Netflix patents:  U.S. Patent No. 7,024,381 (the

11    "'381 Patent"), entitled "Approach for Renting Items to Customers" issued

12    on April 4, 2006, and U.S. Patent No. 6,584,450 (the "'450 Patent"), entitled

13    "Method and Apparatus for Renting Items," issued on June 24, 2003.  At a

14    very high level, the patents relate to a method for subscription-based online

15    DVD rental that allows subscribers to keep the DVDs they rent for as long as

16    they wish without incurring any late fees, to obtain new DVDs upon return of

17    those they have already watched without incurring additional charges, and to

18    prioritize and reprioritize their own personal list—a dynamic queue—of

19    DVDs to be rented.  Netflix alleges that Blockbuster willfully infringed the

20    '450 patent.  Netflix seeks damages for past infringement of its patents, and

21    an injunction enjoining such infringement in the future.

22    b.    Blockbuster's Claims and Defenses:  Blockbuster alleges

23    defenses of non-infringement, invalidity, and unenforceability of the two

24    patents asserted by Netflix, as well as patent misuse, laches, and estoppel.

25    Blockbuster's grounds for these defenses include allegations that the patents

26    are anticipated by and obvious in view of prior art and that Netflix's

27    inventors and patent attorneys withheld known, material prior art from the

28    U.S. Patent and Trademark Office in violation of the duty of candor and good

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

2

JOINT CASE MANAGEMENT STATEMENT
C 06 2361 WHA

faith requiring disclosure of such art.  Blockbuster also alleges that Netflix unreasonably and prejudicially delayed its assertion of its first ("'450") patent.  Blockbuster alleges that Netflix engaged in an improper scheme that included obtaining a first patent without disclosing any prior art whatsoever to the Patent Office, acquiescing in Blockbuster's expenditure of millions of dollars to enter and develop the online DVD rental market, and then obtaining a second ("'381") patent by flooding the Patent Office with more than one-hundred prior-art references while still concealing known, material prior art.

Blockbuster also asserts antitrust counterclaims for monopolization and attempted monopolization in violation of Section 2 of the Sherman Act, as well as counterclaims for declaratory judgment.  In its antitrust counterclaims, Blockbuster alleges that Netflix fraudulently obtained the patents that it is asserting in this case, in violation of *Walker Process Equipment, Inc. v. Food Machinery and Chemical Corp.*, 382 U.S. 172, 175-77 (1965), and that Netflix's assertion of the patents against Blockbuster constitutes sham litigation actionable under *Professional Real Estate Investors, Inc. v. Columbia Pictures Industry, Inc.*, 508 U.S. 49, 56-61 (1993).  In its declaratory-judgment counterclaims, Blockbuster seeks a judgment of non-infringement, invalidity, and unenforceability of each of the asserted Netflix patents.

c.    Related Proceedings:  There are no "Related Cases" as defined in L.R. 3-12(a).

3.    Proceedings to Date:

a.    Netflix filed its Complaint on April 4, 2006, serving the Summons and Complaint on April 20.  On June 8, counsel for the parties timely conferred under Federal Rule Civil Procedure 26(f).  Blockbuster filed and served its Answer and Counterclaims on June 13, 2006.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

3    JOINT CASE MANAGEMENT STATEMENT
C 06 2361 WHA

1         b.     The parties have stipulated to extend the time for

2  exchange of documents in conjunction with initial disclosures under

3  Rule 26(a) by thirty days to July 21, 2006 and to otherwise extend the time

4  for disclosures to June 26, 2006.

5      4.     <u>Pending Motions</u>:  No motions are pending.

6      5.     <u>Expected Major Motions Before Trial</u>:  Netflix expects to file a

7  motion for summary judgment of infringement and may bring a motion for

8  summary judgment of validity.  Netflix also expects to move to dismiss or in the

9  alternative to sever and stay Blockbuster's antitrust counterclaim, and to strike

10  Blockbuster's allegations of inequitable conduct.  Blockbuster expects to file one or

11  more motions for summary judgment of invalidity as well as non-infringement of

12  some or all of Netflix's patent claims.

13      6.     <u>Expected Addition or Deletion of Parties</u>:  Neither side expects

14  parties to be added or deleted at this time.

15      7.     <u>Anticipated Evidentiary, Claim-Construction, or Class-</u>

16  <u>Certification Hearings</u>:  The parties anticipate a *Markman* claim construction

17  hearing in this case but do not presently expect to present testimony at the hearing.

18  Counsel do not presently anticipate other evidentiary hearings.  This is not a class

19  action.

20      8.     <u>Compliance with Evidence-Preservation Requirements</u>:  The

21  parties have complied with the evidence preservation requirements of Paragraph 4

22  of the Court's Order.

23      9.     <u>Stipulated Discovery Limits Different from the Federal Rules</u>:

24         a.     Netflix believes that the presumptive limit of ten

25  depositions per side is more than adequate for this case, absent some further

26  showing of good cause to exceed that limit.  Blockbuster seeks to increase

27  the number of depositions to 15 depositions per side, without precluding

28  either side from requesting further depositions in the future should

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

4

JOINT CASE MANAGEMENT STATEMENT
C 06 2361 WHA

1    circumstances support such a request.  Blockbuster believes that an increase

2    to 15 depositions is appropriate because of the complexity of this case,

3    including the expected need to depose numerous persons knowledgeable

4    about prior art of multiple types relevant to Netflix's claimed inventions,

5    ranging from subscription libraries, cable and satellite television services,

6    pay television services, and other video and film subscription services to

7    video rental stores and e-commerce businesses.  In addition, Blockbuster will

8    be required to depose the three inventors named in the subject patents, other

9    past and present Netflix personnel familiar with the development and features

10   of the Netflix service, the patent attorneys who prosecuted the applications

11   for the subject patents, fact witnesses on damage and antitrust issues, and

12   multiple expert witnesses.

13        b.    The parties agree that each side may take up to 3

14   depositions of 14 hours each.  Netflix believes that all other depositions can

15   be concluded within 7 hours.  Blockbuster believes it is possible that some

16   other depositions will reasonably require more than 7 hours, in which case

17   Blockbuster's counsel will confer with Netflix's counsel in an attempt to

18   reach agreement on the appropriate length of such depositions.

19        10.   Proposed Deadlines and Court Dates:

20        a.    Blockbuster proposes that its time to file preliminary

21   invalidity contentions and produce supporting documents as provided in

22   Patent Local Rules 3-3 and 3-4 be extended to October 23, 2006.  While

23   Blockbuster believes that it has already identified prior art sufficient to

24   invalidate the 151 claims of Netflix's asserted business-method patents,

25   much of the important prior art lies outside traditional prior art sources like

26   issued patents and published patent applications, making the prior art in this

27   case particularly time-consuming to locate and document.  To fully develop

28   its invalidity defenses, Blockbuster is finding it necessary to identify and

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

5                JOINT CASE MANAGEMENT STATEMENT
C 06 2361 WHA

1    locate numerous people who were involved in prior-art subscription libraries,

2    video rental businesses, e-commerce businesses and other unpatented prior-

3    art activities, to contact and interview these people, and then to obtain and

4    analyze documents related to their relevant activities, which may be buried

5    deep in storage facilities or other obscure locations.  As a result, more time

6    than usual will be required to assemble complete preliminary invalidity

7    contentions and supporting documents.

8            b.     Netflix proposes that the *Markman* hearing be held on or

9    around January 19, 2007.  Blockbuster proposes that the hearing be held on

10   or after March 12, 2007.

11           c.     The parties propose that non-expert discovery be cut off

12   ninety days before the trial date.

13           d.     The parties propose that the pretrial conference be

14   conducted at least fifteen days prior to trial.

15           e.     Netflix proposes that the Court set a trial date in July,

16   2006.  Blockbuster proposes that the trial be in or after January 2008.  Netflix

17   presently estimates that the trial is likely to require approximately 10 court

18   days, while Blockbuster estimates that it will require 10 to 15 court days.

19           f.     Except as provided above, the parties propose that the

20   Court follow the timing indicated in the Patent Local Rules and the Federal

21   Rules of Civil Procedure.

22        11.    Jury Demands:  Both sides have properly demanded a jury trial.

23        12.    Relief Sought:  Netflix seeks damages from Blockbuster for

24   alleged patent infringement and an injunction.  Blockbuster seeks declaratory

25   judgment for non-infringement, invalidity, and unenforceability of Netflix's

26   asserted patents and seeks damages from Netflix for alleged antitrust violations.

27   Both sides seek attorneys' fees and costs of suit.  Neither side has had an

28   opportunity to formulate detailed contentions concerning damages.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

6                    JOINT CASE MANAGEMENT STATEMENT
C 06 2361 WHA

13.     <u>ADR</u>:  The parties have conferred about ADR procedures and agree that private mediation is the likely procedure to assist settlement.  Because of the complexity of the case, the parties believe that mediation would be premature at this early stage and propose to engage in mediation within 180 days.

14.     <u>Consent to Assignment to Magistrate Judge</u>:  The parties are not willing to consent to the assignment of the case to a magistrate judge.

15.     <u>Service List</u>:  The following is a service list for all counsel, including telephone and facsimile numbers:

> Jeffrey R. Chanin
> Daralyn J. Durie
> Dorothy McLaughlin
> Kevin T. Reed
> Keker & Van Nest, LLP
> 710 Sansome Street
> San Francisco, CA  94111-5400
> Telephone: (415) 391-5400
> Facsimile:  (415) 397-7188
> Email:  jrc@kvn.com
>           ddurie@kvn.com
>           dmclaughlin@kvn.com
>           kreed@kvn.com

> Marshall B. Grossman
> William J. O'Brien
> Tony D. Chen
> Dominique N. Thomas
> Alschuler Grossman Stein & Kahan LLP
> The Water Garden
> 1620 26th Street
> Fourth Floor, North Tower
> Santa Monica, CA  90404-4060
> Telephone:  310-907-1000
> Facsimile:  310-907-2000
> Email:  mgrossman@agsk.com
>           wobrien@agsk.com
>           tchen@agsk.com
>           dthomas@agsk.com

16.     <u>Other Items in Local Rule 16-10</u>:  Except as set forth above, the parties propose that the matters specified in Civil Local Rule 16-10(b) be scheduled in accordance with the Local Rules, the Federal Rules of Civil Procedure, and the Guidelines for Trial and Final Pretrial Conference in civil jury cases before the Honorable William Alsup.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

7          JOINT CASE MANAGEMENT STATEMENT
C 06 2361 WHA

**B.**    **Topics in Patent Local Rule 2-1(a)**

The parties provide the following statements concerning the topics listed in Patent Local Rule 2-1(a):

1.    Proposed Modification of Patent Local Rule Deadlines:  *See* Paragraph A10 above.

2.    Live Testimony at Claim Construction Hearing:  *See* Paragraph A7 above.

3.    Limits on Claim Construction Discovery:  The parties propose no such limits.

4.    Order of Presentation at Claim Construction Hearing:  Netflix proposes that the Court adopt its standard procedures regarding the order of presentation at the hearing, such that Netflix will make an initial presentation, followed by Blockbuster, followed by any rebuttal from Netflix.  Blockbuster proposes that each side be allowed to make the first presentation as to half of the claim phrases to be construed, with the other side responding and with rebuttal and surrebuttal permitted as reasonably necessary.

5.    Claim Construction Prehearing Conference:  The parties do not believe that such a conference will be necessary.

**C.**    **Protective Order**

In accordance with Federal Rule of Civil Procedure 26(f), counsel have conferred about a stipulated protective order to protect trade secrets and confidential and proprietary information provided in discovery.  The parties agree that the protective order should provide two levels of confidentiality ("Confidential" and "Attorneys Only").  Netflix proposes that the Attorneys' Only category should be limited to outside counsel.  Blockbuster proposes that one mutually acceptable in-house attorney for each side have access to Attorneys Only information, after signing an appropriate undertaking to prevent inappropriate disclosure or use of such information.  Blockbuster and its in-house lawyers take

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

8

JOINT CASE MANAGEMENT STATEMENT
C 06 2361 WHA

1  very seriously the important professional responsibilities of in-house counsel to

2  their client and its shareholders, including duties to make prudent decisions,

3  provide legal advice, and exercise direction and control over this important and

4  costly litigation.  Blockbuster believes that the requested access is essential to

5  permit its in-house counsel to properly fulfill these responsibilities.

6  DATED: June 22, 2006              KEKER & VAN NEST, LLP

7

8                                   By_____

9                                      Daralyn J. Durie
                                       Attorneys for Plaintiff and Counterdefendant,
10                                     Netflix, Inc.

11 DATED: June 22, 2006              ALSCHULER GROSSMAN STEIN & KAHAN
                                     LLP
12

13

14                                  By_____/S/_____

15                                     William J. O'Brien
                                       Attorneys for Defendant and Counterclaimant,
                                       Blockbuster Inc.
16

17

18

19

20

21

22

23

24

25

26

27

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

9

JOINT CASE MANAGEMENT STATEMENT
C 06 2361 WHA