1  KEKER & VAN NEST, LLP
   JEFFREY R. CHANIN - #103649
2  DARALYN J. DURIE - #169825
   710 Sansome Street
3  San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
4  Facsimile: (415) 397-7188

5  Attorneys for Plaintiff
   NETFLIX, INC.
6

7                         UNITED STATES DISTRICT COURT

8                        NORTHERN DISTRICT OF CALIFORNIA

9  NETFLIX, INC., a Delaware corporation,    Case No. C 06 2361 WHA

10                         Plaintiff,        **FIRST AMENDED COMPLAINT FOR
                                             PATENT INFRINGEMENT AND
11       v.                                  DEMAND FOR JURY TRIAL**

12 BLOCKBUSTER, INC., a Delaware             Complaint filed:    April 4, 2006
   corporation, DOES 1-50,
13
                           Defendant.
14

15

16      Plaintiff Netflix, Inc. (Netflix) for its First Amended Complaint for patent infringement

17 against Defendant Blockbuster, Inc. (Blockbuster) alleges upon knowledge with respect to its

18 own acts, and upon information and belief as to other matters, as follows:

19                                    **THE PARTIES**

20      1.   Netflix is a Delaware corporation with its principal place of business in Los

21 Gatos, California. Netflix has rented out DVDs on a subscription basis through its website,

22 www.netflix.com, since 1999.

23      2.   Defendant Blockbuster is a Delaware corporation with its principal place of

24 business in Dallas, Texas. Blockbuster may be served with a Summons and this Complaint

25 through its registered agent, Corporation Service Company, 2711 Centerville Road, Wilmington,

26 Delaware 19808. Blockbuster launched Blockbuster Online, which it describes as its "U.S.

27 online subscription program," in 2004. Defendant Blockbuster has, at all times material hereto,

28 been registered to do business and has conducted business in the State of California and this

1  District.

## JURISDICTION AND VENUE

3. This is an action arising under the laws of the United States, including 35 U.S.C. § 101 *et seq.* (patent laws). This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Blockbuster because Blockbuster regularly conducts business in this District and/or because Blockbuster has committed acts of patent infringement in this District.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b) because Blockbuster regularly conducts business in this District and/or because Blockbuster has committed acts of patent infringement in this District.

## INTRADISTRICT ASSIGNMENT

6. This is an Intellectual Property Action subject to district-wide assignment under Local Rule 3-2(c).

## FIRST CAUSE OF ACTION

### (Infringement of U.S. Patent No. 7,024,381)

7. Netflix is the sole and exclusive owner of U.S. Patent No. 7,024,381 (the "'381 Patent" attached as Exhibit A), entitled "Approach for Renting Items to Customers" issued on April 4, 2006. Among other things, the Patent covers a method for subscription-based online DVD rental that allows subscribers to keep the DVDs they rent for as long as they wish without incurring any late fees, to obtain new DVDs upon return of those they have already watched without incurring additional charges, and to prioritize and reprioritize their own personal list—a dynamic queue—of DVDs to be rented.

8. In violation of 35 U.S.C. § 271(a), Blockbuster has sold and/or offered for sale in the United States a service that infringes one or more claims of the '381 Patent, by copying Netflix's patented business method, including but not limited to copying Netflix's dynamic queue; copying Netflix's method of sending DVDs to subscribers based on ranked order of titles in their queue; and copying Netflix's method of allowing subscribers to update and reorder their

1 queue among other acts of infringement.

2     9.     Blockbuster has also actively induced and/or contributed to others' infringement
3 of the '381 Patent in violation of 35 U.S.C. §§ 271(b) and (c).

4     10.     Blockbuster has had actual or constructive knowledge of the '381 Patent, and
5 Blockbuster's infringement of the '381 Patent has been and is willful and deliberate.  Netflix has
6 suffered and will continue to suffer irreparable injury unless Blockbuster's infringement of the
7 '381 Patent is enjoined by this Court.

## SECOND CAUSE OF ACTION

### (Infringement of U.S. Patent No. 6,584,450)

10     11.     Netflix's incorporates paragraphs 1-10 above by reference.

11     12.     Netflix is the sole and exclusive owner of U.S. Patent No. 6,584,450 (the "'450
12 Patent," attached as Exhibit B), entitled "Method and Apparatus for Renting Items," issued on
13 June 24, 2003.

14     13.     In violation of 35 U.S.C. § 271(a), Blockbuster has sold and/or offered for sale in
15 the United States a service that infringes one or more claims of the '450 Patent.

16     14.     Blockbuster has also actively induced and/or contributed to others' infringement
17 of the '450 Patent in violation of 35 U.S.C. §§ 271(b) and (c).

18     15.     Blockbuster has had actual or constructive knowledge of the '450 Patent, and
19 Blockbuster's infringement of the '450 Patent has been and is willful and deliberate.  Netflix has
20 suffered and will continue to suffer irreparable injury unless Blockbuster's infringement of the
21 '450 Patent is enjoined by this Court.

## PRAYER FOR RELIEF

23 Netflix respectfully requests the following relief:

24     1.     A judgment that Blockbuster has infringed the asserted patents in violation of 35
25 U.S.C. §§ 271 (a), (b) and (c);

26     2.     A judgment that Blockbuster's infringement of the '381 and '450 patents has been
27 willful and deliberate;

28     3.     Preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, enjoining

1  Blockbuster, and all persons in active concert of participation with Blockbuster, from any further
2  acts of infringement, inducement of infringement, or contributory infringement of the asserted
3  patents;

4     4.    An order, pursuant to 35 U.S.C. § 284, awarding Netflix damages adequate to
5  compensate Netflix for Blockbuster's infringement of the asserted patents, in an amount to be
6  determined at trial, but in no event less than a reasonable royalty;

7     5.    An order, pursuant to 35 U.S.C. § 284, and based on Blockbuster's willful and
8  deliberate infringement of the '381 and '450 patents, trebling all damages awarded to Netflix;

9     6.    An order, pursuant to 35 U.S.C. § 284, awarding Netflix interest on the damages
10 and its costs incurred in this action;

11     7.    An order, pursuant to 35 U.S.C. § 285, finding that this is an "exceptional" case
12 and awarding to Netflix its reasonable attorneys' fees, expenses and costs incurred in this action;
13 and

14     8.    All such other relief that the Court deems just and proper.

Dated: July 26, 2006                                  KEKER & VAN NEST, LLP

                                                           By:    /s/ Jeffrey R. Chanin
                                                           JEFFREY R. CHANIN
                                                           Attorneys for Plaintiff
                                                           NETFLIX, INC.

**DEMAND FOR JURY TRIAL**

Under Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 3-6 of the United States District Court for the Northern District of California, Plaintiff hereby demands a trial by jury of all issues properly triable by jury.

Dated: July 26, 2006                                        KEKER & VAN NEST, LLP


By:  /s/ Jeffrey R. Chanin
     JEFFREY R. CHANIN
     Attorneys for Plaintiff
     NETFLIX, INC.

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

    Netflix, Inc.

    Blockbuster, Inc.

    .

Dated: July 26, 2006                            KEKER & VAN NEST, LLP

By:   /s/ Jeffrey R. Chanin
JEFFREY R. CHANIN
Attorneys for Plaintiff
NETFLIX, INC.