KEKER & VAN NEST, LLP
JEFFREY R. CHANIN - #103649
DARALYN J. DURIE - #169825
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Plaintiff
NETFLIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| NETFLIX, INC., a Delaware corporation, | Case No. C 06 2361 WHA |
|---|---|
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |
| v. | |
| BLOCKBUSTER, INC., a Delaware corporation, DOES 1-50, | Complaint filed:       April 4, 2006 |
| Defendant. | |

Plaintiff Netflix, Inc. (Netflix) for its First Amended Complaint for patent infringement against Defendant Blockbuster, Inc. (Blockbuster) alleges upon knowledge with respect to its own acts, and upon information and belief as to other matters, as follows:

**THE PARTIES**

1. Netflix is a Delaware corporation with its principal place of business in Los Gatos, California.  Netflix has rented out DVDs on a subscription basis through its website, www.netflix.com, since 1999.

2. Defendant Blockbuster is a Delaware corporation with its principal place of business in Dallas, Texas.  Blockbuster may be served with a Summons and this Complaint through its registered agent, Corporation Service Company, 2711 Centerville Road, Wilmington, Delaware 19808.  Blockbuster launched Blockbuster Online, which it describes as its "U.S. online subscription program," in 2004.  Defendant Blockbuster has, at all times material hereto, been registered to do business and has conducted business in the State of California and this

1 District.

## JURISDICTION AND VENUE

3. This is an action arising under the laws of the United States, including 35 U.S.C. § 101 *et seq.* (patent laws). This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Blockbuster because Blockbuster regularly conducts business in this District and/or because Blockbuster has committed acts of patent infringement in this District.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b) because Blockbuster regularly conducts business in this District and/or because Blockbuster has committed acts of patent infringement in this District.

## INTRADISTRICT ASSIGNMENT

6. This is an Intellectual Property Action subject to district-wide assignment under Local Rule 3-2(c).

## FIRST CAUSE OF ACTION

### (Infringement of U.S. Patent No. 7,024,381)

7. Netflix is the sole and exclusive owner of U.S. Patent No. 7,024,381 (the "'381 Patent" attached as Exhibit A), entitled "Approach for Renting Items to Customers" issued on April 4, 2006. Among other things, the Patent covers a method for subscription-based online DVD rental that allows subscribers to keep the DVDs they rent for as long as they wish without incurring any late fees, to obtain new DVDs upon return of those they have already watched without incurring additional charges, and to prioritize and reprioritize their own personal list—a dynamic queue—of DVDs to be rented.

8. In violation of 35 U.S.C. § 271(a), Blockbuster has sold and/or offered for sale in the United States a service that infringes one or more claims of the '381 Patent, by copying Netflix's patented business method, including but not limited to copying Netflix's dynamic queue; copying Netflix's method of sending DVDs to subscribers based on ranked order of titles in their queue; and copying Netflix's method of allowing subscribers to update and reorder their

1   queue among other acts of infringement.

2   9.     Blockbuster has also actively induced and/or contributed to others' infringement
3   of the '381 Patent in violation of 35 U.S.C. §§ 271(b) and (c).

4   10.    Blockbuster has had actual or constructive knowledge of the '381 Patent, and
5   Blockbuster's infringement of the '381 Patent has been and is willful and deliberate.  Netflix has
6   suffered and will continue to suffer irreparable injury unless Blockbuster's infringement of the
7   '381 Patent is enjoined by this Court.

## SECOND CAUSE OF ACTION

### (Infringement of U.S. Patent No. 6,584,450)

10   11.    Netflix's incorporates paragraphs 1-10 above by reference.

11   12.    Netflix is the sole and exclusive owner of U.S. Patent No. 6,584,450 (the "'450
12   Patent," attached as Exhibit B), entitled "Method and Apparatus for Renting Items," issued on
13   June 24, 2003.

14   13.    In violation of 35 U.S.C. § 271(a), Blockbuster has sold and/or offered for sale in
15   the United States a service that infringes one or more claims of the '450 Patent.

16   14.    Blockbuster has also actively induced and/or contributed to others' infringement
17   of the '450 Patent in violation of 35 U.S.C. §§ 271(b) and (c).

18   15.    Blockbuster has had actual or constructive knowledge of the '450 Patent, and
19   Blockbuster's infringement of the '450 Patent has been and is willful and deliberate.  Netflix has
20   suffered and will continue to suffer irreparable injury unless Blockbuster's infringement of the
21   '450 Patent is enjoined by this Court.

## PRAYER FOR RELIEF

23   Netflix respectfully requests the following relief:

24   1.     A judgment that Blockbuster has infringed the asserted patents in violation of 35
25   U.S.C. §§ 271 (a), (b) and (c);

26   2.     A judgment that Blockbuster's infringement of the '381 and '450 patents has been
27   willful and deliberate;

28   3.     Preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, enjoining

Blockbuster, and all persons in active concert of participation with Blockbuster, from any further acts of infringement, inducement of infringement, or contributory infringement of the asserted patents;

    4.    An order, pursuant to 35 U.S.C. § 284, awarding Netflix damages adequate to compensate Netflix for Blockbuster's infringement of the asserted patents, in an amount to be determined at trial, but in no event less than a reasonable royalty;

    5.    An order, pursuant to 35 U.S.C. § 284, and based on Blockbuster's willful and deliberate infringement of the '381 and '450 patents, trebling all damages awarded to Netflix;

    6.    An order, pursuant to 35 U.S.C. § 284, awarding Netflix interest on the damages and its costs incurred in this action;

    7.    An order, pursuant to 35 U.S.C. § 285, finding that this is an "exceptional" case and awarding to Netflix its reasonable attorneys' fees, expenses and costs incurred in this action; and

    8.    All such other relief that the Court deems just and proper.

Dated:  July 26, 2006                                KEKER & VAN NEST, LLP

                                                    By:    /s/ Jeffrey R. Chanin
                                                              JEFFREY R. CHANIN
                                                               Attorneys for Plaintiff
                                                               NETFLIX, INC.

**DEMAND FOR JURY TRIAL**

Under Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 3-6 of the United States District Court for the Northern District of California, Plaintiff hereby demands a trial by jury of all issues properly triable by jury.

Dated:  July 26, 2006                                     KEKER & VAN NEST, LLP


By:   /s/ Jeffrey R. Chanin
      JEFFREY R. CHANIN
      Attorneys for Plaintiff
      NETFLIX, INC.

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

    Netflix, Inc.

    Blockbuster, Inc.

    .

Dated: July 26, 2006      KEKER & VAN NEST, LLP

By:   /s/ Jeffrey R. Chanin
    JEFFREY R. CHANIN
    Attorneys for Plaintiff
    NETFLIX, INC.