1  ALSCHULER GROSSMAN STEIN & KAHAN LLP
   Marshall B. Grossman (No. 35958)
2  William J. O'Brien (No. 99526)
   Tony D. Chen (No. 176635)
3  Dominique N. Thomas (No. 231464)
   The Water Garden
4  1620 26th Street
   Fourth Floor, North Tower
5  Santa Monica, CA  90404-4060
   Telephone:  310-907-1000
6  Facsimile:  310-907-2000
   Email: mgrossman@agsk.com
7         wobrien@agsk.com
          tchen@agsk.com
8         dthomas@agsk.com

9  Attorneys for Defendant and Counterclaimant,
   Blockbuster Inc.
10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

| 13 | NETFLIX, INC., a Delaware corporation, | CASE NO. C 06 2361 WHA |
|---|---|---|
| 14 | Plaintiff, | **BLOCKBUSTER'S PRELIMINARY INVALIDITY CONTENTIONS FOR U.S. PATENT NO. 6,584,450** |
| 15 | vs. | |
| 16 | BLOCKBUSTER INC., a Delaware corporation, DOES 1-50, | Complaint Filed: April 4, 2006 |
| 17 | Defendants. | |
| 18 | | |
| 19 | BLOCKBUSTER INC., a Delaware corporation, | |
| 20 | Counterclaimant, | |
| 21 | vs. | |
| 22 | NETFLIX, INC., a Delaware corporation, | |
| 23 | Counterclaim Defendant. | |
| 24 | | |

25         Pursuant to Patent Local Rule 3-3 and the Court's Case Management

26  Order filed June 30, 2006, Defendant and Counterclaimant, Blockbuster Inc.,

27  hereby states its Preliminary Invalidity Contentions as to United States Patent

28  No. 6,584,450, issued on June 24, 2003, entitled "Method and Apparatus for

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

BLOCKBUSTER'S PRELIMINARY INVALIDITY
CONTENTIONS FOR U.S. PATENT NO. 6,584,450
C 06 2361 WHA

Dockets.Justia.com

1  Renting Items" (hereinafter referred to as "the '450 Patent").

2  This statement of Preliminary Invalidity Contentions is based on the
3  information currently available to Blockbuster and is subject to revision.  Discovery
4  from Netflix and third parties remains pending, and other investigations are still in
5  progress.  Among other things, Netflix has to date failed to produce multiple
6  categories of documents requested by Blockbuster related to prior art, and Netflix
7  delayed producing more than 20,000 pages of documents that were due August 14,
8  2006, until September 13, 2006, making it impossible for Blockbuster to thoroughly
9  review those documents prior to submitting these Preliminary Invalidity
10 Contentions.

11 This statement is provided without prejudice to all rights to
12 supplement or modify Blockbuster's contentions as additional information is
13 obtained, further research and analysis are completed, and patent claims are
14 construed.  This statement is also made without waiver or limitation of any
15 attorney-client privilege, work product protection or any other privileges or
16 evidentiary objections whatsoever.

## I. INVALIDITY CONTENTIONS BASED ON 35 U.S.C. §§ 102 AND 103

### A. IDENTIFICATION OF PRIOR ART

#### 1 Prior Art Patents and Published Patent Applications

Prior art patents and published patent applications identified for purposes of these Preliminary Invalidity Contentions are listed in Exhibit A attached hereto.

#### 2 Prior Art Publications

Prior art publications (other than published patent applications) identified for purposes of these Preliminary Invalidity Contentions are listed in Exhibit B attached hereto.

///
///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

2

BLOCKBUSTER'S PRELIMINARY INVALIDITY
CONTENTIONS FOR U.S. PATENT NO. 6,584,450
C 06 2361 WHA

### 3  Prior Art Public Use

Prior art public use, public knowledge, sales, and offers for sale identified for purposes of these Preliminary Invalidity Contention are listed in Exhibit C attached hereto.

### B. CLASSIFICATIONS, COMBINATIONS AND MOTIVATIONS

Classifications, combinations and motivations for combinations of prior art are listed in Exhibits D (Part 1), E (Part 2) and F (Part 3) attached hereto.

### C. CLAIM CHARTS

#### 1  Claims 1 through 15

A Claim Chart for Claims 1 through 15 of the '450 Patent is attached hereto as Exhibit G.

#### 2  Claims 16 through 30

A Claim Chart for Claims 16 through 30 of the '450 Patent is attached hereto as Exhibit H.

#### 3  Claims 31 through 35

A Claim Chart for Claims 31 through 35 of the '450 Patent is attached hereto as Exhibit I.

#### 4  Claims 36 through 50

A Claim Chart for Claims 36 through 50 of the '450 Patent is attached hereto as Exhibit J.

#### 5  Claims 51 through 65

A Claim Chart for Claims 51 through 65 of the '450 Patent is attached hereto as Exhibit K.

#### 6  Claims 66 through 80

A Claim Chart for Claims 66 through 80 of the '450 Patent is attached hereto as Exhibit L.

///

///

**7      Claims 81 through 95**

A Claim Chart for Claims 81 through 95 of the '450 Patent is attached hereto as Exhibit M.

**8      Claims 96 through 100**

A Claim Chart for Claims 96 through 100 of the '450 Patent is attached hereto as Exhibit N.

## II.   INVALIDITY CONTENTIONS BASED ON 35 U.S.C. § 112

Claims 1-100 of the '450 Patent are invalid for failure to comply with the requirements of 35 U.S.C. § 112.

### A.   35 U.S.C. § 112, PARAGRAPH 2

The '450 Patent and all claims thereof are invalid for indefiniteness under 35 U.S.C. § 112¶ 2.

Blockbuster's grounds for this contention include, without limitation, that the following claim terms are indefinite:

(1)   "computer-implemented method;"
(2)   "renting;"
(3)   "attributes;"
(4)   "ordered list;"
(5)   "based upon the order of the list;"
(6)   "item selection criteria;"
(7)   "providing to the customer up to a specified number of the one or more items;"
(8)   "wherein a total current number of items provided to the customer does not exceed the specified number;"
(9)   "wherein a total number of items provided to the customer within a specified period of time does not exceed a specified time;
(10)  "the one or more item selection criteria indicates a desired order;"

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

4

BLOCKBUSTER'S PRELIMINARY INVALIDITY
CONTENTIONS FOR U.S. PATENT NO. 6,584,450
C 06 2361 WHA

   (11) "if a particular item from the one or more items indicated by the one or more item selection criteria is not available, then providing another item;"

   (12) "automatically selecting and providing to the customer;'

   (13) "preferred item attributes;"

   (14) "item rental queue;"

   (15) "wherein the item rental queue contains one or more entries that specify the one or more items that the customer desires to rent;"

   (16) "selecting the one or more other items from the item rental queue;"

   (17) "in response to receiving a customer notification;"

   (18) "in response to expiration of a specified amount of time;"

   (19) "in response to a specified date being reached;"

   (20) "in response to a specified fee being received;"

   (21) "delivery agent;"

   (22) "computer-readable medium;"

   (23) "an apparatus for renting items to customers;"

   (24) "processors;" and

   (25) "a memory communicatively coupled to the one or more processors."

   In addition, claims 36 through 100 of the '450 Patent are invalid for indefiniteness under § 112 ¶ 2 because they recite both an apparatus and a method of using that apparatus. Such claims are invalid under 35 U.S.C. § 112 ¶ 2. *See IPXL Holdings v. Amazon.com, Inc.*, 430 F.3d 1377, 1384-85 (Fed. Cir. 2005); *see also Amgen, Inc. v. Chugai Pharm. Co.*, 927 F.2d 1200, 1217 (Fed. Cir. 1991) (A claim is considered indefinite if it does not reasonably apprise those skilled in the art of its scope).

   "The Board of Patent Appeals and Interferences ('Board') of the PTO . . . has made it clear that reciting both an

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

5

BLOCKBUSTER'S PRELIMINARY INVALIDITY
CONTENTIONS FOR U.S. PATENT NO. 6,584,450
C 06 2361 WHA

> apparatus and a method of using that apparatus renders a claim indefinite under section 112, paragraph 2. *Ex parte Lyell*, 17 USPQ 2d 1548 (1990). . . . This rule is well recognized and has been incorporated into the PTO's *Manual of Patent Examination Procedure*. § 2173.05(p)(II) (1999) ('A single claim which claims both an apparatus and the method steps of using the apparatus is indefinite under 35 U.S.C. 112, second paragraph.'); *see also* Robert C. Faber, *Landis on Mechanics of Patent Claim Drafting* § 60A (2001) ('Never mix claim types to different classes of invention in a single claim.'). "

IPXL, 430 F.d at 1384.

### B. 35 U.S.C. § 112, PARAGRAPH 1

The Court's Patent Local Rules do not require any disclosure in Preliminary Invalidity Contentions concerning best-mode defenses. *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431 SBA, 2006 WL 1329997 (N.D. Cal. May 15, 2006); *see* Pat. L.R. 3-3(d). Blockbuster provides the following information as a courtesy, without prejudice to its presentation of any additional or different defenses at any time.

Blockbuster contends that the '450 Patent and all claims thereof are invalid for failure to disclose best mode as required by 35 U.S.C. § 112 ¶ 1. Blockbuster's grounds for this contention include, without limitation, the following:

1. Claims of the '450 Patent recite selecting items (or, more specifically, movies) for delivery to a customer. The '450 Patent does not disclose any mode of selecting items or movies that prioritizes between requests of different customers. For example, and without limitation:

///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

6

BLOCKBUSTER'S PRELIMINARY INVALIDITY
CONTENTIONS FOR U.S. PATENT NO. 6,584,450
C 06 2361 WHA

   a. The '450 Patent does not disclose any mode of selecting items or movies for customers that takes into account how often a customer returns movies or other items and receives new ones;

   b. The '450 Patent does not disclose any step, method, device, or feature for anything known or described as "throttling."

  2. Claims of the '450 Patent recite delivery of movies or other items to customers and delivery by mail.

   a. The '450 Patent does not disclose any mode of delivery of movie or other items to customers by mail that includes any particular type, design, or features for the envelope or package used for such delivery. Indeed, the '450 Patent do not refer to an envelope or packaging at all.

   b. The '450 Patent does not disclose any particular type, design, or feature for return of monies or other items by a customer.

## III. INVALIDITY CONTENTIONS BASED ON 35 U.S.C. § 101

The Court's Patent Local Rules do not require any disclosure in Preliminary Invalidity Contentions concerning § 101 defenses. *See* Pat. L.R. 3-3(d). Blockbuster presents the following information as a courtesy, without prejudice to its presentation of any additional or different defense at any time in the future.

Claims 1-100 of the '450 Patent are invalid under 35 U.S.C. § 101.

Blockbuster contends that the '450 Patent and each and every individual claim thereof are invalid under 35 U.S.C. § 101 because the subject matter of each such claim is not patentable under that section or under Article I, Section 8 of the United States Constitution.

Blockbuster's grounds for these contentions include, without limitation:

///

///

1.  Each such claim fails to set forth a patentable invention or "discovery" by an "inventor" within the meaning of Article I, Section 8;

2.  Each such claim fails to set forth a patentable invention under 38 U.S.C. § 101;

3.  Each such patent and claim improperly attempts to provide patent protection for a business method;

4.  Each such patent and claim improperly attempts to provide patent protection for an algorithm; and

5.  Each such patent and claim otherwise fails to meet Constitutional, statutory, or case law requirements for patentability.

Based on the reasons stated above, Blockbuster contends that the '450 Patent and each and every individual claim thereof are invalid.

DATED: Sept. 18, 2006        ALSCHULER GROSSMAN STEIN & KAHAN LLP

By _____/s/_____
William J. O'Brien
Attorneys for Defendant and Counterclaimant,
Blockbuster Inc.