KEKER & VAN NEST, LLP
JEFFREY R. CHANIN - #103649
DARALYN J. DURIE - #169825
ASHOK RAMANI - #200020
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
NETFLIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation,<br><br>   Plaintiff, Counterclaim-Defendant,<br><br>   v.<br><br>BLOCKBUSTER, INC., a Delaware corporation, DOES 1-50,<br><br>   Defendant, Counterclaim-Plaintiff | Case No. C 06 2361 WHA<br><br>**REPLY TO DEFENDANT'S COUNTERCLAIMS**<br><br>Complaint filed:   April 4, 2006 |

# ALLEGATIONS COMMON TO BLOCKBUSTER'S AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

## BACKGROUND

16. Netflix admits that the pleadings in this case are as reflected in the Court's docket. Netflix denies the remaining allegations in Paragraph 16.

17. Denied

18. Netflix admits that the '450 patent describes a method for renting items to customers. Netflix denies the remaining allegations in Paragraph 18.

19. Netflix admits that the '381 patent describes a method for renting movies to customers. Netflix denies the remaining allegations in Paragraph 19.

20. Netflix admits that some of the claims of the '450 and '381 patents recite features related to subscription rental and to implementing online subscription rental of items, including a queue of desired items. Netflix denies the remaining allegations in Paragraph 20.

21. Denied

22. Denied

## HISTORY OF NETFLIX'S PATENTS

23. Admitted

24. Admitted

25. Netflix admits that the '450 patent was issued on June 24, 2003. Netflix denies the remaining allegations in Paragraph 25.

26. Netflix admits that it has not filed infringement claims against any other company operating an online DVD rental business. Netflix denies the remaining allegations in Paragraph 26.

27. Netflix admits that it applied for the '381 patent on May 14, 2003. Netflix admits that it filed the application for the '381 patent, Serial No. 10/438, 727, in the names of Reed Hastings, Marc Randolph, and Neil Duncan Hunt. Netflix denies the remaining allegations in Paragraph 27.

28. Netflix admits that the '381 patent issued and that this lawsuit was filed on April 4, 2006. Netflix denies the remaining allegations in Paragraph 28.

29. Denied

30. Netflix admits that it filed the application for the '450 patent on April 28, 2000. Netflix admits that it filed the application for the '381 patent on May 14, 2003. Netflix admits that the '450 patent issued on June 24, 2003. Netflix admits that the '381 patent issued on April 4, 2006, and that it filed a complaint against Blockbuster for patent infringement on that same day. Netflix lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 30.

## **NETFLIX'S DUTY OF CANDOR TO THE PATENT OFFICE**

31. Netflix admits that certain specific individuals, including the named inventors and the attorneys who prosecuted the patent applications, owed a duty of candor to the Patent and Trademark Office pursuant to 37 C.F.R. § 1.56(c). Netflix denies the remaining allegations in Paragraph 31.

32. Netflix admits that Blockbuster has correctly quoted the text of 37 C.F.R. § 1.56(c).

33. Netflix admits that certain specific individuals, including the named inventors and the attorneys who prosecuted the patent applications, owed a duty of candor to the Patent and Trademark Office pursuant to 37 C.F.R. § 1.56(c). Netflix denies the remaining allegations in Paragraph 33.

34. Netflix admits that the duty of candor and good faith owed to the Patent and Trademark Office "exists with respect to each pending claim until the claim is cancelled or withdrawn from consideration, or the application becomes abandoned." 37 C.F.R. § 1.56(a). Netflix denies the remaining allegations in Paragraph 34.

35. Netflix admits that a declaration and power of attorney was submitted to the Patent Office in support of the '450 patent application. Netflix admits that the Declaration was signed by Reed Hastings on September 28, 2000, Neil Duncan Hunt on September 29, 2000, and

Marc B. Randolph on October 3, 2000.  Netflix denies the remaining allegations in Paragraph 35.

36.     Netflix admits that the declaration and power of attorney includes a paragraph that states: "I acknowledge a duty to disclose information which is known to me to be material to patentability in accordance with Title 37, Code of Federal Regulations 1.56."

37.     Admitted

## NETFLIX'S ALLEGED VIOLATIONS OF THE DUTY OF CANDOR

38.     Denied

39.     Denied

40.     Netflix admits that Netflix CEO and Named Inventor Reed Hastings met with Blockbuster's then-Executive Vice President and General Counsel Edward Stead in or around January of 2005.  Netflix denies the remaining allegations in Paragraph 40.

41.     Netflix admits that certain prior art references were disclosed in connection with the prosecution of the '381 patent that had not been disclosed in connection with the prosecution of the '450 patent.  Netflix denies the remaining allegations in Paragraph 41.

42.     Denied

43.     Denied

## PRIOR ART CONCEALED BY NETFLIX

44.     Netflix admits that it was aware of the existence of certain patents purportedly owned by NCR during the pendency of the applications for the '450 and '381 patents.  Netflix admits that it was aware of the existence of HBO, Showtime, and TiVo while the applications were pending.  Blockbuster's remaining allegations in Paragraph 44 are not sufficiently specific to permit Netflix to admit or deny.

45.     Netflix admits that NCR holds patents listed in Paragraph 45.

46.     Denied

47.     Netflix admits that it was aware of the existence of certain patents purportedly owned by NCR during the pendency of the applications for the '450 and '381 patents.  Netflix denies the remaining allegations in Paragraph 47.

1       48.    Admitted

2       49.    Netflix admits that it received a letter from NCR on January 7, 2003, and did not

3 disclose the patents identified in that letter to the Patent and Trademark Office. Netflix denies

4 the remaining allegations in Paragraph 49.

5       50.    Admitted

6       51.    Admitted

7       52.    Netflix admits that it did not disclose the NCR patents to the Patent Office in

8 conjunction with the '381 patent. Netflix denies the remaining allegations in Paragraph 52.

9       53.    Denied

10      54.    Denied

11      55.    Denied

12      56.    Denied

13

14                            **NETFLIX'S DECEPTIVE INTENT**

15      57.    Denied

16      58.    Denied

17      59.    Denied

18

19                                     **JURISDICTION**

20      81.    Admitted

21      82.    Admitted

22      83.    Admitted

23                                        **VENUE**

24      84.    Admitted

25                           **INTRADISTRICT ASSIGNMENT**

26      85.    Admitted

27                                 **THE PARTIES**

28      86.    Admitted

1     87. Admitted

## INTERSTATE COMMERCE

3     88. Denied

4     89. Netflix admits that from approximately April 28, 2000, through the present, it rented and distributed DVDs throughout the United States; that it distributed rental DVDs and received returns of rental DVDs through the United States mails; and that it solicited and entered into DVD rental contracts, obtained DVD rental orders, received payments for DVD rentals, and promoted its online DVD rental service over the Internet. Netflix denies the remaining allegations in Paragraph 89.

## RELEVANT MARKET

11     90. Denied

12     91. Denied

13     92. Denied

14     93. Denied

## FIRST COUNTERCLAIM

(Monopolization in Violation of Section 2 of the Sherman Antitrust Act)

17     94. Netflix incorporates by reference all of its responses to paragraphs 16 through 93 above.

19     95. Denied

20     96. Denied

21     97. Denied

22     98. Netflix admits that it did not cite any prior art. Netflix denies the remaining allegations in Paragraph 98.

24     99. Denied

25     100. Denied

26     101. Denied

27     102. Denied

28     103. Denied

1  104. Denied

2  105. Denied

3  106. Denied

4  107. Denied

5  108. Denied

6  109. Denied

7  110. Denied

## SECOND COUNTERCLAIM

### (Attempted Monopolization in Violation of Section 2 of the Sherman Antitrust Act)

111. Netflix incorporates by reference all of its responses to Paragraphs 16 through 110 above.

112. Denied

113. Denied

114. Denied

115. Denied

116. Denied

117. Denied

118. Denied

119. Denied

## THIRD COUNTERCLAIM

### (Declaratory Judgment as to the '450 Patent)

120. Netflix incorporates by reference all of its responses to paragraphs 16 through 119 above.

121. Netflix admits that its case against Blockbuster alleges that Blockbuster's Blockbuster Online service infringes Netflix's '450 patent and seeks an injunction and monetary award based on that contention. Netflix denies the remaining allegations in Paragraph 121.

122. Denied

123. Denied

1    124.   Denied

2    125.   Denied

3

## FOURTH COUNTERCLAIM

### (Declaratory Judgment as to the '381 Patent)

126.   Netflix incorporates by reference all of its responses to paragraphs 16 through 125 above.

127.   Netflix admits that its case against Blockbuster alleges that Blockbuster's Blockbuster Online service infringes Netflix's '381 patent and seeks an injunction and monetary award based on that contention.  Netflix denies the remaining allegations in Paragraph 127.

128.   Denied

129.   Denied

130.   Denied

131.   Denied

## FIRST AFFIRMATIVE DEFENSE

Blockbuster's claims are barred in whole or in part because they fail to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Blockbuster's claims are barred in whole or in part by the First Amendment to the United States Constitution.

## THIRD AFFIRMATIVE DEFENSE

Blockbuster's claims are barred in whole or in part by *Eastern R. Conf. v. Noerr Motors*, 365 U.S. 127 (1961), *United Mine Workers v. Pennington*, 381 U.S. 657 (1965), and their progeny.

## FOURTH AFFIRMATIVE DEFENSE

Blockbuster's claims are barred in whole or in part because Blockbuster has not suffered, and will not suffer, antitrust injury or any other injury to a legally cognizable interest.

**FIFTH AFFIRMATIVE DEFENSE**

Blockbuster's claims are barred in whole or in part because, to the extent that Netflix engaged in the actions alleged, Netflix's actions are justified as valid business decisions.

**SIXTH AFFIRMATIVE DEFENSE**

Blockbuster's claims are barred in whole or in part by the unclean-hands doctrine.

**SEVENTH AFFIRMATIVE DEFENSE**

Blockbuster's claims are barred in whole or in part because Blockbuster failed to mitigate its alleged damages, if any.

**EIGHTH AFFIRMATIVE DEFENSE**

Blockbuster's claims are barred in whole or in part because its alleged damages, if any, are speculative.

//

Dated: October 2, 2006                                KEKER & VAN NEST, LLP


By: _____/s/_____
    JEFFREY R. CHANIN
    DARALYN J. DURIE
    ASHOK RAMANI
    Attorneys for Plaintiff
    NETFLIX, INC.