1  Blockbuster, having somehow learned of a pending Netflix patent application,
2  would belatedly attempt to patent the same subject matter itself. Even in the
3  absence of any protective order at all, any such attempt would be futile, as Netflix
4  would demonstrably be the prior inventor, and since, under such circumstances,
5  Blockbuster would not qualify as an inventor at all. *See e.g.*, 35 U.S.C. § 102.
6  Similarly, it is not realistic to suppose that, having learned of some consumer
7  preference reflected in consumer research materials produced by Netflix,
8  Blockbuster could or would attempt to patent the use of those results. In addition
9  to being excessive and highly prejudicial, the special source-code restrictions
10 proposed by Netflix are simply unnecessary.

11 DATED: October 3, 2006　　KEKER & VAN NEST, LLP

12
13 By _Ashok Ramani by W.J. O'Brien with express consent_
14 Ashok Ramani
   Attorneys for Plaintiff and Counterdefendant,
15 Netflix, Inc.

16 DATED: October 3, 2006　　ALSCHULER GROSSMAN STEIN & KAHAN LLP
17
18
19 By _[signature]_
   William J. O'Brien
20 Attorneys for Defendant and Counterclaimant,
   Blockbuster Inc.