# EXHIBIT A

ALSCHULER GROSSMAN STEIN & KAHAN LLP
Marshall B. Grossman (No. 35958)
William J. O'Brien (No. 99526)
Tony D. Chen (No. 176635)
Dominique N. Thomas (No. 231464)
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA 90404-4060
Telephone: 310-907-1000
Facsimile: 310-907-2000
Email: mgrossman@agsk.com
       wobrien@agsk.com
       tchen@agsk.com
       dthomas@agsk.com

Attorneys for Defendant and Counterclaimant,
Blockbuster Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BLOCKBUSTER INC., a Delaware corporation, DOES 1-50,<br><br>Defendants.<br><br>AND RELATED COUNTER ACTION. | CASE NO. C 06 2361 WHA<br><br>[Assigned for Discovery Purposes to the Honorable Joseph C. Spero, United States Magistrate Judge]<br><br>[BLOCKBUSTER'S PROPOSED] PROTECTIVE ORDER<br><br>Complaint Filed: April 4, 2006 |

The Court having received the parties' Joint Stipulation Re Protective Order, and good cause appearing therefore, IT IS HEREBY ORDERED AS FOLLOWS:

1. This Protective Order shall remain in full force and effect unless modified by an order of the Court or by a written stipulation of the parties filed with the Court. Without limiting the generality of the foregoing, this Protective Order shall survive and remain in full force and effect after the termination of this litigation, subject to further order of the Court.

2. Nothing in this Protective Order shall limit or preclude any party from applying to the Court for relief from this Protective Order, or for such further and additional protective orders as the Court may deem appropriate. Further, nothing in this Protective Order shall preclude or limit a party's use of its own documents, or preclude or limit a party's use of documents obtained independently.

3. Any party to this litigation or any third party who submits to the jurisdiction of this Court for the purpose of interpretation and enforcement of this Protective Order ("Producing Third Party"), who, in discovery or otherwise, produces or discloses any item, including without limitation any document, thing, interrogatory answer, deposition testimony, information or admission ("Material")(collectively, "Designating Party"), may designate the same as:

   a. "CONFIDENTIAL" where such Material contains competitively sensitive information or other confidential information the present disclosure of which would, in the good-faith judgment of the Designating Party, be unfairly detrimental to the Designating Party in the conduct of its business; or

   b. "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") where such Material meets the requirements of items designated as "CONFIDENTIAL" and, in addition, the disclosure of the Material or information contained in it to the other party poses an unfair and unreasonable risk of material harm to the Designating Party (or in the case of a Producing Third Party Designating Party, if disclosure of the Material or information contained in it to either or both parties poses an unfair and unreasonable risk of material harm to the Designating Party).

4. CONFIDENTIAL and AEO Materials (collectively, "Confidential Material") shall be designated and marked in the following manners:

   a. Documents: The Designating Party may designate documents as CONFIDENTIAL OR AEO by producing or serving copies of the document marked with a legend reading "CONFIDENTIAL" or "CONFIDENTIAL –

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

2

[BLOCKBUSTER'S PROPOSED] PROTECTIVE
ORDER
C 06 2361 WHA

ATTORNEYS' EYES ONLY." Such legend need only be placed on the first page of each document so designated.

  b. Magnetic Media: Where material is produced in a magnetic medium (such as floppy diskette or tape), the diskette, tape, or other medium container shall be marked as set forth above.

  c. Physical Exhibits: Physical exhibits shall be marked by placing a label on the exhibit marked as set forth above

  d. Deposition Testimony: Testimony taken at a deposition may be designated as CONFIDENTIAL or AEO by counsel for any party (or any witness or counsel for such a witness) who makes a statement to that effect on the record at the deposition, or, alternatively, by notifying all parties to the action in writing that specific testimony, identified by page and line numbers, is CONFIDENTIAL OR AEO, within ten (10) working days of counsel's receipt of the deposition transcript. Deposition testimony and transcripts shall be treated as CONFIDENTIAL or AEO effective upon their designation as such on the record as provided above or on receipt of written notice as provided above, whichever is earlier.

  5. Any Materials produced in discovery by a person or entity not a party to this action may be designated as CONFIDENTIAL OR AEO by a party to this action, or by the producing third-party, by marking it in accordance with Paragraph 4 the time of production.

  6. Confidential Material may be used only for the purposes of this litigation, and for no other purpose, and be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the following persons ("Qualified Persons"):

  a. Parties and officers, directors, partners or employees of a parties, and affiliates of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

  b. Experts and consultants (together with their clerical staff)

retained by counsel to assist in the prosecution, defense, or settlement of this action;

  c. Court reporters employed in this action;

  d. Witnesses at any deposition or other proceeding in this action;

  e. As to any specific item of Confidential Material, the author of that item and anyone identified in the item as having received it in the ordinary course of business; and

  f. Any other person as to whom all of the parties agree in writing.

However, prior to disclosing any Confidential Material to any "Qualified Person" described in sub-paragraphs (b) and (d) (but not including sub-paragraph (e)), the party wishing to so disclose Confidential Material shall provide such Qualified Person with a copy of this Order, and such Qualified Person shall complete and sign an Undertaking Pursuant to Protective Order in the form of Attachment "A" and the party wishing to so disclose Confidential Material shall provide a copy of the completed and signed Undertaking to counsel for the Designating Party as well as counsel for each party in this action. The original Undertaking shall be maintained by counsel for the disclosing party.

  7. Materials or information designated by any party as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be restricted to the following persons on behalf of the receiving party:

  a. Alschuler Grossman Stein & Kahan, LLP and Keker & Van Nest, LLP, their employees, and any independent photocopying, duplication, or litigation support service hired for the purpose of aid in this litigation;

  b. One in-house counsel employed by each of the parties, such counsel to be Bryan P. Stevenson in the case of Blockbuster Inc. and an in-house attorney to be promptly designated in writing by Netflix, Inc., but only after each such in-house counsel, paralegal, or secretary executes an Undertaking in the form of Attachment "A," a copy of which shall be provided forthwith to counsel for each party.

      c.    Court personnel and stenographic reporters, engaged in such proceedings as are necessarily incident to the preparation for trial (e.g., depositions) and/or trial of this action;

      d.    Outside experts who are reasonably necessary to assist counsel for any party in the preparation for trial and/or trial of this action as well as the experts' employees and staff;

      e.    As to any specific item of AEO Material, the author of that item and anyone identified in the item as having received it in the ordinary course of business; and

      f.    Any other person as to whom all of the parties in writing agree.

However, prior to sharing any AEO Material with any "Qualified Person" described in sub-paragraph (d), the party wishing to disclose AEO Material to such person must provide ten (10) working days' written notice to the attorneys for the other side and for the Designating Party of the intent to disclose AEO Material to such person. Such notice shall include a copy of such person's *curriculum vitae* and shall include information sufficient to determine such person's qualifications, current and prior business affiliations, and any current or prior work performed for actual or potential competitors of the Designating Party whose AEO Material is sought to be disclosed so as to permit that party to determine whether grounds exist for objecting to such disclosure. If no objection is received within ten (10) working days, the party wishing to disclose AEO Material may do so, provided that the person to whom the disclosure is made is provided with a copy of this Order and completes and signs an Undertaking in the form of Attachment "A" and a copy of the completed and signed Undertaking is provided to counsel for the Designating Party as well as counsel for each party in this action. The original Undertaking shall be maintained by counsel for the disclosing party.

If an objection is received within ten (10) days, then no disclosure may be made until the objection is resolved by Order of the Court or written agreement

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

5

[BLOCKBUSTER'S PROPOSED] PROTECTIVE ORDER
C 06 2361 WHA

1  of the Designating Party.

2  　　　8.　Any objections to the designation of any items of information as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" shall be made in writing to counsel for the Designating Party. Such objections may include a request that the Designating Party approve redacted copies of specifically identified documents with information designated as "CONFIDENTIAL - ATTORNEYS ONLY" and/or "CONFIDENTIAL" redacted, and the redacted copies redesignated with the appropriate confidential status. If such objections cannot be resolved by agreement, either party may move the Court upon notice to determine the propriety of the designation. The information which is the subject of such a motion shall be treated in accordance with its specific designated confidential status pending resolution of the motion, including appeals and writs. As to Confidential Material produced and so designated by June 1, 2007, such motions may be filed at any time up to and including August 20, 2007. As to Confidential Material produced or designated after June 1, 2007, such motions may be filed at any reasonable time.

　　　9.　Any documents or other information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" which are filed with the Court for any purpose shall be filed in a sealed envelope and marked with the title of the action and a statement substantially in either of the following forms, as appropriate:

"CONFIDENTIAL. THIS ENVELOPE CONTAINING PAPERS FILED BY (NAME OF PARTY) IN THIS CASE PURSUANT TO A PROTECTIVE ORDER OF THE COURT IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES."

or

"CONFIDENTIAL - ATTORNEYS ONLY. THIS ENVELOPE CONTAINING PAPERS FILED BY (NAME OF PARTY) IN THIS CASE

PURSUANT TO A PROTECTIVE ORDER OF THE COURT IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES."

To the extent practicable, CONFIDENTIAL and AEO Material shall be filed separately or in several portions of filed papers, so that the non-confidential portions may be disseminated freely. No Confidential Material shall be included in whole or in party in pleadings, motions, briefs, or other papers filed in the Court except as provided for in this paragraph.

10. Failure to designate Confidential Materials in accordance with this Protective Order or the failure to object to a designation at or within the given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. This Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery.

11. In the event that any material designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" is used in any court proceedings in connection with this litigation, it shall not lose its "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

12. The parties agree that acceptance of any documents or other materials designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" pursuant to this Order shall not constitute an admission or acknowledgement by the receiving party that documents or materials so designated are in fact proprietary, confidential, trade secret, and shall not constitute an admission by any party that such documents or information would be admissible evidence at trial.

13. Promptly, and no later than thirty (30) days after final

termination of this action by judgment, settlement, or otherwise, all Confidential Material furnished or produced under the terms of this Protective Order, including all copies thereof and all documents incorporating such information, except all pleadings filed with the Court, exhibits marked in discovery or at trial and materials which in the judgment of the attorney in possession of the materials are work product materials, shall be delivered to the counsel for the Designating Party or shall be destroyed and written certification of such destruction provided to counsel for the Designating Party, unless the Designating Party agrees otherwise in writing. The above-described pleadings, exhibits, and work product materials, may be retained in confidence under the terms of this Protective Order by outside counsel for each party.

        14. Upon approval by the Court, this Protective Order shall govern further discovery in this case.

DATED: _____     _____
                                         Honorable Joseph C. Spero
                                         United States Magistrate Judge

# ATTACHMENT "A"

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BLOCKBUSTER INC., <br><br> Defendant. <br><br> And related counterclaims. | CASE NO. C 06-2361 WHA <br><br> [Assigned for Discovery Purposes to the Honorable Joseph C. Spero, United States Magistrate Judge] <br><br> **UNDERTAKING PURSUANT TO PROTECTIVE ORDER** |

The undersigned acknowledges receipt and review of this Protective Order previously entered into in this matter, understands the terms and conditions thereof, is among those "qualified" persons specified therein as entitled to review "CONFIDENTIAL" [and "CONFIDENTIAL ATTORNEYS' EYES ONLY"] Material as defined therein, and agrees to be bound by the terms of such Order. Upon the termination of this lawsuit, the undersigned also agrees to return or dispose of all such Confidential Material, including all copies or notes thereof, as provided in the Order.

DATED: _____   _____

        Type or Print Name: _____

        Address: _____

        Telephone Number: (____) ____-_____