ALSCHULER GROSSMAN STEIN & KAHAN LLP
Marshall B. Grossman (No. 35958)
William J. O'Brien (No. 99526)
Tony D. Chen (No. 176635)
Dominique N. Thomas (No. 231464)
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA 90404-4060
Telephone: 310-907-1000
Facsimile: 310-907-2000
Email: mgrossman@agsk.com
    wobrien@agsk.com
    tchen@agsk.com
    dthomas@agsk.com

Attorneys for Defendant and Counterclaimant,
Blockbuster Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BLOCKBUSTER INC., a Delaware corporation, DOES 1-50,<br><br>Defendants.<br><br>AND RELATED COUNTER ACTION. | CASE NO. C 06 2361 WHA<br><br>**DECLARATION OF BRYAN P. STEVENSON REGARDING JOINT STIPULATION FOR PROTECTIVE ORDER**<br><br>[To be filed concurrently with Joint Stipulation Re Protective Order]<br><br>Complaint Filed: April 4, 2006 |

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

DEC OF BRYAN P. STEVENSON RE JOINT
STIPULATION FOR PROTECTIVE ORDER
C 06 2361 WHA

I, BRYAN P. STEVENSON, declare:

1. I am an active member of the Texas and Arkansas State Bars employed by Blockbuster Inc. as senior litigation counsel. In that capacity, I supervise – and in some cases, personally conduct – litigation on behalf of Blockbuster. I am the in-house Blockbuster attorney primarily responsible for this case.

2. My background is as a general commercial litigator. At Blockbuster, I handle a heavy caseload ranging from complex business disputes to landlord-tenant litigation, employment disputes, and premises liability claims. I am not a Registered Patent Attorney. Other Blockbuster attorneys are assigned to handle business transactions and intellectual property prosecution for the company. As an in-house litigator at Blockbuster, I am not responsible for designing products, setting prices, conceiving marketing campaigns, or making hiring decisions outside the Legal Department.

3. It is the practice of Blockbuster litigation counsel to be closely involved in the important cases involving the company, such as this case. It is not my intention to receive or review most "Attorneys Eyes Only" documents, such as routine document productions by Netflix or third parties. However, based on my experience as in-house litigation counsel, a blanket prohibition on my having access to "Attorneys Eyes Only" information would be highly detrimental to my ability to carry out my duty to my client and its shareholders to exercise direction and control over this case.

4. For example, it is very important for my work on this case that I be able to review in full drafts of Blockbuster's Court filings, and to edit and comment upon such drafts, including any portions designated "Attorneys Eyes Only." It is also important for me to be able to review Netflix's Court filings in their entirety, to attend important depositions, and to read transcripts of important testimony in full, including any portions designated "Attorneys Eyes Only." It is

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

2

DEC. OF BRYAN P. STEVENSON RE JOINT
STIPULATION FOR PROTECTIVE ORDER
C 06 2361 WHA

1  also important for me to be able to discuss all aspects of the case with
2  Blockbuster's outside counsel – including all significant issues, evidence, and
3  testimony – even if designated "Attorneys Eyes Only."

4      5.    If denied access to such information, I would be unable to fully
5  understand and fully participate in important functions such as strategic and tactical
6  decision-making, preparation of Court filings, and the taking of depositions and
7  other discovery. I would also be deprived of information relevant to my review and
8  approval of legal and expert fees.

9      6.    Prior to receiving "Attorneys Eyes Only" information regarding
10 this case, I am willing to sign a standard "Undertaking" to be bound by the
11 Protective Order. I recognize and will comply with my legal and ethical obligations
12 to observe all restrictions imposed by the Protective Order, just as I recognize that I
13 am a court officer subject to the same ethical and professional strictures as outside
14 counsel.

15     7.    Documents containing such information will be appropriately
16 handled and stored so that they are seen only by me and by paralegals and support
17 staff working under my direction and will not be shared with any other Blockbuster
18 personnel. I do not anticipate keeping routine production documents at my offices.

19     I declare under penalty of perjury under the laws of the United States
20 of America that the foregoing is true and correct.

21     Executed September 25, 2006 at Dallas, Texas.

_____
Bryan P. Stevenson

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

3

DEC OF BRYAN P. STEVENSON RE JOINT
STIPULATION FOR PROTECTIVE ORDER
C 06 2361 WHA