KEKER & VAN NEST, LLP
JEFFREY R. CHANIN - #103649
DARALYN J. DURIE - #169825
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
NETFLIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLOCKBUSTER, INC., a Delaware corporation, DOES 1-50,<br><br>Defendant. | Case No. C 06 2361 WHA<br><br>**DECLARATION OF CHARLOTTE FALLA IN SUPPORT OF NETFLIX'S MOTION FOR PROTECTIVE ORDER**<br><br>Date: TBA<br>Time: TBA<br>Judge: Hon. Joseph C. Spero |

AND RELATED COUNTERCLAIMS.

DECLARATION OF CHARLOTTE FALLA ISO NETFLIX'S MOTION FOR PROTECTIVE ORDER
CASE NO. C 06 2361 WHA

1    I, CHARLOTTE FALLA, declare and state as follows:

2    1. I am an attorney duly licensed to practice before this Court, and associate general counsel of Plaintiff and Counterclaim-Defendant Netflix, Inc. ("Netflix"). I have personal knowledge of the facts set forth below, and if called to testify as a witness thereto could do so competently under oath.

3    2. I understand that Defendant and Counterclaim-Plaintiff Blockbuster, Inc. ("Blockbuster") has recently served a number of subpoenas upon companies that do business with Netflix, including NBC Universal, Yahoo, Sony Pictures, Paramount Pictures, Walt Disney, Microsoft, Best Buy, Warner Brothers, Fox Entertainment and AOL.

4    3. Netflix's contracts with its business partners include terms requiring that information shared pursuant to the contracts be treated as confidential. Blockbuster's broad subpoenas to Netflix's business partners, which seek broad categories of documents relating to Netflix's financial information and business plans, are certain to encompass documents that are entitled to confidential treatment under those agreements.

5    4. Blockbuster's broad subpoenas also literally request information that may be in the possession of those business partners which is in no way relevant to the issues in this case. Such documents include those that relate to Netflix's future plans for delivery of content, data about Netflix's sales of used DVDs, information about revenue sharing agreements between the studios and Netflix, discussions of the effectiveness of promotional campaigns, and prototyping of features that may appear on the Netflix website in the future.

6    5. To go into further detail about the types of sensitive documents that Blockbuster's request may encompass would itself work a harm on Netflix by discussing the nature of the business ventures in which Netflix intends to engage with its direct competitor, Blockbuster.

7    6. In addition to being irrelevant, the categories of documents sought by way of these non-party subpoenas are vastly overbroad, and it would work a large burden upon Netflix's business partners if they were forced to comply with the broad literal terms of these subpoenas. That too would be detrimental to Netflix's business.

I declare under penalty of perjury under the laws of the State of California that the

1  foregoing is true and correct. Executed on this 21st day of September, 2006, in Los Gatos,
2  California.

                                                    _____
                                                    CHARLOTTE FALLA