KEKER & VAN NEST, LLP
JEFFREY R. CHANIN - #103649
DARALYN J. DURIE - #169825
ASHOK RAMANI - #200020
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
NETFLIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLOCKBUSTER, INC., a Delaware corporation, DOES 1-50,<br><br>Defendant,<br><br>AND RELATED COUNTERCLAIMS | Case No. C 06 2361 WHA<br><br>**PLAINTIFF NETFLIX'S MISCELLANEOUS ADMINISTRATIVE REQUEST TO FILE A SURREPLY TO PARTIES' JOINT STATEMENT AND [PROPOSED] ORDER**<br><br>Complaint filed: April 4, 2006<br>Date: TBD<br>Time: TBD<br>Dept: Courtroom A, 15th Floor<br>Judge: Hon. Joseph C. Spero |

PLAINTIFF'S MISCELLANEOUS ADMINISTRATIVE REQUEST TO FILE A SURREPLY TO PARTIES'
JOINT STATEMENT AND [PROPOSED] ORDER
CASE NO. C 06 2361 WHA

Plaintiff Netflix, Inc. moves the Court, under Civil Local Rule 7-11, to permit Netflix to file a surreply—which Netflix has attached—to the Parties' Joint Statement. The Court "may permit the filing of a surreply at its discretion," and should permit the filing when "the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Groobert v. President & Dirs. of Georgetown Coll.*, 219 F. Supp. 2d 1, 13 (D.D.C. 2002) (citation and internal quotation marks omitted).

Netflix and Defendant Blockbuster, Inc. ("Blockbuster") agreed to submit a joint submission on the proposed Protective Order, each exchanging initial and reply statements simultaneously. One of the disputed issues is whether in-house counsel should be entitled to review materials designated "Attorneys Eyes Only"—Neflix says no, Blockbuster says yes. For the first time on reply, Blockbuster sprang the declaration of its in-house counsel, Bryan P. Stevenson, upon Netflix. The declaration purports to explain Stevenson's duties, and why he should be entitled to review "Attorneys Eyes Only" material (as the sur-reply explains, the declaration falls short of its aim). Had Blockbuster provided this declaration with its moving papers as it should have, Netflix could have responded to the declaration in Netflix's reply—just as Blockbuster did, in asserting objections to the Declaration of Charlotte Falla, which Netflix had provided with its moving papers. Because Netflix had no chance to respond, it seeks leave to file a surreply.

Fairness dictates that Netflix have the opportunity to respond to the new material presented in Blockbuster's reply papers. The Court should grant this Request.

Dated: October 3, 2006

Respectfully submitted,

KEKER & VAN NEST, LLP

By: _____/s/ Ashok Ramani_____
Attorneys For Plaintiff NETFLIX, INC.

1
PLAINTIFFS' MISCELLANEOUS ADMINISTRATIVE REQUEST TO FILE A SURREPLY TO PARTIES'
JOINT STATEMENT & [PROPOSED] ORDER
CASE NO. C 06 2361 WHA

1 | The Court finds that Netflix, Inc. should be permitted to file a surreply to respond to the
2 | purported new evidence that Blockbuster submitted for the first time on reply. Thus, it is
3 | ORDERED that Netflix may file the surreply attached as Exhibit A to Netflix's
4 | miscellaneous administrative request..

6 | Dated: October 4, 2006

8 | By: _____
9 | THE UNITED STATES MAGISTRATE JUDGE
   | Judge Joseph C. Spero

2

PLAINTIFFS' MISCELLANEOUS ADMINISTRATIVE REQUEST TO FILE A SURREPLY TO PARTIES'
JOINT STATEMENT & [PROPOSED] ORDER
CASE NO. C 06 2361 WHA

**EXHIBIT A**

KEKER & VAN NEST, LLP
JEFFREY R. CHANIN - #103649
DARALYN J. DURIE - #169825
ASHOK RAMANI - #200020
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
NETFLIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation,<br><br>         Plaintiff,<br><br> v.<br><br>BLOCKBUSTER, INC., a Delaware corporation, DOES 1-50,<br><br>         Defendant. | Case No. C 06 2361 WHA<br><br>**NETFLIX'S SUR-REPLY STATEMENT TO PARTIES' JOINT STATEMENT**<br><br>Complaint filed: April 4, 2006<br><br>Date: TBD<br>Time: TBD<br>Dept: Courtroom A, 15th Floor<br>Judge: Hon. Joseph C. Spero |
| AND RELATED COUNTERCLAIMS | |

# INTRODUCTION

Netflix and Blockbuster agreed to make a joint submission on disputed Protective Order terms, each exchanging initial and reply statements simultaneously. But, at 12:05 am on Tuesday, September 12, 2006, after Netflix gave Blockbuster its reply, Blockbuster sprung a declaration of its in-house counsel, Bryan P. Stevenson, upon Netflix. The declaration was not provided with Blockbuster's opening papers as evidentiary materials should have been, but with Blockbuster's reply, when Netflix would have no chance to respond. Netflix thus submits this Sur-reply.

# ARGUMENT

### A. Blockbuster Fails to Articulate a Need for its In-House Counsel Mr. Stevenson to Have Access to Netflix's Most Sensitive Information.

Mr. Stevenson's vague and general statements, purporting to describe his distance from competitive decision making at Blockbuster, only heighten Netflix's concern that Mr. Stevenson's and his staff's access to and possession of Netflix's most sensitive, attorneys-eyes-only competitive information presents Netflix with an unacceptable risk of inadvertent disclosure or possible misuse. This concern is of course heightened because Blockbuster is Netflix's key, direct competitor.

Mr. Stevenson thrice repeats in his declaration "it is important" for him to review Netflix's highly-sensitive documents, but with no explanation whatsoever <u>why</u> his access to Netflix's most sensitive information is so "important." Stevenson Decl. ¶ 4, at 2:23, :26, :28; 3:1. At the same time, Mr. Stevenson concedes that he has no need to see "most" of Netflix's Attorney's-Eyes-Only documents, but again with no explanation as to what AEO documents he claims he must see. Stevenson Decl. ¶ 3. It is hardly justified to open Netflix's vault to a competitor's employee based on such a conclusory explanation.

### B. Blockbuster Fails to Demonstrate that Mr. Stevenson is Not Involved In Competitive Decision Making at Blockbuster.

Moreover, even if Stevenson's alleged need were properly identified (which it is not), this Court would need far more concrete assurances that Mr. Stevenson does *not* engage or collaborate in competitive decision making for Blockbuster. Stevenson, however, carefully

1
NETFLIX'S SUR-REPLY STATEMENT TO PARTIES' JOINT STATEMENT
CASE NO. C 06 2361 WHA

declares only that he is "not responsible for designing products, setting prices, conceiving marketing campaigns, or making [non-legal] hiring decisions," not that he never engages in such things, and never collaborates with or counsels those who do. *Id.* ¶ 2. Notably, Stevenson *fails* to declare that he is never "responsible for" making decisions about business transactions and intellectual-property issues. Nor does he foreswear involvement in the host of other possible competitive activities in which Blockbuster's in-house counsel might engage—for example, participating in standard setting or industry groups where information about trends or practices may be shared, or structuring settlements with third parties such as the movie studios and ISP's Blockbuster has subpoenaed for whose business Netflix and Blockbuster compete. Nor does Stevenson commit to refrain from involvement in competitive-decision-making activities in the future. In short, even if Stevenson had declared a compelling need to see Netflix's AEO information, he has failed to provide the necessary assurances to reward him with such access, required by *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1471 (9th Cir. 1992), *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984), and *Carpenter Techn. Corp. v. Armco, Inc.*, 132 F.R.D. 24 (E.D. Pa. 1990).

In *Carpenter*, the Court considered a dispute over a proposed protective order identical to the one at issue here; Carpenter wanted to provide two of its in-house counsel with its competitor's confidential information, and Armco did not. *Id.* at 26. The Court considered the job responsibilities and declarations of each in-house attorney to determine if either could safely access Armco's confidential information. The Court hewed to the analysis prescribed in *U.S. Steel*, 730 F.2d, at 1469, that denial of access to an in-house attorney must be made "on the basis of each individual counsel's actual activity and relationship with the party represented." *Id.* at 27 (*quoting U.S. Steel*, 730 F.2d at 1469).

One of the attorneys, Welty, declared he only had "authority to initiate and settle litigation as well as *execute* written contracts and agreements on behalf of the corporation." *Id.* at 28 (emphasis added). Welty further declared:

> I have no *direct* responsibility or authority over competitive decisions. Specifically, I have no *direct* responsibility or authority over decisions regarding the pricing of products or services sold by Carpenter. Nor do I have *direct*

2
NETFLIX'S SUR-REPLY STATEMENT TO PARTIES' JOINT STATEMENT
CASE NO. C 06 2361 WHA

responsibility or authority over decisions regarding product design or production.

*Id.* (emphasis in original). Finding Welty's declaration of no "direct responsibility" indeterminate, the Court *denied* Mr. Welty access to Armco's confidential information. *Id.* Welty did not declare that he was never involved with activities other than the ones he described, nor that the areas of his authority did not ever involve competitive decision-making. In contrast to Welty's declaration, the second in-house attorney, Mr. Pretz declared:

> I have *absolutely no involvement* in decisions regarding pricing of products or services sold by Carpenter, *nor do I participate* in marketing decisions. I also have *absolutely no involvement* in decisions made by Carpenter regarding product design or production.

*Id.* at 27-28 (emphasis added).

Mr. Stevenson's carefully-worded declaration shares much in common with Welty's, and little with Pretz's. Mr. Stevenson declares that he handles "a heavy caseload" that includes complex business disputes (Stevenson Decl. ¶ 2) and, like Welty, he presumably has authority to initiate and settle cases, and to *execute* related written contracts and agreements. Like Welty, Mr. Stevenson also states: "I am not responsible for designing products, setting prices, conceiving marketing campaigns, or making hiring decisions outside the Legal Department," but notably, he does not declare that he has "no responsibility" as regards other kinds of competitive matters, including the business transactions and "intellectual property prosecution" matters, as to which Stevenson declares that "others are assigned."[1] What Mr. Stevenson means to include within the phrase "intellectual property prosecution" is indeterminate, though presumably he means patent prosecution. But, the description plainly does not encompass other kinds of competitive and strategic decisions about intellectual property, such as enforcement decisions, or the licensing or acquisition of patents that might be asserted against Netflix. *Id.* Moreover, even as to the specific activities as to which Stevenson declares he is "not responsible," he does not declare that he has no involvement in, does not participate in, and does not consult with his

---

[1] Mr. Stevenson does not declare that other in-house attorneys are assigned the sole responsibility for these matters.

colleagues about them. Pretz, by contrast, declared he had "absolutely no involvement" in such activities. Nor does Stevenson commit not to engage in these activities in the future. Stevenson's inability to declare that he is, or will be, walled off from the decision makers or the decision-making process with respect to all of Blockbuster's competitive decision-making activities suggests that he is in fact *not* walled off from them, but in any event provides absolutely no assurances that he is.

### C. Mr. Stevenson Does Not Possess Specialized Knowledge Helpful to Outside Counsel in This Case

In further contrast to Mr. Stevenson, the Court in *Carpenter* noted that Mr. Peltz had specialized knowledge of a technical nature that would be helpful to outside counsel. *Id.* at 28. Mr. Stevenson makes no claim to have *any* technical or other specialized knowledge that his outside counsel require, let alone knowledge that will "be essential to the proper handling" of this case. *Id.*

### D. Carte-Blanche Access for Mr. Stevenson to Netflix's Most Competitively Sensitive Information Is Inappropriate

Finally, Mr. Stevenson argues, without further basis, that "a blanket prohibition" against his access to Attorney's Eyes Only documents "would be highly detrimental" to his ability to carry out his duties. But he has failed to identify any category of Netflix AEO information that it is essential for him to see, or that would cause great detriment to Blockbuster's case if he did not see it. The answer to concerns about a "blanket prohibition" cannot be "blanket access."

Netflix's Proposed Protective Order allows for modification to permit access by Blockbuster's in-house counsel to specific AEO information, if and when such a need should arise. But to allow Blockbuster's in-house counsel "blanket access" to everything from the outset, when he admits he does not need to see everything, when he cannot even articulate what it is he needs to review, or why, and without any employment walls to safeguard against inadvertent disclosure or misuse is entirely antithetical to the Ninth Circuit and the Federal Circuit's decisions in *Brown Bag* and *U.S. Steel*, respectively.

## CONCLUSION

This Court's application of the *Brown Bag* balancing test to Mr. Stevenson's declaration should tip strongly in favor of entering a proposed protective order that protects Netflix from the risk of inadvertent disclosure or misuse of its highly confidential materials by Mr. Stevenson or his in-house personnel by restricting Netflix's confidential AEO information to access and use by Netflix's outside counsel, and by safeguarding such Netflix information from being brought into its competitor's house—where it cannot be controlled.

Dated: October 3, 2006

Respectfully submitted,

KEKER & VAN NEST, LLP

By: _____/s/ Ashok Ramani_____
Attorneys For Plaintiff NETFLIX, INC.