**LAW.COM**

Select '**Print**' in your browser menu to print this document.

Page printed from: http://www.law.com

Back to Article

## No Happy Ending for Net Movie Renters

By Tresa Baldas
The National Law Journal
09-08-2006

A legal clash between Blockbuster Inc. and Netflix Inc. has triggered a patent debate over who has the right to offer DVD-rental services over the Internet.

The litigation presents a crucial question: Is the concept of renting movies over the Internet an original idea that deserves patent protection?

Netflix claims it is, and is suing Blockbuster for patent infringement for allegedly copying its seven-year-old online movie-rental business method. *Netflix Inc. v. Blockbuster Inc.*, No. C 06 2361 (N.D. Calif.)

Netflix argues that it has patents covering its many online features, including allowing subscribers to keep DVDs for as long as they want without incurring a late fee, obtaining new DVDs upon return of those already watched and prioritizing their own personal movie list.

But Blockbuster is countersuing, claiming that Netflix is trying to monopolize the online movie-rental industry and stifle competition. Blockbuster also alleges that Netflix obtained its patents fraudulently by failing to disclose pertinent information to the U.S. Patent and Trademark Office. Blockbuster also argues there is nothing original about renting videos online in the first place.

**A FAST-FOOD COMPARISON**

"There is nothing unique about what Netflix has sought to protect," said Blockbuster attorney Marshall Grossman, who likened Netflix to a fast food restaurant trying to patent drive-through services.

"Now, obviously, that's a method of doing business," said Grossman, of Alschuler Grossman Stein & Kahan in Santa Monica, Calif. "But are we going to give any business an exclusive monopoly on that type of business method? If the answer is no, then why would we give anybody that type of exclusivity on an Internet-conducted business?"

On Aug. 22, a federal judge in San Francisco allowed Blockbuster to go forward with its antitrust claims against Netflix. "As a result of Netflix's purported monopolistic conduct, Blockbuster may be forced out of the market, which would cede to Netflix virtually complete control of the online-DVD market," U.S. District Judge William Alsup wrote.

Jeffrey Chanin, a partner with Keker & Van Nest in San Francisco who is representing Netflix in the lawsuit, declined to comment.

Netflix, which filed its suit in April, has denied any monopolistic conduct, arguing that it is only trying to protect its online movie-rental concept, for which it secured two patents: one in 2003, the other in April 2006.

"The reason for patent law is to protect inventors and their inventions, and that's what we're doing," said Netflix spokesman Steve Swasey. "From top to bottom, Blockbuster has deliberately and willfully copied Netflix's business methods ... . We certainly welcome competition. We're a very good competitor. But we built a better mousetrap and Blockbuster copied us."

Swasey would neither comment on the judge's latest ruling nor explain why Netflix isn't suing other smaller companies, like QuikFlix or DVD Avenue, which also rent DVDs over the Internet.

**MILLIONS AFFECTED**

Meanwhile, the case has caught the attention of several patent lawyers, who believe a Netflix victory could affect millions of consumers who rent movies online from other companies.

"If Netflix is able to obtain an injunction, then that means that people who rent through Blockbuster's online service have to find some other way or go down to the local store to rent their movies. It's not going to shut down an entire class of users, like the BlackBerry case, but lots of people could be inconvenienced," said patent attorney Victor de Gyarfas, of the Los Angeles office of Foley & Lardner.

De Gyarfas, who is closely watching the Netflix-Blockbuster saga for his firm's intellectual property group, said that both sides have some hurdles to clear.

Dockets.Justia.com

Law.com - No Happy Ending for NetMovies    http://www.law.com/jsp/newswire/lawArticleFri...

for Netflix, Murphy said, then it goes beyond establishing the validity and noted that if a patent applicant has material information and fails to disclose it to the patent office -- as Blockbuster has alleged Netflix did -- that could render a patent unenforceable.

As for its countersuit, de Gyarfas said, Blockbuster will have to prove that the patents were obtained fraudulently, that Netflix has market power and that Netflix is trying to eliminate competition with its allegedly bogus patents.