1   KEKER & VAN NEST, LLP
2   Jeffrey R. Chanin (No. 103649)
    Daralyn J. Durie (No. 169825)
3   Ashok Ramani (No. 200020)
    Eugene M. Paige (No. 202849)
4   Email: jrc@kvn.com
            ddurie@kvn.com
5           aramani@kvn.com
            emp@kvn.com
6
    Attorneys for Plaintiff and Counterdefendant,
7   Netflix, Inc.

8                    UNITED STATES DISTRICT COURT
9                  NORTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation, | CASE NO. C 06 2361 WHA |
| Plaintiff, | [Assigned for Discovery Purposes to the Honorable Joseph C. Spero, United States Magistrate Judge] |
| vs. | |
| BLOCKBUSTER INC., a Delaware corporation, DOES 1-50, | [PROPOSED] PROTECTIVE ORDER |
| Defendants. | |
| AND RELATED COUNTER ACTION. | Complaint Filed: April 4, 2006 |

1

2

3          The Court having received the parties' Joint Stipulation Re Protective

4    Order, having heard argument regarding the contested issues on October 4, 2006,

5    and good cause appearing therefor, IT IS HEREBY ORDERED AS FOLLOWS:

6          1.      This Protective Order shall remain in full force and effect unless

7    modified by an order of the Court or by a written stipulation of the parties filed with

8    the Court.  Without limiting the generality of the foregoing, this Protective Order

9    shall survive and remain in full force and effect after the termination of this

10   litigation, subject to further order of the Court.

11         2.      Nothing in this Protective Order shall limit or preclude any party

12   from applying to the Court for relief from this Protective Order, or for such further

13   and additional protective orders as the Court may deem appropriate.  Further,

14   nothing in this Protective Order shall preclude or limit a party's use of its own

15   documents, or preclude or limit a party's use of documents obtained independently.

16         3.      Any party to this litigation or any third party who submits to the

17   jurisdiction of this Court for the purpose of interpretation and enforcement of this

18   Protective Order ("Producing Third Party"), who, in discovery or otherwise,

19   produces or discloses any item, including without limitation any document, thing,

20   interrogatory answer, deposition testimony, information or admission

21   ("Material")(collectively, "Designating Party"), may designate the same as:

22         a.      "CONFIDENTIAL" where such Material contains competitively

23   sensitive information or other confidential information the present disclosure of

24   which would, in the good-faith judgment of the Designating Party, be unfairly

25   detrimental to the Designating Party in the conduct of its business; or

26         b.      "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO")

27   where such Material meets the requirements of items designated as

28   "CONFIDENTIAL" and, in addition, the disclosure of the Material or information

     contained in it to the other party poses an unfair and unreasonable risk of material

381759.01

2

[PROPOSED] PROTECTIVE ORDER
C 06 2361 WHA

harm to the Designating Party (or in the case of a Producing Third Party Designating Party, if disclosure of the Material or information contained in it to either or both parties poses an unfair and unreasonable risk of material harm to the Designating Party).

4.    CONFIDENTIAL and AEO Materials (collectively, "Confidential Material") shall be designated and marked in the following manners:

a.    Documents:  The Designating Party may designate documents as CONFIDENTIAL OR AEO by producing or serving copies of the document marked with a legend reading "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such legend need only be placed on the first page of each document so designated.

b.    Magnetic Media:  Where material is produced in a magnetic medium (such as floppy diskette or tape), the diskette, tape, or other medium container shall be marked as set forth above.

c.    Physical Exhibits:  Physical exhibits shall be marked by placing a label on the exhibit marked as set forth above

d.    Deposition Testimony:  Testimony taken at a deposition may be designated as CONFIDENTIAL or AEO by counsel for any party (or any witness or counsel for such a witness) who makes a statement to that effect on the record at the deposition, or, alternatively, by notifying all parties to the action in writing that specific testimony, identified by page and line numbers, is CONFIDENTIAL OR AEO, within ten (10) working days of counsel's receipt of the deposition transcript. Deposition testimony and transcripts shall be treated as CONFIDENTIAL in their entirety until receipt of written notice as provided above or the expiration of the ten working day period for giving such notice, whichever is earlier.

5.    Any Materials produced in discovery by a person or entity not a party to this action may be designated as CONFIDENTIAL OR AEO by a party to

this action, or by the producing third-party, by marking it in accordance with Paragraph 4 the time of production.

6.    Confidential Material may be used only for the purposes of this litigation, and for no other purpose, and be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the following persons ("Qualified Persons"):

a.    Parties and officers, directors, partners or employees of a party, and affiliates of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

b.    Experts and consultants (together with their clerical staff) retained by counsel to assist in the prosecution, defense, or settlement of this action;

c.    Court reporters employed in this action;

d.    Witnesses at any deposition or other proceeding in this action;

e.    As to any specific item of Confidential Material, the author of that item and anyone identified in the item as having received it in the ordinary course of business; and

f.    Any other person as to whom all of the parties agree in writing.

However, prior to disclosing any Confidential Material to any "Qualified Person" described in sub-paragraphs (b) and (d) (but not including sub-paragraph (e)), the party wishing to so disclose Confidential Material shall provide such Qualified Person with a copy of this Order, and such Qualified Person shall complete and sign an Undertaking Pursuant to Protective Order in the form of Attachment "A" and the party wishing to so disclose Confidential Material shall provide a copy of the completed and signed Undertaking to counsel for the Designating Party as well as counsel for each party in this action. The original Undertaking shall be maintained by counsel for the disclosing party.

7.    Materials or information designated by any party as

381759.01

4

[PROPOSED] PROTECTIVE ORDER
C 06 2361 WHA

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be restricted to the following persons on behalf of the receiving party:

　　　a.　　Alschuler Grossman Stein & Kahan, LLP and Keker & Van Nest, LLP, their employees, and any independent photocopying, duplication, or litigation support service hired for the purpose of aiding in this litigation;

　　　b.　　Court personnel and stenographic reporters, engaged in such proceedings as are necessarily incident to the preparation for trial (e.g., depositions) and/or trial of this action;

　　　c.　　Outside experts who are reasonably necessary to assist counsel for any party in the preparation for trial and/or trial of this action as well as the experts' employees and staff;

　　　d.　　As to any specific item of AEO Material, the author of that item and anyone identified in the item as having received it in the ordinary course of business; and

　　　e.　　Any other person as to whom all of the parties in writing agree.

　　　However, prior to sharing any AEO Material with any "Qualified Person" described in sub-paragraph (c), the party wishing to disclose AEO Material to such person must provide ten (10) working days' written notice to the attorneys for the other side and for the Designating Party of the intent to disclose AEO Material to such person. Such notice shall include a copy of such person's *curriculum vitae* and shall include information sufficient to determine such person's qualifications, current and prior business affiliations, and any current or prior work performed for actual or potential competitors of the Designating Party whose AEO Material is sought to be disclosed so as to permit that party to determine whether grounds exist for objecting to such disclosure. If no objection is received within ten (10) working days, the party wishing to disclose AEO Material may do so, provided that the person to whom the disclosure is made is provided with a copy of this

1  Order and completes and signs an Undertaking in the form of Attachment "A" and

2  a copy of the completed and signed Undertaking is provided to counsel for the

3  Designating Party as well as counsel for each party in this action. The original

4  Undertaking shall be maintained by counsel for the disclosing party.

5          If an objection is received within ten (10) days, then no disclosure may

6  be made until the objection is resolved by Order of the Court or written agreement

7  of the Designating Party.

8          In-house counsel for the parties shall not have access to materials

9  designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" absent further

10  order of this Court or written agreement of the parties.

11          8.      Any firm that receives materials designated as

12  "CONFIDENTIAL - ATTORNEYS' EYES ONLY" under this protective order

13  agrees that it shall not perform patent prosecution work for its client in this case

14  until two years following final disposition of the case, including any appeals.

15  However, such "patent prosecution work" shall not include:

16          a.      Representation of the firm's client in determining whether to

17                  initiate any contested proceedings in the United States Patent

18                  and Trademark Office regarding one or both of the patents-in-

19                  suit in this case, or in anticipating possible initiation of such a

20                  proceeding, or in initiating, opposing, prosecuting, or defending

21                  against any such proceeding; and

22          b.      Providing copies or lists of prior art materials to the firm's client

23                  or to counsel who perform patent prosecution for the firm's

24                  client.

25          9.      Any objections to the designation of any items of information as

26  "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall

27  be made in writing to counsel for the Designating Party. Such objections may

28

381759.01

6

[PROPOSED] PROTECTIVE ORDER
C 06 2361 WHA

include a request that the Designating Party approve redacted copies of specifically identified documents with information designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" and/or "CONFIDENTIAL" redacted, and the redacted copies redesignated with the appropriate confidential status. If such objections cannot be resolved by agreement, either party may move the Court upon notice to determine the propriety of the designation. The information which is the subject of such a motion shall be treated in accordance with its specific designated confidential status pending resolution of the motion, including appeals and writs. As to Confidential Material produced and so designated by June 1, 2007, such motions may be filed at any time up to and including August 20, 2007. As to Confidential Material produced or designated after June 1, 2007, such motions may be filed at any reasonable time.

        10.    Any documents or other information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" which are filed with the Court for any purpose shall be filed in a sealed envelope and marked with the title of the action and a statement substantially in either of the following forms, as appropriate:

        "CONFIDENTIAL. THIS ENVELOPE CONTAINING PAPERS FILED BY (NAME OF PARTY) IN THIS CASE PURSUANT TO A PROTECTIVE ORDER OF THE COURT IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES."

        or

        "CONFIDENTIAL - ATTORNEYS' EYES ONLY. THIS ENVELOPE CONTAINING PAPERS FILED BY (NAME OF PARTY) IN THIS CASE PURSUANT TO A PROTECTIVE ORDER OF THE COURT IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED

EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES."

To the extent practicable, CONFIDENTIAL and AEO Material shall be filed separately or in several portions of filed papers, so that the non-confidential portions may be disseminated freely. No Confidential Material shall be included in whole or in part in pleadings, motions, briefs, or other papers filed in the Court except as provided for in this paragraph. *Parties to comply with Local Rule 79-5. JES*

11.    Failure to designate Confidential Materials in accordance with this Protective Order or the failure to object to a designation at or within the given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. This Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery.

12.    In the event that any material designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" is used in any court proceedings in connection with this litigation, it shall not lose its "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

13.    The parties agree that acceptance of any documents or other materials designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Order shall not constitute an admission or acknowledgement by the receiving party that documents or materials so designated are in fact proprietary, confidential, trade secret, and shall not constitute an admission by any party that such documents or information would be admissible evidence at trial.

14.    Promptly, and no later than thirty (30) days after final termination of this action by judgment, settlement, or otherwise, all Confidential

Material furnished or produced under the terms of this Protective Order, including all copies thereof and all documents incorporating such information, except all pleadings filed with the Court, exhibits marked in discovery or at trial and materials which in the judgment of the attorney in possession of the materials are work product materials, shall be delivered to the counsel for the Designating Party or shall be destroyed and written certification of such destruction provided to counsel for the Designating Party, unless the Designating Party agrees otherwise in writing. The above-described pleadings, exhibits, and work product materials, may be retained in confidence under the terms of this Protective Order by outside counsel for each party.

15.     Upon approval by the Court, this Protective Order shall govern further discovery in this case.

APPROVED AS TO FORM:

William J. O'Brien
Counsel for Blockbuster Inc.



Judge Joseph C. Spero

DATED: ___October 23, 2006___

**ATTACHMENT "A"**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., | CASE NO. C 06-2361 WHA |
| Plaintiff, | [Assigned for Discovery Purposes to the Honorable Joseph C. Spero, United States Magistrate Judge] |
| vs. | |
| BLOCKBUSTER INC., | **UNDERTAKING PURSUANT TO PROTECTIVE ORDER** |
| Defendant. | |
| And related counterclaims. | |

The undersigned acknowledges receipt and review of this Protective Order previously entered into in this matter, understands the terms and conditions thereof, is among those "qualified" persons specified therein as entitled to review "CONFIDENTIAL" [and "CONFIDENTIAL ATTORNEYS' EYES ONLY"] Material as defined therein, and agrees to be bound by the terms of such Order. Upon the termination of this lawsuit, the undersigned also agrees to return or dispose of all such Confidential Material, including all copies or notes thereof, as provided in the Order.

DATED: _____    _____

Type or Print Name: _____

Address: _____

Telephone Number: (____) ____-_____

381759.01

10

[PROPOSED] PROTECTIVE ORDER
C 06 2361 WHA