# EXHIBIT B
# (Part 1 of 3)

Dockets.Justia.com

1  ALSCHULER GROSSMAN STEIN & KAHAN LLP
   Marshall B. Grossman (No. 35958)
2  William J. O'Brien (No. 99526)
   Tony D. Chen (No. 176635)
3  Dominique N. Thomas (No. 231464)
   The Water Garden
4  1620 26th Street
   Fourth Floor, North Tower
5  Santa Monica, CA 90404-4060
   Telephone: 310-907-1000
6  Facsimile: 310-907-2000
   Email: mgrossman@agsk.com
7       wobrien@agsk.com
        tchen@agsk.com
8       dthomas@agsk.com

9  Attorneys for Defendant and Counterclaimant,
   Blockbuster Inc.

10

RECEIVED

4 2006

KEKER & VAN NEST

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BLOCKBUSTER INC., a Delaware corporation, DOES 1-50,<br><br>Defendants. | CASE NO. C 06 2361 WHA<br><br>**BLOCKBUSTER INC.'S RESPONSE TO NETFLIX'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS** |
| AND RELATED COUNTER ACTION. | Complaint Filed: April 4, 2006 |

PROPOUNDING PARTY:      PLAINTIFF NETFLIX, INC,

RESPONDING PARTY:       DEFENDANT BLOCKBUSTER, INC.

SET NO. :               ONE

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

Defendant and Counterclaimant, Blockbuster Inc. ("Blockbuster"),
responds to Plaintiff and Counterclaim Defendant Netflix, Inc. ("Netflix")'s First
Set of Requests for Production of Documents to Blockbuster (the "Requests").

## **GENERAL OBJECTIONS**

1.    Blockbuster objects to the Requests insofar as they attempt to
impose any requirement greater than or different from those imposed by the Federal
Rules of Civil Procedure or any applicable Local Rules, Patent Local Rules or
Orders of the Court.  Blockbuster will not comply with any attempt to impose
obligations not supported by proper authority.

2.    Blockbuster has not completed discovery in this case and has
not had the opportunity to interview or depose all potential witnesses to relevant
facts.  Blockbuster will continue to gather and analyze information, documents, and
other evidence.  Blockbuster therefore reserves the right to introduce, refer to, and
use any information, documents, or other evidence hereafter discovered or
produced in this case and to amend, supplement, or correct these responses.

3.    Blockbuster objects to the Requests to the extent they request
production of documents or things containing communications or other matters
protected by the attorney-client privilege, the attorney-work-product doctrine, or
any other applicable privilege or immunity.  Blockbuster's production pursuant to
the Requests shall not include any documents protected by such privileges or
immunities, and any inadvertent production of such documents and things is not
intended to be, and shall not be deemed, a waiver of such privilege or immunity.
Blockbuster does not interpret these Requests to seek attorney work product or
attorney-client privileged communications after this litigation was commenced, and
such documents will not be produced or listed on Blockbuster's privilege log.

4.    Blockbuster objects to the Requests insofar as they request
disclosure of opinions of counsel or other materials referred to in Patent Local

1    Rule 3-8 before the deadline set forth in the Court's Scheduling Order.

2             5.      Blockbuster objects to the Requests to the extent that they seek

3    trade secrets or confidential or proprietary information, including any information

4    as to which Blockbuster is under a confidentiality obligation to a third party.

5    Blockbuster will produce such information only subject to an appropriate protective

6    order.

7             6.      Blockbuster objects to the Requests to the extent they request

8    the production of documents and things that may invade any constitutional or

9    statutory right to privacy of Blockbuster employees, or former employees, or

10   others.

11            7.      Blockbuster objects to the Requests to the extent they request

12   production of documents generated or received by expert witnesses or consultants

13   retained by counsel for Blockbuster or communications with such persons.  Such

14   documents will be produced only pursuant to the procedures set forth in Rule

15   26(a)(2) of the Federal Rules of Civil Procedure and the dates set forth in the

16   Court's Scheduling Order.

17            8.      Blockbuster objects to the demand in the Requests that

18   requested items be produced within thirty days from service of the Requests and be

19   produced at the offices of Netflix's counsel in San Francisco.  This timing and

20   location are unreasonable, unduly burdensome, and impractical given the nature

21   and volume of the materials requested and the number, scope, and complexity of

22   the Requests.  Blockbuster will instead produce documents at a mutually

23   convenient time and place.

24            9.      An agreement by Blockbuster to search for and produce

25   responsive documents does not mean that such documents exist.  Such a response

26   means that Blockbuster will produce responsive documents that it can locate with

27   reasonable diligence and that are not otherwise protected from disclosure.

28   ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

2

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1          10.     Blockbuster objects to the Requests insofar as they ask

2  Blockbuster to produce any document that it has already provided to Netflix in this

3  case or that Blockbuster has received from Netflix.  Blockbuster intends to exclude

4  such documents from production.

5          11.     Blockbuster objects to Netflix's definition and use of the term

6  "BLOCKBUSTER" on the grounds that the definition is vague, ambiguous,

7  overbroad, unduly burdensome, oppressive, and harassing, and results in requests

8  for documents and things that are irrelevant and not likely to lead to the discovery

9  of admissible evidence.  For example, Netflix's definition includes, not only

10  Blockbuster Inc., but predecessor companies and joint ventures that have nothing to

11  do with any issue in this case, along with many thousands of long-departed

12  employees, agents, officers, directors, representatives, consultants, accountants, and

13  attorneys who had nothing to do with any issue in this case.  In responding to these

14  Requests, Blockbuster interprets and limits "BLOCKBUSTER" to mean

15  Blockbuster Inc.

16          12.     Blockbuster objects to Netflix's definition and use of the term

17  "BLOCKBUSTERONLINE" on the grounds that the definition is contradictory,

18  vague, and ambiguous as to whether it is limited to Blockbuster's online rental

19  service known as "Blockbuster Online" or also includes other services (for

20  example, DVD Rental Central).  Netflix's numbered requests are also inconsistent

21  as to whether DVD Rental Central is part of or separate from

22  "BLOCKBUSTERONLINE."  This definition is further vague and ambiguous as to

23  whether, if it does include services other than Blockbuster Online, it includes such

24  services as of all times when they existed or only during times when they were

25  owned and operated by Blockbuster.  In responding to these Requests, Blockbuster

26  interprets and limits "BLOCKBUSTERONLINE" to mean Blockbuster's online

27  DVD rental service known as "Blockbuster Online."

28  ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

3

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    13.    Blockbuster objects to Netflix's definition and use of the term

2    "NETFLIX" on the grounds that the definition is vague, ambiguous, overbroad,

3    unduly burdensome, oppressive, and harassing, and results in requests for

4    documents and things that are irrelevant and not likely to lead to the discovery of

5    admissible evidence.  For example, Netflix's definition includes affiliates, joint

6    ventures, and past and present employees, agents, officers, directors,

7    representatives, consultants, accountants, and attorneys who have not been

8    identified by Netflix and are not known to Blockbuster.  In responding to these

9    Requests, Netflix interprets and limits "NETFLIX" to mean Netflix, Inc.

10    14.    Blockbuster objects to Netflix's definition and use of the term

11    "ACCENTURE" on the grounds that the definition is vague, ambiguous,

12    overbroad, unduly burdensome, oppressive, and harassing, and results in requests

13    for documents and things that are irrelevant and not likely to lead to the discovery

14    of admissible evidence.  For example, Netflix's definition includes predecessor and

15    successor companies, affiliates, parents, and joint ventures of Accenture, Inc., as

16    well as past and present employees, agents, directors, representatives, consultants,

17    accountants and attorneys of Accenture, Inc., or of such other entities, who are not

18    known to Blockbuster, have had no dealings with Blockbuster, and have no

19    connection to any issue in this case.  In responding the Requests, Blockbuster

20    interprets and limits "ACCENTURE" to mean Accenture, Inc.

21    15.    Blockbuster objects to Netflix's definition and use of the term

22    "IBM" on the grounds that the definition is vague, ambiguous, overbroad, unduly

23    burdensome, oppressive, and harassing, and results in requests for documents and

24    things that are irrelevant and not likely to lead to the discovery of admissible

25    evidence.  For example, Netflix's definition includes predecessor and successor

26    companies, affiliates, parents, and joint ventures of International Business

27    Machines Corporation, as well as past and present employees, agents, directors,

28    representatives, consultants, accountants and attorneys of International Business

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

4

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    Machines Corporation, or of such other entities, who are not known to Blockbuster,

2    have had no dealings with Blockbuster, and have no connection to any issue in this

3    case. In responding the Requests, Blockbuster interprets and limits "IBM" to mean

4    International Business Machines Corporation.

5              16.    Blockbuster objects to Netflix's definition and use of the term

6    "ON-LINE" on the grounds that the definition is vague, ambiguous, overbroad,

7    unduly burdensome, oppressive, and harassing, and results in requests for

8    documents and things that are irrelevant and not likely to lead to the discovery of

9    admissible evidence. For example, Netflix's definition as stated would include

10   anything accomplished using a computer in a Blockbuster store – or anywhere

11   else – if that computer is connected to the Internet. The definition would also

12   include anything accomplished by a store employee using a cellular telephone or a

13   Personal Digital Assistant (such as a Blackberry or Treo device) connected to the

14   Internet. Netflix's definition would even include anything "accomplished through"

15   use by a Blockbuster store customer of a cellular telephone or PDA connected to

16   the Internet. Further, the term "accomplished through," as used in Netflix's

17   definition of "ON-LINE," is vague and ambiguous. It would be impossible for

18   Blockbuster to determine what activities conducted in its thousands of stores –

19   including many franchised stores – were "ON-LINE" within Netflix's stated

20   definition, let alone what activities of third parties fell within that definition. In

21   responding to the Requests, Blockbuster will interpret and limit "ON-LINE" to

22   mean "accomplished through visiting a site on the World Wide Web and

23   transmitting instructions to that site over the Web."

24             17.    Blockbuster objects to Netflix's definition and use of the term

25   "RELATING TO" on the grounds that the definition is vague, ambiguous,

26   overbroad, unduly burdensome, oppressive, and harassing, and results in requests

27   for documents and things that are irrelevant and not likely to lead to the discovery

28   of admissible evidence. Taken as set forth by Netflix, Netflix's Requests

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

5

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  containing the term "RELATING TO" ask for literally every document ever created

2  by or received by or in connection with Blockbuster Online, as well as an

3  impossibly vast number of other documents and things.  Accordingly, Blockbuster

4  will interpret and limit its responses to particular requests that use "RELATING

5  TO" as set forth below.

6

7  **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

8  **REQUEST FOR PRODUCTION NO. 1:**

9  　　　　　All DOCUMENTS RELATING TO BLOCKBUSTER's potentially

10  engaging in, or not engaging in, the business of the ON-LINE rental of DVDs,

11  movies, video games, or other media, through any means.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

13  　　　　　Each of Blockbuster's General Objections is incorporated here by

14  reference.  Blockbuster specifically objects to this request to the extent it seeks

15  documents that are protected by the attorney-client privilege, the attorney work-

16  product doctrine, or any other applicable privilege or immunity and to the extent

17  that it seeks documents that are confidential or proprietary.  Blockbuster further

18  specifically objects to this request on the grounds that it is vague, ambiguous,

19  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

20  calculated to lead to the discovery of admissible evidence in this case, and is

21  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

22  The bases for these objections include, without limitation, this request's use of the

23  terms "BLOCKBUSTER," "ON-LINE," and "RELATING TO."

24  　　　　　Subject to and without waiving the foregoing objections, Blockbuster

25  will conduct a reasonable and diligent search for non-privileged, non-work-product

26  documents discussing whether Blockbuster Inc. should enter the online rental

27  business and will produce such documents so located that have not already been

28  produced in this case.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

6

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    **REQUEST FOR PRODUCTION NO. 2:**

2          All DOCUMENTS RELATING TO existing or prospective

3    competition from any source in, or with, the business of renting DVDs, movies,

4    video games, or other media ON-LINE, including but not limited to competition

5    from or with Netflix, or any other company that engages in or that might engage in

6    such competition.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

8          Each of Blockbuster's General Objections is incorporated here by

9    reference.  Blockbuster specifically objects to this request to the extent it seeks

10   documents that are protected by the attorney-client privilege, the attorney work-

11   product doctrine, or any other applicable privilege or immunity and to the extent

12   that it seeks documents that are confidential or proprietary.  Blockbuster further

13   specifically objects to this request on the grounds that it is vague, ambiguous,

14   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

15   calculated to lead to the discovery of admissible evidence in this case, and is

16   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

17   The bases for these objections include, without limitation, this request's use of the

18   terms "ON-LINE" and "RELATING TO."

19         Subject to and without waiving the foregoing objections, Blockbuster

20   will conduct a reasonable and diligent search for non-privileged, non-work-product

21   documents referring to competition in or with online media rental and will produce

22   such documents so located that have not already been produced in this case.

23   **REQUEST FOR PRODUCTION NO. 3:**

24         All DOCUMENTS RELATING to potential revenues from engaging

25   in the business of renting DVDs, movies, video games, or other media ON-LINE,

26   including but not limited to any assessment of gross margins, profitability, or

27   viability of such a business.

28   ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

7

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

2         Each of Blockbuster's General Objections is incorporated here by

3  reference.  Blockbuster specifically objects to this request to the extent it seeks

4  documents that are protected by the attorney-client privilege, the attorney work-

5  product doctrine, or any other applicable privilege or immunity and to the extent

6  that it seeks documents that are confidential or proprietary.  Blockbuster further

7  specifically objects to this request on the grounds that it is vague, ambiguous,

8  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

9  calculated to lead to the discovery of admissible evidence in this case, and is

10  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

11  The bases for these objections include, without limitation, this request's use of the

12  terms "ON-LINE" and "RELATING TO."

13         Subject to and without waiving the foregoing objections, Blockbuster

14  will conduct a reasonable and diligent search for non-privileged, non-work-product

15  projections and discussions of expected gross margins, profitability, or viability of

16  an online media rental business and will produce such documents so located that

17  have not already been produced in this case.

18  **REQUEST FOR PRODUCTION NO. 4:**

19         All DOCUMENTS RELATING TO the delivery of DVDs, movies,

20  video games, or other media to customers, including without limitation delivery

21  through the U.S Mail, by private carriers such as Federal Express, UPS, or DHL, or

22  by any other means.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

24         Each of Blockbuster's General Objections is incorporated here by

25  reference.  Blockbuster specifically objects to this request to the extent it seeks

26  documents that are protected by the attorney-client privilege, the attorney work-

27  product doctrine, or any other applicable privilege or immunity and to the extent

28  that it seeks documents that are confidential or proprietary.  Blockbuster further

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

8

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    specifically objects to this request on the grounds that it is vague, ambiguous,

2    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

3    calculated to lead to the discovery of admissible evidence in this case, and is

4    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

5    The bases for these objections include, without limitation, this request's use of the

6    term "RELATING TO."

7         Subject to and without waiving the foregoing objections, Blockbuster

8    will conduct a reasonable and diligent search for non-privileged, non-work-product

9    documents sufficient to show the means by which Blockbuster Online delivers

10    DVDs and will produce such documents so located that have not already been

11    produced in this case.

12    **REQUEST FOR PRODUCTION NO. 5:**

13         All DOCUMENTS RELATING TO the actual or potential delivery of

14    movies, video games, or other media to customers through broadband internet

15    delivery, including but not limited to subscription services.

16    **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

17         Each of Blockbuster's General Objections is incorporated here by

18    reference.  Blockbuster specifically objects to this request to the extent it seeks

19    documents that are protected by the attorney-client privilege, the attorney work-

20    product doctrine, or any other applicable privilege or immunity and to the extent

21    that it seeks documents that are confidential or proprietary.  Blockbuster further

22    specifically objects to this request on the grounds that it is vague, ambiguous,

23    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

24    calculated to lead to the discovery of admissible evidence in this case, and is

25    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

26    The bases for these objections include, without limitation, this request's use of the

27    term "RELATING TO."

28         Subject to and without waiving the foregoing objections, Blockbuster

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

9

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  will conduct a reasonable and diligent search for non-privileged, non-work-product
2  documents sufficient to describe existing and contemplated Internet download and
3  streaming of video and Blockbuster's contemplation of and participation in any
4  such delivery and will produce such documents so located that have not already
5  been produced in this case.

6  **REQUEST FOR PRODUCTION NO. 6:**

7       All DOCUMENTS RELATING TO the actual or potential delivery of
8  movies, video games, or other media to customers over cable networks, including
9  but not limited to video on demand.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

11       Each of Blockbuster's General Objections is incorporated here by
12  reference. Blockbuster specifically objects to this request to the extent it seeks
13  documents that are protected by the attorney-client privilege, the attorney work-
14  product doctrine, or any other applicable privilege or immunity and to the extent
15  that it seeks documents that are confidential or proprietary. Blockbuster further
16  specifically objects to this request on the grounds that it is vague, ambiguous,
17  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor
18  calculated to lead to the discovery of admissible evidence in this case, and is
19  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.
20  The bases for these objections include, without limitation, this request's use of the
21  term "RELATING TO."

22       Subject to and without waiving the foregoing objections, Blockbuster
23  will conduct a reasonable and diligent search for non-privileged, non-work-product
24  documents sufficient to describe existing and contemplated video-on-demand cable
25  services, pay television and cable subscription networks and Blockbuster's
26  contemplation of and participation in any such delivery and will produce such
27  documents so located that have not already been produced in this case.

28  ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

10

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1 **REQUEST FOR PRODUCTION NO. 7:**

2    All DOCUMENTS RELATING TO actual or potential methods

3 known to BLOCKBUSTER for renting DVDs, movies, video games, or other

4 media on a subscription basis.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

6    Each of Blockbuster's General Objections is incorporated here by

7 reference. Blockbuster specifically objects to this request to the extent it seeks

8 documents that are protected by the attorney-client privilege, the attorney work-

9 product doctrine, or any other applicable privilege or immunity and to the extent

10 that it seeks documents that are confidential or proprietary. Blockbuster further

11 specifically objects to this request on the grounds that it is vague, ambiguous,

12 overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

13 calculated to lead to the discovery of admissible evidence in this case, and is

14 beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

15 The bases for these objections include, without limitation, this request's use of the

16 terms "BLOCKBUSTER" and "RELATING TO."

17    Subject to and without waiving the foregoing objections, Blockbuster

18 will conduct a reasonable and diligent search for non-privileged, non-work-product

19 documents sufficient to reasonably describe actual or potential methods known to

20 Blockbuster for renting DVDs, movies, video games, or other media on a

21 subscription basis and will produce such documents so located that have not already

22 been produced in this case.

23 **REQUEST FOR PRODUCTION NO. 8:**

24    All DOCUMENTS RELATING TO research conducted by or on

25 behalf of BLOCKBUSTER in connection with its design, development,

26 implementation and operation of BLOCKBUSTERONLINE, including without

27 limitation trade research, market research, and consumer research.

28 ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

11

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

2              Each of Blockbuster's General Objections is incorporated here by

3    reference.  Blockbuster specifically objects to this request to the extent it seeks

4    documents that are protected by the attorney-client privilege, the attorney work-

5    product doctrine, or any other applicable privilege or immunity and to the extent

6    that it seeks documents that are confidential or proprietary.  Blockbuster further

7    specifically objects to this request on the grounds that it is vague, ambiguous,

8    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

9    calculated to lead to the discovery of admissible evidence in this case, and is

10   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

11   The bases for these objections include, without limitation, this request's use of the

12   terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," and "RELATING TO."

13             Subject to and without waiving the foregoing objections, Blockbuster

14   will conduct a reasonable and diligent search for non-privileged, non-work-product

15   documents sufficient to reasonably describe any trade research, market research,

16   and consumer research conducted by Blockbuster Inc. in connection with its design,

17   development, implementation and operation of Blockbuster Online and will

18   produce such documents so located that have not already been produced in this

19   case.

20   **REQUEST FOR PRODUCTION NO. 9:**

21             All DOCUMENTS RELATING TO actual or potential competition

22   between BLOCKBUSTER's IN-STORE and ON-LINE rental services, including

23   but not limited to strategic plans, forecasts, projections, business plans, reports,

24   analyses and research.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

26             Each of Blockbuster's General Objections is incorporated here by

27   reference.  Blockbuster specifically objects to this request to the extent it seeks

28   documents that are protected by the attorney-client privilege, the attorney work-

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

12

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  product doctrine, or any other applicable privilege or immunity and to the extent

2  that it seeks documents that are confidential or proprietary. Blockbuster further

3  specifically objects to this request on the grounds that it is vague, ambiguous,

4  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

5  calculated to lead to the discovery of admissible evidence in this case, and is

6  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

7  The bases for these objections include, without limitation, this request's use of the

8  terms "BLOCKBUSTER," "ON-LINE," and "RELATING TO."

9         Subject to and without waiving the foregoing objections, Blockbuster

10  will conduct a reasonable and diligent search for non-privileged, non-work-product

11  documents sufficient to reasonably describe competition with Blockbuster Inc.

12  (including with Blockbuster Online) and will produce such documents so located

13  that have not already been produced in this case.

14  **REQUEST FOR PRODUCTION NO. 10:**

15         All DOCUMENTS RELATING TO DVDRentalCentral, including

16  without limitation the potential and actual acquisition, and operation, of

17  DVDRentalCentral.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

19         Each of Blockbuster's General Objections is incorporated here by

20  reference. Blockbuster specifically objects to this request to the extent it seeks

21  documents that are protected by the attorney-client privilege, the attorney work-

22  product doctrine, or any other applicable privilege or immunity and to the extent

23  that it seeks documents that are confidential or proprietary. Blockbuster further

24  specifically objects to this request on the grounds that it is vague, ambiguous,

25  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

26  calculated to lead to the discovery of admissible evidence in this case, and is

27  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

28  The bases for these objections include, without limitation, this request's use of the

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

13

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  term "RELATING TO."

2        Subject to and without waiving the foregoing objections, Blockbuster

3  will conduct a reasonable and diligent search for non-privileged, non-work-product

4  documents sufficient to reasonably describe any acquisition and operation of DVD

5  Rental Central and will produce such documents so located that have not already

6  been produced in this case.

7  **REQUEST FOR PRODUCTION NO. 11:**

8        All DOCUMENTS RELATING TO the total revenue that

9  BLOCKBUSTER has realized, directly or indirectly, from its operation of

10  BLOCKBUSTERONLINE.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

12        Each of Blockbuster's General Objections is incorporated here by

13  reference. Blockbuster specifically objects to this request to the extent it seeks

14  documents that are protected by the attorney-client privilege, the attorney work-

15  product doctrine, or any other applicable privilege or immunity and to the extent

16  that it seeks documents that are confidential or proprietary. Blockbuster further

17  specifically objects to this request on the grounds that it is vague, ambiguous,

18  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

19  calculated to lead to the discovery of admissible evidence in this case, and is

20  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

21  The bases for these objections include, without limitation, this request's use of the

22  terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," and "RELATING TO."

23        Subject to and without waiving the foregoing objections, Blockbuster

24  will conduct a reasonable and diligent search for non-privileged, non-work-product

25  documents sufficient to reasonably describe revenue from Blockbuster Online and

26  will produce such documents so located that have not already been produced in this

27  case.

28  ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

**REQUEST FOR PRODUCTION NO. 12:**

All of BLOCKBUSTER's income statements since January 1, 2000.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Each of Blockbuster's General Objections is incorporated here by reference. Blockbuster specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Blockbuster further specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure. The bases for these objections include, without limitation, this request's use of the term "BLOCKBUSTER." Blockbuster also objects to this request's failure to specify the dates or time periods to be covered by the requested documents.

Subject to and without waiving the foregoing objections, Blockbuster will conduct a reasonable and diligent search for non-privileged, non-work-product documents sufficient to reasonably describe Blockbuster Inc.'s income since January 1, 2000, and will produce such documents so located that have not already been produced in this case.

**REQUEST FOR PRODUCTION NO. 13:**

All of BLOCKBUSTER's balance sheets since January 1, 2000.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Each of Blockbuster's General Objections is incorporated here by reference. Blockbuster specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Blockbuster further

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

15

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  specifically objects to this request on the grounds that it is vague, ambiguous,

2  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

3  calculated to lead to the discovery of admissible evidence in this case, and is

4  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

5  The bases for these objections include, without limitation, this request's use of the

6  term "BLOCKBUSTER." Blockbuster also objects to this request's failure to

7  specify the dates or time periods to be covered by the requested documents.

8      Subject to and without waiving the foregoing objections, Blockbuster

9  will conduct a reasonable and diligent search for non-privileged, non-work-product

10  documents sufficient to reasonably describe Blockbuster Inc.'s assets and liabilities

11  since January 1, 2000, and will produce such documents so located that have not

12  already been produced in this case.

13  **REQUEST FOR PRODUCTION NO. 14:**

14      All of BLOCKBUSTER's profit and loss statements since January 1,

15  2000.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

17      Each of Blockbuster's General Objections is incorporated here by

18  reference. Blockbuster specifically objects to this request to the extent it seeks

19  documents that are protected by the attorney-client privilege, the attorney work-

20  product doctrine, or any other applicable privilege or immunity and to the extent

21  that it seeks documents that are confidential or proprietary. Blockbuster further

22  specifically objects to this request on the grounds that it is vague, ambiguous,

23  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

24  calculated to lead to the discovery of admissible evidence in this case, and is

25  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

26  The bases for these objections include, without limitation, this request's use of the

27  term "BLOCKBUSTER." Blockbuster also objects to this request's failure to

28  specify the dates or time periods to be covered by the requested documents.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

16

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  Subject to and without waiving the foregoing objections, Blockbuster

2  will conduct a reasonable and diligent search for non-privileged, non-work-product

3  documents sufficient to reasonably describe Blockbuster Inc.'s profits and losses

4  since January 1, 2000, and will produce such documents so located that have not

5  already been produced in this case.

6  **REQUEST FOR PRODUCTION NO. 15:**

7  All income statements RELATING TO BLOCKBUSTERONLINE.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

9  Each of Blockbuster's General Objections is incorporated here by

10  reference.  Blockbuster specifically objects to this request to the extent it seeks

11  documents that are protected by the attorney-client privilege, the attorney work-

12  product doctrine, or any other applicable privilege or immunity and to the extent

13  that it seeks documents that are confidential or proprietary.  Blockbuster further

14  specifically objects to this request on the grounds that it is vague, ambiguous,

15  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

16  calculated to lead to the discovery of admissible evidence in this case, and is

17  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

18  The bases for these objections include, without limitation, this request's use of the

19  terms "BLOCKBUSTERONLINE" and "RELATING TO."

20  Subject to and without waiving the foregoing objections, Blockbuster

21  will conduct a reasonable and diligent search for non-privileged, non-work-product

22  documents sufficient to reasonably describe income attributed to Blockbuster

23  Online in the accounting of Blockbuster Inc., and will produce such documents so

24  located that have not already been produced in this case.

25  **REQUEST FOR PRODUCTION NO. 16:**

26  All balance sheets RELATING TO BLOCKBUSTERONLINE.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

28  Each of Blockbuster's General Objections is incorporated here by

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

17

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  reference.  Blockbuster specifically objects to this request to the extent it seeks

2  documents that are protected by the attorney-client privilege, the attorney work-

3  product doctrine, or any other applicable privilege or immunity and to the extent

4  that it seeks documents that are confidential or proprietary.  Blockbuster further

5  specifically objects to this request on the grounds that it is vague, ambiguous,

6  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

7  calculated to lead to the discovery of admissible evidence in this case, and is

8  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

9  The bases for these objections include, without limitation, this request's use of the

10  terms "BLOCKBUSTERONLINE" and "RELATING TO."

11         Subject to and without waiving the foregoing objections, Blockbuster

12  will conduct a reasonable and diligent search for non-privileged, non-work-product

13  documents sufficient to reasonably describe assets and liabilities attributed to

14  Blockbuster Online in the accounting of Blockbuster Inc. and will produce such

15  documents so located that have not already been produced in this case.

16  **REQUEST FOR PRODUCTION NO. 17:**

17         All profit and loss statements RELATING TO

18  BLOCKBUSTERONLINE.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

20         Each of Blockbuster's General Objections is incorporated here by

21  reference.  Blockbuster specifically objects to this request to the extent it seeks

22  documents that are protected by the attorney-client privilege, the attorney work-

23  product doctrine, or any other applicable privilege or immunity and to the extent

24  that it seeks documents that are confidential or proprietary.  Blockbuster further

25  specifically objects to this request on the grounds that it is vague, ambiguous,

26  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

27  calculated to lead to the discovery of admissible evidence in this case, and is

28  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

18

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1 The bases for these objections include, without limitation, this request's use of the

2 terms "BLOCKBUSTERONLINE" and "RELATING TO."

3         Subject to and without waiving the foregoing objections, Blockbuster

4 will conduct a reasonable and diligent search for non-privileged, non-work-product

5 documents sufficient to reasonably describe profits and losses attributed to

6 Blockbuster Online in the accounting of Blockbuster Inc. and will produce such

7 documents so located that have not already been produced in this case.

8 **REQUEST FOR PRODUCTION NO. 18:**

9         All of BLOCKBUSTER's quarterly and annual audited financial

10 statements and annual reports, including all corresponding notes and schedules,

11 since January 1, 2000.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

13         Each of Blockbuster's General Objections is incorporated here by

14 reference. Blockbuster specifically objects to this request to the extent it seeks

15 documents that are protected by the attorney-client privilege, the attorney work-

16 product doctrine, or any other applicable privilege or immunity and to the extent

17 that it seeks documents that are confidential or proprietary. Blockbuster further

18 specifically objects to this request on the grounds that it is vague, ambiguous,

19 overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

20 calculated to lead to the discovery of admissible evidence in this case, and is

21 beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

22 The bases for these objections include, without limitation, this request's use of the

23 term "BLOCKBUSTER."

24         Subject to and without waiving the foregoing objections, Blockbuster

25 will produce all its quarterly and annual financial statements and accompanying

26 documents filed with the Securities and Exchange Commission since January 1,

27 2000, that have not already been produced in this case.

28 ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

19

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    **REQUEST FOR PRODUCTION NO. 19**

2    DOCUMENTS sufficient to describe fully BLOCKBUSTER's

3    recordkeeping and accounting methods, books and records as they relate to

4    BLOCKBUSTERONLINE.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

6    Each of Blockbuster's General Objections is incorporated here by

7    reference. Blockbuster specifically objects to this request to the extent it seeks

8    documents that are protected by the attorney-client privilege, the attorney work-

9    product doctrine, or any other applicable privilege or immunity and to the extent

10    that it seeks documents that are confidential or proprietary. Blockbuster further

11    specifically objects to this request on the grounds that it is vague, ambiguous,

12    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

13    calculated to lead to the discovery of admissible evidence in this case, and is

14    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

15    The bases for these objections include, without limitation, this request's use of the

16    terms "BLOCKBUSTER" and "BLOCKBUSTERONLINE."

17    Subject to and without waiving the foregoing objections, Blockbuster

18    will produce all its quarterly and annual financial statements and accompanying

19    documents filed with the Securities and Exchange Commission since January 1,

20    2000, that have not already been produced in this case.

21    **REQUEST FOR PRODUCTION NO. 20**

22    All DOCUMENTS RELATING TO potential and actual marketing

23    and advertising plans for BLOCKBUSTERONLINE.

24    **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

25    Each of Blockbuster's General Objections is incorporated here by

26    reference. Blockbuster specifically objects to this request to the extent it seeks

27    documents that are protected by the attorney-client privilege, the attorney work-

28    product doctrine, or any other applicable privilege or immunity and to the extent

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

20

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    that it seeks documents that are confidential or proprietary. Blockbuster further

2    specifically objects to this request on the grounds that it is vague, ambiguous,

3    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

4    calculated to lead to the discovery of admissible evidence in this case, and is

5    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

6    The bases for these objections include, without limitation, this request's use of the

7    terms "BLOCKBUSTERONLINE" and "RELATING TO."

8              Subject to and without waiving the foregoing objections, Blockbuster

9    will conduct a reasonable and diligent search for non-privileged, non-work-product

10   marketing plans and advertising plans for Blockbuster Online and will produce

11   such documents so located that have not already been produced in this case.

12   **REQUEST FOR PRODUCTION NO. 21:**

13             All DOCUMENTS constituting advertising and promotional materials

14   for BLOCKBUSTERONLINE that describe or refer to the methods by which

15   BLOCKBUSTER rents items to customers.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

17             Each of Blockbuster's General Objections is incorporated here by

18   reference. Blockbuster specifically objects to this request to the extent it seeks

19   documents that are protected by the attorney-client privilege, the attorney work-

20   product doctrine, or any other applicable privilege or immunity and to the extent

21   that it seeks documents that are confidential or proprietary. Blockbuster further

22   specifically objects to this request on the grounds that it is vague, ambiguous,

23   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

24   calculated to lead to the discovery of admissible evidence in this case, and is

25   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

26   The bases for these objections include, without limitation, this request's use of the

27   terms "BLOCKBUSTER" and "BLOCKBUSTERONLINE."

28             Subject to and without waiving the foregoing objections, Blockbuster

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

21

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    will conduct a reasonable and diligent search for non-privileged, non-work-product

2    documents sufficient to reasonably describe advertising and promotional materials

3    that describe methods by which Blockbuster Online rents DVDs and will produce

4    such documents so located that have not already been produced in this case.

5    **REQUEST FOR PRODUCTION NO. 22:**

6         All DOCUMENTS RELATING TO the preferences of customers in

7    using or choosing among any products or services offered or developed by

8    BLOCKBUSTERONLINE, DVDRentalCentral, NETFLIX, or any other company

9    in the business of the ON-LINE rental of DVDs, movies, video games, or other

10   media, including without limitation any reports or studies.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

12        Each of Blockbuster's General Objections is incorporated here by

13   reference. Blockbuster specifically objects to this request to the extent it seeks

14   documents that are protected by the attorney-client privilege, the attorney work-

15   product doctrine, or any other applicable privilege or immunity and to the extent

16   that it seeks documents that are confidential or proprietary. Blockbuster further

17   specifically objects to this request on the grounds that it is vague, ambiguous,

18   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

19   calculated to lead to the discovery of admissible evidence in this case, and is

20   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

21   The bases for these objections include, without limitation, this request's use of the

22   terms "BLOCKBUSTERONLINE," "NETFLIX," "ON-LINE," and "RELATING

23   TO."

24        Subject to and without waiving the foregoing objections, Blockbuster

25   will conduct a reasonable and diligent search for non-privileged, non-work-product

26   reports or studies on consumer preferences with respect to video and game online

27   rental services and will produce such documents so located that have not already

28   been produced in this case.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

22

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1 **REQUEST FOR PRODUCTION NO. 23:**

2       All DOCUMENTS RELATING TO the design, methodology,

3 operation, effectiveness, or success of NETFLIX's ON-LINE rental service,

4 including, without limitation, any analyses, engineering, design, or laboratory

5 notebooks, drawings, block diagrams, specifications, design reviews, schematics,

6 flow charts, minutes of design reviews, publications, notes, memoranda or

7 correspondence, describing or referring to NETFLIX's ON-LINE rental service.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

9       Each of Blockbuster's General Objections is incorporated here by

10 reference. Blockbuster specifically objects to this request to the extent it seeks

11 documents that are protected by the attorney-client privilege, the attorney work-

12 product doctrine, or any other applicable privilege or immunity and to the extent

13 that it seeks documents that are confidential or proprietary. Blockbuster further

14 specifically objects to this request on the grounds that it is vague, ambiguous,

15 overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

16 calculated to lead to the discovery of admissible evidence in this case, and is

17 beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

18 The bases for these objections include, without limitation, this request's use of the

19 terms "NETFLIX," "ON-LINE," and "RELATING TO."

20       Subject to and without waiving the foregoing objections, Blockbuster

21 will conduct a reasonable and diligent search for non-privileged, non-work-product

22 documents analyzing Netflix's online service or assessing its success and will

23 produce such documents so located that have not already been produced in this

24 case.

25 **REQUEST FOR PRODUCTION NO. 24:**

26       All DOCUMENTS RELATING TO the design, development, testing,

27 or implementation of the BLOCKBUSTERONLINE service, including, without

28 limitation, any engineering, design, or laboratory notebooks, drawings, block

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

23

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1   diagrams, functional specifications, design reviews, schematics, flow charts,

2   minutes of design reviews, declarations, publications, notes, memoranda,

3   correspondence, invention disclosure forms, customer specifications, source code,

4   customer requests, or prototypes of any invention, Beta versions, or components of

5   BLOCKBUSTERONLINE.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

7           Each of Blockbuster's General Objections is incorporated here by

8   reference.  Blockbuster specifically objects to this request to the extent it seeks

9   documents that are protected by the attorney-client privilege, the attorney work-

10  product doctrine, or any other applicable privilege or immunity and to the extent

11  that it seeks documents that are confidential or proprietary.  Blockbuster further

12  specifically objects to this request on the grounds that it is vague, ambiguous,

13  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

14  calculated to lead to the discovery of admissible evidence in this case, and is

15  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

16  The bases for these objections include, without limitation, this request's use of the

17  terms "BLOCKBUSTERONLINE" and "RELATING TO."

18          Subject to and without waiving the foregoing objections, Blockbuster

19  will conduct a reasonable and diligent search for non-privileged, non-work-product

20  documents sufficient to reasonably describe the design, development, testing, or

21  implementation of Blockbuster Online and will produce such documents so located

22  that have not already been produced in this case.

23  **REQUEST FOR PRODUCTION NO. 25:**

24          DOCUMENTS and things sufficient fully to describe each version of

25  BLOCKBUSTERONLINE's website from the date of launch to the present,

26  including but not limited to product and system descriptions, functional

27  specifications, network architectures, screenshots and presentation materials.

28  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

24

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1            Each of Blockbuster's General Objections is incorporated here by

2    reference. Blockbuster specifically objects to this request to the extent it seeks

3    documents that are protected by the attorney-client privilege, the attorney work-

4    product doctrine, or any other applicable privilege or immunity and to the extent

5    that it seeks documents that are confidential or proprietary. Blockbuster further

6    specifically objects to this request on the grounds that it is vague, ambiguous,

7    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

8    calculated to lead to the discovery of admissible evidence in this case, and is

9    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

10   The bases for these objections include, without limitation, this request's use of the

11   term "BLOCKBUSTERONLINE."

12           Subject to and without waiving the foregoing objections, Blockbuster

13   will conduct a reasonable and diligent search for non-privileged, non-work-product

14   documents sufficient to reasonably describe the various versions of Blockbuster

15   Online's website from the date of launch to the present and will produce such

16   documents so located that have not already been produced in this case.

17   **REQUEST FOR PRODUCTION NO. 26:**

18           DOCUMENTS and things sufficient fully to describe the structure or

19   architecture of the software used to operate, support, or maintain

20   BLOCKBUSTERONLINE, including block diagrams, data structure diagrams,

21   system architecture diagrams, database layouts, and source code.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

23           Each of Blockbuster's General Objections is incorporated here by

24   reference. Blockbuster specifically objects to this request to the extent it seeks

25   documents that are protected by the attorney-client privilege, the attorney work-

26   product doctrine, or any other applicable privilege or immunity and to the extent

27   that it seeks documents that are confidential or proprietary. Blockbuster further

28   specifically objects to this request on the grounds that it is vague, ambiguous,

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

25

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

2   calculated to lead to the discovery of admissible evidence in this case, and is

3   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

4   The bases for these objections include, without limitation, this request's use of the

5   term "BLOCKBUSTERONLINE."

6          Subject to and without waiving the foregoing objections, Blockbuster

7   will conduct a reasonable and diligent search for non-privileged, non-work-product

8   documents sufficient to reasonably describe the software used for Blockbuster

9   Online's website and will produce such documents so located that have not already

10  been produced in this case.

11  **REQUEST FOR PRODUCTION NO. 27:**

12         DOCUMENTS and things sufficient fully to describe the structure or

13  architecture of the hardware used to operate, support, or maintain

14  BLOCKBUSTERONLINE, including types of hardware used and connectivity

15  between the various pieces of hardware.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

17         Each of Blockbuster's General Objections is incorporated here by

18  reference.  Blockbuster specifically objects to this request to the extent it seeks

19  documents that are protected by the attorney-client privilege, the attorney work-

20  product doctrine, or any other applicable privilege or immunity and to the extent

21  that it seeks documents that are confidential or proprietary.  Blockbuster further

22  specifically objects to this request on the grounds that it is vague, ambiguous,

23  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

24  calculated to lead to the discovery of admissible evidence in this case, and is

25  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

26  The bases for these objections include, without limitation, this request's use of the

27  term "BLOCKBUSTERONLINE."

28         Subject to and without waiving the foregoing objections, Blockbuster

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

26

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    will conduct a reasonable and diligent search for non-privileged, non-work-product

2    documents sufficient to reasonably describe the general nature of the hardware used

3    to operate Blockbuster Online's website and will produce such documents so

4    located that have not already been produced in this case.

5    **REQUEST FOR PRODUCTION NO. 28:**

6          DOCUMENTS and things sufficient fully to describe all rental

7    methods used or practiced by BLOCKBUSTERONLINE from inception to the

8    present.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

10         Each of Blockbuster's General Objections is incorporated here by

11   reference.  Blockbuster specifically objects to this request to the extent it seeks

12   documents that are protected by the attorney-client privilege, the attorney work-

13   product doctrine, or any other applicable privilege or immunity and to the extent

14   that it seeks documents that are confidential or proprietary.  Blockbuster further

15   specifically objects to this request on the grounds that it is vague, ambiguous,

16   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

17   calculated to lead to the discovery of admissible evidence in this case, and is

18   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

19   The bases for these objections include, without limitation, this request's use of the

20   term "BLOCKBUSTERONLINE."

21         Subject to and without waiving the foregoing objections, Blockbuster

22   will conduct a reasonable and diligent search for non-privileged, non-work-product

23   documents sufficient to reasonably describe the rental methods used or practiced by

24   Blockbuster Online and will produce such documents so located that have not

25   already been produced in this case.

26   **REQUEST FOR PRODUCTION NO. 29:**

27         DOCUMENTS and things sufficient fully to describe all rental

28   methods used or practiced by DVDRentalCentral from inception to the present.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

27

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Each of Blockbuster's General Objections is incorporated here by reference. Blockbuster specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Blockbuster further specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Blockbuster will conduct a reasonable and diligent search for non-privileged, non-work-product documents sufficient to reasonably describe the rental methods used or practiced by DVD Rental Central and will produce such documents so located that have not already been produced in this case.

**REQUEST FOR PRODUCTION NO. 30:**

DOCUMENTS and things sufficient fully to describe all membership plans offered by BLOCKBUSTERONLINE from inception to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Each of Blockbuster's General Objections is incorporated here by reference. Blockbuster specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Blockbuster further specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

28

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  The bases for these objections include, without limitation, this request's use of the

2  term "BLOCKBUSTERONLINE."

3          Subject to and without waiving the foregoing objections, Blockbuster

4  will conduct a reasonable and diligent search for non-privileged, non-work-product

5  documents sufficient to reasonably describe the membership plans offered by

6  Blockbuster Online and will produce such documents so located that have not

7  already been produced in this case.

8  **REQUEST FOR PRODUCTION NO. 31:**

9          All DOCUMENTS RELATING TO BLOCKBUSTERONLINE

10  technology developed in whole or in part by third parties, including without

11  limitation agreements, licenses, permissions, term sheets, memoranda of

12  understanding, letters of intent, specifications, technical descriptions, and

13  correspondence.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

15          Each of Blockbuster's General Objections is incorporated here by

16  reference.  Blockbuster specifically objects to this request to the extent it seeks

17  documents that are protected by the attorney-client privilege, the attorney work-

18  product doctrine, or any other applicable privilege or immunity and to the extent

19  that it seeks documents that are confidential or proprietary.  Blockbuster further

20  specifically objects to this request on the grounds that it is vague, ambiguous,

21  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

22  calculated to lead to the discovery of admissible evidence in this case, and is

23  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

24  The bases for these objections include, without limitation, this request's use of the

25  terms "BLOCKBUSTERONLINE," "BLOCKBUSTERONLINE technology," and

26  "RELATING TO."

27          Subject to and without waiving the foregoing objections, Blockbuster

28  will conduct a reasonable and diligent search for non-privileged, non-work-product

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

29

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA