# EXHIBIT B
# (Part 2 of 3)

Dockets.Justia.com

1  documents sufficient to reasonably describe the development of Blockbuster Online

2  and will produce such documents so located that have not already been produced in

3  this case.

4  **REQUEST FOR PRODUCTION NO. 32:**

5  　　　　DOCUMENTS sufficient to describe fully the corporate organization

6  of BLOCKBUSTER and each of its divisions, subdivisions, units, subsidiaries or

7  affiliates, including but not limited to organizational charts, personnel directories,

8  telephone directories, and electronic mail user and address lists.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

10  　　　　Each of Blockbuster's General Objections is incorporated here by

11  reference.  Blockbuster specifically objects to this request to the extent it seeks

12  documents that are protected by the attorney-client privilege, the attorney work-

13  product doctrine, or any other applicable privilege or immunity and to the extent

14  that it seeks documents that are confidential or proprietary.  Blockbuster further

15  specifically objects to this request on the grounds that it is vague, ambiguous,

16  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

17  calculated to lead to the discovery of admissible evidence in this case, and is

18  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

19  The bases for these objections include, without limitation, this request's use of the

20  term "BLOCKBUSTERONLINE."

21  　　　　Subject to and without waiving the foregoing objections, Blockbuster

22  will conduct a reasonable and diligent search for non-privileged, non-work-product

23  documents sufficient to reasonably describe the corporate organization of

24  Blockbuster Inc. since 2004 and will produce such documents so located that have

25  not already been produced in this case.

26  **REQUEST FOR PRODUCTION NO. 33:**

27  　　　　DOCUMENTS sufficient to identify each and every BLOCKBUSTER

28  officer, manager, director, agent, and employee who had responsibility for, or who

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

30

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    was assigned to implement, the design, research, development, testing, and

2    operation of BLOCKBUSTERONLINE.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

4              Each of Blockbuster's General Objections is incorporated here by

5    reference. Blockbuster specifically objects to this request to the extent it seeks

6    documents that are protected by the attorney-client privilege, the attorney work-

7    product doctrine, or any other applicable privilege or immunity and to the extent

8    that it seeks documents that are confidential or proprietary. Blockbuster further

9    specifically objects to this request on the grounds that it is vague, ambiguous,

10   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

11   calculated to lead to the discovery of admissible evidence in this case, and is

12   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

13   The bases for these objections include, without limitation, this request's use of the

14   terms "BLOCKBUSTER" and "BLOCKBUSTERONLINE."

15             Subject to and without waiving the foregoing objections, Blockbuster

16   will conduct a reasonable and diligent search for non-privileged, non-work-product

17   documents sufficient to reasonably identify employees of Blockbuster Online and

18   will produce such documents so located that have not already been produced in this

19   case.

20   **REQUEST FOR PRODUCTION NO. 34:**

21             All DOCUMENTS RELATING TO agreements between

22   BLOCKBUSTER and any consultant, including but not limited to ACCENTURE,

23   IBM, and David Perkovich, to provide consultation services or products to

24   BLOCKBUSTER relating to the development or operation of

25   BLOCKBUSTERONLINE.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

27             Each of Blockbuster's General Objections is incorporated here by

28   reference. Blockbuster specifically objects to this request to the extent it seeks

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

31

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1   documents that are protected by the attorney-client privilege, the attorney work-

2   product doctrine, or any other applicable privilege or immunity and to the extent

3   that it seeks documents that are confidential or proprietary.  Blockbuster further

4   specifically objects to this request on the grounds that it is vague, ambiguous,

5   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

6   calculated to lead to the discovery of admissible evidence in this case, and is

7   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

8   The bases for these objections include, without limitation, this request's use of the

9   terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "ACCENTURE,"

10  "IBM," and "RELATING TO."

11          Subject to and without waiving the foregoing objections, Blockbuster

12  will conduct a reasonable and diligent search for non-privileged, non-work-product

13  documents sufficient to reasonably describe any agreements by Blockbuster Inc. for

14  consulting services provided by Accenture, IBM, and David Perkovich for

15  Blockbuster Online and will produce such documents so located that have not

16  already been produced in this case.

17  **REQUEST FOR PRODUCTION NO. 35:**

18          All DOCUMENTS exchanged between BLOCKBUSTER and any

19  consultant, including but not limited to ACCENTURE, IBM, and David Perkovich,

20  in connection with any agreement to provide consulting services or products to

21  BLOCKBUSTER relating to the development or operation of

22  BLOCKBUSTERONLINE.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

24          Each of Blockbuster's General Objections is incorporated here by

25  reference.  Blockbuster specifically objects to this request to the extent it seeks

26  documents that are protected by the attorney-client privilege, the attorney work-

27  product doctrine, or any other applicable privilege or immunity and to the extent

28  that it seeks documents that are confidential or proprietary.  Blockbuster further

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

32

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  specifically objects to this request on the grounds that it is vague, ambiguous,

2  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

3  calculated to lead to the discovery of admissible evidence in this case, and is

4  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

5  The bases for these objections include, without limitation, this request's use of the

6  terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "ACCENTURE," and

7  "IBM."

8          Subject to and without waiving the foregoing objections, Blockbuster

9  will conduct a reasonable and diligent search for non-privileged, non-work-product

10  documents sufficient to reasonably describe consulting services provided by

11  Accenture, IBM, and David Perkovich for Blockbuster Online and will produce

12  such documents so located that have not already been produced in this case.

13  **REQUEST FOR PRODUCTION NO. 36:**

14          DOCUMENTS sufficient to identify the employees, contractors, or

15  agents of any consultant, including but not limited to ACCENTURE, IBM and

16  DVDRentalCentral, who provided any information or performed any service for

17  BLOCKBUSTER in connection with the design, research, development, testing,

18  marketing, and operation of BLOCKBUSTERONLINE.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

20          Each of Blockbuster's General Objections is incorporated here by

21  reference.  Blockbuster specifically objects to this request to the extent it seeks

22  documents that are protected by the attorney-client privilege, the attorney work-

23  product doctrine, or any other applicable privilege or immunity and to the extent

24  that it seeks documents that are confidential or proprietary.  Blockbuster further

25  specifically objects to this request on the grounds that it is vague, ambiguous,

26  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

27  calculated to lead to the discovery of admissible evidence in this case, and is

28  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

33

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  The bases for these objections include, without limitation, this request's use of the

2  terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "ACCENTURE," and

3  "IBM."

4       Subject to and without waiving the foregoing objections, Blockbuster

5  will conduct a reasonable and diligent search for non-privileged, non-work-product

6  reasonably identify employees of Accenture, IBM, and David Perkovich who are

7  known to Blockbuster Inc. to have had significant involvement in providing

8  consulting services for Blockbuster Online and will produce such documents so

9  located that have not already been produced in this case.

10 **REQUEST FOR PRODUCTION NO. 37:**

11      All DOCUMENTS RELATING TO the consideration by

12 BLOCKBUSTER, or by any consultant retained in connection with developing or

13 operating BLOCKBUSTERONLINE, of NETFLIX's ON-LINE rental system,

14 products, services, website, or methods.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

16      Each of Blockbuster's General Objections is incorporated here by

17 reference.  Blockbuster specifically objects to this request to the extent it seeks

18 documents that are protected by the attorney-client privilege, the attorney work-

19 product doctrine, or any other applicable privilege or immunity and to the extent

20 that it seeks documents that are confidential or proprietary.  Blockbuster further

21 specifically objects to this request on the grounds that it is vague, ambiguous,

22 overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

23 calculated to lead to the discovery of admissible evidence in this case, and is

24 beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

25 The bases for these objections include, without limitation, this request's use of the

26 terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "NETFLIX," and "ON-

27 LINE."

28      Subject to and without waiving the foregoing objections, Blockbuster

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

34

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1   will conduct a reasonable and diligent search for non-privileged, non-work-product

2   documents discussing consideration of Netflix in connection with developing or

3   operating Blockbuster Online and will produce such documents so located that have

4   not already been produced in this case.

5   **REQUEST FOR PRODUCTION NO. 38:**

6          All DOCUMENTS RELATING TO the consideration by

7   BLOCKBUSTER, or by any consultant retained in connection with developing or

8   operating BLOCKBUSTERONLINE, of any NETFLIX patents or patent

9   applications.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

11         Each of Blockbuster's General Objections is incorporated here by

12  reference.  Blockbuster specifically objects to this request to the extent it seeks

13  documents that are protected by the attorney-client privilege, the attorney work-

14  product doctrine, or any other applicable privilege or immunity and to the extent

15  that it seeks documents that are confidential or proprietary.  Blockbuster further

16  specifically objects to this request on the grounds that it is vague, ambiguous,

17  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

18  calculated to lead to the discovery of admissible evidence in this case, and is

19  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

20  The bases for these objections include, without limitation, this request's use of the

21  terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," and "NETFLIX."

22         Subject to and without waiving the foregoing objections, Blockbuster

23  will conduct a reasonable and diligent search for non-privileged, non-work-product

24  documents discussing consideration of Netflix patents or patent applications in

25  connection with developing or operating Blockbuster Online and will produce such

26  documents so located that have not already been produced in this case.

27  **REQUEST FOR PRODUCTION NO. 39:**

28         DOCUMENTS sufficient to show when BLOCKBUSTER, or any

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

35

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    consultant retained by BLOCKBUSTER in connection with

2    BLOCKBUSTERONLINE, first became aware of each of the PATENTS-IN-SUIT.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

4    Each of Blockbuster's General Objections is incorporated here by

5    reference.  Blockbuster specifically objects to this request to the extent it seeks

6    documents that are protected by the attorney-client privilege, the attorney work-

7    product doctrine, or any other applicable privilege or immunity and to the extent

8    that it seeks documents that are confidential or proprietary.  Blockbuster further

9    specifically objects to this request on the grounds that it is vague, ambiguous,

10   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

11   calculated to lead to the discovery of admissible evidence in this case, and is

12   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

13   The bases for these objections include, without limitation, this request's use of the

14   terms "BLOCKBUSTER" and "BLOCKBUSTERONLINE."

15   Subject to and without waiving the foregoing objections, Blockbuster

16   will conduct a reasonable and diligent search for non-privileged, non-work-product

17   documents sufficient to reasonably show when Blockbuster Inc. became aware of

18   the patents-in-suit and will produce such documents so located that have not

19   already been produced in this case.

20   **REQUEST FOR PRODUCTION NO. 40:**

21   All DOCUMENTS RELATING TO the patentability of any claim of

22   the PATENTS-IN-SUIT including without limitation, any study, analysis, review,

23   conclusions, or opinions, whether written or oral.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

25   Each of Blockbuster's General Objections is incorporated here by

26   reference.  Blockbuster specifically objects to this request to the extent it seeks

27   documents that are protected by the attorney-client privilege, the attorney work-

28   product doctrine, or any other applicable privilege or immunity and to the extent

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP                          36                BLOCKBUSTER'S RESPONSES TO NETFLIX'S
                                                     FIRST SET OF REQUESTS FOR PRODUCTION
                                                     C 06 2361 WHA

1  that it seeks documents that are confidential or proprietary.  Blockbuster further

2  specifically objects to this request on the grounds that it is vague, ambiguous,

3  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

4  calculated to lead to the discovery of admissible evidence in this case, and is

5  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure,

6  the Patent Local Rules, and the Court's Scheduling Order at this time.  The bases

7  for these objections include, without limitation, this request's use of the term

8  "RELATING TO."

9          Subject to and without waiving the foregoing objections, Blockbuster

10  will conduct a reasonable and diligent search for non-privileged, non-work-product

11  documents providing evidence whether claims of the patents-in-suit were or are

12  patentable and will produce such documents so located that have not already been

13  produced in this case.

14  **REQUEST FOR PRODUCTION NO. 41:**

15          All DOCUMENTS RELATING TO the validity or invalidity of any

16  claim of the PATENTS-IN-SUIT, including without limitation, any study, analysis,

17  review, conclusions, research, investigation, or opinions, whether written or oral.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

19          Each of Blockbuster's General Objections is incorporated here by

20  reference.  Blockbuster specifically objects to this request to the extent it seeks

21  documents that are protected by the attorney-client privilege, the attorney work-

22  product doctrine, or any other applicable privilege or immunity and to the extent

23  that it seeks documents that are confidential or proprietary.  Blockbuster further

24  specifically objects to this request on the grounds that it is vague, ambiguous,

25  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

26  calculated to lead to the discovery of admissible evidence in this case, and is

27  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure,

28  the Patent Local Rules, and the Court's Scheduling Order at this time.  The bases

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

37

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  for these objections include, without limitation, this request's use of the term

2  "RELATING TO."

3      Subject to and without waiving the foregoing objections, Blockbuster

4  will conduct a reasonable and diligent search for non-privileged, non-work-product

5  documents providing evidence whether claims of the patents-in-suit were or are

6  valid and will produce such documents so located that have not already been

7  produced in this case.

8  **REQUEST FOR PRODUCTION NO. 42:**

9      All DOCUMENTS RELATING TO the novelty or lack thereof of any

10 claim of the PATENTS-IN-SUIT, including without limitation, any study, analysis,

11 review, conclusions, research, investigation, or options, whether written or oral.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

13     Each of Blockbuster's General Objections is incorporated here by

14 reference.  Blockbuster specifically objects to this request to the extent it seeks

15 documents that are protected by the attorney-client privilege, the attorney work-

16 product doctrine, or any other applicable privilege or immunity and to the extent

17 that it seeks documents that are confidential or proprietary.  Blockbuster further

18 specifically objects to this request on the grounds that it is vague, ambiguous,

19 overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

20 calculated to lead to the discovery of admissible evidence in this case, and is

21 beyond the scope of discovery permitted by the Federal Rules of Civil Procedure,

22 the Patent Local Rules, and the Court's Scheduling Order at this time.  The bases

23 for these objections include, without limitation, this request's use of the term

24 "RELATING TO."

25     Subject to and without waiving the foregoing objections, Blockbuster

26 will conduct a reasonable and diligent search for non-privileged, non-work-product

27 documents providing evidence whether claims of the patents-in-suit were novel and

28 will produce such documents so located that have not already been produced in this

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP                38                BLOCKBUSTER'S RESPONSES TO NETFLIX'S
                                          FIRST SET OF REQUESTS FOR PRODUCTION
                                          C 06 2361 WHA

1 case.

2 **REQUEST FOR PRODUCTION NO. 43:**

3      All DOCUMENTS RELATING TO the obviousness or non-

4 obviousness of any claim of the PATENTS-IN-SUIT, including without limitation,

5 any study, analysis, review, conclusions, research, investigation, or opinions,

6 whether written or oral.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

8      Each of Blockbuster's General Objections is incorporated here by

9 reference.  Blockbuster specifically objects to this request to the extent it seeks

10 documents that are protected by the attorney-client privilege, the attorney work-

11 product doctrine, or any other applicable privilege or immunity and to the extent

12 that it seeks documents that are confidential or proprietary.  Blockbuster further

13 specifically objects to this request on the grounds that it is vague, ambiguous,

14 overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

15 calculated to lead to the discovery of admissible evidence in this case, and is

16 beyond the scope of discovery permitted by the Federal Rules of Civil Procedure,

17 the Patent Local Rules, and the Court's Scheduling Order at this time.  The bases

18 for these objections include, without limitation, this request's use of the term

19 "RELATING TO."

20      Subject to and without waiving the foregoing objections, Blockbuster

21 will conduct a reasonable and diligent search for non-privileged, non-work-product

22 documents providing evidence whether claims of the patents-in-suit were obvious

23 and will produce such documents so located that have not already been produced in

24 this case.

25 **REQUEST FOR PRODUCTION NO. 44:**

26      All DOCUMENTS RELATING TO the enforceability or non-

27 enforceability of any claim of the PATENTS-IN-SUIT, including without

28 limitation, any study, analysis, review, conclusions, research, investigation, or

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

39

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    opinions, whether written or oral.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

3          Each of Blockbuster's General Objections is incorporated here by

4    reference.  Blockbuster specifically objects to this request to the extent it seeks

5    documents that are protected by the attorney-client privilege, the attorney work-

6    product doctrine, or any other applicable privilege or immunity and to the extent

7    that it seeks documents that are confidential or proprietary.  Blockbuster further

8    specifically objects to this request on the grounds that it is vague, ambiguous,

9    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

10   calculated to lead to the discovery of admissible evidence in this case, and is

11   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure,

12   the Patent Local Rules, and the Court's Scheduling Order at this time.  The bases

13   for these objections include, without limitation, this request's use of the term

14   "RELATING TO."

15         Subject to and without waiving the foregoing objections, Blockbuster

16   will conduct a reasonable and diligent search for non-privileged, non-work-product

17   documents providing evidence whether claims of the patents-in-suit were or are

18   enforceable and will produce such documents so located that have not already been

19   produced in this case.

20   **REQUEST FOR PRODUCTION NO. 45:**

21         All DOCUMENTS RELATING TO actual or potential infringement

22   or non-infringement of any claim of the PATENTS-IN-SUIT by

23   BLOCKBUSTERONLINE, including without limitation, any study, analysis,

24   review, conclusions, research, investigation or opinions, whether written or oral.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

26         Each of Blockbuster's General Objections is incorporated here by

27   reference.  Blockbuster specifically objects to this request to the extent it seeks

28   documents that are protected by the attorney-client privilege, the attorney work-

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

40

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1   product doctrine, or any other applicable privilege or immunity and to the extent

2   that it seeks documents that are confidential or proprietary.  Blockbuster further

3   specifically objects to this request on the grounds that it is vague, ambiguous,

4   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

5   calculated to lead to the discovery of admissible evidence in this case, and is

6   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure,

7   the Patent Local Rules, and the Court's Scheduling Order at this time.  The bases

8   for these objections include, without limitation, this request's use of the terms

9   "BLOCKBUSTERONLINE" and "RELATING TO."

10              Subject to and without waiving the foregoing objections, Blockbuster

11  will conduct a reasonable and diligent search for non-privileged, non-work-product

12  documents discussing infringement or non-infringement of the patents-in-suit and

13  will produce such documents so located that have not already been produced in this

14  case.

15  **REQUEST FOR PRODUCTION NO. 46:**

16              All DOCUMENTS RELATING TO any opinion of legal counsel with

17  respect to infringement, non-infringement, validity, invalidity, enforceability,

18  interpretation or scope of any claim of the PATENTS-IN-SUIT, including without

19  limitation any oral or written options or advice.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

21              Each of Blockbuster's General Objections is incorporated here by

22  reference.  Blockbuster specifically objects to this request to the extent it seeks

23  documents that are protected by the attorney-client privilege, the attorney work-

24  product doctrine, or any other applicable privilege or immunity and to the extent

25  that it seeks documents that are confidential or proprietary.  Blockbuster further

26  specifically objects to this request on the grounds that it is vague, ambiguous,

27  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

28  calculated to lead to the discovery of admissible evidence in this case, and is

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

41

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure,

2  the Patent Local Rules, and the Court's Scheduling Order at this time.  The bases

3  for these objections include, without limitation, this request's use of the term

4  "RELATING TO."

5          Subject to and without waiving the foregoing objections, Blockbuster

6  will produce any requested documents only at the time provided in the Court's

7  scheduling order.

8  **REQUEST FOR PRODUCTION NO. 47:**

9          All DOCUMENTS RELATING TO any COMMUNICATION

10  between BLOCKBUSTER, or anyone acting on its behalf, and any other third party

11  about the patentability, validity, enforceability, scope, or infringement by

12  BLOCKBUSTERONLINE of any claim of the PATENTS-IN-SUIT.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

14          Each of Blockbuster's General Objections is incorporated here by

15  reference.  Blockbuster specifically objects to this request to the extent it seeks

16  documents that are protected by the attorney-client privilege, the attorney work-

17  product doctrine, or any other applicable privilege or immunity and to the extent

18  that it seeks documents that are confidential or proprietary.  Blockbuster further

19  specifically objects to this request on the grounds that it is vague, ambiguous,

20  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

21  calculated to lead to the discovery of admissible evidence in this case, and is

22  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

23  The bases for these objections include, without limitation, this request's use of the

24  terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "RELATING TO," and

25  "other third party."

26          Subject to and without waiving the foregoing objections, Blockbuster

27  will conduct a reasonable and diligent search for non-privileged, non-work-product

28  communications between Blockbuster and unrelated third parties discussing

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

42

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  patentability, validity, enforceability, scope, or infringement by Blockbuster Online

2  of the patents-in-suit and will produce such documents so located that have not

3  already been produced in this case.

4  **REQUEST FOR PRODUCTION NO. 48:**

5          All DOCUMENTS RELATING TO any COMMUNICATION, study,

6  analysis, review, conclusions, or opinions, whether written or oral, regarding any of

7  the NCR PATENTS.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

9          Each of Blockbuster's General Objections is incorporated here by

10  reference.  Blockbuster specifically objects to this request to the extent it seeks

11  documents that are protected by the attorney-client privilege, the attorney work-

12  product doctrine, or any other applicable privilege or immunity and to the extent

13  that it seeks documents that are confidential or proprietary.  Blockbuster further

14  specifically objects to this request on the grounds that it is vague, ambiguous,

15  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

16  calculated to lead to the discovery of admissible evidence in this case, and is

17  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

18  The bases for these objections include, without limitation, this request's use of the

19  term "RELATING TO."

20          Subject to and without waiving the foregoing objections, Blockbuster

21  will conduct a reasonable and diligent search for non-privileged, non-work-product

22  documents discussing the NCR patents and will produce such documents so located

23  that have not already been produced in this case.

24  **REQUEST FOR PRODUCTION NO. 49:**

25          All DOCUMENTS RELATING TO any COMMUNICATION, study,

26  analysis, review, conclusions, or opinions, whether written or oral, as to United

27  States Patent. No. 5,459,306, issued on October 17, 1995, entitled "Method and

28  System for Delivering On Demand, Individually Targeted Promotions."

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

43

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Each of Blockbuster's General Objections is incorporated here by reference. Blockbuster specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Blockbuster further specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure. The bases for these objections include, without limitation, this request's use of the term "RELATING TO."

Subject to and without waiving the foregoing objections, Blockbuster will conduct a reasonable and diligent search for non-privileged, non-work-product documents discussing the '306 patent and will produce such documents so located that have not already been produced in this case.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS RELATING TO any comparison of the functions, features, or characteristics of BLOCKBUSTERONLINE with any of the functions, features, or characteristics of NETFLIX's system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Each of Blockbuster's General Objections is incorporated here by reference. Blockbuster specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Blockbuster further specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

44

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  calculated to lead to the discovery of admissible evidence in this case, and is

2  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

3  The bases for these objections include, without limitation, this request's use of the

4  terms "BLOCKBUSTERONLINE" and "RELATING TO."

5          Subject to and without waiving the foregoing objections, Blockbuster

6  will conduct a reasonable and diligent search for non-privileged, non-work-product

7  documents comparing Blockbuster Online with Netflix and will produce such

8  documents so located that have not already been produced in this case.

9  **REQUEST FOR PRODUCTION NO. 51:**

10         All DOCUMENTS RELATING to any comparison of the functions,

11  features, or characteristics of BLOCKBUSTERONLINE with any claim of the

12  PATENTS-IN-SUIT.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

14         Each of Blockbuster's General Objections is incorporated here by

15  reference.  Blockbuster specifically objects to this request to the extent it seeks

16  documents that are protected by the attorney-client privilege, the attorney work-

17  product doctrine, or any other applicable privilege or immunity and to the extent

18  that it seeks documents that are confidential or proprietary.  Blockbuster further

19  specifically objects to this request on the grounds that it is vague, ambiguous,

20  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

21  calculated to lead to the discovery of admissible evidence in this case, and is

22  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

23  The bases for these objections include, without limitation, this request's use of the

24  terms "BLOCKBUSTERONLINE," "NETFLIX," and "RELATING TO."

25         Subject to and without waiving the foregoing objections, Blockbuster

26  will conduct a reasonable and diligent search for non-privileged, non-work-product

27  documents comparing Blockbuster Online with the patents-in-suit and will produce

28  such documents so located that have not already been produced in this case.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

45

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1 **REQUEST FOR PRODUCTION NO. 52:**

2           All DOCUMENTS RELATING to any comparison of the functions,

3 features, or claims of the NCR PATENTS with any claim of the PATENTS-IN-

4 SUIT.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

6           Each of Blockbuster's General Objections is incorporated here by

7 reference. Blockbuster specifically objects to this request to the extent it seeks

8 documents that are protected by the attorney-client privilege, the attorney work-

9 product doctrine, or any other applicable privilege or immunity and to the extent

10 that it seeks documents that are confidential or proprietary. Blockbuster further

11 specifically objects to this request on the grounds that it is vague, ambiguous,

12 overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

13 calculated to lead to the discovery of admissible evidence in this case, and is

14 beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

15 The bases for these objections include, without limitation, this request's use of the

16 term "RELATING TO."

17           Subject to and without waiving the foregoing objections, Blockbuster

18 will conduct a reasonable and diligent search for non-privileged, non-work-product

19 documents comparing the NCR patents with any claims of the patents-in-suit and

20 will produce such documents so located that have not already been produced in this

21 case.

22 **REQUEST FOR PRODUCTION NO. 53:**

23           All DOCUMENTS RELATING to any comparison of the functions,

24 features, or claims of United States Patent. No. 5,459,306, issued on October 17,

25 1995, entitled "Method and System for Delivering On Demand, Individually

26 Targeted Promotions," with any claim of the PATENTS-IN-SUIT.

27 **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

28           Each of Blockbuster's General Objections is incorporated here by

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP                          46                    BLOCKBUSTER'S RESPONSES TO NETFLIX'S
                                                         FIRST SET OF REQUESTS FOR PRODUCTION
                                                         C 06 2361 WHA

1    reference. Blockbuster specifically objects to this request to the extent it seeks

2    documents that are protected by the attorney-client privilege, the attorney work-

3    product doctrine, or any other applicable privilege or immunity and to the extent

4    that it seeks documents that are confidential or proprietary. Blockbuster further

5    specifically objects to this request on the grounds that it is vague, ambiguous,

6    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

7    calculated to lead to the discovery of admissible evidence in this case, and is

8    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

9    The bases for these objections include, without limitation, this request's use of the

10    term "RELATING TO."

11            Subject to and without waiving the foregoing objections, Blockbuster

12    will conduct a reasonable and diligent search for non-privileged, non-work-product

13    documents comparing the '306 patent with any claims of the patents-in-suit and

14    will produce such documents so located that have not already been produced in this

15    case.

16    **REQUEST FOR PRODUCTION NO. 54:**

17            All DOCUMENTS RELATING TO any patent, literature or prior art

18    search conducted with respect to either of the PATENTS-IN-SUIT.

19    **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

20            Each of Blockbuster's General Objections is incorporated here by

21    reference. Blockbuster specifically objects to this request to the extent it seeks

22    documents that are protected by the attorney-client privilege, the attorney work-

23    product doctrine, or any other applicable privilege or immunity and to the extent

24    that it seeks documents that are confidential or proprietary. Blockbuster further

25    specifically objects to this request on the grounds that it is vague, ambiguous,

26    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

27    calculated to lead to the discovery of admissible evidence in this case, and is

28    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure,

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP                    47          BLOCKBUSTER'S RESPONSES TO NETFLIX'S
                                          FIRST SET OF REQUESTS FOR PRODUCTION
                                          C 06 2361 WHA

1   the Patent Local Rules, and the Court's Scheduling Order at this time. The bases

2   for these objections include, without limitation, this request's use of the term

3   "RELATING TO."

4          Subject to and without waiving the foregoing objections, Blockbuster

5   will conduct a reasonable and diligent search for non-privileged, non-work-product

6   documents discussing searches referred to in this request and will produce such

7   documents so located that have not already been produced in this case.

8   **REQUEST FOR PRODUCTION NO. 55:**

9          All DOCUMENTS RELATING TO any COMMUNICATIONS

10  between BLOCKBUSTER and NETFLIX.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

12          Each of Blockbuster's General Objections is incorporated here by

13  reference. Blockbuster specifically objects to this request to the extent it seeks

14  documents that are protected by the attorney-client privilege, the attorney work-

15  product doctrine, or any other applicable privilege or immunity and to the extent

16  that it seeks documents that are confidential or proprietary. Blockbuster further

17  specifically objects to this request on the grounds that it is vague, ambiguous,

18  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

19  calculated to lead to the discovery of admissible evidence in this case, and is

20  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

21  The bases for these objections include, without limitation, this request's use of the

22  terms "BLOCKBUSTER," "NETFLIX," and "RELATING TO."

23          Subject to and without waiving the foregoing objections, Blockbuster

24  will conduct a reasonable and diligent search for non-privileged, non-work-product

25  documents constituting or recording communications between Blockbuster Inc. and

26  Netflix, Inc., and will produce such documents so located that have not already

27  been produced in this case.

28  ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

48

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1 | **REQUEST FOR PRODUCTION NO. 56:**

2 | DOCUMENTS sufficient to describe fully BLOCKBUSTER's

3 | electronic mail, electronic mail backup, and electronic mail deletion policies.

4 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

5 | Each of Blockbuster's General Objections is incorporated here by

6 | reference. Blockbuster specifically objects to this request to the extent it seeks

7 | documents that are protected by the attorney-client privilege, the attorney work-

8 | product doctrine, or any other applicable privilege or immunity and to the extent

9 | that it seeks documents that are confidential or proprietary. Blockbuster further

10 | specifically objects to this request on the grounds that it is vague, ambiguous,

11 | overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

12 | calculated to lead to the discovery of admissible evidence in this case, and is

13 | beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

14 | The bases for these objections include, without limitation, this request's use of the

15 | term "BLOCKBUSTER."

16 | Subject to and without waiving the foregoing objections, Blockbuster

17 | will conduct a reasonable and diligent search for non-privileged, non-work-product

18 | documents sufficient to reasonably describe any potentially relevant email policies

19 | of Blockbuster Inc. in effect between January 1, 2003 and the present and will

20 | produce such documents so located that have not already been produced in this

21 | case.

22 | **REQUEST FOR PRODUCTION NO. 57:**

23 | DOCUMENTS sufficient to describe fully each of BLOCKBUSTER's

24 | document retention policies in effect between January 1, 2003 to the present.

25 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

26 | Each of Blockbuster's General Objections is incorporated here by

27 | reference. Blockbuster specifically objects to this request to the extent it seeks

28 | documents that are protected by the attorney-client privilege, the attorney work-

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

49

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  product doctrine, or any other applicable privilege or immunity and to the extent

2  that it seeks documents that are confidential or proprietary. Blockbuster further

3  specifically objects to this request on the grounds that it is vague, ambiguous,

4  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

5  calculated to lead to the discovery of admissible evidence in this case, and is

6  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

7  The bases for these objections include, without limitation, this request's use of the

8  term "BLOCKBUSTER."

9  Subject to and without waiving the foregoing objections, Blockbuster

10  will conduct a reasonable and diligent search for non-privileged, non-work-product

11  documents sufficient to reasonably describe any potentially relevant document

12  retention policies of Blockbuster Inc. during the stated period and will produce such

13  documents so located that have not already been produced in this case.

14  **REQUEST FOR PRODUCTION NO. 58:**

15  All DOCUMENTS RELATING TO BLOCKBUSTER's expenditures

16  to develop and implement BLOCKBUSTERONLINE.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

18  Each of Blockbuster's General Objections is incorporated here by

19  reference. Blockbuster specifically objects to this request to the extent it seeks

20  documents that are protected by the attorney-client privilege, the attorney work-

21  product doctrine, or any other applicable privilege or immunity and to the extent

22  that it seeks documents that are confidential or proprietary. Blockbuster further

23  specifically objects to this request on the grounds that it is vague, ambiguous,

24  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

25  calculated to lead to the discovery of admissible evidence in this case, and is

26  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

27  The bases for these objections include, without limitation, this request's use of the

28  terms "BLOCKBUSTER," "BLOCKBUSTERONLINE,"and "RELATING TO."

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

50

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1          Subject to and without waiving the foregoing objections, Blockbuster

2  will conduct a reasonable and diligent search for non-privileged, non-work-product

3  documents sufficient to reasonably describe expenditures to develop and implement

4  Blockbuster Online and will produce such documents so located that have not

5  already been produced in this case.

6  **REQUEST FOR PRODUCTION NO. 59:**

7          All DOCUMENTS RELATING TO BLOCKBUSTER's expenditures

8  to maintain and operate BLOCKBUSTERONLINE from launch to the present.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

10          Each of Blockbuster's General Objections is incorporated here by

11  reference.  Blockbuster specifically objects to this request to the extent it seeks

12  documents that are protected by the attorney-client privilege, the attorney work-

13  product doctrine, or any other applicable privilege or immunity and to the extent

14  that it seeks documents that are confidential or proprietary.  Blockbuster further

15  specifically objects to this request on the grounds that it is vague, ambiguous,

16  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

17  calculated to lead to the discovery of admissible evidence in this case, and is

18  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

19  The bases for these objections include, without limitation, this request's use of the

20  terms "BLOCKBUSTER," and "BLOCKBUSTERONLINE," and "RELATING

21  TO."

22          Subject to and without waiving the foregoing objections, Blockbuster

23  will conduct a reasonable and diligent search for non-privileged, non-work-product

24  documents sufficient to reasonably describe expenditures to maintain and operate

25  Blockbuster Online and will produce such documents so located that have not

26  already been produced in this case.

27  ///

28  ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  **REQUEST FOR PRODUCTION NO. 60:**

2          All DOCUMENTS RELATING TO BLOCKBUSTER'S

3  consideration(s) of acquiring NETFLIX, including without limitation any

4  COMMUNICATION, plan, report, analysis and research.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

6          Each of Blockbuster's General Objections is incorporated here by

7  reference. Blockbuster specifically objects to this request to the extent it seeks

8  documents that are protected by the attorney-client privilege, the attorney work-

9  product doctrine, or any other applicable privilege or immunity and to the extent

10 that it seeks documents that are confidential or proprietary. Blockbuster further

11 specifically objects to this request on the grounds that it is vague, ambiguous,

12 overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

13 calculated to lead to the discovery of admissible evidence in this case, and is

14 beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

15 The bases for these objections include, without limitation, this request's use of the

16 terms "BLOCKBUSTER," and "NETFLIX," and "RELATING TO."

17         Subject to and without waiving the foregoing objections, Blockbuster

18 will conduct a reasonable and diligent search for non-privileged, non-work-product

19 documents discussing Blockbuster Inc.'s acquiring Netflix and will produce such

20 documents so located that have not already been produced in this case.

21 **REQUEST FOR PRODUCTION NO. 61:**

22         All DOCUMENTS RELATING TO any actions taken by

23 BLOCKBUSTER RELATING TO the potential acquisition of NETFLIX,

24 including without limitation any plans or financial arrangements.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

26         Each of Blockbuster's General Objections is incorporated here by

27 reference. Blockbuster specifically objects to this request to the extent it seeks

28 documents that are protected by the attorney-client privilege, the attorney work-

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

52

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  product doctrine, or any other applicable privilege or immunity and to the extent

2  that it seeks documents that are confidential or proprietary. Blockbuster further

3  specifically objects to this request on the grounds that it is vague, ambiguous,

4  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

5  calculated to lead to the discovery of admissible evidence in this case, and is

6  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

7  The bases for these objections include, without limitation, this request's use of the

8  terms "BLOCKBUSTER," "NETFLIX," and "RELATING TO."

9         Subject to and without waiving the foregoing objections, Blockbuster

10 will conduct a reasonable and diligent search for non-privileged, non-work-product

11 documents discussing actions taken by Blockbuster Inc. to acquire Netflix and will

12 produce such documents so located that have not already been produced in this

13 case.

14 **REQUEST FOR PRODUCTION NO. 62:**

15         All DOCUMENTS RELATING TO BLOCKBUSTER'S

16 consideration of selling BLOCKBUSTERONLINE to any company, including

17 without limitation any COMMUNICATION, plan, report, analysis, or research.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

19         Each of Blockbuster's General Objections is incorporated here by

20 reference. Blockbuster specifically objects to this request to the extent it seeks

21 documents that are protected by the attorney-client privilege, the attorney work-

22 product doctrine, or any other applicable privilege or immunity and to the extent

23 that it seeks documents that are confidential or proprietary. Blockbuster further

24 specifically objects to this request on the grounds that it is vague, ambiguous,

25 overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

26 calculated to lead to the discovery of admissible evidence in this case, and is

27 beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

28 The bases for these objections include, without limitation, this request's use of the

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

53

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," and "RELATING TO."

2              Subject to and without waiving the foregoing objections, Blockbuster

3    will conduct a reasonable and diligent search for non-privileged, non-work-product

4    documents discussing Blockbuster Inc.'s selling Blockbuster Online and will

5    produce such documents so located that have not already been produced in this

6    case.

7    **REQUEST FOR PRODUCTION NO. 63:**

8              All DOCUMENTS RELATING TO the possibility of

9    BLOCKBUSTER'S obtaining a license to any of the PATENTS-IN-SUIT from

10   NETFLIX, including without limitation any COMMUNICATION, plan, report,

11   analysis, or research.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

13             Each of Blockbuster's General Objections is incorporated here by

14   reference.  Blockbuster specifically objects to this request to the extent it seeks

15   documents that are protected by the attorney-client privilege, the attorney work-

16   product doctrine, or any other applicable privilege or immunity and to the extent

17   that it seeks documents that are confidential or proprietary.  Blockbuster further

18   specifically objects to this request on the grounds that it is vague, ambiguous,

19   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

20   calculated to lead to the discovery of admissible evidence in this case, and is

21   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

22   The bases for these objections include, without limitation, this request's use of the

23   terms "BLOCKBUSTER," "NETFLIX," and "RELATING TO."

24             Subject to and without waiving the foregoing objections, Blockbuster

25   will conduct a reasonable and diligent search for non-privileged, non-work-product

26   documents discussing Blockbuster Inc.'s obtaining a license to the patents-in-suit

27   from Netflix and will produce such documents so located that have not already been

28   produce in this case.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

54

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    **REQUEST FOR PRODUCTION NO. 64:**

2    All DOCUMENTS referred to or described an Pages 72 through 77 of

3    BLOCKBUSTER's July 28, 2006 Supplemented Initial Disclosures as documents

4    that may BLOCKBUSTER may use to support its claims and defenses.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

6    Each of Blockbuster's General Objections is incorporated here by

7    reference.  Subject to and without waiving the foregoing objections, Blockbuster

8    will conduct a reasonable and diligent search for non-privileged, non-work-product

9    documents as requested by this request and will produce such documents so located

10   that have not already been produced in this case.

11   **REQUEST FOR PRODUCTION NO. 65:**

12   All DOCUMENTS RELATING to the categories of damages and the

13   computation thereof described on pages 77 through 79 of BLOCKBUSTER's July

14   28, 2006 Supplemented Initial Disclosures.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

16   Each of Blockbuster's General Objections is incorporated here by

17   reference.  Blockbuster specifically objects to this request to the extent it seeks

18   documents that are protected by the attorney-client privilege, the attorney work-

19   product doctrine, or any other applicable privilege or immunity and to the extent

20   that it seeks documents that are confidential or proprietary.  Blockbuster further

21   specifically objects to this request on the grounds that it is vague, ambiguous,

22   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

23   calculated to lead to the discovery of admissible evidence in this case, and is

24   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

25   The bases for these objections include, without limitation, this request's use of the

26   term "RELATING TO."

27   Subject to and without waiving the foregoing objections, Blockbuster

28   will conduct a reasonable and diligent search for non-privileged, non-work-product

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

55

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  documents showing the damages referred to in this request and will produce such

2  documents so located that have not already been produced in this case.

3  **REQUEST FOR PRODUCTION NO. 66:**

4         All DOCUMENTS on Page 79 of BLOCKBUSTER's July 28, 2006

5  Supplemented Initial Disclosures as documents supporting Blockbuster Inc.'s

6  damages.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

8         Each of Blockbuster's General Objections is incorporated here by

9  reference.  Subject to and without waiving the foregoing objections, Blockbuster

10  will conduct a reasonable and diligent search for non-privileged, non-work-product

11  documents as requested by this request and will produce such documents so located

12  that have not already been produced in this case.

13  **REQUEST FOR PRODUCTION NO. 67:**

14         All DOCUMENTS RELATING TO BLOCKBUSTER's allegation in

15  its ANSWER, ¶ 88, that "[t]he relevant product market…is the market for ON-

16  LINE DVD rentals and related subscription services," including without limitation

17  all documents that tend to support or contradict that allegation.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

19         Each of Blockbuster's General Objections is incorporated here by

20  reference.  Blockbuster specifically objects to this request to the extent it seeks

21  documents that are protected by the attorney-client privilege, the attorney work-

22  product doctrine, or any other applicable privilege or immunity and to the extent

23  that it seeks documents that are confidential or proprietary.  Blockbuster further

24  specifically objects to this request on the grounds that it is vague, ambiguous,

25  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

26  calculated to lead to the discovery of admissible evidence in this case, and is

27  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

28  The bases for these objections include, without limitation, this request's use of the

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

56

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  terms "ON-LINE" and "RELATING TO."

2          Subject to and without waiving the foregoing objections, Blockbuster

3  will conduct a reasonable and diligent search for non-privileged, non-work-product

4  documents sufficient to reasonably describe and support the relevant market

5  referred to in this request and will produce such documents so located that have not

6  already been produced in this case.

7  **REQUEST FOR PRODUCTION NO. 68:**

8          All DOCUMENTS RELATING TO the market(s) in which ONLINE

9  DVD rental companies such as BLOCKBUSTERONLINE and NETFLIX compete

10  or may compete, including without limitation any reports, analyses, studies, or

11  statements made by BLOCKBUSTER, or on its behalf, concerning such market(s)

12  or market definitions.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

14          Each of Blockbuster's General Objections is incorporated here by

15  reference.  Blockbuster specifically objects to this request to the extent it seeks

16  documents that are protected by the attorney-client privilege, the attorney work-

17  product doctrine, or any other applicable privilege or immunity and to the extent

18  that it seeks documents that are confidential or proprietary.  Blockbuster further

19  specifically objects to this request on the grounds that it is vague, ambiguous,

20  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

21  calculated to lead to the discovery of admissible evidence in this case, and is

22  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

23  The bases for these objections include, without limitation, this request's use of the

24  terms "BLOCKBUSTER," "NETFLIX," "ON-LINE," and "RELATING TO."

25          Subject to and without waiving the foregoing objections, Blockbuster

26  will conduct a reasonable and diligent search for non-privileged, non-work-product

27  documents sufficient to reasonably describe and support the market referred to in

28  this request and will produce such documents so located that have not already been

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

57

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  produced in this case.

2  **REQUEST FOR PRODUCTION NO. 69:**

3         All DOCUMENTS RELATING TO the identity or characteristics of

4  actual or prospective competitors with ONLINE DVD rental companies, such as

5  BLOCKBUSTERONLINE and NETFLIX, including without limitation any

6  reports, analyses, studies, or statements made by BLOCKBUSTER, or on its behalf,

7  concerning actual or prospective competition from IN-STORE rentals, new or used

8  DVD sales, Broadband Internet, or video on demand.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

10         Each of Blockbuster's General Objections is incorporated here by

11  reference. Blockbuster specifically objects to this request to the extent it seeks

12  documents that are protected by the attorney-client privilege, the attorney work-

13  product doctrine, or any other applicable privilege or immunity and to the extent

14  that it seeks documents that are confidential or proprietary. Blockbuster further

15  specifically objects to this request on the grounds that it is vague, ambiguous,

16  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

17  calculated to lead to the discovery of admissible evidence in this case, and is

18  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

19  The bases for these objections include, without limitation, this request's use of the

20  terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "NETFLIX," "ON-

21  LINE," and "RELATING TO."

22         Subject to and without waiving the foregoing objections, Blockbuster

23  will conduct a reasonable and diligent search for non-privileged, non-work-product

24  documents sufficient to reasonably identify competitors referred to in this request

25  and will produce such documents so located that have not already been produced in

26  this case.

27  **REQUEST FOR PRODUCTION NO. 70:**

28         All DOCUMENTS RELATING TO BLOCKBUSTER's allegation in

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

58

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    its ANSWER, ¶ 88, that "the relevant geographical market is the United States and

2    its territories as a whole," including without limitation all documents that tend to

3    support or contradict that allegation.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

5           Each of Blockbuster's General Objections is incorporated here by

6    reference.  Blockbuster specifically objects to this request to the extent it seeks

7    documents that are protected by the attorney-client privilege, the attorney work-

8    product doctrine, or any other applicable privilege or immunity and to the extent

9    that it seeks documents that are confidential or proprietary.  Blockbuster further

10   specifically objects to this request on the grounds that it is vague, ambiguous,

11   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

12   calculated to lead to the discovery of admissible evidence in this case, and is

13   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

14   The bases for these objections include, without limitation, this request's use of the

15   term "RELATING TO."

16          Subject to and without waiving the foregoing objections, Blockbuster

17   will conduct a reasonable and diligent search for non-privileged, non-work-product

18   documents sufficient to reasonably describe and support the market referred to in

19   this request and will produce such documents so located that have not already been

20   produced in this case.

21   **REQUEST FOR PRODUCTION NO. 71:**

22          All DOCUMENTS RELATING TO BLOCKBUSTER's allegation in

23   its ANSWER, ¶ 89, that "throughout the relevant time period up to and including

24   the present, Netflix has had market power in the relevant product and geographical

25   markets," including without limitation all documents that tend to support or

26   contradict that allegation.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

28          Each of Blockbuster's General Objections is incorporated here by

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP                                           59                    BLOCKBUSTER'S RESPONSES TO NETFLIX'S
                                                                         FIRST SET OF REQUESTS FOR PRODUCTION
                                                                         C 06 2361 WHA