# EXHIBIT B
# (Part 3 of 3)

Dockets.Justia.com

1  reference. Blockbuster specifically objects to this request to the extent it seeks

2  documents that are protected by the attorney-client privilege, the attorney work-

3  product doctrine, or any other applicable privilege or immunity and to the extent

4  that it seeks documents that are confidential or proprietary. Blockbuster further

5  specifically objects to this request on the grounds that it is vague, ambiguous,

6  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

7  calculated to lead to the discovery of admissible evidence in this case, and is

8  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

9  The bases for these objections include, without limitation, this request's use of the

10 term "RELATING TO."

11         Subject to and without waiving the foregoing objections, Blockbuster

12 will conduct a reasonable and diligent search for non-privileged, non-work-product

13 documents sufficient to reasonably describe and support the Netflix market power

14 referred to in this request and will produce such documents so located that have not

15 already been produced in this case.

16 **REQUEST FOR PRODUCTION NO. 72:**

17         All DOCUMENTS RELATING TO BLOCKBUSTER's allegation in

18 its ANSWER, ¶ 90, that "Netflix's share of the relevant product and geographical

19 markets exceed 65%," including without limitation all documents that tend to

20 support or contradict that allegation.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

22         Each of Blockbuster's General Objections is incorporated here by

23 reference. Blockbuster specifically objects to this request to the extent it seeks

24 documents that are protected by the attorney-client privilege, the attorney work-

25 product doctrine, or any other applicable privilege or immunity and to the extent

26 that it seeks documents that are confidential or proprietary. Blockbuster further

27 specifically objects to this request on the grounds that it is vague, ambiguous,

28 overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

60

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  calculated to lead to the discovery of admissible evidence in this case, and is

2  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

3  The bases for these objections include, without limitation, this request's use of the

4  term "RELATING TO."

5          Subject to and without waiving the foregoing objections, Blockbuster

6  will conduct a reasonable and diligent search for non-privileged, non-work-product

7  documents sufficient to reasonably describe and support Netflix's market share

8  referred to in this request and will produce such documents so located that have not

9  already been produced in this case.

10  **REQUEST FOR PRODUCTION NO. 73:**

11          All DOCUMENTS RELATING TO BLOCKBUSTER's allegation in

12  its ANSWER, ¶ 91, that "should Netflix succeed in inducing

13  BLOCKBUSTERONLINE to exit the relevant market, Netflix would again be

14  without significant competition in that market," including without limitation all

15  documents that tend to support or contradict that allegation.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

17          Each of Blockbuster's General Objections is incorporated here by

18  reference. Blockbuster specifically objects to this request to the extent it seeks

19  documents that are protected by the attorney-client privilege, the attorney work-

20  product doctrine, or any other applicable privilege or immunity and to the extent

21  that it seeks documents that are confidential or proprietary. Blockbuster further

22  specifically objects to this request on the grounds that it is vague, ambiguous,

23  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

24  calculated to lead to the discovery of admissible evidence in this case, and is

25  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

26  The bases for these objections include, without limitation, this request's use of the

27  term "RELATING TO."

28          Subject to and without waiving the foregoing objections, Blockbuster

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

61

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  will conduct a reasonable and diligent search for non-privileged, non-work-product
2  documents sufficient to reasonably support the allegation referred to in this request
3  and will produce such documents so located that have not already been produced in
4  this case.

5  **REQUEST FOR PRODUCTION NO. 74:**

6         All DOCUMENTS RELATING TO the identity of all companies
7  operating in the "relevant product market," as alleged by BLOCKBUSTER in its
8  ANSWER, ¶ 88.

9  **RESPONSE TO REQUEST FOR REQUEST FOR PRODUCTION NO. 74:**

10        Each of Blockbuster's General Objections is incorporated here by
11  reference.  Blockbuster specifically objects to this request to the extent it seeks
12  documents that are protected by the attorney-client privilege, the attorney work-
13  product doctrine, or any other applicable privilege or immunity and to the extent
14  that it seeks documents that are confidential or proprietary.  Blockbuster further
15  specifically objects to this request on the grounds that it is vague, ambiguous,
16  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor
17  calculated to lead to the discovery of admissible evidence in this case, and is
18  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.
19  The bases for these objections include, without limitation, this request's use of the
20  term "RELATING TO."

21        Subject to and without waiving the foregoing objections, Blockbuster
22  will conduct a reasonable and diligent search for non-privileged, non-work-product
23  documents sufficient to reasonably identify competitors referred to in this request
24  and will produce such documents so located that have not already been produced in
25  this case.

26  **REQUEST FOR PRODUCTION NO. 75:**

27        All DOCUMENTS RELATING TO the market share of each company
28  operating in the "relevant product market," as alleged by BLOCKBUSTER in its

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

62

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  ANSWER ¶ 88, "throughout the relevant time period up to and including the

2  present," as alleged by BLOCKBUSTER in its ANSWER, ¶ 89.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

4          Each of Blockbuster's General Objections is incorporated here by

5  reference. Blockbuster specifically objects to this request to the extent it seeks

6  documents that are protected by the attorney-client privilege, the attorney work-

7  product doctrine, or any other applicable privilege or immunity and to the extent

8  that it seeks documents that are confidential or proprietary. Blockbuster further

9  specifically objects to this request on the grounds that it is vague, ambiguous,

10  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

11  calculated to lead to the discovery of admissible evidence in this case, and is

12  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

13  The bases for these objections include, without limitation, this request's use of the

14  term "RELATING TO."

15          Subject to and without waiving the foregoing objections, Blockbuster

16  will conduct a reasonable and diligent search for non-privileged, non-work-product

17  documents stating market shares referred to in this request and will produce such

18  documents so located that have not already been produced in this case.

19  **REQUEST FOR PRODUCTION NO. 76:**

20          All DOCUMENTS RELATING TO BLOCKBUSTER's allegations in

21  its ANSWER, ¶¶ 111-12, that Netflix "acted with the specific intent to monopolize

22  the relevant market," including without limitation all documents that tend to

23  support or contradict that allegation,

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

25          Each of Blockbuster's General Objections is incorporated here by

26  reference. Blockbuster specifically objects to this request to the extent it seeks

27  documents that are protected by the attorney-client privilege, the attorney work-

28  product doctrine, or any other applicable privilege or immunity and to the extent

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

63

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  that it seeks documents that are confidential or proprietary. Blockbuster further

2  specifically objects to this request on the grounds that it is vague, ambiguous,

3  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

4  calculated to lead to the discovery of admissible evidence in this case, and is

5  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

6  The bases for these objections include, without limitation, this request's use of the

7  term "RELATING TO."

8          Subject to and without waiving the foregoing objections, Blockbuster

9  will conduct a reasonable and diligent search for non-privileged, non-work-product

10  documents sufficient to reasonably support the allegation referred to in this request

11  and any documents contradicting that allegation and will produce such documents

12  so located that have not already been produced in this case.

13  **REQUEST FOR PRODUCTION NO. 77:**

14          All DOCUMENTS RELATING TO BLOCKBUSTER's allegation in

15  its ANSWER, ¶¶ 113-14, that Netflix has a dangerous probability of success of

16  monopolizing the relevant market, including without limitation all documents that

17  tend to support or contradict that allegation.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

19          Each of Blockbuster's General Objections is incorporated here by

20  reference. Blockbuster specifically objects to this request to the extent it seeks

21  documents that are protected by the attorney-client privilege, the attorney work-

22  product doctrine, or any other applicable privilege or immunity and to the extent

23  that it seeks documents that are confidential or proprietary. Blockbuster further

24  specifically objects to this request on the grounds that it is vague, ambiguous,

25  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

26  calculated to lead to the discovery of admissible evidence in this case, and is

27  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

28  The bases for these objections include, without limitation, this request's use of the

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

64

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  term "RELATING TO."

2        Subject to and without waiving the foregoing objections, Blockbuster

3  will conduct a reasonable and diligent search for non-privileged, non-work-product

4  documents sufficient to reasonably support the allegation referred to in this request

5  and any documents contradicting that allegation and will produce such documents

6  so located that have not already been produced in this case.

7  **REQUEST FOR PRODUCTION NO. 78:**

8        All DOCUMENTS RELATING TO actual or potential substitutes for

9  ON-LINE DVD rentals, including without limitation any analyses, reports or

10  surveys.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

12        Each of Blockbuster's General Objections is incorporated here by

13  reference.  Blockbuster specifically objects to this request to the extent it seeks

14  documents that are protected by the attorney-client privilege, the attorney work-

15  product doctrine, or any other applicable privilege or immunity and to the extent

16  that it seeks documents that are confidential or proprietary.  Blockbuster further

17  specifically objects to this request on the grounds that it is vague, ambiguous,

18  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

19  calculated to lead to the discovery of admissible evidence in this case, and is

20  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

21  The bases for these objections include, without limitation, this request's use of the

22  terms "ON-LINE" and "RELATING TO."

23        Subject to and without waiving the foregoing objections, Blockbuster

24  will conduct a reasonable and diligent search for non-privileged, non-work-product

25  documents sufficient to reasonably identify substitutes referred to in this request

26  and will produce such documents so located that have not already been produced in

27  this case.

28  ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

65

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  **REQUEST FOR PRODUCTION NO. 79:**

2         All DOCUMENTS RELATING TO BLOCKBUSTER's allegation in

3  its ANSWER, ¶ 93, that "Netflix has engaged in monopolization in the relevant

4  market during the relevant time period," including without limitation all documents

5  that tend to support or contradict that allegation.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

7         Each of Blockbuster's General Objections is incorporated here by

8  reference.  Blockbuster specifically objects to this request to the extent it seeks

9  documents that are protected by the attorney-client privilege, the attorney work-

10  product doctrine, or any other applicable privilege or immunity and to the extent

11  that it seeks documents that are confidential or proprietary.  Blockbuster further

12  specifically objects to this request on the grounds that it is vague, ambiguous,

13  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

14  calculated to lead to the discovery of admissible evidence in this case, and is

15  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

16  The bases for these objections include, without limitation, this request's use of the

17  term "RELATING TO."

18         Subject to and without waiving the foregoing objections, Blockbuster

19  will conduct a reasonable and diligent search for non-privileged, non-work-product

20  documents sufficient to reasonably support the allegation referred to in this request

21  and any documents contradicting that allegation and will produce such documents

22  so located that have not already been produced in this case.

23  **REQUEST FOR PRODUCTION NO. 80:**

24         All DOCUMENTS RELATING TO any alleged injury to competition

25  in any relevant market that BLOCKBUSTER alleges was caused by any alleged

26  antitrust violation committed by NETFLIX.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

28         Each of Blockbuster's General Objections is incorporated here by

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

66

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    reference. Blockbuster specifically objects to this request to the extent it seeks

2    documents that are protected by the attorney-client privilege, the attorney work-

3    product doctrine, or any other applicable privilege or immunity and to the extent

4    that it seeks documents that are confidential or proprietary. Blockbuster further

5    specifically objects to this request on the grounds that it is vague, ambiguous,

6    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

7    calculated to lead to the discovery of admissible evidence in this case, and is

8    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

9    The bases for these objections include, without limitation, this request's use of the

10    terms "BLOCKBUSTER," "NETFLIX," and "RELATING TO."

11            Subject to and without waiving the foregoing objections, Blockbuster

12    will conduct a reasonable and diligent search for non-privileged, non-work-product

13    documents showing the injury to competition referred to in this request and will

14    produce such documents so located that have not already been produced in this

15    case.

16    **REQUEST FOR PRODUCTION NO. 81:**

17            All DOCUMENTS RELATING TO BLOCKBUSTER's allegation in

18    its ANSWER, ¶ 107, that "Netflix has succeeded in restraining competition in the

19    relevant market during the relevant time period," including without limitation all

20    documents that tend to support or contradict that allegation.

21    **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

22            Each of Blockbuster's General Objections is incorporated here by

23    reference. Blockbuster specifically objects to this request to the extent it seeks

24    documents that are protected by the attorney-client privilege, the attorney work-

25    product doctrine, or any other applicable privilege or immunity and to the extent

26    that it seeks documents that are confidential or proprietary. Blockbuster further

27    specifically objects to this request on the grounds that it is vague, ambiguous,

28    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

67

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1 calculated to lead to the discovery of admissible evidence in this case, and is

2 beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

3 The bases for these objections include, without limitation, this request's use of the

4 term "RELATING TO."

5        Subject to and without waiving the foregoing objections, Blockbuster

6 will conduct a reasonable and diligent search for non-privileged, non-work-product

7 documents sufficient to reasonably support the allegation referred to in this request

8 and will produce such documents so located that have not already been produced in

9 this case.

10 **REQUEST FOR PRODUCTION NO. 82:**

11        All DOCUMENTS RELATING TO BLOCKBUSTER's allegation in

12 its ANSWER, ¶ 107, that NETFLIX's alleged conduct will "deter other potential

13 competitors from entering the relevant market," including without limitation all

14 documents that tend to support or contradict that allegation,.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

16        Each of Blockbuster's General Objections is incorporated here by

17 reference.  Blockbuster specifically objects to this request to the extent it seeks

18 documents that are protected by the attorney-client privilege, the attorney work-

19 product doctrine, or any other applicable privilege or immunity and to the extent

20 that it seeks documents that are confidential or proprietary.  Blockbuster further

21 specifically objects to this request on the grounds that it is vague, ambiguous,

22 overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

23 calculated to lead to the discovery of admissible evidence in this case, and is

24 beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

25 The bases for these objections include, without limitation, this request's use of the

26 terms "NETFLIX" and "RELATING TO."

27        Subject to and without waiving the foregoing objections, Blockbuster

28 will conduct a reasonable and diligent search for non-privileged, non-work-product

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

68

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  documents sufficient to reasonably support the allegation referred to in this request

2  and any documents contradicting that allegation and will produce such documents

3  so located that have not already been produced in this case.

4  **REQUEST FOR PRODUCTION NO. 83:**

5  　　　　　All DOCUMENTS RELATING TO any damages BLOCKBUSTER

6  alleges it has suffered or will suffer as a result of any alleged antitrust violation

7  committed by NETFLIX.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

9  　　　　　Each of Blockbuster's General Objections is incorporated here by

10  reference.  Blockbuster specifically objects to this request to the extent it seeks

11  documents that are protected by the attorney-client privilege, the attorney work-

12  product doctrine, or any other applicable privilege or immunity and to the extent

13  that it seeks documents that are confidential or proprietary.  Blockbuster further

14  specifically objects to this request on the grounds that it is vague, ambiguous,

15  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

16  calculated to lead to the discovery of admissible evidence in this case, and is

17  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

18  The bases for these objections include, without limitation, this request's use of the

19  terms "BLOCKBUSTER," "NETFLIX," and "RELATING TO."

20  　　　　　Subject to and without waiving the foregoing objections, Blockbuster

21  will conduct a reasonable and diligent search for non-privileged, non-work-product

22  documents showing the damages referred to in this request and will produce such

23  documents so located that have not already been produced in this case.

24  **REQUEST FOR PRODUCTION NO. 84:**

25  　　　　　All DOCUMENTS RELATING TO BLOCKBUSTER'S actual or

26  potential use of any method used by NETFLIX to rent DVDs to customers

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

28  　　　　　Each of Blockbuster's General Objections is incorporated here by

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

69

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  reference.  Blockbuster specifically objects to this request to the extent it seeks

2  documents that are protected by the attorney-client privilege, the attorney work-

3  product doctrine, or any other applicable privilege or immunity and to the extent

4  that it seeks documents that are confidential or proprietary.  Blockbuster further

5  specifically objects to this request on the grounds that it is vague, ambiguous,

6  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

7  calculated to lead to the discovery of admissible evidence in this case, and is

8  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

9  The bases for these objections include, without limitation, this request's use of the

10  terms "BLOCKBUSTER," "NETFLIX," and "RELATING TO."

11          Subject to and without waiving the foregoing objections, Blockbuster

12  will conduct a reasonable and diligent search for non-privileged, non-work-product

13  documents discussing use by Blockbuster Inc. of a rental method used by Netflix

14  and will produce such documents so located that have not already been produced in

15  this case.

16  **REQUEST FOR PRODUCTION NO. 85:**

17          All DOCUMENTS RELATING TO the actual or potential effect of

18  competition from NETFLIX on BLOCKBUSTER's profits or revenues from in-

19  store rentals.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

21          Each of Blockbuster's General Objections is incorporated here by

22  reference.  Blockbuster specifically objects to this request to the extent it seeks

23  documents that are protected by the attorney-client privilege, the attorney work-

24  product doctrine, or any other applicable privilege or immunity and to the extent

25  that it seeks documents that are confidential or proprietary.  Blockbuster further

26  specifically objects to this request on the grounds that it is vague, ambiguous,

27  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

28  calculated to lead to the discovery of admissible evidence in this case, and is

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

70

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

2  The bases for these objections include, without limitation, this request's use of the

3  terms "BLOCKBUSTER," "NETFLIX," and "RELATING TO."

4            Subject to and without waiving the foregoing objections, Blockbuster

5  will conduct a reasonable and diligent search for non-privileged, non-work-product

6  documents discussing Neflix's effect on Blockbuster's in-store-rental profits or

7  revenues and will produce such documents so located that have not already been

8  produced in this case.

9  **REQUEST FOR PRODUCTION NO. 86:**

10           All DOCUMENTS RELATING TO the actual or potential effect of

11  competition from NETFLIX on BLOCKBUSTER's profit or revenues from sales of

12  DVDs.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

14           Each of Blockbuster's General Objections is incorporated here by

15  reference.  Blockbuster specifically objects to this request to the extent it seeks

16  documents that are protected by the attorney-client privilege, the attorney work-

17  product doctrine, or any other applicable privilege or immunity and to the extent

18  that it seeks documents that are confidential or proprietary.  Blockbuster further

19  specifically objects to this request on the grounds that it is vague, ambiguous,

20  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

21  calculated to lead to the discovery of admissible evidence in this case, and is

22  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

23  The bases for these objections include, without limitation, this request's use of the

24  terms "BLOCKBUSTER," "NETFLIX," and "RELATING TO."

25           Subject to and without waiving the foregoing objections, Blockbuster

26  will conduct a reasonable and diligent search for non-privileged, non-work-product

27  documents discussing an effect of Netflix on Blockbuster's profit or revenues from

28  sale of DVDs and will produce such documents so located that have not already

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

71

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  been produced in this case.

2  **REQUEST FOR PRODUCTION NO. 87:**

3      AU DOCUMENTS RELATING TO the actual or potential effect of

4  the launch of BLOCKBUSTERONLINE on BLOCKBUSTER's profits or revenues

5  from IN-STORE rentals.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

7      Each of Blockbuster's General Objections is incorporated here by

8  reference. Blockbuster specifically objects to this request to the extent it seeks

9  documents that are protected by the attorney-client privilege, the attorney work-

10  product doctrine, or any other applicable privilege or immunity and to the extent

11  that it seeks documents that are confidential or proprietary. Blockbuster further

12  specifically objects to this request on the grounds that it is vague, ambiguous,

13  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

14  calculated to lead to the discovery of admissible evidence in this case, and is

15  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

16  The bases for these objections include, without limitation, this request's use of the

17  terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," and "RELATING TO."

18      Subject to and without waiving the foregoing objections, Blockbuster

19  will conduct a reasonable and diligent search for non-privileged, non-work-product

20  documents discussing an effect of the launch of Blockbuster Online on

21  Blockbuster's profit or revenues from in-store rentals and will produce such

22  documents so located that have not already been produced in this case.

23  **REQUEST FOR PRODUCTION NO. 88:**

24      All DOCUMENTS RELATING TO the actual or potential effect of

25  raising or lowering the sale price of new or used DVDs on BLOCKBUSTER's

26  profits or revenues from IN-STORE DVD rentals.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

28      Each of Blockbuster's General Objections is incorporated here by

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

72

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  reference. Blockbuster specifically objects to this request to the extent it seeks

2  documents that are protected by the attorney-client privilege, the attorney work-

3  product doctrine, or any other applicable privilege or immunity and to the extent

4  that it seeks documents that are confidential or proprietary. Blockbuster further

5  specifically objects to this request on the grounds that it is vague, ambiguous,

6  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

7  calculated to lead to the discovery of admissible evidence in this case, and is

8  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

9  The bases for these objections include, without limitation, this request's use of the

10  terms "BLOCKBUSTER" and "RELATING TO."

11      Subject to and without waiving the foregoing objections, Blockbuster

12  will conduct a reasonable and diligent search for non-privileged, non-work-product

13  documents an effect of varied DVD sale prices on Blockbuster's profit or revenues

14  from in-store DVD rentals and will produce such documents so located that have

15  not already been produced in this case.

16  **REQUEST FOR PRODUCTION NO. 89:**

17      All DOCUMENTS RELATING TO BLOCKBUSTER's promotion in

18  its IN-STORE locations of BLOCKBUSTERONLINE.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

20      Each of Blockbuster's General Objections is incorporated here by

21  reference. Blockbuster specifically objects to this request to the extent it seeks

22  documents that are protected by the attorney-client privilege, the attorney work-

23  product doctrine, or any other applicable privilege or immunity and to the extent

24  that it seeks documents that are confidential or proprietary. Blockbuster further

25  specifically objects to this request on the grounds that it is vague, ambiguous,

26  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

27  calculated to lead to the discovery of admissible evidence in this case, and is

28  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

1  The bases for these objections include, without limitation, this request's use of the

2  terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," and "RELATING TO."

3          Subject to and without waiving the foregoing objections, Blockbuster

4  will conduct a reasonable and diligent search for non-privileged, non-work-product

5  documents sufficient to show such promotions and will produce such documents so

6  located that have not already been produced in this case.

7  **REQUEST FOR PRODUCTION NO. 90:**

8          All DOCUMENTS RELATING TO price competition with

9  NETFLIX.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

11         Each of Blockbuster's General Objections is incorporated here by

12 reference.  Blockbuster specifically objects to this request to the extent it seeks

13 documents that are protected by the attorney-client privilege, the attorney work-

14 product doctrine, or any other applicable privilege or immunity and to the extent

15 that it seeks documents that are confidential or proprietary.  Blockbuster further

16 specifically objects to this request on the grounds that it is vague, ambiguous,

17 overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

18 calculated to lead to the discovery of admissible evidence in this case, and is

19 beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

20 The bases for these objections include, without limitation, this request's use of the

21 term "RELATING TO."

22         Subject to and without waiving the foregoing objections, Blockbuster

23 will conduct a reasonable and diligent search for non-privileged, non-work-product

24 documents reasonably sufficient to show price competition with Netflix and will

25 produce such documents so located that have not already been produced in this

26 case.

27 **REQUEST FOR PRODUCTION NO. 91:**

28         All DOCUMENTS RELATING TO the actual or potential effect of

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

74

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  subscription plan prices offered, or to be offered, by BLOCKBUSTERONLINE,

2  NETFLIX, or any other ON-LINE DVD rental company, on BLOCKBUSTER's

3  profits or revenues derived from the IN-STORE DVD rentals.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

5      Each of Blockbuster's General Objections is incorporated here by

6  reference.  Blockbuster specifically objects to this request to the extent it seeks

7  documents that are protected by the attorney-client privilege, the attorney work-

8  product doctrine, or any other applicable privilege or immunity and to the extent

9  that it seeks documents that are confidential or proprietary.  Blockbuster further

10  specifically objects to this request on the grounds that it is vague, ambiguous,

11  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

12  calculated to lead to the discovery of admissible evidence in this case, and is

13  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

14  The bases for these objections include, without limitation, this request's use of the

15  terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "NETFLIX," "ON-

16  LINE," and "RELATING TO."

17      Subject to and without waiving the foregoing objections, Blockbuster

18  will conduct a reasonable and diligent search for non-privileged, non-work-product

19  documents discussing effects of the pricing of subscription plans offered by

20  Blockbuster or online competitors on Blockbuster's in-store-rental profits or

21  revenues and will produce such documents so located that have not already been

22  produced in this case.

23  **REQUEST FOR PRODUCTION NO. 92:**

24      All DOCUMENTS RELATING TO the actual or potential effect of

25  subscription plan prices offered, or to be offered by BLOCKBUSTERONLINE,

26  NETFLIX, or any other ON-LINE DVD rental company, on BLOCKBUSTER's

27  profits or revenues derived from the IN-STORE DVD sales.

28  **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP                    75                  BLOCKBUSTER'S RESPONSES TO NETFLIX'S
                                                 FIRST SET OF REQUESTS FOR PRODUCTION
                                                 C 06 2361 WHA

1    Each of Blockbuster's General Objections is incorporated here by

2    reference. Blockbuster specifically objects to this request to the extent it seeks

3    documents that are protected by the attorney-client privilege, the attorney work-

4    product doctrine, or any other applicable privilege or immunity and to the extent

5    that it seeks documents that are confidential or proprietary. Blockbuster further

6    specifically objects to this request on the grounds that it is vague, ambiguous,

7    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

8    calculated to lead to the discovery of admissible evidence in this case, and is

9    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

10    The bases for these objections include, without limitation, this request's use of the

11    terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "NETFLIX," "ON-

12    LINE." and "RELATING TO."

13    Subject to and without waiving the foregoing objections, Blockbuster

14    will conduct a reasonable and diligent search for non-privileged, non-work-product

15    documents discussing effects of the pricing of subscription plans offered by

16    Blockbuster or online competitors on Blockbuster's profits or revenues from in-

17    store DVD sales and will produce such documents so located that have not already

18    been produced in this case.

19    **REQUEST FOR PRODUCTION NO. 93:**

20    All DOCUMENTS RELATING TO the effect of raising or lowering

21    the sale price of new or used DVDs on BLOCKBUSTER's profits or revenues

22    derived from BLOCKBUSTERONLINE.

23    **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

24    Each of Blockbuster's General Objections is incorporated here by

25    reference. Blockbuster specifically objects to this request to the extent it seeks

26    documents that are protected by the attorney-client privilege, the attorney work-

27    product doctrine, or any other applicable privilege or immunity and to the extent

28    that it seeks documents that are confidential or proprietary. Blockbuster further

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

76

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  specifically objects to this request on the grounds that it is vague, ambiguous,

2  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

3  calculated to lead to the discovery of admissible evidence in this case, and is

4  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

5  The bases for these objections include, without limitation, this request's use of the

6  terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," and "RELATING TO."

7            Subject to and without waiving the foregoing objections, Blockbuster

8  will conduct a reasonable and diligent search for non-privileged, non-work-product

9  documents discussing effects of changes in DVD sale prices on Blockbuster

10  Online's profits or revenues and will produce such documents so located that have

11  not already been produced in this case.

12  **REQUEST FOR PRODUCTION NO. 94:**

13            All DOCUMENTS RELATING TO the actual or potential effect of

14  subscription plan prices offered by NETFLIX, or by any other ON-LINE DVD

15  rental company, on BLOCKBUSTER's profits or revenues derived from

16  BLOCKBUSTERONLINE.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

18            Each of Blockbuster's General Objections is incorporated here by

19  reference.  Blockbuster specifically objects to this request to the extent it seeks

20  documents that are protected by the attorney-client privilege, the attorney work-

21  product doctrine, or any other applicable privilege or immunity and to the extent

22  that it seeks documents that are confidential or proprietary.  Blockbuster further

23  specifically objects to this request on the grounds that it is vague, ambiguous,

24  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

25  calculated to lead to the discovery of admissible evidence in this case, and is

26  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

27  The bases for these objections include, without limitation, this request's use of the

28  terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "NETFLIX," "ON-

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

77

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    LINE," and "RELATING TO."

2            Subject to and without waiving the foregoing objections, Blockbuster

3    will conduct a reasonable and diligent search for non-privileged, non-work-product

4    documents discussing effects of changes in competitors' online subscription prices

5    on Blockbuster Online's profits or revenues and will produce such documents so

6    located that have not already been produced in this case.

7    **REQUEST FOR PRODUCTION NO. 95:**

8            All DOCUMENTS RELATING TO the actual or potential effect of

9    on-demand distribution of movies by cable television providers on

10   BLOCKBUSTER'S profits or revenues derived from IN-STORE DVD rentals.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

12           Each of Blockbuster's General Objections is incorporated here by

13   reference. Blockbuster specifically objects to this request to the extent it seeks

14   documents that are protected by the attorney-client privilege, the attorney work-

15   product doctrine, or any other applicable privilege or immunity and to the extent

16   that it seeks documents that are confidential or proprietary. Blockbuster further

17   specifically objects to this request on the grounds that it is vague, ambiguous,

18   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

19   calculated to lead to the discovery of admissible evidence in this case, and is

20   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

21   The bases for these objections include, without limitation, this request's use of the

22   terms "BLOCKBUSTER" and "RELATING TO."

23           Subject to and without waiving the foregoing objections, Blockbuster

24   will conduct a reasonable and diligent search for non-privileged, non-work-product

25   documents discussing effects of cable TV video-on-demand on Blockbuster's

26   profits or revenues from in-store DVD rentals and will produce such documents so

27   located that have not already been produced in this case.

28   ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

78

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

**REQUEST FOR PRODUCTION NO. 96:**

All DOCUMENTS RELATING TO the effect of distribution of movies over the internet on BLOCKBUSTER's profits or revenues derived from IN-STORE DVD rentals.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Each of Blockbuster's General Objections is incorporated here by reference. Blockbuster specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Blockbuster further specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure. The bases for these objections include, without limitation, this request's use of the terms "BLOCKBUSTER," "RELATING TO," and "distribution of movies over the internet."

Subject to and without waiving the foregoing objections, Blockbuster will conduct a reasonable and diligent search for non-privileged, non-work-product documents discussing effects of Internet downloading or streaming of movies on Blockbuster's profits or revenues from in-store DVD rentals and will produce such documents so located that have not already been produced in this case.

**REQUEST FOR PRODUCTION NO. 97:**

All DOCUMENTS RELATING TO the effect of on-demand distribution of movies by cable television providers on BLOCKBUSTER's profits or revenues derived from BLOCKBUSTERONLINE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Each of Blockbuster's General Objections is incorporated here by

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

79

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1   reference. Blockbuster specifically objects to this request to the extent it seeks

2   documents that are protected by the attorney-client privilege, the attorney work-

3   product doctrine, or any other applicable privilege or immunity and to the extent

4   that it seeks documents that are confidential or proprietary. Blockbuster further

5   specifically objects to this request on the grounds that it is vague, ambiguous,

6   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

7   calculated to lead to the discovery of admissible evidence in this case, and is

8   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

9   The bases for these objections include, without limitation, this request's use of the

10  terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "RELATING TO," and

11  "distribution of movies over the internet."

12          Subject to and without waiving the foregoing objections, Blockbuster

13  will conduct a reasonable and diligent search for non-privileged, non-work-product

14  documents discussing effects of cable TV video-on-demand on Blockbuster

15  Online's profits and revenues and will produce such documents so located that have

16  not already been produced in this case.

17  **REQUEST FOR PRODUCTION NO. 98:**

18          All DOCUMENTS RELATING TO the effect of distribution of

19  movies over the internet on BLOCKBUSTER's profits or revenues derived from

20  BLOCKBUSTERONELINE.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

22          Each of Blockbuster's General Objections is incorporated here by

23  reference. Blockbuster specifically objects to this request to the extent it seeks

24  documents that are protected by the attorney-client privilege, the attorney work-

25  product doctrine, or any other applicable privilege or immunity and to the extent

26  that it seeks documents that are confidential or proprietary. Blockbuster further

27  specifically objects to this request on the grounds that it is vague, ambiguous,

28  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

80

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    calculated to lead to the discovery of admissible evidence in this case, and is

2    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

3    The bases for these objections include, without limitation, this request's use of the

4    terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "RELATING TO," and

5    "distribution of movies over the internet."

6              Subject to and without waiving the foregoing objections, Blockbuster

7    will conduct a reasonable and diligent search for non-privileged, non-work-product

8    documents discussing effects of Internet downloading or streaming of movies on

9    Blockbuster Online's profits or revenues and will produce such documents so

10   located that have not already been produced in this case.

11   **REQUEST FOR PRODUCTION NO. 99:**

12             All DOCUMENTS RELATING TO BLOCKBUSTER's consideration

13   of competitive threats to BLOCKBUSTER's profits or revenues derived from IN-

14   STORE rentals of DVDs.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

16             Each of Blockbuster's General Objections is incorporated here by

17   reference. Blockbuster specifically objects to this request to the extent it seeks

18   documents that are protected by the attorney-client privilege, the attorney work-

19   product doctrine, or any other applicable privilege or immunity and to the extent

20   that it seeks documents that are confidential or proprietary. Blockbuster further

21   specifically objects to this request on the grounds that it is vague, ambiguous,

22   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

23   calculated to lead to the discovery of admissible evidence in this case, and is

24   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

25   The bases for these objections include, without limitation, this request's use of the

26   terms "BLOCKBUSTER" and "RELATING TO."

27             Subject to and without waiving the foregoing objections, Blockbuster

28   will conduct a reasonable and diligent search for non-privileged, non-work-product

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

81

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  documents discussing competitive threats to Blockbuster's profits or revenues from

2  in-store DVD rentals and will produce such documents so located that have not

3  already been produced in this case.

4  **REQUEST FOR PRODUCTION NO. 100:**

5         All DOCUMENTS RELATING TO BLOCKBUSTER's consideration

6  of competitive threats to BLOCKBUSTER's profits or revenues derived from

7  BLOCKBUSTERONLINE.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

9         Each of Blockbuster's General Objections is incorporated here by

10 reference.  Blockbuster specifically objects to this request to the extent it seeks

11 documents that are protected by the attorney-client privilege, the attorney work-

12 product doctrine, or any other applicable privilege or immunity and to the extent

13 that it seeks documents that are confidential or proprietary.  Blockbuster further

14 specifically objects to this request on the grounds that it is vague, ambiguous,

15 overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

16 calculated to lead to the discovery of admissible evidence in this case, and is

17 beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

18 The bases for these objections include, without limitation, this request's use of the

19 terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," and "RELATING TO."

20        Subject to and without waiving the foregoing objections, Blockbuster

21 will conduct a reasonable and diligent search for non-privileged, non-work-product

22 documents discussing competitive threats to Blockbuster Online's profits or

23 revenues and will produce such documents so located that have not already been

24 produced in this case.

25 **REQUEST FOR PRODUCTION NO. 101:**

26        All DOCUMENTS RELATING TO each business transaction, if any,

27 that BLOCKBUSTER contends was not consummated because of this litigation.

28 ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP                    82        BLOCKBUSTER'S RESPONSES TO NETFLIX'S
                                       FIRST SET OF REQUESTS FOR PRODUCTION
                                       C 06 2361 WHA

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

2            Each of Blockbuster's General Objections is incorporated here by

3    reference.  Blockbuster specifically objects to this request to the extent it seeks

4    documents that are protected by the attorney-client privilege, the attorney work-

5    product doctrine, or any other applicable privilege or immunity and to the extent

6    that it seeks documents that are confidential or proprietary.  Blockbuster further

7    specifically objects to this request on the grounds that it is vague, ambiguous,

8    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

9    calculated to lead to the discovery of admissible evidence in this case, and is

10    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

11    The bases for these objections include, without limitation, this request's use of the

12    terms "BLOCKBUSTER" and "RELATING TO."

13            Subject to and without waiving the foregoing objections, Blockbuster

14    will conduct a reasonable and diligent search for non-privileged, non-work-product

15    documents sufficient to reasonably describe each transaction referred to in this

16    request and will produce such documents so located that have not already been

17    produced in this case.

18    **REQUEST FOR PRODUCTION NO. 102:**

19            All DOCUMENTS RELATING TO each business transaction, if any,

20    that BLOCKBUSTER contends was not consummated because of the PATENTS-

21    IN-SUIT.

22    **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

23            Each of Blockbuster's General Objections is incorporated here by

24    reference.  Blockbuster specifically objects to this request to the extent it seeks

25    documents that are protected by the attorney-client privilege, the attorney work-

26    product doctrine, or any other applicable privilege or immunity and to the extent

27    that it seeks documents that are confidential or proprietary.  Blockbuster further

28    specifically objects to this request on the grounds that it is vague, ambiguous,

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

83

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

2    calculated to lead to the discovery of admissible evidence in this case, and is

3    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

4    The bases for these objections include, without limitation, this request's use of the

5    terms "BLOCKBUSTER" and "RELATING TO."

6              Subject to and without waiving the foregoing objections, Blockbuster

7    will conduct a reasonable and diligent search for non-privileged, non-work-product

8    documents sufficient to reasonably describe each transaction referred to in this

9    request and will produce such documents so located that have not already been

10   produced in this case.

11   DATED: October 2, 2006              ALSCHULER GROSSMAN STEIN & KAHAN
                                        LLP
12

13

14   By

15                                      William J. O'Brien
                                        Attorneys for Defendant and Counterclaimant,
16                                      Blockbuster Inc.

17

18

19

20

21

22

23

24

25

26

27

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP                              84          BLOCKBUSTER'S RESPONSES TO NETFLIX'S
                                                   FIRST SET OF REQUESTS FOR PRODUCTION
                                                   C 06 2361 WHA

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Alschuler Grossman Stein & Kahan LLP, The Water Garden, 1620 26th Street, Fourth Floor, North Tower, Santa Monica, California 90404-4060.  On October 2, 2006, I served a true copy of the within documents:

BLOCKBUSTER INC.'S RESPONSE TO NETFLIX'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.
    The above transmission was reported as complete and without error. Attached hereto is a copy of the respective transmission report, which was properly issued by the transmitting facsimile machine.

☑  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Santa Monica, California, addressed as set forth below.

☐  by placing the document(s) listed above in a sealed envelope, with the overnight delivery charge prepaid, addressed as set forth below, and deposited in a box or facility regularly maintained by the overnight delivery service carrier, Federal Express.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Jeffrey R. Chanin, Esq.          Tel:  415.391.5400
Daralyn J. Durie, Esq.           Fax:  415.397.7188
Keker & Van Nest, LLP
710 Sansome Street               Attorneys for Plaintiff
San Francisco, CA 94111-1704     Netflix, Inc.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am a member of the bar of this court.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 2, 2006.

_____
William J. O'Brien