Netflix, Inc. v. Blockbuster, Inc.                  Doc. 69 Att. 6

Case 3:06-cv-02361-WHA  Document 69-7  Filed 11/03/2006  Page 1 of 3

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

EUGENE M. PAIGE
EPAIGE@KVN.COM

October 25, 2006

**VIA FACSIMILE**

William J. O'Brien, Esq.
Alschuler Grossman Stein & Kahan LLP
1620 26th Street, 4th Floor, North Tower
Santa Monica, CA 90404-4060

   Re:  *Netflix, Inc. v. Blockbuster, Inc., Case No. C-06-2361 WHA*

Dear Bill:

   Thank you for taking the time to speak with me about the outstanding discovery issues in this case this afternoon. I have summarized my understanding of our discussions below, and ask that you let me know if I have misunderstood in any way.

   **Deposition Stipulation.** You stated that Blockbuster was not willing to enter into the stipulation regarding deposition transcripts proposed in my October 10 letter. As we discussed, a deponent will have the 30 days provided by Federal Rule of Civil Procedure 30(e) pending our agreement to a stipulation. I reiterate my request on the call that Blockbuster provide a proposal regarding custody of transcripts and any other issues that it believes need to be addressed before it is prepared to enter into a stipulation. As our request for a stipulation languished for two weeks with no response, I would appreciate it if Blockbuster would provide its proposed terms promptly.

   **Amended Preliminary Invalidity Contentions.** Blockbuster is willing to provide Netflix with amended preliminary invalidity contentions that seek to rectify the deficiencies identified in my letter of October 4 (although it maintains its position that the invalidity contentions that it originally served are not deficient). Specifically, Blockbuster will provide additional information regarding where certain features or elements can allegedly be found in certain pieces of alleged prior art, and will clarify which (if any) such alleged prior art it contends is invalidating under 35 U.S.C. sec. 102 and which it contends is invalidating under 35 U.S.C. section 103. Netflix continues to request that Blockbuster confirm that it has disclosed all of the alleged prior art of which it is currently aware as part of its preliminary invalidity contentions. I understand that you need to consult with your partner Tony Chen before committing to a date upon which Blockbuster will provide us with preliminary infringement

383142.01

Dockets.Justia.com

William J. O'Brien, Esq.
October 25, 2006
Page 2

contentions; please let me know once you have a date upon which Netflix may expect to receive those amended contentions.

**Blockbuster's Production of Documents.** I proposed that, now that the protective order governing production of documents has been entered in this case, the parties agree to a date for a mutual exchange of their confidential and attorneys' eyes only documents. You stated that you were not able to commit to a date for such an exchange at that time. Please let me know at your earliest convenience the date that Blockbuster proposes for an exchange.

**Amended Responses.** As stated, Netflix continues to investigate facts relating to an amended response to Blockbuster's interrogatories. Also as stated, I will discuss Blockbuster's request that Netflix provide a further amended set of preliminary infringement contentions with Leo Lam when he returns to the office, as I understand that you and he have previously had dealings regarding those contentions.

**Withholding of Documents Pursuant to Objections.** We discussed Blockbuster's statement in your letter of October 23 that it is not withholding documents "based on the words 'subject to.'" As discussed, although Blockbuster is not withholding documents based on those words, it is withholding documents based on the boilerplate objections preceding the words "subject to" that are set out in its responses to Netflix's document requests in all instances in which it offers to produce documents based on a scope that differs from the scope requested in Netflix's document requests.

**Definition of Blockbuster Online.** Blockbuster has agreed to a definition of "BLOCKBUSTERONLINE" that includes Blockbuster Online, DVD Rental Central, and Film Caddy. You represented that you are not aware of other similar entities that should be included in the definition in the United States, though other comparable entities may exist in foreign countries.

**Delivery of Blockbuster Online Products.** Blockbuster has agreed that, in response to Request Number 4, it will produce all documents (subject to withholding of attorney-client privileged or work product documents) relating to contemplation of alternative methods of delivery for Blockbuster Online products. However, Blockbuster currently takes the position that it will not produce documents responsive to this request that relate to any contemplation by Blockbuster of delivery of product through video on demand or internet download channels.

**Blockbuster Online Financials.** Blockbuster has confirmed that certain financial documents are generated for Blockbuster Online, such as quarterly financials, and is willing to produce those documents in response to Request Nos. 15-18. You were not sure whether those financials included balance sheets for Blockbuster Online.

**Documents Regarding Blockbuster's Hardware and Software.** We discussed whether Request Nos. 26 and 27, which seek documents sufficient to fully describe Blockbuster Online's hardware and software systems, would require the production of documents relating to what

William J. O'Brien, Esq.
October 25, 2006
Page 3

Blockbuster characterizes as "routine business software," such as Microsoft Word and Excel. I confirmed that Netflix is willing to exclude such documents from what is called for by this request. You indicated that Blockbuster intends to withhold at least documents relating to its "distribution centers" and the revenue sharing agreements that Blockbuster has with certain of its vendors. As discussed on our call, Netflix is willing to discuss proposed limitations on the documents produced under these Requests, but it is not feasible to reach an agreement without having some idea of the nature of the systems and software that Blockbuster seeks to exclude.

**Documents Regarding Blockbuster Technology Developed by Third Parties.** In our discussions of Request No. 31, you expressed concern that, since the Blockbuster website was developed in part by third parties, this request could call for all documents relating to the website. I agreed to consider whether it would be appropriate to limit the Request to documents sufficient to fully describe the matters at issue. Also, as discussed, off-the-shelf software such as Microsoft Word and Excel are not within the realm of "Blockbuster Online technology," and therefore the request does not seek all documents relating to such ordinary business software.

Thank you for your time today, and I look forward to speaking again at 10 a.m. tomorrow.

Sincerely,

Eugene M. Paige

383142.01