LAW OFFICES
# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

EUGENE M. PAIGE
EPAIGE@KVN.COM

October 26, 2006

**VIA FACSIMILE**

William J. O'Brien, Esq.
Alschuler Grossman Stein & Kahan LLP
1620 26th Street, 4th Floor, North Tower
Santa Monica, CA 90404-4060

    Re:   *Netflix, Inc. v. Blockbuster, Inc.*, Case No. C-06-2361 WHA

Dear Bill:

    Thank you for taking the time to speak with me this morning. I lay out below my understanding of our conversation, and ask that you let me know if I have misunderstood in any way.

    **Schedule for Motions to Compel and Motion for Protective Order.** As you know, Netflix previously agreed to delay filing its motion for protective order so that the parties' respective motions to compel and could be heard on the same day as the motion for protective order. We need to wrap this process up expeditiously so that all of the motions can get on file and be heard. As agreed, we will exchange drafts of our letters regarding the motions to compel tomorrow, exchange our positions in response next Tuesday, and finalize the letter on Wednesday. As discussed, we need to know tomorrow whether a hearing on December 1 or December 8 is convenient for Blockbuster. I understand that you wish to confer with Marshall Grossman as to availability on those dates. However, my understanding is that you have been designated as co-lead counsel for this case. Accordingly, you should be empowered independently to provide us with dates for discovery hearings in your capacity as co-lead counsel.

    **Production of Blockbuster's Documents.** As stated on our call, now that the protective order has been entered, Netflix stands ready to produce its confidential and attorneys' eyes only documents at whatever date for a mutual exchange is convenient for Blockbuster. I understand that you will propose a date upon which Blockbuster can produce its documents to Netflix tomorrow. Netflix expects that Blockbuster will be prepared to make a sizeable production of its documents sometime in the next week.

383221.01

William J. O'Brien, Esq.
October 26, 2006
Page 2

### Production of Documents Showing Personnel Responsible for Blockbuster Online.

In response to Request No. 33, Blockbuster originally responded that it would only produce documents relating to "employees of Blockbuster Online." Blockbuster has now agreed that it will produce responsive documents that relate to personnel who were not formally employed by Blockbuster Online, but nevertheless had responsibility for the design, research, development, testing, and operation of Blockbuster Online.

### Documents Relating to Blockbuster Online Consultants.

In response to Request Nos. 34-36, Blockbuster has committed to produce documents relating only to three consultants: Accenture, IBM, and David Perkovich. Blockbuster has objected to production of documents from all of its consultants on the ground that the term is vague. As discussed, your suggestion that a vendor for photocopying services could be considered a consultant is not a plausible reading of the request, and not a reason to refuse to provide documents regarding all consultants. As also discussed, Netflix is willing to exclude what have been described as voluminous and repetitive exchanges made in the ordinary course of operating the Blockbuster Online website between Blockbuster and IBM from the scope of Request No. 35. Blockbuster should otherwise produce all documents within the scope of these requests.

### Documents Relating to Opinions on Patentability, Validity and Other Issues.

With respect to Request Nos. 40-44, Blockbuster originally offered to produce only documents that "provid[e] evidence" of patentability, validity, and other issues. Blockbuster has now agreed to search for and either produce or log responsive documents that do not merely give evidence of these issues, but also documents that relate to such evidence, such as studies, analyses, reviews, conclusions, and opinions.

### Documents Relating to Communications Between Netflix and Blockbuster.

Blockbuster originally committed to produce documents that "constitut[ed] or record[ed] communications" between Blockbuster and Netflix in response to Request No. 55. Blockbuster has now agreed that it will also produce documents that refer or relate to such communications, and not merely those that expressly constitute or record those communications.

### Documents That Contradict Blockbuster's Allegations.

In response to Request Nos. 67, 68, 70, 71, 72, 73, and 81, Blockbuster had offered to produce only documents that "support[ed]" its allegations, but not documents that contradicted those allegations. (Blockbuster previosuly committed to produce both supportive and contradictory documents in response to Request Nos. 76, 77, and 79.) Blockbuster has now confirmed that it will produce both documents that support and documents that contradict its allegations in response to these Requests.

### Documents Relating To Effects or Methods of Netflix.

Blockbuster originally committed to produce only documents that dealt with "an effect" or "a rental method" of Netflix in response to Request Nos. 84, 86, 87, and 88. Blockbuster has confirmed that it will provide responsive documents relating to all such effects or methods, not merely a single undisclosed effect or method.

383221.01

William J. O'Brien, Esq.
October 26, 2006
Page 3

**Documents Relating to Blockbuster's In-Store Promotions of Blockbuster Online.** Blockbuster has taken the position that it will produce only documents that show such promotions in response to Request No. 89. Netflix believes that Blockbuster should produce all such documents, including particularly internal Blockbuster documents discussing the possibility or wisdom of promoting Blockbuster Online through in-store locations. As discussed, Netflix is willing to exclude documents actually used in the stores for such promotions.

**Documents Relating to Price Competition With Netflix.** Blockbuster originally offered to produce documents "reasonably sufficient to show price competition with Netflix." Netflix also desires documents that reflect discussions that Blockbuster executives have engaged in regarding price competition with Netflix. Blockbuster has therefore committed to also provide its documents referring to price competition between Blockbuster and Netflix.

**Documents Relating to Blockbuster's Use of Third-Party Technology.** Following up on our discussion of yesterday regarding Request No. 31, Netflix is willing to limit that request to documents sufficient to fully describe Blockbuster Online technology developed in whole or in part by third parties, including the licenses, term sheets, memoranda of understanding, letters of intent, specifications, technical descriptions and correspondence relating thereto.

**Designation of Deposition Transcript of Eric Meyer.** Pursuant to paragraph 4.d of the protective order that the Court entered this past Tuesday, Netflix hereby designates the following portions of the deposition transcript of Eric Meyer as confidential under the protective order:

- page 14, line 14-page 21, line 12
- page 21, line 23-page 22, line 17
- page 28, line 16-page 34, line 25
- page 35, line 21-page 39, line 23
- page 42, line 14-page 47, line 9
- page 50, line 12-page 58, line 19
- page 59, line 13-page 77, line 6
- page 77, line 23-page 111, line 4
- page 119, line 25-page 156, line 13
- page 163, line 23-page 167, line 12
- page 174, line 2-page 184, line 24

William J. O'Brien, Esq.
October 26, 2006
Page 4

- page 185, line 16-page 187, line 19
- page 190, line 10-page 195, line 15
- page 202, line 17-page 235, line 13
- page 246, line 22-page 247, line 13
- page 257, line 2-page 260, line 16

Thank you for your attention to these matters, and please do not hesitate to contact me should you wish to discuss them further.

Sincerely,

Eugene M. Paige

383221.01