Netflix, Inc. v. Blockbuster, Inc. Doc. 69 Att. 8



# ALSCHULER GROSSMAN STEIN & KAHAN LLP
ATTORNEYS AT LAW

WILLIAM J. O'BRIEN
ATTORNEY AT LAW
WOBRIEN@AGSK.COM
Direct Dial: 310-255-9033
Direct Fax: 310-907-2033

OUR FILE NUMBER
12460-206704

November 2, 2006

**FOR ATTACHMENT TO MOTIONS TO COMPEL**

Honorable Joseph C. Spero
United States Magistrate Judge
United States Courthouse
450 Golden Gate Avenue
Courtroom A, 15th Floor
San Francisco, CA 94102-3483

Re: *Netflix v. Blockbuster*
U S. District Court Case No: C 06-02361 WHA (JCS)
**Joint Letter Regarding Blockbuster's Motion to Compel Further Responses from Netflix to Blockbuster's First Set of Requests for Production, and Netflix's Motion to Compel Further Responses to Netflix's First Set of Requests for Production**

Your Honor:

Counsel for Blockbuster Inc. and Netflix, Inc., jointly submit this letter in accordance with your Honor's Notice of Reference and Order Re Discovery Procedures filed September 29, 2006.

**Meet-and-Confer Efforts**

Blockbuster's counsel contacted Netflix's counsel about Blockbuster's First Set of Requests for Production on July 11, 2006, the same day they were served Blockbuster's counsel again contacted Netflix's counsel about the Requests on August 11, 2006, 31 days after service. Thereafter, counsel for the parties conferred extensively about issues related to Netflix's Responses to the Requests These discussions have included telephone conferences between William O'Brien and Dominique Thomas of Alschuler Grossman Stein & Kahan LLP and Leo Lam, Eugene Paige, and Ashok Ramani of Keker & Van Nest LLP, extensive correspondence between counsel, and an in-person meeting between William O'Brien of Alschuler Grossman and Jeffrey Chanin of Keker & Van Nest on October 13, 2006, in San Francisco, with Marshall Grossman participating by telephone

Netflix's counsel sent counsel for Blockbuster a letter outlining Netflix's complaints about Blockbuster's responses to Netflix's first set of requests for production on October 9, 2006 Netflix counsel Jeffrey Chanin and Eugene Paige personally met and conferred with Blockbuster counsel William O'Brien regarding those objections in the afternoon and evening of October 13, 2006 Blockbuster counsel Marshall Grossman participated telephonically in those discussions. Thereafter, Messrs. O'Brien and Paige conducted several



Dockets.Justia.com

further telephone conferences on the objections and requests and corresponded further about them

During the course of these conferences and communications, counsel resolved a number of issues, but they have been unable to reach agreement on numerous Requests for Production

**Unresolved Issues and Parties' Final Positions**

A. **Blockbuster's First Set of Request for Production**

The unresolved issues with regard to Blockbuster's First Set of Requests for Production, and the parties' respective final positions on each issue are as follows:

1 Documents Related to Netflix Patents and Applications or to Patent Rights Related to Blockbuster Online or to Netflix (Requests Nos. 3-5, 10-16, 46-49, and 52-54): Blockbuster contends that these documents are highly relevant and reasonably calculated to lead to discovery of admissible evidence, including evidence with regard to Blockbuster's defenses of obviousness and inequitable conduct and Blockbuster's antitrust counterclaims. Netflix has objected to several of these Requests as overbroad and unduly burdensome and has agreed to provide some of the requested documents only insofar as they relate specifically to the two patents-in-suit in this case Netflix has also subsequently offered to provide certain documents from the prosecution histories of Netflix patent applications other than the patents-in-suit. Netflix has declined to produce documents in response to Requests Nos. 47-49 and 53-54.

- Blockbuster contends that Netflix should be required to produce all of the documents and things requested in these Requests. The requested materials are likely to provide compelling evidence of fraudulent patenting and inequitable conduct. Indeed, evidence derived from such documents has provided critical proof in multiple prior cases. Blockbuster contends that it has adequately met and conferred with Netflix about the issues applicable to all these Requests.

- Netflix contends that, in response to Requests Nos 3-5, 10-11, 13-15, 46 and 52 the offer it has made to provide Blockbuster with certain documents from the prosecution history of patent applications other than the patents-in-suit provides Blockbuster with the information it seeks while avoiding the revelation of the precise terms of Netflix's pending patent applications to a direct competitor. In response to Nos. 47-49 and 53-54, Netflix contends that these Requests, which seek documents that relate to "failure[s] or omission[s]" to submit references to the PTO or other similar administrative agencies would require Netflix to determine that it has failed or omitted to submit pertinent references, and Netflix does not understand how it would engage in such second-guessing of the

prosecution of its patents. With respect to Nos. 12 and 16, Netflix and Blockbuster have not previously met and conferred on these Requests, but Netflix believe that these Requests, which call for all materials relating to vast categories, such as "the patentability of unpatentability of any method performed by NETFLIX or of any related apparatus or computer-related medium" and "any patent rights, patent license, or patent infringement related to NETFLIX" are on their face entirely overbroad and harassing.

2 Documents Relating to Preferential Selection Methodologies Referred to as "Throttling" (Requests Nos. 24-26 and 128-29): Blockbuster contends that these Requests are highly relevant and reasonably calculated to lead to discovery of admissible evidence, including evidence with regard to Blockbuster's best-mode defenses as well as Blockbuster's antitrust counterclaims. Netflix has objected to these Requests as irrelevant and as not reasonably calculated to lead to discovery of admissible evidence.

- Blockbuster contends that Netflix should be required to produce all the documents and things requested in these Requests.
- Netflix contends that it should not be required to produce any of the documents and things requested in these Requests

3. Documents Related to Delivery by the Postal Service (Requests Nos. 130-32): Blockbuster contends that these Requests are highly relevant and reasonably calculated to lead to discovery of admissible evidence, including evidence related to Blockbuster's best-mode defenses and antitrust counterclaims. Netflix has objected to these Requests as irrelevant and not reasonably calculated to lead to discovery of admissible evidence

- Blockbuster contends that Netflix should be required to produce all of the documents and things requested in these Requests.
- Netflix contends that it should not be required to produce any of the documents and things requested in these Requests.

4 Documents Related to Prior Art Known to Netflix (Requests Nos. 32, 34-36, 55-57, 67-71, 73-74, 78-81, 86, 88-90, 93-100, 105, 113-17, and 119): Blockbuster contends that these Requests are highly relevant to Blockbuster's defenses of anticipation, obviousness, and inequitable conduct, as well as to Blockbuster's antitrust counterclaims. Netflix has objected to many of these Requests as overbroad, burdensome, and harassing.

- Blockbuster contends that fair litigation of the issues in this case requires full discovery of all relevant prior art known to Netflix, including art disclosing any of the features claimed in the patents-in-suit It is Netflix – not Blockbuster – that chose what features to patent and that prevented proper examination by the Patent Office by failing to disclose *any* prior art

(in the case of its first patent) or the most material art (in the case of its second patent). As the party asserting these extremely broad patents in an attempt to shut down its only major competitor, Netflix is not entitled to truncate discovery on their validity and enforceability based on the asserted "burden" of compliance Accordingly, Netflix should be required to produce all of documents and things requested in these Requests, subject to the following qualifications only:

- o Blockbuster is willing to limit Requests Nos 55, 69, 79, 90, 99, 100, 105, 113, and 114 to documents sufficient to fully describe the prior art referred to those Requests and Netflix's knowledge of that art.

- o Blockbuster is willing to limit Requests Nos. 35 and 36 to matters known to "PERSONS UNDER A DUTY OF CANDOR" (as that term is defined in the Requests) and to exclude from the Requests any items purchased over Amazon or eBay.

- Netflix contends in response to Request Nos. 32 and 34-36, it has committed to producing its responsive documents subject to certain reasonable limitations. With respect to Nos. 32 and 34, Netflix has objected to attempting to ascertain which services of the type requested, other than the named services (HBO, Showtime, Webvan, and HomeGrocer com), existed prior to April of 1999; Netflix remains willing to produce documents relating to such services if Blockbuster will give Netflix the name(s) of the services for which it seeks documents. With respect to Nos. 35 and 36, Netflix has agreed to produce responsive documents, but has objected to producing personal minutiae that its employees may have received from eBay or Amazon.com. In response to Request Nos 55-57, 67-71, 73-74, 78-81, 86, 88-90, 93-100, 105, 113-117, and 119, Netflix contends that it would be an impossible task to produce documents responsive to these Requests, which are snippets taken from the claims of its patents, and seek items such as materials that will fully describe "any use, practice, description, or disclosure, prior to April 28, 1999, or renting movies."

5 Waiver of Objections: Blockbuster contends that Netflix has waived all objections to Blockbuster's First Set of Requests for Production, because Netflix failed to serve a written response to the requests within 30 days, did not request or obtain an extension of its time to respond, and did not indicate any misunderstanding of the relevant deadlines until after they had passed. Blockbuster contends that it went out of its way to emphasize the importance of timely responses, that Netflix has provided no meaningful explanation for any professed misunderstanding, and that, since failing to comply with its clear deadline, Netflix has made a series of incorrect assertions in an attempt to blame Blockbuster Netflix contends that the

interactions between counsel for Netflix and counsel for Blockbuster leading up to the time that Netflix served its objections and responses to Blockbuster's first set of requests for production made clear that counsel for Netflix believed the responses to Blockbuster's document requests were due on Monday, August 14 Netflix contends that counsel for Blockbuster did nothing to correct the misunderstanding of Netflix's counsel, and therefore effectively assented to the service of those responses and objections on August 14 or waived any objection that Blockbuster might have had to having them served on that date

- Blockbuster contends that Netflix has waived all objections to the Requests and should be required to respond to them in full without objection.
    - Without limiting the generality of the foregoing, Blockbuster contends that Netflix has waived privilege and work-product objections and should be required to produce the requested documents and things without withholding any based on such objections.
- Netflix contends that Blockbuster was neither prejudiced nor inconvenienced by receiving Netflix's document request responses and objections on August 14 rather than August 10. Those few extra days made no difference, as the parties spent weeks following the service of the responses and objections meeting and conferring Moreover, interactions between counsel for Netflix and counsel for Blockbuster made plain that Netflix understood those responses to be due on August 14 Had counsel for Netflix been informed that the responses and objections were due on August 10, he would have requested an extension of time to respond to those Requests until August 14, and counsel for Blockbuster presumably would have extended that courtesy By permitting counsel for Netflix to serve responses and objections on that date, rather than informing counsel for Netflix of the error and requesting that the responses and objections be served on August 10, Blockbuster waived the right to benefit from any error by Netflix's counsel.

**B. Netflix's First Set of Requests for Production**

1. **Blockbuster's Offer To Produce Documents Sufficient To Reasonably Describe Requested Matter** (Request Nos. 7-10, 21, 24-25, 28-36, 58-59, 67-74, 76-79, 81-82, 90, 101-102): Netflix contends that Blockbuster should produce all of its documents responsive to these requests Blockbuster has objected to producing all such documents on the grounds that the requests are overbroad, unduly burdensome, vague and ambiguous, and it has committed only to producing documents that will "reasonably" describe the information sought.

- Netflix contends that, to the extent that Blockbuster is offering to produce only those documents that, in its unilateral judgment, are sufficient to "reasonably describe" a particular matter or issue (or "reasonably identify" personnel, or "reasonably support" its allegations), there is an unacceptable possibility that Blockbuster may withhold relevant and responsive documents that do not support its case under the theory that it has already produced documents sufficient to reasonably describe a matter. Netflix contends that Blockbuster should be required to commit to producing all documents responsive to these requests, or at least all documents in a defined category or categories responsive to these requests, and not merely those that Blockbuster claims are sufficient to "reasonably describe" the matter at issue.

- Blockbuster has objected to these Netflix requests on grounds including that they are overbroad, unduly burdensome, vague, and ambiguous. Blockbuster contends that its objections to these requests and its proposed limited responses are well founded and reasonable in view of the vagueness and excessive breadth of these requests. Indeed, Blockbuster contends that, taken as set forth by Netflix, these requests ask for literally every document ever created by or received by or in connection with Blockbuster Online, all DVDs ever rented by Blockbuster Online, and all envelopes used to distribute or return Blockbuster Online DVDs, as well as an impossibly vast number of other documents and things. Blockbuster contends that, because of the vagueness and extreme breadth of many Netflix requests, it would be unreasonable to expect Blockbuster to unconditionally agree to produce "all" documents that could fall within their scope. Blockbuster contends that Netflix should more clearly and reasonably define the scope of their requested documents and things – which Netflix has refused to do. However, as an accommodation, Blockbuster is willing to provide further, more specific statements concerning the documents it will search for and produce. Because of the extreme breadth of the some of the requests, preparing these further statements requires further analysis and investigation on Blockbuster's part.

2. <u>Documents Explaining Blockbuster Online's Accounting (Request No. 19)</u>: Netflix has sought documents that fully describe Blockbuster's recordkeeping and accounting methods, books and records as they relate to Blockbuster Online. In response, Blockbuster initially offered only to produce its quarterly and annual financial statements and accompanying documents filed with the SEC. It subsequently also offered to produce quarterly and annual financial statements for Blockbuster Online.

- Netflix contends that Blockbuster should produce documents that will show how its accounting for Blockbuster Online is carried out, so that it

and its experts can fully understand the Blockbuster Online financials. Netflix believes that neither documents publicly filed with the SEC nor Blockbuster Online financial statements alone are likely to contain sufficient detail to fully understand how Blockbuster Online's accounting is carried out.

- Blockbuster contends that its offer to produce Blockbuster, Inc.'s quarterly and annual financial SEC filings as well as internal quarterly and annual financial statements for Blockbuster Online constitutes a reasonable response to this request.

3. Documents Relating To Blockbuster Online's Hardware and Software (Request Nos. 26 and 27): Netflix believes that fully understanding Blockbuster's software and hardware used to implement its infringing Blockbuster Online product may be necessary to the prosecution of its claims of infringement. Blockbuster has objected to these Requests as being overbroad, unduly burdensome, vague, and ambiguous, and has offered to produce documents sufficient to reasonably describe the software used for Blockbuster Online's website and the general nature of the hardware used to operate the website. Blockbuster has also subsequently offered additional documents, such as documents showing how the website interfaces with other functions

- Netflix contends that Blockbuster should produce documents that will fully describe the hardware and software used to implement all of Blockbuster Online, not merely its website. Netflix believes that its limitation of these requests to documents sufficient to fully describe that software and hardware, and its further limitation that Blockbuster need not produce documents describing standard business software such as Microsoft Office, makes the scope of this Request reasonable.

- Blockbuster contends that these requests are vague as well as extremely overbroad and that Netflix should more clearly and reasonably define the scope of the requested documents. Blockbuster contends that it is not reasonable to expect Blockbuster to collect all of the requested documents, such as documentation for the PCs, monitors, and printers used by Blockbuster Online employees and the other immaterial matters that may fall within the scope of these requests. Blockbuster is willing to include a reasonable amount of documentation beyond those specific to Blockbuster Online's website functions, but this effort should be subject to some clear and reasonable scope – which Netflix has not provided.

4. Documents Relating To Blockbuster Online Technology Developed By Third Parties (Request No. 31): Netflix has requested documents relating to Blockbuster Online technology that was developed by third parties. Blockbuster has objected to this request as

overbroad, unduly burdensome, vague, and ambiguous, and offered to produce documents "sufficient to reasonably describe the development of Blockbuster Online."

- Netflix contends that Blockbuster should produce documents sufficient to fully describe technology that was developed in whole or in part by third parties that is used in Blockbuster Online, which will demonstrate instances in which Blockbuster has chosen to license technology rather than simply copy it, as it has done with Netflix's business method.

- Blockbuster contends that this request is vague as well as extremely overbroad and extends to documents and things not reasonably calculated to lead to discovery of relevant evidence in this case. Blockbuster is willing to provide reasonable additional documents but – as with Requests Nos 26 and 27 discussed above – Blockbuster contends that it is incumbent upon Netflix to reasonably narrow and clarify the scope of this request

5. Documents Relating To Blockbuster Online Consultants (Request Nos. 34-36): Netflix has requested documents relating to the consultants employed by Blockbuster to develop and operate Blockbuster Online, the work that they did for Blockbuster, and documents exchanged between Blockbuster and any such consultants Blockbuster has objected to these Requests as overbroad, unduly burdensome, vague and ambiguous and originally agreed to provide only documents relating to the Blockbuster Online consultants who were specifically named in these requests Blockbuster has subsequently expressed willingness to produce documents relating to consultants other than those expressly named in the Request Blockbuster has also objected to producing all documents that were sent to and received from consultants.

- Netflix's position is that these documents are highly relevant to the development and operation of the infringing Blockbuster Online service, and Blockbuster should produce all of its responsive documents. Blockbuster may well have had other consultants perform work for it and Blockbuster alone would know the identity of those consultants, so it should produce documents relating to all such consultants, not just those expressly named in the Request. Netflix is willing to limit this request so that it does not call for documents routinely and repetitively sent back and forth between Blockbuster and its consultant IBM, which assertedly runs the Blockbuster Online website.

- Blockbuster's position is that it will provide abundant documentation concerning the development of Blockbuster Online – including related consultant activities – and ample documentation to show how Blockbuster Online works. These requests as framed, however, would require Blockbuster to provide every document "exchanged" with a "consultant" relating to the "operation" of Blockbuster Online. Depending on

interpretation, this could potentially include all the communications generated on an hourly and even second-by-second basis in connection with routine activities that Blockbuster outsources to other firms. Blockbuster believes that it is incumbent on Netflix to agree to clear and reasonable restrictions on the scope of these requests.

6. Documents Relating To Blockbuster's Internal Discussions of In-Store Promotions of Blockbuster Online (Request No. 89): Netflix has requested documents that relate to Blockbuster's in-store promotions of its Blockbuster Online service. Blockbuster has objected to the Request as overbroad, unduly burdensome, vague and ambiguous Blockbuster initially offered to produce only documents that show such promotions, but has subsequently agreed to provide additional documents, including internal documents discussing such promotions

- Netflix's position is that Blockbuster should produce its responsive documents relating to this issue, especially those internal documents that do not merely show promotions for Blockbuster Online that were carried out in-store, but instead discuss Blockbuster's views on that issue

- Blockbuster's position is that, because of Netflix's broad definition of "RELATING TO," this request could encompass an enormous number of documents. For example, every Blockbuster Online poster on the window of any Blockbuster store in the country could be a document "RELATING TO" such promotion of Blockbuster Online. Blockbuster is willing to expand the stated scope of the search for documents responsive to this request – including internal documents concerning such promotions -- but appropriate limits should be adopted to avoid imposing a gigantic burden with respect to repetitive, non-substantive or otherwise excessive documents.

7 Date for Production of Blockbuster's Documents.

Netflix has requested a date certain upon which Blockbuster will produce its documents to Netflix. Blockbuster has thus far declined to provide Netflix with such a date

- Netflix's position is that Blockbuster should be ordered to produce its responsive documents by a date certain Netflix has offered several times to engage in a mutual exchange of the confidential and attorneys' eyes only documents that the parties had been withholding pending entry of a protective order, but Blockbuster has thus far not agreed to a date for such a mutual exchange.

- Blockbuster's position is that it has already produced some documents responsive to Netflix's requests and is diligently collecting and preparing a very large number of additional documents for production. Blockbuster

will produce these documents on a "rolling" basis as quickly as possible. In the meantime, Blockbuster notes that Netflix has not yet produced all – or, probably, even most – of the documents that Blockbuster requested from Netflix on July 11, 2006 – more than seven weeks before Netflix served its requests on Blockbuster

Counsel and the parties appreciate the Court's assistance in resolving these disputes

Respectfully submitted,

William J. O'Brien
of Alschuler Grossman Stein & Kahan LLP
Attorneys for Blockbuster Inc

Eugene M. Paige
of Keker & Van Nest LLP
Attorneys for Netflix, Inc.

WJO:js