KEKER & VAN NEST, LLP
JEFFREY R. CHANIN - #103649
DARALYN J. DURIE - #169825
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Plaintiff
NETFLIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NETFLIX, INC., a Delaware corporation,

Plaintiff,

v.

BLOCKBUSTER, INC., a Delaware corporation, DOES 1-50,

Defendant.

Case No. C 06 2361 WHA

**[PROPOSED] ORDER ON NETFLIX'S MOTION FOR PROTECTIVE ORDER RE:  THIRD PARTY SUBPOENAS**

Having considered the motion of Netflix, Inc. ("Netflix") for a protective order, Blockbuster, Inc. ("Blockbuster")'s opposition thereto, Netflix's reply, and the argument of counsel, with good cause appearing, it is hereby ORDERED as follows:

With respect to the subpoenas that Blockbuster has served upon third parties NBC Universal, Yahoo, Sony Pictures, Paramount Pictures, The Walt Disney Company, Warner Bros., Best Buy, Fox Entertainment, AOL, and Microsoft in this matter, it is ordered Blockbuster shall withdraw Requests No. 1 for "All financial statements, revenue statements, or financial or business projections received from NETFLIX";  No. 2 "All DOCUMENTS evidencing, reflecting, or referring to NETFLIX's online business plans, business models, business proposals, strategies, or projections"; No. 4 "All DOCUMENTS evidencing, reflecting, or

1
[PROPOSED] ORDER ON NETFLIX'S MOTION FOR PROTECTIVE ORDER RE:  THIRD PARTY SUBPOENAS
Case No. C 06 2361 WHA

380291.02

referring to COMMUNICATIONS with NETFLIX, or information received from NETFLIX about—any intellectual property owned or claimed by Netflix"; No. 5 "All DOCUMENTS evidencing, reflecting, or referring to the history, design, development, features, or operations of any online rental service ever proposed, planned, or operated by Netflix"; No. 16 "All DOCUMENTS evidencing, reflecting, or referring to COMMUNICATIONS with NETFLIX, or information received from NETFLIX, about CHAVEZ V. NETFLIX"; and No. 17 "All DOCUMENTS evidencing, reflecting, or referring to any use by NETFLIX of any practices known or described as "throttling," including, without limitation, any variation in the speed or priority of fulfilling a customer's rental request based, in whole or in part, in the number of frequency of items rented by the customer."

IT IS FURTHER ORDERED that Blockbuster shall narrow Request No. 8 to read: "All DOCUMENTS evidencing, reflecting, or referring to any use by Netflix prior to April 28, 1999, or any knowledge by Netflix through April 4, 2006 of any third party use prior to April 28, 1999, of any of the following: (a) Distribution or circulation of music or audio on a subscription basis; (b) Distribution or circulation of books on a subscription basis; (c) Use of waiting lists wish lists or reservation lists for video or item rental; (d) A movie rental queue or other item rental queue, including, without limitation, any ordered list, associated with a customer, of movies or items for rent, whether in electronic digital form or otherwise; (e) Movie rental in which a customer was not required to return movies within a specified time; (f) Movie rental with no late fee; (g) A rental agreement that provided for a periodic fee; (h) Rental of movies in which the number of movies delivered to the customer and not yet returned did not exceed a specified number; (i) In response to receiving back any item provided to a customer, selecting one or more other items for shipment to the customer; or (j) Providing rental items based on the order of a list established by a customer" and shall narrow Request No. 9 to read "All COMMUNICATIONS with NETFLIX, or DOCUMENTS received from Netflix, that refer to use prior to April 28, 1999 of any of the practices listed in Requests No. 8 subparts a-j by any of the following entities: (a) HBO, Showtime, or any subscription cable or satellite television service or pay television

service; (b) TiVo; (c) Webvan, Home Grocer.com, or any Internet grocery service; (d) Amazon.com; (e) Buy.com; (f) eBay; or (g) Priceline."

Blockbuster shall immediately advise the subpoenaed parties that Blockbuster has withdrawn the foregoing requests, or as appropriate, has narrowed them by order of this Court, and that they should not produce documents responsive to original Requests Nos. 1, 2, 4, 5, 16 and 17, or to original Requests Nos. 8 and 9 except as narrowed by this Order.

IT IS FURTHER ORDERED that Blockbuster shall withdraw its Requests No. 1-8 in its subpoena to the Gutride Safier law firm, and shall immediately notify the Gutride Safier law firm that Blockbuster has withdrawn the foregoing requests by order of this Court, and that the firm should not produce documents responsive to these requests.

Dated: _____, 2006

_____
HON. JOSEPH C. SPERO