| | |
|---|---|
| 1 | KEKER & VAN NEST, LLP |
| 2 | JEFFREY R. CHANIN - #103649<br>DARALYN J. DURIE - #169825 |
| 3 | 710 Sansome Street<br>San Francisco, CA  94111-1704 |
| 4 | Telephone:  (415) 391-5400<br>Facsimile:  (415) 397-7188 |
| 5 | Attorneys for Plaintiff |
| 6 | NETFLIX, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation,<br><br>                             Plaintiff,<br><br>    v.<br><br>BLOCKBUSTER, INC., a Delaware corporation, DOES 1-50,<br><br>                           Defendant. | Case No. C 06 2361 WHA<br><br>**DECLARATION OF JEFFREY R. CHANIN IN SUPPORT OF NETFLIX'S MOTION FOR PROTECTIVE ORDER**<br><br>Date:     December 8, 2006 2006<br>Time:    9:30 a.m.<br>Judge:   Hon. Joseph C. Spero<br>Room:   Courtroom A, 15th Floor |
| AND RELATED COUNTERCLAIMS. | |

---

DECLARATION OF JEFFREY R. CHANIN ISO NETFLIX'S MOTION FOR PROTECTIVE ORDER
CASE NO. C 06 2361 WHA

I, JEFFREY R. CHANIN, declare and state as follows:

1. I am an attorney duly licensed to practice before this Court, and am a partner with Keker & Van Nest, LLP, counsel to Plaintiff and Counterclaim-Defendant Netflix, Inc. ("Netflix"). I have personal knowledge of the facts set forth below, and if called to testify as a witness thereto could do so competently under oath.

2. On Friday, September 22, 2006, I met and conferred in person in Los Angeles with William O'Brien, counsel for Blockbuster, regarding the issues raised in this motion for protective order. Mr. O'Brien told me that he did not have sufficient time fully to discuss the matter, and could not reach his client, and therefore wished to discuss the matter more fully by telephone the following Monday.

3. On Monday, September 25, 2006, my partner Ashok Ramani and I met and conferred via telephone with Blockbuster's counsel William O'Brien and Dominique Thomas. The subject was Netflix's concerns that Blockbuster's subpoenas to various third parties were overbroad and sought irrelevant information not reasonably calculated to lead to the discovery of admissible evidence, in addition to concerns about having time to designate third party documents based on their confidentiality. We discussed 15 specific requests out of the 108 requests Blockbuster had made, and appeared to reach tentative resolution regarding the narrowing of four of those requests. As for the rest, Mr. O'Brien and Ms. Thomas could not explain why the information sought by some of Blockbuster's more facially overbroad requests could not be obtained via narrower requests, or why the information was not covered already by other, more narrow Blockbuster requests.

4. More specifically, I asked why Blockbuster sought information about the *Chavez v. Netflix* litigation and so-called "throttling" (a derogatory term that addresses purported varying of the speed or priority of fulfilling a customer's rental request based, in whole or in part, on the number or frequency of items rented by the customer). The only explanation Blockbuster's counsel provided was that the information might be relevant to show whether Netflix disclosed the "best mode" in its patent specification, or that it might be relevant to Blockbuster's *Walker Process* claim. I explained that neither of theories made any sense, since the patent claims and

1 elements were not directed towards varying the speed of fulfilling a customer's rental request
2 based on any criteria.
3     5.  Blockbuster's counsel reported back later on September 25 that, if we could not
4 resolve all fifteen disputed requests, Blockbuster would not accept a negotiated solution.
5     6.  Subsequently, the parties negotiated a stipulation whereby this motion would be
6 noticed for a hearing on November 17, 2006, and any subpoenaed third parties would not be
7 required to produce documents in response to the subpoenas until ten business days after this
8 Court rules on Netflix's motion for protective order.  A true and correct copy of that stipulation
9 is attached hereto as Exhibit A.
10     I declare under penalty of perjury under the laws of the State of California that the
11 foregoing is true and correct.  Executed on this 3rd day of November 2006 at San Francisco,
12 California.

          /s/ Jeffrey R. Chanin
          JEFFREY R. CHANIN

2
DECLARATION OF JEFFREY R. CHANIN ISO NETFLIX'S MOTION FOR PROTECTIVE ORDER
CASE NO. C 06 2361 WHA