KEKER & VAN NEST, LLP
JEFFREY R. CHANIN - #103649
DARALYN J. DURIE - #169825
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
NETFLIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation, | Case No. C 06 2361 WHA |
| Plaintiff, | **DECLARATION OF EUGENE M. PAIGE IN SUPPORT OF NETFLIX'S MOTION FOR PROTECTIVE ORDER** |
| v. | |
| BLOCKBUSTER, INC., a Delaware corporation, DOES 1-50, | Date: December 8, 2006 |
| Defendant. | Time: 9:30 a.m. |
| | Judge: Hon. Joseph C. Spero |
| | Room: Courtroom A, 15th Floor |
| AND RELATED COUNTERCLAIMS. | |

I, EUGENE M. PAIGE, declare and state as follows:

1.  I am an attorney duly licensed to practice before this Court, and am associated with Keker & Van Nest, LLP, counsel to Plaintiff and Counterclaim-Defendant Netflix, Inc. ("Netflix").  I have personal knowledge of the facts set forth below, and if called to testify as a witness thereto could do so competently under oath.

2.  On July 11, 2006, Defendant and Counterclaim-Plaintiff Blockbuster, Inc. ("Blockbuster") served 134 requests for the production of documents upon Netflix.  A true and correct copy of those requests is attached hereto as Exhibit A.

3.  On August 25, 2006, Blockbuster served Netflix with notice of the issuance of 18 subpoenas.  The targets of these subpoenas included business partners of Netflix, such as NBC Universal, Inc. and Sony Pictures Entertainment Inc.; attorneys who have worked with Netflix, such as Hickman, Palermo, Truong & Becker LLP and Fenwick & West, LLP; and attorneys who have sued Netflix, such as Gutride Safier LLP.  Many of these subpoenas included a return date of September 8, 2006, just 14 days after their issuance, even though the Labor Day holiday weekend was included in that short two-week span.

4.  Blockbuster's subpoena to Sony Pictures Entertainment, Inc., a true and correct copy of which is attached hereto as Exhibit B, is typical of the subpoenas that Blockbuster served upon Netflix's business partners.  It contains 18 broad sets of document requests, including requests for "All financial statements, revenue statements, or financial or business projections received from NETFLIX" (Request No. 1) and "All DOCUMENTS evidence, reflecting, or referring to the history, design, development, features, or operations of any online rental service ever proposed, planned, or operated by Netflix" (Request No. 5).  All 18 of the requests contained in the subpoena to Sony can also be found in Blockbuster's subpoenas to NBC Universal, Paramount Pictures, Walt Disney, Warner Brothers, Fox Entertainment, Best Buy, AOL, Yahoo!, and Microsoft.

5.  Counsel for Blockbuster also served five subpoenas upon law firms and attorneys who have previously represented Netflix.  Each of those five subpoenas contained 108 separate requests for production.  The subpoena to Hickman, Palermo, Truong and Becker LLP is

1

representative of this category of subpoenas, and is attached hereto as Exhibit C.

6.    Counsel for Blockbuster further served a subpoena on the law firm of Gutride Safier LLP, which had previously been adverse to Netflix in a litigation entitled *Chavez v. Netflix*.  A true and correct copy of that subpoena is attached hereto as Exhibit D.

7.    On Thursday, September 7, 2006, counsel for Netflix contacted counsel for Blockbuster and proposed that Blockbuster agree to a system by which the parties could designate any confidential information of that party contained in documents produced pursuant to subpoena for confidentiality.  Counsel for Blockbuster did not agree to that proposal.  Counsel for Netflix further sought to meet and confer with counsel for Blockbuster regarding the overbreadth of the document requests involved in this motion for protective order.  Counsel for Blockbuster stated that he was unavailable to meet and confer on those requests at that time.  A true and correct copy of a letter memorializing that conversation is attached hereto as Exhibit E.

8.    Counsel for Netflix left counsel for Blockbuster a voicemail message on Monday, September 11, 2006, seeking again to meet and confer on the issues presented by this motion. Counsel for Blockbuster did not return that call on Monday.  A true and correct copy of a letter memorializing the attempts to contact counsel for Blockbuster and requesting a conference is attached hereto as Exhibit F.

9.    Counsel for Blockbuster and counsel for Netflix spoke on the afternoon of Tuesday, September 12.  Although counsel discussed several other matters relating to discovery in this case, counsel for Blockbuster once again stated that he was not able to meet and confer on the concerns that counsel for Netflix had with respect to the broad subpoenas that Blockbuster had served on the non-parties.  Counsel for Blockbuster committed to discuss that topic with counsel for Netflix at 11 a.m. on the following day.  A true and correct copy of a letter memorializing that conversation is attached hereto as Exhibit G.

10. Counsel for Netflix and counsel for Blockbuster spoke on Wednesday, September 13, at 11 a.m.  In that conversation, counsel disagreed on the relevance of the documents encompassed by the requests that Netflix challenges in this motion.  A true and correct copy of a letter memorializing that conversation is attached hereto as Exhibit H.

11. Blockbuster's requests to the various non-parties in this case request, among other things, documents relating to all of Netflix's on-line business plans, business proposals, strategies and projections, *see* Ex. B at Request No. 2; all of Netflix's financial statements, revenue statement, or financial or business projections, *see id.* at Request No. 1; any online rental service ever proposed or planned by Netflix, *see id.* at Request No. 5; all Netflix know-how regarding the distribution of videos or films on a subscription basis, *see id.* at Request No. 8.a; all communications with Netflix about any subscription cable or satellite television service or pay television service, *see id.* at Request No. 9.b; all communications with Netflix about any intellectual property it owns or claims, *see id.* at Request No. 4; how Netflix allocates movies among its customers when demand outstrips supply, *see id.* at Request Nos. 16-17; *see also* Ex. D at Request Nos. 1-7; and even all communications with Netflix on any subject whatsoever, *see* Ex. D at Request No. 8.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on this 3rd day of November, 2006, at San Francisco, California.


___/s/ Eugene M. Paige_____
EUGENE M. PAIGE