# EXHIBIT B

Dockets.Justia.com

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

__Central__ DISTRICT OF __California__

Netflix, Inc., a Delaware corporation

### SUBPOENA IN A CIVIL CASE

v.

Blockbuster Inc., a Delaware
corporation, DOES 1-50

Case Number:[1] C 06 2361 WHA
In the U.S. District Court for the
Northern District of California

TO:  Sony Pictures Entertainment Inc., 10202 West Washington Boulevard, Culver
     City, CA 90232-3195

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
   testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
   the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
   place, date, and time specified below (list documents or objects):
All documents and objects referred to in attached Exhibit A

| PLACE<br>Alschuler Grossman Stein & Kahan LLP<br>1620 26th St., Ste. 4000N<br>Santa Monica, CA 90404 | DATE AND TIME<br>September 8, 2006<br>9:00 A.M. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Blockbuster Inc. | August 25, 2006 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Alschuler Grossman Stein & Kahan LLP, William J. O'Brien, 1620 26th St., Ste.
4000N, Santa Monica CA 90404-4060

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number

AO-88

1  ALSCHULER GROSSMAN STEIN & KAHAN LLP
   Marshall B. Grossman (No. 35958)
2  William J. O'Brien (No. 99526)
   Tony D. Chen (No. 176635)
3  Dominique N. Thomas (No. 231464)
   The Water Garden
4  1620 26th Street
   Fourth Floor, North Tower
5  Santa Monica, CA 90404-4060
   Telephone: 310-907-1000
6  Facsimile: 310-907-2000
   Email: mgrossman@agsk.com
7         wobrien@agsk.com
          tchen@agsk.com
8         dthomas@agsk.com

9  Attorneys for Defendant and Counterclaimant,
   Blockbuster Inc.
10

11                 UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13

14  NETFLIX, INC., a Delaware corporation,        CASE NO. C 06 2361 WHA

15                 Plaintiff,                      **BLOCKBUSTER INC.'S
                                                   NOTICE OF ISSUANCE OF
16         vs.                                     SUBPOENA DUCES TECUM
                                                   TO SONY PICTURES
17  BLOCKBUSTER INC., a Delaware                   ENTERTAINMENT INC.**
    corporation, DOES 1-50,
18                                                 Date:    September 8, 2006
                   Defendants.                     Time:    9:00 A.M.
19                                                 Place:   Alschuler Grossman Stein & Kahan LLP
                                                            1620 26th Street, 4th Fl. No. Tower
20                                                          Santa Monica, CA 90404

21  ──────────────────────────────               Complaint Filed: April 4, 2006
    AND RELATED COUNTER ACTION.
22

23

24

25

26

27

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of

3   Civil Procedure, Defendant Blockbuster Inc. will issue the accompanying subpoena, which

4   requests that Sony Pictures Entertainment Inc. produce documents and things as specified in the

5   attachment to the subpoena.

6   DATED: August 25, 2006          ALSCHULER GROSSMAN STEIN & KAHAN
                                    LLP
7

8                                   By _____
9                                       William J. O'Brien
                                        Attorneys for Defendant and Counterclaimant,
10                                      Blockbuster Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

2

BLOCKBUSTER INC.'S NOTICE OF ISSUANCE
OF SDT TO SONY
C 06 2361 WHA

1

<u>**PROOF OF SERVICE**</u>

2

3

       I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is _____, CA _____

4

On August 25, 2006, I served a true copy of the within documents:

5

BLOCKBUSTER INC.'S NOTICE OF ISSUANCE OF SUBPOENA DUCES TECUM TO SONY PICTURES ENTERTAINMENT INC.

6

☑      by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

7

8

Jeffrey R. Chanin, Esq.           Tel:  415.391.5400
Daralyn J. Durie, Esq.            Fax:  415.397.7188
Dorothy McLaughlin, Esq.

9

Kevin T. Reed, Esq.            Attorneys for Plaintiff
Keker & Van Nest, LLP        Netflix, Inc.

10

710 Sansome Street
San Francisco, CA 94111-1704

11

12

       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

13

       Executed on this August 25, 2006.

14

15

16

_____
Signature

17

18

_____
Print Name

19

20

21

22

23

24

25

26

27

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

3

## EXHIBIT A TO SUBPOENA
## INSTRUCTIONS

1.    Words and phrases written in capital letters in this Exhibit have the specific meanings and definitions expressly assigned to them in the "DEFINITIONS" section below.

2.    In responding to this Subpoena, you must make a diligent search and furnish all requested DOCUMENTS in your possession, custody or control, including DOCUMENTS in the possession, custody or control of your agents, employees, representatives, attorneys or other persons or entities acting on your behalf or under your control.

3.    As provided in Rule 45(d)(1) of the Federal Rules of Civil Procedure, you must either produce the requested DOCUMENTS as they are kept in the usual course of business or organize and label them to correspond with the numbered categories set forth below.  If you produce DOCUMENTS as they are kept in the usual course of business, then they must include any files, envelopes, folders, separators, boxes, tabs, and labels used to identify or organize them and any form of organizational or descriptive device or indicator used in connection with any of the requested DOCUMENTS in the usual course of business.

4.    If you withhold any requested DOCUMENT on a claim that it is privileged or subject to protection as trial preparation materials, then, as

1

provided in Rule 45(d)(2) of the Federal Rules of Civil Procedure, you must make any such claim expressly and support the claim with a description of the nature of the DOCUMENTS withheld that is sufficient to enable the requesting party to contest the claim. Any such description should include, without limitation:

    a.    A specific statement of your grounds for withholding each requested DOCUMENT;

    b.    Identification by name, title, and company of the author of each such DOCUMENT, each recipient of each such DOCUMENT and each person who received a copy, as well as everyone who participated in its preparation;

    c.    The title and description of each requested DOCUMENT;

    d.    Its date;

    e.    The type of DOCUMENT;

    f.    The subject matter of the DOCUMENT; and

    g.    The current locations of the original and all copies of the DOCUMENT.

    5.    If any information has been redacted from any DOCUMENT produced pursuant to this Subpoena, you must identify that information and the basis or bases upon which such information was redacted.

2

6.    You need not produce any privileged DOCUMENT if you provide the counsel signing this Subpoena with a privilege log containing the information set forth in Paragraphs 4 and 5 above within fourteen days after service of the Subpoena. If it will be difficult to prepare the privilege log within that time, please promptly contact the counsel signing this Subpoena to discuss a reasonable extension of time.

## DEFINITIONS

"BLOCKBUSTER" means Blockbuster Inc. and all of its past and present officers, employees, attorneys, and agents.

"CHAVEZ V. NETFLIX" means the case of *Frank Chavez v. Netflix, Inc.*, San Francisco Superior Court Case No. CGC 04-434884, including any related proceedings, consolidated or coordinated cases, and cross-complaints.

"COMMUNICATIONS" means any communications of any kind whatsoever, whether oral, written, telephonic, electronic, or other.

"DOCUMENTS" includes COMMUNICATIONS and means any and all documents and tangible things of any description whatsoever, including, without limitation, all "writings," "recordings," "photographs," "original[s]," and "duplicate[s]" as defined in Rule 1001 of the Federal Rules of Evidence.

"NCR" means NCR Corporation and all of its past and present

3

officers, employees, attorneys, and agents.

"NCR PATENTS" means any and all of the following:

  a. U.S. Patent No. 5,699,526, entitled "Ordering and Downloading Resources from Computerized Repositories," which names as inventor David M. Siefert, issued December 16, 1997, on an application filed August 21, 1996;

  b. U.S. Patent No. 5,951,643, entitled "Mechanism for Dependably Organizing and Managing Information for Web Synchronization and Tracking Among Multiple Browsers," which names as inventors James A. Shelton, Michael I. Ingrassia, Jr., and Thomas M. Roland, issued September 14, 1999, on an application filed October 6, 1997;

  c. U.S. Patent No. 5,991,791, entitled "Security Aspects of Computer Resource Repositories," which names as inventor David M. Siefert, issued November 23, 1999, on an application filed January 10, 1997;

  d. U.S. Patent No. 6,026,403, entitled "Computer System for Management of Resources," which names as inventor

4

David M. Siefert, issued February 15, 2000, on an

application filed March 24, 1994;

e.     U.S. Patent No. 6,169,997, entitled "Method and

Apparatus for Forming Subject (Context) Map and

Presenting Internet Data According to the Subject Map,"

which names as inventors Karen A. Papierniak, James E.

Thaisz, Luo-Jen Chiang, and Paresh B. Shah, issued

January 2, 2001, on an application filed April 29, 1998;

f.     U.S. Patent No. 6,253,203, entitled "Privacy-Enhanced

Database," which names as inventors Kenneth W.

O'Flaherty, Richard G. Stellwagen, Jr., Todd A. Walter,

Reid M. Watts, David A Ramsey, Adriaan W.

Veldhuisen and Renda K. Ozden, issued June 26, 2001,

on an application filed October 2, 1998;

g.     U.S. Patent No. ,6,480,855 entitled "Managing a

Resource on a Network Where Each Resource Has an

Associated Profile with an Image," which names as

inventor David M. Siefert, issued November 12, 2002, on

an application filed August 22, 2000;

h.     U.S. Patent No. 6,502,096, entitled "Computerized Asset

5

Management System," which names as inventor David

M. Siefert, issued December 31, 2002, on an application

filed August 22, 2000;

i.    U.S. Patent No. 6,714,931, entitled "Method and

Apparatus for Forming User Sessions and Presenting

Internet Data According to the User Sessions," which

names as inventors Karen A. Papierniak, James E.

Thaisz, Luo-Jen Chiang, Anjali M. Diwekar, issued

March 30, 2004, on an application filed April 29, 1998;

and

j.    Any United States, foreign, or international patent or

patent application that NCR has ever asserted to be

infringed by NETFLIX has ever attempted to sell or

license to NETFLIX.

"NETFLIX" means Netflix, Inc., and all of its past and present

officers, employees, attorneys, and agents.

"NETFLIX PATENTS AND APPLICATIONS" means any United

States, foreign, or international patent or patent application ever owned, in whole

or in part, by NETFLIX, including:

a.    U.S. Patent No. 6,584,450, entitled "Method and

6

Apparatus for Renting Claims," which names as

inventors W. Reed Hastings, Marc B. Randolph, and Neil

Duncan Hunt, issued June 24, 2003, on an application

filed April 28, 2000;

b.     U.S. Patent No. 7,024,381, entitled "Approach for

Renting Items to Customers," which names as inventors

W. Reed Hastings, Marc B. Randolph, and Neil Duncan

Hunt, issued April 4, 2006, on an application filed May

14, 2003;

c.     U.S. Patent Application Serial No. 09/561,041, filed

April 28, 2000; and

d.     U.S. Patent Application Serial No. 10/438,727, filed

May 14, 2003.

"NETFLIX V. BLOCKBUSTER" means the case of *Netflix, Inc. v.*

*Blockbuster Inc.*, Case No. C 06 2361 in the United States District Court for the

Northern District of California, including all counterclaims in that case.

"NETFLIX V. NCR" means the case of *Netflix, Inc. v. NCR*

*Corporation*, Case No. C 06 1892 in the United States District Court for the

Northern District of California, including all counterclaims and defenses in that

case.

7

As used in this Exhibit, the singular includes the plural, and vice versa, and all verb tenses include the past, present and future tenses. The words "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Subpoena all DOCUMENTS that might otherwise be construed to be outside its scope.

## DOCUMENTS REQUESTED

1.    All financial statements, revenue statements, or financial or business projections received from NETFLIX.

2.    All DOCUMENTS evidencing, reflecting, or referring to NETFLIX's online business plans, business models, business proposals, strategies, or projections.

3.    All DOCUMENTS evidencing, reflecting, or referring to NETFLIX's competitive or market analyses.

4.    All DOCUMENTS evidencing, reflecting, or referring to COMMUNICATIONS with NETFLIX, or information received from NETFLIX about, NETFLIX PATENTS AND APPLICATIONS or any intellectual property owned or claimed by Netflix

5.    All DOCUMENTS evidencing, reflecting, or referring to the history, design, development, features, or operations of any online rental service

8

ever proposed, planned, or operated by Netflix.

      6.    All DOCUMENTS evidencing, reflecting, or referring to COMMUNICATIONS with NETFLIX before April 28, 1999, or information received from NETFLIX before April 28, 1999, about its "Marquee" program.

      7.    All DOCUMENTS evidencing, reflecting, or referring to COMMUNICATIONS with NETFLIX before April 28, 1999, or information received from NETFLIX before April 28, 1999, about any actual, planned, or potential subscription rental program.

      8.    All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, disclosure, or knowledge by NETFLIX of any of the following:

        a.    Distribution or circulation of videos or films on a subscription basis;

        b.    Distribution or circulation of music or audio on a subscription basis;

        c.    Distribution or circulation of books on a subscription basis;

        d.    Use of waiting lists, wish lists or reservation lists for video or item rental;

        e.    A movie rental queue or other item rental queue,

including, without limitation, any ordered list, associated

with a customer, of movies or items for rent, whether in

electronic digital form or otherwise.

f.     Movie rental in which a customer was not required to

return movies within a specified time;

g.     Movie rental with no late fee;

h.     A rental agreement that provided for a periodic fee;

i.     Rental of movies in which the number of movies

delivered to the customer and not yet returned did not

exceed a specified number;

j.     In response to receiving back any item provided to a

customer, selecting one or more other items for shipment

to the customer; or

k.     Providing rental items based on the order of a list

established by a customer.

9.     All COMMUNICATIONS with NETFLIX, or DOCUMENTS

received from NETFLIX, that refer to any of the following:

a.     Any subscription methods, systems, and publications

prior to NETFLIX's Marquee Program or prior to April

28, 1999;

10

      b.    HBO, Showtime, or any subscription cable or satellite television service or pay television service;

      c.    TiVo;

      d.    Webvan, Home Grocer.com, or any Internet grocery service;

      e.    Amazon.com;

      f.    Buy.com;

      g.    eBay; or

      h.    Priceline.

10.    All DOCUMENTS evidencing, reflecting, or referring to COMMUNICATIONS with NETFLIX, or information received from NETFLIX, about its assertion or exploitation of, or its plans with respect to asserting or exploiting, NETFLIX PATENTS AND APPLICATIONS.

11.    All DOCUMENTS evidencing, reflecting, or referring to COMMUNICATIONS with NETFLIX, or information received from NETFLIX, about the patentability or non-patentability of any invention, method, or product developed or claimed by NETFLIX.

12.    All DOCUMENTS evidencing, reflecting, or referring to COMMUNICATIONS with NETFLIX, or information received from NETFLIX, about any prior art related to NETFLIX PATENTS AND APPLICATIONS or

11

about any prior art related to any invention, method, or product developed or claimed by NETFLIX.

13. All DOCUMENTS evidencing, reflecting, or referring to COMMUNICATIONS with NETFLIX, or information received from NETFLIX, about NETFLIX V. BLOCKBUSTER.

14. All DOCUMENTS evidencing, reflecting, or referring to COMMUNICATIONS with NETFLIX, or information received from NETFLIX, about NETFLIX V. NCR.

15. All DOCUMENTS evidencing, reflecting, or referring to COMMUNICATIONS with NETFLIX, or information received from NETFLIX, about NCR PATENTS.

16. All DOCUMENTS evidencing, reflecting, or referring to COMMUNICATIONS with NETFLIX, or information received from NETFLIX, about CHAVEZ V. NETFLIX.

17. All DOCUMENTS evidencing, reflecting, or referring to any use by NETFLIX of any practices known or described as "throttling," including, without limitation, any variation in the speed or priority of fulfilling a customer's rental request based, in whole or in part, in the number or frequency of items rented by the customer.

18. All DOCUMENTS evidencing, reflecting, or referring to

12

COMMUNICATIONS with NETFLIX, or information received from NETFLIX, about BLOCKBUSTER, including, without limitation, BLOCKBUSTER's online service.