# EXHIBIT C

Dockets.Justia.com

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

__Northern__   DISTRICT OF __California__

Netflix, Inc., a Delaware corporation

### SUBPOENA IN A CIVIL CASE

v.

Blockbuster Inc., a Delaware
corporation, DOES 1-50

Case Number:[1]  C 06 2361 WHA

TO:  Hickman Palermo Truong & Becker LLP, 2055 Gateway Place, Suite 550, San
Jose, CA 95110

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):
All documents and objects referred to in attached Exhibit A

| PLACE<br>Grossman & Cotter, 117 California Street, Suite<br>D201, Palo Alto, CA 94306 | DATE AND TIME<br>September 8, 2006<br>8:30 A.M. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Blockbuster Inc. | August 25, 2006 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Alschuler Grossman Stein & Kahan LLP, William J. O'Brien, 1620 26th St., Ste.
4000N, Santa Monica CA 90404-4060

(See Rule 45, Federal Rules of Civil Procedure. parts C & D on reverse)

[1] If action is pending in district other than district of issuance. state district under case number

AO-88

1     ALSCHULER GROSSMAN STEIN & KAHAN LLP
      Marshall B. Grossman (No. 35958)
2     William J. O'Brien (No. 99526)
      Tony D. Chen (No. 176635)
3     Dominique N. Thomas (No. 231464)
      The Water Garden
4     1620 26th Street
      Fourth Floor, North Tower
5     Santa Monica, CA 90404-4060
      Telephone: 310-907-1000
6     Facsimile: 310-907-2000
      Email: mgrossman@agsk.com
7              wobrien@agsk.com
               tchen@agsk.com
8              dthomas@agsk.com

9     Attorneys for Defendant and Counterclaimant,
      Blockbuster Inc.

10

11                 UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14   NETFLIX, INC., a Delaware corporation, | CASE NO. C 06 2361 WHA |
| 15              Plaintiff, | **BLOCKBUSTER INC.'S** |
| 16     vs. | **NOTICE OF ISSUANCE OF SUBPOENA DUCES TECUM TO HICKMAN PALERMO TRUONG & BECKER LLP** |
| 17   BLOCKBUSTER INC., a Delaware corporation, DOES 1-50, | |
| 18            Defendants. | Date:     September 8, 2006 |
| 19 | Time:     8:30 A.M. |
| 20 | Place:    Grossman & Cotter 117 California Street, Suite D201 Palo Alto, CA 94306 |
| 21 | Complaint Filed: April 4, 2006 |
| 22   AND RELATED COUNTER ACTION. | |

23

24

25

26

27

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

BLOCKBUSTER INC.'S NOTICE OF ISSUANCE
OF SDT TO HICKMAN
C 06 2361 WHA

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of

3    Civil Procedure, Defendant Blockbuster Inc. will issue the accompanying subpoena, which

4    requests that Hickman Palermo Truong & Becker LLP produce documents and things as specified

5    in the attachment to the subpoena.

6    DATED: August 25, 2006                    ALSCHULER GROSSMAN STEIN & KAHAN
                                               LLP
7

8                                              By
9                                                 William J. O'Brien
10                                               Attorneys for Defendant and Counterclaimant,
                                               Blockbuster Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP                    2                    BLOCKBUSTER INC 'S NOTICE OF ISSUANCE
                                                  OF SDT TO HICKMAN
                                                  C 06 2361 WHA

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is _____, _____, CA _____.

On August 25, 2006, I served a true copy of the within documents:

BLOCKBUSTER INC.'S NOTICE OF ISSUANCE OF SUBPOENA DUCES TECUM TO HICKMAN PALERMO TRUONG & BECKER LLP

☑    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Jeffrey R. Chanin, Esq.            Tel:   415.391.5400
Daralyn J. Durie, Esq.             Fax:   415.397.7188
Dorothy McLaughlin, Esq.
Kevin T. Reed, Esq.                Attorneys for Plaintiff
Keker & Van Nest, LLP              Netflix, Inc.
710 Sansome Street
San Francisco, CA 94111-1704

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on this August 25, 2006.

_____
Signature

_____
Print Name

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP                          3                    BLOCKBUSTER INC 'S NOTICE OF ISSUANCE
                                                        OF SDT TO HICKMAN
                                                        C 06 2361 WHA

## EXHIBIT A TO SUBPOENA

## <u>INSTRUCTIONS</u>

1.   Words and phrases written in capital letters in this Exhibit have the specific meanings and definitions expressly assigned to them in the "DEFINITIONS" section below.

2.   In responding to this Subpoena, you must make a diligent search and furnish all requested DOCUMENTS in your possession, custody or control, including DOCUMENTS in the possession, custody or control of your agents, employees, representatives, attorneys or other persons or entities acting on your behalf or under your control.

3.   As provided in Rule 45(d)(1) of the Federal Rules of Civil Procedure, you must either produce the requested DOCUMENTS as they are kept in the usual course of business or organize and label them to correspond with the numbered categories set forth below.  If you produce DOCUMENTS as they are kept in the usual course of business, then they must include any files, envelopes, folders, separators, boxes, tabs, and labels used to identify or organize them and any form of organizational or descriptive device or indicator used in connection with any of the requested DOCUMENTS in the usual course of business.

4.   If you withhold any requested DOCUMENT on a claim that it is privileged or subject to protection as trial preparation materials, then, as

1

provided in Rule 45(d)(2) of the Federal Rules of Civil Procedure, you must make any such claim expressly and support the claim with a description of the nature of the DOCUMENTS withheld that is sufficient to enable the requesting party to contest the claim. Any such description should include, without limitation:

        a.     A specific statement of your grounds for withholding each requested DOCUMENT;

        b.     Identification by name, title, and company of the author of each such DOCUMENT, each recipient of each such DOCUMENT and each person who received a copy, as well as everyone who participated in its preparation;

        c.     The title and description of each requested DOCUMENT;

        d.     Its date;

        e.     The type of DOCUMENT;

        f.     The subject matter of the DOCUMENT; and

        g.     The current locations of the original and all copies of the DOCUMENT.

    5.     If any information has been redacted from any DOCUMENT produced pursuant to this Subpoena, you must identify that information and the basis or bases upon which such information was redacted.

6.    You need not produce any privileged DOCUMENT if you provide the counsel signing this Subpoena with a privilege log containing the information set forth in Paragraphs 4 and 5 above within fourteen days after service of the Subpoena. If it will be difficult to prepare the privilege log within that time, please promptly contact the counsel signing this Subpoena to discuss a reasonable extension of time.

## DEFINITIONS

"'041 APPLICATION" means U.S. Patent Application Serial Number 09/561,041, including any amendments of that application.

"'727 APPLICATION" means U.S. Patent Application Serial Number 10/438,727, including any amendments of that application.

"'381 PATENT" means United States Patent No. 7,024,381.

"'450 PATENT" means United States Patent No. 6,584,450.

"BLOCKBUSTER" means Blockbuster Inc. and all of its past and present officers, employees, attorneys, and agents.

"CLAIMED FEATURE" means any feature recited in any claim of either the '450 PATENT or the '381 PATENT.

"COMMUNICATIONS" means any communications of any kind whatsoever, whether oral, written, telephonic, electronic, or other.

3

"DOCUMENTS" includes COMMUNICATIONS and means any and all documents and tangible things of any description whatsoever, including, without limitation, all "writings," "recordings," "photographs," "original[s]," and "duplicate[s]" as defined in Rule 1001 of the Federal Rules of Evidence.

"NCR" means NCR Corporation and all of its past and present officers, employees, attorneys, and agents.

"NCR PATENTS" means any and all of the following:

    a.    U.S. Patent No. 5,699,526, entitled "Ordering and Downloading Resources from Computerized Repositories," which names as inventor David M. Siefert, issued December 16, 1997, on an application filed August 21, 1996;

    b.    U.S. Patent No. 5,951,643, entitled "Mechanism for Dependably Organizing and Managing Information for Web Synchronization and Tracking Among Multiple Browsers," which names as inventors James A. Shelton, Michael I. Ingrassia, Jr., and Thomas M. Roland, issued September 14, 1999, on an application filed October 6, 1997;

    c.    U.S. Patent No. 5,991,791, entitled "Security Aspects of

4

Computer Resource Repositories," which names as

inventor David M. Siefert, issued November 23, 1999, on

an application filed January 10, 1997;

d.    U.S. Patent No. 6,026,403, entitled "Computer System

for Management of Resources," which names as inventor

David M. Siefert, issued February 15, 2000, on an

application filed March 24, 1994;

e.    U.S. Patent No. 6,169,997, entitled "Method and

Apparatus for Forming Subject (Context) Map and

Presenting Internet Data According to the Subject Map,"

which names as inventors Karen A. Papierniak, James E.

Thaisz, Luo-Jen Chiang, and Paresh B. Shah, issued

January 2, 2001, on an application filed April 29, 1998;

f.    U.S. Patent No. 6,253,203, entitled "Privacy-Enhanced

Database," which names as inventors Kenneth W.

O'Flaherty, Richard G. Stellwagen, Jr., Todd A. Walter,

Reid M. Watts, David A Ramsey, Adriaan W.

Veldhuisen and Renda K. Ozden, issued June 26, 2001,

on an application filed October 2, 1998;

g.    U.S. Patent No. ,6,480,855 entitled "Managing a

5

Resource on a Network Where Each Resource Has an
Associated Profile with an Image," which names as
inventor David M. Siefert, issued November 12, 2002, on
an application filed August 22, 2000;

h.    U.S. Patent No. 6,502,096, entitled "Computerized Asset
Management System," which names as inventor David
M. Siefert, issued December 31, 2002, on an application
filed August 22, 2000;

i.    U.S. Patent No. 6,714,931, entitled "Method and
Apparatus for Forming User Sessions and Presenting
Internet Data According to the User Sessions," which
names as inventors Karen A. Papierniak, James E.
Thaisz, Luo-Jen Chiang, Anjali M. Diwekar, issued
March 30, 2004, on an application filed April 29, 1998;
and

j.    Any United States, foreign, or international patent or
patent application that NCR has ever asserted to be
infringed by NETFLIX has ever attempted to sell or
license to NETFLIX.

"NETFLIX" means Netflix, Inc., and all of its past and present

6

officers, employees, attorneys, and agents.

"NETFLIX V. BLOCKBUSTER" means the case of *Netflix, Inc. v. Blockbuster Inc.*, Case No. C 06 2361 in the United States District Court for the Northern District of California, including all counterclaims in that case.

"NETFLIX V. NCR" means the case of *Netflix, Inc. v. NCR Corporation*, Case No. C 06 1892 in the United States District Court for the Northern District of California, including all counterclaims and defenses in that case.

"PERSON UNDER A DUTY OF CANDOR" means any and all of:

    a.    W. Reed Hastings, Neil Duncan Hunt, and Marc B. Randolph;

    b.    David Hyman and Charlotte Falla;

    c.    Christopher J. Palermo and Edward A. Becker;

    d.    All attorneys and agents who prepared or prosecuted the '041 APPLICATION or '727 APPLICATION; and

    e.    Every other person who was substantively involved in the preparation or prosecution of the '041 APPLICATION or '727 APPLICATION and who was associated with an inventor, with the assignee or with anyone to whom there was an obligation to assign the

7

application.

"SUBJECT INVENTION" means any invention disclosed or claimed in the '450 PATENT or the '381 PATENT.

"SUBJECT PATENT OR APPLICATION" means any and all of: the '450 PATENT; the '381 PATENT; the '041 APPLICATION and '727 APPLICATION; any U.S., foreign, or international patent application claiming priority of the '041 APPLICATION or '727 APPLICATION or of any application from which either of them claims priority; and any U.S., foreign, or international patent application in which Netflix has or had an interest that discloses or claims any features recited in a claim of either or both of the '450 or '381 patents.

As used in this Exhibit, the singular includes the plural, and vice versa, and all verb tenses include the past, present and future tenses.  The words "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Subpoena all DOCUMENTS that might otherwise be construed to be outside its scope.

## DOCUMENTS REQUESTED

1.    All DOCUMENTS submitted to or received from the United States Patent and Trademark Office in connection with the '041 APPLICATION or '450 PATENT.

8

2.    All DOCUMENTS submitted to or received from the United States Patent and Trademark Office in connection with the '727 APPLICATION or '381 PATENT.

3.    All DOCUMENTS submitted to or received from the United States Patent and Trademark Office or any other patent office or agency in connection with any SUBJECT PATENT OR APPLICATION.

4.    All files for any SUBJECT PATENT or APPLICATION.

5.    All DOCUMENTS evidencing, reflecting or referring to any assertion of, or attempt to license, any SUBJECT APPLICATION OR PATENT.

6.    All DOCUMENTS evidencing, reflecting or referring to any reason or justification for not asserting the '450 PATENT before April 4, 2006.

7.    All DOCUMENTS evidencing, reflecting or referring to infringement or noninfringement of the '450 PATENT or the '381 PATENT.

8.    All DOCUMENTS evidencing, reflecting or referring to validity or invalidity of the '450 PATENT or the '381 PATENT.

9.    All DOCUMENTS evidencing, reflecting or referring to the scope of the '450 PATENT or the '381 PATENT or any aspect of the construction of any claim of either patent.

10.    All DOCUMENTS evidencing, reflecting or referring to the scope of any SUBJECT APPLICATION OR PATENT or any aspect of the

9

construction of any claim of any such application or patent.

11.    All DOCUMENTS evidencing, reflecting or referring to the patentability or unpatentability of any SUBJECT APPLICATION OR PATENT or of any claim of any such application or patent.

12.    All DOCUMENTS evidencing, reflecting or referring to the patentability or unpatentability of any method performed by NETFLIX or of any related apparatus or computer-readable medium.

13.    All DOCUMENTS evidencing, reflecting or referring to COMMUNICATIONS between W. Reed Hastings and Edward Stead concerning any SUBJECT PATENT or APPLICATION.

14.    All DOCUMENTS evidencing, reflecting or referring to COMMUNICATIONS between NETFLIX and BLOCKBUSTER concerning any SUBJECT PATENT or APPLICATION.

15.    All DOCUMENTS evidencing, reflecting or referring to COMMUNICATIONS concerning any patent rights, patent license, or patent infringement related to any SUBJECT APPLICATION OR PATENT.

16.    All DOCUMENTS evidencing, reflecting or referring to COMMUNICATIONS concerning any patent rights, patent license, or patent infringement related to BLOCKBUSTER or Blockbuster Online.

17.    All DOCUMENTS evidencing, reflecting or referring to any

10

business plans, business description, slides, handouts, or presentations created or used before April 28, 1999, in connection with any effort by NETFLIX to obtain financing.

18.    All DOCUMENTS evidencing, reflecting or referring to any business plans, business description, slides, handouts, or presentations created or used before April 28, 1999, in connection with any effort by NETFLIX to sell any interest in its business or company.

19.    All DOCUMENTS evidencing, reflecting or referring to any business plans, business description, slides, handouts, or presentations created or used before April 28, 1999, in connection with any effort by NETFLIX to obtain any alliance, partnership, or joint venture.

20.    All DOCUMENTS evidencing, reflecting or referring to business plans, business descriptions, slides, handouts, or presentations provided by NETFLIX, before April 28, 1999, to any of the following:

    a.    AOL LLC

    b.    Best Buy Co., Inc.

    c.    Fox Entertainment Group, Inc.

    d.    Microsoft Corporation

    e.    NBC Universal, Inc.

    f.    Paramount Pictures Corporation

> g.   Sony Pictures Entertainment Inc.
>
> h.   The Walt Disney Company
>
> i.   Warner Bros. Entertainment Inc.
>
> j.   YAHOO! Inc.

21.    All DOCUMENTS received from Wal-Mart, or constituting, recording, referring to, or evidencing any COMMUNICATION with Wal-Mart, concerning any NETFLIX patent or patent application.

22.    All DOCUMENTS evidencing, reflecting or referring to HBO, Showtime, or any subscription cable or satellite television service or pay television service in existence before April 28, 1999, or evidencing, reflecting or referring to any knowledge thereof by NETFLIX or any PERSON UNDER A DUTY OF CANDOR at any time before April 4, 2006.

23.    All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of providing to a customer up to a specified number of items indicated by item selection criteria in the desired order indicated by the item selection criteria.

24.    All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of providing to a customer one or more items indicated by item selection criteria in the desired order indicated by the item selection criteria.

25.    All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of item selection criteria specifying one or more preferred item attributes.

26.    All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of automatically selecting and providing a customer up to a specified number of items that had one or more preferred item attributes specified by item selection criteria.

27.    All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of, after providing a customer with up to a specified number of items, automatically selecting and providing to the customer one or more other items that had one or more preferred item attributes specified by item selection criteria.

28.    All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of any item rental queue.

29.    All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of, in response to a specified date being reached, providing a customer a second set of one or more items indicated by item selection criteria.

30.    All DOCUMENTS evidencing, reflecting or referring to any

13

use, practice, description, or disclosure, prior to April 28, 1999, of, in response to a specified fee being received, providing a customer a second set of one or more items indicated by item selection criteria.

31. DOCUMENTS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of providing rental items to a customer by mail.

32. DOCUMENTS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of providing rental items to a customer by a delivery agent.

33. DOCUMENTS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of renting movies.

34. DOCUMENTS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of renting games.

35. All DOCUMENTS evidencing, reflecting or referring to any use, practice, description or disclosure of any SUBJECT INVENTION or CLAIMED FEATURE at any time before April 28, 1999, or evidencing, reflecting or referring to any knowledge thereof by NETFLIX or any PERSON UNDER A DUTY OF CANDOR at any time before April 4, 2006.

36. All DOCUMENTS in existence before April 28, 1999, that describe, refer to or evidence any SUBJECT INVENTION or CLAIMED

14

FEATURE.

37.    All DOCUMENTS evidencing, reflecting or referring to TiVo or referring to or evidencing any knowledge of TiVo by NETFLIX or any PERSON UNDER A DUTY OF CANDOR at any time before April 4, 2006.

38.    All DOCUMENTS evidencing, reflecting or referring to Webvan, Home Grocer.com, or any Internet grocery service in existence before April 28, 1999, or referring to or evidencing any knowledge thereof by NETFLIX or any PERSON UNDER A DUTY OF CANDOR of at any time before April 4, 2006.

39.    All DOCUMENTS evidencing, reflecting or referring to Amazon.com or referring to or evidencing any knowledge of Amazon.com by NETFLIX or any PERSON UNDER A DUTY OF CANDOR at any time before April 4, 2006.

40.    All DOCUMENTS evidencing, reflecting or referring to eBay or referring to or evidencing any knowledge of eBay by NETFLIX or any PERSON UNDER A DUTY OF CANDOR at any time before April 4, 2006.

41.    All DOCUMENTS evidencing, reflecting or referring to any distribution or circulation of videos or films on a subscription basis before April 28, 1999, or referring to or evidencing any knowledge thereof by NETFLIX or any PERSON UNDER A DUTY OF CANDOR at any time before April 4, 2006.

42.    All DOCUMENTS evidencing, reflecting or referring to any distribution or circulation of music or audio on a subscription basis before April 28, 1999, or referring to or evidencing any knowledge thereof by NETFLIX or any PERSON UNDER A DUTY OF CANDOR at any time before April 4, 2006.

43.    All DOCUMENTS evidencing, reflecting or referring to any distribution or circulation of books on a subscription basis before April 28, 1999, or evidencing, reflecting or referring to any knowledge thereof by NETFLIX or any PERSON UNDER A DUTY OF CANDOR at any time before April 4, 2006.

44.    All DOCUMENTS evidencing, reflecting or referring to any use of waiting or reservation lists for video rental before April 28, 1999, or evidencing, reflecting or referring to any knowledge thereof by NETFLIX or any PERSON UNDER A DUTY OF CANDOR at any time before April 4, 2006.

45.    All DOCUMENTS evidencing, reflecting or referring to submission of any prior art reference or other information to the United States Patent and Trademark Office or any other patent office or agency in connection with any SUBJECT APPLICATION OR PATENT.

46.    All DOCUMENTS evidencing, reflecting or referring to any failure or omission to submit any prior art reference or other information to the United States Patent and Trademark Office in connection with the '041 APPLICATION or '450 PATENT.

16

47.    All DOCUMENTS evidencing, reflecting or referring to any failure or omission to submit any prior art reference or other information to the United States Patent and Trademark Office in connection with the '727 APPLICATION or '381 PATENT.

48.    All DOCUMENTS evidencing, reflecting or referring to any failure or omission to submit any prior art reference or other information to the United States Patent and Trademark Office or any other patent office or agency in connection with any SUBJECT APPLICATION OR PATENT.

49.    All DOCUMENTS evidencing, reflecting or referring to any reason or justification for submitting or not submitting any prior art reference or other information to the United States Patent and Trademark Office in connection with the '041 APPLICATION or '450 PATENT.

50.    All DOCUMENTS evidencing, reflecting or referring to any reason or justification for submitting or not submitting any prior art reference or other information to the United States Patent and Trademark Office in connection with the '727 APPLICATION or '381 PATENT.

51.    All DOCUMENTS evidencing, reflecting or referring to any reason or justification for submitting or not submitting any prior art reference or other information to the United States Patent and Trademark Office or any other patent office or agency in connection with any SUBJECT APPLICATION OR

17

PATENT.

52.   All DOCUMENTS evidencing, reflecting or referring to any failure or omission by NETFLIX to submit any prior art reference or other information to the United States Patent and Trademark Office or any other patent office or agency.

53.   All DOCUMENTS evidencing, reflecting or referring to any failure or omission by NETFLIX or any PERSON UNDER A DUTY OF CANDOR to submit any prior art reference or other information to the United States Patent and Trademark Office or any other patent office or agency.

54.   All DOCUMENTS evidencing, reflecting or referring to any use, description or disclosure, prior to April 28, 1999, of any computer-implemented rental of movies to a customer.

55.   DOCUMENTS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of any computer-implemented rental of movies to customers.

56.   DOCUMENTS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of providing electronic digital information that caused one of more attributes of movies to be displayed.

57.   All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of a movie rental

18

queue.

58.   All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of a movie rental queue associated with a customer.

59.   All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of a movie rental queue comprising an ordered list.

60.   All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of a movie rental queue in electronic digital form.

61.   All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of a movie rental queue established from electronic digital information received over the Internet.

62.   All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of causing delivery to a customer of up to a certain number of movies based on the order of a list.

63.   All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of movie rental in which a customer was not required to return movies within a specified time associated with delivery.

64.   All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of, in response to one or more delivery criteria being satisfied, selecting a movie based on the order of a list and causing it to be delivered.

65.   All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of, in response to electronic digital information received from the customer over the Internet, electronically updating a movie rental queue.

66.   DOCUMENTS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of a rental agreement that provided for a periodic fee.

67.   DOCUMENTS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of establishing a rental agreement over the Internet.

68.   All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of shipping a movie only if a fee was current.

69.   DOCUMENTS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of any computer system for renting movies.

70.    DOCUMENTS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of renting movies using a computer coupled to a digital telecommunications network.

71.    DOCUMENTS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of renting movies using a computer coupled to a digital telecommunications network.

72.    DOCUMENTS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of renting movies using a computer with electronic digital memory.

73.    DOCUMENTS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of renting movies using a computer with programs stored in memory causing the computer to perform steps.

74.    All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of updating a movie rental queue by changing the order of two or more movies for rental to a customer.

75.    All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of updating a movie rental queue by indicating an additional movie in an ordered list.

76.    All DOCUMENTS evidencing, reflecting or referring to any

21

use, practice, description, or disclosure, prior to April 28, 1999, of updating a movie rental queue by removing an indication of one or more movies from the ordered list.

77.    DOCUMENTS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of any computer-implemented method in which two or more movies for renting to a customer are selected by a customer.

78.    All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of determining the order of two or more movies based upon one or more preferences of a customer.

79.    DOCUMENTS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of any delivery of a selected movie by mail.

80.    DOCUMENTS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of any delivery of a selected movie by mail on one or more optical media.

81.    All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of, in response to receipt of a movie by mail, selecting another movie and causing it to be delivered to a customer.

82.   All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of any computer-implemented rental of movies in which the number of movies delivered to the customer and not yet returned did not exceed a specified number.

83.   All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of electronically updating a movie rental queue response to electronic digital information indicating that delivery criteria were satisfied.

84.   All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of electronically updating a movie rental queue in response to electronic digital information comprising selection criteria.

85.   DOCUMENTS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of rental of any of motion pictures, television series, documentaries, cartoons, music videos, video recordings of concert performances, instructional programs, or educational programs.

86.   DOCUMENTS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of receiving one or more item selection criteria that indicated one or more items a customer desired to rent.

87.   DOCUMENTS sufficient to fully describe any use, practice,

23

description, or disclosure, prior to April 28, 1999, of providing a customer up to a specified number of items indicated by one or more selection criteria.

88. DOCUMENTS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of, in response to receiving one or more items provided to a customer, providing the customer one or more other items indicated by one or more item selection criteria.

89. All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of any rental of items to a customer in which the total current number of items provided to the customer did not exceed a specified number.

90. All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of any rental of items to a customer in which the total current number of items provided to the customer did not exceed a specified limit.

91. DOCUMENTS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of renting movies.

92. DOCUMENTS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of a computer-readable medium for renting items to customers.

93. DOCUMENTS sufficient to fully describe any use, practice,

description, or disclosure, prior to April 28, 1999, of a computer-readable medium for renting items to customers that carried one or more sequences of instructions.

94.    DOCUMENTS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of instructions that, when executed by one or more processors, caused one or more of them to perform steps for renting items to customers.

95.    DOCUMENTS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of an apparatus for renting items to customers, the apparatus including one or more processors.

96.    DOCUMENTS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of an apparatus for renting items to customers, the apparatus including a memory communicatively coupled to the one or more processors, the memory including one or more sequences of one or more instructions which, when executed by the one or more processors, caused the one or more processors to perform steps.

97.    DOCUMENTS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of an apparatus for renting items to customers comprising an item rental mechanism configured to perform steps.

98.    All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of any rental of

items to customers in which a total number of items provided to the customer within a specified period of time did not exceed a specified limit.

99.    All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of any rental of items to customers in which a total number of items provided to the customer within a specified period of time did not exceed a specified number.

100.    All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of any rental of items to customers in which if the total number of items provided to the customer within a specified period of time was less than a specified limit, there was an increase in the specified limit for another period of time.

101.    All DOCUMENTS evidencing, reflecting or referring to any use, practice, description, or disclosure, prior to April 28, 1999, of item selection criteria that indicated a desired order for items that a customer desired to rent.

102.    All DOCUMENTS evidencing, reflecting, or referring to NCR PATENTS.

103.    All DOCUMENTS evidencing, reflecting, or referring to COMMUNICATIONS between NCR and NETFLIX.

104.    All DOCUMENTS evidencing, reflecting, or referring to NETFLIX V. NCR.

105.  All DOCUMENTS evidencing, reflecting, or referring to NETFLIX V. BLOCKBUSTER.

106.  All DOCUMENTS evidencing, reflecting, or referring to any facts or information contained in Netflix's Response to Blockbuster's First Set of Interrogatories or Netflix's Response to Blockbuster's First Set of Interrogatories, including Attachment A to that Response and Amended Response.

107.  All DOCUMENTS referred to or used in any way in connection with Netflix's Response to Blockbuster's First Set of Interrogatories or Netflix's Response to Blockbuster's First Set of Interrogatories, including Attachment A to that Response and Amended Response..

108.  All DOCUMENTS referred to or used in any way in connection with the Verification signed by Christopher J. Palermo attached to Netflix's Response to Blockbuster's first Set of Interrogatories and Netflix's Amended Response to Blockbuster's First Set of Interrogatories.

27