# EXHIBIT D

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

Northern DISTRICT OF California

Netflix, Inc., a Delaware corporation

**SUBPOENA IN A CIVIL CASE**

v.

Blockbuster Inc., a Delaware corporation, DOES 1-50

Case Number: C 06 2361 WHA

TO: Gutride Safier LLP, 835 Douglass Street, San Francisco, CA 94114

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | |
|  | DATE AND TIME |
|  | |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  | |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
All documents and objects referred to in attached Exhibit A

| PLACE | DATE AND TIME |
| --- | --- |
| Grossman & Cotter, 117 California St., Suite D 201 Palo Alto, CA 94306 | September 8, 2006 4:30 P.M. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature] Attorney for Blockbuster Inc. | August 25, 2006 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Alschuler Grossman Stein & Kahan LLP, William J. O'Brien, 1620 26th St., Ste. 4000N, Santa Monica CA 90404-4060

(See Rule 45. Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number

AO-88

ALSCHULER GROSSMAN STEIN & KAHAN LLP
Marshall B. Grossman (No. 35958)
William J. O'Brien (No. 99526)
Tony D. Chen (No. 176635)
Dominique N. Thomas (No. 231464)
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA 90404-4060
Telephone: 310-907-1000
Facsimile: 310-907-2000
Email: mgrossman@agsk.com
       wobrien@agsk.com
       tchen@agsk.com
       dthomas@agsk.com

Attorneys for Defendant and Counterclaimant,
Blockbuster Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BLOCKBUSTER INC., a Delaware corporation, DOES 1-50,<br><br>Defendants.<br><br>AND RELATED COUNTER ACTION. | CASE NO. C 06 2361 WHA<br><br>**BLOCKBUSTER INC.'S NOTICE OF ISSUANCE OF SUBPOENA DUCES TECUM TO GUTRIDE SAFIER LLP**<br><br>Date: September 8, 2006<br>Time: 4:30 P.M.<br>Place: Grossman & Cotter<br>       117 California Street, Suite D201<br>       Palo Alto, CA 94306<br><br>Complaint Filed: April 4, 2006 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Blockbuster Inc. will issue the accompanying subpoena, which requests that Gutride Safier LLP produce documents and things as specified in the attachment to the subpoena.

DATED: August 25, 2006

ALSCHULER GROSSMAN STEIN & KAHAN LLP

By *[signature]*
William J. O'Brien
Attorneys for Defendant and Counterclaimant,
Blockbuster Inc.

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is _____, _____, CA _____.
On August 25, 2006, I served a true copy of the within documents:

BLOCKBUSTER INC.'S NOTICE OF ISSUANCE OF SUBPOENA DUCES TECUM TO GUTRIDE SAFIER LLP

☑ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

| | |
|---|---|
| Jeffrey R. Chanin, Esq. | Tel:  415.391.5400 |
| Daralyn J. Durie, Esq. | Fax:  415.397.7188 |
| Dorothy McLaughlin, Esq. | |
| Kevin T. Reed, Esq. | Attorneys for Plaintiff |
| Keker & Van Nest, LLP | Netflix, Inc. |
| 710 Sansome Street | |
| San Francisco, CA 94111-1704 | |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on this August 25, 2006.

_____
Signature

_____
Print Name

# EXHIBIT A TO SUBPOENA

## INSTRUCTIONS

1. Words and phrases written in capital letters in this Exhibit have the specific meanings and definitions expressly assigned to them in the "DEFINITIONS" section below.

2. In responding to this Subpoena, you must make a diligent search and furnish all requested DOCUMENTS in your possession, custody or control, including DOCUMENTS in the possession, custody or control of your agents, employees, representatives, attorneys or other persons or entities acting on your behalf or under your control.

3. As provided in Rule 45(d)(1) of the Federal Rules of Civil Procedure, you must either produce the requested DOCUMENTS as they are kept in the usual course of business or organize and label them to correspond with the numbered categories set forth below. If you produce DOCUMENTS as they are kept in the usual course of business, then they must include any files, envelopes, folders, separators, boxes, tabs, and labels used to identify or organize them and any form of organizational or descriptive device or indicator used in connection with any of the requested DOCUMENTS in the usual course of business.

4. If you withhold any requested DOCUMENT on a claim that it is privileged or subject to protection as trial preparation materials, then, as

1

provided in Rule 45(d)(2) of the Federal Rules of Civil Procedure, you must make any such claim expressly and support the claim with a description of the nature of the DOCUMENTS withheld that is sufficient to enable the requesting party to contest the claim. Any such description should include, without limitation:

    a.    A specific statement of your grounds for withholding each requested DOCUMENT;

    b.    Identification by name, title, and company of the author of each such DOCUMENT, each recipient of each such DOCUMENT and each person who received a copy, as well as everyone who participated in its preparation;

    c.    The title and description of each requested DOCUMENT;

    d.    Its date;

    e.    The type of DOCUMENT;

    f.    The subject matter of the DOCUMENT; and

    g.    The current locations of the original and all copies of the DOCUMENT.

5.    If any information has been redacted from any DOCUMENT produced pursuant to this Subpoena, you must identify that information and the basis or bases upon which such information was redacted.

6. You need not produce any privileged DOCUMENT if you provide the counsel signing this Subpoena with a privilege log containing the information set forth in Paragraphs 4 and 5 above within fourteen days after service of the Subpoena. If it will be difficult to prepare the privilege log within that time, please promptly contact the counsel signing this Subpoena to discuss a reasonable extension of time.

## DEFINITIONS

"BLOCKBUSTER" means Blockbuster Inc. and all of its past and present officers, employees, attorneys, and agents.

"CHAVEZ V. NETFLIX" means the case of *Frank Chavez v. Netflix, Inc.*, San Francisco Superior Court Case No. CGC 04-434884, including any related proceedings, consolidated or coordinated cases, and cross-complaints.

"COMMUNICATIONS" means any communications of any kind whatsoever, whether oral, written, telephonic, electronic, or other.

"DOCUMENTS" includes COMMUNICATIONS and means any and all documents and tangible things of any description whatsoever, including, without limitation, all "writings," "recordings," "photographs," "original[s]," and "duplicate[s]" as defined in Rule 1001 of the Federal Rules of Evidence.

"NETFLIX" means Netflix, Inc., and all of its past and present

officers, employees, attorneys, and agents.

"NETFLIX PATENTS AND APPLICATIONS" means any United States, foreign, or international patent or patent application ever owned, in whole or in part, by NETFLIX, including:

    a.    U.S. Patent No. 6,584,450, entitled "Method and Apparatus for Renting Claims," which names as inventors W. Reed Hastings, Marc B. Randolph, and Neil Duncan Hunt, issued June 24, 2003, on an application filed April 28, 2000;

    b.    U.S. Patent No. 7,024,381, entitled "Approach for Renting Items to Customers," which names as inventors W. Reed Hastings, Marc B. Randolph, and Neil Duncan Hunt, issued April 4, 2006, on an application filed May 14, 2003;

    c.    U.S. Patent Application Serial No. 09/561,041, filed April 28, 2000; and

    d.    U.S. Patent Application Serial No. 10/438,727, filed May 14, 2003.

"NETFLIX V. BLOCKBUSTER" means the case of *Netflix, Inc. v. Blockbuster Inc.*, Case No. C 06 2361 in the United States District Court for the

Northern District of California, including all counterclaims in that case.

"NETFLIX V. NCR" means the case of *Netflix, Inc. v. NCR Corporation*, Case No. C 06-1892 in the United States District Court for the Northern District of California, including all counterclaims and defenses in that case.

As used in this Exhibit, the singular includes the plural, and vice versa, and all verb tenses include the past, present and future tenses. The words "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Subpoena all DOCUMENTS that might otherwise be construed to be outside its scope.

## DOCUMENTS REQUESTED

1. All DOCUMENTS filed or lodged with the court in CHAVEZ V. NETFLIX, served on any party, person, or entity as part of CHAVEZ V. NETFLIX, or produced for inspection, formally or informally, in connection with that case.

2. All interrogatories, requests for production, and requests for admission served in CHAVEZ V. NETFLIX and all responses thereto, including all DOCUMENTS produced.

3. All transcripts or other records of any discovery, hearings, or

other proceedings in CHAVEZ V. NETFLIX.

4. All DOCUMENTS evidencing, reflecting, or referring to COMMUNICATIONS between the parties in CHAVEZ V. NETFLIX or their respective counsel.

5. All DOCUMENTS evidencing, reflecting, or referring to terms or conditions of any settlement of CHAVEZ V. NETFLIX.

6. All DOCUMENTS evidencing, reflecting, or referring to settlement negotiations concerning CHAVEZ V. NETFLIX.

7. All DOCUMENTS evidencing, reflecting, or referring to any use by NETFLIX of any practices known or described as "throttling," including, without limitation, any variation in the speed or priority of fulfilling a customer's rental request based, in whole or in part, in the number or frequency of items rented by the customer.

8. All DOCUMENTS evidencing, reflecting, or referring to COMMUNICATIONS with NETFLIX or information received from NETFLIX.

9. All DOCUMENTS evidencing, reflecting, or referring to NETFLIX PATENTS AND APPLICATIONS.

10. All DOCUMENTS evidencing, reflecting, or referring to NETFLIX V. BLOCKBUSTER.

11. All DOCUMENTS evidencing, reflecting, or referring to

NETFLIX V. NCR.