# EXHIBIT E

LAW OFFICES

# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

EUGENE M. PAIGE
EPAIGE@KVN.COM

September 7, 2006

**VIA FACSIMILE**

William J. O'Brien, Esq.
Alschuler Grossman Stein & Kahan LLP
1620 26th Street, 4th Floor, North Tower
Santa Monica, CA 90404-4060
Facsimile: 310-907-2000

    Re:    *Netflix, Inc. v. Blockbuster, Inc.*, Case No. C-06-2361 WHA;
           United States District Court for the Northern District of California

Dear Bill:

    I write to follow up on our telephone conversation of today.

    In that conversation, I discussed Netflix's proposal that the parties stipulate that, when a non-party is subpoenaed to produce documents originating from, or containing information provided by, one party, that party shall have ten days after receipt of the documents to review and designate any documents containing its confidential information with appropriate designations set forth in the protective order that is entered in this case. During that ten day period, the subpoenaing party would treat the documents as attorneys' eyes only. I understand that Blockbuster's position is that it cannot offer a response to that proposal until next Monday because its client contact is unavailable.

    Although I attempted today to discuss Netflix's objections to the breadth of some of the categories of documents requested in Blockbuster's subpoenas, you responded that you were not in a position to meet and confer because you did not have those subpoenas in front of you and that you were feeling poorly and planning to leave your office shortly.

    As I explained on our call, the need for prompt resolution of these issues stems from Blockbuster's decision to issue numerous subpoenas 13 days ago that are set for return tomorrow, September 8. I share your desire to seek a constructive and cooperative resolution of the issues rather than resort to motions practice that might be avoided. Unfortunately, the short-fuse timing of the return dates that Blockbuster chose to place on its subpoenas makes that difficult.

380056.01

William O'Brien, Esq.
September 7, 2006
Page 2

    Accordingly, I propose the following: if Blockbuster will agree not to argue that Netflix has waived any rights that it may have by not filing a motion for protective order on the September 8 return date (which is also 14 days after issuance of the subpoenas), we are willing to meet and confer on these issues either tomorrow or on Monday, and Netflix will not file any motion for protective order earlier than next Tuesday, September 12. If Blockbuster is not willing to agree to that proposal, Netflix will be forced to file its motion for protective order tomorrow in order to protect its interests and those of its business partners that have been subjected to broad subpoenas from Blockbuster with little time accorded to respond.

    Please let me know at your earliest convenience tomorrow whether this proposal would be acceptable so that we may know whether or not we need to file a motion to preserve Netflix's position. Thank you for your attention to this matter, and I do hope that you are feeling better.

                                        Sincerely,

                                        Eugene M. Paige