# EXHIBIT B
# (Part 1 of 3)

Dockets.Justia.com

1   ALSCHULER GROSSMAN STEIN & KAHAN LLP
    Marshall B. Grossman (No. 35958)
2   William J. O'Brien (No. 99526)
    Tony D. Chen (No. 176635)
3   Dominique N. Thomas (No. 231464)
    The Water Garden
4   1620 26th Street
    Fourth Floor, North Tower
5   Santa Monica, CA  90404-4060
    Telephone:  310-907-1000
6   Facsimile:  310-907-2000
    Email:  mgrossman@agsk.com
7        wobrien@agsk.com
         tchen@agsk.com
8        dthomas@agsk.com

9   Attorneys for Defendant and Counterclaimant,
    Blockbuster Inc.

RECEIVED

4 2006

KEKER & VAN NEST

10

UNITED STATES DISTRICT COURT

11

NORTHERN DISTRICT OF CALIFORNIA

12

13

14  NETFLIX, INC., a Delaware corporation,        CASE NO. C 06 2361 WHA

        Plaintiff,

15                                               **BLOCKBUSTER INC.'S
                                                 RESPONSE TO NETFLIX'S
16      vs.                                      FIRST SET OF REQUESTS FOR
                                                 THE PRODUCTION OF
17  BLOCKBUSTER INC., a Delaware                 DOCUMENTS**
    corporation, DOES 1-50,

18      Defendants.

19  ─────────────────────────────────           Complaint Filed:  April 4, 2006

20  AND RELATED COUNTER ACTION.

21

22  PROPOUNDING PARTY:        PLAINTIFF NETFLIX, INC,

23  RESPONDING PARTY:         DEFENDANT BLOCKBUSTER, INC.

24  SET NO. :                 ONE

25

26

27

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    Defendant and Counterclaimant, Blockbuster Inc. ("Blockbuster"),

2  responds to Plaintiff and Counterclaim Defendant Netflix, Inc. ("Netflix")'s First

3  Set of Requests for Production of Documents to Blockbuster (the "Requests").

4

5  ## GENERAL OBJECTIONS

6    1.    Blockbuster objects to the Requests insofar as they attempt to

7  impose any requirement greater than or different from those imposed by the Federal

8  Rules of Civil Procedure or any applicable Local Rules, Patent Local Rules or

9  Orders of the Court.  Blockbuster will not comply with any attempt to impose

10  obligations not supported by proper authority.

11    2.    Blockbuster has not completed discovery in this case and has

12  not had the opportunity to interview or depose all potential witnesses to relevant

13  facts.  Blockbuster will continue to gather and analyze information, documents, and

14  other evidence.  Blockbuster therefore reserves the right to introduce, refer to, and

15  use any information, documents, or other evidence hereafter discovered or

16  produced in this case and to amend, supplement, or correct these responses.

17    3.    Blockbuster objects to the Requests to the extent they request

18  production of documents or things containing communications or other matters

19  protected by the attorney-client privilege, the attorney-work-product doctrine, or

20  any other applicable privilege or immunity.  Blockbuster's production pursuant to

21  the Requests shall not include any documents protected by such privileges or

22  immunities, and any inadvertent production of such documents and things is not

23  intended to be, and shall not be deemed, a waiver of such privilege or immunity.

24  Blockbuster does not interpret these Requests to seek attorney work product or

25  attorney-client privileged communications after this litigation was commenced, and

26  such documents will not be produced or listed on Blockbuster's privilege log.

27    4.    Blockbuster objects to the Requests insofar as they request

28  disclosure of opinions of counsel or other materials referred to in Patent Local

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  Rule 3-8 before the deadline set forth in the Court's Scheduling Order.

2         5.     Blockbuster objects to the Requests to the extent that they seek

3  trade secrets or confidential or proprietary information, including any information

4  as to which Blockbuster is under a confidentiality obligation to a third party.

5  Blockbuster will produce such information only subject to an appropriate protective

6  order.

7         6.     Blockbuster objects to the Requests to the extent they request

8  the production of documents and things that may invade any constitutional or

9  statutory right to privacy of Blockbuster employees, or former employees, or

10  others.

11         7.     Blockbuster objects to the Requests to the extent they request

12  production of documents generated or received by expert witnesses or consultants

13  retained by counsel for Blockbuster or communications with such persons. Such

14  documents will be produced only pursuant to the procedures set forth in Rule

15  26(a)(2) of the Federal Rules of Civil Procedure and the dates set forth in the

16  Court's Scheduling Order.

17         8.     Blockbuster objects to the demand in the Requests that

18  requested items be produced within thirty days from service of the Requests and be

19  produced at the offices of Netflix's counsel in San Francisco. This timing and

20  location are unreasonable, unduly burdensome, and impractical given the nature

21  and volume of the materials requested and the number, scope, and complexity of

22  the Requests. Blockbuster will instead produce documents at a mutually

23  convenient time and place.

24         9.     An agreement by Blockbuster to search for and produce

25  responsive documents does not mean that such documents exist. Such a response

26  means that Blockbuster will produce responsive documents that it can locate with

27  reasonable diligence and that are not otherwise protected from disclosure.

28  ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

2

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1          10.    Blockbuster objects to the Requests insofar as they ask

2   Blockbuster to produce any document that it has already provided to Netflix in this

3   case or that Blockbuster has received from Netflix. Blockbuster intends to exclude

4   such documents from production.

5          11.    Blockbuster objects to Netflix's definition and use of the term

6   "BLOCKBUSTER" on the grounds that the definition is vague, ambiguous,

7   overbroad, unduly burdensome, oppressive, and harassing, and results in requests

8   for documents and things that are irrelevant and not likely to lead to the discovery

9   of admissible evidence. For example, Netflix's definition includes, not only

10   Blockbuster Inc., but predecessor companies and joint ventures that have nothing to

11   do with any issue in this case, along with many thousands of long-departed

12   employees, agents, officers, directors, representatives, consultants, accountants, and

13   attorneys who had nothing to do with any issue in this case. In responding to these

14   Requests, Blockbuster interprets and limits "BLOCKBUSTER" to mean

15   Blockbuster Inc.

16          12.    Blockbuster objects to Netflix's definition and use of the term

17   "BLOCKBUSTERONLINE" on the grounds that the definition is contradictory,

18   vague, and ambiguous as to whether it is limited to Blockbuster's online rental

19   service known as "Blockbuster Online" or also includes other services (for

20   example, DVD Rental Central). Netflix's numbered requests are also inconsistent

21   as to whether DVD Rental Central is part of or separate from

22   "BLOCKBUSTERONLINE." This definition is further vague and ambiguous as to

23   whether, if it does include services other than Blockbuster Online, it includes such

24   services as of all times when they existed or only during times when they were

25   owned and operated by Blockbuster. In responding to these Requests, Blockbuster

26   interprets and limits "BLOCKBUSTERONLINE" to mean Blockbuster's online

27   DVD rental service known as "Blockbuster Online."

28   ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

3

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

13.    Blockbuster objects to Netflix's definition and use of the term "NETFLIX" on the grounds that the definition is vague, ambiguous, overbroad, unduly burdensome, oppressive, and harassing, and results in requests for documents and things that are irrelevant and not likely to lead to the discovery of admissible evidence.  For example, Netflix's definition includes affiliates, joint ventures, and past and present employees, agents, officers, directors, representatives, consultants, accountants, and attorneys who have not been identified by Netflix and are not known to Blockbuster.  In responding to these Requests, Netflix interprets and limits "NETFLIX" to mean Netflix, Inc.

14.    Blockbuster objects to Netflix's definition and use of the term "ACCENTURE" on the grounds that the definition is vague, ambiguous, overbroad, unduly burdensome, oppressive, and harassing, and results in requests for documents and things that are irrelevant and not likely to lead to the discovery of admissible evidence.  For example, Netflix's definition includes predecessor and successor companies, affiliates, parents, and joint ventures of Accenture, Inc., as well as past and present employees, agents, directors, representatives, consultants, accountants and attorneys of Accenture, Inc., or of such other entities, who are not known to Blockbuster, have had no dealings with Blockbuster, and have no connection to any issue in this case.  In responding the Requests, Blockbuster interprets and limits "ACCENTURE" to mean Accenture, Inc.

15.    Blockbuster objects to Netflix's definition and use of the term "IBM" on the grounds that the definition is vague, ambiguous, overbroad, unduly burdensome, oppressive, and harassing, and results in requests for documents and things that are irrelevant and not likely to lead to the discovery of admissible evidence.  For example, Netflix's definition includes predecessor and successor companies, affiliates, parents, and joint ventures of International Business Machines Corporation, as well as past and present employees, agents, directors, representatives, consultants, accountants and attorneys of International Business

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

4

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    Machines Corporation, or of such other entities, who are not known to Blockbuster,

2    have had no dealings with Blockbuster, and have no connection to any issue in this

3    case. In responding the Requests, Blockbuster interprets and limits "IBM" to mean

4    International Business Machines Corporation.

5              16.    Blockbuster objects to Netflix's definition and use of the term

6    "ON-LINE" on the grounds that the definition is vague, ambiguous, overbroad,

7    unduly burdensome, oppressive, and harassing, and results in requests for

8    documents and things that are irrelevant and not likely to lead to the discovery of

9    admissible evidence. For example, Netflix's definition as stated would include

10    anything accomplished using a computer in a Blockbuster store – or anywhere

11    else – if that computer is connected to the Internet. The definition would also

12    include anything accomplished by a store employee using a cellular telephone or a

13    Personal Digital Assistant (such as a Blackberry or Treo device) connected to the

14    Internet. Netflix's definition would even include anything "accomplished through"

15    use by a Blockbuster store customer of a cellular telephone or PDA connected to

16    the Internet. Further, the term "accomplished through," as used in Netflix's

17    definition of "ON-LINE," is vague and ambiguous. It would be impossible for

18    Blockbuster to determine what activities conducted in its thousands of stores –

19    including many franchised stores – were "ON-LINE" within Netflix's stated

20    definition, let alone what activities of third parties fell within that definition. In

21    responding to the Requests, Blockbuster will interpret and limit "ON-LINE" to

22    mean "accomplished through visiting a site on the World Wide Web and

23    transmitting instructions to that site over the Web."

24              17.    Blockbuster objects to Netflix's definition and use of the term

25    "RELATING TO" on the grounds that the definition is vague, ambiguous,

26    overbroad, unduly burdensome, oppressive, and harassing, and results in requests

27    for documents and things that are irrelevant and not likely to lead to the discovery

28    of admissible evidence. Taken as set forth by Netflix, Netflix's Requests

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

5

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  containing the term "RELATING TO" ask for literally every document ever created

2  by or received by or in connection with Blockbuster Online, as well as an

3  impossibly vast number of other documents and things.  Accordingly, Blockbuster

4  will interpret and limit its responses to particular requests that use "RELATING

5  TO" as set forth below.

6

7  **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

8  **REQUEST FOR PRODUCTION NO. 1:**

9      All DOCUMENTS RELATING TO BLOCKBUSTER's potentially

10  engaging in, or not engaging in, the business of the ON-LINE rental of DVDs,

11  movies, video games, or other media, through any means.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

13      Each of Blockbuster's General Objections is incorporated here by

14  reference.  Blockbuster specifically objects to this request to the extent it seeks

15  documents that are protected by the attorney-client privilege, the attorney work-

16  product doctrine, or any other applicable privilege or immunity and to the extent

17  that it seeks documents that are confidential or proprietary.  Blockbuster further

18  specifically objects to this request on the grounds that it is vague, ambiguous,

19  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

20  calculated to lead to the discovery of admissible evidence in this case, and is

21  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

22  The bases for these objections include, without limitation, this request's use of the

23  terms "BLOCKBUSTER," "ON-LINE," and "RELATING TO."

24      Subject to and without waiving the foregoing objections, Blockbuster

25  will conduct a reasonable and diligent search for non-privileged, non-work-product

26  documents discussing whether Blockbuster Inc. should enter the online rental

27  business and will produce such documents so located that have not already been

28  produced in this case.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

6

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO existing or prospective competition from any source in, or with, the business of renting DVDs, movies, video games, or other media ON-LINE, including but not limited to competition from or with Netflix, or any other company that engages in or that might engage in such competition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Each of Blockbuster's General Objections is incorporated here by reference.  Blockbuster specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary.  Blockbuster further specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure. The bases for these objections include, without limitation, this request's use of the terms "ON-LINE" and "RELATING TO."

Subject to and without waiving the foregoing objections, Blockbuster will conduct a reasonable and diligent search for non-privileged, non-work-product documents referring to competition in or with online media rental and will produce such documents so located that have not already been produced in this case.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS RELATING to potential revenues from engaging in the business of renting DVDs, movies, video games, or other media ON-LINE, including but not limited to any assessment of gross margins, profitability, or viability of such a business.

///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

7

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Each of Blockbuster's General Objections is incorporated here by reference.  Blockbuster specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary.  Blockbuster further specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.  The bases for these objections include, without limitation, this request's use of the terms "ON-LINE" and "RELATING TO."

Subject to and without waiving the foregoing objections, Blockbuster will conduct a reasonable and diligent search for non-privileged, non-work-product projections and discussions of expected gross margins, profitability, or viability of an online media rental business and will produce such documents so located that have not already been produced in this case.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS RELATING TO the delivery of DVDs, movies, video games, or other media to customers, including without limitation delivery through the U.S Mail, by private carriers such as Federal Express, UPS, or DHL, or by any other means.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Each of Blockbuster's General Objections is incorporated here by reference.  Blockbuster specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary.  Blockbuster further

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

8

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  specifically objects to this request on the grounds that it is vague, ambiguous,

2  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

3  calculated to lead to the discovery of admissible evidence in this case, and is

4  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

5  The bases for these objections include, without limitation, this request's use of the

6  term "RELATING TO."

7        Subject to and without waiving the foregoing objections, Blockbuster

8  will conduct a reasonable and diligent search for non-privileged, non-work-product

9  documents sufficient to show the means by which Blockbuster Online delivers

10  DVDs and will produce such documents so located that have not already been

11  produced in this case.

12  **REQUEST FOR PRODUCTION NO. 5:**

13        All DOCUMENTS RELATING TO the actual or potential delivery of

14  movies, video games, or other media to customers through broadband internet

15  delivery, including but not limited to subscription services.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

17        Each of Blockbuster's General Objections is incorporated here by

18  reference.  Blockbuster specifically objects to this request to the extent it seeks

19  documents that are protected by the attorney-client privilege, the attorney work-

20  product doctrine, or any other applicable privilege or immunity and to the extent

21  that it seeks documents that are confidential or proprietary.  Blockbuster further

22  specifically objects to this request on the grounds that it is vague, ambiguous,

23  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

24  calculated to lead to the discovery of admissible evidence in this case, and is

25  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

26  The bases for these objections include, without limitation, this request's use of the

27  term "RELATING TO."

28        Subject to and without waiving the foregoing objections, Blockbuster

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

9

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  will conduct a reasonable and diligent search for non-privileged, non-work-product

2  documents sufficient to describe existing and contemplated Internet download and

3  streaming of video and Blockbuster's contemplation of and participation in any

4  such delivery and will produce such documents so located that have not already

5  been produced in this case.

6  **REQUEST FOR PRODUCTION NO. 6:**

7      All DOCUMENTS RELATING TO the actual or potential delivery of

8  movies, video games, or other media to customers over cable networks, including

9  but not limited to video on demand.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

11      Each of Blockbuster's General Objections is incorporated here by

12  reference. Blockbuster specifically objects to this request to the extent it seeks

13  documents that are protected by the attorney-client privilege, the attorney work-

14  product doctrine, or any other applicable privilege or immunity and to the extent

15  that it seeks documents that are confidential or proprietary. Blockbuster further

16  specifically objects to this request on the grounds that it is vague, ambiguous,

17  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

18  calculated to lead to the discovery of admissible evidence in this case, and is

19  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

20  The bases for these objections include, without limitation, this request's use of the

21  term "RELATING TO."

22      Subject to and without waiving the foregoing objections, Blockbuster

23  will conduct a reasonable and diligent search for non-privileged, non-work-product

24  documents sufficient to describe existing and contemplated video-on-demand cable

25  services, pay television and cable subscription networks and Blockbuster's

26  contemplation of and participation in any such delivery and will produce such

27  documents so located that have not already been produced in this case.

28  ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP
                    10          BLOCKBUSTER'S RESPONSES TO NETFLIX'S
                                FIRST SET OF REQUESTS FOR PRODUCTION
                                C 06 2361 WHA

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS RELATING TO actual or potential methods known to BLOCKBUSTER for renting DVDs, movies, video games, or other media on a subscription basis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Each of Blockbuster's General Objections is incorporated here by reference. Blockbuster specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Blockbuster further specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure. The bases for these objections include, without limitation, this request's use of the terms "BLOCKBUSTER" and "RELATING TO."

Subject to and without waiving the foregoing objections, Blockbuster will conduct a reasonable and diligent search for non-privileged, non-work-product documents sufficient to reasonably describe actual or potential methods known to Blockbuster for renting DVDs, movies, video games, or other media on a subscription basis and will produce such documents so located that have not already been produced in this case.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS RELATING TO research conducted by or on behalf of BLOCKBUSTER in connection with its design, development, implementation and operation of BLOCKBUSTERONLINE, including without limitation trade research, market research, and consumer research.

///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

11

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

2         Each of Blockbuster's General Objections is incorporated here by

3  reference. Blockbuster specifically objects to this request to the extent it seeks

4  documents that are protected by the attorney-client privilege, the attorney work-

5  product doctrine, or any other applicable privilege or immunity and to the extent

6  that it seeks documents that are confidential or proprietary. Blockbuster further

7  specifically objects to this request on the grounds that it is vague, ambiguous,

8  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

9  calculated to lead to the discovery of admissible evidence in this case, and is

10  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

11  The bases for these objections include, without limitation, this request's use of the

12  terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," and "RELATING TO."

13         Subject to and without waiving the foregoing objections, Blockbuster

14  will conduct a reasonable and diligent search for non-privileged, non-work-product

15  documents sufficient to reasonably describe any trade research, market research,

16  and consumer research conducted by Blockbuster Inc. in connection with its design,

17  development, implementation and operation of Blockbuster Online and will

18  produce such documents so located that have not already been produced in this

19  case.

20  **REQUEST FOR PRODUCTION NO. 9:**

21         All DOCUMENTS RELATING TO actual or potential competition

22  between BLOCKBUSTER's IN-STORE and ON-LINE rental services, including

23  but not limited to strategic plans, forecasts, projections, business plans, reports,

24  analyses and research.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

26         Each of Blockbuster's General Objections is incorporated here by

27  reference. Blockbuster specifically objects to this request to the extent it seeks

28  documents that are protected by the attorney-client privilege, the attorney work-

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

12

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  product doctrine, or any other applicable privilege or immunity and to the extent

2  that it seeks documents that are confidential or proprietary.  Blockbuster further

3  specifically objects to this request on the grounds that it is vague, ambiguous,

4  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

5  calculated to lead to the discovery of admissible evidence in this case, and is

6  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

7  The bases for these objections include, without limitation, this request's use of the

8  terms "BLOCKBUSTER," "ON-LINE," and "RELATING TO."

9            Subject to and without waiving the foregoing objections, Blockbuster

10  will conduct a reasonable and diligent search for non-privileged, non-work-product

11  documents sufficient to reasonably describe competition with Blockbuster Inc.

12  (including with Blockbuster Online) and will produce such documents so located

13  that have not already been produced in this case.

14  **REQUEST FOR PRODUCTION NO. 10:**

15            All DOCUMENTS RELATING TO DVDRentalCentral, including

16  without limitation the potential and actual acquisition, and operation, of

17  DVDRentalCentral.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

19            Each of Blockbuster's General Objections is incorporated here by

20  reference.  Blockbuster specifically objects to this request to the extent it seeks

21  documents that are protected by the attorney-client privilege, the attorney work-

22  product doctrine, or any other applicable privilege or immunity and to the extent

23  that it seeks documents that are confidential or proprietary.  Blockbuster further

24  specifically objects to this request on the grounds that it is vague, ambiguous,

25  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

26  calculated to lead to the discovery of admissible evidence in this case, and is

27  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

28  The bases for these objections include, without limitation, this request's use of the

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

13

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  term "RELATING TO."

2         Subject to and without waiving the foregoing objections, Blockbuster

3  will conduct a reasonable and diligent search for non-privileged, non-work-product

4  documents sufficient to reasonably describe any acquisition and operation of DVD

5  Rental Central and will produce such documents so located that have not already

6  been produced in this case.

7  **REQUEST FOR PRODUCTION NO. 11:**

8         All DOCUMENTS RELATING TO the total revenue that

9  BLOCKBUSTER has realized, directly or indirectly, from its operation of

10  BLOCKBUSTERONLINE.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

12         Each of Blockbuster's General Objections is incorporated here by

13  reference.  Blockbuster specifically objects to this request to the extent it seeks

14  documents that are protected by the attorney-client privilege, the attorney work-

15  product doctrine, or any other applicable privilege or immunity and to the extent

16  that it seeks documents that are confidential or proprietary.  Blockbuster further

17  specifically objects to this request on the grounds that it is vague, ambiguous,

18  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

19  calculated to lead to the discovery of admissible evidence in this case, and is

20  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

21  The bases for these objections include, without limitation, this request's use of the

22  terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," and "RELATING TO."

23         Subject to and without waiving the foregoing objections, Blockbuster

24  will conduct a reasonable and diligent search for non-privileged, non-work-product

25  documents sufficient to reasonably describe revenue from Blockbuster Online and

26  will produce such documents so located that have not already been produced in this

27  case.

28  ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

14

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  **REQUEST FOR PRODUCTION NO. 12:**

2      All of BLOCKBUSTER's income statements since January 1, 2000.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

4      Each of Blockbuster's General Objections is incorporated here by

5  reference. Blockbuster specifically objects to this request to the extent it seeks

6  documents that are protected by the attorney-client privilege, the attorney work-

7  product doctrine, or any other applicable privilege or immunity and to the extent

8  that it seeks documents that are confidential or proprietary. Blockbuster further

9  specifically objects to this request on the grounds that it is vague, ambiguous,

10  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

11  calculated to lead to the discovery of admissible evidence in this case, and is

12  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

13  The bases for these objections include, without limitation, this request's use of the

14  term "BLOCKBUSTER." Blockbuster also objects to this request's failure to

15  specify the dates or time periods to be covered by the requested documents.

16      Subject to and without waiving the foregoing objections, Blockbuster

17  will conduct a reasonable and diligent search for non-privileged, non-work-product

18  documents sufficient to reasonably describe Blockbuster Inc.'s income since

19  January 1, 2000, and will produce such documents so located that have not already

20  been produced in this case.

21  **REQUEST FOR PRODUCTION NO. 13:**

22      All of BLOCKBUSTER's balance sheets since January 1, 2000.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

24      Each of Blockbuster's General Objections is incorporated here by

25  reference. Blockbuster specifically objects to this request to the extent it seeks

26  documents that are protected by the attorney-client privilege, the attorney work-

27  product doctrine, or any other applicable privilege or immunity and to the extent

28  that it seeks documents that are confidential or proprietary. Blockbuster further

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

15

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1   specifically objects to this request on the grounds that it is vague, ambiguous,

2   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

3   calculated to lead to the discovery of admissible evidence in this case, and is

4   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

5   The bases for these objections include, without limitation, this request's use of the

6   term "BLOCKBUSTER." Blockbuster also objects to this request's failure to

7   specify the dates or time periods to be covered by the requested documents.

8           Subject to and without waiving the foregoing objections, Blockbuster

9   will conduct a reasonable and diligent search for non-privileged, non-work-product

10  documents sufficient to reasonably describe Blockbuster Inc.'s assets and liabilities

11  since January 1, 2000, and will produce such documents so located that have not

12  already been produced in this case.

13  **REQUEST FOR PRODUCTION NO. 14:**

14          All of BLOCKBUSTER's profit and loss statements since January 1,

15  2000.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

17          Each of Blockbuster's General Objections is incorporated here by

18  reference. Blockbuster specifically objects to this request to the extent it seeks

19  documents that are protected by the attorney-client privilege, the attorney work-

20  product doctrine, or any other applicable privilege or immunity and to the extent

21  that it seeks documents that are confidential or proprietary. Blockbuster further

22  specifically objects to this request on the grounds that it is vague, ambiguous,

23  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

24  calculated to lead to the discovery of admissible evidence in this case, and is

25  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

26  The bases for these objections include, without limitation, this request's use of the

27  term "BLOCKBUSTER." Blockbuster also objects to this request's failure to

28  specify the dates or time periods to be covered by the requested documents.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

16

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    Subject to and without waiving the foregoing objections, Blockbuster

2    will conduct a reasonable and diligent search for non-privileged, non-work-product

3    documents sufficient to reasonably describe Blockbuster Inc.'s profits and losses

4    since January 1, 2000, and will produce such documents so located that have not

5    already been produced in this case.

6    **REQUEST FOR PRODUCTION NO. 15:**

7    All income statements RELATING TO BLOCKBUSTERONLINE.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

9    Each of Blockbuster's General Objections is incorporated here by

10    reference. Blockbuster specifically objects to this request to the extent it seeks

11    documents that are protected by the attorney-client privilege, the attorney work-

12    product doctrine, or any other applicable privilege or immunity and to the extent

13    that it seeks documents that are confidential or proprietary. Blockbuster further

14    specifically objects to this request on the grounds that it is vague, ambiguous,

15    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

16    calculated to lead to the discovery of admissible evidence in this case, and is

17    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

18    The bases for these objections include, without limitation, this request's use of the

19    terms "BLOCKBUSTERONLINE" and "RELATING TO."

20    Subject to and without waiving the foregoing objections, Blockbuster

21    will conduct a reasonable and diligent search for non-privileged, non-work-product

22    documents sufficient to reasonably describe income attributed to Blockbuster

23    Online in the accounting of Blockbuster Inc., and will produce such documents so

24    located that have not already been produced in this case.

25    **REQUEST FOR PRODUCTION NO. 16:**

26    All balance sheets RELATING TO BLOCKBUSTERONLINE.

27    **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

28    Each of Blockbuster's General Objections is incorporated here by

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

17

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    reference.  Blockbuster specifically objects to this request to the extent it seeks

2    documents that are protected by the attorney-client privilege, the attorney work-

3    product doctrine, or any other applicable privilege or immunity and to the extent

4    that it seeks documents that are confidential or proprietary.  Blockbuster further

5    specifically objects to this request on the grounds that it is vague, ambiguous,

6    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

7    calculated to lead to the discovery of admissible evidence in this case, and is

8    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

9    The bases for these objections include, without limitation, this request's use of the

10   terms "BLOCKBUSTERONLINE" and "RELATING TO."

11          Subject to and without waiving the foregoing objections, Blockbuster

12   will conduct a reasonable and diligent search for non-privileged, non-work-product

13   documents sufficient to reasonably describe assets and liabilities attributed to

14   Blockbuster Online in the accounting of Blockbuster Inc. and will produce such

15   documents so located that have not already been produced in this case.

16   **REQUEST FOR PRODUCTION NO. 17:**

17          All profit and loss statements RELATING TO

18   BLOCKBUSTERONLINE.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

20          Each of Blockbuster's General Objections is incorporated here by

21   reference.  Blockbuster specifically objects to this request to the extent it seeks

22   documents that are protected by the attorney-client privilege, the attorney work-

23   product doctrine, or any other applicable privilege or immunity and to the extent

24   that it seeks documents that are confidential or proprietary.  Blockbuster further

25   specifically objects to this request on the grounds that it is vague, ambiguous,

26   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

27   calculated to lead to the discovery of admissible evidence in this case, and is

28   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

18

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    The bases for these objections include, without limitation, this request's use of the

2    terms "BLOCKBUSTERONLINE" and "RELATING TO."

3          Subject to and without waiving the foregoing objections, Blockbuster

4    will conduct a reasonable and diligent search for non-privileged, non-work-product

5    documents sufficient to reasonably describe profits and losses attributed to

6    Blockbuster Online in the accounting of Blockbuster Inc. and will produce such

7    documents so located that have not already been produced in this case.

8    **REQUEST FOR PRODUCTION NO. 18:**

9          All of BLOCKBUSTER's quarterly and annual audited financial

10   statements and annual reports, including all corresponding notes and schedules,

11   since January 1, 2000.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

13         Each of Blockbuster's General Objections is incorporated here by

14   reference.  Blockbuster specifically objects to this request to the extent it seeks

15   documents that are protected by the attorney-client privilege, the attorney work-

16   product doctrine, or any other applicable privilege or immunity and to the extent

17   that it seeks documents that are confidential or proprietary.  Blockbuster further

18   specifically objects to this request on the grounds that it is vague, ambiguous,

19   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

20   calculated to lead to the discovery of admissible evidence in this case, and is

21   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

22   The bases for these objections include, without limitation, this request's use of the

23   term "BLOCKBUSTER."

24         Subject to and without waiving the foregoing objections, Blockbuster

25   will produce all its quarterly and annual financial statements and accompanying

26   documents filed with the Securities and Exchange Commission since January 1,

27   2000, that have not already been produced in this case.

28   ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

19

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    **REQUEST FOR PRODUCTION NO. 19**

2            DOCUMENTS sufficient to describe fully BLOCKBUSTER's

3    recordkeeping and accounting methods, books and records as they relate to

4    BLOCKBUSTERONLINE.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

6            Each of Blockbuster's General Objections is incorporated here by

7    reference. Blockbuster specifically objects to this request to the extent it seeks

8    documents that are protected by the attorney-client privilege, the attorney work-

9    product doctrine, or any other applicable privilege or immunity and to the extent

10   that it seeks documents that are confidential or proprietary. Blockbuster further

11   specifically objects to this request on the grounds that it is vague, ambiguous,

12   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

13   calculated to lead to the discovery of admissible evidence in this case, and is

14   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

15   The bases for these objections include, without limitation, this request's use of the

16   terms "BLOCKBUSTER" and "BLOCKBUSTERONLINE."

17           Subject to and without waiving the foregoing objections, Blockbuster

18   will produce all its quarterly and annual financial statements and accompanying

19   documents filed with the Securities and Exchange Commission since January 1,

20   2000, that have not already been produced in this case.

21   **REQUEST FOR PRODUCTION NO. 20**

22           All DOCUMENTS RELATING TO potential and actual marketing

23   and advertising plans for BLOCKBUSTERONLINE.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

25           Each of Blockbuster's General Objections is incorporated here by

26   reference. Blockbuster specifically objects to this request to the extent it seeks

27   documents that are protected by the attorney-client privilege, the attorney work-

28   product doctrine, or any other applicable privilege or immunity and to the extent

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP                                    20            BLOCKBUSTER'S RESPONSES TO NETFLIX'S
                                                          FIRST SET OF REQUESTS FOR PRODUCTION
                                                                      C 06 2361 WHA

1  that it seeks documents that are confidential or proprietary. Blockbuster further

2  specifically objects to this request on the grounds that it is vague, ambiguous,

3  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

4  calculated to lead to the discovery of admissible evidence in this case, and is

5  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

6  The bases for these objections include, without limitation, this request's use of the

7  terms "BLOCKBUSTERONLINE" and "RELATING TO."

8         Subject to and without waiving the foregoing objections, Blockbuster

9  will conduct a reasonable and diligent search for non-privileged, non-work-product

10  marketing plans and advertising plans for Blockbuster Online and will produce

11  such documents so located that have not already been produced in this case.

12  **REQUEST FOR PRODUCTION NO. 21:**

13         All DOCUMENTS constituting advertising and promotional materials

14  for BLOCKBUSTERONLINE that describe or refer to the methods by which

15  BLOCKBUSTER rents items to customers.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

17         Each of Blockbuster's General Objections is incorporated here by

18  reference. Blockbuster specifically objects to this request to the extent it seeks

19  documents that are protected by the attorney-client privilege, the attorney work-

20  product doctrine, or any other applicable privilege or immunity and to the extent

21  that it seeks documents that are confidential or proprietary. Blockbuster further

22  specifically objects to this request on the grounds that it is vague, ambiguous,

23  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

24  calculated to lead to the discovery of admissible evidence in this case, and is

25  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

26  The bases for these objections include, without limitation, this request's use of the

27  terms "BLOCKBUSTER" and "BLOCKBUSTERONLINE."

28         Subject to and without waiving the foregoing objections, Blockbuster

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

21

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  will conduct a reasonable and diligent search for non-privileged, non-work-product

2  documents sufficient to reasonably describe advertising and promotional materials

3  that describe methods by which Blockbuster Online rents DVDs and will produce

4  such documents so located that have not already been produced in this case.

5  **REQUEST FOR PRODUCTION NO. 22:**

6       All DOCUMENTS RELATING TO the preferences of customers in

7  using or choosing among any products or services offered or developed by

8  BLOCKBUSTERONLINE, DVDRentalCentral, NETFLIX, or any other company

9  in the business of the ON-LINE rental of DVDs, movies, video games, or other

10  media, including without limitation any reports or studies.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

12       Each of Blockbuster's General Objections is incorporated here by

13  reference.  Blockbuster specifically objects to this request to the extent it seeks

14  documents that are protected by the attorney-client privilege, the attorney work-

15  product doctrine, or any other applicable privilege or immunity and to the extent

16  that it seeks documents that are confidential or proprietary.  Blockbuster further

17  specifically objects to this request on the grounds that it is vague, ambiguous,

18  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

19  calculated to lead to the discovery of admissible evidence in this case, and is

20  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

21  The bases for these objections include, without limitation, this request's use of the

22  terms "BLOCKBUSTERONLINE," "NETFLIX," "ON-LINE," and "RELATING

23  TO."

24       Subject to and without waiving the foregoing objections, Blockbuster

25  will conduct a reasonable and diligent search for non-privileged, non-work-product

26  reports or studies on consumer preferences with respect to video and game online

27  rental services and will produce such documents so located that have not already

28  been produced in this case.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

22

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  **REQUEST FOR PRODUCTION NO. 23:**

2  　　　　All DOCUMENTS RELATING TO the design, methodology,

3  operation, effectiveness, or success of NETFLIX's ON-LINE rental service,

4  including, without limitation, any analyses, engineering, design, or laboratory

5  notebooks, drawings, block diagrams, specifications, design reviews, schematics,

6  flow charts, minutes of design reviews, publications, notes, memoranda or

7  correspondence, describing or referring to NETFLIX's ON-LINE rental service.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

9  　　　　Each of Blockbuster's General Objections is incorporated here by

10  reference.  Blockbuster specifically objects to this request to the extent it seeks

11  documents that are protected by the attorney-client privilege, the attorney work-

12  product doctrine, or any other applicable privilege or immunity and to the extent

13  that it seeks documents that are confidential or proprietary.  Blockbuster further

14  specifically objects to this request on the grounds that it is vague, ambiguous,

15  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

16  calculated to lead to the discovery of admissible evidence in this case, and is

17  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

18  The bases for these objections include, without limitation, this request's use of the

19  terms "NETFLIX," "ON-LINE," and "RELATING TO."

20  　　　　Subject to and without waiving the foregoing objections, Blockbuster

21  will conduct a reasonable and diligent search for non-privileged, non-work-product

22  documents analyzing Netflix's online service or assessing its success and will

23  produce such documents so located that have not already been produced in this

24  case.

25  **REQUEST FOR PRODUCTION NO. 24:**

26  　　　　All DOCUMENTS RELATING TO the design, development, testing,

27  or implementation of the BLOCKBUSTERONLINE service, including, without

28  limitation, any engineering, design, or laboratory notebooks, drawings, block

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

23

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1 diagrams, functional specifications, design reviews, schematics, flow charts,

2 minutes of design reviews, declarations, publications, notes, memoranda,

3 correspondence, invention disclosure forms, customer specifications, source code,

4 customer requests, or prototypes of any invention, Beta versions, or components of

5 BLOCKBUSTERONLINE.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

7 Each of Blockbuster's General Objections is incorporated here by

8 reference. Blockbuster specifically objects to this request to the extent it seeks

9 documents that are protected by the attorney-client privilege, the attorney work-

10 product doctrine, or any other applicable privilege or immunity and to the extent

11 that it seeks documents that are confidential or proprietary. Blockbuster further

12 specifically objects to this request on the grounds that it is vague, ambiguous,

13 overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

14 calculated to lead to the discovery of admissible evidence in this case, and is

15 beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

16 The bases for these objections include, without limitation, this request's use of the

17 terms "BLOCKBUSTERONLINE" and "RELATING TO."

18 Subject to and without waiving the foregoing objections, Blockbuster

19 will conduct a reasonable and diligent search for non-privileged, non-work-product

20 documents sufficient to reasonably describe the design, development, testing, or

21 implementation of Blockbuster Online and will produce such documents so located

22 that have not already been produced in this case.

23 **REQUEST FOR PRODUCTION NO. 25:**

24 DOCUMENTS and things sufficient fully to describe each version of

25 BLOCKBUSTERONLINE's website from the date of launch to the present,

26 including but not limited to product and system descriptions, functional

27 specifications, network architectures, screenshots and presentation materials.

28 **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

24

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    Each of Blockbuster's General Objections is incorporated here by
2    reference. Blockbuster specifically objects to this request to the extent it seeks
3    documents that are protected by the attorney-client privilege, the attorney work-
4    product doctrine, or any other applicable privilege or immunity and to the extent
5    that it seeks documents that are confidential or proprietary. Blockbuster further
6    specifically objects to this request on the grounds that it is vague, ambiguous,
7    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor
8    calculated to lead to the discovery of admissible evidence in this case, and is
9    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.
10    The bases for these objections include, without limitation, this request's use of the
11    term "BLOCKBUSTERONLINE."

12    Subject to and without waiving the foregoing objections, Blockbuster
13    will conduct a reasonable and diligent search for non-privileged, non-work-product
14    documents sufficient to reasonably describe the various versions of Blockbuster
15    Online's website from the date of launch to the present and will produce such
16    documents so located that have not already been produced in this case.

17    **REQUEST FOR PRODUCTION NO. 26:**

18    DOCUMENTS and things sufficient fully to describe the structure or
19    architecture of the software used to operate, support, or maintain
20    BLOCKBUSTERONLINE, including block diagrams, data structure diagrams,
21    system architecture diagrams, database layouts, and source code.

22    **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

23    Each of Blockbuster's General Objections is incorporated here by
24    reference. Blockbuster specifically objects to this request to the extent it seeks
25    documents that are protected by the attorney-client privilege, the attorney work-
26    product doctrine, or any other applicable privilege or immunity and to the extent
27    that it seeks documents that are confidential or proprietary. Blockbuster further
28    specifically objects to this request on the grounds that it is vague, ambiguous,

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

25

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

2   calculated to lead to the discovery of admissible evidence in this case, and is

3   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

4   The bases for these objections include, without limitation, this request's use of the

5   term "BLOCKBUSTERONLINE."

6          Subject to and without waiving the foregoing objections, Blockbuster

7   will conduct a reasonable and diligent search for non-privileged, non-work-product

8   documents sufficient to reasonably describe the software used for Blockbuster

9   Online's website and will produce such documents so located that have not already

10  been produced in this case.

11  **REQUEST FOR PRODUCTION NO. 27:**

12          DOCUMENTS and things sufficient fully to describe the structure or

13  architecture of the hardware used to operate, support, or maintain

14  BLOCKBUSTERONLINE, including types of hardware used and connectivity

15  between the various pieces of hardware.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

17          Each of Blockbuster's General Objections is incorporated here by

18  reference.  Blockbuster specifically objects to this request to the extent it seeks

19  documents that are protected by the attorney-client privilege, the attorney work-

20  product doctrine, or any other applicable privilege or immunity and to the extent

21  that it seeks documents that are confidential or proprietary.  Blockbuster further

22  specifically objects to this request on the grounds that it is vague, ambiguous,

23  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

24  calculated to lead to the discovery of admissible evidence in this case, and is

25  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

26  The bases for these objections include, without limitation, this request's use of the

27  term "BLOCKBUSTERONLINE."

28          Subject to and without waiving the foregoing objections, Blockbuster

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

26

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1     will conduct a reasonable and diligent search for non-privileged, non-work-product

2     documents sufficient to reasonably describe the general nature of the hardware used

3     to operate Blockbuster Online's website and will produce such documents so

4     located that have not already been produced in this case.

5     **REQUEST FOR PRODUCTION NO. 28:**

6           DOCUMENTS and things sufficient fully to describe all rental

7     methods used or practiced by BLOCKBUSTERONLINE from inception to the

8     present.

9     **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

10           Each of Blockbuster's General Objections is incorporated here by

11     reference. Blockbuster specifically objects to this request to the extent it seeks

12     documents that are protected by the attorney-client privilege, the attorney work-

13     product doctrine, or any other applicable privilege or immunity and to the extent

14     that it seeks documents that are confidential or proprietary. Blockbuster further

15     specifically objects to this request on the grounds that it is vague, ambiguous,

16     overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

17     calculated to lead to the discovery of admissible evidence in this case, and is

18     beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

19     The bases for these objections include, without limitation, this request's use of the

20     term "BLOCKBUSTERONLINE."

21           Subject to and without waiving the foregoing objections, Blockbuster

22     will conduct a reasonable and diligent search for non-privileged, non-work-product

23     documents sufficient to reasonably describe the rental methods used or practiced by

24     Blockbuster Online and will produce such documents so located that have not

25     already been produced in this case.

26     **REQUEST FOR PRODUCTION NO. 29:**

27           DOCUMENTS and things sufficient fully to describe all rental

28     methods used or practiced by DVDRentalCentral from inception to the present.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

27     BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Each of Blockbuster's General Objections is incorporated here by reference. Blockbuster specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Blockbuster further specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Blockbuster will conduct a reasonable and diligent search for non-privileged, non-work-product documents sufficient to reasonably describe the rental methods used or practiced by DVD Rental Central and will produce such documents so located that have not already been produced in this case.

**REQUEST FOR PRODUCTION NO. 30:**

DOCUMENTS and things sufficient fully to describe all membership plans offered by BLOCKBUSTERONLINE from inception to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Each of Blockbuster's General Objections is incorporated here by reference. Blockbuster specifically objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity and to the extent that it seeks documents that are confidential or proprietary. Blockbuster further specifically objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor calculated to lead to the discovery of admissible evidence in this case, and is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

28

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    The bases for these objections include, without limitation, this request's use of the

2    term "BLOCKBUSTERONLINE."

3           Subject to and without waiving the foregoing objections, Blockbuster

4    will conduct a reasonable and diligent search for non-privileged, non-work-product

5    documents sufficient to reasonably describe the membership plans offered by

6    Blockbuster Online and will produce such documents so located that have not

7    already been produced in this case.

8    **REQUEST FOR PRODUCTION NO. 31:**

9           All DOCUMENTS RELATING TO BLOCKBUSTERONLINE

10   technology developed in whole or in part by third parties, including without

11   limitation agreements, licenses, permissions, term sheets, memoranda of

12   understanding, letters of intent, specifications, technical descriptions, and

13   correspondence.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

15          Each of Blockbuster's General Objections is incorporated here by

16   reference.  Blockbuster specifically objects to this request to the extent it seeks

17   documents that are protected by the attorney-client privilege, the attorney work-

18   product doctrine, or any other applicable privilege or immunity and to the extent

19   that it seeks documents that are confidential or proprietary.  Blockbuster further

20   specifically objects to this request on the grounds that it is vague, ambiguous,

21   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

22   calculated to lead to the discovery of admissible evidence in this case, and is

23   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

24   The bases for these objections include, without limitation, this request's use of the

25   terms "BLOCKBUSTERONLINE," "BLOCKBUSTERONLINE technology," and

26   "RELATING TO."

27          Subject to and without waiving the foregoing objections, Blockbuster

28   will conduct a reasonable and diligent search for non-privileged, non-work-product

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

29

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA