# EXHIBIT B
# (Part 3 of 3)

Dockets.Justia.com

1  reference. Blockbuster specifically objects to this request to the extent it seeks

2  documents that are protected by the attorney-client privilege, the attorney work-

3  product doctrine, or any other applicable privilege or immunity and to the extent

4  that it seeks documents that are confidential or proprietary. Blockbuster further

5  specifically objects to this request on the grounds that it is vague, ambiguous,

6  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

7  calculated to lead to the discovery of admissible evidence in this case, and is

8  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

9  The bases for these objections include, without limitation, this request's use of the

10  term "RELATING TO."

11          Subject to and without waiving the foregoing objections, Blockbuster

12  will conduct a reasonable and diligent search for non-privileged, non-work-product

13  documents sufficient to reasonably describe and support the Netflix market power

14  referred to in this request and will produce such documents so located that have not

15  already been produced in this case.

16  **REQUEST FOR PRODUCTION NO. 72:**

17          All DOCUMENTS RELATING TO BLOCKBUSTER's allegation in

18  its ANSWER, ¶ 90, that "Netflix's share of the relevant product and geographical

19  markets exceed 65%," including without limitation all documents that tend to

20  support or contradict that allegation.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

22          Each of Blockbuster's General Objections is incorporated here by

23  reference. Blockbuster specifically objects to this request to the extent it seeks

24  documents that are protected by the attorney-client privilege, the attorney work-

25  product doctrine, or any other applicable privilege or immunity and to the extent

26  that it seeks documents that are confidential or proprietary. Blockbuster further

27  specifically objects to this request on the grounds that it is vague, ambiguous,

28  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP                    60           BLOCKBUSTER'S RESPONSES TO NETFLIX'S
                                          FIRST SET OF REQUESTS FOR PRODUCTION
                                          C 06 2361 WHA

1   calculated to lead to the discovery of admissible evidence in this case, and is

2   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

3   The bases for these objections include, without limitation, this request's use of the

4   term "RELATING TO."

5           Subject to and without waiving the foregoing objections, Blockbuster

6   will conduct a reasonable and diligent search for non-privileged, non-work-product

7   documents sufficient to reasonably describe and support Netflix's market share

8   referred to in this request and will produce such documents so located that have not

9   already been produced in this case.

10  **REQUEST FOR PRODUCTION NO. 73:**

11          All DOCUMENTS RELATING TO BLOCKBUSTER's allegation in

12  its ANSWER, ¶ 91, that "should Netflix succeed in inducing

13  BLOCKBUSTERONLINE to exit the relevant market, Netflix would again be

14  without significant competition in that market," including without limitation all

15  documents that tend to support or contradict that allegation.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

17          Each of Blockbuster's General Objections is incorporated here by

18  reference.  Blockbuster specifically objects to this request to the extent it seeks

19  documents that are protected by the attorney-client privilege, the attorney work-

20  product doctrine, or any other applicable privilege or immunity and to the extent

21  that it seeks documents that are confidential or proprietary.  Blockbuster further

22  specifically objects to this request on the grounds that it is vague, ambiguous,

23  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

24  calculated to lead to the discovery of admissible evidence in this case, and is

25  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

26  The bases for these objections include, without limitation, this request's use of the

27  term "RELATING TO."

28          Subject to and without waiving the foregoing objections, Blockbuster

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

61

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  will conduct a reasonable and diligent search for non-privileged, non-work-product

2  documents sufficient to reasonably support the allegation referred to in this request

3  and will produce such documents so located that have not already been produced in

4  this case.

5  **REQUEST FOR PRODUCTION NO. 74:**

6         All DOCUMENTS RELATING TO the identity of all companies

7  operating in the "relevant product market," as alleged by BLOCKBUSTER in its

8  ANSWER, ¶ 88.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

10         Each of Blockbuster's General Objections is incorporated here by

11 reference.  Blockbuster specifically objects to this request to the extent it seeks

12 documents that are protected by the attorney-client privilege, the attorney work-

13 product doctrine, or any other applicable privilege or immunity and to the extent

14 that it seeks documents that are confidential or proprietary.  Blockbuster further

15 specifically objects to this request on the grounds that it is vague, ambiguous,

16 overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

17 calculated to lead to the discovery of admissible evidence in this case, and is

18 beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

19 The bases for these objections include, without limitation, this request's use of the

20 term "RELATING TO."

21         Subject to and without waiving the foregoing objections, Blockbuster

22 will conduct a reasonable and diligent search for non-privileged, non-work-product

23 documents sufficient to reasonably identify competitors referred to in this request

24 and will produce such documents so located that have not already been produced in

25 this case.

26 **REQUEST FOR PRODUCTION NO. 75:**

27         All DOCUMENTS RELATING TO the market share of each company

28 operating in the "relevant product market," as alleged by BLOCKBUSTER in its

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

62

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    ANSWER ¶ 88, "throughout the relevant time period up to and including the

2    present," as alleged by BLOCKBUSTER in its ANSWER, ¶ 89.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

4         Each of Blockbuster's General Objections is incorporated here by

5    reference. Blockbuster specifically objects to this request to the extent it seeks

6    documents that are protected by the attorney-client privilege, the attorney work-

7    product doctrine, or any other applicable privilege or immunity and to the extent

8    that it seeks documents that are confidential or proprietary. Blockbuster further

9    specifically objects to this request on the grounds that it is vague, ambiguous,

10   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

11   calculated to lead to the discovery of admissible evidence in this case, and is

12   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

13   The bases for these objections include, without limitation, this request's use of the

14   term "RELATING TO."

15        Subject to and without waiving the foregoing objections, Blockbuster

16   will conduct a reasonable and diligent search for non-privileged, non-work-product

17   documents stating market shares referred to in this request and will produce such

18   documents so located that have not already been produced in this case.

19   **REQUEST FOR PRODUCTION NO. 76:**

20        All DOCUMENTS RELATING TO BLOCKBUSTER's allegations in

21   its ANSWER, ¶¶ 111-12, that Netflix "acted with the specific intent to monopolize

22   the relevant market," including without limitation all documents that tend to

23   support or contradict that allegation,

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

25        Each of Blockbuster's General Objections is incorporated here by

26   reference. Blockbuster specifically objects to this request to the extent it seeks

27   documents that are protected by the attorney-client privilege, the attorney work-

28   product doctrine, or any other applicable privilege or immunity and to the extent

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

63

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    that it seeks documents that are confidential or proprietary. Blockbuster further

2    specifically objects to this request on the grounds that it is vague, ambiguous,

3    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

4    calculated to lead to the discovery of admissible evidence in this case, and is

5    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

6    The bases for these objections include, without limitation, this request's use of the

7    term "RELATING TO."

8           Subject to and without waiving the foregoing objections, Blockbuster

9    will conduct a reasonable and diligent search for non-privileged, non-work-product

10   documents sufficient to reasonably support the allegation referred to in this request

11   and any documents contradicting that allegation and will produce such documents

12   so located that have not already been produced in this case.

13   **REQUEST FOR PRODUCTION NO. 77:**

14          All DOCUMENTS RELATING TO BLOCKBUSTER's allegation in

15   its ANSWER, ¶¶ 113-14, that Netflix has a dangerous probability of success of

16   monopolizing the relevant market, including without limitation all documents that

17   tend to support or contradict that allegation.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

19          Each of Blockbuster's General Objections is incorporated here by

20   reference. Blockbuster specifically objects to this request to the extent it seeks

21   documents that are protected by the attorney-client privilege, the attorney work-

22   product doctrine, or any other applicable privilege or immunity and to the extent

23   that it seeks documents that are confidential or proprietary. Blockbuster further

24   specifically objects to this request on the grounds that it is vague, ambiguous,

25   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

26   calculated to lead to the discovery of admissible evidence in this case, and is

27   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

28   The bases for these objections include, without limitation, this request's use of the

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

64

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    term "RELATING TO."

2          Subject to and without waiving the foregoing objections, Blockbuster

3    will conduct a reasonable and diligent search for non-privileged, non-work-product

4    documents sufficient to reasonably support the allegation referred to in this request

5    and any documents contradicting that allegation and will produce such documents

6    so located that have not already been produced in this case.

7    **REQUEST FOR PRODUCTION NO. 78:**

8          All DOCUMENTS RELATING TO actual or potential substitutes for

9    ON-LINE DVD rentals, including without limitation any analyses, reports or

10   surveys.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

12         Each of Blockbuster's General Objections is incorporated here by

13   reference.  Blockbuster specifically objects to this request to the extent it seeks

14   documents that are protected by the attorney-client privilege, the attorney work-

15   product doctrine, or any other applicable privilege or immunity and to the extent

16   that it seeks documents that are confidential or proprietary.  Blockbuster further

17   specifically objects to this request on the grounds that it is vague, ambiguous,

18   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

19   calculated to lead to the discovery of admissible evidence in this case, and is

20   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

21   The bases for these objections include, without limitation, this request's use of the

22   terms "ON-LINE" and "RELATING TO."

23         Subject to and without waiving the foregoing objections, Blockbuster

24   will conduct a reasonable and diligent search for non-privileged, non-work-product

25   documents sufficient to reasonably identify substitutes referred to in this request

26   and will produce such documents so located that have not already been produced in

27   this case.

28   ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

65

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1 **REQUEST FOR PRODUCTION NO. 79:**

2     All DOCUMENTS RELATING TO BLOCKBUSTER's allegation in

3 its ANSWER, ¶ 93, that "Netflix has engaged in monopolization in the relevant

4 market during the relevant time period," including without limitation all documents

5 that tend to support or contradict that allegation.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

7     Each of Blockbuster's General Objections is incorporated here by

8 reference. Blockbuster specifically objects to this request to the extent it seeks

9 documents that are protected by the attorney-client privilege, the attorney work-

10 product doctrine, or any other applicable privilege or immunity and to the extent

11 that it seeks documents that are confidential or proprietary. Blockbuster further

12 specifically objects to this request on the grounds that it is vague, ambiguous,

13 overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

14 calculated to lead to the discovery of admissible evidence in this case, and is

15 beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

16 The bases for these objections include, without limitation, this request's use of the

17 term "RELATING TO."

18     Subject to and without waiving the foregoing objections, Blockbuster

19 will conduct a reasonable and diligent search for non-privileged, non-work-product

20 documents sufficient to reasonably support the allegation referred to in this request

21 and any documents contradicting that allegation and will produce such documents

22 so located that have not already been produced in this case.

23 **REQUEST FOR PRODUCTION NO. 80:**

24     All DOCUMENTS RELATING TO any alleged injury to competition

25 in any relevant market that BLOCKBUSTER alleges was caused by any alleged

26 antitrust violation committed by NETFLIX.

27 **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

28     Each of Blockbuster's General Objections is incorporated here by

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

66

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1   reference.  Blockbuster specifically objects to this request to the extent it seeks

2   documents that are protected by the attorney-client privilege, the attorney work-

3   product doctrine, or any other applicable privilege or immunity and to the extent

4   that it seeks documents that are confidential or proprietary.  Blockbuster further

5   specifically objects to this request on the grounds that it is vague, ambiguous,

6   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

7   calculated to lead to the discovery of admissible evidence in this case, and is

8   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

9   The bases for these objections include, without limitation, this request's use of the

10  terms "BLOCKBUSTER," "NETFLIX," and "RELATING TO."

11          Subject to and without waiving the foregoing objections, Blockbuster

12  will conduct a reasonable and diligent search for non-privileged, non-work-product

13  documents showing the injury to competition referred to in this request and will

14  produce such documents so located that have not already been produced in this

15  case.

16  **REQUEST FOR PRODUCTION NO. 81:**

17          All DOCUMENTS RELATING TO BLOCKBUSTER's allegation in

18  its ANSWER, ¶ 107, that "Netflix has succeeded in restraining competition in the

19  relevant market during the relevant time period," including without limitation all

20  documents that tend to support or contradict that allegation.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

22          Each of Blockbuster's General Objections is incorporated here by

23  reference.  Blockbuster specifically objects to this request to the extent it seeks

24  documents that are protected by the attorney-client privilege, the attorney work-

25  product doctrine, or any other applicable privilege or immunity and to the extent

26  that it seeks documents that are confidential or proprietary.  Blockbuster further

27  specifically objects to this request on the grounds that it is vague, ambiguous,

28  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

67

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  calculated to lead to the discovery of admissible evidence in this case, and is

2  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

3  The bases for these objections include, without limitation, this request's use of the

4  term "RELATING TO."

5      Subject to and without waiving the foregoing objections, Blockbuster

6  will conduct a reasonable and diligent search for non-privileged, non-work-product

7  documents sufficient to reasonably support the allegation referred to in this request

8  and will produce such documents so located that have not already been produced in

9  this case.

10  **REQUEST FOR PRODUCTION NO. 82:**

11      All DOCUMENTS RELATING TO BLOCKBUSTER's allegation in

12  its ANSWER, ¶ 107, that NETFLIX's alleged conduct will "deter other potential

13  competitors from entering the relevant market," including without limitation all

14  documents that tend to support or contradict that allegation,.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

16      Each of Blockbuster's General Objections is incorporated here by

17  reference.  Blockbuster specifically objects to this request to the extent it seeks

18  documents that are protected by the attorney-client privilege, the attorney work-

19  product doctrine, or any other applicable privilege or immunity and to the extent

20  that it seeks documents that are confidential or proprietary.  Blockbuster further

21  specifically objects to this request on the grounds that it is vague, ambiguous,

22  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

23  calculated to lead to the discovery of admissible evidence in this case, and is

24  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

25  The bases for these objections include, without limitation, this request's use of the

26  terms "NETFLIX" and "RELATING TO."

27      Subject to and without waiving the foregoing objections, Blockbuster

28  will conduct a reasonable and diligent search for non-privileged, non-work-product

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

68

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1   documents sufficient to reasonably support the allegation referred to in this request

2   and any documents contradicting that allegation and will produce such documents

3   so located that have not already been produced in this case.

4   **REQUEST FOR PRODUCTION NO. 83:**

5           All DOCUMENTS RELATING TO any damages BLOCKBUSTER

6   alleges it has suffered or will suffer as a result of any alleged antitrust violation

7   committed by NETFLIX.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

9           Each of Blockbuster's General Objections is incorporated here by

10  reference.  Blockbuster specifically objects to this request to the extent it seeks

11  documents that are protected by the attorney-client privilege, the attorney work-

12  product doctrine, or any other applicable privilege or immunity and to the extent

13  that it seeks documents that are confidential or proprietary.  Blockbuster further

14  specifically objects to this request on the grounds that it is vague, ambiguous,

15  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

16  calculated to lead to the discovery of admissible evidence in this case, and is

17  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

18  The bases for these objections include, without limitation, this request's use of the

19  terms "BLOCKBUSTER," "NETFLIX," and "RELATING TO."

20          Subject to and without waiving the foregoing objections, Blockbuster

21  will conduct a reasonable and diligent search for non-privileged, non-work-product

22  documents showing the damages referred to in this request and will produce such

23  documents so located that have not already been produced in this case.

24  **REQUEST FOR PRODUCTION NO. 84:**

25          All DOCUMENTS RELATING TO BLOCKBUSTER'S actual or

26  potential use of any method used by NETFLIX to rent DVDs to customers

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

28          Each of Blockbuster's General Objections is incorporated here by

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

69

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    reference. Blockbuster specifically objects to this request to the extent it seeks

2    documents that are protected by the attorney-client privilege, the attorney work-

3    product doctrine, or any other applicable privilege or immunity and to the extent

4    that it seeks documents that are confidential or proprietary. Blockbuster further

5    specifically objects to this request on the grounds that it is vague, ambiguous,

6    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

7    calculated to lead to the discovery of admissible evidence in this case, and is

8    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

9    The bases for these objections include, without limitation, this request's use of the

10   terms "BLOCKBUSTER," "NETFLIX," and "RELATING TO."

11          Subject to and without waiving the foregoing objections, Blockbuster

12   will conduct a reasonable and diligent search for non-privileged, non-work-product

13   documents discussing use by Blockbuster Inc. of a rental method used by Netflix

14   and will produce such documents so located that have not already been produced in

15   this case.

16   **REQUEST FOR PRODUCTION NO. 85:**

17          All DOCUMENTS RELATING TO the actual or potential effect of

18   competition from NETFLIX on BLOCKBUSTER's profits or revenues from in-

19   store rentals.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

21          Each of Blockbuster's General Objections is incorporated here by

22   reference. Blockbuster specifically objects to this request to the extent it seeks

23   documents that are protected by the attorney-client privilege, the attorney work-

24   product doctrine, or any other applicable privilege or immunity and to the extent

25   that it seeks documents that are confidential or proprietary. Blockbuster further

26   specifically objects to this request on the grounds that it is vague, ambiguous,

27   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

28   calculated to lead to the discovery of admissible evidence in this case, and is

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

70

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

2    The bases for these objections include, without limitation, this request's use of the

3    terms "BLOCKBUSTER," "NETFLIX," and "RELATING TO."

4            Subject to and without waiving the foregoing objections, Blockbuster

5    will conduct a reasonable and diligent search for non-privileged, non-work-product

6    documents discussing Neflix's effect on Blockbuster's in-store-rental profits or

7    revenues and will produce such documents so located that have not already been

8    produced in this case.

9    **REQUEST FOR PRODUCTION NO. 86:**

10            All DOCUMENTS RELATING TO the actual or potential effect of

11    competition from NETFLIX on BLOCKBUSTER's profit or revenues from sales of

12    DVDs.

13    **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

14            Each of Blockbuster's General Objections is incorporated here by

15    reference.  Blockbuster specifically objects to this request to the extent it seeks

16    documents that are protected by the attorney-client privilege, the attorney work-

17    product doctrine, or any other applicable privilege or immunity and to the extent

18    that it seeks documents that are confidential or proprietary.  Blockbuster further

19    specifically objects to this request on the grounds that it is vague, ambiguous,

20    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

21    calculated to lead to the discovery of admissible evidence in this case, and is

22    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

23    The bases for these objections include, without limitation, this request's use of the

24    terms "BLOCKBUSTER," "NETFLIX," and "RELATING TO."

25            Subject to and without waiving the foregoing objections, Blockbuster

26    will conduct a reasonable and diligent search for non-privileged, non-work-product

27    documents discussing an effect of Netflix on Blockbuster's profit or revenues from

28    sale of DVDs and will produce such documents so located that have not already

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

71

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    been produced in this case.

2    **REQUEST FOR PRODUCTION NO. 87:**

3              AU DOCUMENTS RELATING TO the actual or potential effect of

4    the launch of BLOCKBUSTERONLINE on BLOCKBUSTER's profits or revenues

5    from IN-STORE rentals.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

7              Each of Blockbuster's General Objections is incorporated here by

8    reference.  Blockbuster specifically objects to this request to the extent it seeks

9    documents that are protected by the attorney-client privilege, the attorney work-

10   product doctrine, or any other applicable privilege or immunity and to the extent

11   that it seeks documents that are confidential or proprietary.  Blockbuster further

12   specifically objects to this request on the grounds that it is vague, ambiguous,

13   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

14   calculated to lead to the discovery of admissible evidence in this case, and is

15   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

16   The bases for these objections include, without limitation, this request's use of the

17   terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," and "RELATING TO."

18             Subject to and without waiving the foregoing objections, Blockbuster

19   will conduct a reasonable and diligent search for non-privileged, non-work-product

20   documents discussing an effect of the launch of Blockbuster Online on

21   Blockbuster's profit or revenues from in-store rentals and will produce such

22   documents so located that have not already been produced in this case.

23   **REQUEST FOR PRODUCTION NO. 88:**

24             All DOCUMENTS RELATING TO the actual or potential effect of

25   raising or lowering the sale price of new or used DVDs on BLOCKBUSTER's

26   profits or revenues from IN-STORE DVD rentals.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

28             Each of Blockbuster's General Objections is incorporated here by

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP                    72           BLOCKBUSTER'S RESPONSES TO NETFLIX'S
                                         FIRST SET OF REQUESTS FOR PRODUCTION
                                         C 06 2361 WHA

1  reference. Blockbuster specifically objects to this request to the extent it seeks

2  documents that are protected by the attorney-client privilege, the attorney work-

3  product doctrine, or any other applicable privilege or immunity and to the extent

4  that it seeks documents that are confidential or proprietary. Blockbuster further

5  specifically objects to this request on the grounds that it is vague, ambiguous,

6  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

7  calculated to lead to the discovery of admissible evidence in this case, and is

8  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

9  The bases for these objections include, without limitation, this request's use of the

10  terms "BLOCKBUSTER" and "RELATING TO."

11          Subject to and without waiving the foregoing objections, Blockbuster

12  will conduct a reasonable and diligent search for non-privileged, non-work-product

13  documents an effect of varied DVD sale prices on Blockbuster's profit or revenues

14  from in-store DVD rentals and will produce such documents so located that have

15  not already been produced in this case.

16  **REQUEST FOR PRODUCTION NO. 89:**

17          All DOCUMENTS RELATING TO BLOCKBUSTER's promotion in

18  its IN-STORE locations of BLOCKBUSTERONLINE.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

20          Each of Blockbuster's General Objections is incorporated here by

21  reference. Blockbuster specifically objects to this request to the extent it seeks

22  documents that are protected by the attorney-client privilege, the attorney work-

23  product doctrine, or any other applicable privilege or immunity and to the extent

24  that it seeks documents that are confidential or proprietary. Blockbuster further

25  specifically objects to this request on the grounds that it is vague, ambiguous,

26  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

27  calculated to lead to the discovery of admissible evidence in this case, and is

28  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

73

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1   The bases for these objections include, without limitation, this request's use of the

2   terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," and "RELATING TO."

3          Subject to and without waiving the foregoing objections, Blockbuster

4   will conduct a reasonable and diligent search for non-privileged, non-work-product

5   documents sufficient to show such promotions and will produce such documents so

6   located that have not already been produced in this case.

7   **REQUEST FOR PRODUCTION NO. 90:**

8          All DOCUMENTS RELATING TO price competition with

9   NETFLIX.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

11         Each of Blockbuster's General Objections is incorporated here by

12  reference. Blockbuster specifically objects to this request to the extent it seeks

13  documents that are protected by the attorney-client privilege, the attorney work-

14  product doctrine, or any other applicable privilege or immunity and to the extent

15  that it seeks documents that are confidential or proprietary. Blockbuster further

16  specifically objects to this request on the grounds that it is vague, ambiguous,

17  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

18  calculated to lead to the discovery of admissible evidence in this case, and is

19  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

20  The bases for these objections include, without limitation, this request's use of the

21  term "RELATING TO."

22         Subject to and without waiving the foregoing objections, Blockbuster

23  will conduct a reasonable and diligent search for non-privileged, non-work-product

24  documents reasonably sufficient to show price competition with Netflix and will

25  produce such documents so located that have not already been produced in this

26  case.

27  **REQUEST FOR PRODUCTION NO. 91:**

28         All DOCUMENTS RELATING TO the actual or potential effect of

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

74

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    subscription plan prices offered, or to be offered, by BLOCKBUSTERONLINE,

2    NETFLIX, or any other ON-LINE DVD rental company, on BLOCKBUSTER's

3    profits or revenues derived from the IN-STORE DVD rentals.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

5           Each of Blockbuster's General Objections is incorporated here by

6    reference.  Blockbuster specifically objects to this request to the extent it seeks

7    documents that are protected by the attorney-client privilege, the attorney work-

8    product doctrine, or any other applicable privilege or immunity and to the extent

9    that it seeks documents that are confidential or proprietary.  Blockbuster further

10   specifically objects to this request on the grounds that it is vague, ambiguous,

11   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

12   calculated to lead to the discovery of admissible evidence in this case, and is

13   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

14   The bases for these objections include, without limitation, this request's use of the

15   terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "NETFLIX," "ON-

16   LINE," and "RELATING TO."

17          Subject to and without waiving the foregoing objections, Blockbuster

18   will conduct a reasonable and diligent search for non-privileged, non-work-product

19   documents discussing effects of the pricing of subscription plans offered by

20   Blockbuster or online competitors on Blockbuster's in-store-rental profits or

21   revenues and will produce such documents so located that have not already been

22   produced in this case.

23   **REQUEST FOR PRODUCTION NO. 92:**

24          All DOCUMENTS RELATING TO the actual or potential effect of

25   subscription plan prices offered, or to be offered by BLOCKBUSTERONLINE,

26   NETFLIX, or any other ON-LINE DVD rental company, on BLOCKBUSTER's

27   profits or revenues derived from the IN-STORE DVD sales.

28   **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

75    BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    Each of Blockbuster's General Objections is incorporated here by
2    reference. Blockbuster specifically objects to this request to the extent it seeks
3    documents that are protected by the attorney-client privilege, the attorney work-
4    product doctrine, or any other applicable privilege or immunity and to the extent
5    that it seeks documents that are confidential or proprietary. Blockbuster further
6    specifically objects to this request on the grounds that it is vague, ambiguous,
7    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor
8    calculated to lead to the discovery of admissible evidence in this case, and is
9    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.
10    The bases for these objections include, without limitation, this request's use of the
11    terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "NETFLIX," "ON-
12    LINE." and "RELATING TO."

13    Subject to and without waiving the foregoing objections, Blockbuster
14    will conduct a reasonable and diligent search for non-privileged, non-work-product
15    documents discussing effects of the pricing of subscription plans offered by
16    Blockbuster or online competitors on Blockbuster's profits or revenues from in-
17    store DVD sales and will produce such documents so located that have not already
18    been produced in this case.

19    **REQUEST FOR PRODUCTION NO. 93:**

20    All DOCUMENTS RELATING TO the effect of raising or lowering
21    the sale price of new or used DVDs on BLOCKBUSTER's profits or revenues
22    derived from BLOCKBUSTERONLINE.

23    **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

24    Each of Blockbuster's General Objections is incorporated here by
25    reference. Blockbuster specifically objects to this request to the extent it seeks
26    documents that are protected by the attorney-client privilege, the attorney work-
27    product doctrine, or any other applicable privilege or immunity and to the extent
28    that it seeks documents that are confidential or proprietary. Blockbuster further

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP                    76              BLOCKBUSTER'S RESPONSES TO NETFLIX'S
                                            FIRST SET OF REQUESTS FOR PRODUCTION
                                            C 06 2361 WHA

1   specifically objects to this request on the grounds that it is vague, ambiguous,

2   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

3   calculated to lead to the discovery of admissible evidence in this case, and is

4   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

5   The bases for these objections include, without limitation, this request's use of the

6   terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," and "RELATING TO."

7           Subject to and without waiving the foregoing objections, Blockbuster

8   will conduct a reasonable and diligent search for non-privileged, non-work-product

9   documents discussing effects of changes in DVD sale prices on Blockbuster

10  Online's profits or revenues and will produce such documents so located that have

11  not already been produced in this case.

12  **REQUEST FOR PRODUCTION NO. 94:**

13          All DOCUMENTS RELATING TO the actual or potential effect of

14  subscription plan prices offered by NETFLIX, or by any other ON-LINE DVD

15  rental company, on BLOCKBUSTER's profits or revenues derived from

16  BLOCKBUSTERONLINE.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

18          Each of Blockbuster's General Objections is incorporated here by

19  reference.  Blockbuster specifically objects to this request to the extent it seeks

20  documents that are protected by the attorney-client privilege, the attorney work-

21  product doctrine, or any other applicable privilege or immunity and to the extent

22  that it seeks documents that are confidential or proprietary.  Blockbuster further

23  specifically objects to this request on the grounds that it is vague, ambiguous,

24  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

25  calculated to lead to the discovery of admissible evidence in this case, and is

26  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

27  The bases for these objections include, without limitation, this request's use of the

28  terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "NETFLIX," "ON-

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

77

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  LINE," and "RELATING TO."

2         Subject to and without waiving the foregoing objections, Blockbuster

3  will conduct a reasonable and diligent search for non-privileged, non-work-product

4  documents discussing effects of changes in competitors' online subscription prices

5  on Blockbuster Online's profits or revenues and will produce such documents so

6  located that have not already been produced in this case.

7  **REQUEST FOR PRODUCTION NO. 95:**

8         All DOCUMENTS RELATING TO the actual or potential effect of

9  on-demand distribution of movies by cable television providers on

10  BLOCKBUSTER'S profits or revenues derived from IN-STORE DVD rentals.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

12         Each of Blockbuster's General Objections is incorporated here by

13  reference.  Blockbuster specifically objects to this request to the extent it seeks

14  documents that are protected by the attorney-client privilege, the attorney work-

15  product doctrine, or any other applicable privilege or immunity and to the extent

16  that it seeks documents that are confidential or proprietary.  Blockbuster further

17  specifically objects to this request on the grounds that it is vague, ambiguous,

18  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

19  calculated to lead to the discovery of admissible evidence in this case, and is

20  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

21  The bases for these objections include, without limitation, this request's use of the

22  terms "BLOCKBUSTER" and "RELATING TO."

23         Subject to and without waiving the foregoing objections, Blockbuster

24  will conduct a reasonable and diligent search for non-privileged, non-work-product

25  documents discussing effects of cable TV video-on-demand on Blockbuster's

26  profits or revenues from in-store DVD rentals and will produce such documents so

27  located that have not already been produced in this case.

28  ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

78

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    **REQUEST FOR PRODUCTION NO. 96:**

2            All DOCUMENTS RELATING TO the effect of distribution of

3    movies over the internet on BLOCKBUSTER's profits or revenues derived from

4    IN-STORE DVD rentals.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

6            Each of Blockbuster's General Objections is incorporated here by

7    reference.  Blockbuster specifically objects to this request to the extent it seeks

8    documents that are protected by the attorney-client privilege, the attorney work-

9    product doctrine, or any other applicable privilege or immunity and to the extent

10   that it seeks documents that are confidential or proprietary.  Blockbuster further

11   specifically objects to this request on the grounds that it is vague, ambiguous,

12   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

13   calculated to lead to the discovery of admissible evidence in this case, and is

14   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

15   The bases for these objections include, without limitation, this request's use of the

16   terms "BLOCKBUSTER," "RELATING TO," and "distribution of movies over the

17   internet."

18           Subject to and without waiving the foregoing objections, Blockbuster

19   will conduct a reasonable and diligent search for non-privileged, non-work-product

20   documents discussing effects of Internet downloading or streaming of movies on

21   Blockbuster's profits or revenues from in-store DVD rentals and will produce such

22   documents so located that have not already been produced in this case.

23   **REQUEST FOR PRODUCTION NO. 97:**

24           All DOCUMENTS RELATING TO the effect of on-demand

25   distribution of movies by cable television providers on BLOCKBUSTER's profits

26   or revenues derived from BLOCKBUSTERONLINE.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

28           Each of Blockbuster's General Objections is incorporated here by

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

79

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1   reference.  Blockbuster specifically objects to this request to the extent it seeks

2   documents that are protected by the attorney-client privilege, the attorney work-

3   product doctrine, or any other applicable privilege or immunity and to the extent

4   that it seeks documents that are confidential or proprietary.  Blockbuster further

5   specifically objects to this request on the grounds that it is vague, ambiguous,

6   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

7   calculated to lead to the discovery of admissible evidence in this case, and is

8   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

9   The bases for these objections include, without limitation, this request's use of the

10  terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "RELATING TO," and

11  "distribution of movies over the internet."

12          Subject to and without waiving the foregoing objections, Blockbuster

13  will conduct a reasonable and diligent search for non-privileged, non-work-product

14  documents discussing effects of cable TV video-on-demand on Blockbuster

15  Online's profits and revenues and will produce such documents so located that have

16  not already been produced in this case.

17  **REQUEST FOR PRODUCTION NO. 98:**

18          All DOCUMENTS RELATING TO the effect of distribution of

19  movies over the internet on BLOCKBUSTER's profits or revenues derived from

20  BLOCKBUSTERONELINE.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

22          Each of Blockbuster's General Objections is incorporated here by

23  reference.  Blockbuster specifically objects to this request to the extent it seeks

24  documents that are protected by the attorney-client privilege, the attorney work-

25  product doctrine, or any other applicable privilege or immunity and to the extent

26  that it seeks documents that are confidential or proprietary.  Blockbuster further

27  specifically objects to this request on the grounds that it is vague, ambiguous,

28  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

80

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  calculated to lead to the discovery of admissible evidence in this case, and is

2  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

3  The bases for these objections include, without limitation, this request's use of the

4  terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "RELATING TO," and

5  "distribution of movies over the internet."

6      Subject to and without waiving the foregoing objections, Blockbuster

7  will conduct a reasonable and diligent search for non-privileged, non-work-product

8  documents discussing effects of Internet downloading or streaming of movies on

9  Blockbuster Online's profits or revenues and will produce such documents so

10  located that have not already been produced in this case.

11  **REQUEST FOR PRODUCTION NO. 99:**

12      All DOCUMENTS RELATING TO BLOCKBUSTER's consideration

13  of competitive threats to BLOCKBUSTER's profits or revenues derived from IN-

14  STORE rentals of DVDs.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

16      Each of Blockbuster's General Objections is incorporated here by

17  reference.  Blockbuster specifically objects to this request to the extent it seeks

18  documents that are protected by the attorney-client privilege, the attorney work-

19  product doctrine, or any other applicable privilege or immunity and to the extent

20  that it seeks documents that are confidential or proprietary.  Blockbuster further

21  specifically objects to this request on the grounds that it is vague, ambiguous,

22  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

23  calculated to lead to the discovery of admissible evidence in this case, and is

24  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

25  The bases for these objections include, without limitation, this request's use of the

26  terms "BLOCKBUSTER" and "RELATING TO."

27      Subject to and without waiving the foregoing objections, Blockbuster

28  will conduct a reasonable and diligent search for non-privileged, non-work-product

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

81

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  documents discussing competitive threats to Blockbuster's profits or revenues from

2  in-store DVD rentals and will produce such documents so located that have not

3  already been produced in this case.

4  **REQUEST FOR PRODUCTION NO. 100:**

5  All DOCUMENTS RELATING TO BLOCKBUSTER's consideration

6  of competitive threats to BLOCKBUSTER's profits or revenues derived from

7  BLOCKBUSTERONLINE.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

9  Each of Blockbuster's General Objections is incorporated here by

10  reference. Blockbuster specifically objects to this request to the extent it seeks

11  documents that are protected by the attorney-client privilege, the attorney work-

12  product doctrine, or any other applicable privilege or immunity and to the extent

13  that it seeks documents that are confidential or proprietary. Blockbuster further

14  specifically objects to this request on the grounds that it is vague, ambiguous,

15  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

16  calculated to lead to the discovery of admissible evidence in this case, and is

17  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

18  The bases for these objections include, without limitation, this request's use of the

19  terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," and "RELATING TO."

20  Subject to and without waiving the foregoing objections, Blockbuster

21  will conduct a reasonable and diligent search for non-privileged, non-work-product

22  documents discussing competitive threats to Blockbuster Online's profits or

23  revenues and will produce such documents so located that have not already been

24  produced in this case.

25  **REQUEST FOR PRODUCTION NO. 101:**

26  All DOCUMENTS RELATING TO each business transaction, if any,

27  that BLOCKBUSTER contends was not consummated because of this litigation.

28  ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

82

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

2         Each of Blockbuster's General Objections is incorporated here by

3 reference. Blockbuster specifically objects to this request to the extent it seeks

4 documents that are protected by the attorney-client privilege, the attorney work-

5 product doctrine, or any other applicable privilege or immunity and to the extent

6 that it seeks documents that are confidential or proprietary. Blockbuster further

7 specifically objects to this request on the grounds that it is vague, ambiguous,

8 overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

9 calculated to lead to the discovery of admissible evidence in this case, and is

10 beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

11 The bases for these objections include, without limitation, this request's use of the

12 terms "BLOCKBUSTER" and "RELATING TO."

13         Subject to and without waiving the foregoing objections, Blockbuster

14 will conduct a reasonable and diligent search for non-privileged, non-work-product

15 documents sufficient to reasonably describe each transaction referred to in this

16 request and will produce such documents so located that have not already been

17 produced in this case.

18 **REQUEST FOR PRODUCTION NO. 102:**

19         All DOCUMENTS RELATING TO each business transaction, if any,

20 that BLOCKBUSTER contends was not consummated because of the PATENTS-

21 IN-SUIT.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

23         Each of Blockbuster's General Objections is incorporated here by

24 reference. Blockbuster specifically objects to this request to the extent it seeks

25 documents that are protected by the attorney-client privilege, the attorney work-

26 product doctrine, or any other applicable privilege or immunity and to the extent

27 that it seeks documents that are confidential or proprietary. Blockbuster further

28 specifically objects to this request on the grounds that it is vague, ambiguous,

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

83

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

2  calculated to lead to the discovery of admissible evidence in this case, and is

3  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

4  The bases for these objections include, without limitation, this request's use of the

5  terms "BLOCKBUSTER" and "RELATING TO."

6         Subject to and without waiving the foregoing objections, Blockbuster

7  will conduct a reasonable and diligent search for non-privileged, non-work-product

8  documents sufficient to reasonably describe each transaction referred to in this

9  request and will produce such documents so located that have not already been

10  produced in this case.

11  DATED: October 2, 2006      ALSCHULER GROSSMAN STEIN & KAHAN
                            LLP

12

13

14  By _____

15                  William J. O'Brien
                Attorneys for Defendant and Counterclaimant,
                Blockbuster Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

84

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Alschuler Grossman Stein & Kahan LLP, The Water Garden, 1620 26th Street, Fourth Floor, North Tower, Santa Monica, California 90404-4060. On October 2, 2006, I served a true copy of the within documents:

BLOCKBUSTER INC.'S RESPONSE TO NETFLIX'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

☐     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.
     The above transmission was reported as complete and without error. Attached hereto is a copy of the respective transmission report, which was properly issued by the transmitting facsimile machine.

☑     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Santa Monica, California, addressed as set forth below.

☐     by placing the document(s) listed above in a sealed envelope, with the overnight delivery charge prepaid, addressed as set forth below, and deposited in a box or facility regularly maintained by the overnight delivery service carrier, Federal Express.

☐     by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

| | |
|---|---|
| Jeffrey R. Chanin, Esq. | Tel:   415.391.5400 |
| Daralyn J. Durie, Esq. | Fax:   415.397.7188 |
| Keker & Van Nest, LLP | |
| 710 Sansome Street | Attorneys for Plaintiff |
| San Francisco, CA 94111-1704 | Netflix, Inc. |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am a member of the bar of this court.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 2, 2006.

_____
William J. O'Brien

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

85

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA