LAW OFFICES
# KEKER & VAN NEST
LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

EUGENE M. PAIGE
EPAIGE@KVN.COM

October 6, 2006

VIA FACSIMILE

William J. O'Brien, Esq.
Alschuler Grossman Stein & Kahan LLP
1620 26th Street, 4th Floor, North Tower
Santa Monica, CA 90404-4060

  Re: *Netflix, Inc. v. Blockbuster, Inc.*, Case No. C-06-2361 WHA

Dear Bill:

  I write to express our concerns with several aspects of Blockbuster's Responses to Netflix's First Set of Requests for the Production of Documents, and to request that the deficiencies in these Responses be remedied promptly. Please note that these are only the issues that have arisen from an initial review of the Responses, and therefore Netflix reserves its rights to raise further issues if and when they come to our attention.

  **<u>Blockbuster's Refusal To Produce Documents That Contradict Its Allegations.</u>** In many of its responses to Netflix's requests, Blockbuster has apparently refused to provide documents that contradict the allegations of its complaint, despite Netflix's express request that it produce such documents. Netflix asks in Request Number 76, for example, that Blockbuster produce: "ALL DOCUMENTS RELATING TO BLOCKBUSTER'S allegations in its ANSWER, ¶¶ 111-12, that Netflix 'acted with the specific intent to monopolize the relevant market,' including without limitation all documents that tend to support or contradict that allegation." In response, Blockbuster offers only to produce "documents sufficient to reasonably support the allegation." That response plainly is designed to leave out any documents in Blockbuster's possession, custody, or control that contradict the allegation. Please confirm that Blockbuster will in fact produce both documents that support and documents that contradict its allegations in response to such requests.

  **<u>Blockbuster's Unilateral Limitations on Production To Documents "Sufficient To Reasonably Describe."</u>** In response to scores of requests, Blockbuster commits to provide only such documents that are, in its view, sufficient reasonably to describe the information sought, despite Netflix's request that all such documents, or in some instances documents sufficient fully to describe the matter, be provided. This limitation on Blockbuster's search and production is

381899.02

William J. O'Brien, Esq.
October 6, 2006
Page 2

inappropriate, as it provides Netflix with no idea whether Blockbuster has additional responsive documents that it is withholding based on its unilateral decision that the other documents it has produced are sufficient reasonably to describe the matter sought. Such a response fails to comply with both the letter and the spirit of Judge Alsup's discovery order. Please confirm that Blockbuster will produce all responsive documents in response to requests where Netflix has requested all documents, and documents sufficient to fully describe a matter where Netflix has requested such documents.

**Blockbuster's Failure To Explain Whether It Is Withholding Responsive Documents Based On Objections.** Each of Blockbuster's responses consists of a litany of objections, followed by a statement that Blockbuster will produce documents "subject to and without waiving the foregoing objections." Blockbuster gives no indication whether it is withholding documents pursuant to this list of objections, even in the instances in which it does not, as described above, unilaterally limit its production to documents "sufficient to reasonably describe" the matter at issue. Please confirm that Blockbuster is not withholding documents pursuant to the string of objections contained in its responses, or if Blockbuster is withholding documents pursuant to those objections, please inform us of the requests with respect to which it is withholding documents pursuant to those objections.

**Blockbuster's Refusal to Produce Documents Relating To Delivery of Products.** In Request Number 4, Netflix sought all documents relating to "the delivery of DVDs, movies, video games, or other media to customers." In response, Blockbuster has only offered to produce "documents sufficient to show the means by which Blockbuster Online delivers DVDs." That appears to leave out any documents discussing Blockbuster Online's contemplation of alternative means of delivery, and instead only provides documents showing how Blockbuster Online does in fact deliver DVDs. Please confirm that Blockbuster will produce all documents responsive to Request Number 4, and will not limit its response to only documents showing what it actually does.

**Blockbuster's Refusal To Produce Readily Identifiable Documents.** In Request Number 13, Netflix requested that Blockbuster produce all of its "balance sheets since January 1, 2000." In response, Blockbuster states that it will produce only "documents sufficient to reasonably describe Blockbuster Inc.'s assets and liabilities since January 1, 2000." Balance sheets (and other documents as to which Blockbuster offers an analogous response, such as profit and loss statements and income statements) are readily identifiable documents, and Blockbuster should commit to producing those documents, not some handpicked alternatives that it claims would show the desired information. Please confirm that Blockbuster will produce those readily identifiable documents rather than, or in addition to, the documents that it currently has committed to providing.

**Blockbuster's Refusal To Produce Explanations of Its Accounting.** In Request Number 19, Netflix seeks documents that fully describe Blockbuster's "recordkeeping and accounting methods, books and records as they relate to" Blockbuster Online. In response, Blockbuster offers to produce only its Forms 10-Q and 10-K filed with the SEC. Such publicly

381899.02

William J. O'Brien, Esq.
October 6, 2006
Page 3

filed documents, however, are unlikely to contain the sort of detailed information about how Blockbuster's books and accounting are structured sought by this request. Please confirm that Blockbuster will produce documents sufficient to fully describe its practices, as sought by the request.

**Blockbuster's Failure To Commit To Producing Information About Its Hardware and Software.** In response to Request Number 26, which seeks documents relating to the software used by Blockbuster Online, Blockbuster only offers to produce documents relating to "the software used for Blockbuster Online's website." That response offers no assurance that Blockbuster will also produce documents that relate to the back office functions of Blockbuster Online, which could be considered not to be part of the website. Similarly, in response to Request Number 27, in which Netflix requests information regarding the hardware used by Blockbuster Online, Blockbuster only commits to providing documents that will "describe the general nature of the hardware used" to operate its website. That may again leave out detail regarding the back office functions of Blockbuster Online, which could be relevant to infringement of the claims of the patents at issue. Please confirm that Blockbuster will provide all responsive documents for Request Numbers 26 and 27.

**Blockbuster's Refusal to Produce Documents Relating To Technology From Third Parties.** Request Number 31 expressly requests documents relating to Blockbuster Online's "technology developed in whole or in part by third parties," including contracts and correspondence relating to that development. In response, Blockbuster offers to produce only documents that are allegedly "sufficient to reasonably describe the development of Blockbuster Online," which offers no assurance that Netflix will receive the documents that were sought by this request. Please confirm that Blockbuster will produce all of its documents responsive to this request.

**Blockbuster's Inappropriate Time Limitations.** In response to Request Number 32, Blockbuster states that it will produce information regarding its corporate organization only "since 2004." But one of the patents-in-suit was issued in 2003, and discovery has not yet revealed when Blockbuster began contemplating starting its infringing Blockbuster Online business. Accordingly, Blockbuster's attempted limitation of its corporate organization documents to 2004 forward is inappropriate. Please confirm that Blockbuster will produce its corporate organization documents at least from 2003 forward.

**Blockbuster's Refusal To Identify Persons With Responsibility For Blockbuster Online.** In response to Request Number 33, which seeks documents that will identify all Blockbuster personnel who had responsibility for the design, research, development, testing and operation of Blockbuster Online, Blockbuster offers only to produce documents "sufficient to reasonably identify employees of Blockbuster Online." That utterly ignores the fact that persons formally employed by Blockbuster, rather than Blockbuster Online, could certainly have had a great impact on the design or operation of the business. Please confirm that Blockbuster will produce documents sufficient to show the persons described in the request, not merely those who were employed by Blockbuster Online.

381899.02

William J. O'Brien, Esq.
October 6, 2006
Page 4

**Blockbuster's Refusal To Identify and Provide Documents From Its Consultants.**
Netflix asks in Request Number 36 that Blockbuster produce "DOCUMENTS sufficient to identify the employees, contractors, or agents of *any* consultant, including but not limited to ACCENTURE, IBM, and DVDRental Central, who provided *any* information or performed *any* service for BLOCKBUSTER in connection with the design, research, development, testing, marketing, and operation of BLOCKBUSTERONLINE." (emphases added). Blockbuster responds that it will "reasonably identify employees of Accenture, IBM, and David Perkovich who are known to Blockbuster Inc. to have had *significant involvement* in providing consulting services for Blockbuster Online" (emphasis added). This response is lacking in two ways: First, Blockbuster says that it will identify employees of specific companies rather than all of its consultants who worked on Blockbuster Online; and, second, Blockbuster offers only to produce information about employees who had what it considers to be *significant* consulting involvement, rather than employees who provided *any* information or performed *any* service. Blockbuster's response to Request Number 35 is similarly deficient: there, Netflix has sought documents relating to all documents exchanged between Blockbuster and its consultants relating to development or operation of Blockbuster Online. In addition to limiting its response only to the named consultants, Blockbuster has refused to provide all of the documents exchanged, instead offering only to produce "documents sufficient to reasonably describe" the consulting services that were performed. Please confirm that Blockbuster will provide all documents responsive to this and similar requests, without limiting it production only to the consultants expressly named.

**Blockbuster's Refusal To Produce Documents Discussing Issues In Contention.** In response to requests such as Request Number 40, which seeks all documents relating to the patentability of any claim of the patents-in-suit, Blockbuster offers to produce only documents that "provid[e] evidence" of patentability of claims. That response appears to be an attempt to limit Blockbuster's obligation to produce documents *discussing* the evidence provided in the documents it has committed to produce. Please confirm that Blockbuster will in fact provide documents that discuss the relevant evidence, not merely those documents that constitute what it views as evidence of that point.

**Blockbuster's Withholding of Documents Relating To Communications Between Itself and Netflix.** Netflix's Request Number 55 seeks all documents relating to any communications between Blockbuster and Netflix. In response, Blockbuster only commits to providing "documents constituting or recording communications between Blockbuster Inc. and Netflix, Inc." Apparently, then, Blockbuster will only provide documents that it has previously sent to Netflix, and plans to withhold any internal communications commenting on or discussing communications between itself and Netflix. That is inappropriate, as such internal discussions are plainly relevant to this case. Please confirm that Blockbuster will produce all documents that relate to communications between itself and Netflix, as requested.

**Blockbuster's Refusal To Provide A Complete Picture of Its Retention Policies.** In response to Requests Number 56 and 57, which seek Blockbuster's email and document retention policies, Blockbuster commits only to produce documents describing what it views as

381899.02

William J. O'Brien, Esq.
October 6, 2006
Page 5

"potentially relevant" policies. It seems highly unlikely that Blockbuster has so many document or email retention policies that it would be burdensome to produce them all, rather than only the policies that Blockbuster subjectively views as "potentially relevant" to this matter. Please confirm that Blockbuster will produce the entirety of the documents sought by these requests.

**Blockbuster's Ambiguous Responses.** In response to requests such as Request Number 84, seeking documents relating to Blockbuster's use of Netflix's methods, and Request Number 86, seeking documents relating to the effect of competition by Netflix on Blockbuster's profits, Blockbuster commits to providing documents relating to "*a* rental method used by Netflix," and "*an* effect of Netflix" on Blockbuster. These responses appear to be singling out a particular (unidentified) method or effect, rather than all such methods or effects, as Netflix has sought. Please confirm that Blockbuster is not limiting its production to a single rental method or effect, and will instead produce all such responsive documents.

**Blockbuster's Refusal To Produce Documents Relating To Its Internal Discussions.** In response to Request Number 89, which seeks all documents relating to Blockbuster's in-store promotions of Blockbuster Online, Blockbuster commits only to provide "document sufficient to show such promotions." But that response leaves out key documents, such as Blockbuster executives' internal discussions of whether such promotions should be undertaken at all, and the benefits and detriments associated with doing so. A similar infirmity is present in Blockbuster's response to Request Number 90. Please confirm that Blockbuster will in fact produce these key internal documents, as well as the documents merely reflecting the results of those internal deliberations.

Thank you for your attention to these matters. We look forward to receiving confirmation that Blockbuster will provide the documents discussed above in response to Netflix's requests for production by Thursday, October 12. Please do not hesitate to call me should you wish to discuss any of these issues further.

Sincerely,

Eugene M. Paige

381899.02