ALSCHULER GROSSMAN STEIN & KAHAN LLP
Marshall B. Grossman (No. 35958)
William J. O'Brien (No. 99526)
Tony D. Chen (No. 176635)
Dominique N. Thomas (No. 231464)
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA  90404-4060
Telephone:  310-907-1000
Facsimile:  310-907-2000
Email:  mgrossman@agsk.com
        wobrien@agsk.com
        tchen@agsk.com
        dthomas@agsk.com

Attorneys for Defendant and Counterclaimant,
Blockbuster Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation, | CASE NO. C 06 2361 WHA (JCS) |
| Plaintiff, | **DECLARATION OF WILLIAM J. O'BRIEN IN SUPPORT OF BLOCKBUSTER'S MOTION TO COMPEL FURTHER RESPONSES TO BLOCKBUSTER'S FIRST SET OF REQUESTS FOR PRODUCTION** |
| vs. | |
| BLOCKBUSTER INC., a Delaware corporation, DOES 1-50, | |
| Defendants. | Hearing Date:  Dec. 8, 2006 |
| | Time:  9:30 A.M. |
| AND RELATED COUNTER ACTION. | Courtroom:  A, 15th Floor |
| | Judge:  Hon. Joseph C Spero |
| | Complaint Filed:  April 4, 2006 |

I, William J. O'Brien, declare:

**Introduction**

1.      I am an attorney duly admitted to practice before this Court and a partner in the law firm of Alschuler Grossman Stein & Kahan LLP, counsel of record for Defendant and Counterclaimant, Blockbuster Inc., in this case.  I am a patent litigator with significant trial and appellant experience.  Together with my partner Marshall B. Grossman, I am heading up the representation of Blockbuster in this case.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC

DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

Dockets.Justia.com

1    2.    I am familiar with the proceedings in this case, including court filings,

2  discovery, and correspondence.  I have personal knowledge of facts stated below except insofar

3  as another source of information is identified.

4  **Blockbuster's Service of Requests for Production and Special Notice to Netflix Counsel About Them**

5    3.    I caused Blockbuster's First Set of Requests for Production and First Set of

6  Interrogatories to be delivered to the offices of counsel of record for Plaintiff and Counter-

7  Defendant, Netflix, Inc., Keker & Van Nest, LLP, on July 11, 2006.  A true and correct copy of

8  the Requests, which are the subject of Blockbuster's present motion, is Exhibit A to this

9  Declaration.  In addition, the specific requests at issue in this motion – and Netflix's written

10  responses to them – are reprinted verbatim in Paragraphs 55 through 59 below.

11    4.    Because Blockbuster's Requests for Production had been served together

12  with the Interrogatories on July 11, Netflix's written responses to the Request for Production were

13  due on August 10, the same date when Netflix's Interrogatory Answers were originally due.  On

14  Page 1 of the Requests for Production, Blockbuster asked that the requested documents be

15  produced on August 14, 2006.

16    5.    On July 11, 2006, the same day that the Requests and Interrogatories were

17  served, I sent an email to Daralyn Durie of Keker & Van Nest, notifying her of the service and

18  attaching copies of the Requests and Interrogatories.  A true and correct copy of that email is

19  Exhibit B to this Declaration.  In the email, I also gave Ms. Durie a special "heads-up" that

20  Blockbuster needed discovery responses before the August 17 hearing on Netflix's motion to

21  dismiss:

22    I want to give you a heads-up at the outset that, while we are
    usually inclined to be liberal with extensions of time, these sets of
23    discovery requests present a special case, because they are largely
    directed to facts implicated by Netflix's pending motion to dismiss.
24    In that motion, as you know, Netflix attacks the facts alleged in
    support of certain Blockbuster defenses and counterclaims as
25    insufficient and argues for the inadequacy of Blockbuster's
    allegations made on information and belief.  While we believe that
26    our allegations are both proper and adequate to support our claims
    and defenses, we need to be in a position to advise the Court at the
27    hearing of what further allegations we can add if we are required to
    amend our pleading.

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP          912571_3.DOC                    2          DECLARATION OF WILLIAM J. O'BRIEN RE
                                                              MOTION TO COMPEL FURTHER RESPONSES
                                                              C 06 2361 WHA (JCS)

1      6.      In closing, I stated that, "[i]f there are any problems we will need to

2  address with regard to the discovery requests, I would appreciate your contacting me as early as

3  possible about them."

4      7.      I never received any response from Netflix's counsel to my July 11 email.

5  **Netflix's Request For An Extension of Time to Answer Interrogatories – But Not to Respond to Requests for Production**

6      8.      On August 4, 2006, however, I received a telephone call from Leo Lam of

7  Keker & Van Nest.  Mr. Lam requested an extension of Netflix's time to answer the First Set of

8  Interrogatories from August 10 to August 14.  During this conversation, I told Mr. Lam about my

9  July 11 email to Ms. Durie and about the time-sensitivity of receiving the discovery that

10  Blockbuster had requested that day in view of the August 17 hearing.

11      9.      In this context, Mr. Lam and I referred in passing on August 4 to

12  Blockbuster's First Set of Requests for Production.  While Mr. Lam was thus aware of the

13  Requests, he never requested any extension of time with regard to them, and Blockbuster never

14  granted any such extension.  Further, contrary to his later assertions, Mr. Lam never said anything

15  to me on August 4 to indicate that he was under a misapprehension as to when the written

16  responses to Blockbuster's First Set of Requests for Production were due or that he did not know

17  that the written responses were due on August 10.  Because the Requests for Production had been

18  served together with the Interrogatories on July 11, and because written responses, like

19  interrogatory answers, are due thirty days after service, it appeared obvious to me that the

20  deadline for written responses was the same as the August 10 deadline for answering the

21  Interrogatories.  It never entered into my mind that Mr. Lam was under any misapprehension

22  about this seemingly obvious point until August 11, when he asserted for the first time that the

23  written responses were not due until August 14.

24      10.      Despite the ongoing concerns of Blockbuster's counsel about the time-

25  sensitivity of the requested discovery, I granted Netflix the extension requested by Mr. Lam and

26  sent him a confirming email a few minutes later.  A true and correct copy of my August 4

27  confirming email is Exhibit C to this Declaration.  As the email reflects, the extension that I

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                                    3                    DECLARATION OF WILLIAM J. O'BRIEN RE
                                                                    MOTION TO COMPEL FURTHER RESPONSES
                                                                    C 06 2361 WHA (JCS)

1  granted to Mr. Lam applied only to "Netflix's time to answer Blockbuster's first set of

2  interrogatories . . . ." There is no reference to Blockbuster's Requests for Production anywhere in

3  the email.

4          11.     Mr. Lam did not challenge the accuracy of my August 4 email

5  confirmation of our conversation and of the scope of the extension granted.[1]

6  **Netflix's Untimely Written Responses to Blockbuster's Requests for Production**

7          12.     Blockbuster's counsel did not receive written responses to Blockbuster's

8  Requests for Production on August 10, 2006, when they were due. No such responses were

9  served or received until August 14, 2006. On August 11, 2006, I called Mr. Lam, and we spoke

10 by telephone twice during that day. In the first of these conversations, Mr. Lam told me – for the

11 first time – that he believed the written responses to Blockbuster's Requests for Production were

12 not due until August 14. Initially, Mr. Lam asserted that my August 4 email had said that

13 Netflix's written responses were due on August 14. He retracted this assertion when I read him

14 my August 4 email (Exhibit C), which neither said nor implied anything of the sort. Thereafter,

15 despite repeated requests on my part, Mr. Lam was not able – then or in later conversations – to

16 articulate any specific reason why he had believed that to be the case. He merely said that this

17 was an "inherited impression." Exhibit D to this declaration is a true and correct copy of a letter I

18 sent Mr. Lam on August 14, concerning our telephone conversations of August 11.

19         13.     Exhibit E is a true and correct copy of Netflix's written responses to

20 Blockbuster's First Set Requests for Production. Blockbuster's counsel first received these

21 responses on August 14, 2006, which, according to the attached proof of service, is also the date

22 when they were served.

23         14.     In its written responses, Netflix has asserted objections to every one of

24 Blockbuster's 134 Requests  As one example, Netflix has objected even to Request No. 133,

25 which merely asked for the items that Netflix had listed in its Initial Disclosures as Rule

26 26(a)(1)(b) documents. Netflix also objected to producing, and refused to produce, certain patent

---

27 [1] As recounted below, Mr. Lam did later assert that, in this email, I had represented that the
   written responses to Blockbuster's First Set of Requests for Production were due August 14.
28 However, once I read him the email, Mr. Lam retracted that assertion.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                    4         DECLARATION OF WILLIAM J. O'BRIEN RE
                                          MOTION TO COMPEL FURTHER RESPONSES
                                          C 06 2361 WHA (JCS)

filings, prior art that disclosed features claimed in the patents-in-suit, and other documents as described below.

**Netflix's Efforts to Excuse Its Untimely Responses**

15.     Exhibit F to this declaration is a true and correct copy of a letter I received from Mr. Lam on August 14, 2006, in response to my letter to him of that date (Exhibit D). In the third paragraph of his August 14 letter, Mr. Lam asserts, "When I requested and you granted on August 4 and extension of time until August 14 to respond to Blockbuster's interrogatories, I told you that Netflix wanted to provide its interrogatory responses on the same day that Netflix's written responses to Blockbuster's RFPs were due, on Monday, August 14." That statement by Mr. Lam is incorrect. Mr. Lam's recollection about what he told me in this regard is no more accurate than his incorrect recollection that my August 4 email had said that the written responses were due on August 14. Only after I reputed that incorrect assertion did Mr. Lam switch to reliance on a supposed statement that was oral rather than in writing.

16.     Similarly, during our initial telephone conversation on August 14, Mr. Lam denied that Blockbuster's requests for production specified a requested production date, even though that date appears prominently on the first page of the requests. While I do not question the sincerity of Mr. Lam's belief in his stated recollection, it does not correspond to the facts of what occurred.

17.     Mr. Lam is particularly off-base in suggesting that I withheld a correction of his professed mistake in order to "wait and claim 'gotcha' . . . ." In reality, I would gladly have corrected Mr. Lam if he had told me that he believed the written responses were due on August 14, but he made no such assertion on August 4, and the thought never entered my mind that he was unaware of the seemingly obvious response date. On August 11, when Mr. Lam asserted for the first time that the written responses were due on August 14, I did immediately correct him. Until then, I had no occasion or opportunity to do so.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC

5

DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

**Efforts at Compromise Resolution**

18.     Counsel have extensively discussed, and attempted to resolve, numerous issues regarding Netflix's responses to Blockbuster's First Set of Requests for Production.[2]  We have successfully resolved some issues by agreement, but have been unable to resolve others and need the assistance of the Court in doing so.[3]

19.     As noted above, I contacted Netflix's counsel by email about Blockbuster's First Set of Requests for Production on July 11, 2006 – the same day they were served – and I spoke by telephone with Netflix's counsel about the requests on August 11, 2006, 31 days after service.  Thereafter, counsel have conferred for multiple hours, in person and by telephone, about issues related to Netflix's responses to the requests for production.  These discussions have included telephone conferences between my colleague Dominique Thomas and me and Leo Lam, Eugene Paige, and Ashok Ramani of Keker & Van Nest LLP

20.     The communications that I have sent to opposing counsel in an attempt to resolve issues about Blockbuster's Requests for Production have included an August 25, 2006, letter to Daralyn Durie about the production requests, a true and correct copy of which is Exhibit G to this Declaration, and an August 31 letter to Eugene Paige, a true and correct copy of which is Exhibit H, in addition to my August 14 letter to Mr. Lam (Exhibit D.)[4]  My 11-page letter of August 31 (Exhibit H) confirmed a telephone conference of approximately one and one-half hours.

21.     Even so, Mr. Paige suggested, in a letter of September 1, 2006, that we had not yet fully conferred on all issues.  (A true and correct copy of Mr. Paige's September 1, 2006, letter is Exhibit J to this declaration.)  I therefore had another long telephone conference with Mr. Paige about the Requests for Production on September 5.  At the conclusion of that

---

[2] A description of these efforts is also included in counsel's joint letter attached as Exhibit 1 to Blockbuster's Motion to Compel Further Responses to Requests for Production.
[3] Additionally, Blockbuster reserves all rights to seek additional relief if it becomes necessary to do so based on future developments, such as any failure by Netflix to produce documents as agreed.  Netflix has not yet completed the agreed production of documents.
[4] Mr. Lam referred me to Mr. Paige in a letter dated August 30, 2006, a true and correct copy of which is Exhibit I to this declaration.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                          6                 DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

1    conversation, he expressed satisfaction that we had addressed the issues raised in his September 1

2    letter.

3          22.    Additionally, on October 13, 2006, I traveled to San Francisco and met

4    personally with Jeffrey Chanin and Gene Paige of Keker & Van Nest.  Prior to that meeting, I

5    sent Messrs. Chanin and Paige a draft of a proposed joint letter regarding Blockbuster's intended

6    motion to compel further responses to its first set of requests for production.  A true and correct

7    copy of that draft is Exhibit K to this declaration.  During the afternoon and evening of

8    October 13, we discussed Blockbuster's Requests for Production, Blockbuster's intended motion

9    to compel further responses to those Requests, and the draft of the joint letter.  My partner

10   Marshall Grossman participated in this conversation by telephone.  At the conference, we were

11   unable to reach agreement on any of the issues addressed in Blockbuster's present motion.

**Background for the Requests for Production**

12
       **The Pleadings**

13
             23.    The currently operative pleadings in this case are:

14
                    a.    Netflix's First Amended Complaint for Patent Infringement and

15
       Demand for Jury Trial (Document 28, filed July 26, 2006), a true and correct copy of

16
       which is Exhibit L to this declaration;

17
                    b.    Blockbuster's Answer to First Amended Complaint; Counterclaims;

18
       Demand for Jury Trial (Document 43, filed September 11, 2006), a true and correct copy

19
       of which is Exhibit M to this declaration; and

20
                    c.    Netflix's Reply to Defendant's Counterclaims (document 50, filed

21
       October 2, 2006), a true and correct copy of which is Exhibit N to this declaration.

22
             24.    In its First Amended Complaint (Exhibit L), Netflix accuses Blockbuster of

23
       infringing two patents, U.S. Patent No. 7,024,381 (Exhibit A to the First Amended Complaint)

24
       and U.S. Patent No. 6,584,450 (Exhibit B to the First Amended Complaint).

25
             25.    In its Answer (Exhibit M), Blockbuster asserts multiple affirmative

26
       defenses and conterclaims.  Blockbuster's affirmative defenses include:

27

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                    7            DECLARATION OF WILLIAM J. O'BRIEN RE
                                             MOTION TO COMPEL FURTHER RESPONSES
                                             C 06 2361 WHA (JCS)

a. That Netflix's patents are invalid for anticipation under 35 U.S.C. §102 because they claim subject matter already disclosed in the prior art;

b. That Netflix's patent claims were obvious in view of prior art and therefore unpatentable under 35 U.S.C.§103;

c. That Netflix's patents are unenforceable because of inequitable conduct in obtaining the patents, including the failure to disclose material prior art;

d. That Netflix has misused its patents and is therefore barred from asserting them against Blockbuster;

e. That Netflix's patent claims are invalid under 35 U.S.C.§112,¶1 because of failure by the Netflix inventors to disclose, in the patent applications and patents, what they regarded as the best way or "best mode" of practicing the claimed inventions.

26. Blockbuster's affirmative defenses of invalidity, unenforceability and patent misuse are set forth in Paragraphs 60-72 of the Answer.

27. Blockbuster also asserts affirmative defenses of laches (Paragraphs 73 through 77 of the Answer) and estoppel (Paragraphs 78 through 80 of the Answer).

28. Blockbuster's counterclaims include allegations that Netflix has engaged in monopolization and attempted monopolization in violation of Section 2 of the Sherman Antitrust Act, 15 U.S.C.§2, through fraudulently obtaining its patents-in-suit and baselessly asserting them in sham litigation against Blockbuster. Blockbuster's antitrust counterclaims and related allegations about interstate commerce and the relevant market are set forth in Paragraphs 88 through 119 of the Answer. Facts common to both Blockbuster's affirmative defenses and its counterclaims are set forth in Paragraphs 16 through 59 of the Answer.

29. In Netflix's Reply (Exhibit N) to Blockbuster's Counterclaims (Exhibit M), Netflix admits, in Paragraph 98, that it "did not cite any prior art" to the Patent Office during the pendency of the application for the '450 patent, which is the first of Netflix's two patents-in-suit.

30. Netflix admits, in Paragraph 31 of the Reply, "that certain specific individuals, including the named inventors and the attorneys who prosecuted the patent

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                           8        DECLARATION OF WILLIAM J. O'BRIEN RE
                                                 MOTION TO COMPEL FURTHER RESPONSES
                                                 C 06 2361 WHA (JCS)

1   applications, owed a duty of candor to the Patent and Trademark Office pursuant to 37 C.F.R.

2   §1.56(c)."  Netflix admits, in Paragraphs 35 and 36 of the Reply, that Netflix's named inventors

3   singed a "declaration and power of attorney [that] includes a paragraph that states: 'I

4   acknowledge a duty to disclose information which is known to me to be material to patentability

5   in accordance with Title 37, Code of Federal Regulations 1.56.'"

6        31.    In Paragraph 44 of its Reply "Netflix admits that it was aware of the

7   existence of certain patents purportedly owned by NCR during the pendency of the applications

8   for the '450 and '381 patents."  In Paragraph 52, "Netflix admits that it did not disclose the NCR

9   patents to the Patent Office in conjunction with the '381 patent."  Additionally, in Paragraph 44,

10  "Netflix admits that it was aware of the existence of HBO, Showtime, and TiVo while the

11  applications were [for the '450 and '381 patents] were pending."

12  **Netflix's Unsuccessful Motion to Dismiss**

13       32.    On July 6, 2006, Netflix filed a Motion to Dismiss Blockbuster's antitrust

14  counterclaims and to strike Blockbuster's defenses of inequitable conduct and patent misuse.

15  After briefing and argument, this Court denied Netflix's motion in its entirety.  A true and correct

16  copy of the Court's order (Document 40, filed August 22, 2006) is Exhibit O to this declaration.

17       33.    On Page 8, Lines 21-28 of the Court's order denying Netflix's motion to

18  dismiss (Exhibit O), the Court states:

19       Netflix disclosed absolutely *no* prior art in applying for the '450
         patent.  Shortly after that patent issued, Netflix suddenly
20       bombarded the PTO examiner with over one hundred references in
         support of the '381 patent (but not the NCR patents).  This is so
21       even though the same law firm prosecuted both patent applications,
         and even though the same named inventors were responsible for
22       both applications.  For Netflix's later patent, the PTO examiner
         would have needed to swim through a morass of references and
23       then go beyond that morass to find the NCR patents.
24
         34.    Exhibit P to this declaration is a true and correct copy of the reply that
25
    Netflix filed in support of its motion to dismiss (Document 36, filed August 3, 2006).  In
26
    Footnote 5 on Pages 5 and 6 of this reply, Netflix cited cases in which materiality of omitted prior
27
    art was supported by references to that art in Patent Office proceedings.  Netflix argued, "Here,
28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                                    9              DECLARATION OF WILLIAM J. O'BRIEN RE
                                                              MOTION TO COMPEL FURTHER RESPONSES
                                                              C 06 2361 WHA (JCS)

1   Blockbuster does not allege the PTO cited the NCR patents against Netflix." For example,

2   Netflix cited *Papst Motoren GMbH & Co. v. Kanematsu-Goshu (U.S.A.) Inc.*, 629 F. Supp. 864

3   (S.D.N.Y. 1986), saying, "the court in *Papst* noted that the claimant specifically alleged that (1) a

4   patent examiner working on a companion patent application had discussed the omitted prior-art

5   patent with prosecution counsel, and (2) prosecution counsel in fact referred to the omitted prior-

6   art patent in an amendment while prosecuting the companion application."

### Netflix's Disclosures About Its Contentions

7

8       35.    Exhibit Q to this declaration is a true and correct copy of Netflix's

9   Amended Initial Disclosures under Rule 26 of the Federal Rules of Civil Procedure, dated

10  July 28, 2006. At Page 5, Lines 13 through 20 of these Disclosures, Netflix states that it contends

11  that it has lost profits as a result of Blockbuster's allegedly infringing activity, including lost

12  profits from lost subscribers and from price erosion, but Netflix does not provide any details are

13  amounts of such alleged damages. At Page 5, Lines 21 through 25 of these Disclosures, Netflix

14  further states that it is entitled to a reasonable royalty from Blockbuster's alleged infringement,

15  but Netflix does not specify any rate, calculation, or amount for such a royalty.

16      36.    Exhibit R to this declaration is a true and correct copy of the

17  [Amended][Corrected] Netflix's Disclosure of Asserted Claims and Preliminary Contentions for

18  U.S. Patent Nos. 7,024,381 and 6,584,450 (Document 31, filed July 28, 2006. On Page 2 at

19  Lines 5 through 7 of this [Amended][Corrected] Disclosure, Netflix states:

20          Wishing to preserve its right to rely on the assertion that its own
            methods and systems practice the claimed invention pursuant to
21          Patent L.R. 3-1(f), Netflix discloses that it practices each asserted
            claim in both the '391 [sic] and '450 Patents.

22      37.    Exhibit A to the [Amended] [Corrected] Disclosure is a table submitted by

23  Netflix purporting to compare the Blockbuster Online service identified as "the accused

24  instrumentality" to multiple asserted claims of Netflix's '381 patent. On Page 13 of Exhibit A to

25  the [Amended][Corrected] Disclosure, Netflix purports to compare Blockbuster Online to

26  Claim 34 of the '381 patent. In doing so, Netflix breaks Claim 34 into portions designated as

27  "34a" through "34e". The portion of the claim designated as 34a reads, "establishing over the

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                    10          DECLARATION OF WILLIAM J. O'BRIEN RE
                                            MOTION TO COMPEL FURTHER RESPONSES
                                            C 06 2361 WHA (JCS)

1  Internet a rental agreement with a customer that provides for charging the customer a periodic

2  fee."  Referring to the other portions of Claim 34, Netflix merely refers to its preceding

3  Contentions 1a through 1e, which appear on Pages 1-3 of Exhibit A to the [Amended][Corrected]

4  Disclosure and purport to compare Blockbuster Online to Claim 1 of the '381 patent.  Based on

5  the [Amended][Corrected] Disclosure, the understanding of Blockbuster's counsel is that Netflix

6  contends that Blockbuster infringes Claim 23 of the '381 patent for the same reasons it allegedly

7  infringes Claim 1, with the sole distinction being Claim 34's addition of the requirement for

8  "establishing over the Internet a rental agreement with a customer that provides for charging the

9  customer a periodic fee" (portion 34a).

10        **Blockbuster's Invalidity Contentions**

11        38.    Blockbuster's filings disclosing its Preliminary Invalidity Contentions

12  provide further information about issues in this case.  Exhibit X to this Declaration is a true and

13  correct copy of Blockbuster's Invalidity Contentions for U.S. Patent No. 6,584,450

14  (Document 45, filed September 18, 2006), while Exhibit Y is a true and correct copy of

15  Blockbuster's Preliminary Invalidity Contentions for U.S. Patent No. 7,024,381 (Document 46,

16  filed September 18, 2006).[5]

17        39.    For example, information about Blockbuster's best-mode defenses with

18  regard to the '450 patent is provided at Page 6, Line 14 through Page 7, Line 13 of Exhibit X.

19  Information about Blockbuster's best-mode defenses as to the '381 patent is provided at Page 6,

20  Lines 1 through 27 of Exhibit Y.  As stated in these documents, Blockbuster's best-mode

21  defenses include that claims of the '450 and '381 patents recite selecting movies or other items

22  for delivery to a customer but do not disclose any mode of selecting items or movies that

23  prioritizes between requests of different customers.  For instance, the patents do not disclose any

24  mode of selecting movies or other items that takes into account how often a customer returns

25

26

27

28

---

[5] Blockbuster's detailed charts concerning prior art supporting its invalidity contentions are not included in these exhibits because of their bulk.  Inclusion of these charts would have resulted in submission of approximately 824 pages with respect to the '450 patent and approximately 628 pages with respect to the '381 parent.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                11                DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

1    them and receives new ones, nor any step method, device, or feature for anything known or

2    described as "throttling."

3        40.    As further reflected in Exhibits X and Y, Blockbuster contends that claims

4    of the '450 and '381 patents recite delivery of moves or other items to customers and delivery by

5    mail but do not disclose any particular type, design, or features for the envelope or package used

6    for such delivery or for return of movies or other items by a customer.

7        **"Throttling" and the Related Class Action Against Netflix**

8        41.    During our investigation for this case, Blockbuster's counsel have become

9    aware of a recently settled class action lawsuit against Netflix, *Frank Chavez v. Netflix, Inc.*, Case

10   No. CGC-04-434884 in the Superior Court for the State of California for the City and County of

11   San Francisco. Exhibit S to this Declaration is a true and correct copy of the Complaint in that

12   case, obtained from the San Francisco Superior Court's case file. In Paragraph 32 on Pages 8 and

13   9 of this Complaint, the class-action plaintiff alleges that Netflix "intentionally designed their

14   business processes and operating software so as to increase the delivery times to many

15   customers . . . and to significantly decrease and/or limit the number of DVDs that can be rented in

16   a month." The class-action plaintiff goes on to provide some particulars of the alleged Netflix

17   conduct at issue. For example, in Sub-Paragraph 32a, he alleges that Netflix "prioritize[d]

18   shipping DVDs . . . to account holders who have rented the fewest DVDs in prior months.

19   Customers who rent the fewest DVDs per month are the most profitable. . . ."

20       42.    In Paragraph 35 on Page 11 of the Class Action Complaint, it is alleged

21   that Netflix's conduct "unfairly disadvantages" competitors – such as Blockbuster – "who more

22   accurately disclose their delivery times."

23       43.    This class action lawsuit and Netflix's "throttling" practices received

24   considerable attention in the media and on the Internet. Exhibit T is a true and correct copy of a

25   typical article on the case from *DVD Rental News*, dated February 10, 2006.

26       44.    Exhibit U is a copy of the Order Approving Settlement of the *Chavez* class

27   action, dated April 28, 2006, and signed by the Hon. Thomas J. Mellon, Jr., of the San Francisco

28   Superior Court. Blockbuster's counsel obtained this document from the Superior Court case file.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                12              DECLARATION OF WILLIAM J. O'BRIEN RE
                                            MOTION TO COMPEL FURTHER RESPONSES
                                            C 06 2361 WHA (JCS)

45.    Netflix's patents-in-suit (Exhibits A and B to Netflix's First Amended Complaint, which is Exhibit L to this declaration) do not provide any disclosure concerning "throttling" or other procedures for prioritizing between requests of different customers as described in the *Chavez* Class Action Complaint.

**Other Information Received About Netflix**

46.    Exhibit V to this declaration is a true and correct copy of an article found by Blockbuster's counsel on the Internet at the website "MarketingProfs.com," dated April 11, 2006 and entitled "Five Lessons From the Netflix Startup Story."  The article is co-authored by Jim Cook, who is described on Page 5 of the article as "a Netflix cofounder."  On Pages 1 through 3 of the article, Mr. Cook describes issues addressed by Netflix with regard to U.S. Postal Service operations and packaging.  Among other things, Mr. Cook states, on Page 2:

> In short, we figured out a way to make it all work. . . .

> We knew that if we didn't find a way to work within the US Post Office's systems, we wouldn't succeed. . . .  To understand how the Post Office backend worked, I spent hundred of hours at a few of the largest regional Postal Centers, observing and asking tons of questions.

> I noticed letters being sorted by several high spinning circular drums. . . .  [I]t was obvious that a thin plastic DVD would not survive the journey. . . .

> I found out that if an envelope had certain dimensions and other characteristics, it would be sorted by [an] alternative system instead of the large, crushing metal drums. . . .

> Our resulting "Netflix envelope" was one of the biggest "customer wows."  Its design was critical not only for the customer experience but also for our operations and business mode.  We had to design the envelope so that it met several criteria . . . .

47.    Mr. Cook's article (Exhibit V) also includes a section on Page 4 entitled "Copy the best."  Mr. Cook states, "When designing the Netflix Web site we turned to the best: Amazon."  He proceeds to list six "ideas that we adapted [from Amazon] for the Netflix Web site . . . ."

48.    Exhibit W to this decoration is a true and correct copy of an email dated February 7, 2006 received Blockbuster through the email address

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC

13

DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

1  "investor.relations@blockbuster.com." The email is if from a postal employee named William

2  Grubb, who advised Netflix of special processing procedures in use on behalf of Netflix (but not

3  Blockbuster) at the Post Office where he works.[6]

4         49.    Netflix's patents-in-suit (Exhibits A and B to Netflix's First Amended

5  Complaint, which is Exhibit L to this declaration) do not provide any disclosure concerning

6  Postal Service machinery or systems, special postal processing procedures, or envelope design.

7  In fact, the patents do not mention envelopes at all.

8  **Blockbuster's Attemtps to Gather Evidence About Claimed Features in the Prior Art**

9         50.    Blockbuster has conducted an extensive search for prior art disclosing

10 features claimed in the patents-in-suit. Blockbuster wishes to use such prior art to support its

11 invalidity defenses of anticipation and obviousness. In addition, to the extent that Blockbuster

12 can establish knowledge by Netflix of material undisclosed prior art, it intends to use such

13 information to support its inequitable conduct defenses and antitrust counterclaims.

14        51.    Netflix's '450 patent bears an application filing date of April 28, 2000.

15 The '381 patent claims priority of that application as well. Blockbuster's prior art search is

16 therefore focused on prior art existing as of April 28, 1999 – one year before Netflix's claimed

17 priority date. For example, under 35 U.S.C. § 102(b), a person is not entitled to a patent if "the

18 invention was patented or described in a printed publication in this or a foreign country or in

19 public use or on sale in this country, more than one year prior to the date of the application for

20 patent in the United States . . . ."

21        52.    Many of the Requests for Production now in dispute with Netflix constitute

22 attempts by Blockbuster to identify relevant prior art and, especially, prior art known to Netflix

23 but not disclosed by it to the Patent and Trademark Office in obtaining the patents-in-suit. Such

24 Requests include Nos. 32, 34-36, 55-57, 67-71, 73-74, 78-81, 86, 88-90, 93-100, 105, 113-17, and

25 119.

26

27

28

[6] Material reflecting subsequent forwarding of Mr. Grubb's email has been omitted from Exhibit W.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                    14            DECLARATION OF WILLIAM J. O'BRIEN RE
                                              MOTION TO COMPEL FURTHER RESPONSES
                                              C 06 2361 WHA (JCS)

53.     Of these Requests, Nos. 32, 34, 35, and 36 request documents related to particular prior art businesses or categories of prior art businesses, such as HBO, Showtime, or other subscription cable or satellite television services or pay television services in existence before April 28, 1999 (Request No. 32), Webvan, Homegrocer.com, or other Internet grocery service in existence before April 28, 1999 (Request No. 34), Amazon.com (Request No. 35), and eBay (Request No. 36).

54.     The remainder of the prior-art related Requests seek information pre-dating April 28, 1999, concerning prior art that included various features that Netflix has included in claims in the patents-in-suit.  The following table provides illustrative comparisons between features in these Requests for Production and features recited in Claims of the '381 and '450 patents:

| Features of Prior Art Requested in Requests for Production (Exhibit A) | Similar Features Claimed in Patents-in-Suit (Exhibits A & B to Exhibit L) |
| --- | --- |
| "computer-implemented rental of movies to a customer" (Request No. 55) "computer-implemented rental of movies to customers" (Request No. 56) | "A computer-implemented method for renting movies to customers . . ." ('381 patent, Claims 1, 14, 24, 34) "A method for renting items to customers, the method comprising the computer-implemented steps [described below]." ('450 patent, Claims 1, 16, 31) "A computer-readable medium for renting items to customers, the computer-readable medium carrying one or more sequences of one or more instructions which, when executed by one or more processors, cause the one or more processors to perform the computer-implemented steps [described below]." ('450 patent, Claims 36, 81) |
| "providing electronic digital information that caused one or more attributes of movies to be displayed"  (Request No. 57) | "providing electronic digital information that causes one or more attributes of movies to be displayed . . ." ('381 patent, Claims 1, 14, 24, 34, 44) |
| "a rental agreement that provided for a periodic fee" (Request No. 67) | "a rental agreement with a customer that provides for charging the customer a periodic fee . . ." ('381 patent, Claim 34) |
| "establishing a rental agreement over the Internet" (Request No. 68) | "establishing over the Internet a rental agreement . . ." ('381 patent, Claim 34) |
| "shipping a movie only if a fee was current" (Request No. 69) | "if the customer is current on the periodic fee, selecting another movie based upon the order of the list and causing the selected movie to be delivered to the customer . . ." ('381 patent, Claim 34) |

| Features of Prior Art Requested in Requests for Production (Exhibit A) | Similar Features Claimed in Patents-in-Suit (Exhibits A & B to Exhibit L) |
|---|---|
| "computer system for renting movies" (Request No. 70) | "A computer system for renting movies to customers . . ." ('381 patent, Claim 44)<br>"An apparatus for renting items to customers comprising . . . one or more processors . . ." ('450 patent, Claim 51) |
| "renting movies using a computer coupled to a digital telecommunications network" (Request No. 71) | "A computer system for renting movies to customers, comprising: . . . a computer that is coupled to a digital telecommunications network . . ." ('381 patent, Claim 44) |
| "renting movies using a computer with electronic digital memory" (Request No. 73) | "A computer system for renting movies to customers, comprising: . . . a computer [and] an electronic digital memory in the computer . . ." ('381 patent, Claim 44)<br>"An apparatus for renting items to customers comprising . . . a memory communicatively coupled to the one or more processors . . ." ('450 patent, Claim 51) |
| "renting movies using a computer with programs stored in memory causing the computer to perform steps" (Request No. 74) | "A computer system for renting movies to customers, comprising: . . . a computer . . .; an electronic digital memory in the computer [and] one or more sequences of computer program instructions stored in the electronic digital memory which, when executed, cause the computer to perform the steps [described below]." ('381 patent, Claim 44)<br>"An apparatus for renting items to customers comprising . . . a memory communicatively coupled to the one or more processors, the memory including one or more sequences of one or more instructions which, when executed by the one or more processors, cause the one or more processors to perform the steps [described below]." ('450 patent, Claim 51) |
| "computer-implemented method in which two or more movies for renting to a customer are selected by a customer" (Request No. 78) | "A computer-implemented method as recited in claim 1 [or 14 or 24 or 34], wherein the two or more movies for renting to the customer are selected by the customer." ('381 patent, Claims 5, 18, 28, 38) |
| "determining the order of two or more movies based upon one or more preferences of a customer" (Request No. 79) | "A computer-implemented method as recited in claim 1 [or 14 or 24], further comprising determining the order of the two or more movies based upon one or more preferences of the customer." ('381 patent, Claims 6, 19, 29) |
| "delivery of a selected movie by mail" (Request No. 80) | "A computer-implemented method as recited in claim 1 [or 14 or 24 or 34 or 44], wherein the delivery of the selected movie comprises delivery by mail." ('381 patent, Claims 7, 20, 30, 40, 48)<br>"A method as recited in claim 31, wherein movies are provided to the customer by mail." ('450 patent, Claim 34)<br>"A computer-readable medium as recited in |

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC

16

DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

| Features of Prior Art Requested in Requests for Production (Exhibit A) | Similar Features Claimed in Patents-in-Suit (Exhibits A & B to Exhibit L) |
|---|---|
|  | claim 96, wherein movies are provided to the customer by mail." ('450 patent, Claim 99) |
| "delivery of a selected movie by mail on one or more optical media" (Request No. 81) | "A computer-implemented method as recited in claim 1 [or 14 or 24 or 34 or 44], wherein the delivery of the selected movie comprises delivery by mail on one or more optical media." ('381 patent, Claims 8, 21, 31, 41, 49) |
| "rental of any of motion pictures, television series, documentaries, cartoons, music videos, video recordings of concert performances, instructional programs, or educational programs" (Request No. 86) | "A method as recited in claim 1, wherein the movies comprise any of motion pictures, television series, documentaries, cartoons, music videos, video recordings of concert performances, instructional programs, and educational programs." ('381 patent, Claim 13) |
| "providing a customer up to a specified number of items indicated by one or more selection criteria" (Request No. 88) | "providing to the customer up to a specified number of the one or more items indicated by the one or more item selection criteria . . ." ('450 patent, Claims 1, 16, 31, 51, 81, 96) "providing to the customer one or more other items indicated by the one or more item selection criteria, wherein a total current number of items provided to the customer does not exceed the specified number . . ." ('450 patent, Claim 36) |
| "in response to receiving one or more items provided to a customer, providing the customer one or more other items indicated by one or more item selection criteria" (Request No. 89) | "in response to receiving any of the items provided to the customer, providing to the customer one or more other items indicated by the one or more item selection criteria . . ." ('450 patent, Claims 1, 16 ) |
| "rental of items to a customer in which the total current number of items provided to the customer did not exceed a specified number" (Request No. 90) | "A computer-implemented method as recited in claim 1 [or 14 or 24 or 34], wherein a number of movies delivered to the customer and not yet returned does not exceed the specified number." ('381 patent, Claims 10, 23, 33, 43) "A computer system as recited in claim 44, wherein a number of movies delivered to the customer and not yet returned does not exceed the specified number." ('381 patent, Claim 51) |
| "computer-readable medium for renting items to customers" (Request No. 93) | "A computer-readable medium for renting items to customers . . ." ('450 patent, Claims 36, 81) |
| "computer-readable medium for renting items to customers that carried one or more sequences of instructions (Request No. 94) | "A computer-readable medium for renting items to customers, the computer-readable medium carrying one or more sequences of one or more instructions . . ." ('450 patent, Claims 36, 81) |
| "instructions that, when executed by one or more processors, caused one or more of them to perform steps for renting items to customers" (Request No. 95) | "instructions which, when executed by one or more processors, cause the one or more processors to perform the computer-implemented steps [described below]." ('450 patent, Claims 36, 81) "A computer system for renting movies to customers, comprising: . . one or more sequences of computer program instructions stored in the electronic digital memory which, when executed, cause the computer to perform the |

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC

17

DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

| Features of Prior Art Requested in Requests for Production (Exhibit A) | Similar Features Claimed in Patents-in-Suit (Exhibits A & B to Exhibit L) |
|---|---|
| | steps [described below]." ('381 patent, Claim 44) |
| "apparatus for renting items to customers, the apparatus including one or more processors" (Request No. 96) | "An apparatus for renting items to customers comprising . . . one or more processors . . ." ('450 patent, Claim 51) |
| "apparatus for renting items to customers, the apparatus including a memory communicatively coupled to the one or more processors, the memory including one or more sequences of one or more instructions which, when executed by the one or more processors, caused the one or more processors to perform steps" (Request No. 97) | "An apparatus for renting items to customers comprising . . . one or more processors; and a memory communicatively coupled to the one or more processors, the memory including one or more sequences of one or more instructions which, when executed by the one or more processors, cause the one or more processors to perform the steps [described below]." ('450 patent, Claim 51) |
| "apparatus for renting items to customers comprising an item rental mechanism configured to perform steps" (Request No. 98) | "An apparatus for renting items to customers comprising an item rental mechanism configured to [perform steps described below]." ('450 patent, Claim 66) |
| "rental of items to customers in which a total number of items provided to the customer within a specified period of time did not exceed a specified limit" (Request No. 99) | "A method as recited in claim 1 ['A method for renting items to customers . . .'], wherein a total number of items provided to the customer within a specified period of time does not exceed a specified limit." ('450 patent, Claim 2) "A method for renting items to customers, . . . wherein a total number of items provided to the customer within a specified period of time does not exceed a specified limit." ('450 patent, Claim 16) "A computer-readable medium as recited in claim 36 ['A computer-readable medium for renting items to customers . . .'], wherein the total number of items provided to the customer within a specified period of time does not exceed a specified limit." ('450 patent, Claim 37) "An apparatus as recited in claim 66, wherein the total number of items provided to the customer within a specified period of time does not exceed a specified limit." ('450 patent, Claim 67) |
| "rental of items to customers in which a total number of items provided to the customer within a specified period of time did not exceed a specified number" (Request No. 100) | "renting items . . . providing to the customer up to a specified number of the one or more items indicated by the one or more item selection criteria . . ." ('450 patent, Claims 1, 16, 51, 81) "renting items . . . providing to the customer one or more other items indicated by the one or more item selection criteria, wherein a total current number of items provided to the customer does not exceed the specified number . . ." ('450 patent, Claim 36) "renting movies . . . providing to the customer up to a specified number of the one or more items indicated by the one or more item selection |

| Features of Prior Art Requested in Requests for Production (Exhibit A) | Similar Features Claimed in Patents-in-Suit (Exhibits A & B to Exhibit L) |
|---|---|
| | criteria . . ." ('450 patent, Claims 31, 96) |
| "item selection criteria specifying one or more preferred item attributes" (Request No. 105) | "A method as recited in claim 1 [or 16], wherein . . . the one or more item selection criteria specifies one or more preferred item attributes . . ." ('450 patent, Claims 6, 21) "A computer-readable medium as recited in claim 36 [or 81], wherein the one or more item selection criteria specifies one or more preferred item attributes . . ." ('450 patent, Claims 41, 86) "An apparatus as recited in claim 51 [or 66], wherein the one or more item selection criteria specifies one or more preferred item attributes . . ." ('450 patent, Claims 56, 71) |
| "in response to receiving a customer notification, providing the customer a second set of one or more items indicated by item selection criteria" (Request No. 113) | "A method as recited in claim 1 [or 16], further comprising in response to receiving a customer notification, providing to the customer a second set of one or more other items indicated by the one or more item selection criteria." ('450 patent, Claims 8, 23) "A computer-readable medium as recited in claim 36, further comprising in response to receiving a customer notification, providing to the customer a second set of one or more other items indicated by the one or more item selection criteria." ('450 patent, Claim 43) |
| "in response to expiration of a specified amount of time, providing a customer a second set of one or more items indicated by item selection criteria" (Request No. 114) | "A method as recited in claim 1 [or 16], further comprising in response to expiration of a specified amount of time, providing to the customer a second set of one or more other items indicated by the one or more item selection criteria." ('450 patent, Claims 9, 24) "A computer-readable medium as recited in claim 36 [or 81], further comprising in response to expiration of a specified amount of time, providing to the customer a second set of one or more other items indicated by the one or more item selection criteria." ('450 patent, Claims 44, 89) "An apparatus as recited in claim 51 [or 66], further comprising in response to expiration of a specified amount of time, providing to the customer a second set of one or more other items indicated by the one or more item selection criteria." ('450 patent, Claims 59, 74) |
| "in response to a specified date being reached, providing a customer a second set of one or more items indicated by item selection criteria" (Request No. 115) | "A method as recited in claim 1 [or 16],further comprising in response to a specified date being reached, providing to the customer a second set of one or more other items indicated by the one or more item selection criteria." ('450 patent, Claims 10, 25) "A computer-readable medium as recited in claim 36 [or 81], further comprising in response |

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC

19

DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

| Features of Prior Art Requested in Requests for Production (Exhibit A) | Similar Features Claimed in Patents-in-Suit (Exhibits A & B to Exhibit L) |
|---|---|
| | to a specified date being reached, providing to the customer a second set of one or more other items indicated by the one or more item selection criteria."  ('450 patent, Claims 45, 90) "An apparatus as recited in claim 51 [or 66], further comprising in response to a specified date being reached, providing to the customer a second set of one or more other items indicated by the one or more item selection criteria." ('450 patent, Claims 60, 75) |
| "in response to a specified fee being received, providing a customer a second set of one or more items indicated by item selection criteria" (Request No. 116) | "A method as recited in claim 1 [or 16], further comprising in response to a specified fee being received, providing to the customer a second set of one or more other items indicated by the one or more item selection criteria."  ('450 patent, Claims 11, 26) "A computer-readable medium as recited in claim 36 [or 81], further comprising in response to a specified fee being received, providing to the customer a second set of one or more other items indicated by the one or more item selection criteria."  ('450 patent, Claims 46, 91) "An apparatus as recited in claim 51 [or 66], further comprising in response to a specified fee being received, providing to the customer a second set of one or more other items indicated by the one or more item selection criteria." ('450 patent, Claims 61, 76) |
| "providing rental items to a customer by mail" (Request No. 117) | "A method as recited in claim 1 [or 16], wherein items are provided to the customer by mail." ('450 patent, Claims 12, 27) "A computer-readable medium as recited in claim 36 [or 81], wherein items are provided to the customer by mail."  ('450 patent, Claims 47, 92) "An apparatus as recited in claim 51 [or 66], wherein items are provided to the customer by mail."  ('450 patent, Claims 66, 77) |
| "renting movies" (Request No. 119) | "A method for renting movies to customers . . ." ('450 patent, Claim 31) "A computer-readable medium for renting movies to customers . . ."  ('450 patent, Claim 96) "A . . . method for renting movies to customers . . ." ('381 patent, Claims 1, 14, 24, 34) |

**The Disputed Requests for Production and Netflix's Responses**

55.    The Requests for Production and Responses that are particularly in dispute in Blockbuster's present motion are set forth verbatim below.  For the Court's convenience, they are grouped into four categories.

**Documents Related to Netflix Patents and Applications or to Patent Rights Related to Blockbuster Online or to Netflix (Requests Nos. 3-5, 10-16, 46-49, and 52-54)**

56.    The text of each of these Requests and of each of Netflix's Written Responses to them is as follows:

**REQUEST FOR PRODUCTION NO. 3:**

All MATERIALS submitted to or received from the United States Patent and Trademark Office or any other patent office or agency in connection with any SUBJECT PATENT OR APPLICATION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Netflix objects to Blockbuster's demand that it produce documents relating to its patents and/or applications other than the patents-in-suit, because such patents/applications have no relevance to any issue in this case.  Netflix further objects to producing documents relating to its patent applications that have not either been issued or been published on the grounds that the pendency of these patents, and the nature of the areas that they cover, is competitively sensitive information regarding Netflix's future business plans, and should not be produced to a company that is seeking directly to compete with Netflix in the market, such as Blockbuster.  Netflix further objects to Blockbuster's Request that it produce documents relating to prosecution of patents before patent offices or agencies other than the United States Patent and Trademark Office.  The prosecution of patents that are not only not asserted in this case, but cannot be asserted here because they are being prosecuted and will be issued in a foreign country, is in no way relevant to any of the issues presented in this case.

Netflix objects to this Request as overly broad and unduly burdensome, seeking material that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.  Netflix also objects to this Request to the extent

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

1  that it calls for information protected by the attorney-client privilege or the work product doctrine.

2  Further, Netflix objects to the extent that this Request duplicates prior Requests.

3        Subject to and without waiving the foregoing objections, Netflix will produce all

4  nonprivileged, responsive documents so described and related to the '381 and '450 patents that

5  are locatable after a diligent search of all locations at which such materials might plausibly exist.

6  **REQUEST FOR PRODUCTION NO. 4:**

7        All files of NETFLIX, including any NETFLIX patent attorney or patent agent, for

8  any SUBJECT PATENT or APPLICATION.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

10        Netflix objects to Blockbuster's demand that it produce documents relating to its

11  patents and/or applications other than the patents-in-suit, because such patents/applications have

12  no relevance to any issue in this case.  Netflix further objects to producing documents relating to

13  its patent applications that have not either been issued or been published on the grounds that the

14  pendency of these patents, and the nature of the areas that they cover, is competitively sensitive

15  information regarding Netflix's future business plans, and should not be produced to a company

16  that is seeking directly to compete with Netflix in the market, such as Blockbuster.

17        Netflix also objects to this Request to the extent that it calls for information

18  protected by the attorney-client privilege or the work product doctrine.  Further, Netflix objects to

19  the extent that this Request duplicates prior Requests.

20        Subject to and without waiving the foregoing objections, Netflix will produce all

21  nonprivileged, responsive documents so described and related to the '381 and '450 patents that

22  are locatable after a diligent search of all locations at which such materials might plausibly exist.

23  **REQUEST FOR PRODUCTION NO. 5:**

24        All MATERIALS constituting, recording, referring to, or evidencing any assertion

25  of, or attempt to license, any SUBJECT APPLICATION OR PATENT.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

27        Netflix objects to Blockbuster's demand that it produce documents relating to its

28  patents and/or applications other than the patents-in-suit, because such patents/applications have

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                    22                    DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

1  no relevance to any issue in this case.  Netflix further objects to producing documents relating to

2  its patent applications that have not either been issued or been published on the grounds that the

3  pendency of these patents, and the nature of the areas that they cover, is competitively sensitive

4  information regarding Netflix's future business plans, and should not be produced to a company

5  that is seeking directly to compete with Netflix in the market, such as Blockbuster.

6          Netflix objects to this Request as overly broad and unduly burdensome, seeking

7  material that is irrelevant to the subject matter of this action and is not reasonably calculated to

8  lead to the discovery of admissible evidence.  Netflix also objects to this Request to the extent

9  that it calls for information protected by the attorney-client privilege or the work product doctrine.

10  Further, Netflix objects to the extent that this Request duplicates prior Requests.

11          Subject to and without waiving the foregoing objections, Netflix will produce all

12  nonprivileged, responsive documents so described and related to the '381 and '450 patents that

13  are locatable after a diligent search of all locations at which such materials might plausibly exist.

14  **REQUEST FOR PRODUCTION NO. 10:**

15          All MATERIALS asserting, referring to or evidencing the scope of any SUBJECT

16  APPLICATION OR PATENT or any aspect of the construction of any claim of any such

17  application or patent.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

19          Netflix objects to Blockbuster's demand that it produce documents relating to its

20  patents and/or applications other than the patents-in-suit, because such patents/applications have

21  no relevance to any issue in this case.  Netflix further objects to producing documents relating to

22  its patent applications that have not either been issued or been published on the grounds that the

23  pendency of these patents, and the nature of the areas that they cover, is competitively sensitive

24  information regarding Netflix's future business plans, and should not be produced to a company

25  that is seeking directly to compete with Netflix in the market, such as Blockbuster.

26          Netflix also objects to this Request to the extent that it calls for information

27  protected by the attorney-client privilege or the work product doctrine.  Netflix further objects to

28  this Request as vague and ambiguous with regard to "scope", and understands the term to refer to

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC          23          DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

1  construction of claims.  To the extent that Blockbuster demands Netflix produce materials that

2  would evidence Netflix's construction of a claim, Netflix objects to the Request as premature in

3  that it seeks to impose upon Netflix a duty to come forward with a claim construction well prior

4  to the date provided for in the Court's Case Management Order and the Local Rules of this Court,

5  and objects to the Request as well as calling for a legal conclusion.  Netflix objects to the extent

6  that this Request duplicates prior Requests.

7        Subject to and without waiving the foregoing objections, Netflix will produce all

8  nonprivileged, responsive documents so described and related to the '381 and '450 patents that

9  are locatable after a diligent search of all locations at which such materials might plausibly exist.

10  **REQUEST FOR PRODUCTION NO. 11:**

11        All MATERIALS asserting, referring to or evidencing the patentability or

12  unpatentability of any SUBJECT APPLICATION OR PATENT or of any claim of any such

13  application or patent.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

15        Netflix objects to Blockbuster's demand that it produce documents relating to its

16  patents and/or applications other than the patents-in-suit, because such patents/applications have

17  no relevance to any issue in this case.  Netflix further objects to producing documents relating to

18  its patent applications that have not either been issued or been published on the grounds that the

19  pendency of these patents, and the nature of the areas that they cover, is competitively sensitive

20  information regarding Netflix's future business plans, and should not be produced to a company

21  that is seeking directly to compete with Netflix in the market, such as Blockbuster.

22        Netflix objects to this Request to the extent that it calls for information protected

23  by the attorney-client privilege or the work product doctrine.  Further, Netflix objects to the

24  extent that this Request duplicates prior Requests.  Netflix further objects as the demand for

25  materials "evidencing patentability or unpatentability" is vague, ambiguous, and calls for a legal

26  conclusion.

27        Subject to and without waiving the foregoing objections, Netflix will produce all

28  nonprivileged, responsive documents so described and related to the '381 and '450 patents that

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC

24

DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

1  are locatable after a diligent search of all locations at which such materials might plausibly exist.

2  **REQUEST FOR PRODUCTION NO. 12:**

3          All MATERIALS asserting, referring to or evidencing the patentability or

4  unpatentability of any method performed by NETFLIX or of any related apparatus or computer-

5  readable medium.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

7          Netflix objects to this Request to the extent that it calls for information protected

8  by the attorney-client privilege or the work product doctrine.  Netflix further objects to this

9  Request as the phrases "any method performed" or "any related apparatus or computer-readable

10  medium" is vague and ambiguous.  Netflix further objects as the demand for materials

11  "evidencing the patentability or unpatentability" is vague, ambiguous, and calls for a legal

12  conclusion.

13          Netflix also objects to this Request as overly broad and unduly burdensome,

14  seeking material that is irrelevant to the subject matter of this action and is not reasonably

15  calculated to lead to the discovery of admissible evidence.  To the extent this Request seeks

16  material relevant to the subject matter of this action, Netflix objects that this Request duplicates

17  prior Requests.

18  **REQUEST FOR PRODUCTION NO. 13:**

19          All MATERIALS constituting, recording, referring to, or evidencing

20  COMMUNICATIONS between W. Reed Hastings and Edward Stead concerning any SUBJECT

21  PATENT or APPLICATION.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

23          Netflix objects to Blockbuster's demand that it produce documents relating to its

24  patents and/or applications other than the patents-in-suit, because such patents applications have

25  no relevance to any issue in this case.  Netflix further objects to producing documents relating to

26  its patent applications that have not either been issued or been published on the grounds that the

27  pendency of these patents, and the nature of the areas that they cover, is competitively sensitive

28  information regarding Netflix's future business plans, and should not be produced to a company

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                    25                    DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

1    that is seeking directly to compete with Netflix in the market, such as Blockbuster.  Netflix

2    further objects to the extent that these materials are in Blockbuster's possession.

3           Subject to and without waiving the foregoing objections, Netflix will produce all

4    non-privileged, responsive documents so described and related to the '381 and '450 patents that

5    are locatable after a diligent search of all locations at which such materials might plausibly exist.

6    **REQUEST FOR PRODUCTION NO. 14:**

7           All MATERIALS constituting, recording, referring to, or evidencing

8    COMMUNICATIONS between NETFLIX and BLOCKBUSTER concerning any SUBJECT

9    PATENT or APPLICATION.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

11          Netflix objects to Blockbuster's demand that it produce documents relating to its

12   patents and/or applications other than the patents-in-suit, because such patents/applications have

13   no relevance to any issue in this case.  Netflix further objects to producing documents relating to

14   its patent applications that have not either been issued or been published on the grounds that the

15   pendency of these patents, and the nature of the areas that they cover, is competitively sensitive

16   information regarding Netflix's future business plans, and should not be produced to a company

17   that is seeking directly to compete with Netflix in the market, such as Blockbuster.  Netflix also

18   objects to the extent that these materials are in Blockbuster's possession.

19          Subject to and without waiving the foregoing objections, Netflix will produce all

20   nonprivileged, responsive documents so described and related to the '381 and '450 patents that

21   are locatable after a diligent search of all locations at which such materials might plausibly exist.

22   **REQUEST FOR PRODUCTION NO. 15:**

23          All MATERIALS constituting, recording, referring to, or evidencing

24   COMMUNICATIONS concerning any patent rights, patent license, or patent infringement related

25   to Blockbuster Online.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

27          Netflix objects to this Request as overly broad and unduly burdensome, seeking

28   material hat is irrelevant to the subject matter of this action and is not reasonably calculated to

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                                    26                    DECLARATION OF WILLIAM J. O'BRIEN RE
                                                                     MOTION TO COMPEL FURTHER RESPONSES
                                                                     C 06 2361 WHA (JCS)

1   lead to the discovery of admissible evidence.  Netflix also objects to this Request to the extent

2   that it calls for information protected by the attorney-client privilege or the work product doctrine.

3          Subject to and without waiving the foregoing objections, Netflix will produce all

4   nonprivileged, responsive documents so described and related to the '381 and '450 patents that

5   are locatable after a diligent search of all locations at which such materials might plausibly exist.

6   **REQUEST FOR PRODUCTION NO. 16:**

7          All MATERIALS constituting, recording, referring to, or evidencing

8   COMMUNICATIONS concerning any patent rights, patent license, or patent infringement related

9   to NETFLIX.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

11         Netflix objects to this Request to the extent that it seeks documents relating to its

12  patents and/or applications other than the patents-in-suit, because such patents/applications have

13  no relevance to any issue in this case.  Netflix further objects to producing documents relating to

14  its latent applications that have not either been issued or been published on the grounds that the

15  pendency of these patents, and the nature of the areas that they cover, is competitively sensitive

16  information regarding Netflix's future business plans, and should not be produced to a company

17  chat is seeking directly to compete with Netflix in the market, such as Blockbuster.

18         Netflix objects to this Request on the grounds that it is overly broad and unduly

19  burdensome, seeking material that is irrelevant to the subject matter of this action and is not

20  reasonably calculated to lead to the discovery of admissible evidence.  Netflix further objects to

21  this Request to the extent that it calls for information protected by the attorney-client privilege or

22  the work product doctrine.

23  **REQUEST FOR PRODUCTION NO. 46:**

24         All MATERIALS constituting, recording, referring to, or evidencing submission

25  of any prior art reference or other information to the United States Patent and Trademark Office

26  or any other patent office or agency in connection with any SUBJECT APPLICATION OR

27  PATENT.

28  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC          27          DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

1        Netflix objects to Blockbuster's demand that it produce documents relating to its

2    patents and/or applications other than the patents-in-suit, because such patents/applications have

3    no relevance to any issue in this case.  Netflix further objects to producing documents relating to

4    its patent applications that have not either been issued or been published on the grounds that the

5    pendency of these patents, and the nature of the areas that they cover, is competitively sensitive

6    information regarding Netflix's future business plans, and should not be produced to a company

7    that is seeking directly to compete with Netflix in the market, such as Blockbuster.  Netflix

8    further objects to Blockbuster's Request that it produce documents relating to prosecution of

9    patents before patent offices or agencies other than the United States Patent and Trademark

10   Office.  The prosecution of patents that are not only not asserted in this case, but cannot be

11   asserted here because they are being prosecuted and will be issued in a foreign country, is in no

12   way relevant to any of the issues presented in this case.

13       Netflix objects to this Request on the grounds that it is overly broad and unduly

14   burdensome, seeking material that is irrelevant to the subject matter of this action and is not

15   reasonably calculated to lead to the discovery of admissible evidence.  Netflix further objects to

16   this Request to the extent that it calls for information protected by the attorney-client privilege or

17   the work product doctrine. Netflix also objects to the extent that this Request duplicates prior

18   Requests.

19       Subject to and without waiving the foregoing objections, Netflix will produce all

20   nonprivileged, responsive documents so described and related to the '381 and '450 patents that

21   are locatable after a diligent search of all locations at which such materials might plausibly exist.

22   **REQUEST FOR PRODUCTION NO. 47:**

23       All MATERIALS constituting, recording, referring to, or evidencing any failure or

24   omission to submit any prior art reference or other information to the United States Patent and

25   Trademark Office in connection with the '041 APPLICATION or '450 PATENT.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

27       Netflix objects as the phrase "failure or omission to submit any prior art reference"

28   is vague, ambiguous, and calls for a legal conclusion.  Netflix further objects to this Request to

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC

28

DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

1    the extent that it calls for information protected by the attorney-client privilege or the work

2    product doctrine.

3    **REQUEST FOR PRODUCTION NO. 48:**

4            All MATERIALS constituting, recording, referring to, or evidencing any failure or

5    omission to submit any prior art reference or other information to the United States Patent and

6    Trademark Office in connection with the '727 APPLICATION or '381 PATENT.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

8            Netflix objects as the phrase "failure or omission to submit any prior art reference"

9    is vague, ambiguous, and calls for a legal conclusion.  Netflix further objects to this Request to

10   the extent that it calls for information protected by the attorney-client privilege or the work

11   product doctrine.

12   ///

13   **REQUEST FOR PRODUCTION NO. 49:**

14           All MATERIALS constituting, recording, referring to, or evidencing any failure or

15   omission to submit any prior art reference or other information to the United States Patent and

16   Trademark Office or any other patent office or agency in connection with any SUBJECT

17   APPLICATION OR PATENT.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

19           Netflix objects to Blockbuster's demand that it produce documents relating to its

20   patents and/or applications other than the patents-in-suit, because such patents/applications have

21   no relevance to any issue in this case.  Netflix further objects to producing documents relating to

22   its patent applications that have not either been issued or been published on the grounds that the

23   pendency of these patents, and the nature of the areas that they cover, is competitively sensitive

24   information regarding Netflix's future business plans, and should not be produced to a company

25   that is seeking directly to compete with Netflix in the market, such as Blockbuster.  Netflix

26   further objects to Blockbuster's Request that it produce documents relating to prosecution of

27   patents before patent offices or agencies other than the United States Patent and Trademark

28   Office.  The prosecution of patents that are not only not asserted in this case, but cannot be

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                29          DECLARATION OF WILLIAM J. O'BRIEN RE
                                        MOTION TO COMPEL FURTHER RESPONSES
                                        C 06 2361 WHA (JCS)

asserted here because they are being prosecuted and will be issued in a foreign country, is in no way relevant to any of the issues presented in this case.

Netflix objects as the phrase "failure or omission to submit any prior art reference" is vague, ambiguous, and calls for a legal conclusion. Netflix further objects to this Request to the extent that it calls for information protected by the attorney-client privilege or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 52:**

All MATERIALS constituting, recording, referring to, or evidencing any reason or justification for submitting or not submitting any prior art reference or other information to the United States Patent and Trademark Office or any other patent office or agency in connection with any SUBJECT APPLICATION OR PATENT.

///

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Netflix objects to Blockbuster's demand that it produce documents relating to its patents and/or applications other than the patents-in-suit, because such patents/applications have no relevance to any issue in this case. Netflix further objects to producing documents relating to its patent applications that have not either been issued or been published on the grounds that the pendency of these patents, and the nature of the areas that they cover, is competitively sensitive information regarding Netflix's future business plans, and should not be produced to a company that is seeking directly to compete with Netflix in the market, such as Blockbuster. Netflix further objects to Blockbuster's Request that it produce documents relating to prosecution of patents before patent offices or agencies other than the United States Patent and Trademark Office. The prosecution of patents that are not only not asserted in this case, but cannot be asserted here because they are being prosecuted and will be issued in a foreign country, is in no way relevant to any of the issues presented in this case.

Netflix objects to this Request on the grounds that it is overly broad and unduly burdensome, seeking material that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Netflix further objects to

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                    30                    DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

1    this Request to the extent that it calls for information protected by the attorney-client privilege or

2    the work product doctrine.  Netflix also objects to the extent that this Request duplicates prior

3    Requests.

4         Subject to and without waiving the foregoing objections, Netflix will produce all

5    nonprivileged, responsive documents so described and related to the '381 and '450 patents that

6    are locatable after a diligent search of all locations at which such materials might plausibly exist.

7    **REQUEST FOR PRODUCTION NO. 53:**

8         All MATERIALS asserting, recording, referring to, or evidencing any failure or

9    omission by NETFLIX to submit any prior art reference or other information to the United States

10   Patent and Trademark Office or any other patent office or agency.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

12        Netflix objects to Blockbuster's Request that it produce documents relating to

13   prosecution of patents before patent offices or agencies other than the United States Patent and

14   Trademark Office.  The prosecution of patents that are not only not asserted in this case, but

15   cannot be asserted here because they are being prosecuted and will be issued in a foreign country,

16   is in no way relevant to any of the issues presented in this case.  Netflix further objects as the

17   phrase "failure or omission . . . to submit any prior art reference" is vague, ambiguous, and calls

18   for a legal conclusion.

19        Netflix objects to this Request on the grounds that it is overly broad and unduly

20   burdensome, seeking material that is irrelevant to the subject matter of this action and is not

21   reasonably calculated to lead to the discovery of admissible evidence.  Netflix further objects to

22   this Request to the extent that it calls for information protected by the attorney-client privilege or

23   the work product doctrine.  Netflix also objects to the extent that this Request duplicates prior

24   Requests.

25   **REQUEST FOR PRODUCTION NO. 54:**

26        All MATERIALS asserting, recording, referring to, or evidencing any failure or

27   omission by NETFLIX or any PERSON UNDER A DUTY OF CANDOR to submit any prior art

28   reference or other information to the United States Patent and Trademark Office or any other

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                    31                    DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

1    patent office or agency.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

3           Netflix objects to Blockbuster's Request that it produce documents relating to

4    prosecution of patents before patent offices or agencies other than the United States Patent and

5    Trademark Office.  The prosecution of patents that are not only not asserted in this case, but

6    cannot be asserted here because they are being prosecuted and will be issued in a foreign country,

7    is in no way relevant to any of the issues presented in this case.  Netflix further objects as the

8    phrase "failure or omission . . . to submit any prior art reference" is vague, ambiguous, and calls

9    for a legal conclusion.

10          Netflix objects to this Request on the grounds that it is overly broad and unduly

11   burdensome, seeking material that is irrelevant to the subject matter of this action and is not

12   reasonably calculated to lead to the discovery of admissible evidence.  Netflix further objects to

13   the extent that this Request duplicates prior Requests.

14   **Documents Relating to Preferential Selection Methodologies Referred to as
     "Throttling" (Requests Nos. 24-26 and 128-29)**

15          57.    The text of each of these requests and of each of Netflix's written

16   responses to them is as follows:

17   **REQUEST FOR PRODUCTION NO. 24:**

18          All MATERIALS filed, served, and produced for inspection by an adverse party in

19   *Frank Chavez v. Netflix, Inc.*, San Francisco Superior Court Case No. CGC 04-434884, and any

20   transcripts or other records of any discovery or proceedings in that case.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

22          Netflix objects to this Request on the grounds that it seeks material that is

23   irrelevant to the subject matter of this action and is not reasonably calculated to lead to the

24   discovery of admissible evidence.  Netflix further objects to this Request to the extent that it calls

25   for information protected by the attorney-client privilege or the work product doctrine.

26   **REQUEST FOR PRODUCTION NO. 25:**

27          All MATERIALS constituting, recording, referring to, or evidencing

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                    32              DECLARATION OF WILLIAM J. O'BRIEN RE
                                                MOTION TO COMPEL FURTHER RESPONSES
                                                C 06 2361 WHA (JCS)

1    COMMUNICATIONS between the parties in *Frank Chavez v. Netflix, Inc.*, San Francisco

2    Superior Court Case No. CGC 04-434884, or their respective counsel.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

4          Netflix objects that this Request seeks material that is irrelevant to the subject

5    matter of this action and is not reasonably calculated to lead to the discovery of admissible

6    evidence.  Netflix further objects to this Request to the extent that it calls for information

7    protected by the attorney-client privilege or the work product doctrine.

8    **REQUEST FOR PRODUCTION NO. 26:**

9          All MATERIALS constituting, referring to, recording, or evidencing any

10   settlement negotiations concerning *Frank Chavez v. Netflix, Inc.,* San Francisco Superior Court

11   Case No. CGC 04-434884.

12   ///

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

14          Netflix objects that this Request seeks material that is irrelevant to the subject

15   matter of this action and is not reasonably calculated to lead to the discovery of admissible

16   evidence.  Netflix further objects to this Request to the extent that it calls for information

17   protected by the attorney-client privilege or the work product doctrine.

18   **REQUEST FOR PRODUCTION NO. 128:**

19          All MATERIALS asserting, evidencing, reflecting, o[r] referring to any use by

20   NETFLIX of any practice known as "throttling" on or before April 28, 2000.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

22          Netflix objects to this Request as seeking material that is irrelevant to the subject

23   matter of this action and is not reasonably calculated to lead to the discovery of admissible

24   evidence.  Netflix further objects to this Request to the extent that it calls for information

25   protected by the attorney-client privilege or the work product doctrine.

26   **REQUEST FOR PRODUCTION NO. 129:**

27          All MATERIALS asserting, evidencing, reflecting, or referring to any use by

28   NETFLIX of any practice known as "throttling" on or before May 14, 2003.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                    33                    DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

2

Netflix objects to this Request as seeking material that is irrelevant to the subject

3

matter of this action and is not reasonably calculated to lead to the discovery of admissible

4

evidence.  Netflix further objects to this Request to the extent that it calls for information

5

protected by the attorney-client privilege or the work product doctrine.

6

**Documents Related to Delivery by the Postal Service (Requests Nos. 130-32)**

7

58.    The text of each of these requests and of each of Netflix's written

8

responses to them is as follows:

9

**REQUEST FOR PRODUCTION NO. 130:**

10

All MATERIALS asserting, evidencing, reflecting, or referring to any preferential

11

sorting or handling of NETFLIX mail.

12

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

13

Netflix objects to this Request as seeking material that is irrelevant to the subject

14

matter of this action and is not reasonably calculated to lead to the discovery of admissible

15

evidence.  Netflix further objects to this Request to the extent that it calls for information

16

protected by the attorney-client privilege or the work product doctrine.

17

**REQUEST FOR PRODUCTION NO. 131:**

18

All MATERIALS evidencing, reflecting, or referring to any

19

COMMUNICATIONS between NETFLIX and any employee of the United States Postal Service

20

concerning any preferential sorting or handling of NETFLIX mail.

21

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

22

Netflix objects to this Request as seeking material that is irrelevant to the subject

23

matter of this action and is not reasonably calculated to lead to the discovery of admissible

24

evidence.  Netflix further objects to this Request to the extent that it calls for information

25

protected by the attorney-client privilege or the work product doctrine.

26

**REQUEST FOR PRODUCTION NO. 132:**

27

All MATERIALS evidencing, reflecting, or referring to any

28

COMMUNICATIONS between William J. Henderson and the United States Postal Service

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC

34

DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

1    concerning NETFLIX.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

3        Netflix objects to this Request as seeking material that is irrelevant to the subject

4    matter of this action and is not reasonably calculated to lead to the discovery of admissible

5    evidence.  Netflix further objects to this Request to the extent that it calls for information

6    protected by the attorney-client privilege or the work product doctrine.

7    **Documents Related to Prior Art Known to Netflix (Requests Nos. 32, 34-36, 55-57,
     67-71, 73-74, 78-81, 86, 88-90, 93-100, 105, 113-17, and 119)**

8        59.    The text of each of these requests and of each of Netflix's written

9    responses to them is as follows:

10   **REQUEST FOR PRODUCTION NO. 32:**

11       All MATERIALS referring to or evidencing HBO, Showtime, or any subscription

12   cable or satellite television service or pay television service in existence before April 28, 1999, or

13   referring to or evidencing any knowledge thereof by NETFLIX or any PERSON UNDER A

14   DUTY OF CANDOR at any time before April 4, 2006.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

16       Netflix objects to this Request on the grounds that it is overly broad and unduly

17   burdensome, seeking material that is irrelevant to the subject matter of this action and is not

18   reasonably calculated to lead to the discovery of admissible evidence.  Netflix further objects to

19   this Request to the extent that it calls for information protected by the attorney-client privilege or

20   the work product doctrine.  Netflix also objects to this Request as vague and ambiguous with

21   regard to "any subscription cable or satellite television service or pay television service."  Netflix

22   further objects to producing minutiae of a personal nature that are literally responsive to this

23   Request, such as any personal purchases orders of its employees from any subscription cable or

24   satellite television service or pay television service in existence before April 28, 1999.

25       Subject to and without waiving the foregoing objections, Netflix will produce all

26   nonprivileged, responsive documents that so reference "HBO" or "Showtime" and that are

27   locatable after a diligent search of all locations at which such materials might plausibly exist.

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                    35                    DECLARATION OF WILLIAM J. O'BRIEN RE
                                                     MOTION TO COMPEL FURTHER RESPONSES
                                                     C 06 2361 WHA (JCS)

1   Further, Netflix is willing to meet and confer with Blockbuster in order to arrive at a narrowed

2   Request that could possibly yield additional materials relevant to this case without imposing the

3   burdens associated with this Request in its current form, but Netflix will not undertake to discern

4   a reasonable interpretation of, and engage in a corresponding search for responsive documents

5   that make any reference to, "any subscription cable or satellite television service or pay television

6   service in existence before April 28, 1999."

7   **REQUEST FOR PRODUCTION NO. 34:**

8          All MATERIALS referring to or evidencing Webvan, Home Grocer.com, or any

9   Internet grocery service in existence before April 28, 1999, or referring to or evidencing any

10  knowledge thereof by NETFLIX or any PERSON UNDER A DUTY OF CANDOR of at any

11  time before April 4, 2006.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

13         Netflix objects to this Request on the grounds that it is overly broad and unduly

14  burdensome, seeking material that is irrelevant to the subject matter of this action and is not

15  reasonably calculated to lead to the discovery of admissible evidence.  Netflix further objects to

16  this Request to the extent that it calls for information protected by the attorney-client privilege or

17  the work product doctrine.  Netflix also objects to this Request as vague and ambiguous with

18  regard to "any Internet grocery service." Netflix  further objects to producing minutiae of a

19  personal nature that are literally responsive to this Request, such as any personal purchases orders

20  of its employees from any Internet grocery service in existence before April 28, 1999.

21         Subject to and without waiving the foregoing objections, Netflix will produce all

22  nonprivileged, responsive documents that so reference "Webvan" or "Home Grocer" and that are

23  locatable after a diligent search of all locations at which such materials might plausibly exist.

24  Further, Netflix is willing to meet and confer with Blockbuster in order to arrive at a narrowed

25  Request that could possibly yield additional materials relevant to this case without imposing the

26  burdens associated with this Request in its current form, but Netflix will not undertake to discern

27  a reasonable interpretation of, and engage in a corresponding search for responsive documents

28  that make any reference to, "any Internet grocery service in existence before April 28, 1999."

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                          36            DECLARATION OF WILLIAM J. O'BRIEN RE
                                                    MOTION TO COMPEL FURTHER RESPONSES
                                                    C 06 2361 WHA (JCS)

1  **REQUEST FOR PRODUCTION NO. 35:**

2  All MATERIALS referring to or evidencing Amazon.com or referring to or

3  evidencing any knowledge of Amazon.com by NETFLIX or any PERSON UNDER A DUTY OF

4  CANDOR at any time before April 4, 2006.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

6  Netflix objects to this Request on the grounds that it is overly broad and unduly

7  burdensome, seeking material that is irrelevant to the subject matter of this action and is not

8  reasonably calculated to lead to the discovery of admissible evidence.  Netflix further objects to

9  this Request to the extent that it calls for information protected by the attorney-client privilege or

10  the work product doctrine.  Netflix further objects to producing minutiae of a personal nature that

11  are literally responsive to this Request, such as any personal purchases orders of its employees

12  from Amazon.com.

13  Subject to and without waiving the foregoing objections, Netflix will produce all

14  nonprivileged, responsive documents so described that are locatable after a diligent search of all

15  locations at which such materials might plausibly exist.

16  **REQUEST FOR PRODUCTION NO. 36:**

17  All MATERIALS referring to or evidencing eBay or referring to or evidencing

18  any knowledge of eBay by NETFLIX or any PERSON UNDER A DUTY OF CANDOR at any

19  time before April 4, 2006.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

21  Netflix objects to this Request on the grounds that it is overly broad and unduly

22  burdensome, seeking material that is irrelevant to the subject matter of this action and is not

23  reasonably calculated to lead to the discovery of admissible evidence.  Netflix further objects to

24  this Request to the extent that it calls for information protected by the attorney-client privilege or

25  the work product doctrine.  Netflix further objects to producing minutiae of a personal nature that

26  are literally responsive to this Request, such as any personal purchases orders of its employees

27  from eBay.

28  Subject to and without waiving the foregoing objections, Netflix will produce all

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                    37          DECLARATION OF WILLIAM J. O'BRIEN RE
                                            MOTION TO COMPEL FURTHER RESPONSES
                                            C 06 2361 WHA (JCS)

1  non-privileged, responsive documents so described that are locatable after a diligent search of all

2  locations at which such materials might plausibly exist.

3  **REQUEST FOR PRODUCTION NO. 55:**

4         All MATERIALS constituting, recording, referring to, or evidencing any use,

5  description nor disclosure, prior to April 28, 1999, of any computer-implemented rental of movies

6  to a customer.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

8         Netflix objects to this Request as vague, ambiguous, and oppressive.  On one hand,

9  this Request could be read to purport to require Netflix to conduct a search for and produce

10  materials that in any way relate to or depend on portions of the claims of the patents-in-suit.  To

11  the extent that Blockbuster seeks thereby to require Netflix to construe a claim element that may

12  or may not eventually be in dispute in order to respond to this Request, Netflix objects to the

13  Request as premature in that it seeks to impose upon Netflix a duty to come forward with a claim

14  construction well prior to the date provided for in the Court's Case Management Order and the

15  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

16  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

17  documents literally called for by the Request, without any further context, Netflix objects to the

18  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

19  discovery of admissible evidence.  This Request is nothing more than an attempt to harass Netflix

20  by requiring it to mount a search for and produce documents that could fall within the literal

21  terms of snippets of the claims of its patents.

22         Although Netflix is willing to meet and confer with Blockbuster in order to arrive

23  at a narrowed Request that could possibly yield materials relevant to this case without imposing

24  the burdens associated with a search for documents responsive to the Request in its current form,

25  Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

26  corresponding search for documents responsive to, the Request as currently phrased.

27  **REQUEST FOR PRODUCTION NO. 56:**

28         MATERIALS sufficient to fully describe any use, practice, description, or

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                                    38                    DECLARATION OF WILLIAM J. O'BRIEN RE
                                                                     MOTION TO COMPEL FURTHER RESPONSES
                                                                     C 06 2361 WHA (JCS)

1  disclosure, prior to April 28, 1999, of any computer-implemented rental of movies to customers.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

3          Netflix objects to this Request as vague, ambiguous, and oppressive.  On one hand,

4  this Request could be read to purport to require Netflix to conduct a search for and produce

5  materials that in any way relate to or depend on portions of the claims of the patents-in-suit.  To

6  the extent that Blockbuster seeks thereby to require Netflix to construe a claim element that may

7  or may not eventually be in dispute in order to respond to this Request, Netflix objects to the

8  Request as premature in that it seeks to impose upon Netflix a duty to come forward with a claim

9  construction well prior to the date provided for in the Court's Case Management Order and the

10  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

11  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

12  documents literally called for by the Request, without any further context, Netflix objects to the

13  request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

14  discovery of admissible evidence.  This Request is nothing more than an attempt to harass Netflix

15  by requiring it to mount a search for and produce documents that could fall within the literal

16  terms of snippets of the claims of its patents.

17          Although Netflix is willing to meet and confer with Blockbuster in order to arrive

18  at a narrowed Request that could possibly yield materials relevant to this case without imposing

19  the burdens associated with a search for documents responsive to the Request in its current form,

20  Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

21  corresponding search for documents responsive to, the Request as currently phrased.

22  **REQUEST FOR PRODUCTION NO. 57:**

23          MATERIALS sufficient to fully describe any use, practice, description, or

24  disclosure, prior to April 28, 1999, of providing electronic digital information that caused one of

25  more attributes of movies to be displayed.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

27          Netflix objects to this Request as vague, ambiguous, and oppressive.  On one hand,

28  this Request could be read to purport to require Netflix to conduct a search for and produce

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC

39

DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

1   materials that in any way relate to or depend on portions of the claims of the patents-in-suit.  To

2   the extent that Blockbuster seeks thereby to require Netflix to construe a claim element that may

3   or may not eventually be in dispute in order to respond to this Request, Netflix objects to the

4   Request as premature in that it seeks to impose upon Netflix a duty to come forward with a claim

5   construction well prior to the date provided for in the Court's Case Management Order and the

6   Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

7   Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

8   documents literally called for by the Request, without any further context, Netflix objects to the

9   Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

10  discovery of admissible evidence.  This Request is nothing more than an attempt to harass Netflix

11  by requiring it to mount a search for and produce documents that could fall within the literal

12  terms of snippets of the claims of its patents.

13          Although Netflix is willing to meet and confer with Blockbuster in order to arrive

14  at a narrowed Request that could possibly yield materials relevant to this case without imposing

15  the burdens associated with a search for documents responsive to the Request in its current form,

16  Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

17  corresponding search for documents responsive to, the Request as currently phrased.

18  **REQUEST FOR PRODUCTION NO. 67:**

19          MATERIALS sufficient to fully describe any use, practice, description, or

20  disclosure, prior to April 28, 1999, of a rental agreement that provided for a periodic fee.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

22          Netflix objects to this Request as vague, ambiguous, and oppressive.  On one hand,

23  this Request could be read to purport to require Netflix to conduct a search for and produce

24  materials that in any way relate to or depend on portions of the claims of the patents-in-suit.  To

25  the extent that Blockbuster seeks thereby to require Netflix to construe a claim element that may

26  or may not eventually be in dispute in order to respond to this Request, Netflix objects to the

27  Request as premature in that it seeks to impose upon Netflix a duty to come forward with a laim

28  construction well prior to the date provided for in the Court's Case Management Order and the

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC

40

DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

1   Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

2   Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

3   documents literally called for by the Request, without any further context, Netflix objects to the

4   Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

5   discovery of admissible evidence.  This Request is nothing more than an attempt to harass Netflix

6   by requiring it to mount a search for and produce documents that could fall within the literal

7   terms of snippets of the claims of its patents.

8          Although Netflix is willing to meet and confer with Blockbuster in order to arrive

9   at a narrowed Request that could possibly yield materials relevant to this case without imposing

10  the burdens associated with a search for documents responsive to the Request in its current form,

11  Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

12  corresponding search for documents responsive to, the Request as currently phrased.

13  **REQUEST FOR PRODUCTION NO. 68:**

14         MATERIALS sufficient to fully describe any use, practice, description, or

15  disclosure, prior to April 28, 1999, of establishing a rental agreement over the Internet.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

17         Netflix objects to this Request as vague, ambiguous, and oppressive.  On one hand,

18  this Request could be read to purport to require Netflix to conduct a search for and produce

19  materials that in any way relate to or depend on portions of the claims of the patents-in-suit.  To

20  the extent that Blockbuster seeks thereby to require Netflix to construe a claim element that may

21  or may not eventually be in dispute in order to respond to this Request, Netflix objects to the

22  Request as premature in that it seeks to impose upon Netflix a duty to come forward with a claim

23  construction well prior to the date provided for in the Court's Case Management Order and the

24  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

25  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

26  documents literally called for by the Request, without any further context, Netflix objects to the

27  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

28  discovery of admissible evidence.  This Request is nothing more than an attempt to harass Netflix

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                41                DECLARATION OF WILLIAM J. O'BRIEN RE
                                              MOTION TO COMPEL FURTHER RESPONSES
                                              C 06 2361 WHA (JCS)

1  by requiring it to mount a search for and produce documents that could fall within the literal

2  terms of snippets of the claims of its patents.

3          Although Netflix is willing to meet and confer with Blockbuster in order to arrive

4  at a narrowed Request that could possibly yield materials relevant to this case without imposing

5  the burdens associated with a search for documents responsive to the Request in its current form,

6  Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

7  corresponding search for documents responsive to, the Request as currently phrased.

8  **REQUEST FOR PRODUCTION NO. 69:**

9          All MATERIALS constituting, recording, referring to, or evidencing any use

10  practice, description, or disclosure, prior to April 28, 1999, of shipping a movie only if a fee was

11  current.

12  ///

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

14          Netflix objects to this Request as vague, ambiguous, and oppressive.  On one hand,

15  this Request could be read to purport to require Netflix to conduct a search for and produce

16  materials that in any way relate to or depend on portions of the claims of the patents-in-suit.  To

17  the extent that Blockbuster seeks thereby to require Netflix to construe a claim element that may

18  or may not eventually be in dispute in order to respond to this Request, Netflix objects to the

19  Request as premature in that it seeks to impose upon Netflix a duty to come forward with a claim

20  construction well prior to the date provided for in the Court's Case Management Order and the

21  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

22  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

23  documents literally called for by the Request, without any further context, Netflix objects to the

24  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

25  discovery of admissible evidence.  This Request is nothing more than an attempt to harass Netflix

26  by requiring it to mount a search for and produce documents that could fall within the literal

27  terms of snippets of the claims of its patents.

28          Although Netflix is willing to meet and confer with Blockbuster in order to arrive

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                42              DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

1    at a narrowed Request that could possibly yield materials relevant to this case without imposing

2    the burdens associated with a search for documents responsive to the Request in its current form,

3    Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

4    corresponding search for documents responsive to, the Request as currently phrased.

5    **REQUEST FOR PRODUCTION NO. 70:**

6            MATERIALS sufficient to fully describe any use, practice, description, or

7    disclosure, prior to April 28, 1999, of any computer system for renting movies.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

9            Netflix objects to this Request as vague, ambiguous, and oppressive.  On one hand,

10    this Request could be read to purport to require Netflix to conduct a search for and produce

11    materials that in any way relate to or depend on portions of the claims of the patents-in-suit.  To

12    the extent that Blockbuster seeks thereby to require Netflix to construe a claim element that may

13    or may not eventually be in dispute in order to respond to this Request, Netflix objects to the

14    Request as premature in that it seeks to impose upon Netflix a duty to come forward with a claim

15    construction well prior to the date provided for in the Court's Case Management Order and the

16    Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

17    Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

18    documents literally called for by the Request, without any further context, Netflix objects to the

19    Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

20    discovery of admissible evidence.  This Request is nothing more than an attempt to harass Netflix

21    by requiring it to mount a search for and produce documents that could fall within the literal

22    terms of snippets of the claims of its patents.

23            Although Netflix is willing to meet and confer with Blockbuster in order to arrive

24    at a narrowed Request that could possibly yield materials relevant to this case without imposing

25    the burdens associated with a search for documents responsive to the Request in its current form,

26    Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

27    corresponding search for documents responsive to, the Request as currently phrased.

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                43                DECLARATION OF WILLIAM J. O'BRIEN RE
                                              MOTION TO COMPEL FURTHER RESPONSES
                                              C 06 2361 WHA (JCS)

1    **REQUEST FOR PRODUCTION NO. 71:**

2          MATERIALS sufficient to fully describe any use, practice, description, or

3    disclosure, prior to April 28, 1999, of renting movies using a computer coupled to a digital

4    telecommunications network.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

6          Netflix objects to this Request as vague, ambiguous, and oppressive.  On one hand,

7    this Request could be read to purport to require Netflix to conduct a search for and produce

8    materials that in any way relate to or depend on portions of the claims of the patents-in-suit.  To

9    the extent that Blockbuster seeks thereby to require Netflix to construe a claim element that may

10   or may not eventually be in dispute in order to respond to this Request, Netflix objects to the

11   Request as premature in that it seeks to impose upon Netflix a duty to come forward with a claim

12   construction well prior to the date provided for in the Court's Case Management Order and the

13   Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

14   Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

15   documents literally called for by the Request, without any further context, Netflix objects to the

16   Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

17   discovery of admissible evidence.  This Request is nothing more than an attempt to harass Netflix

18   by requiring it to mount a search for and produce documents that could fall within the literal

19   terms of snippets of the claims of its patents.

20          Although Netflix is willing to meet and confer with Blockbuster in order to arrive

21   at a narrowed Request that could possibly yield materials relevant to this case without imposing

22   the burdens associated with a search for documents responsive to the Request in its current form,

23   Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

24   corresponding search for documents responsive to, the Request as currently phrased.

25   **REQUEST FOR PRODUCTION NO. 72:**

26          MATERIALS sufficient to fully describe any use, practice, description, or

27   disclosure, prior to April 28, 1999, of renting movies using a computer coupled to a digital

28   telecommunications network.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                    44                    DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

2            Refer to Netflix's response to Request for Production No. 71.

3    **REQUEST FOR PRODUCTION NO. 73:**

4            MATERIALS sufficient to fully describe any use, practice, description, or

5    disclosure, prior to April 28, 1999, of renting movies using a computer with electronic digital

6    memory.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

8            Refer to Netflix's response to Request for Production No. 70

9    **REQUEST FOR PRODUCTION NO. 74:**

10           MATERIALS sufficient to fully describe any use, practice, description, or

11   disclosure, prior to April 28, 1999, of renting movies using a computer with programs stored in

12   memory causing the computer to perform steps.

13   ///

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

15           Refer to Netflix's response to Request for Production No. 70.

16   **REQUEST FOR PRODUCTION NO. 78:**

17           MATERIALS sufficient to fully describe any use, practice, description, or

18   disclosure, prior to April 28, 1999, of any computer-implemented method in which two or more

19   movies for renting to a customer are selected by a customer.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

21           Netflix objects to this Request as vague, ambiguous, and oppressive.  On one hand,

22   this Request could be read to purport to require Netflix to conduct a search for and produce

23   materials that in any way relate to or depend on portions of the claims of the patents-in-suit.  To

24   the extent hat Blockbuster seeks thereby to require Netflix to construe a claim element that may

25   or may not eventually be in dispute in order to respond to this Request, Netflix objects to the

26   Request as premature in that it seeks to impose upon Netflix a duty to come forward with a claim

27   construction well prior to the date provided for in the Court's Case Management Order and the

28   Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                              45                    DECLARATION OF WILLIAM J. O'BRIEN RE
                                                               MOTION TO COMPEL FURTHER RESPONSES
                                                               C 06 2361 WHA (JCS)

1  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

2  documents literally called for by the Request, without any further context, Netflix objects to the

3  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

4  discovery of admissible evidence.  This Request is nothing more than an attempt to harass Netflix

5  by requiring it to mount a search for and produce documents that could fall within the literal

6  terms of snippets of the claims of its patents.

7  Although Netflix is willing to meet and confer with Blockbuster in order to arrive

8  at a narrowed Request that could possibly yield materials relevant to this case without imposing

9  the burdens associated with a search for documents responsive to the Request in its current form,

10  Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

11  corresponding search for documents responsive to, the Request as currently phrased.

12  **REQUEST FOR PRODUCTION NO. 79:**

13  All MATERIALS constituting, recording, referring to, or evidencing any use,

14  practice, description, or disclosure, prior to April 28, 1999, of determining the order of two or

15  more movies based upon one or more preferences of a customer.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

17  Netflix objects to this Request as vague, ambiguous, and oppressive.  On one hand,

18  this Request could be read to purport to require Netflix to conduct a search for and produce

19  materials that in any way relate to or depend on portions of the claims of the patents-in-suit.  To

20  the extent that Blockbuster seeks thereby to require Netflix to construe a claim element that may

21  or may not eventually be in dispute in order to respond to this Request, Netflix objects to the

22  Request as premature in that it seeks to impose upon Netflix a duty to come forward with a claim

23  construction well prior to the date provided for in the Court's Case Management Order and the

24  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

25  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

26  documents literally called for by the Request, without any further context, Netflix objects to the

27  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

28  discovery of admissible evidence.  This Request is nothing more than an attempt to harass Netflix

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                    46                    DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

1    by requiring it to mount a search for and produce documents that could fall within the literal

2    terms of snippets of the claims of its patents.

3           Although Netflix is willing to meet and confer with Blockbuster in order to arrive

4    at a narrowed Request that could possibly yield materials relevant to this case without imposing

5    the burdens associated with a search for documents responsive to the Request in its current form,

6    Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

7    corresponding search for documents responsive to, the Request as currently phrased.

8    **REQUEST FOR PRODUCTION NO. 80:**

9           MATERIALS sufficient to fully describe any use, practice, description, or

10   disclosure, prior to April 28, 1999, of any delivery of a selected movie by mail.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

12          Netflix objects to this Request as vague, ambiguous, and oppressive.  On one hand,

13   this Request could be read to purport to require Netflix to conduct a search for and produce

14   materials that in any way relate to or depend on portions of the claims of the patents-in-suit.  To

15   the extent that Blockbuster seeks thereby to require Netflix to construe a claim element that may

16   or may not eventually be in dispute in order to respond to this Request, Netflix objects to the

17   Request as premature in that it seeks to impose upon Netflix a duty to come forward with a claim

18   construction well prior to the date provided for in the Court's Case Management Order and the

19   Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

20   Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

21   documents literally called for by the Request, without any further context, Netflix objects to the

22   Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

23   discovery of admissible evidence.  This Request is nothing more than an attempt to harass Netflix

24   by requiring it to mount a search for and produce documents that could fall within the literal

25   terms of snippets of the claims of its patents.

26          Although Netflix is willing to meet and confer with Blockbuster in order to arrive

27   at a narrowed Request that could possibly yield materials relevant to this case without imposing

28   the burdens associated with a search for documents responsive to the Request in its current form,

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                                    47

DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

1    Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

2    corresponding search for documents responsive to, the Request as currently phrased.

3    **REQUEST FOR PRODUCTION NO. 81:**

4              MATERIALS sufficient to fully describe any use, practice, description, or

5    disclosure, prior to April 28, 1999, of any delivery of a selected movie by mail on one or more

6    optical media.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

8              Netflix objects to this Request as vague, ambiguous, and oppressive.  On one hand,

9    this Request could be read to purport to require Netflix to conduct a search for and produce

10   materials that in any way relate to or depend on portions of the claims of the patents-in-suit.  To

11   the extent that Blockbuster seeks thereby to require Netflix to construe a claim element that may

12   or may not eventually be in dispute in order to respond to this Request, Netflix objects to the

13   Request as premature in that it seeks to impose upon Netflix a duty to come forward with a claim

14   construction well prior to the date provided for in the Court's Case Management Order and the

15   Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

16   Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

17   documents literally called for by the Request, without any further context, Netflix objects to the

18   Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

19   discovery of admissible evidence.  This Request is nothing more than an attempt to harass Netflix

20   by requiring it to mount a search for and produce documents that could fall within the literal

21   terms of snippets of the claims of its patents.

22             Although Netflix is willing to meet and confer with Blockbuster in order to arrive

23   at a narrowed Request that could possibly yield materials relevant to this case without imposing

24   the burdens associated with a search for documents responsive to the Request in its current form,

25   Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

26   corresponding search for documents responsive to, the Request as currently phrased.

27   **REQUEST FOR PRODUCTION NO. 86:**

28             MATERIALS sufficient to fully describe any use, practice, description, or

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC

48

DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

1    disclosure, prior to April 28, 1999, of rental of any of motion pictures, television series,

2    documentaries, cartoons, music videos, video recordings of concert performances, instructional

3    programs, or educational programs.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

5          Netflix objects to this Request as vague, ambiguous, and oppressive.  On one hand,

6    this Request could be read to purport to require Netflix to conduct a search for and produce

7    materials that in any way relate to or depend on portions of the claims of the patents-in-suit.  To

8    the extent that Blockbuster seeks thereby to require Netflix to construe a claim element that may

9    or may not eventually be in dispute in order to respond to this Request, Netflix objects to the

10   Request as premature in that it seeks to impose upon Netflix a duty to come forward with a claim

11   construction well prior to the date provided for in the Court's Case Management Order and the

12   Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

13   Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

14   documents literally called for by the Request, without any further context, Netflix objects to the

15   Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

16   discovery of admissible evidence.  This Request is nothing more than an attempt to harass Netflix

17   by requiring it to mount a search for and produce documents that could fall within the literal

18   terms of snippets of the claims of its patents.

19         Although Netflix is willing to meet and confer with Blockbuster in order to arrive

20   at a narrowed Request that could possibly yield materials relevant to this case without imposing

21   the burdens associated with a search for documents responsive to the Request in its current form,

22   Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

23   corresponding search for documents responsive to, the Request as currently phrased.

24   **REQUEST FOR PRODUCTION NO. 88:**

25         MATERIALS sufficient to fully describe any use, practice, description, or

26   disclosure, prior to April 28, 1999, of providing a customer up to a specified number of items

27   indicated by one or more selection criteria.

28   **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                    49              DECLARATION OF WILLIAM J. O'BRIEN RE
                                                MOTION TO COMPEL FURTHER RESPONSES
                                                C 06 2361 WHA (JCS)

Netflix objects to this Request as vague, ambiguous, and oppressive.  On one hand, this Request could be read to purport to require Netflix to conduct a search for and produce materials that in any way relate to or depend on portions of the claims of the patents-in-suit.  To the extent that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not eventually be in dispute in order to respond to this Request, Netflix objects to the Request as premature in that it seeks to impose upon Netflix a duty to come forward with a claim construction well prior to the date provided for in the Court's Case Management Order and the Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all documents literally called for by the Request, without any further context, Netflix objects to the Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  This Request is nothing more than an attempt to harass Netflix by requiring it to mount a search for and produce documents that could fall within the literal terms of snippets of the claims of its patents.

Although Netflix is willing to meet and confer with Blockbuster in order to arrive at a narrowed Request that could possibly yield materials relevant to this case without imposing the burdens associated with a search for documents responsive to the Request in its current form, Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a corresponding search for documents responsive to, the Request as currently phrased.

**REQUEST FOR PRODUCTION NO. 89:**

MATERIALS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of, in response to receiving one or more items provided to a customer, providing the customer one or more other items indicated by one or more item selection criteria.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Netflix objects to this Request as vague, ambiguous, and oppressive.  On one hand, this Request could be read to purport to require Netflix to conduct a search for and produce materials that in any way relate to or depend on portions of the claims of the patents-in-suit.  To

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                    50

DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

1   the extent that Blockbuster seeks thereby to require Netflix to construe a claim element that may

2   or may not eventually be in dispute in order to respond to this Request, Netflix objects to the

3   Request as premature in that it seeks to impose upon Netflix a duty to come forward with a claim

4   construction well prior to the date provided for in the Court's Case Management Order and the

5   Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

6   Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

7   documents literally called for by the Request, without any further context, Netflix objects to the

8   Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

9   discovery of admissible evidence.  This Request is nothing more than an attempt to harass Netflix

10  by requiring it to mount a search for and produce documents that could fall within the literal

11  terms of snippets of the claims of its patents.

12          Although Netflix is willing to meet and confer with Blockbuster in order to arrive

13  at a narrowed Request that could possibly yield materials relevant to this case without imposing

14  the burdens associated with a search for documents responsive to the Request in its current form,

15  Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

16  corresponding search for documents responsive to, the Request as currently phrased.

17  **REQUEST FOR PRODUCTION NO. 90:**

18          All MATERIALS constituting, recording, referring to, or evidencing any use,

19  practice, description, or disclosure, prior to April 28, 1999, of any rental of items to a customer in

20  which he total current number of items provided to the customer did not exceed a specified

21  number.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

23          Netflix objects to this Request as vague, ambiguous, and oppressive.  On one hand,

24  this request could be read to purport to require Netflix to conduct a search for and produce

25  materials hat in any way relate to or depend on portions of the claims of the patents-in-suit.  To

26  the extent hat Blockbuster seeks thereby to require Netflix to construe a claim element that may

27  or may not eventually be in dispute in order to respond to this Request, Netflix objects to the

28  Request as premature in that it seeks to impose upon Netflix a duty to come forward with a claim

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                51        DECLARATION OF WILLIAM J. O'BRIEN RE
                                      MOTION TO COMPEL FURTHER RESPONSES
                                      C 06 2361 WHA (JCS)

1  construction well prior to the date provided for in the Court's Case Management Order and the

2  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

3  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

4  Documents literally called for by the Request, without any further context, Netflix objects to the

5  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

6  discovery of admissible evidence.  This Request is nothing more than an attempt to harass Netflix

7  by requiring it to mount a search for and produce documents that could fall within the literal

8  terms of snippets of the claims of its patents.

9          Although Netflix is willing to meet and confer with Blockbuster in order to arrive

10  at a narrowed Request that could possibly yield materials relevant to this case without imposing

11  the burdens associated with a search for documents responsive to the Request in its current form,

12  Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

13  corresponding search for documents responsive to, the Request as currently phrased.

14  **REQUEST FOR PRODUCTION NO. 93:**

15          MATERIALS sufficient to fully describe any use, practice, description, or

16  disclosure, prior to April 28, 1999, of a computer-readable medium for renting items to

17  customers.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

19          Netflix objects to this Request as vague, ambiguous, and oppressive.  On one hand,

20  this Request could be read to purport to require Netflix to conduct a search for and produce

21  materials that in any way relate to or depend on portions of the claims of the patents-in-suit.  To

22  the extent that Blockbuster seeks thereby to require Netflix to construe a claim element, this

23  Request is irrelevant, as Netflix has not asserted a claim containing the above language.

24  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

25  documents literally called for by the Request, without any further context, Netflix objects to the

26  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

27  discovery of admissible evidence.  This Request is nothing more than an attempt to harass Netflix

28  by requiring it to mount a search for and produce documents that could fall within the literal

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC

52

DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

1    terms of snippets of the claims of its patents.

2          Although Netflix is willing to meet and confer with Blockbuster in order to arrive

3    at a narrowed Request that could possibly yield materials relevant to this case without imposing

4    the burdens associated with a search for documents responsive to the Request in its current form,

5    Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

6    corresponding search for documents responsive to, the Request as currently phrased.

7    **REQUEST FOR PRODUCTION NO. 94:**

8          MATERIALS sufficient to fully describe any use, practice, description, or

9    disclosure, prior to April 28, 1999, of a computer-readable medium for renting items to customers

10   that carried one or more sequences of instructions.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

12         Refer to Netflix's response to Request for Production No. 93.

13   ///

14   **REQUEST FOR PRODUCTION NO. 95:**

15         MATERIALS sufficient to fully describe any use, practice, description, or

16   disclosure, prior to April 28, 1999, of instructions that, when executed by one or more processors,

17   caused one or more of them to perform steps for renting items to customers.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

19         Refer to Netflix's response to Request for Production No. 93.

20   **REQUEST FOR PRODUCTION NO. 96:**

21         MATERIALS sufficient to fully describe any use, practice, description, or

22   disclosure, prior to April 28, 1999, of an apparatus for renting items to customers, the apparatus

23   including one or more processors.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

25         Refer to Netflix's response to Request for Production No. 93.

26   **REQUEST FOR PRODUCTION NO. 97:**

27         MATERIALS sufficient to fully describe any use, practice, description, or

28   disclosure, prior to April 28, 1999, of an apparatus for renting items to customers, the apparatus

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                    53                    DECLARATION OF WILLIAM J. O'BRIEN RE
                                                      MOTION TO COMPEL FURTHER RESPONSES
                                                      C 06 2361 WHA (JCS)

1  including a memory communicatively coupled to the one or more processors, the memory

2  including one or more sequences of one or more instructions which, when executed by the one or

3  more processors, caused the one or more processors to perform steps.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

5       Refer to Netflix's response to Request for Production No. 93.

6  **REQUEST FOR PRODUCTION NO. 98:**

7       MATERIALS sufficient to fully describe any use, practice, description, or

8  disclosure, prior to April 28, 1999, of an apparatus for renting items to customers comprising an

9  item rental mechanism configured to perform steps.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

11       Netflix objects to this Request as vague, ambiguous, and oppressive.  On one hand,

12  this Request could be read to purport to require Netflix to conduct a search for and produce

13  materials that in any way relate to or depend on portions of the claims of the patents-in-suit.  To

14  the extent that Blockbuster seeks thereby to require Netflix to construe a claim element, this

15  Request is irrelevant, as Netflix has not asserted a claim containing the above language.

16  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

17  documents literally called for by the Request, without any further context, Netflix objects to the

18  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

19  discovery of admissible evidence.  This Request is nothing more than an attempt to harass Netflix

20  by requiring it to mount a search for and produce documents that could fall within the literal

21  terms of snippets of the claims of its patents.

22       Although Netflix is willing to meet and confer with Blockbuster in order to arrive

23  at a narrowed Request that could possibly yield materials relevant to this case without imposing

24  the burdens associated with a search for documents responsive to the Request in its current form,

25  Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

26  corresponding search for documents responsive to, the Request as currently phrased.

27  **REQUEST FOR PRODUCTION NO. 99:**

28       All MATERIALS constituting, recording, referring to, or evidencing any use,

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC    54    DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

1    practice, description, or disclosure, prior to April 28, 1999, of any rental of items to customers in

2    which a total number of items provided to the customer within a specified period of time did not

3    exceed a specified limit.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

5         Refer to Netflix's response to Request for Production No. 90.

6    **REQUEST FOR PRODUCTION NO. 100:**

7         All MATERIALS constituting, recording, referring to, or evidencing any use,

8    practice, description, or disclosure, prior to April 28, 1999, of any rental of items to customers in

9    which a total number of items provided to the customer within a specified period of time did not

10   exceed a specified number.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

12        Refer to Netflix's response to Request for Production No. 99.

13   ///

14   **REQUEST FOR PRODUCTION NO. 105:**

15        All MATERIALS constituting, recording, referring to, or evidencing any use,

16   practice, description, or disclosure, prior to April 28, 1999, of item selection criteria specifying

17   one or more preferred item attributes.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

19        Netflix objects to this Request as vague, ambiguous, and oppressive.  On one hand,

20   this Request could be read to purport to require Netflix to conduct a search for and produce

21   materials that in any way relate to or depend on portions of the claims of the patents-in-suit.  To

22   the extent that Blockbuster seeks thereby to require Netflix to construe a claim element that may

23   or may not eventually be in dispute in order to respond to this Request, Netflix objects to the

24   Request as premature in that it seeks to impose upon Netflix a duty to come forward with a claim

25   construction well prior to the date provided for in the Court's Case Management Order and the

26   Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

27   Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

28   documents literally called for by the Request, without any further context, Netflix objects to the

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                    55                    DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

1    request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

2    discovery of admissible evidence.  This Request is nothing more than an attempt to harass Netflix

3    by requiring it to mount a search for and produce documents that could fall within the literal

4    terms of snippets of the claims of its patents.

5            Although Netflix is willing to meet and confer with Blockbuster in order to arrive

6    at a narrowed Request that could possibly yield materials relevant to this case without imposing

7    the burdens associated with a search for documents responsive to the Request in its current form,

8    Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

9    corresponding search for documents responsive to, the Request as currently phrased.

10   **REQUEST FOR PRODUCTION NO. 113:**

11           All MATERIALS constituting, recording, referring to, or evidencing any use,

12   practice, description, or disclosure, prior to April 28, 1999, of, in response to receiving a customer

13   notification, providing the customer a second set of one or more items indicated by item selection

14   criteria.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

16           Netflix objects to this Request as vague, ambiguous, and oppressive.  On one hand,

17   this Request could be read to purport to require Netflix to conduct a search for and produce

18   materials that in any way relate to or depend on portions of the claims of the patents-in-suit.  To

19   the extent that Blockbuster seeks thereby to require Netflix to construe a claim element that may

20   or may not eventually be in dispute in order to respond to this Request, Netflix objects to the

21   Request as premature in that it seeks to impose upon Netflix a duty to come forward with a claim

22   construction well prior to the date provided for in the Court's Case Management Order and the

23   Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

24   Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

25   documents literally called for by the Request, without any further context, Netflix objects to the

26   Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

27   discovery of admissible evidence.  This Request is nothing more than an attempt to harass Netflix

28   by requiring it to mount a search for and produce documents that could fall within the literal

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                    56            DECLARATION OF WILLIAM J. O'BRIEN RE
                                              MOTION TO COMPEL FURTHER RESPONSES
                                              C 06 2361 WHA (JCS)

1    terms of snippets of the claims of its patents.

2            Although Netflix is willing to meet and confer with Blockbuster in order to arrive

3    at a narrowed Request that could possibly yield materials relevant to this case without imposing

4    the burdens associated with a search for documents responsive to the Request in its current form,

5    Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

6    corresponding search for documents responsive to, the Request as currently phrased.

7    **REQUEST FOR PRODUCTION NO. 114:**

8            All MATERIALS constituting, recording, referring to, or evidencing any use,

9    practice, description, or disclosure, prior to April 28, 1999, of, in response to expiration of a

10   specified amount of time, providing a customer a second set of one or more items indicated by

11   item selection criteria.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

13           Netflix objects to this Request as vague, ambiguous, and oppressive.  On one hand,

14   this Request could be read to purport to require Netflix to conduct a search for and produce

15   materials that in any way relate to or depend on portions of the claims of the patents-in-suit.  To

16   the extent that Blockbuster seeks thereby to require Netflix to construe a claim element that may

17   or may not eventually be in dispute in order to respond to this Request, Netflix objects to the

18   Request as premature in that it seeks to impose upon Netflix a duty to come forward with a claim

19   construction well prior to the date provided for in the Court's Case Management Order and the

20   Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

21   Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

22   documents literally called for by the Request, without any further context, Netflix objects to the

23   Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

24   discovery of admissible evidence.  This Request is nothing more than an attempt to harass Netflix

25   by requiring it to mount a search for and produce documents that could fall within the literal

26   terms of snippets of the claims of its patents.

27           Although Netflix is willing to meet and confer with Blockbuster in order to arrive

28   at a narrowed Request that could possibly yield materials relevant to this case without imposing

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC

57

DECLARATION OF WILLIAM J. O'BRIEN RE
MOTION TO COMPEL FURTHER RESPONSES
C 06 2361 WHA (JCS)

1    the burdens associated with a search for documents responsive to the Request in its current form,

2    Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

3    corresponding search for documents responsive to, the Request as currently phrased.

4    **REQUEST FOR PRODUCTION NO. 115:**

5           All MATERIALS constituting, recording, referring to, or evidencing any use,

6    practice, description, or disclosure, prior to April 28, 1999, of, in response to a specified date

7    being reached, providing a customer a second set of one or more items indicated by item selection

8    criteria.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

10          Refer to Netflix's response to Request for Production No. 114.

11   **REQUEST FOR PRODUCTION NO. 116:**

12          All MATERIALS constituting, recording, referring to, or evidencing any use,

13   practice, description, or disclosure, prior to April 28, 1999, of, in response to a specified fee being

14   received, providing a customer a second set of one or more items indicated by item selection

15   criteria.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

17          Netflix objects to this Request as vague, ambiguous, and oppressive. On one hand,

18   this Request could be read to purport to require Netflix to conduct a search for and produce

19   materials that in any way relate to or depend on portions of the claims of the patents-in-suit. To

20   the extent that Blockbuster seeks thereby to require Netflix to construe a claim element that may

21   or may not eventually be in dispute in order to respond to this Request, Netflix objects to the

22   Request as premature in that it seeks to impose upon Netflix a duty to come forward with a claim

23   construction well prior to the date provided for in the Court's Case Management Order and the

24   Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

25   Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

26   Documents literally called for by the Request, without any further context, Netflix objects to the

27   Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

28   Discovery of admissible evidence.  This Request is nothing more than an attempt to harass

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                               58                    DECLARATION OF WILLIAM J. O'BRIEN RE
                                                                MOTION TO COMPEL FURTHER RESPONSES
                                                                C 06 2361 WHA (JCS)

1   Netflix by requiring it to mount a search for and produce documents that could fall within the

2   literal terms of snippets of the claims of its patents.

3           Although Netflix is willing to meet and confer with Blockbuster in order to arrive

4   at a narrowed Request that could possibly yield materials relevant to this case without imposing

5   the burdens associated with a search for documents responsive to the Request in its current form,

6   Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

7   corresponding search for documents responsive to, the Request as currently phrased.

8   **REQUEST FOR PRODUCTION NO. 117:**

9           MATERIALS sufficient to fully describe any use, practice, description, or

10  disclosure, prior to April 28, 1999, of providing rental items to a customer by mail.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

12          Netflix objects to this Request as vague, ambiguous, and oppressive.  On one hand,

13  this Request could be read to purport to require Netflix to conduct a search for and produce

14  materials that in any way relate to or depend on portions of the claims of the patents-in-suit.  To

15  the extent that Blockbuster seeks thereby to require Netflix to construe a claim element that may

16  or may not eventually be in dispute in order to respond to this Request, Netflix objects to the

17  Request as premature in that it seeks to impose upon Netflix a duty to come forward with a claim

18  construction well prior to the date provided for in the Court's Case Management Order and the

19  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

20  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

21  documents literally called for by the Request, without any further context, Netflix objects to the

22  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

23  discovery of admissible evidence. This Request is nothing more than an attempt to harass Netflix

24  by requiring it to mount a search for and produce documents that could fall within the literal

25  terms of snippets of the claims of its patents.

26          Although Netflix is willing to meet and confer with Blockbuster in order to arrive

27  at a narrowed Request that could possibly yield materials relevant to this case without imposing

28  the burdens associated with a search for documents responsive to the Request in its current form,

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                59        DECLARATION OF WILLIAM J. O'BRIEN RE
                                      MOTION TO COMPEL FURTHER RESPONSES
                                      C 06 2361 WHA (JCS)

1    Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

2    corresponding search for documents responsive to, the Request as currently phrased.

3    **REQUEST FOR PRODUCTION NO. 119:**

4            MATERIALS sufficient to fully describe any use, practice, description, or

5    disclosure, prior to April 28, 1999, of renting movies.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

7            Refer to Netflix's response to Request for Production No. 86.

8            I declare under penalty of perjury under the laws of the United States that the

9    foregoing is true and correct.

10           Executed on November 3, 2005 at Santa Monica, California.

11                    _____/S/_____

12                    William J. O'Brien

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

912571_3.DOC                          60           DECLARATION OF WILLIAM J. O'BRIEN RE
                                                   MOTION TO COMPEL FURTHER RESPONSES
                                                   C 06 2361 WHA (JCS)