ALSCHULER GROSSMAN STEIN & KAHAN LLP
Marshall B. Grossman (No. 35958)
William J. O'Brien (No. 99526)
Tony D. Chen (No. 176635)
Dominique N. Thomas (No. 231464)
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA  90404-4060
Telephone:  310-907-1000
Facsimile:  310-907-2000
Email:  mgrossman@agsk.com
        wobrien@agsk.com
        tchen@agsk.com
        dthomas@agsk.com

Attorneys for Defendant and Counterclaimant,
Blockbuster Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BLOCKBUSTER INC., a Delaware corporation, DOES 1-50,<br><br>Defendants.<br><br>AND RELATED COUNTER ACTION. | CASE NO. C 06 2361 WHA (JCS)<br><br>**[PROPOSED] ORDER GRANTING BLOCKBUSTER'S MOTION TO COMPEL FURTHER RESPONSES TO ITS FIRST SET OF REQUESTS FOR PRODUCTION**<br><br>Date:        December 8, 2006<br>Courtroom:   A, 15th Floor<br>Time:        9:30 a.m.<br>Judge:       Hon. Joseph C. Spero<br><br>Complaint Filed:  April 4, 20066 |

Blockbuster's Motion to Compel Further Responses to Its First Set of Requests for Production came on regularly for hearing by this Court on December 8, 2006, the Honorable Joseph C. Spero, United States Magistrate Judge, presiding. Marshall B. Grossman and William J. O'Brien of Alschuler Grossman Stein & Kahan LLP appeared for Defendant and Counterclaimant, Blockbuster Inc. _____ of Keker & Van Nest, LLP, appeared for Plaintiff and Counter-Defendant, Netflix, Inc.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

909706_1 DOC

[PROPOSED] ORDER GRANTING
BLOCKBUSTER'S MOTION TO COMPEL DOC
PRODUCTION C 06 2361 WHA (JCS)

After receiving and reviewing the papers filed in support of an opposition to the motion and hearing arguments of counsel, IT IS HEREBY ORDERED AS FOLLOWS:

1. Blockbuster's motion is granted.

2. All of Netflix's objections to Blockbuster's First Set of Requests for Production have been waived.

3. Netflix is ordered to forthwith produce to Blockbuster all documents and tangible things in Netflix's possession, custody or control [that are requested in Blockbuster's First Set of Requests for Production] [that are requested in any of Requests Nos. 3-5, 10-16, 24-26, 32, 34-36, 46-49, 52-54, 55-57, 67-71, 73-74, 78-81, 86, 88-90, 93-100, 105, 113-17, 119, 128-29, or 130-32 of Blockbuster's First Set of Requests for Production].

4. The sole exceptions to the foregoing are:

   a. Netflix may limit its responses to Requests Nos. 55, 69, 79, 90, 99, 100, 105, 113, and 114 to documents and things sufficient to fully describe the prior art referred to in such requests and Netflix's knowledge of such art;

   b. Netflix may limit its responses to Requests Nos. 35 and 36 to matters known to PERSONS UNDER A DUTY OF CANDOR as defined in Blockbuster's First Set of Requests for Production; and

   c. Netflix may exclude from its responses to Requests Nos. 35 and 36 any items purchased through Amazon.com or eBay.

DATED: _____

Honorable Joseph C. Spero
United States Magistrate Judge