# EXHIBIT A

Dockets.Justia.com

1  ALSCHULER GROSSMAN STEIN & KAHAN LLP
   Marshall B. Grossman (No. 35958)
2  William J. O'Brien (No. 99526)
   Tony D. Chen (No. 176635)
3  Dominique N. Thomas (No. 231464)
   The Water Garden
4  1620 26th Street
   Fourth Floor, North Tower
5  Santa Monica, CA 90404-4060
   Telephone: 310-907-1000
6  Facsimile: 310-907-2000
   Email: mgrossman@agsk.com
7         wobrien@agsk.com
          tchen@agsk.com
8         dthomas@agsk.com

9  Attorneys for Defendant and Counterclaimant,
   Blockbuster Inc.

10

11                 UNITED STATES DISTRICT COURT

                NORTHERN DISTRICT OF CALIFORNIA
12

13

   NETFLIX, INC., a Delaware corporation,      CASE NO. C 06 2361 WHA
14
               Plaintiff,                       **BLOCKBUSTER'S FIRST SET
15                                              OF REQUESTS FOR
           vs.                                  PRODUCTION TO NETFLIX**
16
   BLOCKBUSTER INC., a Delaware
17 corporation, DOES 1-50,

18            Defendants.

19                                              Complaint Filed: April 4, 2006
   AND RELATED COUNTER ACTION.
20

21

22         Blockbuster Inc. requests under Rule 34 of the Federal Rules of Civil

23 Procedure that Netflix, Inc., produce each of the following categories of documents

24 and things for inspection and copying at the offices of Alschuler Grossman Stein &

25 Kahan LLP, the Water Garden, 1620 26th Street, Fourth Floor, North Tower, Santa

26 Monica, CA 90404-4060 on August 14, 2006, at 10:00 a.m.

27                            **DEFINITIONS**

28         "'041 APPLICATION" means U.S. Patent Application Serial Number

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

BLOCKBUSTER'S FIRST SET OF REQUESTS
FOR PRODUCTION TO NETFLIX
C 06 2361 WHA

1  09/561,041, including any amendments of that application.

2          "'727 APPLICATION" means U.S. Patent Application Serial Number

3  10/438,727, including any amendments of that application.

4          "'381 PATENT" means United States Patent No. 7,024,381.

5          "'450 PATENT" means United States Patent No. 6,584,450.

6          "CLAIMED FEATURE" means any feature recited in any claim of

7  either the '450 PATENT or the '381 PATENT.

8          "COMMUNICATION" means any communication of any kind

9  whatsoever, whether oral, written, telephonic, electronic, or other.

10          "MATERIALS" includes COMMUNICATIONS and means any and

11  all documents and tangible things of any description whatsoever, including, without

12  limitation, all "writings," "recordings," "photographs," "original[s]," and

13  "duplicate[s]" as defined in Rule 1001 of the Federal Rules of Evidence.

14          "NCR PATENT" means (1) any patent that NCR Corporation has ever

15  asserted against NETFLIX, (2) any patent under which NCR Corporation has

16  suggested the possibility of NETFLIX taking a license, and (3) each of the

17  following patents:

18          a.      U.S. Patent No. 5,699,526, entitled "Ordering and

19  Downloading Resources from Computerized Repositories," which names as

20  inventor David M. Siefert, issued December 16, 1997, on an application filed

21  August 21, 1996;

22          b.      U.S. Patent No. 5,951,643, entitled "Mechanism for

23  Dependably Organizing and Managing Information for Web Synchronization

24  and Tracking Among Multiple Browsers," which names as inventors James

25  A. Shelton, Michael I. Ingrassia, Jr., and Thomas M. Roland, issued

26  September 14, 1999, on an application filed October 6, 1997;

27          c.      U.S. Patent No. 5,991,791, entitled "Security Aspects of

28  Computer Resource Repositories," which names as inventor David M.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP
                    2          BLOCKBUSTER'S FIRST SET OF REQUESTS
                                FOR PRODUCTION TO NETFLIX
                                    C 06 2361 WHA

1    Siefert, issued November 23, 1999, on an application filed January 10, 1997;

2            d.       U.S. Patent No. 6,026,403, entitled "Computer System for

3    Management of Resources," which names as inventor David M. Siefert,

4    issued February 15, 2000, on an application filed March 24, 1994;

5            e.       U.S. Patent No. 6,169,997, entitled "Method and

6    Apparatus for Forming Subject (Context) Map and Presenting Internet Data

7    According to the Subject Map," which names as inventors Karen A.

8    Papierniak, James E. Thaisz, Luo-Jen Chiang, and Paresh B. Shah, issued

9    January 2, 2001, on an application filed April 29, 1998;

10           f.       U.S. Patent No. 6,253,203, entitled "Privacy-Enhanced

11   Database," which names as inventors Kenneth W. O'Flaherty, Richard G.

12   Stellwagen, Jr., Todd A. Walter, Reid M. Watts, David A Ramsey, Adriaan

13   W. Veldhuisen and Renda K. Ozden, issued June 26, 2001, on an application

14   filed October 2, 1998;

15           g.       U.S. Patent No. ,6,480,855, entitled "Managing a

16   Resource on a Network Where Each Resource Has an Associated Profile with

17   an Image," which names as inventor David M. Siefert, issued November 12,

18   2002, on an application filed August 22, 2000;

19           h.       U.S. Patent No. 6,502,096, entitled "Computerized Asset

20   Management System," which names as inventor David M. Siefert, issued

21   December 31, 2002, on an application filed August 22, 2000; and

22           i.       U.S. Patent No. 6,714,931, entitled "Method and

23   Apparatus for Forming User Sessions and Presenting Internet Data

24   According to the User Sessions," which names as inventors Karen A.

25   Papierniak, James E. Thaisz, Luo-Jen Chiang, Anjali M. Diwekar, issued

26   March 30, 2004, on an application filed April 29, 1998.

27        "NETFLIX" means Netflix, Inc.; all of its predecessors and successors

28   in interest; and all past or present officers, employees, attorneys, and agents of any

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

3

BLOCKBUSTER'S FIRST SET OF REQUESTS
FOR PRODUCTION TO NETFLIX
C 06 2361 WHA

1   of them.

2   "PERSON UNDER A DUTY OF CANDOR" means any and all of:

3           a.     W. Reed Hastings, Neil Duncan Hunt, and Marc B.

4   Randolph;

5           b.     Christopher J. Palermo and Brian D. Hickman;

6           c.     All inventors named in the '041 APPLICATION and '727

7   APPLICATION;

8           d.     All attorneys and agents who prepared or prosecuted the

9   '041 APPLICATION or '727 APPLICATION; and

10          e.     Every other person who was substantively involved in the

11  preparation or prosecution of the '041 APPLICATION or '727

12  APPLICATION and who was associated with an inventor, with the assignee

13  or with anyone to whom there was an obligation to assign the application.

14  "SUBJECT INVENTION" means any invention disclosed or claimed

15  in the '450 PATENT or the '381 PATENT.

16  "SUBJECT PATENT OR APPLICATION" means any and all of: the

17  '450 PATENT; the '381 PATENT; the '041 APPLICATION and '727

18  APPLICATION; any U.S., foreign, or international patent application claiming

19  priority of the '041 APPLICATION or '727 APPLICATION or of any application

20  from which either of them claims priority; and any U.S., foreign, or international

21  patent application in which Netflix has or had an interest that discloses or claims

22  any features recited in a claim of either or both of the '450 or '381 patents.

23  The words "and" and "or" should be construed disjunctively or

24  conjunctively as necessary to make the request inclusive rather than exclusive.

25  The singular form of a word shall be interpreted to include the plural,

26  and vice versa; and verb tenses shall be interpreted to include past, present and

27  future tenses.

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

4

BLOCKBUSTER'S FIRST SET OF REQUESTS
FOR PRODUCTION TO NETFLIX
C 06 2361 WHA

1

**REQUESTS FOR PRODUCTION**

2

**REQUEST FOR PRODUCTION NO. 1:**

3        All MATERIALS submitted to or received from the United States Patent and

4   Trademark Office in connection with the '041 APPLICATION or '450 PATENT.

5

**REQUEST FOR PRODUCTION NO. 2:**

6        All MATERIALS submitted to or received from the United States Patent and

7   Trademark Office in connection with the '727 APPLICATION or '381 PATENT.

8

**REQUEST FOR PRODUCTION NO. 3:**

9        All MATERIALS submitted to or received from the United States Patent and

10  Trademark Office or any other patent office or agency in connection with any

11  SUBJECT PATENT OR APPLICATION.

12

**REQUEST FOR PRODUCTION NO. 4:**

13        All files of NETFLIX, including any NETFLIX patent attorney or patent

14  agent, for any SUBJECT PATENT  or APPLICATION.

15

**REQUEST FOR PRODUCTION NO. 5:**

16        All MATERIALS constituting, recording, referring to, or evidencing any

17  assertion of, or attempt to license, any SUBJECT APPLICATION OR PATENT.

18

**REQUEST FOR PRODUCTION NO. 6:**

19        All MATERIALS constituting, recording, referring to, or evidencing any

20  reason or justification for not asserting the '450 PATENT before April 4, 2006.

21

**REQUEST FOR PRODUCTION NO. 7:**

22        All MATERIALS asserting, referring to or evidencing infringement or

23  noninfringement of the '450 PATENT or the '381 PATENT.

24

**REQUEST FOR PRODUCTION NO. 8:**

25        All MATERIALS asserting, referring to or evidencing validity or invalidity

26  of the '450 PATENT or the '381 PATENT.

27

**REQUEST FOR PRODUCTION NO. 9:**

28        All MATERIALS asserting, referring to or evidencing the scope of the '450

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

5

1    PATENT or the '381 PATENT or any aspect of the construction of any claim of

2    either patent.

3    **REQUEST FOR PRODUCTION NO. 10:**

4        All MATERIALS asserting, referring to or evidencing the scope of any

5    SUBJECT APPLICATION OR PATENT or any aspect of the construction of any

6    claim of any such application or patent.

7    **REQUEST FOR PRODUCTION NO. 11:**

8        All MATERIALS asserting, referring to or evidencing the patentability or

9    unpatentability of any SUBJECT APPLICATION OR PATENT or of any claim of

10   any such application or patent.

11   **REQUEST FOR PRODUCTION NO. 12:**

12       All MATERIALS asserting, referring to or evidencing the patentability or

13   unpatentability of any method performed by NETFLIX or of any related apparatus

14   or computer-readable medium.

15   **REQUEST FOR PRODUCTION NO. 13:**

16       All MATERIALS constituting, recording, referring to, or evidencing

17   COMMUNICATIONS between W. Reed Hastings and Edward Stead concerning

18   any SUBJECT PATENT or APPLICATION.

19   **REQUEST FOR PRODUCTION NO. 14:**

20       All MATERIALS constituting, recording, referring to, or evidencing

21   COMMUNICATIONS between NETFLIX and BLOCKBUSTER concerning any

22   SUBJECT PATENT or APPLICATION.

23   **REQUEST FOR PRODUCTION NO. 15:**

24       All MATERIALS constituting, recording, referring to, or evidencing

25   COMMUNICATIONS concerning any patent rights, patent license, or patent

26   infringement related to Blockbuster Online.

27   **REQUEST FOR PRODUCTION NO. 16:**

28       All MATERIALS constituting, recording, referring to, or evidencing

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP
                                    6                    BLOCKBUSTER'S FIRST SET OF REQUESTS
                                                         FOR PRODUCTION TO NETFLIX
                                                         C 06 2361 WHA

1    COMMUNICATIONS concerning any patent rights, patent license, or patent

2    infringement related to NETFLIX.

3    **REQUEST FOR PRODUCTION NO. 17:**

4             All MATERIALS constituting, recording, referring to, or evidencing

5    COMMUNICATIONS concerning the '450 PATENT.

6    **REQUEST FOR PRODUCTION NO. 18:**

7             All MATERIALS constituting, recording, referring to, or evidencing

8    COMMUNICATIONS concerning the '381 PATENT.

9    **REQUEST FOR PRODUCTION NO. 19:**

10            All MATERIALS constituting, recording, referring to, or evidencing

11   COMMUNICATIONS concerning the '041 APPLICATION.

12   **REQUEST FOR PRODUCTION NO. 20:**

13            All MATERIALS constituting, recording, referring to, or evidencing

14   COMMUNICATIONS concerning the '727 APPLICATION.

15   **REQUEST FOR PRODUCTION NO. 21:**

16            All MATERIALS filed, served, and produced for inspection by an

17   adverse party in *Netflix, Inc. v. NCR Corporation*, Case No. C 06 1892 in the

18   United States District Court for the Northern District of California, and all

19   transcripts or other records of any discovery or proceedings in that case.

20   **REQUEST FOR PRODUCTION NO. 22:**

21            All MATERIALS constituting, recording, referring to, or evidencing

22   COMMUNICATIONS between the parties in *Netflix, Inc. v. NCR Corporation*,

23   Case No. C 06 1892 in the United States District Court for the Northern District of

24   California, or their respective counsel.

25   **REQUEST FOR PRODUCTION NO. 23:**

26            All MATERIALS constituting, recording, referring to, or evidencing any

27   settlement negotiations concerning *Netflix, Inc. v. NCR Corporation*, Case No. C 06

28   1892 in the United States District Court for the Northern District of California.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP                                    7                    BLOCKBUSTER'S FIRST SET OF REQUESTS
                                                                  FOR PRODUCTION TO NETFLIX
                                                                  C 06 2361 WHA

1  **REQUEST FOR PRODUCTION NO. 24:**

2        All MATERIALS filed, served, and produced for inspection by an

3  adverse party in *Frank Chavez v. Netflix, Inc.*, San Francisco Superior Court Case

4  No. CGC 04-434884, and any transcripts or other records of any discovery or

5  proceedings in that case.

6  **REQUEST FOR PRODUCTION NO. 25:**

7        All MATERIALS constituting, recording, referring to, or evidencing

8  COMMUNICATIONS between the parties in *Frank Chavez v. Netflix, Inc.*, San

9  Francisco Superior Court Case No. CGC 04-434884, or their respective counsel.

10  **REQUEST FOR PRODUCTION NO. 26:**

11        All MATERIALS constituting, referring to, recording, or evidencing any

12  settlement negotiations concerning *Frank Chavez v. Netflix, Inc.*, San Francisco

13  Superior Court Case No. CGC 04-434884.

14  **REQUEST FOR PRODUCTION NO. 27:**

15        All MATERIALS constituting, recording, referring to, or evidencing any

16  business plans, business description, slides, handouts, or presentations created or

17  used before April 28, 1999, in connection with any effort by NETFLIX to obtain

18  financing.

19  **REQUEST FOR PRODUCTION NO. 28:**

20        All MATERIALS constituting, recording, referring to, or evidencing any

21  business plans, business description, slides, handouts, or presentations created or

22  used before April 28, 1999, in connection with any effort by NETFLIX to sell any

23  interest in its business or company.

24  **REQUEST FOR PRODUCTION NO. 29:**

25        All MATERIALS constituting, recording, referring to, or evidencing any

26  business plans, business description, slides, handouts, or presentations created or

27  used before April 28, 1999, in connection with any effort by NETFLIX to obtain

28  any alliance, partnership, or joint venture.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

8

BLOCKBUSTER'S FIRST SET OF REQUESTS
FOR PRODUCTION TO NETFLIX
C 06 2361 WHA

1 **REQUEST FOR PRODUCTION NO. 30:**

2      All MATERIALS constituting, recording, referring to, or evidencing

3 business plans, business descriptions, slides, handouts, or presentations provided by

4 NETFLIX, before April 28, 1999, to any of the following:

5            a.      AOL LLC

6            b.      Best Buy Co., Inc.

7            c.      Fox Entertainment Group, Inc.

8            d.      Microsoft Corporation

9            e.      NBC Universal, Inc.

10           f.      Paramount Pictures Corporation

11           g.      Sony Pictures Entertainment Inc.

12           h.      The Walt Disney Company

13           i.      Warner Bros. Entertainment Inc.

14           j.      YAHOO! Inc.

15 **REQUEST FOR PRODUCTION NO. 31:**

16      All MATERIALS received from Wal-Mart, or constituting, recording,

17 referring to, or evidencing any COMMUNICATION with Wal-Mart, concerning

18 any NETFLIX patent or patent application.

19 **REQUEST FOR PRODUCTION NO. 32:**

20      All MATERIALS referring to or evidencing HBO, Showtime, or any

21 subscription cable or satellite television service or pay television service in

22 existence before April 28, 1999, or referring to or evidencing any knowledge

23 thereof by NETFLIX or any PERSON UNDER A DUTY OF CANDOR at any

24 time before April 4, 2006.

25 **REQUEST FOR PRODUCTION NO. 33:**

26      All MATERIALS referring to or evidencing TiVo or referring to or

27 evidencing any knowledge of TiVo by NETFLIX or any PERSON UNDER A

28 DUTY OF CANDOR at any time before April 4, 2006.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP                                    9                    BLOCKBUSTER'S FIRST SET OF REQUESTS
FOR PRODUCTION TO NETFLIX
C 06 2361 WHA

**REQUEST FOR PRODUCTION NO. 34:**

All MATERIALS referring to or evidencing Webvan, Home Grocer.com, or any Internet grocery service in existence before April 28, 1999, or referring to or evidencing any knowledge thereof by NETFLIX or any PERSON UNDER A DUTY OF CANDOR of at any time before April 4, 2006.

**REQUEST FOR PRODUCTION NO. 35:**

All MATERIALS referring to or evidencing Amazon.com or referring to or evidencing any knowledge of Amazon.com by NETFLIX or any PERSON UNDER A DUTY OF CANDOR at any time before April 4, 2006.

**REQUEST FOR PRODUCTION NO. 36:**

All MATERIALS referring to or evidencing eBay or referring to or evidencing any knowledge of eBay by NETFLIX or any PERSON UNDER A DUTY OF CANDOR at any time before April 4, 2006.

**REQUEST FOR PRODUCTION NO. 37:**

All MATERIALS referring to or evidencing any distribution or circulation of videos or films on a subscription basis before April 28, 1999, or referring to or evidencing any knowledge thereof by NETFLIX or any PERSON UNDER A DUTY OF CANDOR at any time before April 4, 2006.

**REQUEST FOR PRODUCTION NO. 38:**

All MATERIALS referring to or evidencing any distribution or circulation of music or audio on a subscription basis before April 28, 1999, or referring to or evidencing any knowledge thereof by NETFLIX or any PERSON UNDER A DUTY OF CANDOR at any time before April 4, 2006.

**REQUEST FOR PRODUCTION NO. 39:**

All MATERIALS referring to or evidencing any distribution or circulation of books on a subscription basis before April 28, 1999, or referring to or evidencing any knowledge thereof by NETFLIX or any PERSON UNDER A DUTY OF CANDOR at any time before April 4, 2006.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

10

BLOCKBUSTER'S FIRST SET OF REQUESTS
FOR PRODUCTION TO NETFLIX
C 06 2361 WHA

**REQUEST FOR PRODUCTION NO. 40:**

All MATERIALS referring to or evidencing any use of waiting or reservation lists for video rental before April 28, 1999, or referring to or evidencing any knowledge thereof by NETFLIX or any PERSON UNDER A DUTY OF CANDOR at any time before April 4, 2006.

**REQUEST FOR PRODUCTION NO. 41:**

MATERIALS sufficient to fully describe any digital display, selection, and ordering of items over the Internet before April 28, 1999, that was known to NETFLIX or any PERSON UNDER A DUTY OF CANDOR at any time before April 4, 2006.

**REQUEST FOR PRODUCTION NO. 42:**

All MATERIALS referring to or constituting United States Patent No. 5,459,306, issued on October 17, 1995, entitled "Method and System for Delivering On Demand, Individually Targeted Promotions."

**REQUEST FOR PRODUCTION NO. 43:**

All MATERIALS constituting, recording, referring to, or evidencing submission of any prior art reference or other information to the United States Patent and Trademark Office in connection with the '041 APPLICATION or '450 PATENT.

**REQUEST FOR PRODUCTION NO. 44:**

All MATERIALS constituting, recording, referring to, or evidencing submission of any prior art reference or other information to the United States Patent and Trademark Office in connection with the '727 APPLICATION or '381 PATENT.

**REQUEST FOR PRODUCTION NO. 45:**

All MATERIALS recording, referring to, or evidencing of how or when NETFLIX or any PERSON UNDER A DUTY OF CANDOR obtained or became aware of any prior art reference or other information submitted to the United States

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP
11
BLOCKBUSTER'S FIRST SET OF REQUESTS
FOR PRODUCTION TO NETFLIX
C 06 2361 WHA

1  Patent and Trademark Office in connection with the '727 APPLICATION or '381

2  PATENT.

3  **REQUEST FOR PRODUCTION NO. 46:**

4        All MATERIALS constituting, recording, referring to, or evidencing

5  submission of any prior art reference or other information to the United States

6  Patent and Trademark Office or any other patent office or agency in connection

7  with any SUBJECT APPLICATION OR PATENT.

8  **REQUEST FOR PRODUCTION NO. 47:**

9        All MATERIALS constituting, recording, referring to, or evidencing any

10  failure or omission to submit any prior art reference or other information to the

11  United States Patent and Trademark Office in connection with the '041

12  APPLICATION or '450 PATENT.

13  **REQUEST FOR PRODUCTION NO. 48:**

14        All MATERIALS constituting, recording, referring to, or evidencing any

15  failure or omission to submit any prior art reference or other information to the

16  United States Patent and Trademark Office in connection with the '727

17  APPLICATION or '381 PATENT.

18  **REQUEST FOR PRODUCTION NO. 49:**

19        All MATERIALS constituting, recording, referring to, or evidencing any

20  failure or omission to submit any prior art reference or other information to the

21  United States Patent and Trademark Office or any other patent office or agency in

22  connection with any SUBJECT APPLICATION OR PATENT.

23  **REQUEST FOR PRODUCTION NO. 50:**

24        All MATERIALS constituting, recording, referring to, or evidencing any

25  reason or justification for submitting or not submitting any prior art reference or

26  other information to the United States Patent and Trademark Office in connection

27  with the '041 APPLICATION or '450 PATENT.

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

12

BLOCKBUSTER'S FIRST SET OF REQUESTS
FOR PRODUCTION TO NETFLIX
C 06 2361 WHA

1    **REQUEST FOR PRODUCTION NO. 51:**

2        All MATERIALS constituting, recording, referring to, or evidencing any

3    reason or justification for submitting or not submitting any prior art reference or

4    other information to the United States Patent and Trademark Office in connection

5    with the '727 APPLICATION or '381 PATENT.

6    **REQUEST FOR PRODUCTION NO. 52:**

7        All MATERIALS constituting, recording, referring to, or evidencing any

8    reason or justification for submitting or not submitting any prior art reference or

9    other information to the United States Patent and Trademark Office or any other

10   patent office or agency in connection with any SUBJECT APPLICATION OR

11   PATENT.

12   **REQUEST FOR PRODUCTION NO. 53:**

13       All MATERIALS asserting, recording, referring to, or evidencing any failure

14   or omission by NETFLIX to submit any prior art reference or other information to

15   the United States Patent and Trademark Office or any other patent office or agency.

16   **REQUEST FOR PRODUCTION NO. 54:**

17       All MATERIALS asserting, recording, referring to, or evidencing any failure

18   or omission by NETFLIX or any PERSON UNDER A DUTY OF CANDOR to

19   submit any prior art reference or other information to the United States Patent and

20   Trademark Office or any other patent office or agency.

21   **REQUEST FOR PRODUCTION NO. 55:**

22       All MATERIALS constituting, recording, referring to, or evidencing

23   any use, description or disclosure, prior to April 28, 1999, of any computer-

24   implemented rental of movies to a customer.

25   **REQUEST FOR PRODUCTION NO. 56:**

26       MATERIALS sufficient to fully describe any use, practice, description, or

27   disclosure, prior to April 28, 1999, of any computer-implemented rental of movies

28   to customers.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP
    13    BLOCKBUSTER'S FIRST SET OF REQUESTS
FOR PRODUCTION TO NETFLIX
C 06 2361 WHA

1  **REQUEST FOR PRODUCTION NO. 57:**

2      MATERIALS sufficient to fully describe any use, practice, description, or

3  disclosure, prior to April 28, 1999, of providing electronic digital information that

4  caused one of more attributes of movies to be displayed.

5  **REQUEST FOR PRODUCTION NO. 58:**

6      All MATERIALS constituting, recording, referring to, or evidencing any use,

7  practice, description, or disclosure, prior to April 28, 1999, of a movie rental queue.

8  **REQUEST FOR PRODUCTION NO. 59:**

9      All MATERIALS constituting, recording, referring to, or evidencing any use,

10  practice, description, or disclosure, prior to April 28, 1999, of a movie rental queue

11  associated with a customer.

12  **REQUEST FOR PRODUCTION NO. 60:**

13      All MATERIALS constituting, recording, referring to, or evidencing any use,

14  practice, description, or disclosure, prior to April 28, 1999, of a movie rental queue

15  comprising an ordered list.

16  **REQUEST FOR PRODUCTION NO. 61:**

17      All MATERIALS constituting, recording, referring to, or evidencing any use,

18  practice, description, or disclosure, prior to April 28, 1999, of a movie rental queue

19  in electronic digital form.

20  **REQUEST FOR PRODUCTION NO. 62:**

21      All MATERIALS constituting, recording, referring to, or evidencing any use,

22  practice, description, or disclosure, prior to April 28, 1999, of a movie rental queue

23  established from electronic digital information received over the Internet.

24  **REQUEST FOR PRODUCTION NO. 63:**

25      All MATERIALS constituting, recording, referring to, or evidencing any use,

26  practice, description, or disclosure, prior to April 28, 1999, of causing delivery to a

27  customer of up to a certain number of movies based on the order of a list.

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

14

BLOCKBUSTER'S FIRST SET OF REQUESTS
FOR PRODUCTION TO NETFLIX
C 06 2361 WHA

1    **REQUEST FOR PRODUCTION NO. 64:**

2        All MATERIALS constituting, recording, referring to, or evidencing any use,

3    practice, description, or disclosure, prior to April 28, 1999, of movie rental in which

4    a customer was not required to return movies within a specified time associated

5    with delivery.

6    **REQUEST FOR PRODUCTION NO. 65:**

7        All MATERIALS constituting, recording, referring to, or evidencing any use,

8    practice, description, or disclosure, prior to April 28, 1999, of, in response to one or

9    more delivery criteria being satisfied, selecting a movie based on the order of a list

10    and causing it to be delivered.

11    **REQUEST FOR PRODUCTION NO. 66:**

12        All MATERIALS constituting, recording, referring to, or evidencing any use,

13    practice, description, or disclosure, prior to April 28, 1999, of, in response to

14    electronic digital information received from the customer over the Internet,

15    electronically updating a movie rental queue.

16    **REQUEST FOR PRODUCTION NO. 67:**

17        MATERIALS sufficient to fully describe any use, practice, description, or

18    disclosure, prior to April 28, 1999, of a rental agreement that provided for a

19    periodic fee.

20    **REQUEST FOR PRODUCTION NO. 68:**

21        MATERIALS sufficient to fully describe any use, practice, description, or

22    disclosure, prior to April 28, 1999, of establishing a rental agreement over the

23    Internet.

24    **REQUEST FOR PRODUCTION NO. 69:**

25        All MATERIALS constituting, recording, referring to, or evidencing any use,

26    practice, description, or disclosure, prior to April 28, 1999, of shipping a movie

27    only if a fee was current.

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

15

**REQUEST FOR PRODUCTION NO. 70:**

MATERIALS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of any computer system for renting movies.

**REQUEST FOR PRODUCTION NO. 71:**

MATERIALS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of renting movies using a computer coupled to a digital telecommunications network.

**REQUEST FOR PRODUCTION NO. 72:**

MATERIALS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of renting movies using a computer coupled to a digital telecommunications network.

**REQUEST FOR PRODUCTION NO. 73:**

MATERIALS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of renting movies using a computer with electronic digital memory.

**REQUEST FOR PRODUCTION NO. 74:**

MATERIALS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of renting movies using a computer with programs stored in memory causing the computer to perform steps.

**REQUEST FOR PRODUCTION NO. 75:**

All MATERIALS constituting, recording, referring to, or evidencing any use, practice, description, or disclosure, prior to April 28, 1999, of updating a movie rental queue by changing the order of two or more movies for rental to a customer.

**REQUEST FOR PRODUCTION NO. 76:**

All MATERIALS constituting, recording, referring to, or evidencing any use, practice, description, or disclosure, prior to April 28, 1999, of updating a movie rental queue by indicating an additional movie in an ordered list.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

16

BLOCKBUSTER'S FIRST SET OF REQUESTS
FOR PRODUCTION TO NETFLIX
C 06 2361 WHA

**REQUEST FOR PRODUCTION NO. 77:**

All MATERIALS constituting, recording, referring to, or evidencing any use, practice, description, or disclosure, prior to April 28, 1999, of updating a movie rental queue by removing an indication of one or more movies from the ordered list.

**REQUEST FOR PRODUCTION NO. 78:**

MATERIALS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of any computer-implemented method in which two or more movies for renting to a customer are selected by a customer.

**REQUEST FOR PRODUCTION NO. 79:**

All MATERIALS constituting, recording, referring to, or evidencing any use, practice, description, or disclosure, prior to April 28, 1999, of determining the order of two or more movies based upon one or more preferences of a customer.

**REQUEST FOR PRODUCTION NO. 80:**

MATERIALS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of any delivery of a selected movie by mail.

**REQUEST FOR PRODUCTION NO. 81:**

MATERIALS sufficient to fully describe any use, practice, description, or disclosure, prior to April 28, 1999, of any delivery of a selected movie by mail on one or more optical media.

**REQUEST FOR PRODUCTION NO. 82:**

All MATERIALS constituting, recording, referring to, or evidencing any use, practice, description, or disclosure, prior to April 28, 1999, of, in response to receipt of a movie by mail, selecting another movie and causing it to be delivered to a customer.

**REQUEST FOR PRODUCTION NO. 83:**

All MATERIALS constituting, recording, referring to, or evidencing any use, practice, description, or disclosure, prior to April 28, 1999, of any computer-implemented rental of movies in which the number of movies delivered to the

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

17

BLOCKBUSTER'S FIRST SET OF REQUESTS
FOR PRODUCTION TO NETFLIX
C 06 2361 WHA

1    customer and not yet returned did not exceed a specified number.

2    **REQUEST FOR PRODUCTION NO. 84:**

3        All MATERIALS constituting, recording, referring to, or evidencing any use,

4    practice, description, or disclosure, prior to April 28, 1999, of electronically

5    updating a movie rental queue response to electronic digital information indicating

6    that delivery criteria were satisfied.

7    **REQUEST FOR PRODUCTION NO. 85:**

8        All MATERIALS constituting, recording, referring to, or evidencing any use,

9    practice, description, or disclosure, prior to April 28, 1999, of electronically

10   updating a movie rental queue in response to electronic digital information

11   comprising selection criteria.

12   **REQUEST FOR PRODUCTION NO. 86:**

13       MATERIALS sufficient to fully describe any use, practice, description, or

14   disclosure, prior to April 28, 1999, of rental of any of motion pictures, television

15   series, documentaries, cartoons, music videos, video recordings of concert

16   performances, instructional programs, or educational programs.

17   **REQUEST FOR PRODUCTION NO. 87:**

18       MATERIALS sufficient to fully describe any use, practice, description, or

19   disclosure, prior to April 28, 1999, of receiving one or more item selection criteria

20   that indicated one or more items a customer desired to rent.

21   **REQUEST FOR PRODUCTION NO. 88:**

22       MATERIALS sufficient to fully describe any use, practice, description, or

23   disclosure, prior to April 28, 1999, of providing a customer up to a specified

24   number of items indicated by one or more selection criteria.

25   **REQUEST FOR PRODUCTION NO. 89:**

26       MATERIALS sufficient to fully describe any use, practice, description, or

27   disclosure, prior to April 28, 1999, of, in response to receiving one or more items

28   provided to a customer, providing the customer one or more other items indicated

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

18

BLOCKBUSTER'S FIRST SET OF REQUESTS
FOR PRODUCTION TO NETFLIX
C 06 2361 WHA

1    by one or more item selection criteria.

2    **REQUEST FOR PRODUCTION NO. 90:**

3    　　All MATERIALS constituting, recording, referring to, or evidencing any use,

4    practice, description, or disclosure, prior to April 28, 1999, of any rental of items to

5    a customer in which the total current number of items provided to the customer did

6    not exceed a specified number.

7    **REQUEST FOR PRODUCTION NO. 91:**

8    　　All MATERIALS constituting, recording, referring to, or evidencing any use,

9    practice, description, or disclosure, prior to April 28, 1999, of any rental of items to

10   a customer in which the total current number of items provided to the customer did

11   not exceed a specified limit.

12   **REQUEST FOR PRODUCTION NO. 92:**

13   　　MATERIALS sufficient to fully describe any use, practice, description, or

14   disclosure, prior to April 28, 1999, of renting movies.

15   **REQUEST FOR PRODUCTION NO. 93:**

16   　　MATERIALS sufficient to fully describe any use, practice, description, or

17   disclosure, prior to April 28, 1999, of a computer-readable medium for renting

18   items to customers.

19   **REQUEST FOR PRODUCTION NO. 94:**

20   　　MATERIALS sufficient to fully describe any use, practice, description, or

21   disclosure, prior to April 28, 1999, of a computer-readable medium for renting

22   items to customers that carried one or more sequences of instructions.

23   **REQUEST FOR PRODUCTION NO. 95:**

24   　　MATERIALS sufficient to fully describe any use, practice, description, or

25   disclosure, prior to April 28, 1999, of instructions that, when executed by one or

26   more processors, caused one or more of them to perform steps for renting items to

27   customers.

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

19

BLOCKBUSTER'S FIRST SET OF REQUESTS
FOR PRODUCTION TO NETFLIX
C 06 2361 WHA

1  **REQUEST FOR PRODUCTION NO. 96:**

2      MATERIALS sufficient to fully describe any use, practice, description, or

3  disclosure, prior to April 28, 1999, of an apparatus for renting items to customers,

4  the apparatus including one or more processors.

5  **REQUEST FOR PRODUCTION NO. 97:**

6      MATERIALS sufficient to fully describe any use, practice, description, or

7  disclosure, prior to April 28, 1999, of an apparatus for renting items to customers,

8  the apparatus including a memory communicatively coupled to the one or more

9  processors, the memory including one or more sequences of one or more

10 instructions which, when executed by the one or more processors, caused the one or

11 more processors to perform steps.

12 **REQUEST FOR PRODUCTION NO. 98:**

13     MATERIALS sufficient to fully describe any use, practice, description, or

14 disclosure, prior to April 28, 1999, of an apparatus for renting items to customers

15 comprising an item rental mechanism configured to perform steps.

16 **REQUEST FOR PRODUCTION NO. 99:**

17     All MATERIALS constituting, recording, referring to, or evidencing any use,

18 practice, description, or disclosure, prior to April 28, 1999, of any rental of items to

19 customers in which a total number of items provided to the customer within a

20 specified period of time did not exceed a specified limit.

21 **REQUEST FOR PRODUCTION NO. 100:**

22     All MATERIALS constituting, recording, referring to, or evidencing any use,

23 practice, description, or disclosure, prior to April 28, 1999, of any rental of items to

24 customers in which a total number of items provided to the customer within a

25 specified period of time did not exceed a specified number.

26 **REQUEST FOR PRODUCTION NO. 101:**

27     All MATERIALS constituting, recording, referring to, or evidencing any use,

28 practice, description, or disclosure, prior to April 28, 1999, of any rental of items to

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

20

BLOCKBUSTER'S FIRST SET OF REQUESTS
FOR PRODUCTION TO NETFLIX
C 06 2361 WHA

1    customers in which if the total number of items provided to the customer within a

2    specified period of time was less than a specified limit, there was an increase in the

3    specified limit for another period of time.

4    **REQUEST FOR PRODUCTION NO. 102:**

5        All MATERIALS constituting, recording, referring to, or evidencing any use,

6    practice, description, or disclosure, prior to April 28, 1999, of item selection criteria

7    that indicated a desired order for items that a customer desired to rent.

8    **REQUEST FOR PRODUCTION NO. 103:**

9        All MATERIALS constituting, recording, referring to, or evidencing any use,

10    practice, description, or disclosure, prior to April 28, 1999, of providing to a

11    customer up to a specified number of items indicated by item selection criteria in

12    the desired order indicated by the item selection criteria.

13    **REQUEST FOR PRODUCTION NO. 104:**

14        All MATERIALS constituting, recording, referring to, or evidencing any use,

15    practice, description, or disclosure, prior to April 28, 1999, of providing to a

16    customer one or more items indicated by item selection criteria in the desired order

17    indicated by the item selection criteria.

18    **REQUEST FOR PRODUCTION NO. 105:**

19        All MATERIALS constituting, recording, referring to, or evidencing any use,

20    practice, description, or disclosure, prior to April 28, 1999, of item selection criteria

21    specifying one or more preferred item attributes.

22    **REQUEST FOR PRODUCTION NO. 106:**

23        All MATERIALS constituting, recording, referring to, or evidencing any use,

24    practice, description, or disclosure, prior to April 28, 1999, of automatically

25    selecting and providing a customer up to a specified number of items that had one

26    or more preferred item attributes specified by item selection criteria.

27    **REQUEST FOR PRODUCTION NO. 107:**

28        All MATERIALS constituting, recording, referring to, or evidencing any use,

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

21

BLOCKBUSTER'S FIRST SET OF REQUESTS
FOR PRODUCTION TO NETFLIX
C 06 2361 WHA

1  practice, description, or disclosure, prior to April 28, 1999, of, after providing a

2  customer with up to a specified number of items, automatically selecting and

3  providing to the customer one or more other items that had one or more preferred

4  item attributes specified by item selection criteria.

5  **REQUEST FOR PRODUCTION NO. 108:**

6      All MATERIALS constituting, recording, referring to, or evidencing any use,

7  practice, description, or disclosure, prior to April 28, 1999, of any item rental

8  queue.

9  **REQUEST FOR PRODUCTION NO. 109:**

10      All MATERIALS constituting, recording, referring to, or evidencing any use,

11  practice, description, or disclosure, prior to April 28, 1999, of any item rental queue

12  for a customer.

13  **REQUEST FOR PRODUCTION NO. 110:**

14      All MATERIALS constituting, recording, referring to, or evidencing any use,

15  practice, description, or disclosure, prior to April 28, 1999, of an item rental queue

16  that contained one or more entries that specify items that a customer desired to rent.

17  **REQUEST FOR PRODUCTION NO. 111:**

18      All MATERIALS constituting, recording, referring to, or evidencing any use,

19  practice, description, or disclosure, prior to April 28, 1999, of, in response to

20  receiving back any item provided to a customer, selecting one or more other items

21  from an item rental queue.

22  **REQUEST FOR PRODUCTION NO. 112:**

23      All MATERIALS constituting, recording, referring to, or evidencing any use,

24  practice, description, or disclosure, prior to April 28, 1999, of establishing an item

25  rental queue based on one or more item selection criteria.

26  **REQUEST FOR PRODUCTION NO. 113:**

27      All MATERIALS constituting, recording, referring to, or evidencing any use,

28  practice, description, or disclosure, prior to April 28, 1999, of, in response to

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

22

BLOCKBUSTER'S FIRST SET OF REQUESTS
FOR PRODUCTION TO NETFLIX
C 06 2361 WHA

1  receiving a customer notification, providing the customer a second set of one or

2  more items indicated by item selection criteria.

3  **REQUEST FOR PRODUCTION NO. 114:**

4      All MATERIALS constituting, recording, referring to, or evidencing any use,

5  practice, description, or disclosure, prior to April 28, 1999, of, in response to

6  expiration of a specified amount of time, providing a customer a second set of one

7  or more items indicated by item selection criteria.

8  **REQUEST FOR PRODUCTION NO. 115:**

9      All MATERIALS constituting, recording, referring to, or evidencing any use,

10 practice, description, or disclosure, prior to April 28, 1999, of, in response to a

11 specified date being reached, providing a customer a second set of one or more

12 items indicated by item selection criteria.

13 **REQUEST FOR PRODUCTION NO. 116:**

14     All MATERIALS constituting, recording, referring to, or evidencing any use,

15 practice, description, or disclosure, prior to April 28, 1999, of, in response to a

16 specified fee being received, providing a customer a second set of one or more

17 items indicated by item selection criteria.

18 **REQUEST FOR PRODUCTION NO. 117:**

19     MATERIALS sufficient to fully describe any use, practice, description, or

20 disclosure, prior to April 28, 1999, of providing rental items to a customer by mail.

21 **REQUEST FOR PRODUCTION NO. 118:**

22     MATERIALS sufficient to fully describe any use, practice, description, or

23 disclosure, prior to April 28, 1999, of providing rental items to a customer by a

24 delivery agent.

25 **REQUEST FOR PRODUCTION NO. 119:**

26     MATERIALS sufficient to fully describe any use, practice, description, or

27 disclosure, prior to April 28, 1999, of renting movies.

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP                    23                    BLOCKBUSTER'S FIRST SET OF REQUESTS
FOR PRODUCTION TO NETFLIX
C 06 2361 WHA

1   **REQUEST FOR PRODUCTION NO. 120:**

2       MATERIALS sufficient to fully describe any use, practice, description, or

3   disclosure, prior to April 28, 1999, of renting games.

4   **REQUEST FOR PRODUCTION NO. 121:**

5       All MATERIALS referring to or evidencing any use, practice, description or

6   disclosure of any SUBJECT INVENTION or CLAIMED FEATURE at any time

7   before April 28, 1999, or referring to or evidencing any knowledge thereof by

8   NETFLIX or any PERSON UNDER A DUTY OF CANDOR at any time before

9   April 4, 2006.

10  **REQUEST FOR PRODUCTION NO. 122:**

11      All MATERIALS in existence before April 28, 1999, that describe, refer to

12  or evidence any SUBJECT INVENTION or CLAIMED FEATURE.

13  **REQUEST FOR PRODUCTION NO. 123:**

14      MATERIALS sufficient to fully describe all rental methods used or practiced

15  by NETFLIX at any time before April 28, 1999.

16  **REQUEST FOR PRODUCTION NO. 124:**

17      MATERIALS sufficient to fully describe all rental methods used or practiced

18  by NETFLIX at any time before April 28, 2000.

19  **REQUEST FOR PRODUCTION NO. 125:**

20      MATERIALS sufficient to fully describe all rental methods used or practiced

21  by NETFLIX at any time as of April 28, 2000.

22  **REQUEST FOR PRODUCTION NO. 126:**

23      MATERIALS sufficient to fully describe all rental methods used or practiced

24  by NETFLIX at any time before May 14, 2003.

25  **REQUEST FOR PRODUCTION NO. 127:**

26      MATERIALS sufficient to fully describe all rental methods used or practiced

27  by NETFLIX at any time as of May 14, 2003.

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

24

BLOCKBUSTER'S FIRST SET OF REQUESTS
FOR PRODUCTION TO NETFLIX
C 06 2361 WHA

1 **REQUEST FOR PRODUCTION NO. 128:**

2     All MATERIALS asserting, evidencing, reflecting, o referring to any use by

3 NETFLIX of any practice known as "throttling" on or before April 28, 2000.

4 **REQUEST FOR PRODUCTION NO. 129:**

5     All MATERIALS asserting, evidencing, reflecting, or referring to any use by

6 NETFLIX of any practice known as "throttling" on or before May 14, 2003.

7 **REQUEST FOR PRODUCTION NO. 130:**

8     All MATERIALS asserting, evidencing, reflecting, or referring to any

9 preferential sorting or handling of NETFLIX mail.

10 **REQUEST FOR PRODUCTION NO. 131:**

11     All MATERIALS evidencing, reflecting, or referring to any

12 COMMUNICATIONS between NETFLIX and any employee of the United States

13 Postal Service concerning any preferential sorting or handling of NETFLIX mail.

14 **REQUEST FOR PRODUCTION NO. 132:**

15     All MATERIALS evidencing, reflecting, or referring to any

16 COMMUNICATIONS between William J. Henderson and the United States Postal

17 Service concerning NETFLIX.

18 **REQUEST FOR PRODUCTION NO. 133:**

19     All of the following MATERIALS referred to on Page 4 of Netflix's June 26,

20 2006 Initial Disclosures Under Rule 26 of the Federal Rules of Civil Procedure:

21     1.    Documents publicly available at the Internet addresses

22 http://netflix.com and http://blockbuster.com.

23     2.    U.S. Patents 6,584,450 and 7,024,381 and their prosecution

24 histories.

25     3.    Documents relating to the conception of the invention described

26 in the abovementioned patents.

27     4.    Documents and/or references cited in each of the above-

28 mentioned patents.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

25

BLOCKBUSTER'S FIRST SET OF REQUESTS
FOR PRODUCTION TO NETFLIX
C 06 2361 WHA

1   5. Documents relating to the reduction to practice of the invention
2 described in the above-mentioned patents.
3   6. Documents relating to industry recognition of the invention
4 described in the abovementioned patents.
5   7. Documents relating to competitive information and analyses
6 about Blockbuster.
7   8. Documents relating to Netflix's financial information.
8   9. Documents relating to Netflix's practice of the invention
9 described in the abovementioned patents.
10   10. Documents relating to Blockbuster's conception of the
11 Blockbuster Online service.
12   11. Documents relating to Blockbuster's competitive information
13 and analyses about Netflix.
14   12. Documents relating to Blockbuster's financial information.
15 **REQUEST FOR PRODUCTION NO. 134:**
16 All MATERIALS identified in the disclosure statement to be provided by
17 NETFLIX by July 28, 2006, in accordance with Paragraph 1 of the Court's Case
18 Management Order of June 30, 2006.
19

20 DATED: July 11, 2006  ALSCHULER GROSSMAN STEIN & KAHAN LLP
22 By
William J. O'Brien
Attorneys for Defendant and
Counterclaimant, Blockbuster Inc.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

26

BLOCKBUSTER'S FIRST SET OF REQUESTS
FOR PRODUCTION TO NETFLIX
C 06 2361 WHA

1

## PROOF OF SERVICE

2          I am a resident of the State of California, over the age of eighteen years, and not a
3  party to the within action.  My business address is _Specialized Legal Services_
   _1112 Bryant St, #200____, San Francisco_____CA 94103____.
4  On July 11, 2006, I served a true copy of the within documents:

5  BLOCKBUSTER'S FIRST SET OF REQUESTS FOR PRODUCTION TO NETFLIX

6      ☑       by personally delivering the document(s) listed above to the person(s) at the
                address(es) set forth below.

7     Jeffrey R. Chanin, Esq.            Tel:   415.391.5400
      Daralyn J. Durie, Esq.            Fax:   415.397.7188
8     Dorothy McLaughlin, Esq.
      Kevin T. Reed, Esq                Attorneys for Plaintiff
9     Keker & Van Nest, LLP             Netflix, Inc.
      710 Sansome Street
10    San Francisco, CA 94111-1704

11          I declare under penalty of perjury under the laws of the State of California that the
   above is true and correct.
12
          Executed on this July 11, 2006.
13

14

15                                     _____
                                        Signature
16

17                                     _____
                                        Print Name
18

19

20

21

22

23

24

25

26

27

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP                          27          BLOCKBUSTER'S FIRST SET OF REQUESTS
                                                FOR PRODUCTION TO NETFLIX
                                                        C 06 2361 WHA