# EXHIBIT D

# ALSCHULER GROSSMAN STEIN & KAHAN LLP
ATTORNEYS AT LAW

WILLIAM J. O'BRIEN
ATTORNEY AT LAW
WOBRIEN@AGSK.COM
Direct Dial: 310-255-9033
Direct Fax: 310-907-2033

OUR FILE NUMBER
12160-206704

August 14, 2006

BY EMAIL AND U.S. MAIL

Leo Lam, Esq
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111-1704

Re: *Netflix, Inc v Blockbuster, Inc.*
U.S. District Court, N.D. Cal., Case No. C-06-2361 WHA

Dear Leo:

Blockbuster's First Set of Requests for Production to Netflix were delivered to the offices of your firm on July 11, 2006  Production of the requested documents is due today, August 14, 2006, at 10:00 a.m., at our offices  Netflix's written response (including any objections) was due on August 10, 2006.

On July 11, the same day that we served the Requests and Blockbuster's First Set of Interrogatories, I sent an email to Daralyn Durie, notifying her of the service and attaching copies of the Requests and Interrogatories  I also gave Daralyn a special "heads-up" that we needed this discovery before the August 17 hearing on Netflix's motion to dismiss:

> I want to give you a heads-up at the outset that, while we are usually inclined to be liberal with extensions of time, these sets of discovery requests present a special case, because they are largely directed to facts implicated by Netflix's pending motion to dismiss  In that motion, as you know, Netflix attacks the facts alleged in support of certain Blockbuster defenses and counterclaims as insufficient and argues for the inadequacy of Blockbuster's allegations made on information and belief.  While we believe that our allegations are both proper and adequate to support our claims and defenses, we need to be in a position to advise the Court at the hearing of what further allegations we can add if we are required to amend our pleading

In closing, I stated that, "[i]f there are any problems we will need to address with regard to the discovery requests, I would appreciate your contacting me as early as possible about them."

Leo Lam, Esq
August 14, 2006
Page 2

On August 4, you requested an extension of Netflix's time to answer the First Set of Interrogatories to August 14, the same date set for Netflix's production of documents. You did not request or receive any extension with respect to the First Set of Requests for Production

On Friday, August 11, when I called you to confirm arrangements for the production of the documents requested in the First Set of Requests for Production, you told me that:

1. You were unaware of Blockbuster having specified any production date in its First Set of Requests for Production;

2. The Federal Rules of Civil Procedure do not allow a requesting party to set the date for production of documents;

3. Netflix is not going to produce any documents today, August 14, in response to the Requests; and

4. The earliest that production of such documents could take place would be this Friday (In a telephone conversation later on August 11, you told me that you could not assure me of *any* date for the production of these documents.)

It is difficult to understand how Netflix could take any of these positions. To begin with, the date, time, and place for the production are prominently set forth on the first page in the first paragraph of the Requests underneath the caption. I do not understand how anyone could review the Requests without noticing the production date.

Moreover, Rule 34(b) of the Federal Rules of Civil Procedure expressly provides that a request for production "shall specify a reasonable time, place, and manner" for the production.

What is more, we went out of our way to ensure that we would receive timely production by giving your office a heads-up in an email to Daralyn Durie on the same day we served Blockbuster's First Set of Requests for Production and First Set of Interrogatories. When you called on August 4 for an extension of time to answer the interrogatories, I specifically mentioned the email to Daralyn and the importance we placed on receiving the discovery requested in the First Set of Requests for Production and First Set of Interrogatories before the hearing on Netflix's motion to dismiss

In our conversations on Friday, August 11, you stated for the first time that you believed today, August 14, to be the deadline for serving the written response to Blockbuster's First Set of Requests for Production. In reality, today is the production date specified in the Requests. The written response to the Requests was due on August 11, thirty days after they were served by personal delivery to your offices. Because the First Set of Requests for Production

Leo Lam, Esq
August 14, 2006
Page 3

and First Set of Interrogatories were served together, the deadline for the written response was the same as the original deadline for answering the interrogatories You knew that the interrogatory answers were due August 10, having so stated in requesting the extension of time for the answers When I asked why you believed the written response to the Requests was due August 14, you were unable to give any specific reason, saying that this was an "inherited impression " You also said that my email confirming the extension of time for the interrogatories had stated that the written response to the Request was due on August 14 After I read you the text of my email, you withdrew that assertion

At the end of our first conversation on Friday, you agreed to call back with the date by which Netflix could produce documents in accordance with Blockbuster's First Set of Requests for Production. But when you called back, you declined to provide any such date Instead, you tried to change the subject to the confidential Rule 26(a) documents that Netflix has been holding pending entry of a protective order. Your offer of expedited production of those documents, under an interim confidentiality arrangement, is clearly nothing more than an attempt to side-step the real issue and obscure Netflix's failure to comply with Blockbuster's First Set of Requests for Production. The present issue has to do with the documents and things that Blockbuster has requested – not the documents that Netflix intends to use to support its claims and defenses and that it is therefore required to produce under Rule 26(a)

Unfortunately, it became evident during the course of our conversations that Netflix further intends to evade compliance with Blockbuster's Requests by asserting unfounded objections For example, you professed to be unable to understand straightforward Requests asking for prior art that disclosed features recited in the claims of Netflix's asserted patents You said that Netflix will produce only what it deems to be "material" prior art, and you even said that this means only art that was cited during prosecution. In other words, at the same time that Netflix is attacking Blockbuster's counterclaims and defenses for supposedly failing to adequately specify prior art withheld by Netflix from the Patent Office, Netflix is refusing to produce any such withheld prior art in response to Blockbuster's Requests for Production However, these objections are not only unfair and unreasonable but untimely By failing to timely respond to Blockbuster's Requests, Netflix has waived all objections. *See, e g , Richmark Corp. v Timber Falling Consultants*, 959 F 2d 1468, 1473 (9th Cir 1992) *Davis v Fendler*, 650 F 2d 1154, 1160 (9th Cir 1981)

Leo Lam, Esq.
August 14, 2006
Page 4


       Blockbuster continues to demand production today in accordance with its First Set of Requests for Production. All rights and remedies are expressly reserved

Very truly yours,

*[signature]*

William J. O'Brien

WJO:js