# EXHIBIT E 1

Dockets.Justia.com

1  KEKER & VAN NEST, LLP
   JEFFREY R. CHANIN - #103649
2  DARALYN J. DURIE - #169825
   KEVIN T. REED - #240799
3  710 Sansome Street
   San Francisco, CA  94111-1704
4  Telephone:  (415) 391-5400
   Facsimile:  (415) 397-7188
5
   Attorneys for Plaintiff
6  NETFLIX, INC.

7                     UNITED STATES DISTRICT COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9

10 NETFLIX, INC., a Delaware corporation,        Case No. C 06 2361 WHA

11                              Plaintiff,       **NETFLIX'S RESPONSES TO
                                                 BLOCKBUSTER'S FIRST SET OF**
12      v.                                       **REQUESTS FOR PRODUCTION**

13 BLOCKBUSTER, INC., a Delaware
   corporation, DOES 1-50,                       Complaint filed:      April 4, 2006
14
                               Defendant.
15

16

17 PROPOUNDING PARTY:   DEFENDANT BLOCKBUSTER, INC.

18 RESPONDING PARTY:    PLAINTIFF NETFLIX, INC.

19 SET NO.:             ONE

20

21

22

23

24

25

26

27

28

---

378782.01

1        Pursuant to Federal Rule of Civil Procedure 34, Plaintiff and Counterclaim Defendant

2    Netflix, Inc. ("Netflix") responds to Defendant and Counterclaimant Blockbuster, Inc.

3    ("Blockbuster")'s First Set of Requests for Production of Documents to Netflix as follows:

4                            **GENERAL OBJECTIONS**

5        1.     Netflix objects to each instruction, definition, or Request that attempts to impose

6    any requirement or discovery obligation greater than or different from those imposed by the

7    Federal Rules of Civil Procedure or any applicable Local Rules or Orders of the Court. Netflix

8    will not comply with any attempt to impose obligations not required by the above provisions.

9        2.     Netflix objects to every document Request that seeks information protected by the

10    attorney-client privilege, the work-product doctrine, or any other applicable protection from

11    disclosure. Any inadvertent disclosure of such information shall not constitute a waiver of any

12    applicable protection from disclosure.

13        3.     Netflix objects to every document Request to the extent that they seek

14    confidential or proprietary information. Netflix will produce confidential or proprietary

15    information only subject to an appropriate protective order and the applicable Rules of this

16    Court, and/or any agreement between the parties.

17        4.     Netflix objects to every document Request to the extent that they seek information

18    with respect to which Netflix is under a duty of confidentiality to a third party.

19        5.     An agreement by Netflix to search for and produce responsive documents does

20    not mean that such documents exist. Such a response means that Netflix will produce responsive

21    documents that it can locate with reasonable diligence and that are not otherwise protected from

22    disclosure.

23        6.     Netflix expressly reserves the right to amend, supplement, or correct these

24    responses.

25        7.     Netflix reserves the right to use or introduce, for any hearing or trial, information

26    or documents not known to exist at this time, including information obtained through discovery

27    in this litigation.

28        8.     Netflix objects to the demand in the Requests that the documents called for

378782.01

1   produced on August 14, 2006 at 10:00 a.m.  Netflix will instead produce documents at a

2   mutually convenient time and place.

3        9.    Netflix incorporates these General Objections into each specific response below.

4   A specific response may restate an objection for emphasis or some other reason.  The failure to

5   restate any General Objection in a specific response shall not constitute a waiver of the objection.

6                   **RESPONSES TO REQUESTS FOR PRODUCTION**

7   **REQUEST FOR PRODUCTION NO. 1:**

8        All MATERIALS submitted to or received from the United States Patent and trademark

9   Office in connection with the '041 APPLICATION or '450 PATENT.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

11        Netflix objects to this Request to the extent that it calls for information protected by the

12   attorney-client privilege or the work product doctrine.

13        Subject to and without waiving the foregoing objection, Netflix will produce all non-

14   privileged, responsive documents so described that are locatable after a diligent search of all

15   locations at which such materials might plausibly exist.

16   **REQUEST FOR PRODUCTION NO. 2:**

17        All MATERIALS submitted to or received from the United States Patent and Trademark

18   Office in connection with the '727 APPLICATION or '381 PATENT.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

20        Netflix objects to this Request to the extent that it calls for information protected by the

21   attorney-client privilege or the work product doctrine.

22        Subject to and without waiving the foregoing objection, Netflix will produce all non-

23   privileged, responsive documents so described that are locatable after a diligent search of all

24   locations at which such materials might plausibly exist.

25   **REQUEST FOR PRODUCTION NO. 3:**

26        All MATERIALS submitted to or received from the United States Patent and Trademark

27   Office or any other patent office or agency in connection with any SUBJECT PATENT OR

28   APPLICATION.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

2        Netflix objects to Blockbuster's demand that it produce documents relating to its patents

3    and/or applications other than the patents-in-suit, because such patents/applications have no

4    relevance to any issue in this case. Netflix further objects to producing documents relating to its

5    patent applications that have not either been issued or been published on the grounds that the

6    pendency of these patents, and the nature of the areas that they cover, is competitively sensitive

7    information regarding Netflix's future business plans, and should not be produced to a company

8    that is seeking directly to compete with Netflix in the market, such as Blockbuster. Netflix

9    further objects to Blockbuster's Request that it produce documents relating to prosecution of

10    patents before patent offices or agencies other than the United States Patent and Trademark

11    Office. The prosecution of patents that are not only not asserted in this case, but cannot be

12    asserted here because they are being prosecuted and will be issued in a foreign country, is in no

13    way relevant to any of the issues presented in this case.

14        Netflix objects to this Request as overly broad and unduly burdensome, seeking material

15    that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the

16    discovery of admissible evidence. Netflix also objects to this Request to the extent that it calls

17    for information protected by the attorney-client privilege or the work product doctrine. Further,

18    Netflix objects to the extent that this Request duplicates prior Requests.

19        Subject to and without waiving the foregoing objections, Netflix will produce all non-

20    privileged, responsive documents so described and related to the '381 and '450 patents that are

21    locatable after a diligent search of all locations at which such materials might plausibly exist.

22    **REQUEST FOR PRODUCTION NO. 4:**

23        All files of NETFLIX, including any NETFLIX patent attorney or patent agent, for any

24    SUBJECT PATENT or APPLICATION.

25    **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

26        Netflix objects to Blockbuster's demand that it produce documents relating to its patents

27    and/or applications other than the patents-in-suit, because such patents/applications have no

28    relevance to any issue in this case. Netflix further objects to producing documents relating to its

378782 01

1   patent applications that have not either been issued or been published on the grounds that the

2   pendency of these patents, and the nature of the areas that they cover, is competitively sensitive

3   information regarding Netflix's future business plans, and should not be produced to a company

4   that is seeking directly to compete with Netflix in the market, such as Blockbuster.

5          Netflix also objects to this Request to the extent that it calls for information protected by

6   the attorney-client privilege or the work product doctrine. Further, Netflix objects to the extent

7   that this Request duplicates prior Requests.

8          Subject to and without waiving the foregoing objections, Netflix will produce all non-

9   privileged, responsive documents so described and related to the '381 and '450 patents that are

10  locatable after a diligent search of all locations at which such materials might plausibly exist.

11  **REQUEST FOR PRODUCTION NO. 5:**

12         All MATERIALS constituting, recording, referring to, or evidencing any assertion of, or

13  attempt to license, any SUBJECT APPLICATION OR PATENT.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

15         Netflix objects to Blockbuster's demand that it produce documents relating to its patents

16  and/or applications other than the patents-in-suit, because such patents/applications have no

17  relevance to any issue in this case. Netflix further objects to producing documents relating to its

18  patent applications that have not either been issued or been published on the grounds that the

19  pendency of these patents, and the nature of the areas that they cover, is competitively sensitive

20  information regarding Netflix's future business plans, and should not be produced to a company

21  that is seeking directly to compete with Netflix in the market, such as Blockbuster.

22         Netflix objects to this Request as overly broad and unduly burdensome, seeking material

23  that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the

24  discovery of admissible evidence. Netflix also objects to this Request to the extent that it calls

25  for information protected by the attorney-client privilege or the work product doctrine. Further,

26  Netflix objects to the extent that this Request duplicates prior Requests.

27         Subject to and without waiving the foregoing objections, Netflix will produce all non-

28  privileged, responsive documents so described and related to the '381 and '450 patents that are

378782 01

1  locatable after a diligent search of all locations at which such materials might plausibly exist.

2  **REQUEST FOR PRODUCTION NO. 6:**

3      All MATERIALS constituting, recording, referring to, or evidencing any reason or

4  justification for not asserting the `450 PATENT before April 4, 2006.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

6      Netflix objects to this Request to the extent that it calls for information protected by the

7  attorney-client privilege or the work product doctrine.

8      Subject to and without waiving the foregoing objection, Netflix will produce all non-

9  privileged, responsive documents so described that are locatable after a diligent search of all

10  locations at which such materials might plausibly exist.

11  **REQUEST FOR PRODUCTION NO. 7:**

12      All MATERIALS asserting, referring to or evidencing infringement or noninfringement

13  of the `450 PATENT or the `381 PATENT.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

15      Netflix objects to this Request to the extent that it calls for information protected by the

16  attorney-client privilege or the work product doctrine.  Netflix further objects as the demand for

17  materials "evidencing infringement or noninfringement" is vague, ambiguous, and calls for a

18  legal conclusion.

19      Subject to and without waiving the foregoing objection, Netflix will produce all non-

20  privileged, responsive documents so described that are locatable after a diligent search of all

21  locations at which such materials might plausibly exist.

22  **REQUEST FOR PRODUCTION NO. 8:**

23      All MATERIALS asserting, referring to or evidencing validity or invalidity of the `450

24  PATENT or the `381 PATENT.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

26      Netflix objects to this Request to the extent that it calls for information protected by the

27  attorney-client privilege or the work product doctrine.  Netflix further objects as the demand for

28  materials "evidencing validity or invalidity" is vague, ambiguous, and calls for a legal

1  conclusion.

2         Subject to and without waiving the foregoing objection, Netflix will produce all non-

3  privileged, responsive documents so described that are locatable after a diligent search of all

4  locations at which such materials might plausibly exist.

5  **REQUEST FOR PRODUCTION NO. 9:**

6         All MATERIALS asserting, referring to or evidencing the scope of the '450 PATENT or

7  the '381 PATENT or any aspect of the construction of any claim of either patent.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

9         Netflix objects to this Request to the extent that it calls for information protected by the

10  attorney-client privilege or the work product doctrine. Netflix further objects to this Request as

11  vague and ambiguous with regard to "scope", and understands the term to refer to construction of

12  claims. To the extent that Blockbuster demands Netflix produce materials that would evidence

13  Netflix's construction of a claim, Netflix objects to the Request as premature in that it seeks to

14  impose upon Netflix a duty to come forward with a claim construction well prior to the date

15  provided for in the Court's Case Management Order and the Local Rules of this Court, and

16  objects to the Request as well as calling for a legal conclusion.

17         Subject to and without waiving the foregoing objections, Netflix will produce all non-

18  privileged, responsive documents so described that are locatable after a diligent search of all

19  locations at which such materials might plausibly exist.

20  **REQUEST FOR PRODUCTION NO. 10:**

21         All MATERIALS asserting, referring to or evidencing the scope of any SUBJECT

22  APPLICATION OR PATENT or any aspect of the construction of any claim of any such

23  application or patent.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

25         Netflix objects to Blockbuster's demand that it produce documents relating to its patents

26  and/or applications other than the patents-in-suit, because such patents/applications have no

27  relevance to any issue in this case. Netflix further objects to producing documents relating to its

28  patent applications that have not either been issued or been published on the grounds that the

378782 01

1   pendency of these patents, and the nature of the areas that they cover, is competitively sensitive

2   information regarding Netflix's future business plans, and should not be produced to a company

3   that is seeking directly to compete with Netflix in the market, such as Blockbuster.

4          Netflix also objects to this Request to the extent that it calls for information protected by

5   the attorney-client privilege or the work product doctrine. Netflix further objects to this Request

6   as vague and ambiguous with regard to "scope", and understands the term to refer to construction

7   of claims. To the extent that Blockbuster demands Netflix produce materials that would

8   evidence Netflix's construction of a claim, Netflix objects to the Request as premature in that it

9   seeks to impose upon Netflix a duty to come forward with a claim construction well prior to the

10  date provided for in the Court's Case Management Order and the Local Rules of this Court, and

11  objects to the Request as well as calling for a legal conclusion. Netflix objects to the extent that

12  this Request duplicates prior Requests.

13         Subject to and without waiving the foregoing objections, Netflix will produce all non-

14  privileged, responsive documents so described and related to the '381 and '450 patents that are

15  locatable after a diligent search of all locations at which such materials might plausibly exist.

16  **REQUEST FOR PRODUCTION NO. 11:**

17         All MATERIALS asserting, referring to or evidencing the patentability or unpatentability

18  of any SUBJECT APPLICATION OR PATENT or of any claim of any such application or

19  patent.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

21         Netflix objects to Blockbuster's demand that it produce documents relating to its patents

22  and/or applications other than the patents-in-suit, because such patents/applications have no

23  relevance to any issue in this case. Netflix further objects to producing documents relating to its

24  patent applications that have not either been issued or been published on the grounds that the

25  pendency of these patents, and the nature of the areas that they cover, is competitively sensitive

26  information regarding Netflix's future business plans, and should not be produced to a company

27  that is seeking directly to compete with Netflix in the market, such as Blockbuster.

28         Netflix objects to this Request to the extent that it calls for information protected by the

7

378782 01

1  attorney-client privilege or the work product doctrine. Further, Netflix objects to the extent that

2  this Request duplicates prior Requests. Netflix further objects as the demand for materials

3  "evidencing patentability or unpatentability" is vague, ambiguous, and calls for a legal

4  conclusion.

5        Subject to and without waiving the foregoing objections, Netflix will produce all non-

6  privileged, responsive documents so described and related to the '381 and '450 patents that are

7  locatable after a diligent search of all locations at which such materials might plausibly exist.

8  **REQUEST FOR PRODUCTION NO. 12:**

9        All MATERIALS asserting, referring to or evidencing the patentability or unpatentability

10 of any method performed by NETFLIX or of any related apparatus or computer-readable

11 medium.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

13       Netflix objects to this Request to the extent that it calls for information protected by the

14 attorney-client privilege or the work product doctrine. Netflix further objects to this Request as

15 the phrases "any method performed" or "any related apparatus or computer-readable medium" is

16 vague and ambiguous. Netflix further objects as the demand for materials "evidencing the

17 patentability or unpatentability" is vague, ambiguous, and calls for a legal conclusion.

18       Netflix also objects to this Request as overly broad and unduly burdensome, seeking

19 material that is irrelevant to the subject matter of this action and is not reasonably calculated to

20 lead to the discovery of admissible evidence. To the extent this Request seeks material relevant

21 to the subject matter of this action, Netflix objects that this Request duplicates prior Requests.

22 **REQUEST FOR PRODUCTION NO. 13:**

23       All MATERIALS constituting, recording, referring to, or evidencing

24 COMMUNICATIONS between W. Reed Hastings and Edward Stead concerning any SUBJECT

25 PATENT or APPLICATION.

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

27       Netflix objects to Blockbuster's demand that it produce documents relating to its patents

28 and/or applications other than the patents-in-suit, because such patents/applications have no

1   relevance to any issue in this case. Netflix further objects to producing documents relating to its

2   patent applications that have not either been issued or been published on the grounds that the

3   pendency of these patents, and the nature of the areas that they cover, is competitively sensitive

4   information regarding Netflix's future business plans, and should not be produced to a company

5   that is seeking directly to compete with Netflix in the market, such as Blockbuster. Netflix

6   further objects to the extent that these materials are in Blockbuster's possession.

7          Subject to and without waiving the foregoing objections, Netflix will produce all non-

8   privileged, responsive documents so described and related to the '381 and '450 patents that are

9   locatable after a diligent search of all locations at which such materials might plausibly exist.

10  **REQUEST FOR PRODUCTION NO. 14:**

11         All MATERIALS constituting, recording, referring to, or evidencing

12  COMMUNICATIONS between NETFLIX and BLOCKBUSTER concerning any SUBJECT

13  PATENT or APPLICATION.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

15         Netflix objects to Blockbuster's demand that it produce documents relating to its patents

16  and/or applications other than the patents-in-suit, because such patents/applications have no

17  relevance to any issue in this case. Netflix further objects to producing documents relating to its

18  patent applications that have not either been issued or been published on the grounds that the

19  pendency of these patents, and the nature of the areas that they cover, is competitively sensitive

20  information regarding Netflix's future business plans, and should not be produced to a company

21  that is seeking directly to compete with Netflix in the market, such as Blockbuster. Netflix also

22  objects to the extent that these materials are in Blockbuster's possession.

23         Subject to and without waiving the foregoing objections, Netflix will produce all non-

24  privileged, responsive documents so described and related to the '381 and '450 patents that are

25  locatable after a diligent search of all locations at which such materials might plausibly exist.

26  **REQUEST FOR PRODUCTION NO. 15:**

27         All MATERIALS constituting, recording, referring to, or evidencing

28  COMMUNICATIONS concerning any patent rights, patent license, or patent infringement

378782.01

1 | related to Blockbuster Online.

2 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

3 | Netflix objects to this Request as overly broad and unduly burdensome, seeking material

4 | that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the

5 | discovery of admissible evidence. Netflix also objects to this Request to the extent that it calls

6 | for information protected by the attorney-client privilege or the work product doctrine.

7 | Subject to and without waiving the foregoing objections, Netflix will produce all non-

8 | privileged, responsive documents so described and related to the '381 and '450 patents that are

9 | locatable after a diligent search of all locations at which such materials might plausibly exist.

10 | **REQUEST FOR PRODUCTION NO. 16:**

11 | All MATERIALS constituting, recording, referring to, or evidencing

12 | COMMUNICATIONS concerning any patent rights, patent license, or patent infringement

13 | related to NETFLIX.

14 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

15 | Netflix objects to this Request to the extent that it seeks documents relating to its patents

16 | and/or applications other than the patents-in-suit, because such patents/applications have no

17 | relevance to any issue in this case. Netflix further objects to producing documents relating to its

18 | patent applications that have not either been issued or been published on the grounds that the

19 | pendency of these patents, and the nature of the areas that they cover, is competitively sensitive

20 | information regarding Netflix's future business plans, and should not be produced to a company

21 | that is seeking directly to compete with Netflix in the market, such as Blockbuster.

22 | Netflix objects to this Request on the grounds that it is overly broad and unduly

23 | burdensome, seeking material that is irrelevant to the subject matter of this action and is not

24 | reasonably calculated to lead to the discovery of admissible evidence. Netflix further objects to

25 | this Request to the extent that it calls for information protected by the attorney-client privilege or

26 | the work product doctrine.

27 | **REQUEST FOR PRODUCTION NO. 17:**

28 | All MATERIALS constituting, recording, referring to, or evidencing

1   COMMUNICATIONS concerning the '450 PATENT.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

3       Netflix objects to this Request to the extent that it calls for information protected by the

4   attorney-client privilege or the work product doctrine.

5       Subject to and without waiving the foregoing objection, Netflix will produce all non-

6   privileged, responsive documents so described that are locatable after a diligent search of all

7   locations at which such materials might plausibly exist.

8   **REQUEST FOR PRODUCTION NO. 18:**

9       All MATERIALS constituting, recording, referring to, or evidencing

10  COMMUNICATIONS concerning the '381 PATENT.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

12      Netflix objects to this Request to the extent that it calls for information protected by the

13  attorney-client privilege or the work product doctrine.

14      Subject to and without waiving the foregoing objection, Netflix will produce all non-

15  privileged, responsive documents so described that are locatable after a diligent search of all

16  locations at which such materials might plausibly exist.

17  **REQUEST FOR PRODUCTION NO. 19:**

18      All MATERIALS constituting, recording, referring to, or evidencing

19  COMMUNICATIONS concerning the '041 APPLICATION.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

21      Netflix objects to this Request to the extent that it calls for information protected by the

22  attorney-client privilege or the work product doctrine.

23      Subject to and without waiving the foregoing objection, Netflix will produce all non-

24  privileged, responsive documents so described that are locatable after a diligent search of all

25  locations at which such materials might plausibly exist.

26  **REQUEST FOR PRODUCTION NO. 20:**

27      All MATERIALS constituting, recording, referring to, or evidencing

28  COMMUNICATIONS concerning the '727 APPLICATION.

378782.01

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

2      Netflix objects to this Request to the extent that it calls for information protected by the

3  attorney-client privilege or the work product doctrine.

4      Subject to and without waiving the foregoing objection, Netflix will produce all non-

5  privileged, responsive documents so described that are locatable after a diligent search of all

6  locations at which such materials might plausibly exist.

7  **REQUEST FOR PRODUCTION NO. 21:**

8      All MATERIALS filed, served, and produced for inspection by an adverse party in

9  *Netflix, Inc. v. NCR Corporation*, Case No. C 06 1892 in the United States District Court for the

10  Northern District of California, and all transcripts or other records of any discovery or

11  proceedings in that case.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

13      Netflix objects to this Request as overly broad and unduly burdensome, seeking material

14  that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the

15  discovery of admissible evidence. Netflix further objects to this Request to the extent that it calls

16  for information protected by the attorney-client privilege or the work product doctrine.

17      Subject to and without waiving the foregoing objections, Netflix will produce all non-

18  privileged, responsive documents so described that are locatable after a diligent search of all

19  locations at which such materials might plausibly exist.

20  **REQUEST FOR PRODUCTION NO. 22:**

21      All MATERIALS constituting, recording, referring to, or evidencing

22  COMMUNICATIONS between the parties in *Netflix, Inc. v. NCR Corporation*, Case No. C 06

23  1892 in the United States District Court for the Northern District of California, or their respective

24  counsel.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

26      Netflix objects to this Request as overly broad and unduly burdensome, seeking material

27  that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the

28  discovery of admissible evidence. Netflix further objects to this Request to the extent that it calls

1   for information protected by the attorney-client privilege or the work product doctrine.

2        Subject to and without waiving the foregoing objections, Netflix will produce all non-

3   privileged, responsive documents so described that are locatable after a diligent search of all

4   locations at which such materials might plausibly exist.

5   **REQUEST FOR PRODUCTION NO. 23:**

6        All MATERIALS constituting, recording, referring to, or evidencing any settlement

7   negotiations concerning *Netflix, Inc. v. NCR Corporation*, Case No. C 06 1892 in the United

8   States District Court for the Northern District of California.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

10       Netflix objects to this Request as overly broad and unduly burdensome, seeking material

11  that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the

12  discovery of admissible evidence.  Netflix further objects to this Request to the extent that it calls

13  for information protected by the attorney-client privilege or the work product doctrine.

14       Subject to and without waiving the foregoing objections, Netflix will produce all non-

15  privileged, responsive documents so described that are locatable after a diligent search of all

16  locations at which such materials might plausibly exist.

17  **REQUEST FOR PRODUCTION NO. 24:**

18       All MATERIALS filed, served, and produced for inspection by an adverse party in *Frank*

19  *Chavez v. Netflix, Inc.*, San Francisco Superior Court Case No. CGC 04-434884, and any

20  transcripts or other records of any discovery or proceedings in that case.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

22       Netflix objects to this Request on the grounds that it seeks material that is irrelevant to

23  the subject matter of this action and is not reasonably calculated to lead to the discovery of

24  admissible evidence. Netflix further objects to this Request to the extent that it calls for

25  information protected by the attorney-client privilege or the work product doctrine.

26  **REQUEST FOR PRODUCTION NO. 25:**

27       All MATERIALS constituting, recording, referring to, or evidencing

28  COMMUNICATIONS between the parties in *Frank Chavez v. Netflix, Inc.*, San Francisco

378782.01

1  Superior Court Case No. CGC 04-434884, or their respective counsel.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

3      Netflix objects that this Request seeks material that is irrelevant to the subject matter of

4  this action and is not reasonably calculated to lead to the discovery of admissible evidence.

5  Netflix further objects to this Request to the extent that it calls for information protected by the

6  attorney-client privilege or the work product doctrine.

7  **REQUEST FOR PRODUCTION NO. 26:**

8      All MATERIALS constituting, referring to, recording, or evidencing any settlement

9  negotiations concerning *Frank Chavez v. Netflix, Inc.*, San Francisco Superior Court Case No.

10  CGC 04-434884.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

12      Netflix objects that this Request seeks material that is irrelevant to the subject matter of

13  this action and is not reasonably calculated to lead to the discovery of admissible evidence.

14  Netflix further objects to this Request to the extent that it calls for information protected by the

15  attorney-client privilege or the work product doctrine.

16  **REQUEST FOR PRODUCTION NO. 27:**

17      All MATERIALS constituting, recording, referring to, or evidencing any business plans,

18  business description, slides, handouts, or presentations created or used before April 28, 1999, in

19  connection with any effort by NETFLIX to obtain financing.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

21      Netflix objects to this Request on the grounds that it is overly broad and unduly

22  burdensome, seeking material that is irrelevant to the subject matter of this action and is not

23  reasonably calculated to lead to the discovery of admissible evidence. Netflix further objects to

24  this Request to the extent that it calls for information protected by the attorney-client privilege or

25  the work product doctrine.

26      Subject to and without waiving the foregoing objections, Netflix will produce all non-

27  privileged, responsive documents so described that are locatable after a diligent search of all

28  locations at which such materials might plausibly exist.

378782 01

1 **REQUEST FOR PRODUCTION NO. 28:**

2     All MATERIALS constituting, recording, referring to, or evidencing any business plans,

3 business description, slides, handouts, or presentations created or used before April 28, 1999, in

4 connection with any effort by NETFLIX to sell any interest in its business or company.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

6     Netflix objects to this Request on the grounds that it is overly broad and unduly

7 burdensome, seeking material that is irrelevant to the subject matter of this action and is not

8 reasonably calculated to lead to the discovery of admissible evidence. Netflix further objects to

9 this Request to the extent that it calls for information protected by the attorney-client privilege or

10 the work product doctrine. Netflix also objects to this Request as vague and ambiguous with

11 regard to "any interest."

12     Subject to and without waiving the foregoing objections, Netflix will produce all non-

13 privileged, responsive documents so described that are locatable after a diligent search of all

14 locations at which such materials might plausibly exist.

15 **REQUEST FOR PRODUCTION NO. 29:**

16     All MATERIALS constituting, recording, referring to, or evidencing any business plans,

17 business description, slides, handouts, or presentations created or used before April 28, 1999, in

18 connection with any effort by NETFLIX to obtain any alliance, partnership or joint venture.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

20     Netflix objects to this Request on the grounds that it is overly broad and unduly

21 burdensome, seeking material that is irrelevant to the subject matter of this action and is not

22 reasonably calculated to lead to the discovery of admissible evidence. Netflix further objects to

23 this Request to the extent that it calls for information protected by the attorney-client privilege or

24 the work product doctrine. Netflix also objects to this Request as vague and ambiguous with

25 regard to "any alliance, partnership or joint venture."

26     Subject to and without waiving the foregoing objections, Netflix will produce all non-

27 privileged, responsive documents so described that are locatable after a diligent search of all

28 locations at which such materials might plausibly exist.

1    **REQUEST FOR PRODUCTION NO. 30:**

2        All MATERIALS constituting, recording, referring to, or evidencing business plans,

3    business descriptions, slides, handouts, or presentations provided by NETFLIX, before April 28,

4    1999, to any of the following:

5        a.    AOL LLC

6        b.    Best Buy Co., Inc.

7        c.    Fox Entertainment Group, Inc.

8        d.    Microsoft Corporation

9        e.    NBC Universal, Inc.

10       f.    Paramount Pictures Corporation

11       g.    Sony Pictures Entertainment Inc.

12       h.    The Walt Disney Company

13       i.    Warner Bros. Entertainment Inc.

14       j     YAHOO! Inc.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

16       Netflix objects to this Request on the grounds that it is overly broad and unduly

17   burdensome, seeking material that is irrelevant to the subject matter of this action and is not

18   reasonably calculated to lead to the discovery of admissible evidence. Netflix further objects to

19   this Request to the extent that it calls for information protected by the attorney-client privilege or

20   the work product doctrine.

21       Subject to and without waiving the foregoing objections, Netflix will produce all non-

22   privileged, responsive documents so described that are locatable after a diligent search of all

23   locations at which such materials might plausibly exist.

24   **REQUEST FOR PRODUCTION NO. 31:**

25       All MATERIALS received from Wal-Mart, or constituting, recording, referring to, or

26   evidencing any COMMUNICATION with Wal-Mart, concerning any NETFLIX patent or patent

27   application.

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

2    Netflix objects to this Request to the extent that it seeks documents relating to its patents

3  and/or applications other than the patents-in-suit, because such patents/applications have no

4  relevance to any issue in this case.  Netflix further objects to producing documents relating to its

5  patent applications that have not either been issued or been published on the grounds that the

6  pendency of these patents, and the nature of the areas that they cover, is competitively sensitive

7  information regarding Netflix's future business plans, and should not be produced to a company

8  that is seeking directly to compete with Netflix in the market, such as Blockbuster.  Netflix

9  further objects to this Request to the extent that it calls for information protected by the attorney-

10  client privilege or the work product doctrine.

11    Subject to and without waiving the foregoing objections, Netflix will produce all non-

12  privileged, responsive documents so described that are locatable after a diligent search of all

13  locations at which such materials might plausibly exist.

14  **REQUEST FOR PRODUCTION NO. 32:**

15    All MATERIALS referring to or evidencing HBO, Showtime, or any subscription cable

16  or satellite television service or pay television service in existence before April 28, 1999, or

17  referring to or evidencing any knowledge thereof by NETFLIX or any PERSON UNDER A

18  DUTY OF CANDOR at any time before April 4, 2006.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

20    Netflix objects to this Request on the grounds that it is overly broad and unduly

21  burdensome, seeking material that is irrelevant to the subject matter of this action and is not

22  reasonably calculated to lead to the discovery of admissible evidence.  Netflix further objects to

23  this Request to the extent that it calls for information protected by the attorney-client privilege or

24  the work product doctrine.  Netflix also objects to this Request as vague and ambiguous with

25  regard to "any subscription cable or satellite television service or pay television service."

26  Netflix further objects to producing minutiae of a personal nature that are literally responsive to

27  this Request, such as any personal purchases orders of its employees from any subscription cable

28  or satellite television service or pay television service in existence before April 28, 1999.

378782 01

1    Subject to and without waiving the foregoing objections, Netflix will produce all non-

2  privileged, responsive documents that so reference "HBO" or "Showtime" and that are locatable

3  after a diligent search of all locations at which such materials might plausibly exist.  Further,

4  Netflix is willing to meet and confer with Blockbuster in order to arrive at a narrowed Request

5  that could possibly yield additional materials relevant to this case without imposing the burdens

6  associated with this Request in its current form, but Netflix will not undertake to discern a

7  reasonable interpretation of, and engage in a corresponding search for responsive documents that

8  make any reference to, "any subscription cable or satellite television service or pay television

9  service in existence before April 28, 1999."

10  **REQUEST FOR PRODUCTION NO. 33:**

11    All MATERIALS referring to or evidencing TiVo or referring to or evidencing any

12  knowledge of TiVo by NETFLIX or any PERSON UNDER A DUTY OF CANDOR at any time

13  before April 4, 2006.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

15    Netflix objects to this Request on the grounds that it is overly broad and unduly

16  burdensome, seeking material that is irrelevant to the subject matter of this action and is not

17  reasonably calculated to lead to the discovery of admissible evidence.  Netflix further objects to

18  this Request to the extent that it calls for information protected by the attorney-client privilege or

19  the work product doctrine.  Netflix further objects to producing minutiae of a personal nature that

20  are literally responsive to this Request, such as any personal purchases orders of its employees

21  from TiVo.

22    Subject to and without waiving the foregoing objections, Netflix will produce all non-

23  privileged, responsive documents so described that are locatable after a diligent search of all

24  locations at which such materials might plausibly exist.

25  **REQUEST FOR PRODUCTION NO. 34:**

26    All MATERIALS referring to or evidencing Webvan, Home Grocer.com, or any Internet

27  grocery service in existence before April 28, 1999, or referring to or evidencing any knowledge

28  thereof by NETFLIX or any PERSON UNDER A DUTY OF CANDOR of at any time before

378782 01

1    April 4, 2006.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

3       Netflix objects to this Request on the grounds that it is overly broad and unduly

4    burdensome, seeking material that is irrelevant to the subject matter of this action and is not

5    reasonably calculated to lead to the discovery of admissible evidence. Netflix further objects to

6    this Request to the extent that it calls for information protected by the attorney-client privilege or

7    the work product doctrine. Netflix also objects to this Request as vague and ambiguous with

8    regard to "any Internet grocery service." Netflix further objects to producing minutiae of a

9    personal nature that are literally responsive to this Request, such as any personal purchases

10    orders of its employees from any Internet grocery service in existence before April 28, 1999.

11       Subject to and without waiving the foregoing objections, Netflix will produce all non-

12    privileged, responsive documents that so reference "Webvan" or "Home Grocer" and that are

13    locatable after a diligent search of all locations at which such materials might plausibly exist.

14    Further, Netflix is willing to meet and confer with Blockbuster in order to arrive at a narrowed

15    Request that could possibly yield additional materials relevant to this case without imposing the

16    burdens associated with this Request in its current form, but Netflix will not undertake to discern

17    a reasonable interpretation of, and engage in a corresponding search for responsive documents

18    that make any reference to, "any Internet grocery service in existence before April 28, 1999."

19    **REQUEST FOR PRODUCTION NO. 35:**

20       All MATERIALS referring to or evidencing Amazon.com or referring to or evidencing

21    any knowledge of Amazon.com by NETFLIX or any PERSON UNDER A DUTY OF CANDOR

22    at any time before April 4, 2006.

23    **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

24       Netflix objects to this Request on the grounds that it is overly broad and unduly

25    burdensome, seeking material that is irrelevant to the subject matter of this action and is not

26    reasonably calculated to lead to the discovery of admissible evidence. Netflix further objects to

27    this Request to the extent that it calls for information protected by the attorney-client privilege or

28    the work product doctrine. Netflix further objects to producing minutiae of a personal nature that

1    are literally responsive to this Request, such as any personal purchases orders of its employees

2    from Amazon.com.

3         Subject to and without waiving the foregoing objections, Netflix will produce all non-

4    privileged, responsive documents so described that are locatable after a diligent search of all

5    locations at which such materials might plausibly exist.

6    **REQUEST FOR PRODUCTION NO. 36:**

7         All MATERIALS referring to or evidencing eBay or referring to or evidencing any

8    knowledge of eBay by NETFLIX or any PERSON UNDER A DUTY OF CANDOR at any time

9    before April 4, 2006.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

11        Netflix objects to this Request on the grounds that it is overly broad and unduly

12   burdensome, seeking material that is irrelevant to the subject matter of this action and is not

13   reasonably calculated to lead to the discovery of admissible evidence. Netflix further objects to

14   this Request to the extent that it calls for information protected by the attorney-client privilege or

15   the work product doctrine. Netflix further objects to producing minutiae of a personal nature that

16   are literally responsive to this Request, such as any personal purchases orders of its employees

17   from eBay.

18        Subject to and without waiving the foregoing objections, Netflix will produce all non-

19   privileged, responsive documents so described that are locatable after a diligent search of all

20   locations at which such materials might plausibly exist.

21   **REQUEST FOR PRODUCTION NO. 37:**

22        All MATERIALS referring to or evidencing any distribution or circulation of videos or

23   films on a subscription basis before April 28, 1999, or referring to or evidencing any knowledge

24   thereof by NETFLIX or any PERSON UNDER A DUTY OF CANDOR at any time before April

25   4, 2006.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

27        Netflix objects to this Request on the grounds that it is overly broad and unduly

28   burdensome, seeking material that is irrelevant to the subject matter of this action and is not

378782 01

1  reasonably calculated to lead to the discovery of admissible evidence. Netflix further objects to

2  this Request to the extent that it calls for information protected by the attorney-client privilege or

3  the work product doctrine.

4       Subject to and without waiving the foregoing objections, Netflix will produce all non-

5  privileged, responsive documents so described that are locatable after a diligent search of all

6  locations at which such materials might plausibly exist.

7  **REQUEST FOR PRODUCTION NO. 38:**

8       All MATERIALS referring to or evidencing any distribution or circulation of music or

9  audio on a subscription basis before April 28, 1999, or referring to or evidencing any knowledge

10  thereof by NETFLIX or any PERSON UNDER A DUTY OF CANDOR at any time before April

11  4, 2006.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

13       Netflix objects to this Request on the grounds that it is overly broad and unduly

14  burdensome, seeking material that is irrelevant to the subject matter of this action and is not

15  reasonably calculated to lead to the discovery of admissible evidence. Netflix further objects to

16  this Request to the extent that it calls for information protected by the attorney-client privilege or

17  the work product doctrine.

18       Subject to and without waiving the foregoing objections, Netflix will produce all non-

19  privileged, responsive documents so described that are locatable after a diligent search of all

20  locations at which such materials might plausibly exist.

21  **REQUEST FOR PRODUCTION NO. 39:**

22       All MATERIALS referring to or evidencing any distribution or circulation of books on a

23  subscription basis before April 28, 1999, or referring to or evidencing any knowledge thereof by

24  NETFLIX or any PERSON UNDER A DUTY OF CANDOR at any time before April 4, 2006.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

26       Netflix objects to this Request on the grounds that it is overly broad and unduly

27  burdensome, seeking material that is irrelevant to the subject matter of this action and is not

28  reasonably calculated to lead to the discovery of admissible evidence. Netflix further objects to

1  this Request to the extent that it calls for information protected by the attorney-client privilege or

2  the work product doctrine.

3       Subject to and without waiving the foregoing objections, Netflix will produce all non-

4  privileged, responsive documents so described that are locatable after a diligent search of all

5  locations at which such materials might plausibly exist.

6  **REQUEST FOR PRODUCTION NO. 40:**

7       All MATERIALS referring to or evidencing any use of waiting or reservation lists for

8  video rental before April 28, 1999, or referring to or evidencing any knowledge thereof by

9  NETFLIX or any PERSON UNDER A DUTY OF CANDOR at any time before April 4, 2006.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

11       Netflix objects to this Request on the grounds that it is overly broad and unduly

12  burdensome, seeking material that is irrelevant to the subject matter of this action and is not

13  reasonably calculated to lead to the discovery of admissible evidence. Netflix further objects to

14  this Request to the extent that it calls for information protected by the attorney-client privilege or

15  the work product doctrine.

16       Subject to and without waiving the foregoing objections, Netflix will produce all non-

17  privileged, responsive documents so described that are locatable after a diligent search of all

18  locations at which such materials might plausibly exist.

19  **REQUEST FOR PRODUCTION NO. 41:**

20       MATERIALS sufficient to fully describe any digital display, selection, and ordering of

21  items over the Internet before April 28, 1999, that was known to NETFLIX or any PERSON

22  UNDER A DUTY OF CANDOR at any time before April 4, 2006.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

24       Netflix objects to this Request on the grounds that it is overly broad and unduly

25  burdensome, seeking material that is irrelevant to the subject matter of this action and is not

26  reasonably calculated to lead to the discovery of admissible evidence. Netflix further objects to

27  this Request to the extent that it calls for information protected by the attorney-client privilege or

28  the work product doctrine.

1       Subject to and without waiving the foregoing objections, Netflix will produce all non-

2   privileged, responsive documents sufficient to fully describe any digital display, selection, and

3   ordering of items over the Internet before April 28, 1999, that was known to NETFLIX or any

4   PERSON UNDER A DUTY OF CANDOR at any time before April 4, 2006 that are locatable

5   after a diligent search of all locations at which such materials might plausibly exist.

6   **REQUEST FOR PRODUCTION NO. 42:**

7       All MATERIALS referring to or constituting United States Patent No. 5,459,306, issued

8   on October 17, 1995, entitled "Method and System for Delivering On Demand, Individually

9   Targeted Promotions."

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

11      Netflix objects to this Request on the grounds that it is overly broad and unduly

12  burdensome, seeking material that is irrelevant to the subject matter of this action and is not

13  reasonably calculated to lead to the discovery of admissible evidence. Netflix objects to the

14  extent that these materials are in Blockbuster's possession.

15      Subject to and without waiving the foregoing objections, Netflix will produce all non-

16  privileged, responsive documents so described that are locatable after a diligent search of all

17  locations at which such materials might plausibly exist.

18  **REQUEST FOR PRODUCTION NO. 43:**

19      All MATERIALS constituting, recording, referring to, or evidencing submission of any

20  prior art reference or other information to the United States Patent and Trademark Office in

21  connection with the '041 APPLICATION or '450 PATENT.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

23      Netflix objects to this Request on the grounds that it is overly broad and unduly

24  burdensome, seeking material that is irrelevant to the subject matter of this action and is not

25  reasonably calculated to lead to the discovery of admissible evidence. Netflix further objects to

26  this Request to the extent that it calls for information protected by the attorney-client privilege or

27  the work product doctrine.

28      Subject to and without waiving the foregoing objections, Netflix will produce all non-

1  privileged, responsive documents so described that are locatable after a diligent search of all

2  locations at which such materials might plausibly exist.

3  **REQUEST FOR PRODUCTION NO. 44:**

4  All MATERIALS constituting, recording, referring to, or evidencing submission of any

5  prior art reference or other information to the United States Patent and Trademark Office in

6  connection with the `727 APPLICATION or `381 PATENT.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

8  Netflix objects to this Request on the grounds that it is overly broad and unduly

9  burdensome, seeking material that is irrelevant to the subject matter of this action and is not

10  reasonably calculated to lead to the discovery of admissible evidence. Netflix further objects to

11  this Request to the extent that it calls for information protected by the attorney-client privilege or

12  the work product doctrine.

13  Subject to and without waiving the foregoing objections, Netflix will produce all non-

14  privileged, responsive documents so described that are locatable after a diligent search of all

15  locations at which such materials might plausibly exist.

16  **REQUEST FOR PRODUCTION NO. 45:**

17  All MATERIALS recording, referring to, or evidencing of how or when NETFLIX or

18  any PERSON UNDER A DUTY OF CANDOR obtained or became aware of any prior art

19  reference or other information submitted to the United States Patent and Trademark Office in

20  connection with the `727 APPLICATION or `381 PATENT.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

22  Netflix objects to this Request on the grounds that it is overly broad and unduly

23  burdensome, seeking material that is irrelevant to the subject matter of this action and is not

24  reasonably calculated to lead to the discovery of admissible evidence. Netflix further objects to

25  this Request to the extent that it calls for information protected by the attorney-client privilege or

26  the work product doctrine.

27  Subject to and without waiving the foregoing objections, Netflix will produce all non-

28  privileged, responsive documents so described that are locatable after a diligent search of all

378782 01

1  locations at which such materials might plausibly exist.

2  **REQUEST FOR PRODUCTION NO. 46:**

3      All MATERIALS constituting, recording, referring to, or evidencing submission of any

4  prior art reference or other information to the United States Patent and Trademark Office or any

5  other patent office or agency in connection with any SUBJECT APPLICATION OR PATENT.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

7      Netflix objects to Blockbuster's demand that it produce documents relating to its patents

8  and/or applications other than the patents-in-suit, because such patents/applications have no

9  relevance to any issue in this case. Netflix further objects to producing documents relating to its

10  patent applications that have not either been issued or been published on the grounds that the

11  pendency of these patents, and the nature of the areas that they cover, is competitively sensitive

12  information regarding Netflix's future business plans, and should not be produced to a company

13  that is seeking directly to compete with Netflix in the market, such as Blockbuster. Netflix

14  further objects to Blockbuster's Request that it produce documents relating to prosecution of

15  patents before patent offices or agencies other than the United States Patent and Trademark

16  Office. The prosecution of patents that are not only not asserted in this case, but cannot be

17  asserted here because they are being prosecuted and will be issued in a foreign country, is in no

18  way relevant to any of the issues presented in this case.

19      Netflix objects to this Request on the grounds that it is overly broad and unduly

20  burdensome, seeking material that is irrelevant to the subject matter of this action and is not

21  reasonably calculated to lead to the discovery of admissible evidence. Netflix further objects to

22  this Request to the extent that it calls for information protected by the attorney-client privilege or

23  the work product doctrine. Netflix also objects to the extent that this Request duplicates prior

24  Requests.

25      Subject to and without waiving the foregoing objections, Netflix will produce all non-

26  privileged, responsive documents so described and related to the '381 and '450 patents that are

27  locatable after a diligent search of all locations at which such materials might plausibly exist.

28

378782.01

**REQUEST FOR PRODUCTION NO. 47:**

All MATERIALS constituting, recording, referring to, or evidencing any failure or omission to submit any prior art reference or other information to the United States Patent and Trademark Office in connection with the '041 APPLICATION or '450 PATENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Netflix objects as the phrase "failure or omission to submit any prior art reference" is vague, ambiguous, and calls for a legal conclusion. Netflix further objects to this Request to the extent that it calls for information protected by the attorney-client privilege or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 48:**

All MATERIALS constituting, recording, referring to, or evidencing any failure or omission to submit any prior art reference or other information to the United States Patent and Trademark Office in connection with the '727 APPLICATION or '381 PATENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Netflix objects as the phrase "failure or omission to submit any prior art reference" is vague, ambiguous, and calls for a legal conclusion. Netflix further objects to this Request to the extent that it calls for information protected by the attorney-client privilege or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 49:**

All MATERIALS constituting, recording, referring to, or evidencing any failure or omission to submit any prior art reference or other information to the United States Patent and Trademark Office or any other patent office or agency in connection with any SUBJECT APPLICATION OR PATENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Netflix objects to Blockbuster's demand that it produce documents relating to its patents and/or applications other than the patents-in-suit, because such patents/applications have no relevance to any issue in this case. Netflix further objects to producing documents relating to its patent applications that have not either been issued or been published on the grounds that the

378782.01

1  pendency of these patents, and the nature of the areas that they cover, is competitively sensitive

2  information regarding Netflix's future business plans, and should not be produced to a company

3  that is seeking directly to compete with Netflix in the market, such as Blockbuster. Netflix

4  further objects to Blockbuster's Request that it produce documents relating to prosecution of

5  patents before patent offices or agencies other than the United States Patent and Trademark

6  Office. The prosecution of patents that are not only not asserted in this case, but cannot be

7  asserted here because they are being prosecuted and will be issued in a foreign country, is in no

8  way relevant to any of the issues presented in this case.

9      Netflix objects as the phrase "failure or omission to submit any prior art reference" is

10  vague, ambiguous, and calls for a legal conclusion. Netflix further objects to this Request to the

11  extent that it calls for information protected by the attorney-client privilege or the work product

12  doctrine.

13  **REQUEST FOR PRODUCTION NO. 50:**

14      All MATERIALS constituting, recording, referring to, or evidencing any reason or

15  justification for submitting or not submitting any prior art reference or other information to the

16  United States Patent and Trademark Office in connection with the `041 APPLICATION or `450

17  PATENT.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

19      Netflix objects to this Request to the extent that it calls for information protected by the

20  attorney-client privilege or the work product doctrine. Netflix objects to this Request to the

21  extent that it calls for information protected by the attorney-client privilege or the work product

22  doctrine. Netflix objects as the phrase "prior art reference" is vague, ambiguous, and calls for a

23  legal conclusion as to what constitutes prior art.

24      Subject to and without waiving the foregoing objections, Netflix will produce all non-

25  privileged, responsive documents so described that are locatable after a diligent search of all

26  locations at which such materials might plausibly exist.

27  **REQUEST FOR PRODUCTION NO. 51:**

28      All MATERIALS constituting, recording, referring to, or evidencing any reason or

378782.01

1  justification for submitting or not submitting any prior art reference or other information to the

2  United States Patent and Trademark Office in connection with the `727 APPLICATION or `381

3  PATENT.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

5         Netflix objects to this Request to the extent that it calls for information protected by the

6  attorney-client privilege or the work product doctrine. Netflix also objects to this Request to the

7  extent that it calls for information protected by the attorney-client privilege or the work product

8  doctrine. Netflix objects as the phrase "prior art reference" is  vague, ambiguous, and calls for a

9  legal conclusion as to what constitutes prior art.

10        Subject to and without waiving the foregoing objections, Netflix will produce all non-

11  privileged, responsive documents so described that are locatable after a diligent search of all

12  locations at which such materials might plausibly exist.

13  **REQUEST FOR PRODUCTION NO. 52:**

14        All MATERIALS constituting, recording, referring to, or evidencing any reason or

15  justification for submitting or not submitting any prior art reference or other information to the

16  United States Patent and Trademark Office or any other patent office or agency in connection

17  with any SUBJECT APPLICATION OR PATENT.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

19        Netflix objects to Blockbuster's demand that it produce documents relating to its patents

20  and/or applications other than the patents-in-suit, because such patents/applications have no

21  relevance to any issue in this case. Netflix further objects to producing documents relating to its

22  patent applications that have not either been issued or been published on the grounds that the

23  pendency of these patents, and the nature of the areas that they cover, is competitively sensitive

24  information regarding Netflix's future business plans, and should not be produced to a company

25  that is seeking directly to compete with Netflix in the market, such as Blockbuster. Netflix

26  further objects to Blockbuster's Request that it produce documents relating to prosecution of

27  patents before patent offices or agencies other than the United States Patent and Trademark

28  Office. The prosecution of patents that are not only not asserted in this case, but cannot be

1    asserted here because they are being prosecuted and will be issued in a foreign country, is in no

2    way relevant to any of the issues presented in this case.

3          Netflix objects to this Request on the grounds that it is overly broad and unduly

4    burdensome, seeking material that is irrelevant to the subject matter of this action and is not

5    reasonably calculated to lead to the discovery of admissible evidence.  Netflix further objects to

6    this Request to the extent that it calls for information protected by the attorney-client privilege or

7    the work product doctrine.  Netflix also objects to the extent that this Request duplicates prior

8    Requests.

9          Subject to and without waiving the foregoing objections, Netflix will produce all non-

10   privileged, responsive documents so described and related to the '381 and '450 patents that are

11   locatable after a diligent search of all locations at which such materials might plausibly exist.

12   **REQUEST FOR PRODUCTION NO. 53:**

13         All MATERIALS asserting, recording, referring to, or evidencing any failure or omission

14   by NETFLIX to submit any prior art reference or other information to the United States Patent

15   and Trademark Office or any other patent office or agency.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

17         Netflix objects to Blockbuster's Request that it produce documents relating to prosecution

18   of patents before patent offices or agencies other than the United States Patent and Trademark

19   Office.  The prosecution of patents that are not only not asserted in this case, but cannot be

20   asserted here because they are being prosecuted and will be issued in a foreign country, is in no

21   way relevant to any of the issues presented in this case.  Netflix further objects as the phrase

22   "failure or omission . . . to submit any prior art reference" is  vague, ambiguous, and calls for a

23   legal conclusion.

24         Netflix objects to this Request on the grounds that it is overly broad and unduly

25   burdensome, seeking material that is irrelevant to the subject matter of this action and is not

26   reasonably calculated to lead to the discovery of admissible evidence.  Netflix further objects to

27   this Request to the extent that it calls for information protected by the attorney-client privilege or

28   the work product doctrine.  Netflix also objects to the extent that this Request duplicates prior

378782 01

1  Requests.

2  **REQUEST FOR PRODUCTION NO. 54:**

3        All MATERIALS asserting, recording, referring to, or evidencing any failure or omission

4  by NETFLIX or any PERSON UNDER A DUTY OF CANDOR to submit any prior art

5  reference or other information to the United States Patent and Trademark Office or any other

6  patent office or agency.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

8        Netflix objects to Blockbuster's Request that it produce documents relating to prosecution

9  of patents before patent offices or agencies other than the United States Patent and Trademark

10  Office.  The prosecution of patents that are not only not asserted in this case, but cannot be

11  asserted here because they are being prosecuted and will be issued in a foreign country, is in no

12  way relevant to any of the issues presented in this case.  Netflix further objects as the phrase

13  "failure or omission . . .  to submit any prior art reference" is  vague, ambiguous, and calls for a

14  legal conclusion.

15        Netflix objects to this Request on the grounds that it is overly broad and unduly

16  burdensome, seeking material that is irrelevant to the subject matter of this action and is not

17  reasonably calculated to lead to the discovery of admissible evidence.  Netflix further objects to

18  the extent that this Request duplicates prior Requests.

19  **REQUEST FOR PRODUCTION NO. 55:**

20        All MATERIALS constituting, recording, referring to, or evidencing any use, description

21  or disclosure, prior to April 28, 1999, of any computer-implemented rental of movies to a

22  customer.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

24        Netflix objects to this Request as vague, ambiguous, and oppressive.  On one hand, this

25  Request could be read to purport to require Netflix to conduct a search for and produce materials

26  that in any way relate to or depend on portions of the claims of the patents-in-suit.  To the extent

27  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

28  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

1  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

2  construction well prior to the date provided for in the Court's Case Management Order and the

3  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

4  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

5  documents literally called for by the Request, without any further context, Netflix objects to the

6  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

7  discovery of admissible evidence. This Request is nothing more than an attempt to harass

8  Netflix by requiring it to mount a search for and produce documents that could fall within the

9  literal terms of snippets of the claims of its patents.

10  Although Netflix is willing to meet and confer with Blockbuster in order to arrive at a

11  narrowed Request that could possibly yield materials relevant to this case without imposing the

12  burdens associated with a search for documents responsive to the Request in its current form,

13  Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

14  corresponding search for documents responsive to, the Request as currently phrased.

15  **REQUEST FOR PRODUCTION NO. 56:**

16  MATERIALS sufficient to fully describe any use, practice, description, or disclosure,

17  prior to April 28, 1999, of any computer-implemented rental of movies to customers.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

19  Netflix objects to this Request as vague, ambiguous, and oppressive. On one hand, this

20  Request could be read to purport to require Netflix to conduct a search for and produce materials

21  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

22  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

23  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

24  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

25  construction well prior to the date provided for in the Court's Case Management Order and the

26  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

27  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

28  documents literally called for by the Request, without any further context, Netflix objects to the

378782.01

1  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

2  discovery of admissible evidence. This Request is nothing more than an attempt to harass

3  Netflix by requiring it to mount a search for and produce documents that could fall within the

4  literal terms of snippets of the claims of its patents.

5      Although Netflix is willing to meet and confer with Blockbuster in order to arrive at a

6  narrowed Request that could possibly yield materials relevant to this case without imposing the

7  burdens associated with a search for documents responsive to the Request in its current form,

8  Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

9  corresponding search for documents responsive to, the Request as currently phrased.

10  **REQUEST FOR PRODUCTION NO. 57:**

11      MATERIALS sufficient to fully describe any use, practice, description, or disclosure,

12  prior to April 28, 1999, of providing electronic digital information that caused one of more

13  attributes of movies to be displayed.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

15      Netflix objects to this Request as vague, ambiguous, and oppressive. On one hand, this

16  Request could be read to purport to require Netflix to conduct a search for and produce materials

17  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

18  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

19  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

20  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

21  construction well prior to the date provided for in the Court's Case Management Order and the

22  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

23  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

24  documents literally called for by the Request, without any further context, Netflix objects to the

25  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

26  discovery of admissible evidence. This Request is nothing more than an attempt to harass

27  Netflix by requiring it to mount a search for and produce documents that could fall within the

28  literal terms of snippets of the claims of its patents.

378782 01

1    Although Netflix is willing to meet and confer with Blockbuster in order to arrive at a

2    narrowed Request that could possibly yield materials relevant to this case without imposing the

3    burdens associated with a search for documents responsive to the Request in its current form,

4    Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

5    corresponding search for documents responsive to, the Request as currently phrased.

6    **REQUEST FOR PRODUCTION NO. 58:**

7    All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

8    description, or disclosure, prior to April 28, 1999, of a movie rental queue.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

10    Netflix objects to this Request as vague, ambiguous, and oppressive. Further, this

11    Request could be read to purport to require Netflix to conduct a search for and produce materials

12    that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

13    that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

14    eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

15    premature in that it seeks to impose upon Netflix a duty to come forward with a claim

16    construction well prior to the date provided for in the Court's Case Management Order and the

17    Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

18    Subject to and without waiving the foregoing objections, Netflix will produce all non-

19    privileged, responsive documents so described that are locatable after a diligent search of all

20    locations at which such materials might plausibly exist.

21    **REQUEST FOR PRODUCTION NO. 59:**

22    All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

23    description, or disclosure, prior to April 28, 1999, of a movie rental queue associated with a

24    customer.

25    **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

26    Netflix objects to this Request as vague, ambiguous, and oppressive. Further, this

27    Request could be read to purport to require Netflix to conduct a search for and produce materials

28    that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

378782 01

1  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

2  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

3  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

4  construction well prior to the date provided for in the Court's Case Management Order and the

5  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

6        Subject to and without waiving the foregoing objections, Netflix will produce all non-

7  privileged, responsive documents so described that are locatable after a diligent search of all

8  locations at which such materials might plausibly exist.

9  **REQUEST FOR PRODUCTION NO. 60:**

10        All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

11  description, or disclosure, prior to April 28, 1999, of a movie rental queue comprising an ordered

12  list.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

14        Netflix objects to this Request as vague, ambiguous, and oppressive. Further, this

15  Request could be read to purport to require Netflix to conduct a search for and produce materials

16  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

17  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

18  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

19  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

20  construction well prior to the date provided for in the Court's Case Management Order and the

21  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

22        Subject to and without waiving the foregoing objections, Netflix will produce all non-

23  privileged, responsive documents so described that are locatable after a diligent search of all

24  locations at which such materials might plausibly exist.

25  **REQUEST FOR PRODUCTION NO. 61:**

26        All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

27  description, or disclosure, prior to April 28, 1999, of a movie rental queue in electronic digital

28  form.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

2       Netflix objects to this Request as vague, ambiguous, and oppressive.  Further, this

3  Request could be read to purport to require Netflix to conduct a search for and produce materials

4  that in any way relate to or depend on portions of the claims of the patents-in-suit.  To the extent

5  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

6  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

7  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

8  construction well prior to the date provided for in the Court's Case Management Order and the

9  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

10       Subject to and without waiving the foregoing objections, Netflix will produce all non-

11  privileged, responsive documents so described that are locatable after a diligent search of all

12  locations at which such materials might plausibly exist.

13  **REQUEST FOR PRODUCTION NO. 62:**

14       All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

15  description, or disclosure, prior to April 28, 1999, of a movie rental queue established from

16  electronic digital information received over the Internet.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

18       Netflix objects to this Request as vague, ambiguous, and oppressive.  Further, this

19  Request could be read to purport to require Netflix to conduct a search for and produce materials

20  that in any way relate to or depend on portions of the claims of the patents-in-suit.  To the extent

21  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

22  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

23  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

24  construction well prior to the date provided for in the Court's Case Management Order and the

25  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

26       Subject to and without waiving the foregoing objections, Netflix will produce all non-

27  privileged, responsive documents so described that are locatable after a diligent search of all

28  locations at which such materials might plausibly exist.

378782 01

1  **REQUEST FOR PRODUCTION NO. 63:**

2      All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

3  description, or disclosure, prior to April 28, 1999, of causing delivery to a customer of up to a

4  certain number of movies based on the order of a list.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

6      Netflix objects to this Request as vague, ambiguous, and oppressive. Further, this

7  Request could be read to purport to require Netflix to conduct a search for and produce materials

8  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

9  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

10  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

11  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

12  construction well prior to the date provided for in the Court's Case Management Order and the

13  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

14      Subject to and without waiving the foregoing objections, Netflix will produce all non-

15  privileged, responsive documents so described that are locatable after a diligent search of all

16  locations at which such materials might plausibly exist.

17  **REQUEST FOR PRODUCTION NO. 64:**

18      All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

19  description, or disclosure, prior to April 28, 1999, of movie rental in which a customer was not

20  required to return movies within a specified time associated with delivery.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

22      Netflix objects to this Request as vague, ambiguous, and oppressive. Further, this

23  Request could be read to purport to require Netflix to conduct a search for and produce materials

24  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

25  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

26  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

27  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

28  construction well prior to the date provided for in the Court's Case Management Order and the

1    Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

2          Subject to and without waiving the foregoing objections, Netflix will produce all non-

3    privileged, responsive documents so described that are locatable after a diligent search of all

4    locations at which such materials might plausibly exist.

5    **REQUEST FOR PRODUCTION NO. 65:**

6          All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

7    description, or disclosure, prior to April 28, 1999, of, in response to one or more delivery criteria

8    being satisfied, selecting a movie based on the order of a list and causing it to be delivered.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

10          Netflix objects to this Request as vague, ambiguous, and oppressive. Further, this

11    Request could be read to purport to require Netflix to conduct a search for and produce materials

12    that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

13    that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

14    eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

15    premature in that it seeks to impose upon Netflix a duty to come forward with a claim

16    construction well prior to the date provided for in the Court's Case Management Order and the

17    Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

18          Subject to and without waiving the foregoing objections, Netflix will produce all non-

19    privileged, responsive documents so described that are locatable after a diligent search of all

20    locations at which such materials might plausibly exist.

21    **REQUEST FOR PRODUCTION NO. 66:**

22          All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

23    description, or disclosure, prior to April 28, 1999, of, in response to electronic digital

24    information received from the customer over the Internet, electronically updating a movie rental

25    queue.

26    **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

27          Netflix objects to this Request as vague, ambiguous, and oppressive. Further, this

28    Request could be read to purport to require Netflix to conduct a search for and produce materials

1   that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

2   that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

3   eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

4   premature in that it seeks to impose upon Netflix a duty to come forward with a claim

5   construction well prior to the date provided for in the Court's Case Management Order and the

6   Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

7        Subject to and without waiving the foregoing objections, Netflix will produce all non-

8   privileged, responsive documents so described that are locatable after a diligent search of all

9   locations at which such materials might plausibly exist.

10  **REQUEST FOR PRODUCTION NO. 67:**

11       MATERIALS sufficient to fully describe any use, practice, description, or disclosure,

12  prior to April 28, 1999, of a rental agreement that provided for a periodic fee.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

14       Netflix objects to this Request as vague, ambiguous, and oppressive. On one hand, this

15  Request could be read to purport to require Netflix to conduct a search for and produce materials

16  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

17  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

18  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

19  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

20  construction well prior to the date provided for in the Court's Case Management Order and the

21  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

22  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

23  documents literally called for by the Request, without any further context, Netflix objects to the

24  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

25  discovery of admissible evidence. This Request is nothing more than an attempt to harass

26  Netflix by requiring it to mount a search for and produce documents that could fall within the

27  literal terms of snippets of the claims of its patents.

28       Although Netflix is willing to meet and confer with Blockbuster in order to arrive at a

NETFLIX'S RESPONSE TO BLOCKBUSTER'S FIRST SET OF REQUESTS FOR PRODUCTION
Case No. C 06 2361 WHA

378782.01

1  narrowed Request that could possibly yield materials relevant to this case without imposing the

2  burdens associated with a search for documents responsive to the Request in its current form,

3  Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

4  corresponding search for documents responsive to, the Request as currently phrased.

5  **REQUEST FOR PRODUCTION NO. 68:**

6  MATERIALS sufficient to fully describe any use, practice, description, or disclosure,

7  prior to April 28, 1999, of establishing a rental agreement over the Internet.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

9  Netflix objects to this Request as vague, ambiguous, and oppressive. On one hand, this

10  Request could be read to purport to require Netflix to conduct a search for and produce materials

11  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

12  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

13  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

14  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

15  construction well prior to the date provided for in the Court's Case Management Order and the

16  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

17  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

18  documents literally called for by the Request, without any further context, Netflix objects to the

19  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

20  discovery of admissible evidence. This Request is nothing more than an attempt to harass

21  Netflix by requiring it to mount a search for and produce documents that could fall within the

22  literal terms of snippets of the claims of its patents.

23  Although Netflix is willing to meet and confer with Blockbuster in order to arrive at a

24  narrowed Request that could possibly yield materials relevant to this case without imposing the

25  burdens associated with a search for documents responsive to the Request in its current form,

26  Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

27  corresponding search for documents responsive to, the Request as currently phrased.

28

NETFLIX'S RESPONSE TO BLOCKBUSTER'S FIRST SET OF REQUESTS FOR PRODUCTION
Case No. C 06 2361 WHA

378782 01