# EXHIBIT E 2

Dockets.Justia.com

1 **REQUEST FOR PRODUCTION NO. 69:**

2     All MATERIALS constituting, recording, referring to, or evidencing any use practice,

3 description, or disclosure, prior to April 28, 1999, of shipping a movie only if a fee was current.

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

5     Netflix objects to this Request as vague, ambiguous, and oppressive. On one hand, this

6 Request could be read to purport to require Netflix to conduct a search for and produce materials

7 that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

8 that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

9 eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

10 premature in that it seeks to impose upon Netflix a duty to come forward with a claim

11 construction well prior to the date provided for in the Court's Case Management Order and the

12 Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

13 Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

14 documents literally called for by the Request, without any further context, Netflix objects to the

15 Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

16 discovery of admissible evidence. This Request is nothing more than an attempt to harass

17 Netflix by requiring it to mount a search for and produce documents that could fall within the

18 literal terms of snippets of the claims of its patents.

19     Although Netflix is willing to meet and confer with Blockbuster in order to arrive at a

20 narrowed Request that could possibly yield materials relevant to this case without imposing the

21 burdens associated with a search for documents responsive to the Request in its current form,

22 Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

23 corresponding search for documents responsive to, the Request as currently phrased.

24 **REQUEST FOR PRODUCTION NO. 70:**

25     MATERIALS sufficient to fully describe any use, practice, description, or disclosure,

26 prior to April 28, 1999, of any computer system for renting movies.

27 **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

28     Netflix objects to this Request as vague, ambiguous, and oppressive. On one hand, this

378782 01

1  Request could be read to purport to require Netflix to conduct a search for and produce materials

2  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

3  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

4  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

5  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

6  construction well prior to the date provided for in the Court's Case Management Order and the

7  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

8  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

9  documents literally called for by the Request, without any further context, Netflix objects to the

10  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

11  discovery of admissible evidence. This Request is nothing more than an attempt to harass

12  Netflix by requiring it to mount a search for and produce documents that could fall within the

13  literal terms of snippets of the claims of its patents.

14      Although Netflix is willing to meet and confer with Blockbuster in order to arrive at a

15  narrowed Request that could possibly yield materials relevant to this case without imposing the

16  burdens associated with a search for documents responsive to the Request in its current form,

17  Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

18  corresponding search for documents responsive to, the Request as currently phrased.

19  **REQUEST FOR PRODUCTION NO. 71:**

20      MATERIALS sufficient to fully describe any use, practice, description, or disclosure,

21  prior to April 28, 1999, of renting movies using a computer coupled to a digital

22  telecommunications network.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

24      Netflix objects to this Request as vague, ambiguous, and oppressive. On one hand, this

25  Request could be read to purport to require Netflix to conduct a search for and produce materials

26  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

27  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

28  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

41

378782 01

1  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

2  construction well prior to the date provided for in the Court's Case Management Order and the

3  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

4  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

5  documents literally called for by the Request, without any further context, Netflix objects to the

6  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

7  discovery of admissible evidence. This Request is nothing more than an attempt to harass

8  Netflix by requiring it to mount a search for and produce documents that could fall within the

9  literal terms of snippets of the claims of its patents.

10     Although Netflix is willing to meet and confer with Blockbuster in order to arrive at a

11  narrowed Request that could possibly yield materials relevant to this case without imposing the

12  burdens associated with a search for documents responsive to the Request in its current form,

13  Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

14  corresponding search for documents responsive to, the Request as currently phrased.

15  **REQUEST FOR PRODUCTION NO. 72:**

16     MATERIALS sufficient to fully describe any use, practice, description, or disclosure,

17  prior to April 28, 1999, of renting movies using a computer coupled to a digital

18  telecommunications network.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

20     Refer to Netflix's response to Request for Production No. 71.

21  **REQUEST FOR PRODUCTION NO. 73:**

22     MATERIALS sufficient to fully describe any use, practice, description, or disclosure,

23  prior to April 28, 1999, of renting movies using a computer with electronic digital memory.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

25     Refer to Netflix's response to Request for Production No. 70

26  **REQUEST FOR PRODUCTION NO. 74:**

27     MATERIALS sufficient to fully describe any use, practice, description, or disclosure,

28  prior to April 28, 1999, of renting movies using a computer with programs stored in memory

378782 01

1  causing the computer to perform steps.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

3      Refer to Netflix's response to Request for Production No. 70.

4  **REQUEST FOR PRODUCTION NO. 75:**

5      All MATERIALS constituting, recording, referring to, or evidencing any use practice,

6  description, or disclosure, prior to April 28, 1999, of updating a movie rental queue by changing

7  the order of two or more movies for rental to a customer.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

9      Netflix objects to this Request as vague, ambiguous, and oppressive. Further, this

10  Request could be read to purport to require Netflix to conduct a search for and produce materials

11  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

12  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

13  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

14  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

15  construction well prior to the date provided for in the Court's Case Management Order and the

16  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

17      Subject to and without waiving its objections, Netflix will produce all non-privileged,

18  responsive documents that can be located upon a reasonably diligent search.

19  **REQUEST FOR PRODUCTION NO. 76:**

20      All MATERIALS constituting, recording, referring to, or evidencing any use practice,

21  description, or disclosure, prior to April 28, 1999, of updating a movie rental queue by indicating

22  an additional movie in an ordered list.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

24      Netflix objects to this Request as vague, ambiguous, and oppressive. Further, this

25  Request could be read to purport to require Netflix to conduct a search for and produce materials

26  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

27  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

28  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

43

378762.01

1   premature in that it seeks to impose upon Netflix a duty to come forward with a claim

2   construction well prior to the date provided for in the Court's Case Management Order and the

3   Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

4          Subject to and without waiving its objections, Netflix will produce all non-privileged,

5   responsive documents that can be located upon a reasonably diligent search.

6   **REQUEST FOR PRODUCTION NO. 77:**

7          All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

8   description, or disclosure, prior to April 28, 1999, of updating a movie rental queue by removing

9   an indication of one or more movies from the ordered list.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

11         Netflix objects to this Request as vague, ambiguous, and oppressive. Further, this

12  Request could be read to purport to require Netflix to conduct a search for and produce materials

13  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

14  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

15  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

16  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

17  construction well prior to the date provided for in the Court's Case Management Order and the

18  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

19         Subject to and without waiving its objections, Netflix will produce all non-privileged,

20  responsive documents that can be located upon a reasonably diligent search.

21  **REQUEST FOR PRODUCTION NO. 78:**

22         MATERIALS sufficient to fully describe any use, practice, description, or disclosure,

23  prior to April 28, 1999, of any computer-implemented method in which two or more movies for

24  renting to a customer are selected by a customer.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

26         Netflix objects to this Request as vague, ambiguous, and oppressive. On one hand, this

27  Request could be read to purport to require Netflix to conduct a search for and produce materials

28  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

1   that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

2   eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

3   premature in that it seeks to impose upon Netflix a duty to come forward with a claim

4   construction well prior to the date provided for in the Court's Case Management Order and the

5   Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

6   Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

7   documents literally called for by the Request, without any further context, Netflix objects to the

8   Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

9   discovery of admissible evidence. This Request is nothing more than an attempt to harass

10   Netflix by requiring it to mount a search for and produce documents that could fall within the

11   literal terms of snippets of the claims of its patents.

12          Although Netflix is willing to meet and confer with Blockbuster in order to arrive at a

13   narrowed Request that could possibly yield materials relevant to this case without imposing the

14   burdens associated with a search for documents responsive to the Request in its current form,

15   Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

16   corresponding search for documents responsive to, the Request as currently phrased.

17   **REQUEST FOR PRODUCTION NO. 79:**

18          All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

19   description, or disclosure, prior to April 28, 1999, of determining the order of two or more

20   movies based upon one or more preferences of a customer.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

22          Netflix objects to this Request as vague, ambiguous, and oppressive. On one hand, this

23   Request could be read to purport to require Netflix to conduct a search for and produce materials

24   that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

25   that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

26   eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

27   premature in that it seeks to impose upon Netflix a duty to come forward with a claim

28   construction well prior to the date provided for in the Court's Case Management Order and the

1  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

2  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

3  documents literally called for by the Request, without any further context, Netflix objects to the

4  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

5  discovery of admissible evidence. This Request is nothing more than an attempt to harass

6  Netflix by requiring it to mount a search for and produce documents that could fall within the

7  literal terms of snippets of the claims of its patents.

8        Although Netflix is willing to meet and confer with Blockbuster in order to arrive at a

9  narrowed Request that could possibly yield materials relevant to this case without imposing the

10  burdens associated with a search for documents responsive to the Request in its current form,

11  Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

12  corresponding search for documents responsive to, the Request as currently phrased.

13  **REQUEST FOR PRODUCTION NO. 80:**

14        MATERIALS sufficient to fully describe any use, practice, description, or disclosure,

15  prior to April 28, 1999, of any delivery of a selected movie by mail.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

17        Netflix objects to this Request as vague, ambiguous, and oppressive. On one hand, this

18  Request could be read to purport to require Netflix to conduct a search for and produce materials

19  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

20  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

21  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

22  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

23  construction well prior to the date provided for in the Court's Case Management Order and the

24  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

25  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

26  documents literally called for by the Request, without any further context, Netflix objects to the

27  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

28  discovery of admissible evidence. This Request is nothing more than an attempt to harass

378782.01

1  Netflix by requiring it to mount a search for and produce documents that could fall within the
2  literal terms of snippets of the claims of its patents.

3      Although Netflix is willing to meet and confer with Blockbuster in order to arrive at a
4  narrowed Request that could possibly yield materials relevant to this case without imposing the
5  burdens associated with a search for documents responsive to the Request in its current form,
6  Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a
7  corresponding search for documents responsive to, the Request as currently phrased.

8  **REQUEST FOR PRODUCTION NO. 81:**

9      MATERIALS sufficient to fully describe any use, practice, description, or disclosure,
10  prior to April 28, 1999, of any delivery of a selected movie by mail on one or more optical
11  media.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

13      Netflix objects to this Request as vague, ambiguous, and oppressive. On one hand, this
14  Request could be read to purport to require Netflix to conduct a search for and produce materials
15  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent
16  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not
17  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as
18  premature in that it seeks to impose upon Netflix a duty to come forward with a claim
19  construction well prior to the date provided for in the Court's Case Management Order and the
20  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.
21  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all
22  documents literally called for by the Request, without any further context, Netflix objects to the
23  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the
24  discovery of admissible evidence. This Request is nothing more than an attempt to harass
25  Netflix by requiring it to mount a search for and produce documents that could fall within the
26  literal terms of snippets of the claims of its patents.

27      Although Netflix is willing to meet and confer with Blockbuster in order to arrive at a
28  narrowed Request that could possibly yield materials relevant to this case without imposing the

378782 01

1  burdens associated with a search for documents responsive to the Request in its current form,

2  Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

3  corresponding search for documents responsive to, the Request as currently phrased.

4  **REQUEST FOR PRODUCTION NO. 82:**

5      All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

6  description, or disclosure, prior to April 28, 1999, of, in response to receipt of a movie by mail,

7  selecting another movie and causing it to be delivered to a customer.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

9      Netflix objects to this Request as vague, ambiguous, and oppressive.  Further, this

10  Request could be read to purport to require Netflix to conduct a search for and produce materials

11  that in any way relate to or depend on portions of the claims of the patents-in-suit.  To the extent

12  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

13  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

14  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

15  construction well prior to the date provided for in the Court's Case Management Order and the

16  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

17      Subject to and without waiving its objections, Netflix will produce all non-privileged,

18  responsive documents that can be located upon a reasonably diligent search.

19  **REQUEST FOR PRODUCTION NO. 83:**

20      All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

21  description, or disclosure, prior to April 28, 1999, of any computer-implemented rental of

22  movies in which the number of movies delivered to the customer and not yet returned did not

23  exceed a specified number.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

25      Netflix objects to this Request as vague, ambiguous, and oppressive.  Further, this

26  Request could be read to purport to require Netflix to conduct a search for and produce materials

27  that in any way relate to or depend on portions of the claims of the patents-in-suit.  To the extent

28  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

378782 01

1  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

2  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

3  construction well prior to the date provided for in the Court's Case Management Order and the

4  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

5      Subject to and without waiving its objections, Netflix will produce all non-privileged,

6  responsive documents that can be located upon a reasonably diligent search.

7  **REQUEST FOR PRODUCTION NO. 84:**

8      All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

9  description, or disclosure, prior to April 28, 1999, of electronically updating a movie rental

10  queue response to electronic digital information indicating that delivery criteria were satisfied.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

12      Netflix objects to this Request as vague, ambiguous, and oppressive. Further, this

13  Request could be read to purport to require Netflix to conduct a search for and produce materials

14  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

15  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

16  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

17  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

18  construction well prior to the date provided for in the Court's Case Management Order and the

19  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

20      Subject to and without waiving its objections, Netflix will produce all non-privileged,

21  responsive documents that can be located upon a reasonably diligent search.

22  **REQUEST FOR PRODUCTION NO. 85:**

23      All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

24  description, or disclosure, prior to April 28, 1999, of electronically updating a movie rental

25  queue in response to electronic digital information comprising selection criteria.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

27      Netflix objects to this Request as vague, ambiguous, and oppressive. Further, this

28  Request could be read to purport to require Netflix to conduct a search for and produce materials

1  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

2  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

3  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

4  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

5  construction well prior to the date provided for in the Court's Case Management Order and the

6  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

7  　　　　Subject to and without waiving its objections, Netflix will produce all non-privileged,

8  responsive documents that can be located upon a reasonably diligent search.

9  **REQUEST FOR PRODUCTION NO. 86:**

10  　　　　MATERIALS sufficient to fully describe any use, practice, description, or disclosure,

11  prior to April 28, 1999, of rental of any of motion pictures, television series, documentaries,

12  cartoons, music videos, video recordings of concert performances, instructional programs, or

13  educational programs.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

15  　　　　Netflix objects to this Request as vague, ambiguous, and oppressive. On one hand, this

16  Request could be read to purport to require Netflix to conduct a search for and produce materials

17  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

18  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

19  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

20  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

21  construction well prior to the date provided for in the Court's Case Management Order and the

22  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

23  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

24  documents literally called for by the Request, without any further context, Netflix objects to the

25  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

26  discovery of admissible evidence. This Request is nothing more than an attempt to harass

27  Netflix by requiring it to mount a search for and produce documents that could fall within the

28  literal terms of snippets of the claims of its patents.

1    Although Netflix is willing to meet and confer with Blockbuster in order to arrive at a

2  narrowed Request that could possibly yield materials relevant to this case without imposing the

3  burdens associated with a search for documents responsive to the Request in its current form,

4  Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

5  corresponding search for documents responsive to, the Request as currently phrased.

6  **REQUEST FOR PRODUCTION NO. 87:**

7    MATERIALS sufficient to fully describe any use, practice, description, or disclosure,

8  prior to April 28, 1999, of receiving one or more item selection criteria that indicated one or

9  more items a customer desired to rent.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

11    Refer to Netflix's response to Request for Production No. 79.

12  **REQUEST FOR PRODUCTION NO. 88:**

13    MATERIALS sufficient to fully describe any use, practice, description, or disclosure,

14  prior to April 28, 1999, of providing a customer up to a specified number of items indicated by

15  one or more selection criteria.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

17    Netflix objects to this Request as vague, ambiguous, and oppressive. On one hand, this

18  Request could be read to purport to require Netflix to conduct a search for and produce materials

19  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

20  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

21  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

22  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

23  construction well prior to the date provided for in the Court's Case Management Order and the

24  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

25  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

26  documents literally called for by the Request, without any further context, Netflix objects to the

27  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

28  discovery of admissible evidence. This Request is nothing more than an attempt to harass

1  Netflix by requiring it to mount a search for and produce documents that could fall within the

2  literal terms of snippets of the claims of its patents.

3      Although Netflix is willing to meet and confer with Blockbuster in order to arrive at a

4  narrowed Request that could possibly yield materials relevant to this case without imposing the

5  burdens associated with a search for documents responsive to the Request in its current form,

6  Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

7  corresponding search for documents responsive to, the Request as currently phrased.

8  **REQUEST FOR PRODUCTION NO. 89:**

9      MATERIALS sufficient to fully describe any use, practice, description, or disclosure,

10  prior to April 28, 1999, of, in response to receiving one or more items provided to a customer,

11  providing the customer one or more other items indicated by one or more item selection criteria.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

13      Netflix objects to this Request as vague, ambiguous, and oppressive. On one hand, this

14  Request could be read to purport to require Netflix to conduct a search for and produce materials

15  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

16  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

17  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

18  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

19  construction well prior to the date provided for in the Court's Case Management Order and the

20  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

21  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

22  documents literally called for by the Request, without any further context, Netflix objects to the

23  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

24  discovery of admissible evidence. This Request is nothing more than an attempt to harass

25  Netflix by requiring it to mount a search for and produce documents that could fall within the

26  literal terms of snippets of the claims of its patents.

27      Although Netflix is willing to meet and confer with Blockbuster in order to arrive at a

28  narrowed Request that could possibly yield materials relevant to this case without imposing the

1  burdens associated with a search for documents responsive to the Request in its current form,

2  Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

3  corresponding search for documents responsive to, the Request as currently phrased.

4  **REQUEST FOR PRODUCTION NO. 90:**

5      All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

6  description, or disclosure, prior to April 28, 1999, of any rental of items to a customer in which

7  the total current number of items provided to the customer did not exceed a specified number.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

9      Netflix objects to this Request as vague, ambiguous, and oppressive.  On one hand, this

10  Request could be read to purport to require Netflix to conduct a search for and produce materials

11  that in any way relate to or depend on portions of the claims of the patents-in-suit.  To the extent

12  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

13  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

14  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

15  construction well prior to the date provided for in the Court's Case Management Order and the

16  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

17  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

18  documents literally called for by the Request, without any further context, Netflix objects to the

19  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

20  discovery of admissible evidence.  This Request is nothing more than an attempt to harass

21  Netflix by requiring it to mount a search for and produce documents that could fall within the

22  literal terms of snippets of the claims of its patents.

23      Although Netflix is willing to meet and confer with Blockbuster in order to arrive at a

24  narrowed Request that could possibly yield materials relevant to this case without imposing the

25  burdens associated with a search for documents responsive to the Request in its current form,

26  Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

27  corresponding search for documents responsive to, the Request as currently phrased.

28

378782.01

1   **REQUEST FOR PRODUCTION NO. 91:**

2       All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

3   description, or disclosure, prior to April 28, 1999, of any rental of items to a customer in which

4   the total current number of items provided to the customer did not exceed a specified limit.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

6       Refer to Netflix's response to Request for Production No. 90.

7   **REQUEST FOR PRODUCTION NO. 92:**

8       MATERIALS sufficient to fully describe any use, practice, description, or disclosure,

9   prior to April 28, 1999, of renting movies.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

11       Refer to Netflix's response to Request for Production No. 86.

12   **REQUEST FOR PRODUCTION NO. 93:**

13       MATERIALS sufficient to fully describe any use, practice, description, or disclosure,

14   prior to April 28, 1999, of a computer-readable medium for renting items to customers.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

16       Netflix objects to this Request as vague, ambiguous, and oppressive. On one hand, this

17   Request could be read to purport to require Netflix to conduct a search for and produce materials

18   that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

19   that Blockbuster seeks thereby to require Netflix to construe a claim element, this Request is

20   irrelevant, as Netflix has not asserted a claim containing the above language. Alternatively, to the

21   extent that Blockbuster seeks to have Netflix search for and produce all documents literally

22   called for by the Request, without any further context, Netflix objects to the Request as overly

23   broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

24   evidence. This Request is nothing more than an attempt to harass Netflix by requiring it to

25   mount a search for and produce documents that could fall within the literal terms of snippets of

26   the claims of its patents.

27       Although Netflix is willing to meet and confer with Blockbuster in order to arrive at a

28   narrowed Request that could possibly yield materials relevant to this case without imposing the

378782 01

1  burdens associated with a search for documents responsive to the Request in its current form,

2  Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

3  corresponding search for documents responsive to, the Request as currently phrased.

4  **REQUEST FOR PRODUCTION NO. 94:**

5      MATERIALS sufficient to fully describe any use, practice, description, or disclosure,

6  prior to April 28, 1999, of a computer-readable medium for renting items to customers that

7  carried one or more sequences of instructions.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

9      Refer to Netflix's response to Request for Production No. 93.

10  **REQUEST FOR PRODUCTION NO. 95:**

11      MATERIALS sufficient to fully describe any use, practice, description, or disclosure,

12  prior to April 28, 1999, of instructions that, when executed by one or more processors, caused

13  one or more of them to perform steps for renting items to customers.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

15      Refer to Netflix's response to Request for Production No. 93.

16  **REQUEST FOR PRODUCTION NO. 96:**

17      MATERIALS sufficient to fully describe any use, practice, description, or disclosure,

18  prior to April 28, 1999, of an apparatus for renting items to customers, the apparatus including

19  one or more processors.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

21      Refer to Netflix's response to Request for Production No. 93.

22  **REQUEST FOR PRODUCTION NO. 97:**

23      MATERIALS sufficient to fully describe any use, practice, description, or disclosure,

24  prior to April 28, 1999, of an apparatus for renting items to customers, the apparatus including a

25  memory communicatively coupled to the one or more processors, the memory including one or

26  more sequences of one or more instructions which, when executed by the one or more

27  processors, caused the one or more processors to perform steps.

28

378782 01

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

2     Refer to Netflix's response to Request for Production No. 93.

3 **REQUEST FOR PRODUCTION NO. 98:**

4     MATERIALS sufficient to fully describe any use, practice, description, or disclosure,

5 prior to April 28, 1999, of an apparatus for renting items to customers comprising an item rental

6 mechanism configured to perform steps.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

8     Netflix objects to this Request as vague, ambiguous, and oppressive. On one hand, this

9 Request could be read to purport to require Netflix to conduct a search for and produce materials

10 that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

11 that Blockbuster seeks thereby to require Netflix to construe a claim element, this Request is

12 irrelevant, as Netflix has not asserted a claim containing the above language. Alternatively, to the

13 extent that Blockbuster seeks to have Netflix search for and produce all documents literally

14 called for by the Request, without any further context, Netflix objects to the Request as overly

15 broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

16 evidence. This Request is nothing more than an attempt to harass Netflix by requiring it to

17 mount a search for and produce documents that could fall within the literal terms of snippets of

18 the claims of its patents.

19     Although Netflix is willing to meet and confer with Blockbuster in order to arrive at a

20 narrowed Request that could possibly yield materials relevant to this case without imposing the

21 burdens associated with a search for documents responsive to the Request in its current form,

22 Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

23 corresponding search for documents responsive to, the Request as currently phrased.

24 **REQUEST FOR PRODUCTION NO. 99:**

25     All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

26 description, or disclosure, prior to April 28, 1999, of any rental of items to customers in which a

27 total number of items provided to the customer within a specified period of time did not exceed a

28 specified limit.

---

56

378782.01

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

2        Refer to Netflix's response to Request for Production No. 90.

3    **REQUEST FOR PRODUCTION NO. 100:**

4        All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

5    description, or disclosure, prior to April 28, 1999, of any rental of items to customers in which a

6    total number of items provided to the customer within a specified period of time did not exceed a

7    specified number.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

9        Refer to Netflix's response to Request for Production No. 99.

10    **REQUEST FOR PRODUCTION NO. 101:**

11        All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

12    description, or disclosure, prior to April 28, 1999, of any rental of items to customers in which if

13    the total number of items provided to the customer within a specified period of time was less

14    than a specified limit, there was an increase in the specified limit for another period of time.

15    **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

16        Netflix objects to this Request as vague, ambiguous, and oppressive. Further, this

17    Request could be read to purport to require Netflix to conduct a search for and produce materials

18    that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

19    that Blockbuster seeks thereby to require Netflix to construe a claim element, this Request is

20    irrelevant, as Netflix has not asserted a claim containing the above language.

21        Subject to and without waiving the foregoing objection, Netflix will produce all non-

22    privileged, responsive documents so described that are locatable after a diligent search of all

23    locations at which such materials might plausibly exist.

24    **REQUEST FOR PRODUCTION NO. 102:**

25        All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

26    description, or disclosure, prior to April 28, 1999, of item selection criteria that indicated a

27    desired order for items that a customer desired to rent.

28

378782.01

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

2      Netflix objects to this Request as vague, ambiguous, and oppressive. Further, this

3  Request could be read to purport to require Netflix to conduct a search for and produce materials

4  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

5  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

6  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

7  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

8  construction well prior to the date provided for in the Court's Case Management Order and the

9  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

10      Subject to and without waiving the foregoing objections, Netflix will produce all non-

11  privileged, responsive documents so described that are locatable after a diligent search of all

12  locations at which such materials might plausibly exist.

13  **REQUEST FOR PRODUCTION NO. 103:**

14      All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

15  description, or disclosure, prior to April 28, 1999, of providing to a customer up to a specified

16  number of items indicated by item selection criteria in the desired order indicated by the item

17  selection criteria.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

19      Netflix objects to this Request as vague, ambiguous, and oppressive. Further, this

20  Request could be read to purport to require Netflix to conduct a search for and produce materials

21  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

22  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

23  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

24  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

25  construction well prior to the date provided for in the Court's Case Management Order and the

26  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

27      Subject to and without waiving the foregoing objections, Netflix will produce all non-

28  privileged, responsive documents so described that are locatable after a diligent search of all

NETFLIX'S RESPONSE TO BLOCKBUSTER'S FIRST SET OF REQUESTS FOR PRODUCTION
Case No. C 06 2361 WHA

378782 01

1  locations at which such materials might plausibly exist.

2  **REQUEST FOR PRODUCTION NO. 104:**

3     All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

4  description, or disclosure, prior to April 28, 1999, of providing to a customer one or more items

5  indicated by item selection criteria in the desired order indicated by the item selection criteria.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

7     Netflix objects to this Request as vague, ambiguous, and oppressive. Further, this

8  Request could be read to purport to require Netflix to conduct a search for and produce materials

9  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

10  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

11  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

12  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

13  construction well prior to the date provided for in the Court's Case Management Order and the

14  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

15     Subject to and without waiving the foregoing objections, Netflix will produce all non-

16  privileged, responsive documents so described that are locatable after a diligent search of all

17  locations at which such materials might plausibly exist.

18  **REQUEST FOR PRODUCTION NO. 105:**

19     All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

20  description, or disclosure, prior to April 28, 1999, of item selection criteria specifying one or

21  more preferred item attributes.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

23     Netflix objects to this Request as vague, ambiguous, and oppressive. On one hand, this

24  Request could be read to purport to require Netflix to conduct a search for and produce materials

25  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

26  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

27  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

28  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

378782 01

1  construction well prior to the date provided for in the Court's Case Management Order and the

2  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

3  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

4  documents literally called for by the Request, without any further context, Netflix objects to the

5  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

6  discovery of admissible evidence. This Request is nothing more than an attempt to harass

7  Netflix by requiring it to mount a search for and produce documents that could fall within the

8  literal terms of snippets of the claims of its patents.

9       Although Netflix is willing to meet and confer with Blockbuster in order to arrive at a

10 narrowed Request that could possibly yield materials relevant to this case without imposing the

11 burdens associated with a search for documents responsive to the Request in its current form,

12 Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

13 corresponding search for documents responsive to, the Request as currently phrased.

14 **REQUEST FOR PRODUCTION NO. 106:**

15      All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

16 description, or disclosure, prior to April 28, 1999, of automatically selecting and providing a

17 customer up to a specified number of items that had one or more preferred item attributes

18 specified by item selection criteria.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

20      Netflix objects to this Request as vague, ambiguous, and oppressive. Further, this

21 Request could be read to purport to require Netflix to conduct a search for and produce materials

22 that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

23 that Blockbuster seeks thereby to require Netflix to construe a claim element, this Request is

24 irrelevant, as Netflix has not asserted a claim containing the above language.

25      Subject to and without waiving the foregoing objection, Netflix will produce all non-

26 privileged, responsive documents so described that are locatable after a diligent search of all

27 locations at which such materials might plausibly exist.

28

NETFLIX'S RESPONSE TO BLOCKBUSTER'S FIRST SET OF REQUESTS FOR PRODUCTION
Case No. C 06 2361 WHA

378782.01

1 **REQUEST FOR PRODUCTION NO. 107:**

2     All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

3 description, or disclosure, prior to April 28, 1999, of, after providing a customer with up to a

4 specified number of items, automatically selecting and providing to the customer one or more

5 other items that had one or more preferred item attributes specified by item selection criteria.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

7     Netflix objects to this Request as vague, ambiguous, and oppressive. Further, this

8 Request could be read to purport to require Netflix to conduct a search for and produce materials

9 that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

10 that Blockbuster seeks thereby to require Netflix to construe a claim element, this Request is

11 irrelevant, as Netflix has not asserted a claim containing the above language.

12     Subject to and without waiving the foregoing objection, Netflix will produce all non-

13 privileged, responsive documents so described that are locatable after a diligent search of all

14 locations at which such materials might plausibly exist.

15 **REQUEST FOR PRODUCTION NO. 108:**

16     All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

17 description, or disclosure, prior to April 28, 1999, of any item rental queue.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

19     Refer to Netflix's response to Request for Production No. 58.

20 **REQUEST FOR PRODUCTION NO. 109:**

21     All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

22 description, or disclosure, prior to April 28, 1999, of any item rental queue for a customer.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

24     Refer to Netflix's response to Request for Production No. 58.

25 **REQUEST FOR PRODUCTION NO. 110:**

26     All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

27 description, or disclosure, prior to April 28, 1999, of an item rental queue that contained one or

28 more entries that specify items that a customer desired to rent.

378782.01

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

2      Netflix objects to this Request as vague, ambiguous, and oppressive. Further, this

3    Request could be read to purport to require Netflix to conduct a search for and produce materials

4    that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

5    that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

6    eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

7    premature in that it seeks to impose upon Netflix a duty to come forward with a claim

8    construction well prior to the date provided for in the Court's Case Management Order and the

9    Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

10     Subject to and without waiving the foregoing objections, Netflix will produce all non-

11   privileged, responsive documents so described that are locatable after a diligent search of all

12   locations at which such materials might plausibly exist.

13   **REQUEST FOR PRODUCTION NO. 111:**

14     All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

15   description, or disclosure, prior to April 28, 1999, of, in response to receiving back any item

16   provided to a customer, selecting one or more other items from an item rental queue.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

18     Netflix objects to this Request as vague, ambiguous, and oppressive. Further, this

19   Request could be read to purport to require Netflix to conduct a search for and produce materials

20   that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

21   that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

22   eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

23   premature in that it seeks to impose upon Netflix a duty to come forward with a claim

24   construction well prior to the date provided for in the Court's Case Management Order and the

25   Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

26     Subject to and without waiving the foregoing objections, Netflix will produce all non-

27   privileged, responsive documents so described that are locatable after a diligent search of all

28   locations at which such materials might plausibly exist.

NETFLIX'S RESPONSE TO BLOCKBUSTER'S FIRST SET OF REQUESTS FOR PRODUCTION
Case No. C 06 2361 WHA

378782.01

1   **REQUEST FOR PRODUCTION NO. 112:**

2        All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

3   description, or disclosure, prior to April 28, 1999, of establishing an item rental queue based on

4   one or more item selection criteria.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

6        Netflix objects to this Request as vague, ambiguous, and oppressive. Further, this

7   Request could be read to purport to require Netflix to conduct a search for and produce materials

8   that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

9   that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

10   eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

11   premature in that it seeks to impose upon Netflix a duty to come forward with a claim

12   construction well prior to the date provided for in the Court's Case Management Order and the

13   Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

14        Subject to and without waiving the foregoing objections, Netflix will produce all non-

15   privileged, responsive documents so described that are locatable after a diligent search of all

16   locations at which such materials might plausibly exist.

17   **REQUEST FOR PRODUCTION NO. 113:**

18        All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

19   description, or disclosure, prior to April 28, 1999, of, in response to receiving a customer

20   notification, providing the customer a second set of one or more items indicated by item

21   selection criteria.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

23        Netflix objects to this Request as vague, ambiguous, and oppressive. On one hand, this

24   Request could be read to purport to require Netflix to conduct a search for and produce materials

25   that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

26   that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

27   eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

28   premature in that it seeks to impose upon Netflix a duty to come forward with a claim

378782 01

1  construction well prior to the date provided for in the Court's Case Management Order and the

2  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

3  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

4  documents literally called for by the Request, without any further context, Netflix objects to the

5  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

6  discovery of admissible evidence. This Request is nothing more than an attempt to harass

7  Netflix by requiring it to mount a search for and produce documents that could fall within the

8  literal terms of snippets of the claims of its patents.

9       Although Netflix is willing to meet and confer with Blockbuster in order to arrive at a

10  narrowed Request that could possibly yield materials relevant to this case without imposing the

11  burdens associated with a search for documents responsive to the Request in its current form,

12  Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

13  corresponding search for documents responsive to, the Request as currently phrased.

14  **REQUEST FOR PRODUCTION NO. 114:**

15       All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

16  description, or disclosure, prior to April 28, 1999, of, in response to expiration of a specified

17  amount of time, providing a customer a second set of one or more items indicated by item

18  selection criteria.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

20       Netflix objects to this Request as vague, ambiguous, and oppressive. On one hand, this

21  Request could be read to purport to require Netflix to conduct a search for and produce materials

22  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

23  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

24  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

25  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

26  construction well prior to the date provided for in the Court's Case Management Order and the

27  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

28  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

378782 01

1  documents literally called for by the Request, without any further context, Netflix objects to the

2  Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

3  discovery of admissible evidence. This Request is nothing more than an attempt to harass

4  Netflix by requiring it to mount a search for and produce documents that could fall within the

5  literal terms of snippets of the claims of its patents.

6      Although Netflix is willing to meet and confer with Blockbuster in order to arrive at a

7  narrowed Request that could possibly yield materials relevant to this case without imposing the

8  burdens associated with a search for documents responsive to the Request in its current form,

9  Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

10  corresponding search for documents responsive to, the Request as currently phrased.

11  **REQUEST FOR PRODUCTION NO. 115:**

12      All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

13  description, or disclosure, prior to April 28, 1999, of, in response to a specified date being

14  reached, providing a customer a second set of one or more items indicated by item selection

15  criteria.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

17      Refer to Netflix's response to Request for Production No. 114.

18  **REQUEST FOR PRODUCTION NO. 116:**

19      All MATERIALS constituting, recording, referring to, or evidencing any use, practice,

20  description, or disclosure, prior to April 28, 1999, of, in response to a specified fee being

21  received, providing a customer a second set of one or more items indicated by item selection

22  criteria.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

24      Netflix objects to this Request as vague, ambiguous, and oppressive. On one hand, this

25  Request could be read to purport to require Netflix to conduct a search for and produce materials

26  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

27  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

28  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

1   premature in that it seeks to impose upon Netflix a duty to come forward with a claim

2   construction well prior to the date provided for in the Court's Case Management Order and the

3   Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

4   Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

5   documents literally called for by the Request, without any further context, Netflix objects to the

6   Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

7   discovery of admissible evidence. This Request is nothing more than an attempt to harass

8   Netflix by requiring it to mount a search for and produce documents that could fall within the

9   literal terms of snippets of the claims of its patents.

10       Although Netflix is willing to meet and confer with Blockbuster in order to arrive at a

11  narrowed Request that could possibly yield materials relevant to this case without imposing the

12  burdens associated with a search for documents responsive to the Request in its current form,

13  Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

14  corresponding search for documents responsive to, the Request as currently phrased.

15  **REQUEST FOR PRODUCTION NO. 117:**

16       MATERIALS sufficient to fully describe any use, practice, description, or disclosure,

17  prior to April 28, 1999, of providing rental items to a customer by mail.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

19       Netflix objects to this Request as vague, ambiguous, and oppressive. On one hand, this

20  Request could be read to purport to require Netflix to conduct a search for and produce materials

21  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

22  that Blockbuster seeks thereby to require Netflix to construe a claim element that may or may not

23  eventually be in dispute in order to respond to this Request, Netflix objects to the Request as

24  premature in that it seeks to impose upon Netflix a duty to come forward with a claim

25  construction well prior to the date provided for in the Court's Case Management Order and the

26  Local Rules of this Court, and objects to the Request as well as calling for a legal conclusion.

27  Alternatively, to the extent that Blockbuster seeks to have Netflix search for and produce all

28  documents literally called for by the Request, without any further context, Netflix objects to the

1   Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

2   discovery of admissible evidence. This Request is nothing more than an attempt to harass

3   Netflix by requiring it to mount a search for and produce documents that could fall within the

4   literal terms of snippets of the claims of its patents.

5        Although Netflix is willing to meet and confer with Blockbuster in order to arrive at a

6   narrowed Request that could possibly yield materials relevant to this case without imposing the

7   burdens associated with a search for documents responsive to the Request in its current form,

8   Netflix is not willing to undertake to discern a reasonable interpretation of, and engage in a

9   corresponding search for documents responsive to, the Request as currently phrased.

10  **REQUEST FOR PRODUCTION NO. 118:**

11       MATERIALS sufficient to fully describe any use, practice, description, or disclosure,

12  prior to April 28, 1999, of providing rental items to a customer by a delivery agent.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

14       Refer to Netflix's response to Request for Production No. 58.

15  **REQUEST FOR PRODUCTION NO. 119:**

16       MATERIALS sufficient to fully describe any use, practice, description, or disclosure,

17  prior to April 28, 1999, of renting movies.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

19       Refer to Netflix's response to Request for Production No. 86.

20  **REQUEST FOR PRODUCTION NO. 120:**

21       MATERIALS sufficient to fully describe any use, practice, description, or disclosure,

22  prior to April 28, 1999, of renting games.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

24       Netflix objects to this Request as vague, ambiguous, and oppressive. Further, this

25  Request could be read to purport to require Netflix to conduct a search for and produce materials

26  that in any way relate to or depend on portions of the claims of the patents-in-suit. To the extent

27  that Blockbuster seeks thereby to require Netflix to construe a claim element, this Request is

28  irrelevant, as Netflix has not asserted a claim containing the above language.

378782 01

1        Subject to and without waiving the foregoing objection, Netflix will produce all non-

2    privileged, responsive documents so described that are locatable after a diligent search of all

3    locations at which such materials might plausibly exist.

4    **REQUEST FOR PRODUCTION NO. 121:**

5        All MATERIALS referring to or evidencing any use, practice, description or disclosure

6    of any SUBJECT INVENTION or CLAIMED FEATURE at any time before April 28, 1999, or

7    referring to or evidencing any knowledge thereof by NETFLIX or any PERSON UNDER A

8    DUTY OF CANDOR at any time before April 4, 2006.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

10       Netflix objects that "SUBJECT INVENTION" and "CLAIMED FEATURE", as defined

11   by Blockbuster, are vague and ambiguous. Netflix further objects to this Request to the extent

12   that it calls for information protected by the attorney-client privilege or the work product

13   doctrine.

14       Subject to and without waiving the foregoing objection, Netflix will produce all non-

15   privileged, responsive documents so described that are locatable after a diligent search of all

16   locations at which such materials might plausibly exist.

17   **REQUEST FOR PRODUCTION NO. 122:**

18       All MATERIALS in existence before April 28, 1999, that describe, refer to or evidence

19   any SUBJECT INVENTION or CLAIMED FEATURE.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

21       Netflix objects that "SUBJECT INVENTION" and "CLAIMED FEATURE", as defined

22   by Blockbuster, are vague and ambiguous. Netflix further objects to this Request to the extent

23   that it calls for information protected by the attorney-client privilege or the work product

24   doctrine.

25       Subject to and without waiving the foregoing objections, Netflix will produce all non-

26   privileged, responsive documents so described that are locatable after a diligent search of all

27   locations at which such materials might plausibly exist.

28

378782.01

1  **REQUEST FOR PRODUCTION NO. 123:**

2       MATERIALS sufficient to fully describe all rental methods used or practiced by

3  NETFLIX at any time before April 28,1999.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

5       Netflix objects to this Request to the extent that it calls for information protected by the

6  attorney-client privilege or the work product doctrine.

7       Subject to and without waiving the foregoing objection, Netflix will produce all non-

8  privileged, responsive documents sufficient to fully describe all rental methods used or practiced

9  by NETFLIX at any time before April 28,1999 that are locatable after a diligent search of all

10  locations at which such materials might plausibly exist.

11  **REQUEST FOR PRODUCTION NO. 124:**

12       MATERIALS sufficient to fully describe all rental methods used or practiced by

13  NETFLIX at any time before April 28, 2000.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

15       Netflix objects to this Request to the extent that it calls for information protected by the

16  attorney-client privilege or the work product doctrine.

17       Subject to and without waiving the foregoing objection, Netflix will produce all non-

18  privileged, responsive documents sufficient to fully describe all rental methods used or practiced

19  by NETFLIX at any time before April 28, 2000 that are locatable after a diligent search of all

20  locations at which such materials might plausibly exist.

21  **REQUEST FOR PRODUCTION NO. 125:**

22       MATERIALS sufficient to fully describe all rental methods used or practiced by

23  NETFLIX at any time as of April 28, 2000.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

25       Netflix objects to this Request to the extent that it calls for information protected by the

26  attorney-client privilege or the work product doctrine.  Netflix further objects that the phrase "at

27  any time as of April 28, 2000" is vague and ambiguous.

28       Subject to and without waiving the foregoing objection, Netflix will produce all non-

378782.01

1    privileged, responsive documents sufficient to fully describe all rental methods used or practiced

2    by NETFLIX at any time as of April 28, 2000 that are locatable after a diligent search of all

3    locations at which such materials might plausibly exist.

4    **REQUEST FOR PRODUCTION NO. 126:**

5        MATERIALS sufficient to fully describe all rental methods used or practiced by

6    NETFLIX at any time before May 14, 2003.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

8        Netflix objects to this Request to the extent that it calls for information protected by the

9    attorney-client privilege or the work product doctrine.

10        Subject to and without waiving the foregoing objection, Netflix will produce all non-

11    privileged, responsive documents sufficient to fully describe all rental methods used or practiced

12    by NETFLIX at any time before May 14, 2003 that are locatable after a diligent search of all

13    locations at which such materials might plausibly exist.

14    **REQUEST FOR PRODUCTION NO. 127:**

15        MATERIALS sufficient to fully describe all rental methods used or practiced by

16    NETFLIX at any time as of May 14, 2003.

17    **RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

18        Netflix objects to this Request to the extent that it calls for information protected by the

19    attorney-client privilege or the work product doctrine. Netflix further objects that the phrase "at

20    any time as of May 14, 2003" is vague and ambiguous.

21        Subject to and without waiving the foregoing objection, Netflix will produce all non-

22    privileged, responsive documents sufficient to fully describe all rental methods used or practiced

23    by NETFLIX at any time as of May 14, 2003 that are locatable after a diligent search of all

24    locations at which such materials might plausibly exist.

25    **REQUEST FOR PRODUCTION NO. 128:**

26        All MATERIALS asserting, evidencing, reflecting, o[r] referring to any use by NETFLIX

27    of any practice known as "throttling" on or before April 28, 2000.

28

NETFLIX'S RESPONSE TO BLOCKBUSTER'S FIRST SET OF REQUESTS FOR PRODUCTION
Case No. C 06 2361 WHA

378782 01

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

2        Netflix objects to this Request as seeking material that is irrelevant to the subject matter

3    of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

4    Netflix further objects to this Request to the extent that it calls for information protected by the

5    attorney-client privilege or the work product doctrine.

6    **REQUEST FOR PRODUCTION NO. 129:**

7        All MATERIALS asserting, evidencing, reflecting, or referring to any use by NETFLIX

8    of any practice known as "throttling" on or before May 14, 2003.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

10        Netflix objects to this Request as seeking material that is irrelevant to the subject matter

11    of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

12    Netflix further objects to this Request to the extent that it calls for information protected by the

13    attorney-client privilege or the work product doctrine.

14    **REQUEST FOR PRODUCTION NO. 130:**

15        All MATERIALS asserting, evidencing, reflecting, or referring to any preferential sorting

16    or handling of NETFLIX mail.

17    **RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

18        Netflix objects to this Request as seeking material that is irrelevant to the subject matter

19    of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

20    Netflix further objects to this Request to the extent that it calls for information protected by the

21    attorney-client privilege or the work product doctrine.

22    **REQUEST FOR PRODUCTION NO. 131:**

23        All MATERIALS evidencing, reflecting, or referring to any COMMUNICATIONS

24    between NETFLIX and any employee of the United States Postal Service concerning any

25    preferential sorting or handling of NETFLIX mail.

26    **RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

27        Netflix objects to this Request as seeking material that is irrelevant to the subject matter

28    of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

71

378782.01

1   Netflix further objects to this Request to the extent that it calls for information protected by the

2   attorney-client privilege or the work product doctrine.

3   **REQUEST FOR PRODUCTION NO. 132:**

4        All MATERIALS evidencing, reflecting, or referring to any COMMUNICATIONS

5   between William J. Henderson and the United States Postal Service concerning NETFLIX.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

7        Netflix objects to this Request as seeking material that is irrelevant to the subject matter

8   of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

9   Netflix further objects to this Request to the extent that it calls for information protected by the

10  attorney-client privilege or the work product doctrine.

11  **REQUEST FOR PRODUCTION NO. 133:**

12       All of the following MATERIALS referred to on Page 4 of Netflix's June 26, 2006 Initial

13  Disclosures Under Rule 26 of the Federal Rules of Civil Procedure:

14       1.    Documents publicly available at the Internet addresses http://netflix.com and

15  http://blockbuster.com.

16       2.    U.S. Patents 6,584,450 and 7,024,381 and their prosecution histories.

17       3.    Documents relating to the conception of the invention described in the

18  abovementioned patents.

19       4.    Documents and/or references cited in each of the above-mentioned patents.

20       5.    Documents relating to the reduction to practice of the invention described in the

21  above-mentioned patents.

22       6.    Documents relating to industry recognition of the invention described in the

23  abovementioned patents.

24       7.    Documents relating to competitive information and analyses about Blockbuster.

25       8.    Documents relating to Netflix's financial information.

26       9.    Documents relating to Netflix's practice of the invention described in the

27  abovementioned patents.

28       10.   Documents relating to Blockbuster's conception of the Blockbuster Online

72

378782 01

1  service.

2       11.    Documents relating to Blockbuster's competitive information and analyses about

3  Netflix.

4       12.    Documents relating to Blockbuster's financial information.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

6       Netflix objects to this Request to the extent that it calls for information protected by the

7  attorney-client privilege or the work product doctrine.

8       Netflix will produce all non-privileged, responsive documents so described that are

9  locatable after a diligent search of all locations at which such materials might plausibly exist.

10  **REQUEST FOR PRODUCTION NO. 134:**

11       All MATERIALS identified in the disclosure statement to be provided by NETFLIX by

12  July 28, 2006, in accordance with Paragraph 1 of the Court's Case Management Order of June

13  30, 2006.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

15       Netflix objects to this Request to the extent that it calls for information protected by the

16  attorney-client privilege or the work product doctrine.

17       Netflix will produce all non-privileged, responsive documents so described that are

18  locatable after a diligent search of all locations at which such materials might plausibly exist.

19

20  Dated:  August 14, 2006          KEKER & VAN NEST, LLP

21

22

23            By: _____

23            KEVIN T. REED

24            Attorneys for Plaintiff

24            NETFLIX, INC.

25

26

27

28

NETFLIX'S RESPONSE TO BLOCKBUSTER'S FIRST SET OF REQUESTS FOR PRODUCTION
Case No. C 06 2361 WHA

378782.01

**PROOF OF SERVICE**

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On August 14, 2006, I served the following document(s):

**NETFLIX'S RESPONSES TO BLOCKBUSTER'S FIRST SET OF
REQUESTS FOR PRODUCTION**

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

by **COURIER**, by placing a true and correct copy in a sealed envelope addressed as shown below, and dispatching a messenger from WORLDWIDE NETWORK whose address is , with instructions to hand-carry the above and make delivery to the following during normal business hours, by leaving the package with the person whose name is shown or the person authorized to accept courier deliveries on behalf of the addressee.

Marshall B. Grossman, Esq.
William J. O'Brien, Esq.
Alschuler Grossman Stein & Kahan LLP
1620 26th Street, 4th Floor, North Tower
Santa Monica, CA 90404-4060
mgrossman@agsk.com
wobrien@agsk.com

Executed August 14, 2006, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

JULIE A. SELBY

377665 01