# EXHIBIT F

LAW OFFICES
# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

LEO L. LAM
LLAM@KVN.COM

August 14, 2006

*By Email & Facsimile*

William O'Brien, Esq.
Alschuler Grossman Stein & Kahan LLP
1620 26th Street, 4th Floor, North Tower
Santa Monica, CA 90404-4060
Facsimile: 310-907-2000

    Re: *Netflix, Inc. v. Blockbuster, Inc.*, Case No. C-06-2361 WHA;
          United States District Court for the Northern District of California

Dear Bill:

    I write in response to your letter of today.

    First, Blockbuster's repeated demands for immediate production of all documents responsive to its 134 document requests are neither reasonable nor warranted. Your stated reason for desiring these documents now is to use them in this week's hearing on Netflix's motion to dismiss Blockbuster's putative antitrust counterclaims. Our motion, however, requests that the Court dismiss those counterclaims on the face of the pleadings under Rule 12(b)(6); for purposes of the motion, all the well-pleaded allegations in the counterclaims will be taken as true, and the existence *vel non* of additional facts outside the face of the pleadings is irrelevant. Moreover, Rule 11 requires that Blockbuster must have had a well founded basis for making those allegations as of the date it filed its counterclaims. Blockbuster cannot make up for deficiencies in its counterclaims after the fact, by taking and demanding immediate discovery. In short, Blockbuster has no basis to demand immediate production of documents in order either to oppose a motion to dismiss under Rule 12(b)(6), or to bolster claims that it filed without a Rule 11 basis.

    Second, I disagree with your characterization of our discussion Friday afternoon regarding the prior art that Netflix will produce. I did not state that Netflix will limit its production in the manner claimed in your letter. I did state that Blockbuster's requests are ambiguous and confusing, and the parties obviously disagree over what constitutes "prior art" that should have been submitted to the PTO. For example, it would be close to impossible to discern how to search for and produce all documents that literally have any relation whatsoever to "renting movies" or "providing rental items to a customer by a delivery agent," and such documents would not necessarily constitute "prior art" against the Netflix patents. Netflix's

William O'Brien
August 14, 2006
Page 2

written responses to Blockbuster's document requests spell out its objections, and describe what documents Netflix will and will not produce. And Netflix is willing to meet and confer over any disagreement regarding its discovery responses.

Third, Netflix's written responses to Blockbuster's RFPs were not untimely. When I requested and you granted on August 4 an extension of time until August 14 to respond to Blockbuster's interrogatories, I told you that Netflix wanted to provide its interrogatory responses on the same day that Netflix's written responses to Blockbuster's RFPs were due, on Monday, August 14. Even if I was under a misimpression as to the due date of the RFP responses, I would have expected you to offer a correction, rather than wait and claim "gotcha" when we provided our written responses to both sets of discovery today, August 14. Instead, you responded to my request with an email stating that Blockbuster agreed with our request for an extension on the interrogatory responses, without mentioning that you expected Netflix's RFP responses earlier. Given that Blockbuster was aware of and did not disagree with my understanding that the RFP responses were due on August 14 when I requested the extension, and given that Blockbuster has not been prejudiced by receiving Netflix's responses and objections to the RFPs at noon today, rather than at the close of business last Thursday or Friday,[1] we see no basis for your assertion that Netflix's objections to Blockbuster's RFPs have been waived.

Finally, although we still have unresolved differences over the treatment of "AEO" information under the proposed protective order, my impression is that we reached agreement in principle last week regarding the treatment of materials designated confidential. Accordingly, we are producing documents relating to our initial disclosures that have been designated "confidential." We have uploaded these documents to the FTP site you created for document production, and they are presently available for your review at CD volume NFLIX 003, Bates range NFLIX 0015737-18739. We trust that Blockbuster will observe the agreed-upon provisions of the proposed protective order governing "confidential" documents, even though the protective order has not been finalized. As reiterated on our call last Friday, Netflix also has a number of initial disclosure documents designated AEO that we are similarly ready and willing to produce to Blockbuster immediately, if Blockbuster will stipulate to restrict access to those documents to only outside counsel pending entry of a protective order. You previously declined this suggestion, but then stated on Friday that you would consult with your client regarding whether such a stipulation would be acceptable. Please let me know if Blockbuster changes its mind and agrees to enter the proposed stipulation pending entry of a protective order.

Very truly yours,

Leo L. Lam

---

[1] Your letter variously specifies both August 10 and August 11 as the original due date for responses to Blockbuster's RFPs.

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188

## FACSIMILE TRANSMISSION COVER SHEET

August 14, 2006

| To: | Telephone: | Facsimile: |
|---|---|---|
| William J. O'Brien<br>Alschuler Grossman Stein & Kahan, LLP | 310/255-9033 | 310/907-2033 |

| From: | Telephone: | Code: |
|---|---|---|
| Leo Lam | (415) 391-5400 | 6282/wik |

Re: *Netflix, Inc. v. Blockbuster Entertainment Group*

Number of Pages (Including Cover): 3

### COMMENTS

Please see attached.

Operator _____                Time Sent _____

**IF YOU ENCOUNTER ANY DIFFICULTIES RECEIVING THIS TRANSMISSION,
PLEASE CALL (415) 676-2277 OR (415) 391-5400**

The information contained in this facsimile transmission is legally privileged and confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone, and return the original transmission to us at the above address via the U.S. Postal Service. Thank you.