# EXHIBIT G

# ALSCHULER GROSSMAN STEIN & KAHAN LLP
## ATTORNEYS AT LAW

WILLIAM J. O'BRIEN
ATTORNEY AT LAW
WOBRIEN@AGSK.COM
Direct Dial: 310-255-9033
Direct Fax: 310-907-2033

OUR FILE NUMBER
12460-206704

August 25, 2006

BY EMAIL AND FACSIMILE

Daralyn Durie, Esq
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111-1704

Re:   *Netflix, Inc v Blockbuster, Inc*
      U.S. District Court, N.D. Cal., Case No. C-06-2361 WHA

Dear Daralyn:

As you know, we need to confer about Netflix's responses to Blockbuster's First Set of Requests for Production (as well as about Netflix's responses to Blockbuster's First Set of Interrogatories, which I will address in a separate letter)  When I advised you of this in the Courthouse hallway on Thursday of last week, you said that you and your partner Leo Lam would call me the next day  Not having heard from you, I left a voicemail for you that Friday afternoon, but, to date, I have not received a response

I request that you call me right away to confer about Netflix's failure to respond to Blockbuster's First Set of Requests for Production. The important points that we need to discuss include the following:

First, although Blockbuster's First Set of Requests for Production requested that Netflix produce the requested documents on Monday, August 14, 2006, Netflix did not produce any documents in response to the request on that date and still has not produced any documents in response to the Requests  In my telephone conversations with Leo Lam about the production, he initially denied that any production date was specified in the Requests  When I pointed out that, in fact, the August 14 production date appears prominently on the first page of the Requests, Leo denied that Blockbuster was entitled to set the date for production – a position that he maintained even after I pointed out that Rule 34(b) of the Federal Rules of Civil Procedure provides for requests to specify the time, place, and manner of production  Despite my request that it do so, Netflix has failed to specify any date by which the requested documents will be produced.

Second, Netflix has waived all objections – including privilege objections – by failing to file a written response to Blockbuster's First Set of Requests for Production within thirty days after service of the Requests, as was required by Rule 34(b)  Netflix's time for serving a written response expired on August 10, 2006, but Netflix neither served a response by that date

---

Daralyn Durie, Esq.
August 25, 2006
Page 2

nor requested an extension of time. Instead, Netflix served an untimely written response on August 14, asserting repetitive and unmeritorious boilerplate objections to every one of Blockbuster's 134 Requests.[1]

Third, while Netflix's untimely written response asserts the attorney-client privilege and work product doctrine in response to every single one of Blockbuster's Requests, Netflix has not provided a privilege log or any other substantiation of its claims of privilege or work product protection.[2] In some cases, Netflix's privilege and work-product objections are unfounded on their face, as when Netflix objects on privilege grounds to producing documents that were submitted to or received from the Patent Office. (Requests Nos 1-3.) Obviously, documents sent to Netflix by the Patent Office could not be privileged, nor could Netflix maintain a privilege in documents it provided to the Patent Office.

Fourth, Blockbuster cannot ascertain from Netflix's Responses to most of the Requests for Production which, if any, requested documents Netflix intends to produce and which it intends to withhold. A party objecting to part of any request is required under Rule 34(b) to "specif[y]" the part objected to and to permit inspection of any remaining parts of the request. Netflix has failed to comply with either portion of this mandate.

Fifth, Netflix is evidently refusing to produce any documents at all in response to many of Blockbuster's Requests. If Netflix refuses to comply with these Requests, Blockbuster will have no alternative but to ask the Court to compel production.

In addition to being untimely and therefore waived, the objections on which Netflix is basing its refusals to produce requested documents are substantively ill-founded. As one illustration of Netflix's lack of discrimination or restraint in objecting, it objected even to Request No. 133, which merely asked for the items that Netflix had listed in its Initial Disclosures as Rule 26(a)(1)(b) documents – in other words as, "documents ... that are in the possession, custody or control of [Netflix] and that [it] may use to support its claims and defenses ..." (Fed.R.Civ.P. 26(a)(1)(b).) Netflix has also objected to producing, and has refused to produce, relevant patent filings, prior art that disclosed features claimed in the patents-in-suit, and other highly relevant documents.

---

[1] On August 4, Netflix requested and received an extension of its time to respond to Blockbuster's First Set of Interrogatories. The interrogatory responses were initially due on August 10, the same date when the written responses were due. As my email to Leo Lam on that date confirms, the extension was limited to the interrogatory responses.

[2] Leo Lam initially requested an extension of Netflix's time to provide a privilege log but, later the same evening, he left me a voice-mail message withdrawing that request before I had a chance to respond.

Daralyn Durie, Esq.
August 25, 2006
Page 3

One example of the lack of merit of Netflix's objections is provided by the numerous objections asserting irrelevancy. For instance, in Request No. 3, Blockbuster requested documents submitted to or received from the U.S. Patent Office or any other patent office or agency in connection with any patent or application related to the patents-in-suit.[3] Netflix has objected that "documents relating to its patents and/or applications other than the patents-in-suit ... have no relevance to any issue in this case." But as Netflix well knows, proceedings with respect to related applications and patents are in fact highly relevant to Blockbuster's inequitable-conduct defense and antitrust counterclaims. *See, e.g., Pabst Motoren GMbH & Co v. Kanematsu-Goshu (U.S.A.) Inc.*, 629 F. Supp. 864, 870 n.2 (S.D.N.Y 1986)(*cited in* Netflix's Reply in Support of Its Motion to Dismiss at 6 n 5)[4]

As another example, in Requests Nos. 21 through 23, Blockbuster asked for documents related to the case of *Netflix v. NCR*, in which Netflix and NCR contested whether Netflix's online DVD rental service – the same service that Netflix has sought to cover in the patents-in-suit – infringes prior-art NCR patents. Netflix has objected to these Requests as "seeking material that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence." However, the relevancy of *Netflix v. NCR* is clear, not only from Blockbuster's extensive allegations about that case in its Answer and Counterclaims, but also from the Court's recent Order Denying Netflix's Motion to Dismiss; Motion to Strike; and Motion to Bifurcate. In that Order, the Court cited Blockbuster's allegations about *Netflix v. NCR* and expressly confirmed the relevancy of that case. (*See* Order at 8 ("Although Netflix's declaratory-relief action against NCR does not automatically mean that the NCR patents are invalidating-prior art, the controversy lends support for finding that NCR's patents could have rejected Netflix's patent applications had the PTO examiner known about the NCR patents.").)

Netflix also repeatedly asserts unfounded objections that Requests are "oppressive" or "overly broad and unduly burdensome ..." For example, Netflix objects on these grounds to production of the highly relevant *Netflix v. NCR* documents asked for in Requests Nos. 21 through 23. Netflix also repeatedly objects that it is "oppressive" for Blockbuster to ask for prior art that discloses features recited in the claims of the very patents on which Netflix is suing Blockbuster. Having put the validity of its patents at issue by suing

---

[3] The Request refers to any "SUBJECT PATENT OR APPLICATION." This term is defined to include patents and applications that derive from or claim priority of any of the same patent applications as the patents-in-suit as well as those in which Netflix claims or discloses subject matter that overlaps with the patents-in-suit.

[4] As Netflix noted, in upholding allegations of fraudulent patenting, "the court in *Pabst* noted that the claimant specifically alleged that (1) a patent examiner working on a companion patent application had discussed the omitted prior-art patent with prosecution counsel, and (2) prosecution counsel in fact referred to the omitted prior-art patent in an amendment while prosecuting the companion application."

Daralyn Durie, Esq
August 25, 2006
Page 4

Blockbuster for alleged infringement of them, Netflix cannot legitimately complain of the "burden" of turning over relevant prior art

    Netflix also repeatedly objects that, by asking for prior art that disclosed features claimed in Netflix's patents, "Blockbuster seeks thereby to require Netflix to construe a claim element [and] seeks to impose upon Netflix a duty to come forward with a claim construction well prior to the date provided for in Court's Case Management Order and the Local Rules of this Court . . ." This objection implies that Netflix is somehow entitled to deny Blockbuster discovery concerning relevant prior art until after claim construction is concluded. Such a position is plainly improper and is wholly inconsistent with the Case Management Order and Local Rules, which impose no such limit on discovery and require Blockbuster to state its preliminary invalidity contentions *before* claim construction

    In discussions and correspondence, Leo Lam has attempted to avoid Netflix's clear waiver of objections to the Requests, making a series of mistaken or irrelevant assertions about why Netflix failed to serve a timely written response. These have ranged from denying that the written responses were due on August 10 to saying that he misunderstood that date and trying to blame me for failing to correct his misunderstanding. Contrary to Leo's recent assertions, it was not until August 14 that he first told me he believed that the written response deadline was on that date rather than August 10. I would certainly have corrected this error if Leo had mentioned it to me earlier, but his belief that he did so is entirely wishful thinking, just like his earlier assertion that my August 4 email had said that the written responses were due August 14. In any case, responsibility for tracking and complying with the written response deadline lay entirely with Netflix, not Blockbuster.

    Blockbuster demands immediate production of all documents requested in its First Set of Requests for Production We intend to file a motion to compel production unless a satisfactory resolution can be reached immediately. Please call me right away to discuss the situation

Very truly yours,

William J. O'Brien

WJO:js

cc:    Jeffrey R. Chanin, Esq.
        Leo L. Lam, Esq.