# EXHIBIT J

LAW OFFICES:

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

EUGENE M. PAIGE
EPAIGE@KVN.COM

September 1, 2006

**VIA FACSIMILE**

William J. O'Brien, Esq.
Alschuler Grossman Stein & Kahan LLP
1620 26th Street, 4th Floor, North Tower
Santa Monica, CA 90404-4060
Facsimile: 310-907-2000

    Re:    *Netflix, Inc. v. Blockbuster, Inc.*, Case No. C-06-2361 WHA;
           United States District Court for the Northern District of California

Dear Bill:

    Thank you for your extensive letter of yesterday, which I have now had the chance to read through. It appears for the most part accurately to summarize our conversation, and to mesh with the letter that I sent yesterday confirming our talks. I admit to being a bit disappointed with the tone of the letter, which does not seem in the spirit of the constructive discussion that we had on Wednesday. Be that as it may, there are some points in that letter that I believe may bear some clarification, which are discussed below.

    **"Completion" of Conference.** At a few points in the letter, it appears that Blockbuster is taking the position that all discussions on Netflix's objections to Blockbuster's discovery requests were "completed" by our conversation on Wednesday. To be sure, you asked whether Netflix had any other issues that it felt the need to discuss beyond our queries as to Blockbuster's decision to withhold its purportedly confidential documents and our time to file our reply to Blockbuster's counterclaims, to which I responded that we did not have any further issues that Netflix wanted raise on that call. That was not to say, however, that Netflix is not standing by its objections and proposals contained in both Leo's letter of Wednesday and its responses and objections to Blockbuster's discovery requests, and that Netflix does not remain willing to engage in any necessary meet and confer discussions on those points at your convenience. Some of those points that remain are discussed in more detail below. After what was nearly an hour and a half long conference, it made sense for us to take a break from discussing further points and objections, but I expect that we will discuss any points not touched upon on Wednesday prior to any motions practice by Blockbuster based on the "positions" that it has laid out in yesterday's letter.

William O'Brien, Esq.
September 1, 2006
Page 2

**Further Response to Interrogatories.** Thank you for your agreement to stipulate that any further production of information in response to Blockbuster's interrogatories will not be argued to waive any applicable privilege. Netflix is willing to supply additional information in response to Blockbuster's interrogatories in light of that stipulation, and I anticipate that Netflix will be able to supply a revised response by Wednesday of next week.

**Blockbuster's Document Request No. 55.** Your statement that Netflix takes the position that "it would be too burdensome to conduct a thorough or extensive search for documents in its possession reflecting prior art disclosures of the individual features recited in Netflix's claims," or that the requests at issue are merely "overbroad," is incorrect. As we discussed on Wednesday, I am at a loss to come up with a sensible search protocol for the documents to would be literally responsive to these snippets. Our conversation led me to believe that Blockbuster also has no reasonable suggestions for how a search for documents relating to these snippets, which are divorced from the context of the claims from which they come, should be conducted. Blockbuster's suggestion that Netflix survey all of its employees to determine which of them have materials from video stores dating from prior to April of 1999 simply confirms that a search for materials literally responsive to requests of the sort is both unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in this case. If Blockbuster has further suggestions as to how an effective and reasonable search for documents responsive to the requests to which Netflix has objected in which snippets of Netflix's claim terms are used, I would be happy to discuss them with you. But simply taking the position that Netflix should produce all documents literally responsive to the requests to which Netflix has objected does nothing to move the parties forward.

**Netflix's Patents and Applications.** We also did not discuss Leo's proposal, set forth in his letter of Wednesday that Blockbuster accommodate Netflix's objection to producing competitively sensitive information regarding its pending patent applications by limiting the requests to call for only the materials that Blockbuster claims may be relevant to its counterclaims, such as Information Disclosure Statements reflecting prior art. The fact that Blockbuster chose not to address Leo's suggestion in our call on Wednesday should not be viewed as an abandonment of that suggestion, which I think is a constructive way to move towards a possible agreement. If Blockbuster determines that it is necessary to move to compel production over that objection, I expect that you will give me a call in an attempt to discuss that objection prior to doing so.

**Stipulation on Netflix's Reply to Blockbuster's Counterclaims.** Thank you for confirming yesterday evening that Blockbuster will agree to stipulate that Netflix need not file a reply to Blockbuster's counterclaims until the time set forth by Rule 12 for filing a reply to the counterclaims that Blockbuster intends to file to Netflix's First Amended Complaint. Those counterclaims are currently due, pursuant to the parties' previous stipulation, on September 11. Although I am uncertain that such a formal document is necessary, out of an abundance of

William O'Brien, Esq.
September 1, 2006
Page 3

caution, I am enclosing a draft stipulation and [proposed] order setting out what I understand to be the terms of our agreement, and ask that you let me know at your earliest convenience if you have any suggestions for revisions to its form, so that we may seek to file it early next week.

    Thank you very much for your attention to these matters, and please do not hesitate to contact me should you wish to discuss them further.

Sincerely,

Eugene M. Paige

KEKER & VAN NEST, LLP
Jeffrey R. Chanin (No. 103649)
Daralyn J. Durie (No. 169825)
Dorothy McLaughlin (No. 229453)
Kevin T. Reed (No. 240799)
Email: jrc@kvn.com
       ddurie@kvn.com
       amb@kvn.com
       kreed@kvn.com

Attorneys for Plaintiff and Counterdefendant,
Netflix, Inc.

ALSCHULER GROSSMAN STEIN & KAHAN LLP
Marshall B. Grossman (No. 35958)
William J. O'Brien (No. 99526)
Tony D. Chen (No. 176635)
Dominique N. Thomas (No. 231464)
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA 90404-4060
Telephone: 310-907-1000
Facsimile: 310-907-2000
Email: mgrossman@agsk.com
       wobrien@agsk.com
       tchen@agsk.com
       dthomas@agsk.com

Attorneys for Defendant and Counterclaimant,
Blockbuster Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation,<br><br>                              Plaintiff,<br><br>        v.<br><br>BLOCKBUSTER, INC., a Delaware corporation, DOES 1-50,<br><br>                              Defendant. | Case No. C 06 2361 WHA<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING TIME TO FILE RESPONSE TO COUNTERCLAIMS** |
| AND RELATED COUNTER ACTION. | |

STIPULATION AND [PROPOSED] ORDER REGARDING TIME TO FILE RESPONSE

WHEREAS, Netflix, Inc. ("Netflix") and Blockbuster, Inc. ("Blockbuster") (collectively, "the Parties") have previously stipulated that Blockbuster shall have until twenty (20) days after the Court entered its Order on Netflix's Motion to Dismiss or, Alternatively, to Bifurcate and Stay Defendant Blockbuster's Antitrust Counterclaims and to Strike Affirmative Defenses of Unenforceability and Patent Misuse (the "Motion to Dismiss") to file its Answer and Counterclaims to Netflix's First Amended Complaint;

WHEREAS, under Federal Rule of Civil Procedure 12(a)(4)(A), Netflix's reply to Blockbuster's counterclaims filed on June 13, 2006 would be due ten (10) days after Netflix received notice of the Court's entry its Order denying the Motion to Dismiss; and

WHEREAS, the Parties agree that it is unnecessary for Netflix to file a reply to Blockbuster's current counterclaims, as Blockbuster intends to file another Answer and Counterclaims in response to Netflix's First Amended Complaint, as set forth above,

THEREFORE, the Parties stipulate that Netflix shall not be required to file any reply to Blockbuster's Answer and Counterclaims that were filed on June 13, 2006. Instead, Netflix shall file its response to Blockbuster's Answer and Counterclaims in response to Netflix's First Amended Complaint within the time provided for by Federal Rule of Civil Procedure 12(a)(2).

DATED: August 31, 2006    KEKER & VAN NEST, LLP

BY:  /s/
     Eugene M. Paige
     Attorneys for Plaintiff and Counterclaim Defendant
     Netflix, Inc.

DATED: August 31, 2006    ALSCHULER GROSSMAN STEIN & KAHAN LLP

BY:  _____
     William J. O'Brien
     Attorneys for Defendant and Counterclaim Plaintiff
     Blockbuster, Inc.

1

STIPULATION AND [PROPOSED] ORDER REGARDING TIME TO FILE RESPONSE

1  **[PROPOSED] ORDER**

2  **PURSUANT TO STIPULATION, IT IS SO ORDERED:**

3

4  Dated:

5

6

7  ─────────────────────────────
   HON. WILLIAM ALSUP
   UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188

## FACSIMILE TRANSMISSION COVER SHEET

September 1, 2006

| To: | Telephone: | Facsimile: |
|---|---|---|
| William J. O'Brien<br>Alschuler Grossman Stein & Kahan, LLP | 310/255-9033 | 310/907-2033 |

| From: | Telephone: | Code: |
|---|---|---|
| EUGENE M. PAIGE | (415) 391-5400 | 6282/dot |

Re: *Netflix, Inc. v. Blockbuster Entertainment Group*

Number of Pages (Including Cover): 7

*ORIGINAL WILL NOT FOLLOW THIS TRANSMISSION*

### COMMENTS

Correspondence dated September 1, 2006

Operator _____                    Time Sent _____

**IF YOU ENCOUNTER ANY DIFFICULTIES RECEIVING THIS TRANSMISSION,
PLEASE CALL (415) 676-2277 OR (415) 391-5400**

The information contained in this facsimile transmission is legally privileged and confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone, and return the original transmission to us at the above address via the U.S. Postal Service. Thank you.