Netflix, Inc. v. Blockbuster, Inc. Doc. 85 Att. 12
Case 3:06-cv-02361-WHA  Document 85-13  Filed 11/04/2006  Page 1 of 7

EXHIBIT K

Dockets.Justia.com

# ALSCHULER GROSSMAN STEIN & KAHAN LLP
## ATTORNEYS AT LAW

WILLIAM J. O'BRIEN
ATTORNEY AT LAW
WOBRIEN@AGSK.COM
Direct Dial: 310-255-9033
Direct Fax: 310-907-2033

OUR FILE NUMBER
12460-206704

October 13, 2006

FOR ATTACHMENT TO MOTION TO COMPEL

Honorable Joseph C. Spero
United States Magistrate Judge
United States Courthouse
450 Golden Gate Avenue
Courtroom A, 15th Floor
San Francisco, CA 94102-3483

Re:  *Netflix v. Blockbuster*
U.S. District Court Case No: C 06-02361 WHA (JCS)
**Joint Letter Regarding Blockbuster's Motion to Compel Further Responses from Netflix to Blockbuster's First Set of Requests for Production**

Your Honor:

Counsel for Blockbuster Inc. and Netflix, Inc., jointly submit this letter in accordance with your Honor's Notice of Reference and Order Re Discovery Procedures filed September 29, 2006.

## Meet-and-Confer Efforts

Blockbuster's counsel contacted Netflix's counsel about Blockbuster's First Set of Requests for Production on July 11, 2006, the same day they were served. Blockbuster's counsel again contacted Netflix's counsel about the Requests on August 11, 2006, 31 days after service. Thereafter, counsel for the parties conferred extensively about issues related to Netflix's Responses to the Requests. These discussions have included telephone conferences between William O'Brien and Dominique Thomas of Alschuler Grossman Stein & Kahan LLP and Leo

---

THE WATER GARDEN
1620 26TH STREET • FOURTH FLOOR • NORTH TOWER • SANTA MONICA, CA 90404-4060
TELEPHONE:  310-907-1000  •  www.agsk.com  •  FACSIMILE:  310-907-2000

Honorable Joseph C. Spero
October 13, 2006
Page 2

Lam, Eugene Paige, and Ashok Ramani of Keker & Van Nest LLP, extensive correspondence between counsel, and an in-person meeting between William O'Brien and Jeffrey Chanin of Keker & Van Nest on October 13, 2006, in San Francisco, with Marshall Grossman participating by telephone.

During the course of these conferences and communications, counsel resolved a number of issues, but they have been unable to reach agreement on numerous Requests for Production.

**Unresolved Issues and Parties' Final Positions**

The unresolved issues with regard to Blockbuster's First Set of Requests for Production, and the parties' respective final positions on each issue are as follows:

1.  <u>Documents Related to Netflix Patents and Applications or to Patent Rights Related to Blockbuster Online or to Netflix (Requests Nos. 3-5, 10-16, 46-54)</u>: Blockbuster contends that these documents are highly relevant and reasonably calculated to lead to discovery of admissible evidence, including evidence with regard to Blockbuster's defenses of obviousness and inequitable conduct and Blockbuster's antitrust counterclaims. Netflix has objected to these Requests as overbroad and unduly burdensome and has agreed to provide some of the requested documents only insofar as they relate specifically to the two patents-in-suit in this case, while declining to produce any documents in response to other Requests.

Honorable Joseph C. Spero
October 13, 2006
Page 3

- Blockbuster contends that Netflix should be required to produce all of the documents and things requested in these Requests.

- Netflix contends that, in response to Requests Nos. 3-5, 10-16, 46, and 52, it should be required to produce only the requested documents that specifically relate to the patents-in-suit, and that it should not be required to produce any documents in response to the remainder of the foregoing Requests.

2. <u>Documents Relating to Preferential Selection Methodologies Referred to as "Throttling" (Requests Nos. 24-26 and 128-29)</u>: Blockbuster contends that these Requests are highly relevant and reasonably calculated to lead to discovery of admissible evidence, including evidence with regard to Blockbuster's best-mode defenses as well as Blockbuster's antitrust counterclaims. Netflix has objected to these Requests as irrelevant and as not reasonably calculated to lead to discovery of admissible evidence.

- Blockbuster contends that Netflix should be required to produce all the documents and things requested in these Requests.

- Netflix contends that it should not be required to produce any of the documents and things requested in these Requests.

3. <u>Documents Related to Delivery by the Postal Service (Requests Nos. 130-32)</u>: Blockbuster contends that these Requests are highly relevant and reasonably calculated to

Honorable Joseph C. Spero
October 13, 2006
Page 4

lead to discovery of admissible evidence, including evidence related to Blockbuster's best-mode defenses and antitrust counterclaims. Netflix has objected to these Requests as irrelevant and not reasonably calculated to lead to discovery of admissible evidence.

- Blockbuster contends that Netflix should be required to produce all of the documents and things requested in these Requests.

- Netflix contends that it should not be required to produce any of the documents and things requested in these Requests.

4. Documents Related to Prior Art Known to Netflix (Requests Nos. 32, 34-36, 55-57, 67-71, 73-74, 78-81, 86, 88-90, 93-100, 105, 113-17, and 119): Blockbuster contends that these Requests are highly relevant to Blockbuster's defenses of anticipation, obviousness, and inequitable conduct, as well as to Blockbuster's antitrust counterclaims. Netflix has objected to these Requests as overbroad, burdensome, and harassing.

- Blockbuster contends that Netflix should be required to produce all of documents and things requested in these Requests, subject to the following qualifications only:

    o Blockbuster is willing to limit Requests Nos. 55, 69, 79, 90, 99, and 105 to documents sufficient to fully describe the prior art referred to those Requests and Netflix's knowledge of that art.

Honorable Joseph C. Spero
October 13, 2006
Page 5

- o  Blockbuster is willing to limit Requests Nos. 35 and 36 to matters known to PERSONS UNDER A DUTY OF CANDOR as defined in the Requests and to exclude from the Requests any items purchased over Amazon or eBay.

- Netflix contends that it should not be required to produce any of the documents and things requested in these Requests.

5.  <u>Waiver of Objections</u>:  Blockbuster contends that Netflix has waived all objections to Blockbuster's First Set of Requests for Production, because Netflix failed to serve a written response to the requests within 30 days and did not request or obtain an extension of its time to respond.  Blockbuster further contends that Netflix has waived its privilege and work-product objections to the Requests by failing to provide a privilege log – or even a stated date by which it will provide such a log – even though it has now been more than two months since Netflix's written response to the requests were due.  [**INSERT NETFLIX CONTENTION**]

- Blockbuster contends that Netflix has waived all objection to the requests and should be required to respond to them in full without objection.

  - o  In the alternative, Blockbuster contends that Netflix has waived privilege and work-product objections and should be required to produce the requested documents and things without withholding any based on such objections.

Honorable Joseph C. Spero
October 13, 2006
Page 6

> o   As a further alternative, Blockbuster contends that Netflix should be ordered to provide a complete privilege log within 5 days and that all privilege and work-product objections be deemed waived as to all requested documents and things that Netflix has not fully and properly logged by that time in accordance with all requirements of the Federal Rules of Civil Procedure, Local Rules, and applicable Orders of this Court.

- Netflix contends [insert Netflix contention]

Counsel and the parties appreciate the Court's assistance in resolving these disputes.

> Respectfully submitted,
>
> William J. O'Brien
> of Alschuler Grossman Stein & Kahan LLP
> Attorneys for Blockbuster Inc.
>
> Jeffrey R. Chanin
> of Keker & Van Nest LLP
> Attorneys for Netflix, Inc.

WJO:js

909422_1.DOC