# EXHIBIT N

1  KEKER & VAN NEST, LLP
   JEFFREY R. CHANIN - #103649
2  DARALYN J. DURIE - #169825
   ASHOK RAMANI - #200020
3  710 Sansome Street
   San Francisco, CA 94111-1704
4  Telephone: (415) 391-5400
   Facsimile: (415) 397-7188
5
   Attorneys for Plaintiff
6  NETFLIX, INC.

7
                    UNITED STATES DISTRICT COURT
8
                    NORTHERN DISTRICT OF CALIFORNIA
9

10
   NETFLIX, INC., a Delaware corporation,    Case No. C 06 2361 WHA
11
        Plaintiff, Counterclaim-Defendant,   **REPLY TO DEFENDANT'S
12                                           COUNTERCLAIMS**
        v.
13
   BLOCKBUSTER, INC., a Delaware             Complaint filed:    April 4, 2006
14 corporation, DOES 1-50,

15      Defendant, Counterclaim-Plaintiff

### ALLEGATIONS COMMON TO BLOCKBUSTER'S AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

### BACKGROUND

16. Netflix admits that the pleadings in this case are as reflected in the Court's docket. Netflix denies the remaining allegations in Paragraph 16.

17. Denied

18. Netflix admits that the '450 patent describes a method for renting items to customers. Netflix denies the remaining allegations in Paragraph 18.

19. Netflix admits that the '381 patent describes a method for renting movies to customers. Netflix denies the remaining allegations in Paragraph 19.

20. Netflix admits that some of the claims of the '450 and '381 patents recite features related to subscription rental and to implementing online subscription rental of items, including a queue of desired items. Netflix denies the remaining allegations in Paragraph 20.

21. Denied

22. Denied

### HISTORY OF NETFLIX'S PATENTS

23. Admitted

24. Admitted

25. Netflix admits that the '450 patent was issued on June 24, 2003. Netflix denies the remaining allegations in Paragraph 25.

26. Netflix admits that it has not filed infringement claims against any other company operating an online DVD rental business. Netflix denies the remaining allegations in Paragraph 26.

27. Netflix admits that it applied for the '381 patent on May 14, 2003. Netflix admits that it filed the application for the '381 patent, Serial No. 10/438, 727, in the names of Reed Hastings, Marc Randolph, and Neil Duncan Hunt. Netflix denies the remaining allegations in Paragraph 27.

28.   Netflix admits that the '381 patent issued and that this lawsuit was filed on April 4, 2006. Netflix denies the remaining allegations in Paragraph 28.

29.   Denied

30.   Netflix admits that it filed the application for the '450 patent on April 28, 2000. Netflix admits that it filed the application for the '381 patent on May 14, 2003. Netflix admits that the '450 patent issued on June 24, 2003. Netflix admits that the '381 patent issued on April 4, 2006, and that it filed a complaint against Blockbuster for patent infringement on that same day. Netflix lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 30.

### NETFLIX'S DUTY OF CANDOR TO THE PATENT OFFICE

31.   Netflix admits that certain specific individuals, including the named inventors and the attorneys who prosecuted the patent applications, owed a duty of candor to the Patent and Trademark Office pursuant to 37 C.F.R. § 1.56(c). Netflix denies the remaining allegations in Paragraph 31.

32.   Netflix admits that Blockbuster has correctly quoted the text of 37 C.F.R. § 1.56(c).

33.   Netflix admits that certain specific individuals, including the named inventors and the attorneys who prosecuted the patent applications, owed a duty of candor to the Patent and Trademark Office pursuant to 37 C.F.R. § 1.56(c). Netflix denies the remaining allegations in Paragraph 33.

34.   Netflix admits that the duty of candor and good faith owed to the Patent and Trademark Office "exists with respect to each pending claim until the claim is cancelled or withdrawn from consideration, or the application becomes abandoned." 37 C.F.R. § 1.56(a). Netflix denies the remaining allegations in Paragraph 34.

35.   Netflix admits that a declaration and power of attorney was submitted to the Patent Office in support of the '450 patent application. Netflix admits that the Declaration was signed by Reed Hastings on September 28, 2000, Neil Duncan Hunt on September 29, 2000, and

Marc B. Randolph on October 3, 2000. Netflix denies the remaining allegations in Paragraph 35.

36. Netflix admits that the declaration and power of attorney includes a paragraph that states: "I acknowledge a duty to disclose information which is known to me to be material to patentability in accordance with Title 37, Code of Federal Regulations 1.56."

37. Admitted

### NETFLIX'S ALLEGED VIOLATIONS OF THE DUTY OF CANDOR

38. Denied

39. Denied

40. Netflix admits that Netflix CEO and Named Inventor Reed Hastings met with Blockbuster's then-Executive Vice President and General Counsel Edward Stead in or around January of 2005. Netflix denies the remaining allegations in Paragraph 40.

41. Netflix admits that certain prior art references were disclosed in connection with the prosecution of the '381 patent that had not been disclosed in connection with the prosecution of the '450 patent. Netflix denies the remaining allegations in Paragraph 41.

42. Denied

43. Denied

### PRIOR ART CONCEALED BY NETFLIX

44. Netflix admits that it was aware of the existence of certain patents purportedly owned by NCR during the pendency of the applications for the '450 and '381 patents. Netflix admits that it was aware of the existence of HBO, Showtime, and TiVo while the applications were pending. Blockbuster's remaining allegations in Paragraph 44 are not sufficiently specific to permit Netflix to admit or deny.

45. Netflix admits that NCR holds patents listed in Paragraph 45.

46. Denied

47. Netflix admits that it was aware of the existence of certain patents purportedly owned by NCR during the pendency of the applications for the '450 and '381 patents. Netflix denies the remaining allegations in Paragraph 47.

1  48.  Admitted

2  49.  Netflix admits that it received a letter from NCR on January 7, 2003, and did not
3  disclose the patents identified in that letter to the Patent and Trademark Office.  Netflix denies
4  the remaining allegations in Paragraph 49.

5  50.  Admitted

6  51.  Admitted

7  52.  Netflix admits that it did not disclose the NCR patents to the Patent Office in
8  conjunction with the '381 patent.  Netflix denies the remaining allegations in Paragraph 52.

9  53.  Denied

10  54.  Denied

11  55.  Denied

12  56.  Denied

### NETFLIX'S DECEPTIVE INTENT

15  57.  Denied

16  58.  Denied

17  59.  Denied

### JURISDICTION

20  81.  Admitted

21  82.  Admitted

22  83.  Admitted

### VENUE

24  84.  Admitted

### INTRADISTRICT ASSIGNMENT

26  85.  Admitted

### THE PARTIES

28  86.  Admitted

4
NETFLIX'S REPLY TO DEFENDANT'S COUNTERCLAIMS
CASE NO. C 06 2361 WHA

1    87.    Admitted

## INTERSTATE COMMERCE

3    88.    Denied

4    89.    Netflix admits that from approximately April 28, 2000, through the present, it rented and distributed DVDs throughout the United States; that it distributed rental DVDs and received returns of rental DVDs through the United States mails; and that it solicited and entered into DVD rental contracts, obtained DVD rental orders, received payments for DVD rentals, and promoted its online DVD rental service over the Internet. Netflix denies the remaining allegations in Paragraph 89.

## RELEVANT MARKET

90.   Denied

91.   Denied

92.   Denied

93.   Denied

## FIRST COUNTERCLAIM

(Monopolization in Violation of Section 2 of the Sherman Antitrust Act)

94.   Netflix incorporates by reference all of its responses to paragraphs 16 through 93 above.

95.   Denied

96.   Denied

97.   Denied

98.   Netflix admits that it did not cite any prior art. Netflix denies the remaining allegations in Paragraph 98.

99.   Denied

100.  Denied

101.  Denied

102.  Denied

103.  Denied

1  104. Denied
2  105. Denied
3  106. Denied
4  107. Denied
5  108. Denied
6  109. Denied
7  110. Denied

## SECOND COUNTERCLAIM

### (Attempted Monopolization in Violation of Section 2 of the Sherman Antitrust Act)

111. Netflix incorporates by reference all of its responses to Paragraphs 16 through 110 above.

112. Denied
113. Denied
114. Denied
115. Denied
116. Denied
117. Denied
118. Denied
119. Denied

## THIRD COUNTERCLAIM

### (Declaratory Judgment as to the '450 Patent)

120. Netflix incorporates by reference all of its responses to paragraphs 16 through 119 above.

121. Netflix admits that its case against Blockbuster alleges that Blockbuster's Blockbuster Online service infringes Netflix's '450 patent and seeks an injunction and monetary award based on that contention. Netflix denies the remaining allegations in Paragraph 121.

122. Denied
123. Denied

1  124. Denied

2  125. Denied

#### FOURTH COUNTERCLAIM

**(Declaratory Judgment as to the '381 Patent)**

126. Netflix incorporates by reference all of its responses to paragraphs 16 through 125 above.

127. Netflix admits that its case against Blockbuster alleges that Blockbuster's Blockbuster Online service infringes Netflix's '381 patent and seeks an injunction and monetary award based on that contention. Netflix denies the remaining allegations in Paragraph 127.

128. Denied

129. Denied

130. Denied

131. Denied

#### FIRST AFFIRMATIVE DEFENSE

Blockbuster's claims are barred in whole or in part because they fail to state a claim on which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

Blockbuster's claims are barred in whole or in part by the First Amendment to the United States Constitution.

#### THIRD AFFIRMATIVE DEFENSE

Blockbuster's claims are barred in whole or in part by *Eastern R. Conf. v. Noerr Motors*, 365 U.S. 127 (1961), *United Mine Workers v. Pennington*, 381 U.S. 657 (1965), and their progeny.

#### FOURTH AFFIRMATIVE DEFENSE

Blockbuster's claims are barred in whole or in part because Blockbuster has not suffered, and will not suffer, antitrust injury or any other injury to a legally cognizable interest.

**FIFTH AFFIRMATIVE DEFENSE**

Blockbuster's claims are barred in whole or in part because, to the extent that Netflix engaged in the actions alleged, Netflix's actions are justified as valid business decisions.

**SIXTH AFFIRMATIVE DEFENSE**

Blockbuster's claims are barred in whole or in part by the unclean-hands doctrine.

**SEVENTH AFFIRMATIVE DEFENSE**

Blockbuster's claims are barred in whole or in part because Blockbuster failed to mitigate its alleged damages, if any.

**EIGHTH AFFIRMATIVE DEFENSE**

Blockbuster's claims are barred in whole or in part because its alleged damages, if any, are speculative.

//

Dated: October 2, 2006                                KEKER & VAN NEST, LLP


By: ___/s/___
JEFFREY R. CHANIN
DARALYN J. DURIE
ASHOK RAMANI
Attorneys for Plaintiff
NETFLIX, INC.