# EXHIBIT Q

1  KEKER & VAN NEST, LLP
   JEFFREY R. CHANIN - #103649
2  DARALYN J. DURIE - #169825
   ASIM M. BHANSALI - #194925
3  DOROTHY R., MCLAUGHLIN - #229453
   KEVIN T. REED - #240799
4  710 Sansome Street
   San Francisco, CA  94111-1704
5  Telephone:  (415) 391-5400
   Facsimile:  (415) 397-7188
6
   Attorneys for Plaintiff
7  NETFLIX, INC.

8

                 UNITED STATES DISTRICT COURT
9
                 NORTHERN DISTRICT OF CALIFORNIA
10

11 | NETFLIX, INC., a Delaware corporation,    | Case No. C 06 2361 WHA
12 |                              Plaintiff,    | **NETFLIX'S AMENDED INITIAL DISCLOSURES UNDER RULE 26 OF THE FEERAL RULES OF CIVIL PROCEDURE**
13 |         v.                                 |
14 | BLOCKBUSTER, INC., a Delaware corporation, DOES 1-50, |
15 |                              Defendant.    | Complaint filed:    April 4, 2006

16

17

18

19

20

21

22

23

24

25

26

27

28

---

1

377945.01

NETFLIX'S AMENDED INITIAL DISCLOSURES UNDER FRCP 26
Case No. C 06 2361 WHA

1  Plaintiff Netflix, Inc. ("Netflix") makes the following initial disclosures under Rule
2  26(a)(1) of the Federal Rules of Civil Procedure.
3  Netflix's investigation is continuing, and these disclosures provide information currently
4  known and available to Netflix after a good-faith inquiry and investigation. By identifying
5  witnesses in these initial disclosures, Netflix makes no representation or admission concerning
6  the knowledge or competence of any individual identified. Likewise, by identifying documents
7  in these initial disclosures, Netflix makes no representation or admission concerning their
8  relevance to this case.
9  Netflix reserves the right to supplement and/or amend these disclosures and to produce
10 subsequent discovery or other information relevant to this case.
11 **A.  Witnesses – FRCP 26(a)(1)(A)**
12 Netflix believes that the following individuals are likely to have discoverable information
13 that Netflix may use to support its claims or defenses, exclusive of information used solely for
14 impeachment:
15  1. W. Reed Hastings, Chief Executive Officer: Information regarding U.S. Patents
16 6,584,450 and 7,024,381, including information regarding the invention of the Queue,
17 prosecution of the patents, and research and development work.
18  2. Neil Duncan Hunt, Chief Product Officer: Information regarding U.S. Patents
19 6,584,450 and 7,024,381, including information regarding the invention of the Queue,
20 prosecution of the patents, and research and development work.
21  3. Kate Arnold, Product Manager: Information regarding U.S. Patents 6,584,450 and
22 7,024,381, including descriptions of the Marquee program and Netflix generally.
23  4. Chris Darner, Former Employee: Information regarding U.S. Patents 6,584,450 and
24 7,024,381, including information regarding the Marquee program.
25  5. Ken Dauber, Senior Production Engineer: Information regarding U.S. Patents
26 6,584,450 and 7,024,381, including correspondence about the design of the Queue.
27  6. Josh Evans, Web Engineering Manager: Information regarding U.S. Patents
28 6,584,450 and 7,024,381, including information about international marketing; marketing

presentations on website visitor metrics and website quality; and spreadsheets of customer rental history.

7. Rob Fagan, Quality Assurance Manager: Information regarding U.S. Patents 6,584,450 and 7,024,381, including Netflix pricing.

8. Naresh Gopalani, Senior Software Engineer: Information regarding U.S. Patents 6,584,450 and 7,024,381, including engineering specifications and reports on improvements to the Queue.

9. Rob Gordon, Former Director, Quality Assurance: Information regarding U.S. Patents 6,584,450 and 7,024,381, including information regarding the Marquee program.

10. Luke Jiang, Senior Quality Assurance Engineer: Information regarding U.S. Patents 6,584,450 and 7,024,381, including software test plans.

11. Leslie Kilgore, Chief Marketing Officer: Information regarding the marketing of the systems described in U.S. Patents 6,584,450 and 7,024,381, including presentations of marketing research, email correspondence about marketing, and marketing research summaries about Netflix and Blockbuster.

12. Paul Kirincich, Vice President, Financial Planning and Analysis: Information regarding Netflix's finances, including presentations on Netflix's financial outlook.

13. Bill Kunz, Senior Production Engineer: Information regarding U.S. Patents 6,584,450 and 7,024,381, including source code for web pages that describe the Marquee program and Netflix generally.

14. Stan Lanning, Director, Cinematch: Information regarding U.S. Patents 6,584,450 and 7,024,381, including research and development work.

15. Angela LoSasso, Former Editor-in-Chief/Product Manager: Information regarding U.S. Patents 6,584,450 and 7,024,381, including information regarding the Marquee program.

16. Omer Matchin, Former Vice President, Marketing: Information regarding the marketing of the systems described in U.S. Patents 6,584,450 and 7,024,381, including presentations of marketing research, email correspondence about marketing, and marketing research summaries about Netflix and Blockbuster.

17. Barry McCarthy, Chief Financial Officer: Articles about Netflix and Blockbuster, correspondence, spreadsheets and charts about Netflix's finances.

18. Kevin McEntee, Vice President, Web Engineering: Information regarding U.S. Patents 6,584,450 and 7,024,381, including research and development work.

19. Joel Mier, Senior Director Marketing Analysis: Information regarding the marketing of the systems described in U.S. Patents 6,584,450 and 7,024,381, including research on competitors, market research on the Marquee program, and research on Netflix customers.

20. Marc B. Randolph, Former Employee: Information regarding U.S. Patents 6,584,450 and 7,024,381, including information regarding research and development work relating and prosecution.

21. Crystal Trexel, Director, Product Management: Information regarding U.S. Patents 6,584,450 and 7,024,381, including personalization of the Netflix service.

22. Erich Ziegler, Market Research Director: Information regarding the marketing of the systems described in U.S. Patents 6,584,450 and 7,024,381, including spreadsheets about Blockbuster, spreadsheets of various Netflix pricing scenarios, and spreadsheets of subscriber forecasts.

The above individuals may be contacted only through counsel at Keker & Van Nest LLP, 710 Sansome Street, San Francisco, California 94111, (415) 391-5400. Netflix believes the following additional individuals are also likely to have discoverable information that Netflix may use to support its claims or defenses, exclusive of information used solely for impeachment:

Netflix does not know the whereabouts and contact information for the following individuals identified in paragraphs 23 through 25, but is informed and believes that such information would be known to Blockbuster, Inc. ("Blockbuster").

23. Current and former employees of Blockbuster, including John F. Antioco, Chairman and Chief Executive Officer, and David Perkovich, formerly Blockbuster's Vice President of Online Subscription Services, who were involved in the research, development and implementation of the Blockbuster Online service.

24. Current and former employees of Blockbuster who were involved in the marketing

of the Blockbuster Online service.

25. Current and former employees of Blockbuster who have access to information regarding Blockbuster's finances.

Netflix reserves the right to identify other individuals who may have discoverable information that Netflix may use to support its claims or defenses, exclusive of information used solely for impeachment.

**B.    Documents – FRCP 26(a)(1)(B)**

Netflix reserves the right to identify other documents that it may use to support its claims or defenses in this action. Nonconfidential documents responsive to the categories below, Bates numbered NFLIX0002518-NFLIX0015736, have been produced. Confidential documents responsive to the categories below, Bates numbered NFLIX0015737-NFLIX0018739, will be produced when a protective order is in place. Highly confidential "attorneys' eyes only" documents responsive to the categories below, Bates numbered NFLIX0018740-NFLIX00190092, will be produced when a protective order is in place.

1. Documents publicly available at the Internet addresses http://netflix.com and http://blockbuster.com.

2. U.S. Patents 6,584,450 and 7,024,381 and their prosecution histories.

3. Documents relating to the conception of the invention described in the above-mentioned patents, including but not limited to documents describing product requirements and engineering specifications.

4. Documents and/or references cited in each of the above-mentioned patents.

5. Documents relating to the reduction to practice of the invention described in the above-mentioned patents, including but not limited to screen shots, emails, source code, and documents describing product requirements and engineering specifications.

6. Documents relating to industry recognition of the invention described in the above-mentioned patents, including but not limited to news articles.

7. Documents relating to competitive information and analyses about Blockbuster, including but not limited to spreadsheets, charts, and financial analyses of Blockbuster.

8. Documents relating to Netflix's financial information, including but not limited to spreadsheets, charts, and financial analyses including forecasting spreadsheets and financial summaries contained in Netflix's board materials, as well as documents evidencing Netflix's lost sales, and lowered prices and profit margins.

9. Documents relating to Netflix's practice of the invention described in the above-mentioned patents, including but not limited to screen shots, emails and source code.

10. Documents relating to Blockbuster's conception of the Blockbuster Online service.

11. Documents relating to Blockbuster's competitive information and analyses about Netflix.

12. Documents relating to Blockbuster's financial information, including but not limited to spreadsheets, charts, and financial analyses of Blockbuster.

**C.    Computation of Damages – FRCP 26(a)(1)(C)**

Netflix has lost profits as a result of Blockbuster's infringing activity. At a minimum, there is reason to believe that subscribers to Blockbuster's infringing service would have become Netflix subscribers but for the infringing activity. Netflix would have obtained revenue from each of those subscribers from the date that they would have become Netflix subscribers through the present, but cannot calculate the amount of that lost revenue without discovery into the number of Blockbuster subscribers. In addition, Netflix's prices have been adversely impacted by Blockbuster's competition. Netflix cannot yet quantify the precise impact that Blockbuster's competition has had on Netflix's prices.

At a minimum, Netflix is entitled to a reasonable royalty to compensate it for Blockbuster's past infringement. The amount of that royalty cannot yet be determined, because Netflix needs discovery into Blockbuster's financial information in order to determine a reasonable royalty, but the royalty rate would be applied to all of Blockbuster's revenue from its online operations.

Netflix is also entitled to damages from Blockbuster's willful infringement, its expenses and its attorneys' fees, in an amount yet to be determined.

**D.    Insurance – FRCP 26(a)(1)(D)**

Netflix is not aware of any insurance agreement at this time that would cover any potential judgment based on the parties' claims and counterclaims in this litigation.

Dated: July 28, 2006

KEKER & VAN NEST, LLP

By: /s/
JEFFREY R. CHANIN
DARALYN J. DURIE
DOROTHY R. MCLAUGHLIN
Attorneys for Plaintiff
NETFLIX, INC.

<u>PROOF OF SERVICE</u>

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On July 28, 2006, I served the following document(s):

☑     by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

Marshall B. Grossman, Esq.
William J. O'Brien, Esq.
Alschuler Grossman Stein & Kahan LLP
1620 26th Street, 4th Floor, North Tower
Santa Monica, CA 90404-4060

Executed on July 28, 2006, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

DOROTHY R. MCLAUGHLIN

377945.01

NETFLIX'S AMENDED INITIAL DISCLOSURES UNDER FRCP 26
Case No. C 06 2361 WHA