# EXHIBIT S

Dockets.Justia.com



San Francisco Superior Courts
Information Technology Group

## Document Scanning Lead Sheet

Sep-23-2004 12:13 pm

Case Number: CGC-04-434884

Filing Date: Sep-23-2004 11:51

Juke Box: 001    Image: 01045835

COMPLAINT

FRANK CHAVEZ VS. NETFLIX, INC., A FOREIGN CORPORATION et al

001C01045835

**Instructions:**
Please place this sheet on top of the document to be scanned.

ORIGINAL

LAW OFFICES OF SETH A. SAFIER, 6467 CALIFORNIA, SAN FRANCISCO, CALIFORNIA, 94121 SETH@SAFIER.ORG

1  LAW OFFICES OF ADAM GUTRIDE
2  ADAM GUTRIDE (State Bar No. 181446)
   835 Douglass Street
3  San Francisco, California 94114
   Telephone: (415) 271-6469
4  Facsimile: (928) 438-1285

5  LAW OFFICES OF SETH A. SAFIER
   SETH A. SAFIER (State Bar No. 197427)
6  6467 California
   San Francisco, California 94121
7  Telephone: (415) 336-6545
8  Facsimile: (415) 876-4345

9  Attorneys for Plaintiff,
   Frank Chavez
10

11

12

13

CASE MANAGEMENT CONFERENCE SET

PLAN 1    FEB 2 5 2005  9:00 AM

DEPARTMENT 212

SUPERIOR COURT OF THE STATE OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

14  FRANK CHAVEZ, an individual, and Cali-        CASE NO. _____ 34834
    fornia resident, on behalf of himself, those
15  similarly situated, and the general public,   UNLIMITED CIVIL CASE
16
                    Plaintiff,                    CLASS ACTION COMPLAINT FOR
17                                                FALSE ADVERTISING; UNFAIR COM-
             v.                                   PETITION; VIOLATION OF THE CALI-
18                                                FORNIA CONSUMERS LEGAL
    NETFLIX, INC., a foreign corporation;         REMEDIES ACT; BREACH OF CON-
19  and DOES 1 THROUGH 10                         TRACT; BREACH OF THE COVENANT
                                                 OF GOOD FAITH AND FAIR DEALING;
20                  Defendants.                   AND FRAUD, DECEIT AND/OR MIS-
                                                 REPRESENTATION
21

22

23

24

25

26

27

28

Class Action Complaint for False Advertising, Unfair Competition, Violation of the CLRA, Breach of Contract, Breach of the Covenant of
Good Faith and Fair Dealing, and Fraud, Deceit and/or Misrepresentation

1      COMES NOW, Plaintiff, an individual and California resident, brings this Class Action

2  Complaint against Defendants, on behalf of himself, those similarly situated and members of the

3  general public, for violation of sections 17200 and 17500 *et seq.*, of the California Business and

4  Professions Code, violations of the California Consumers Legal Remedies Act, California Civil

5  Code § 1750, *et seq.*, breach of contract, breach of the covenant of good faith and fair dealing,

6  and fraud, deceit and/or misrepresentation.  Plaintiff alleges as follows:

7  I.      **PARTIES**

8          1.  Frank Chavez ("Plaintiff") is an individual and a resident of the City and County of

9  San Francisco, California.

10         2.  Plaintiff is informed and believes, and thereupon alleges, that Netflix, Inc. is a

11  corporation, duly organized and existing under the laws of the state of Delaware, with its

12  principal place of business in Los Gatos, California.

13         3.  The true names and capacities of Defendants sued as Does 1 through 10 inclusive are

14  unknown to Plaintiff, who therefore sues said Defendants by such fictitious names pursuant to

15  section 474 of the California Code of Civil Procedure.  Plaintiff will seek leave of court to amend

16  this Class Action Complaint when said true names and capacities have been ascertained.  (The

17  parties identified in paragraphs 2 - 3 of this Class Action Complaint heretofore are collectively

18  referred to as "Defendants").

19         4.  Plaintiff is informed and believes, and thereupon alleges, that at all times herein

20  mentioned, each of the Defendants was the agent, servant, representative, officer, director, partner

21  or employee of the other Defendants and, in doing the things herein alleged, was acting within the

22  scope and course of his/him/its authority as such agent, servant, representative, officer, director,

23  partner or employee, and with the permission and consent of each Defendant.

24         5.  Plaintiff is informed and believes, and thereupon alleges, that at all times herein

25  mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture,

26  partnership and common enterprise, and acting within the course and scope of, and in pursuance

27  of, said joint venture, partnership and common enterprise.

28         6.  Plaintiff is informed and believes, and thereupon alleges, that at all times herein

LAW OFFICES OF SETH A. SAFIER, 6467 CALIFORNIA, SAN FRANCISCO, CALIFORNIA, 94121 SETH@SAFIER.ORG

-1-

1  mentioned, the acts and omissions of Defendants, and each of them, concurred and contributed to

2  the various acts and omissions of each and all of the other Defendants in proximately causing the

3  injuries and damages as herein alleged.

4      7.  Plaintiff is informed and believes, and thereupon alleges, that at all times herein

5  mentioned, Defendants, and each of them, ratified each and every act or omission complained of

6  herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the

7  acts and omissions of each and all of the other Defendants in proximately causing the damages as

8  herein alleged.

9  II.      **STATEMENT OF FACTS**

10          a.      **Defendants Deliver DVD Movie Rentals To Customers Via US Mail**

11                  **For A Monthly Fee.**

12      8.  Defendants are engaged in the business of providing online DVD movie rentals to

13  consumers throughout the United States.  Defendants claim to have more than 2 million

14  customers nationwide.

15      9.  Defendants, via a website located at www.netflix.com, provide customers with an

16  online "account" or "membership" for online DVD rentals.  Defendants offer different levels of

17  membership according to which customers are permitted to have on loan increasing numbers of

18  DVDs at any given time.  Specifically, Defendants currently offer the following membership

19  levels, for the following monthly membership fees:

20          **8-at-a-time for $49.99**

21          Unlimited rentals - up to 8 movies out at a time for a flat monthly fee of $49.99

22          **5-at-a-time for $33.99**

23          Unlimited rentals - up to 5 movies out at a time for a flat monthly fee of $33.99.

24
25          **3-at-a-time for $21.99**

26          Unlimited rentals - up to 3 movies out at a time for a flat monthly fee of $21.99.

27          **2-at-a-time (4 rentals a month) for $14.99**

28          Up to 4 rentals a month - up to 2 movies out at a time for a flat monthly fee of

LAW OFFICES OF SETH A. SAFIER, 6467 CALIFORNIA, SAN FRANCISCO, CALIFORNIA, 94121 SETH@SAFIER.ORG

-2-

LAW OFFICES OF SETH A. SAFIER, 6467 CALIFORNIA, SAN FRANCISCO, CALIFORNIA, 94121 SETH@SAFIER.ORG

1   $14.99.

2   10. Plaintiff is informed and believes, and thereupon alleges, that Defendants have

3   increased the fees associated with each level of membership on several occasions since 1998.

4   

5   11. Each account permits Defendants' customers to create a list (or "queue") of DVD

6   movies that they are interested in renting. Depending on the membership plan selected by the

7   customer as set forth above, Defendants will send the customer, via the United States Postal

8   Service ("USPS") the first two to eight DVDs on his or her queue. Defendants record, in their

9   database, a date when each DVD is purportedly "shipped" as well as an estimated date on which

10  the DVD will arrive at the customer's mailing address. When the customer is finished with each

11  DVD, he or she returns it to Defendants via the USPS, in a similar postage-paid envelope

12  provided by Defendants. At some time after Defendants receive a customer's returned DVD(s)

13  Defendants record, in their database, a date that the DVD has purportedly been "returned."

14  Thereafter, Defendants ship the next DVD(s) on that customer's queue and record, in their

15  database, a date that the DVD has purportedly been "shipped."

16  12. Plaintiff is informed and believes, and thereupon alleges, that for each DVD rented by

17  a customer, Defendants incur certain costs, which include (without limitation) (1) the postage for

18  sending the DVD to the customer, (2) the postage on the pre-paid envelope for receiving the DVD

19  from the customer after it is viewed, (3) the packaging in which the DVD is mailed and returned;

20  (4) the wear and tear on the DVD, (5) licensing fees associated with the rental of the DVD, and

21  (6) wages and other costs associated with fulfilling the DVD order and with restocking returned

22  DVD.

23  13. Plaintiff is informed and believes, and thereupon alleges, that in order to increase their

24  profitability, Defendants endeavor to encourage customers to subscribe to the more expensive

25  membership plans while simultaneously minimizing the number of DVDs provided to each

26  customer each month. Doing so allows Defendants to maximize their income and minimize their

27  costs.

28  14. Plaintiff is informed and believes, and thereupon alleges, that in order to minimize

-3-

1   membership cancellations (i.e., "customer churn"), Defendants also endeavor to get customers to

2   rent a minimum numbers of DVDs per month so that Defendants' service returns some value to

3   customers. Doing so allows Defendants to maximize their income and minimize their customer

4   acquisition costs.

5          b.      **Defendants Make Specific Representations Regarding DVD Rental
                   Delivery Times To Customers Throughout The Nation.**

6   15. Plaintiff is informed and believes, and thereupon alleges, that Defendants market and

7   advertise their DVD rental service, on the Internet, via direct mail, in magazines and periodicals

8   and other media outlets to potential customers throughout California and the United States.

9   16. Plaintiff is informed and believes, and thereupon alleges, that Defendants currently

10  have twenty-nine distribution centers in the United States where they receive, process and send

11  DVDs from, for and to customers. Approximately four of these centers are located in California.

12  17. Defendants claim that their "29 shipping centers across the United States allow [them]

13  to provide 80% of [their] members with one-day service." (See

14  http://www.netflix.com/HowItWorks, a true and correct copy of which is attached hereto as

15  Exhibit A.) In other instances, Defendants claim that over 85% of their members are provided

16  with "one-day service." (See http://www.netflix.com/PressRoom?id=5260, a true and correct

17  copy of which is attached hereto as Exhibit B.)

18  18. Defendants have a practice of issuing press releases when they open new distribution

19  centers to further tout their purported "one-day service" but they have described this service in

20  different ways at different times, further misleading customers. For example, on January 5, 2004,

21  in announcing the opening of a distribution center in Lakeland, Florida, Defendants issued a press

22  release to state "Netflix now reaches more than 80 percent of its subscribers with generally

23  overnight delivery" and "Netflix reaches more than 80 percent of its subscribers with generally

24  next-day delivery." On September 21, 2004, in announcing the opening of distribution centers in

25  Pittsburgh, PA, Baton Rouge, LA and Columbia, SC, Defendants stated that "Netflix now reaches

26  more than 85 percent of its members with generally one business-day delivery."

27  19. Plaintiff is informed and believes, and thereupon alleges, that Defendants target their

28

-4-

Class Action Complaint for False Advertising, Unfair Competition, Violation of the CLRA, Breach of Contract, Etc.

LAW OFFICES OF SETH A. SAFIER, 6467 CALIFORNIA, SAN FRANCISCO, CALIFORNIA, 94121 SETH@SAFIER.ORG

LAW OFFICES OF SETH A. SAFIER, 6467 CALIFORNIA, SAN FRANCISCO, CALIFORNIA, 94121 SETH@SAFIER.ORG

1  marketing and advertising efforts to consumers according to zip code by using online geo-

2  location software programs and via zip-code segregated databases (both Defendants' own

3  databases and databases purchased from third-parties).

4      20. Defendants send marketing materials and advertisements to consumers and potential

5  customers, who, based on zip codes, are within a particular proximity to one of Defendants'

6  distribution centers. In these marketing materials and advertisements, Defendants state in big,

7  bold print, "**1 DAY DELIVERY In your area!**" and "Free 1 Day Delivery." (See Exhibit C.)

8      21. Plaintiff is informed and believes, and thereupon alleges, that potential customers who

9  live within a specified distance from one of Defendants' distribution centers will be targeted (both

10  online and offline) by Defendants with advertising and marketing materials representing that

11  there is "**1 DAY DELIVERY In your area!**" and "Free 1 Day Delivery."

12      22. Plaintiff is informed and believes, and thereupon alleges, that Defendants include, on

13  some (but not all) of their marketing materials and advertisements, a disclaimer in exceedingly

14  small print, stating that "[d]elivery time may vary for certain customers." (See id.) However, this

15  disclaimer is overridden by Defendants' use of geographically-targeted marketing and advertising

16  which leads reasonable consumers to believe that the disclaimer is intended for those people who

17  do not live in their zip code, city or county or who live too far from a distribution center.

18      c. **Defendants Make Specific Representations Regarding Unlimited DVD Rentals To Customers Throughout The Nation.**

19

20      23. In their marketing and advertisements, Defendants represent that their members are

21  permitted to rent an unlimited number of DVDs per month. Specifically, Defendants state the

22  following:

23      "**Rent All You Want**
    With Netflix you can rent as many DVDs as you want for just $21.99 plus any applicable tax a month. You keep a revolving library of up to 3 DVDs

24  at a time and can exchange them for new available DVDs as often as you like. The number of DVDs you rent depends on how quickly you watch

25  and return each of your DVDs." (See Exhibit A.)

26      d. **Relying On Defendants' Representations Regarding Delivery Time And Unlimited Monthly Rentals, Plaintiff Became A Member Of Defendants'**

27  **Online DVD Rental Service.**

28      24. For customers of Defendants' service, delivery time is exceedingly important. Indeed,

-5-

1  the economic value of Defendants' service to consumers is directly related to delivery time,

2  because the shorter the delivery time, the more rentals a customer can receive each month for the

3  same fixed price. The effect of delivery time on the value of Defendants' service can be seen by

4  reviewing, as an example, a customer who has "3-at-a-time" membership and who has a practice

5  of returning each DVD on the day immediately after receiving it. If it takes only one day for the

6  DVD to be returned to Defendants and one more day for Defendants to deliver the next DVD to

7  the customer, the customer could watch up to 30 DVDs in a month, at an average price of

8  approximately $.74 per DVD. If, however, it takes Defendants two days to deliver the next DVD

9  to the customer after receiving the previously rented DVD, then in the same circumstances the

10  customer could rent only 22 DVDs a month, at an average price of approximately $1.00 per

11  DVD. Three days delivery time would result in only 18 rentals per month, at an average price of

12  approximately $1.22 per DVD rental. Four days delivery time leads to a maximum of only 15

13  rentals per month, at an average price of approximately $1.46 per DVD. Furthermore, if a

14  customer keeps any DVD for longer than one day (which occurs, at a minimum, for DVDs

15  received on Saturday which cannot be returned until Monday), and if it ever takes more than one

16  day for the DVD to be returned to Defendants and processed and the new DVD sent, then the

17  maximum number of rentals is further decreased, and the average price further increased.

18  Plaintiff is informed and believes, and thereupon alleges, that Defendants' real delivery times

19  effectively limit customers in the "three-at-a-time" plan to fewer than ten rentals per month, even

20  when customers wish to rent more frequently, at an effective average price exceeding $2.20 per

21  DVD.

22      25. Prior to becoming a member, Plaintiff received one of Defendants' advertisement

23  indicating that Defendants offered "1 DAY DELIVERY." Additionally, given that Plaintiff

24  lived near a distribution center in Los Angeles, Plaintiff was further led to believe that he would

25  receive his DVDs via 1 day delivery. Finally, Plaintiff relied on Defendants' representation that

26  he could rent an unlimited number of DVD rentals per month.

27      26. On the basis of that offer and representation, Plaintiff subscribed to Defendants'

28  service in April of 2004. Plaintiff paid Defendants $21.60 per month for May and June of this

LAW OFFICES OF SETH A. SAFIER, 6467 CALIFORNIA, SAN FRANCISCO, CALIFORNIA, 94121 SETH@SAFIER.ORG

1   year and $23.86 a month for July through September.

2       27. On or about June 1, 2004, Plaintiff moved to San Francisco, California. Plaintiff

3   reviewed Defendants' website on which Defendants represented that there was a distribution

4   center close to San Francisco. In addition, Plaintiff saw that other individuals living at his

5   address had received mailings from Defendants advertising "1 Day Delivery in Your Area."

6   Accordingly, Plaintiff maintained his membership with Defendants.

            d.  **Defendants' Representations Are False, Misleading, Deceptive, Unfair**
7               **And/or Unlawful.**

8

9       28. Despite Defendants' marketing, advertising and representations regarding one day

10  delivery, Plaintiff's DVDs were never delivered in one day. Rather, Plaintiff's DVDs rentals, on

11  average, were delivered in approximately four days following the time that Defendants place

12  them in the outgoing mail, and approximately six days after Plaintiff had deposited in the USPS

13  the previously rented DVD, in an envelope that was addressed to and had been provided by

14  Defendants, for an average total turnaround time of six days.

15      29. For example, for the last three DVDs shipped to Plaintiff, Plaintiff was forced to wait

16  an average of five days per DVD from the time "shipped" by Defendants, which was already

17  several days after Plaintiff had returned the previously rented DVDs. Indeed, Defendants claimed

18  that Plaintiff's most recent DVD was "Shipped" on September 14, 2004 and that the "Estimated

19  Arrival Date" would be September 18, 2004. In actuality, the DVD did not arrive until

20  September 21, 2004, a total delivery time of eight days from when Defendants claim that

21  Plaintiff's previous DVD was "Returned" and more than ten days after Plaintiff had deposited the

22  previous DVD with the USPS in the envelope that Defendants had provided.

23      30.     Accordingly, and in contradiction to Defendants' marketing and advertising,

24  Defendants do not deliver DVDs in one day and Defendants' customers are not permitted to rent

25  an unlimited number of DVDs per month.

26          e.  **Defendants Unfair Competition.**

27      31.     As set forth above, Plaintiff is informed and believes and thereupon alleges that

28  Defendants overstate the delivery times of their DVD rentals, including the percentage of their

-7-

LAW OFFICES OF SETH A. SAFIER, 6467 CALIFORNIA, SAN FRANCISCO, CALIFORNIA, 94121 SETH@SAFIER.ORG

1  customers that receive delivery in one day.

2      32.    Plaintiff is informed and believes and thereupon alleges that Defendants are aware

3  that they do not provide "One-day delivery" to many or most customers.  Plaintiff is further

4  informed and believes and thereupon alleges that Defendants have intentionally designed their

5  business processes and operating software so as to increase the delivery times to many customers

6  beyond the promised "One-day delivery" time and to significantly decrease and/or limit the

7  number of DVDs that can be rented in a month.  In particular, Plaintiff is informed and believes

8  and thereupon alleges that Defendants engage in the following activities to lengthen delivery

9  times for certain customers, shorten time for other customers and generally to discriminate among

10  customers to falsely, deceptively and unfairly maximize profits.  None of these activities are fully

11  disclosed to customers.

12      a.  Defendants prioritize shipping DVDs to new account holders (including trial

13          membership account holders) and to account holders who have rented the fewest

14          DVDs in prior months.  Customers who rent the fewest DVDs per month are the

15          most profitable to Defendants, because of the costs that Defendants incur on each

16          rental as detailed above.  Defendants intend by this conduct to encourage their

17          most profitable customers to remain; to encourage their trial and newer customers

18          to get 'hooked' on the service on the false belief that the level of service will

19          continue and then to provide free, positive "word-of-mouth" marketing to other

20          potential customers; and to reduce the service offered to the least profitable

21          customers—those who rent the most movies—in order to reduce costs.

22      b.  Defendants ship previously rented DVDs to customers without sufficiently

23          inspecting the DVDs to ensure that they are playable.  Customers who receive

24          defective DVDs from Defendants must then return the DVDs and wait during the

25          multi-day turnaround time for a replacement DVD to be shipped.  Defendants do

26          not provide any rental credit or extension of the monthly plan to customers who

27          have received a defective or unplayable DVD.

28      c.  Defendants delay the processing of returned DVDs by failing to open envelopes on

-8-

LAW OFFICES OF SETH A. SAFIER, 6467 CALIFORNIA, SAN FRANCISCO, CALIFORNIA, 94121 SETH@SAFIER.ORG

the day received and/or by recording in their database that they have received returned DVDs on days that are later than the actual day of receipt. Through this conduct, Defendants hide the fact that long turn-around times are attributable to Defendants' own processing, and instead lead customers to believe that delays resulted from the time of shipping the DVDs from the customers to Defendants (i.e., that delays beyond one-day are the fault of the USPS).

d. Defendants record in their database dates of "shipping" DVDs that are not the same as the actual dates of shipping. Doing so allows Defendants to inaccurately compute their turn-around time from receiving a previously rented DVD to shipping a new one.

e. Defendants place "Estimated Arrival Dates" on their website for each shipped movie which obscure the inaccuracy of the "shipped" date and further confuse customers as to the true reason for delivery delays. Interestingly, the Estimated Arrival Dates for two movies purportedly "shipped" on the same day may differ widely, and the Estimated Arrival Dates for two movies purportedly "shipped" at different times may be the same, even though all shipping occurs via first-class mail.

f. Defendants do not process any received DVDs on Saturdays, Sundays or holidays, including non-postal holidays, or ship out new DVDs on Saturdays and non-postal holidays, despite the existence of U.S. mail service on Saturday and non-postal holidays.

g. Defendants claim in advertising mailed to potential subscribers that "1-day delivery is available" in certain areas when they know that at best they can provide one *business* day delivery and furthermore that such delivery is only "generally" available, as they state in their press releases.

33. Defendants fail to provide any of the following types of disclosures to customers or potential customers. When any such disclosures are provided, they are incomplete, ambiguous and/or inconspicuous:

-9-

a. A disclosure setting forth what Defendants means by the word "delivery."

b. A disclosure setting forth what Defendants means by the word "generally."

c. A disclosure setting forth what Defendants means by the phrases "one-day delivery, "one business day delivery," "overnight delivery" and "next-day delivery," and the differences if any among those phrases.

d. A disclosure about the true average delivery times for customers.

e. A disclosure about the factors that cause delivery times to vary.

f. A disclosure that the "one day delivery" is for new customers and/or customers with low rental volumes, not high-volume customers.

g. A disclosure that Defendants is closed on weekends and all holidays and does not process returns or shipments on those days.

h. A disclosure that there is no U.S. mail on Sunday or federal holidays.

i. A disclosure that the phrase "one day" means "one *business* day" or "*generally* one day."

j. A disclosure that delivery times will be longer for customers who rent a higher volume of movies per month, including information about how much longer and how much rental volume.

k. A disclosure that the dates reflected in its database as to when it sent DVDs and when it received returned DVDs are not accurate.

l. A disclosure as to how Defendants determines the "Estimated Arrival Date."

m. A disclosure that customers may not receive DVDs from the nearest distribution center.

n. A disclosure indicating that despite online representations about availability, when it comes time to fulfill an order, previously available DVDs may not be available at the time of fulfillment.

34.    If Defendants incorporated some or all of the above disclosures listed above, the membership prices would have been lower, because Defendants' goods and services would be worth less to average consumers, and/or many of Defendants customers would not have

-10-

LAW OFFICES OF SETH A. SAFIER, 6467 CALIFORNIA, SAN FRANCISCO, CALIFORNIA, 94121 SETH@SAFIER.ORG

1   subscribed.

2       35.    Defendants' conduct also unfairly disadvantages those competitors who more

3   accurately disclose their delivery times.  For example, in its website marketing its DVD rental

4   service, Blockbuster, in the frequently asked questions on its website, represents that "[m]ost

5   DVDs will be delivered within two-three days.  Delivery outside the Continental US may take

6   longer."  (See http://www.blockbuster.com/corporate/displayFAQDetails.action?faqId=1000421,

7   a true and correct copy of which is attached hereto as Exhibit D.)  DVD Avenue, another of

8   Defendants' competitors, states that "the average time it takes to receive your DVD rentals is 2-5

9   days. If you live in the D.C. Metro Area it will take 1-3 days." (See

10  http://www.dvdavenue.com/faq.asp, a true and correct copy of which is attached hereto as Exhibit

11  E.)

12      36.    Accordingly, reasonable consumers subscribe to Defendants' DVD rental service

13  because it appears to offer a better deal as they will be able to rent and watch more DVDs, when,

14  in actuality, Defendants' delivery times are as slow, if not slower than their online competitors

15  including Blockbuster and DVD Avenue.

16      37.    Beyond online competitors, Defendants compete with a number of brick-and-

17  mortar, including small, independent, video-rental stores across the country.  These stores must

18  compete with Defendants on DVD rental rates.  Given Defendants false, misleading and

19  deceptive claims regarding delivery times, Defendants' average rental prices seem cheap relative

20  to brick-and-mortar competitors, causing customers to choose Defendants' services over those of

21  competitors.

22      38.    In addition, some brick and mortar competitors themselves offer membership plans

23  with similar terms and prices to Defendants, such as the ability to rent an unlimited number of

24  movies per month and to have three titles rented at any one time, for a fixed monthly price.  For

25  example, Blockbuster's brick and mortar stores offer a plan similar to Defendants' "3-at-a time"

26  membership for $19.99 for the first month.  These brick and mortar competitors also offer the

27  advantage of having no delivery delay whatsoever; a customer can return one or more movies and

28  rent one or more new ones at the same time.  These competitors are harmed by Defendants' false

-11-

LAW OFFICES OF SETH A. SAFIER, 6467 CALIFORNIA, SAN FRANCISCO, CALIFORNIA, 94121 SETH@SAFIER.ORG

1  statement that Defendants will provide one-day delivery or "unlimited" rentals, which induces

2  customers to choose Defendants' service more often than they would otherwise do.

3       39.    Reasonable consumers are deceived into joining Defendants DVD rental service

4  because they believe that on a monthly basis, that service is cheaper than renting DVDs from the

5  local DVD rental store.  In fact, due to overstated delivery times, the local DVD rental is often

6  cheaper.

7       40.    Accordingly, Defendants' marketing, advertisements, and representations deceive,

8  mislead and confuse consumers.

9  **III.    JURISDICTION AND VENUE**

10      41. The practices upon which this Class Action Complaint is based, occurred or arose out

11 of activities engaged in by Defendants, within and affecting the State of California.

12      42. Plaintiff is informed and believes, and thereupon alleges, that Defendants engaged in

13 substantial and continuous business practices in the State of California, including in the City and

14 County of San Francisco.

15      43. As such, Plaintiff alleges that jurisdiction and venue are proper in this Court.

16 **IV.    CLASS ACTION ALLEGATIONS**

17      44. Plaintiff brings this action against Defendants on behalf of himself and all others

18 similarly situated, as a class action pursuant to section 382 of the California Code of Civil

19 Procedure and section 1780, et seq. of the California Civil Code.  The class that Plaintiff seeks to

20 represent is composed of and defined as follows:

> All persons who, at any time within the four years preceding the filing of this
> Class Action Class Action Complaint, have been provided service by Defendants
> under the representation that such service would include one day delivery of
> unlimited monthly DVDs rentals, but who rarely, if ever, received one day deliv-
> ery of DVDs and or whose DVD rentals were limited by Defendants.

24      45. This Class Action Complaint has been brought and may properly be maintained as a

25 class action against the Defendants pursuant to the provisions of California Code of Civil

26 Procedure section 382 and section 1781(a) of the California Civil Code because there is a well-

27 defined community of interest in the litigation and the proposed class is easily ascertainable.

28      46. Numerosity: Plaintiff does not know the exact size of the class, but it is estimated that

LAW OFFICES OF SETH A. SAFIER, 6467 CALIFORNIA, SAN FRANCISCO, CALIFORNIA, 94121 SETH@SAFIER.ORG

-12-

the class is composed of at least 1,000,000 persons. The persons in the class are so numerous that the joinder of all such persons is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

47. **Common Questions Predominate:** This action involves common questions of law and fact to the class because each Class Member's claim derives from the same allegedly false, misleading, deceptive and/or unfair representations. The common questions of law and fact involved predominate over questions that affect only individual Class Members. Thus, proof of a common or single set of facts will establish the right of each member of the class to recover. Among the questions of law and fact common to the class are:

    a.  Whether Defendants' advertising and marketing of their DVD rental services as described herein is false, deceptive, misleading and/or unfair.

    b.  Whether Defendants unlawfully induced consumers into entering into membership agreements by offering, but not providing, one day delivery and/or unlimited month DVD rentals.

    c.  Whether Defendants unlawfully induced consumers into entering into membership agreements by deceptively skewing delivery times during trial membership periods.

    d.  Whether Defendants violated the California Consumers Legal Remedies Act by "[r]epresenting that [their] goods have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have."

    e.  Whether Defendants violated the CLRA by representing that their products are of a particular standard, quality, or grade (i.e., "one day delivery" or "unlimited") that they are not, and by falsely advertising, as set forth above, their products and services with an intent to provide them with one day delivery.

    f.  Whether Defendants breached its agreement with Plaintiff, and other similarly situated customers, by not delivering DVDs in one day and/or by intentionally limiting the numbers of DVDs a customer could rent in a month.

LAW OFFICES OF SETH A. SAFIER, 6467 CALIFORNIA, SAN FRANCISCO, CALIFORNIA, 94121 SETH@SAFIER.ORG

-13-

LAW OFFICES OF SETH A. SAFIER, 6467 CALIFORNIA, SAN FRANCISCO, CALIFORNIA, 94121 SETH@SAFIER.ORG

g.  Whether Defendants breached the covenant of good faith and fair dealing, by intentionally not delivering DVDs in one day; by intentionally limiting the numbers of DVDs a customer could rent in a month; by discriminating in delivery time or title availability between customers based on the customers' profitability to Defendants; and/or by denying or limiting services to customers who rent large numbers of DVDs per month, despite promising that the membership plans offer "unlimited" rentals.

h.  The scope of injunctive relief that should be imposed against Defendants to prevent such conduct in the future.

48. Typicality: Plaintiff's claims are typical of the class because he rarely, if ever, received one day DVD delivery and because Plaintiff's monthly DVD rentals have been fraudulently, unfairly and deceptively limited by Defendants. Thus, Plaintiff and Class Members sustained the same injuries and damages arising out of Defendants' conduct in violation of California law and other similar statutes nationwide. The injuries and damages of each Class Member were caused directly by Defendants' wrongful conduct in violation of law as alleged herein.

49. Adequacy: Plaintiff will fairly and adequately protect the interests of all Class Members because it is in his best interests to prosecute the claims alleged herein to obtain full compensation due to him for the illegal conduct of which he complains. Plaintiff also has no interests that conflict with or are antagonistic to the interests of Class Members. Plaintiff has retained highly competent and experienced class action attorneys to represent his interests and that of the class. No conflict of interest exists between Plaintiff and Class Members hereby, because all questions of law and fact regarding liability of Defendants are common to Class Members and predominate over any individual issues that may exist, such that by prevailing on their own claim, Plaintiff necessarily will establish Defendants' liability to all Class Members.

50. Superiority: There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by Class Members will tend to establish inconsistent standards of conduct for the Defendants and result in the impairment of

-14-

1   Class Members' rights and the disposition of their interests through actions to which they were

2   not parties. Class action treatment will permit a large number of similarly situated persons to

3   prosecute their common claims in a single forum simultaneously, efficiently, and without the

4   unnecessary duplication of effort and expense that numerous individual actions would engender.

5   Furthermore, as the damages suffered by each individual member of the class may be relatively

6   small, the expenses and burden of individual litigation would make it difficult or impossible for

7   individual members of the class to redress the wrongs done to them, while an important public

8   interest will be served by addressing the matter as a class action.

9       51. Nexus to California for Nationwide Class. Defendants' principal place of business is

10  in California. Plaintiff is informed and believe and thereupon alleges that the business practices

11  and marketing described above were designed in California and implemented both here and

12  nationwide at the direction of persons employed by Defendants in California. The State of

13  California has a special interest in regulating the affairs of corporations that are based here and

14  persons who live here. Accordingly, there is a substantial nexus between Defendants' unlawful

15  behavior and California such that the California courts should take cognizance of this action on

16  behalf of a class of individuals who reside in California and throughout the United States.

17      52. Plaintiff is unaware of any difficulties that are likely to be encountered in the

18  management of this action that would preclude its maintenance as a class action.

19      53. Paragraphs 44 - 52 of this Class Action Class Action Complaint are alleged on the

20  basis of information and belief.

21  **V.    PRIVATE ATTORNEY GENERAL ALLEGATIONS**

22      54. This action is brought, *inter alia*, pursuant to the California Business and Professions

23  Code, Sections 17200 and 17500, *et. seq.* Plaintiff and Defendants are "persons" within the

24  meaning of the California Business and Professions Code, Sections 17201 and 17506,

25  respectively. As such, Plaintiff brings this action by, for and on behalf of the general public and

26  the public interest of the State of California.

27  **VI.    CAUSES OF ACTION**

28                          **FIRST CAUSE OF ACTION**

-15-

Class Action Complaint for False Advertising, Unfair Competition, Violation of the CLRA, Breach of Contract, Etc.

LAW OFFICES OF SETH A. SAFIER, 6467 CALIFORNIA, SAN FRANCISCO, CALIFORNIA, 94121 SETH@SAFIER.ORG

1         (False Advertising, Business and Professions Code § 17500, *et seq.*)

2     55. Plaintiff realleges and incorporates by reference paragraphs 1 through 54, inclusive, of

3 this Class Action Complaint as set forth herein.

4     56. Beginning at an exact date unknown to Plaintiff, but within three (3) years preceding

5 the filing of the Class Action Complaint, Defendants have made untrue, false, deceptive and/or

6 misleading statements in connection with the advertising and marketing of their DVD rental

7 service throughout the State of California, including in the City and County of San Francisco, as

8 described in this Class Action Complaint. Specifically, Defendants have marketed and advertised

9 their products and services as having "1 day delivery," when, in fact, Defendants products and

10 services are rarely, if ever, delivered in one day, particularly to customers with large-volumes of

11 prior rentals. In addition, Defendants have marketed and advertised their products and services as

12 having "unlimited monthly rentals," when, in fact, Defendants fraudulently, deceptively and/or

13 unfairly limit the number of DVDs a customer is permitted to rent in a month.

14     57. At all times mentioned herein, Defendants knew, or by the exercise of reasonable care,

15 should have known that these and other statements were false, deceptive and/or misleading.

16     58. By engaging in the foregoing acts and practices with the intent to both induce

17 Plaintiff, and members of the public, to enter into contracts for DVD movie rentals, Defendants

18 have committed false, deceptive and misleading advertising, as defined by the California

19 Business and Professions Code, Section 17500, *et seq.*

20     59. Plaintiff is, and other members of the general public are, in current and ongoing need

21 of protection from the false, deceptive and/or misleading advertising of Defendants as they are

22 likely to be deceived.

23     60. Plaintiff is, and other members of the general public are, currently entitled to

24 injunctive relief and/or an award of restitutionary relief in an amount to be proven at trial.

25     61. Plaintiff is, and other members of the general public are, entitled to restitutionary relief

26 in the form of the return of any monies lost by virtue of Defendants' false deceptive and/or

27 misleading advertising.

28     62. If Defendants are not restrained from engaging in these types of practices in the future,

LAW OFFICES OF SETH A. SAFIER, 6467 CALIFORNIA, SAN FRANCISCO, CALIFORNIA, 94121 SETH@SAFIER.ORG

1    Plaintiff and all affected consumers will continue to suffer harm.

2        63. The conduct engaged in by Defendants was not in the public interest.

3        64. Plaintiff, and/or other members of the general public, are further entitled to and do

4    seek both a declaration that the above-described practices are unfair, unlawful and/or deceptive

5    and injunctive relief restraining Defendants from engaging in any of such deceptive, unfair and/or

6    unlawful trade practices in the future.  Such misconduct by Defendants, unless and until enjoined

7    and restrained by order of this Court, will continue to cause injury to the Plaintiff and/or general

8    public in that the Defendants will continue to violate these California laws, unless specifically

9    ordered to comply with the same.  This expectation of future violations will require current and

10    future customers to repeatedly and continuously seek legal redress in order to recoup monies paid

11    to Defendants to which Defendants are not entitled.  Plaintiff and other California consumers

12    have no other adequate remedy at law to ensure future compliance with the California Business

13    and Professions Code alleged to have been violated herein.

14        65.    As a direct and proximate result of such actions, Defendants have enjoyed, and

15    continue to enjoy, significant (unlawful and unfair) financial gain in an amount which will be

16    proven at trial, but which is in excess of the jurisdictional minimum of this Court.

17                    **SECOND CAUSE OF ACTION**
    **(Unfair and Deceptive Trade Practices, Business and Professions Code § 17200, *et seq.*)**
18
19        66. Plaintiff realleges and incorporates by reference paragraphs 1 through 65, inclusive, of

20    this Class Action Complaint as set forth herein.

21        67. At all times mentioned herein, Defendants have engaged and continue to engage in

22    unfair and deceptive trade practices in California by engaging in the misrepresentation, false,

23    misleading and/or deceptive advertising and marketing outlined above.  Specifically, Defendants

24    have sent false, deceptive and/or misleading marketing materials and advertisements to

25    consumers in order to induce Plaintiff, and members of the public, to enter into contracts for

26    DVD movie rentals.

27        68.    Defendants unjustly gained financially from their deceptive practices.  Defendants

28    have engaged in unfair and/or deceptive trade practices, as defined and prohibited by § 17200, *et*

                                    -17-

LAW OFFICES OF SETH A. SAFIER, 6467 CALIFORNIA, SAN FRANCISCO, CALIFORNIA, 94121 SETH@SAFIER.ORG

*seq.* of the California Business and Professions Code. The aforementioned practices, which

Defendants used to their significant financial gain, also constitute unfair competition and provide

an unfair advantage over Defendants' competitors as well as injuries to the general public.

69. Plaintiff seeks, on his own behalf, and on behalf of the general public and the Class

Members, full restitution and disgorgement of monies, as necessary and according to proof, to

restore any and all monies acquired by Defendants by means of the unfair and/or deceptive trade

practices complained of herein.

70. Plaintiff seeks, on his own behalf, and on behalf of the general public and the Class

Members, an injunction to prohibit Defendants from continuing to engage in the unfair trade

practices complained of herein. The restitution includes all amounts, paid and unpaid, obtained

by Defendants using the tactics described herein, including interest thereon. The acts complained

of herein occurred, at least in part, within four (4) years preceding the filing of the Class Action

Complaint.

71. Plaintiff, and all persons similarly situated, are further entitled to and do seek both a

declaration that the above-described trade practices are unfair, unlawful and/or fraudulent and

injunctive relief restraining Defendants from engaging in any of such trade practices in the

future. Such misconduct by Defendants, unless and until enjoined and restrained by order of this

Court, will cause injury to the general public in that Defendants will continue to violate these

California laws, unless specifically ordered to comply with same. This expectation of future

violations will require current and future customers to repeatedly and continuously seek legal

redress in order to recoup monies paid to Defendants to which Defendants are not entitled.

Plaintiff has no other adequate remedy at law to ensure future compliance with the California

Business and Professions Code alleged to have been violated herein.

72. As a direct and proximate result of such actions, Defendants have enjoyed, and

continue to enjoy, significant (unfair and unlawful) financial gain in an amount which will be

proven at trial, but which is in excess of the jurisdictional minimum of this Court.

### THIRD CAUSE OF ACTION
### (Violation of the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*)

LAW OFFICES OF SETH A. SAFIER, 6467 CALIFORNIA, SAN FRANCISCO, CALIFORNIA, 94121 SETH@SAFIER.ORG

-18-

73. Plaintiff realleges and incorporates by reference paragraphs 1 through 72, inclusive, of this Class Action Complaint as set forth herein.

74. This cause of action is brought pursuant to the California Consumers Legal Remedies Act, California Civil Code § 1750, et seq. ("CLRA").

75. Defendants' actions, representations and conduct have violated, and continue to violate the CLRA, because they extend to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

76. Plaintiff, the Class Members, and other members of the general public are "consumers" as that term is defined by the CLRA in California Civil Code § 1761(d).

77. The DVDs and DVD rental services that Plaintiff (and others similarly situated Members of the general public) received from Defendants were "goods" within the meaning of California Civil Code § 1761(a).

78. By engaging in the actions, representations and conduct set forth in this Class Action Complaint, Defendants have violated, and continue to violate, § 1770(a)(5) of the CLRA by "[r]epresenting that [their] goods have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have." Additionally, Defendants have violated the CLRA by representing that their products are of a particular standard, quality, or grade (i.e., "delivered in one day" and "unlimited DVD rentals") that they are not, and by advertising goods or services with an intent not to sell or deliver them as advertised. (See California Civil Code §§ 1770(a)(5) and (9), respectively.)

79. Pursuant to California Civil Code § 1780(a)(3), Plaintiff, on behalf of himself and those similarly situated, seeks restitution of any ill-gotten gains due to Defendants' acts and practices. Plaintiff also requests that this Court award him his costs and reasonable attorneys' fees pursuant to California Civil Code § 1780(d). Plaintiff further requests that this Court enjoin Defendants from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to California Civil Code § 1780(a)(2). If Defendants are not restrained from engaging in these types of practices in the future, Plaintiff, and other members of the general public, will continue to suffer harm.

-19-

Class Action Complaint for False Advertising, Unfair Competition, Violation of the CLRA, Breach of Contract, Etc.

LAW OFFICES OF SETH A. SAFIER, 6467 CALIFORNIA, SAN FRANCISCO, CALIFORNIA, 94121 SETH@SAFIER.ORG

LAW OFFICES OF SETH A. SAFIER, 6467 CALIFORNIA, SAN FRANCISCO, CALIFORNIA, 94121 SETH@SAFIER.ORG

1    80. CLRA § 1782 NOTICE. Plaintiff hereby provides Defendants with notice and

2    demand that within thirty (30) days from service of this Class Action Complaint,

3    Defendants correct, repair, replace or other rectify the unlawful, unfair, false and/or

4    deceptive practices complained of herein. Defendants' failure to do so will result in Plaintiff

5    amending this Class Action Complaint to seek damages and other relief pursuant to

6    California Civil Code § 1782.

### PLAINTIFF'S FOURTH CAUSE OF ACTION
(Breach of Contract)

8        81. Plaintiff realleges and incorporates by this reference paragraphs 1 through 80,

9    inclusive, of this Class Action Complaint as if set forth herein.

10       82. On or about May 4, 2004, Plaintiff and Defendants entered into a contract or

11   agreement in which Plaintiff agreed to purchase and Defendants agreed to sell to Plaintiff a video

12   rental plan that permitted Plaintiff to rent an unlimited number of movies, with up to three movies

13   out at a time, including free one-day delivery. The terms of this contract can be ascertained from

14   the written documents described in this Class Action Complaint, in particular the representations

15   on Defendants' advertising and on Defendants' website, as well as implied from Defendants'

16   conduct described herein, including its knowledge and use of the term "delivery" and

17   "unlimited." Plaintiff performed all conditions, covenants and promises required under this

18   contract. Specifically, on or about May 4, 2004, and each month thereafter, Plaintiff paid

19   Defendants a monthly fee including sales tax of $21.60 for the first two months and $23.86 for

20   each month thereafter.

21       83. Each of the Class Members entered into a contract or agreement with the Defendants

22   to purchase video rental plans, which contracts contained substantially the same terms and

23   conditions as the contract described herein between the Defendants and Plaintiff. The terms and

24   conditions of those contracts can be ascertained from the written documents described in this

25   Class Action Complaint, in particular the representations on Defendants' advertising and website,

26   as well as implied from Defendants' conduct described herein, including their knowledge and use

27   of the term "delivery" and "unlimited." Each of the Class Members performed all conditions,

28

-20-

1  covenants and promises required under his or her contract.

2      84. Defendants violated these aforementioned contracts by (1) limiting the number of

3  DVDs that Plaintiff, and Class Members, could rent in a month and (2) by delivering DVDs to

4  Plaintiff, and Class Members, in more than one-day.

5      85. As a direct and proximate result of each of the breaches alleged herein, Plaintiff and

6  Class Members have suffered, and continue to suffer, damages in an amount which will be proven

7  at trial, but which are in excess of the jurisdictional minimum of this Court.

8              **PLAINTIFF'S FIFTH CAUSE OF ACTION**
            (Breach of the Covenant of Good Faith and Fair Dealing)

9

10     86. Plaintiff realleges and incorporates by reference paragraphs 1 through 85, inclusive, of

    this Class Action Complaint as if set forth herein.

11

12     87. In agreeing to provide DVD rentals to Plaintiff and Class Members, Defendants

    impliedly covenanted that they would provide such service in good faith and fairly and equitably

13

    to all customers.

14

15     88. The agreements between Defendants and Plaintiff, and those similarly situated, contained

16  covenants implied in law that Defendants would, at all times, act in good faith and deal fairly with

    Plaintiff, and similarly situated Class Members, and would not engage in any act that would prevent

17

    Plaintiff, and similarly situated Class Members, from realizing the full benefit of their agreements.

18

19     89. Defendants have breached the covenant of good faith and fair dealing with Plaintiff

    and with Class Members by engaging in the conduct described in this Class Action Complaint,

20

    including:

21

22     a.  Discriminating among customers with respect to the delivery times of movie

            rentals, favoring the more profitable customers who have rented fewer movies

23

24     b.  Delaying the delivery of movies, thereby limiting the number of movies that can

            be rented by each customer per month, in order to reduce costs and increase

25

            profitability.

26

27     c.  Failing to disclose to customers and/or intentionally withholding from customers

            information about the true nature of their activities.

28

LAW OFFICES OF SETH A. SAFIER, 6467 CALIFORNIA, SAN FRANCISCO, CALIFORNIA, 94121 SETH@SAFIER.ORG

90. As a direct and proximate result of each of the breaches alleged herein, Plaintiff and Class Members have suffered, and continue to suffer, damages in an amount which will be proven at trial, but which are in excess of the jurisdictional minimum of this Court.

### PLAINTIFF'S SIXTH CAUSE OF ACTION
(Fraud, Deceit and/or Misrepresentation)

91. Plaintiff realleges and incorporates by reference paragraphs 1 through 90, inclusive, of this Class Action Complaint as if set forth herein.

92. On or about May 4, 2004 and on numerous occasions since and prior to that occasion, Defendants have made misrepresentations regarding the length of time customers can expect to face for delivery of DVD rentals, as stated herein. Defendants have also made misrepresentations regarding the unlimited nature of their DVD rental service.

93. Defendants made such misrepresentations with full knowledge that such statements were, and are, in fact, fraudulent, misrepresentative, false and/or deceptive.

94. In addition to the affirmative misrepresentation and willful deception described in the preceding paragraph, Defendants have intentionally deceived, and continue to deceive, Plaintiff and Class Members in order to profit as well as to compel them to purchase higher priced monthly plans and to decrease their monthly DVD rentals.

95. These aforementioned misrepresentations or fraudulent, deceptive, or false statements and omissions concerned material facts that were essential to the analysis undertaken by Plaintiff and Class Members regarding whether to purchase video rental plans from Defendants. Plaintiff and Class Members would have acted differently had he and they not been misled, but instead been informed of the true delivery times and/or limited quantity of Defendants' DVD rentals.

96. Defendants each had a duty, including a fiduciary duty, to inform Plaintiff and Class Members of the true length of time for processing DVD returns and shipping new DVD rentals . Defendants each also had a duty, including a fiduciary duty, to inform Plaintiff and Class Members that monthly rentals were not unlimited. In not so informing Plaintiff and Class Members, Defendants breached these duties. Defendants also gained financially from, and as a result of, their breaches.

LAW OFFICES OF SETH A. SAFIER, 6467 CALIFORNIA, SAN FRANCISCO, CALIFORNIA, 94121 SETH@SAFIER.ORG

Class Action Complaint for False Advertising, Unfair Competition, Violation of the CLRA, Breach of Contract, Etc.

97. By and through such fraudulent statements, misrepresentations and/or omissions, Defendants intended to induce Plaintiff and Class Members to alter his and their position to his and their injury.

98. Plaintiff and Class Members justifiably and reasonably relied on Defendants' misrepresentations, and, as such, were damaged by Defendants.

99. As a direct and proximate result of Defendants' misrepresentations, Plaintiff and Class Members at a minimum have suffered damages in an amount to be proven at trial, in excess of the jurisdictional minimum of this Court.

VII.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, those similarly situated and members of the general public, prays for judgment against Defendants, and each of them, as follows:

    A.    On Cause of Action Numbers 1 and 2:

        1.    For restitution and disgorgement pursuant to, without limitation, the California Business & Professions Code §§ 17200, *et seq*. and 17500, *et seq*; and

        2.    For injunctive relief pursuant to, without limitation, the California Business & Professions Code §§ 17200, *et seq* and 17500, *et seq*

    B.    On Cause of Action Number 3:

        1.    [Reserved];

        2.    [Reserved]

        3.    [Reserved]

        4.    For Restitution and injunctive relief pursuant to California Civil Code section 1780.

    C.    On Cause of Action Number 4:

        1.    For actual, compensatory and consequential damages

        2.    For prejudgment and post judgment interest

        3.    For specific performance of the contract

    B.    On Cause of Action Numbers 5-6:

-23-

LAW OFFICES OF SETH A. SAFIER, 6467 CALIFORNIA, SAN FRANCISCO, CALIFORNIA, 94121 SETH@SAFIER.ORG

1     1. For actual, compensatory and consequential damages

2     2. For punitive damages

3     3. For prejudgment and post judgment interest

4  E.  On All causes of action:

5     1. For reasonable attorneys' fees according to proof pursuant to, with-

6     out limitation, the California Code of Civil Procedure §§ 1021.5 and

7     1780(d);

8     2. For costs of suit incurred; and

9     3. For such further relief as this Court may deem just and proper.

10 Dated:  September 23, 2004

11

12        Respectfully Submitted,

13        ADAM GUTRIDE
         SETH A. SAFIER

14

15

16        Seth A. Safier, Esq.

17        Attorneys for Plaintiff, Frank Chavez

18

19

20

21

22

23

24

25

26

27

28

Class Action Complaint for False Advertising, Unfair Competition, Violation of the CLRA, Breach of Contract, Etc.

LAW OFFICES OF SETH A. SAFIER, 4467 CALIFORNIA, SAN FRANCISCO, CALIFORNIA, 94121 SETH@SAFIER.ORG

**EXHIBIT A**

The #1 Online DVD Rental Service with over 2,000,000 members!

 **Welcome**    **How It Works**    **Browse Selection**   Start Your FREE TRIAL 

# How It Works

Netflix is easy  You make a list of the movies you want to see and we do the rest!

### How fast will I get my DVDs?

Our 29 shipping centers across the United States allow us to provide 80% of our members with one-day service. Others can expect 1-3 days.



## Get the Details

**Rent All You Want**
With Netflix you can rent as many DVDs as you want for just $21.99 plus any applicable tax a month  You keep a revolving library of up to 3 DVDs at a time and can exchange them for new available DVDs as often as you like  The number of DVDs you rent depends on how quickly you watch and return each of your DVDs.

**Free Shipping and Postage**
Select your movies at sign-up and they should arrive in your mailbox within 1 to 3 business days via first class mail. We reach more than 80 percent of our subscribers with generally one-day delivery. After you finish watching a movie, simply put it in its prepaid envelope and mail it back to us. As soon as we receive it, we'll send your next available movie. Shipping is always free both ways — no hidden charges

**More Than 25,000 Movies**
We have virtually every DVD published — everything from classics to new releases. As a member, you'll be able to choose from any of our 25,000 titles — five times the selection of a typical video store  Our web site is available 24 hours a day and makes finding movies simple and convenient

**Cost**
Our 3-at-a-time program is $21.99 plus any applicable tax per month. This flat monthly fee allows you to watch as many movies as you want. There are no additional charges. There are no late fees or due dates — even shipping is free both ways!

## FAQs

How does Netfl

How much doe

What is the sel

How does the f
work?

**How fast wil
DVDs?**

How long is the

How many DVI
during my Free

Tell me more a

What are the b
membership?

Can I cancel or

Still have ques
Please contact
Customer Serv
department at:

1-800-585-813
Mon-Fri 6am - 7
Sat-Sun 6am - 2



click

**FREE TRIAL**
New customers are eligible for a free trial  To avoid being charged after your trial. simply cancel your account before the trial ends  If you are enjoying Netflix, do nothing and your membership will automatically continue for as long as you choose to remain a member at the 3 -at-a-time program rate, currently, $21.99 plus any applicable tax  See Terms of Use for complete membership details

**Getting Started**
To get started with your FREE TRIAL. simply click the "Free Trial" button anywhere on the site and complete our simple sign-up process  Once signed up, use our web site to choose your movies  Your first three available movies should arrive within 1 to 3 days

**Cancellation**
You can easily cancel your membership anytime, online, 24 hours a day. There are no cancellation fees.

**About Netflix**
In business since 1998, Netflix is the #1 online DVD rental service. Each month, Netflix provides movie entertainment to more than 2,000,000 satisfied customers.

Welcome | How It Works | Browse Selection | FREE Trial

Gift Subscriptions | Contact Us | Affiliates | Press Room | About Us | Privacy Policy | Jobs | Investor Relations | Genn
© 1997-2004 Netflix, Inc  All rights reserved.   U S. Patent No. 6584450   Terms of Use. (101) USA

# EXHIBIT B

The #1 Online DVD Rental Service with over 2,000,000 members!

 Welcome    How It Works    Browse Selection    Start Your FREE TRIAL

# Press Room

### Netflix Brings Faster Delivery To More Than Five Million Households With Three New Shipping Centers
*One-Day Movie Delivery Comes to Pittsburgh, PA; Baton Rouge, LA; and Columbia, SC*

LOS GATOS, Calif. - September 21, 2004 - Netflix (Nasdaq: NFLX), the world's largest online movie rental service, today announced the opening of three new shipping centers. New facilities in Pittsburgh, PA, Baton Rouge, LA and Columbia, SC now serve more than five million households in Pennsylvania, Louisiana, South Carolina and Mississippi.

Regional shipping centers are an important part of Netflix's ongoing strategy to provide one business-day movie delivery to its members. Netflix now reaches more than 85 percent of its members with generally one business-day delivery

"The convenience of overnight delivery is essential to our members and to our success," said Reed Hastings, Netflix CEO and co-founder. "The red envelope in their mailbox means they have a fun movie experience ahead and that they don't have to think about or deal with the hassles of going to the local store to make that happen."

The continued opening of shipping centers reinforces Netflix's leadership in the online movie rental market it pioneered. The centers seek to regionally replicate Netflix's success and experience in the San Francisco Bay Area, where it opened its first facility five years ago. Today more than seven percent of all households in the Bay Area are Netflix subscribers. The region has received generally one business-day delivery for five years.

Netflix has said it expects five percent of all U.S. households to become Netflix members by 2006, resulting in five million members and generating approximately $1 billion in revenue.

Netflix has shipping centers located throughout the U.S. to provide the largest range of one business-day delivery to urban, suburban and rural residents throughout the contiguous 48 states and the District of Columbia. In addition to providing service throughout the continental U.S , Netflix also provides speedy delivery to Alaska, Hawaii, and all U.S. territories, possessions, military bases and embassies throughout the world

#### About Netflix

Netflix (Nasdaq: NFLX) is the world's largest online movie rental service, providing more than two million subscribers access to over 25,000 DVD titles. For $21.99 a month, Netflix subscribers rent as many DVDs as they want, and keep them as long as they want, with three movies out at a time. There are no due dates, no late fees and no shipping fees. DVDs are delivered for free by first-class mail from regional shipping centers located throughout the United States. Netflix can reach more than 80 percent of its subscribers with generally next business-day delivery. The company provides subscribers extensive information about DVD movies, including critic reviews, member reviews, online trailers, ratings, and personalized movie recommendations. For more information, visit www.netflix.com

#### Forward-Looking Statements

This press release contains certain forward-looking statements within the meaning of the federal securities laws, including statements regarding the impact these centers will have on Netflix's leadership position, our ability to replicate regionally the successes of the San Francisco Bay area, expectations regarding household penetration and revenue. These statements are subject to risks and uncertainties that could cause actual results and events to differ, including, without limitation: the risk that the San Francisco Bay area is not indicative of likely behavior in the rest of the country; our ability to manage our growth; and,

operating constraints or difficulties  A detailed discussion of these and other risks and uncertainties that could cause actual results and events to differ materially from such forward-looking statements is included in our Annual Report on Form 10-K filed with the Securities and Exchange Commission on February 27, 2004  We undertake no obligation to update forward-looking statements to reflect events or circumstances occurring after the date of this press release

Welcome | How It Works | Browse Selection | FREE Trial

Gift Subscriptions | Contact Us | Affiliates | Press Room | About Us | Privacy Policy | Jobs | Investor Relations | Genre

© 1997-2004 Netflix, Inc. All rights reserved.   U S  Patent No  6584450    Terms of Use  {101} USA

**EXHIBIT C**



# Rent as many DVDs as you want

Here's how Netflix works:



1 Create your movie list online.



2 We rush you 3 DVDs from your list.

Free 1 Day Delivery



3 Keep each DVD as long as you want.

NO LATE FEES



4 Return your viewed movie(s) to get new ones from your list.

Pre-paid Return Envelope





Try Netflix for FREE!

Go to:
www.netflix.com
Enter code:
RentDVDs38

No Due Dates    No Commitments    Cancel Anytime

Questions? Visit www.netflix.com or call 1-800-290-8325

## NETFLIX®

970 UNIVERSITY AVENUE
LOS GATOS CA 95032

UPS PSN 1000 APPROVED POLY



PRSRT STD
U.S. Postage
PAID
Permit No. 40
Saratoga, IN 47274

**EXHIBIT D**



Sign In · Contact Us

# CUSTOMER SERV

## Frequently Asked Questions

### Shipping

Search Our
Area



### FAQ Categories

**Buying Online**

Returns
Checkout
Purchasing Games
Billing
Shipping
Purchasing Movies

**Rent In Store**

Rent and Buy Games
Rent and Buy Movies
Membership
Stores
GiftCards

**Rent Online**

Billing
Shipping
My Queue
My Account
My E-Coupons
DVD Issues

**Special Offers**

Flip Card
Game Pass
Guaranteed In Stock
Trading
Blockbuster Rewards
Movie Pass

**E-Newsletter**
Get the latest on DVD,
Game and VHS releases
with our E-Newsletter.

Enter Your E-Mail Address:

1.  How fast will my DVDs be delivered?
2.  How are online rental DVDs shipped?
3.  What's the best way to return my DVDs?
4.  Can I return my online rental DVDs to my local Blockbuster stores?
5.  Will delivery speed of my DVDs be affected by holidays or inclement weather?
6.  Does Blockbuster ship online rentals to APO/FPO or military bases?
7.  How can I be sure that the Blockbuster online rental envelopes will fit in my mailbox?
8.  What can I do if I'm experiencing long mail delays when receiving DVDs?
9.  Can I request express delivery for my DVDs?
10. What do I do if my mail carrier is leaving my DVDs where they are accessible by others?
11. When should I report a DVD as missing?
12. What if I don't receive the DVD that was shipped?
13. What if I reported a DVD as missing and then received it?
14. Can I check the status of a DVD that has been shipped?
15. What do I do if I returned a DVD, but it was never received?
16. What do I do if I receive the wrong DVD?
17. What do I do if I have mailed several DVDs, but none of them were received?
18. What do I do if several DVDs were shipped to me, but I never received them?
19. Can I have my movies mailed to a temporary address while I'm on vacation?
20. What if I lose the white sleeve or postage-paid return Blockbuster online rental envelope?
21. Why would I receive a rental return confirmation for a DVD I never received?
22. Can I have movies delivered to a hotel or motel?
23. Can I have DVDs shipped to multiple mailing addresses?

1.  How fast will my DVDs be delivered?
    A: Most DVDs will be delivered within two-three days. Delivery outside the Continental US may take longer.
    Back to Top

2.  How are online rental DVDs shipped?
    A: Our DVDs are shipped first class mail.
    Back to Top

3.  What's the best way to return my DVDs?
    A: You can return your DVDs anywhere mail is picked up — in your mailbox at home, any U.S.P.S. mailbox or at a post office.
    Back to Top

4.  Can I return my online rental DVDs to my local Blockbuster stores?
    A: Blockbuster stores do not currently accept online rental returns. Please return all online rental DVDs through first-class mail using the postage-paid envelope that is provided
    Back to Top

5.  Will delivery speed of my DVDs be affected by holidays or inclement weather?
    A: Blockbuster uses the U.S. Postal Service, so your DVD delivery will not be any different than your regular mail. Not even rain, sleet or snow will keep your DVDs from you.
    Back to Top

6.  Does Blockbuster ship online rentals to APO/FPO or military bases?
    A: Yes. Delivery times should be the same as your regular first class mail service
    Back to Top

7.  How can I be sure that the Blockbuster online rental envelopes will fit in my mailbox?
    A: Blockbuster online rental envelopes are designed to fit in all standard size mailboxes. Unless you do not use a standard mailbox, you shouldn't have any problems.
    Back to Top

8.  What can I do if I'm experiencing long mail delays when receiving DVDs?
    A: While we have no control over the U S  Postal Service, you should receive most

DVDs within two to three days. If your shipments consistently take longer than this, please check your address information to ensure that your address and zip code are correct. If the problem persists, please contact our Customer Service for assistance.
Back to Top

9.  Can I request express delivery for my DVDs?
    A: To minimize shipping costs, Blockbuster ships online rentals by first class mail only.
    Back to Top

10. What do I do if my mail carrier is leaving my DVDs where they are accessible by others?
    A: Make sure that your mailbox is a standard size box. Then, call your local post office and request that your mail is placed only in your mailbox.
    Back to Top

11. When should I report a DVD as missing?
    A: If you have not received your DVD within 5 days, please report it using the Report a DVD Issue form. Learn more about reporting DVD issues.
    Back to Top

12. What if I don't receive the DVD that was shipped?
    A: If you have not received your DVD in 5 days, click on Report a DVD Issue and complete the form. We will resend the DVD as soon as we receive your request. Learn more about reporting DVD issues.
    Back to Top

13. What if I reported a DVD as missing and then received it?
    A: Let us know as soon as possible. If we haven't shipped the replacement disc, we'll cancel the request and send the next DVD in My Queue. Learn more about reporting DVD issues.
    Back to Top

14. Can I check the status of a DVD that has been shipped?
    A: Blockbuster uses the U.S. Postal Service to keep shipping and returns as convenient as possible for you. However, we are unable to track packages once they leave us.
    Back to Top

15. What do I do if I returned a DVD, but it was never received?
    A: If we have not shipped your next DVD in 5 days, click on Report a DVD Issue and complete the form. We will update My Queue and send the next DVD on your list. Learn more about reporting DVD issues.
    Back to Top

16. What do I do if I receive the wrong DVD?
    A: Use the Report a DVD Issue form to report the error. We will send the correct DVD to you as soon as possible. Learn more about reporting DVD issues.
    Back to Top

17. What do I do if I have mailed several DVDs, but none of them were received?
    A: Use the Report a DVD Issue form to let us know. Learn more about reporting DVD issues.
    Back to Top

18. What do I do if several DVDs were shipped to me, but I never received them?
    A: Review your shipping address to make sure that the information is complete and correct. If so, next contact your local post office to make sure that the DVDs are delivered in your mailbox and not left in a visible location. Learn more about reporting DVD issues.
    Back to Top

19. Can I have my movies mailed to a temporary address while I'm on vacation?
    A: Because delivery times can vary and we do not guarantee exact dates, we cannot mail your DVDs to a temporary address.
    Back to Top

20. What if I lose the white sleeve or postage-paid return Blockbuster online rental envelope?
    A: Use the Report a DVD Issue form to let us know. However, you can still return a DVD in the rental envelope without the white sleeve. Also, two discs can fit into one rental envelope. So, if you lose one rental envelope, don't worry  Just use your next envelope to return both discs  Learn more about reporting DVD issues.
    Back to Top

21. Why would I receive a rental return confirmation for a DVD I never received?
    A: The post office was most likely unable to deliver to the address on your account. Check your address in My Account to verify that all information is correct. If the problem persists, please contact our Customer Service for assistance.
    Back to Top

22  Can I have movies delivered to a hotel or motel?
A: Because delivery times can vary and we do not guarantee exact dates, we
cannot mail your DVDs to a temporary address.
Back to Top

23  Can I have DVDs shipped to multiple mailing addresses?
A: We ship only to one address
Back to Top

About Blockbuster     Customer Service     Find A Store     Investor Relations     Affiliates     Careers
Blockbuster name, design and related marks are trademarks of Blockbuster Inc. ©2004 Blockbuster Inc. All rights reserve

Portions of Content Provided by All Movie Guide ® 2004 AEC One Stop Group  Inc  All Movie Guide is a regir
of AEC One Stop Group, Inc

**EXHIBIT E**



## DVD AVENUE™
### Your Complete Online Video Store!

FAQs ⓒ    Join Now! ⓒ    Member Sign In ⓒ    Customer Center ⓒ    Home ⓒ

**SEARCH:**

**BROWSE:**

**GENRE:**
Action/Adventur...  GO

**NEW RELEASES:**
New Releases  GO

**CATEGORY:**
Coming Soon  GO

Advanced Search »»
We Recommend! »»
Coming Soon »»
PLAYSTATION® »»
PLAYSTATION2™ »»
NEW! Previously Viewed Dvds »»

---

## Frequently Asked Questions

**Q: How do I join DVD Avenue?**

A: To Join you must click on the Join Now link on our home page. Please follow the directions thereafter. Once you join and register your e-mail and password, you may start adding DVDS to your rental list. You may update your account by logging in to the site and clicking "update account" button.

**Q: How do I choose a rental program?**

A: DVD Avenue offers 5 different rental programs. Under any of the programs you can keep the DVD's for any length of time and there are no late fees. The only difference in the programs is the number of DVD's you are allowed to keep on hand at anyone time. The faster you return the movies the more DVD's you can get in any given month, no limits.

2 DVD's out at the time for $14.95/month
3 DVD's out at the time for $19.95/month
4 DVD's out at the time for $24.95/month
6 DVD's out at the time for $34.95/month
8 DVD's out at the time for $44.95/month

**Q: How do I pay for joining?**

A: DVD Avenue accepts the following credit cards: Visa, Mastercard, American Express & Discover. We use 128-bit encryption through a secure server to process all transactions. We do not accept any other method of payment. You must be at least 18 years of age to become a member.

**Q: I'm not crazy about sending my credit card information over the Internet. What can I do?**

A: We use 128-bit encryption to make sure ALL of the information we receive is completely safe. If you still are uncomfortable you can call customer service at 1-800-990-4159 and we

will be glad to take your information over the phone.

**Q: Tell me more about NO LATE FEES**

A: DVD Avenue allows you to keep your DVD rentals as long as you like. Remember, there are NO due dates and NO late fees. When you do return your rentals please slip them into their rental sleeve and insert the DVD rental along with the protective foam pouch into the pre-paid mailer. Then just drop into any mailbox and your done. We will ship your next selection(s) the same day we receive your returns.

**Q: How about cancellation? Can I cancel at any time?**

A: Yes you can cancel at any time by clicking here

**Q: How about sales taxes?**

A: If you are resident of Maryland or Pennsylvania you are subject to their applicable sales tax rate. This amount will be added to your monthly credit card charges.

**Q: How do I choose the movies that I want?**

A: After joining you may select DVDS. Once you find an item you would like to rent click the "RENT" button to add it to your DVD rental list. You may add as many items as you like. You'll always want to keep your list so full so we can quickly ship your next available pick. We will keep shipping DVDS until you have reached your maximum allowed according to your DVD rental plan.

**Q: What about availability of movies?**

A: When a title is out on rental you can and should still place the title on your rental list. We stock multiple quantities of our titles and should have the item back in stock shortly. If you are having difficulty renting a particular title please notify customer service and we will take care of the problem immediately. Also, if there is a title you want to rent but it is not listed on the site please notify customer service.

**Q: How long does it take to receive my selections?**

A: The average time it takes to receive your DVD rentals is 2-5 days. If you live in the D.C. Metro Area it will take 1-3 days.

**Q: It has been 6 days and still no DVD. What's going on?**

A: If you ordered a rental or returned a disc and it has been 6 full business days and you have not received your dvd rental or confirmation of your return then please contact customer service so we can amend the situation.

**Q: I returned my personal DVD. What should I do?**

A: If you returned your own personal DVD accidentally, you should notify DVD Avenue customer service immediately. Please include all details (title of DVD, date shipped back, your name & tel. #). We will return your personal DVD along with a return envelope for the rental DVD.

**Q: I lost my return mailer. How do I send them back?**

A: You can request a replacement mailer anytime. You can also use any other envelope to return your rentals as long as the disc is in its rental sleeve. Please sent to: DVD Avenue P.O. Box 820 Clinton, MD, 20735

**Q: I returned my rentals but forgot to put them in their rental sleeves?**

A: We will be able to check them in but it will probably take an additional day. It is important to return the discs in their original rental sleeves to ensure proper and timely credit.

**Q: The disc I received is defective. What should I do?**

A: Notify customer service immediately so we can send you out a replacement DVD Rental and send the disc back immediately.