# EXHIBIT U

Dockets.Justia.com



San Francisco Superior Courts
Information Technology Group

## Document Scanning Lead Sheet

Apr-28-2006 3:43 pm

Case Number: CGC-04-434884

Filing Date: Apr-28-2006 3:42

Juke Box: 001    Image: 01436713

ORDER

FRANK CHAVEZ VS. NETFLIX, INC., A FOREIGN CORPORATION et al

001C01436713

**Instructions:**
Please place this sheet on top of the document to be scanned.

**F I L E D**

San Francisco County Superior Court

APR 2 8 2006

GORDON PARK-LI, Clerk

BY: _Vicki Mack_

Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

FRANK CHAVEZ, an individual, and California resident, on behalf of himself, those similarly situated, and the general public,

          Plaintiff,

    v.

NETFLIX, INC., a foreign corporation; and DOES 1 THROUGH 10,

Defendants

CASE NO. CGC-04-434884

CLASS ACTION

Action Filed: September 23, 2004

**ORDER APPROVING SETTLEMENT**

Date:      March 22, 2006
Time:     2:00 p.m.
Dept.:    514

      Pending before the Court is Plaintiff's Motion for Final Approval of a Class Action Settlement (the "Approval Motion"). Having considered the written submissions filed in this matter, as well as the oral arguments of counsel for the Parties and objectors, the Court hereby finds that the proposed settlement, as reflected in the Amended Settlement Agreement, is fair, reasonable, and adequate. The Court, for the purposes of this Order, adopts and incorporates by reference the definitions set forth in Section 2 of the Amended Settlement Agreement. Unless

-1-
Order Approving Settlement
No. 434884

otherwise defined, all terms used herein shall have the same meaning as set forth in the Amended Settlement Agreement.

## I.  Background

On October 17, 2005, the Parties, following a mediation before retired Magistrate Judge Edward Infante, entered a settlement agreement in this consumer class action.  Shortly thereafter, the Plaintiff filed a motion with the Court for preliminary approval of the settlement.

On October 19, 2005, the Court held a public hearing on the motion for preliminary approval ("Preliminary Approval Hearing").  At the Preliminary Approval Hearing, the Court requested certain modifications to the settlement. Following the Preliminary Approval Hearing, and pursuant to the direction of the Court, the Parties made modifications to their settlement agreement and filed a revised settlement agreement with the Court on October 25, 2005 (the "Original Settlement Agreement").

On October 27, 2005, after reviewing and considering the Original Settlement Agreement, the motion for preliminary approval and related filings, and the arguments and submissions of counsel for the Parties, the Court issued an order preliminarily approving the settlement, certifying the Class for purposes of settlement, and directing that notice be given to Class Members pursuant to the terms of the Original Settlement Agreement.

Notice was distributed pursuant to the Court's Preliminary Approval Order in November 2005.  Certain Class Members served and/or filed objections to the proposed settlement, and the Federal Trade Commission ("FTC") submitted a Memorandum of Law as Amicus Curiae regarding certain settlement terms.  The Court has reviewed all the objections and the memorandum of the FTC.  The primary objection to the Settlement – and the only objection raised by the FTC – related to the provision by which the settlement benefit would automatically renew at the end of the free month (the "auto-renewal feature"), meaning that Class

1   Members who did not take steps to cancel the service at the conclusion of the free
2   month would be charged for future months.  Netflix met with the FTC in January
3   2006 and, following that meeting, agreed to eliminate the auto-renewal feature
4   from the Original Settlement Agreement.  In the course of the eliminating the auto-
5   renewal feature from the Original Settlement Agreement, the Parties also agreed to
6   make other modifications to the Original Settlement Agreement that would address
7   other issues raised by certain objectors.  By order dated February 16, 2006, the
8   Court set two dates for public hearings on the final approval of the Settlement.  On
9   February 22, 2006, during the first hearing, the Parties informed the Court that they
10  had reached agreement on a modified settlement that addressed the concerns of the
11  FTC and many of the objectors.  A draft of the modified agreement had been
12  provided to the Court, the FTC, and many of the objectors prior to (and
13  immediately following) the hearing.  At the hearing, the FTC and several objectors
14  informed the Court that they believed the proposed modified agreement resolved
15  their concerns.

16          On March 8, 2006, the Parties executed the Amended Settlement
17  Agreement.  The Amended Settlement Agreement was served on all objectors on
18  March 8-9, 2006.  On March 22, 2006, the Court held the second hearing on final
19  approval of the Settlement.  At this hearing, the staff of the FTC informed the
20  Court that the FTC staff had reviewed the Amended Settlement Agreement and the
21  proposed supplemental notifications to the Class, and that the Amended Settlement
22  Agreement and notices were acceptable to the Federal Trade Commission.  In
23  addition, counsel for the vast majority of the objectors (including without
24  limitation counsel for the proposed intervener Alex Pearl and counsel representing
25  Chris Ambler and 400 other objectors) informed the Court that they supported
26  approval of the Amended Settlement Agreement.  Counsel for fewer than ten
27  objectors expressed concerns with the Settlement.  These objections have been
28  considered and overruled for the reasons set forth below.

1    The Court has carefully reviewed the Amended Settlement Agreement, the

2    written submissions of the Parties, and all objections to the Settlement. The Court

3    concludes that the Settlement is fair, reasonable and adequate. Accordingly, the

4    Approval Motion is granted.

5    **II.    Certification of the Settlement Class, and Adequacy of Class Notice**

6    A Settlement Class is hereby established in this Litigation, pursuant to

7    Section 382 of the California Code of Civil Procedure and Section 1781 of the

8    California Civil Code. The definition of this Settlement Class corresponds with

9    the Settlement Class previously certified for settlement purposes by the Court:

10
11   **All persons and entities residing in the United States who enrolled
     in a paid Netflix membership program prior to January 15, 2005.
     Excluded from being Class Members are Netflix; any entity in
     which Netflix has a controlling interest; Netflix's directors,
12   officers, employees; Netflix's legal representatives; Judge Mellon
     and the members of his immediate family; any persons who joined
13   the Netflix service pursuant to a free trial offer but never became
     paying members of the Netflix service; any persons whose Netflix
14   account was terminated or held due to suspected illegal activity
     (such as credit card fraud or copyright infringement); and all
15   persons who timely and validly request exclusion from the Class
     in compliance with the requirements of the Class Notice.**
16

17   In connection with its decision to certify the Settlement Class, the Court has found

18   that:

19       1. There are approximately 5.5 million persons who were paying

20       members of Netflix's service prior to January 15, 2005.

21       2. There are questions of law and fact common to the Class which, as

22       to the settlement and the Litigation, predominate over questions

23       affecting only individual Class Members, including the manner in

24       which Netflix marketed and advertised its service.

25       3. The claims of the Class Representative appear to be typical of the

26       claims of the Settlement Class, and Class Counsel and the Class

27       Representative do not appear to have been unable to pursue any

28       available claims.

4.  In negotiating and entering into the Original and Amended Settlement Agreements, and at all other times during the pendency of this Litigation, the Class Representative and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class.

5.  A class action is superior to other available methods for the fair and efficient adjudication of this Litigation and settlement.

Class Members shall have forty-five (45) days from the distribution of the Supplemental Notification (which shall be initiated within 21 days from the later of the date of this Order or an order awarding attorney's fees and expenses to class counsel and providing that the total of such awards and awards to objectors shall not exceed the amount set forth in Section 9 of the Amended Settlement Agreement) to request exclusion from the Class, as set forth in Section 7 of the Amended Settlement Agreement and in the Supplemental Notifications ("Opt-Out Deadline"). Netflix shall identify the precise opt-out deadline on the Settlement Website when it issues the Supplemental Notification.  All such opt-out requests must be delivered to Netflix Opt-Out, P.O. Box #210340, San Francisco, CA 94121-0340.  The request for exclusion must include a written, signed request to be excluded from the Class, stating (1) the Class Member's name, address, email address, and telephone number (a) associated with the Netflix account and (b) at the current time, if different, (2) reference the Litigation (i.e., Chavez v. Netflix, Inc. Case No. CGC-04-434884), (3) approximately when the Class Member became a Netflix member, if and when the account was canceled, and what service level(s) the Class Member subscribed to and (4) that the Class Member wishes to be excluded from the Class.

Any persons who properly requested exclusion from the Settlement Class during the First Claims Period do not need to do so again in order to be excluded. Those persons who elected to opt-out during the First Claims Period will be allowed to rejoin the Settlement Class by accepting the Class Benefit; such

1  acceptance shall be deemed to be an express revocation of the previous request for

2  exclusion from the Settlement Class.

3          The identity of any persons who have validly and timely requested exclusion

4  from the Settlement Class shall be set forth in the Exclusions from Settlement

5  Class, which is to be filed with the Court no later than fifteen (15) days after the

6  Opt-Out Deadline.

7          The Court reaffirms its Order of October 27, 2005 and finds that the

8  Summary Notice to the Settlement Class of the pendency of this Litigation and of

9  this Settlement constituted the best notice practicable under the circumstances to

10  all persons within the definition of the Settlement Class, and fully complied with

11  the requirements of due process and all other applicable laws.  The Court further

12  finds that the Supplemental Notification regarding the terms of the Amended

13  Settlement Agreement constitutes the best notice practicable under the

14  circumstances to all persons within the definition of the Settlement Class, and fully

15  complies with the requirements of due process and all other applicable laws.  The

16  Summary Notice and Supplemental Notifications provide a hyperlink to the

17  Settlement Website and specifically instruct class members to visit the website "to

18  get more information about the settlement and procedures."  The Settlement

19  Website home page provides links to (a) the Long Form Notice, and informs Class

20  Members that the Long Form Notice "describes the case and the rights to Class

21  Members"; (b) the Amended Settlement Agreement and a comparison showing the

22  changes from the Original Settlement Agreement; (c) "Important Dates and

23  Information"; and (d) a Frequently Asked Questions page that directs Class

24  Members to specific sections of the Long Form Notice.  This Notice program fairly

25  apprises members of the class of the terms of the Settlement and of the options that

26  are open to them in connection with these proceedings, and is well within the range

27  of reasonableness that accompanies the Court's broad discretion as to the manner

28

1  of giving notice to class members. *See 7-Eleven Owners for Fair Franchising v.*
2  *Southland Corp.*, 85 Cal App 4th 1135, 1164 (2000).

3  **III.    Approval of Settlement**

4       The Court finds that the terms of the Settlement, as set forth in the Amended
5  Settlement Agreement, are fair, reasonable, and adequate to the Class Members.
6  Under Rule 1859 of the California Rules of Court, the settlement of a class action
7  requires approval of the court after notice and hearing. Cal. R. Ct. 1859(a) and (f).
8  Before granting final approval, the court must first conduct an inquiry into the
9  fairness of the proposed settlement, Cal. R. Ct. 1859(g), and must determine that
10 the settlement is "fair, adequate and reasonable." *Dunk v. Ford Motor Co.*, 48 Cal.
11 App. 4th 1794, 1800-01 (1996). The Court has broad discretion in making this
12 determination. *7-Eleven*, 85 Cal. App. 4th at 1146.

13      A presumption of fairness exists where (1) the settlement is reached through
14 arm's length bargaining; (2) investigation and discovery are sufficient to allow
15 counsel and the court to act intelligently; (3) counsel is experienced in similar
16 litigation; and (4) the percentage of objectors is small. *Dunk*, 48 Cal. App. 4th at
17 1800-01. The Court finds that each of these factors is present here and that the
18 proposed Settlement is entitled to a presumption of fairness. Consistent with the
19 Court's conclusion that the Settlement is fair, reasonable, and adequate, the Court
20 notes that as of March 22, 2006, 268,961 Current Subscriber Class Members and
21 149,302 Former Subscriber Class Members had registered for the Class Benefit.
22 This level of participation is by any measure extraordinarily high.

23      The Court finds that the Class Benefit to be provided by Defendant, as set
24 forth in Section 4 of the Amended Settlement Agreement, is fair, reasonable and
25 adequate. In reaching this conclusion the Court has considered the Parties'
26 submissions and arguments regarding (1) the strength of plaintiff's case; (2) the
27 risk, expense, complexity and likely duration of further litigation; (3) the risk of
28 maintaining class action status through trial; (4) the amount offered to each Class

1  Member in settlement; (5) the extent of discovery completed and the stage of the

2  proceedings; (6) the experience and views of counsel; and (7) the reaction of the

3  class members to the proposed settlement. *See 7-Eleven*, 85 Cal. App. 4th at 1146.

4  The Court finds that each of these factors support approval of the Amended

5  Settlement.

6      The Court has carefully reviewed the objections to the proposed Settlement

7  and Amended Settlement Agreement. The principal objection, and many other

8  objections, have been mooted by the execution of the Amended Settlement

9  Agreement. The concerns raised by the objectors have not convinced the Court

10  that the Settlement is not entitled to a presumption of fairness, and all objections

11  are hereby overruled on the merits. Even without the presumption, the Court

12  would find that the Settlement is fair, reasonable, and adequate.

13      With respect to the objection that Former Subscriber Class Members are

14  receiving a more valuable benefit than Current Subscriber Class Members, the

15  Court finds that the difference is "rationally based on legitimate considerations."

16  *7-Eleven*, 85 Cal. App. 4th at 1162. In negotiating the Settlement, the Parties took

17  into account that Current Subscriber Class Members would be faced with

18  additional defenses and difficulties of proof. The Court finds this to be a legitimate

19  consideration and that it is rationally reflected in the terms of the Settlement. *See*

20  *7-Eleven*, 85 Cal. App. 4th at 1162; *Wershba v. Apple Computer, Inc.*, 91 Cal. App.

21  4th 224 (2001); *Petrovic v. Amoco Oil* Co., 200 F.3d 1140, 1146 (8th Cir. 1999);

22  *Follansbee v. Discover Fin. Servs.*, No. 99 C 3827, 2000 WL 804690, at *3 (N.D.

23  Ind. 2000); *In re PaineWebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 131 (S.D.N.Y.

24  1997).

25      The Court also concludes that the proposed process for informing Class

26  Members of the Amended Settlement is fair and reasonable and comports with the

27  Rules of Court, the Civil Code, and constitutional requirements of due process.

28  Class Members who did not complete the Claim Form Process during the First

1    Claims Period will receive notice of the Amended Settlement Agreement and

2    another opportunity to complete the Claim Form Process. All Class Members also

3    will have another opportunity to opt-out. Any Class Member who previously

4    properly requested exclusion from the Original Settlement Agreement will be

5    permitted to withdraw his or her opt-out and claim the Class Benefit.

6        The Court finds and concludes that there is no reason to provide Class

7    Members an additional opportunity to object and/or intervene. The Court finds

8    that the Amended Settlement Agreement improves or enhances the settlement

9    benefit as compared to the Original Settlement Agreement, without imposing any

10   substantial additional burden on Class Members. The Court has considered, and

11   rejects, the contentions that Class Members have been prejudiced by (1) the

12   increase from 90 to 180 days of the period in which Netflix may provide the Class

13   Benefit to Current Subscribers, (2) the notification that Former Subscribers will be

14   charged according to Netflix's standard policies if they fail to return DVDs after

15   the expiration of their memberships (currently $20 per DVD), or (3) any other

16   changes between the Original Settlement Agreement and the Amended Settlement

17   Agreement. There is no reason to believe that additional meritorious objections

18   could be made to the Amended Settlement Agreement that were not made to the

19   Original Settlement Agreement or not made since service on objectors of the

20   Amended Settlement Agreement on March 8-9, 2006. Other courts have held in

21   similar circumstances that it is not necessary to provide another opportunity to

22   object to an amended settlement, and that any due process concerns are addressed

23   by providing merely another opportunity to opt out. *See Nilsen v. York County* (D.

24   Maine 2005) 382 F. Supp. 2d 206, 218 ("If the parties decide to amend the

25   settlement to remove the cause for my disapproval, I would require a new

26   opportunity for female class members who have filed claims to opt out. Because

27   the class-wide settlement notice in this case already satisfied the requirements of

28   Rule 23(e)(1)(B), as I discussed above, I would require notice of the amendment

1  and the opt-out right only to female class members who have already filed claims,

2  because they are the only class members who would be negatively affected by such

3  an amendment.") *citing In re Integra Realty Res., Inc.* (10th Cir. 2001) 262 F.3d

4  1089, 1111 (holding that the district court did not abuse its discretion by failing to

5  notify class members of a new right to opt out because the right to opt out "merely

6  expanded the rights of class members" and did not create "a risk that unfavorable

7  terms would be forced upon some class members"); *Manners v. Am. Gen. Life Ins.*

8  *Co.* (M.D. Tenn. Aug. 11, 1999) 1999 U.S. Dist. LEXIS 22880 (finding that notice

9  of settlement amendments was unnecessary because the amendments enhanced the

10  relief provided to the class members and the original notice satisfied constitutional

11  standard).

12      Accordingly, the Court approves the Settlement as set forth in the Amended

13  Settlement Agreement and grants Plaintiff's Approval Motion.  Netflix is hereby

14  ordered to initiate delivery of the Supplemental Summary Notices described in,

15  and pursuant to the terms of, Section 5.1 of the Amended Settlement Agreement.

16  The Parties are ordered to file a joint status report by June 30, 2006 updating the

17  Court on the number of Class Members who have registered for the Class Benefit

18  and providing the Court with a final list of Class Members who have opted out of

19  the Class.  Upon the filing of this joint status report, the Parties may apply for

20  judgment to be entered.

21      No ruling is made herein as to any party's or objector's motion for attorneys'

22  fees or expenses, which shall be addressed by separate order.

23  IT IS SO ORDERED.

24

25  Dated: April __, 2006

26                                  Thomas J. Mellon, Jr.
                                    Judge of the Superior Court

27

28

# SUPERIOR COURT OF CALIFORNIA
## County of San Francisco

FRANK CHAVEZ, et al,

                        Plaintiff(s)

          vs.

NETFLIX, INC., et al,

                        Defendant(s)

Case Number: CGC-04-434884

**CERTIFICATE OF MAILING**
(CCP 1013a (4) )

I, Vicki Mack, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On April 28, 2006, I served the attached ORDER APPROVING SETTLEMENT by placing a copy thereof in a sealed envelope, addressed as follows:

Adam Gutride, Esq.
Seth A. Safier, Esq.
GUTRIDE SAFIER LLP
835 Douglass Street
San Francisco, CA 94114

Rodney G. Strickland, Jr., Esq.
Keith E. Eggleton, Esq.
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050

and, I then placed the sealed envelopes in the outgoing mail at 400 McAllister Street, San Francisco, CA. 94102 on the date indicated above for collection, attachment of required prepaid postage, and mailing on that date following standard court practices.

Dated: April 28, 2006

GORDON PARK-LI, Clerk

By: _____
Vicki Mack, Deputy Clerk