# EXHIBIT Y

Dockets.Justia.com

1  ALSCHULER GROSSMAN STEIN & KAHAN LLP
   Marshall B. Grossman (No. 35958)
2  William J. O'Brien (No. 99526)
   Tony D. Chen (No. 176635)
3  Dominique N. Thomas (No. 231464)
   The Water Garden
4  1620 26th Street
   Fourth Floor, North Tower
5  Santa Monica, CA 90404-4060
   Telephone: 310-907-1000
6  Facsimile: 310-907-2000
   Email: mgrossman@agsk.com
7          wobrien@agsk.com
           tchen@agsk.com
8          dthomas@agsk.com

9  Attorneys for Defendant and Counterclaimant,
   Blockbuster Inc.
10

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13  NETFLIX, INC., a Delaware corporation, | CASE NO. C 06 2361 WHA |
| 14  Plaintiff, | **BLOCKBUSTER'S PRELIMINARY INVALIDITY CONTENTIONS FOR U.S. PATENT NO. 7,024,381** |
| 15  vs. | |
| 16  BLOCKBUSTER INC., a Delaware corporation, DOES 1-50, | Complaint Filed: April 4, 2006 |
| 17 | |
| 18  Defendants. | |
| 19  BLOCKBUSTER INC., a Delaware corporation, | |
| 20 | |
| 21  Counterclaimant, | |
| 22  vs. | |
| 23  NETFLIX, INC., a Delaware corporation, | |
| 24  Counterclaim Defendant. | |

25      Pursuant to Patent Local Rule 3-3 and the Court's Case Management

26  Order filed June 30, 2006, Defendant and Counterclaimant, Blockbuster Inc.,

27  hereby states its Preliminary Invalidity Contentions as to United States Patent

28  No. 7,024,381 issued on April 4, 2006, entitled "Approach for Renting Items to

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

BLOCKBUSTER'S PRELIMINARY INVALIDITY
CONTENTIONS FOR U.S. PATENT NO. 7,024,381
C 06 2361 WHA

1    Customers" (hereinafter referred to as "the '381 Patent").

2          This statement of Preliminary Invalidity Contentions is based on the

3    information currently available to Blockbuster and is subject to revision.  Discovery

4    from Netflix and third parties remains pending, and other investigations are still in

5    progress.  Among other things, Netflix has to date failed to produce multiple

6    categories of documents requested by Blockbuster related to prior art, and Netflix

7    delayed producing more than 20,000 pages of documents that were due August 14,

8    2006, until September 13, 2006, making it impossible for Blockbuster to thoroughly

9    review those documents prior to submitting these Preliminary Invalidity

10    Contentions.

11          This statement is provided without prejudice to all rights to

12    supplement or modify Blockbuster's contentions as additional information is

13    obtained, further research and analysis are completed, and patent claims are

14    construed.  This statement is also made without waiver or limitation of any

15    attorney-client privilege, work product protection or any other privileges or

16    evidentiary objections whatsoever.

17    **I.**     **INVALIDITY CONTENTIONS BASED ON 35 U.S.C. §§ 102 AND 103**

18        **A.**     **IDENTIFICATION OF PRIOR ART**

19            **1**     **Prior Art Patents and Published Patent Applications**

20          Prior art patents and published patent applications identified for

21    purposes of these Preliminary Invalidity Contentions are listed in Exhibit A

22    attached hereto.

23            **2**     **Prior Art Publications**

24          Prior art publications (other than published applications) identified for

25    purposes of these Preliminary Invalidity Contentions are listed in Exhibit B

26    attached hereto.

27    ///

28    ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

2

BLOCKBUSTER'S PRELIMINARY INVALIDITY
CONTENTIONS FOR U S PATENT NO 7,024,381
C 06 2361 WHA

1    **3    Prior Art Public Use**

2    Prior art public use, public knowledge, sales, and offers for sale

3    identified for purposes of these Preliminary Invalidity Contentions are listed in

4    Exhibit C attached hereto.

5    **B.    CLASSIFICATIONS, COMBINATIONS AND MOTIVATIONS**

6    Classifications, combinations and motivations for combinations of

7    prior art are listed in Exhibits D (Part 1), E (Part 2) and F (Part 3) attached hereto.

8    **C.    CLAIM CHARTS**

9    **1    Claims 1 through 13**

10    A Claim Chart for Claims 1 through 13 of the '381 Patent is attached

11    hereto as Exhibit G.

12    **2    Claims 14 through 23**

13    A Claim Chart for Claims 14 through 23 of the '381 Patent is attached

14    hereto as Exhibit H.

15    **3    Claims 24 through 33**

16    A Claim Chart for Claims 24 through 33 of the '381 Patent is attached

17    hereto as Exhibit I.

18    **4    Claims 34 through 43**

19    A Claim Chart for Claims 34 through 43 of the '381 Patent is attached

20    hereto as Exhibit J.

21    **5    Claims 44 through 51**

22    A Claim Chart for Claims 44 through 51 of the '381 Patent is attached

23    hereto as Exhibit K.

24    **II.    INVALIDITY CONTENTIONS BASED ON 35 U.S.C. § 112**

25    Claims 1-51 of the '381 Patent are invalid for failing to comply with

26    the requirements of 35 U.S.C. § 112.

27    ///

28    ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

3

BLOCKBUSTER'S PRELIMINARY INVALIDITY
CONTENTIONS FOR U S PATENT NO. 7,024,381
C 06 2361 WHA

**A.    35 U.S.C. § 112, PARAGRAPH 2**

The '381 Patent and all claims thereof are invalid for indefiniteness under 35 U.S.C. § 112 ¶ 2.

Blockbuster's grounds for this contention include, without limitation, that the following claim terms are indefinite:

(1)    "computer-implemented method;"

(2)    "renting;"

(3)    "providing electronic digital information;"

(4)    "attributes;"

(5)    "movie rental queue;"

(6)    "associated with a customer;"

(7)    "ordered list;"

(8)    "causing to be delivered to the customer up to a specified number of movies;"

(9)    "based upon the order of the list;"

(10)   "selecting another movie based upon the order of the list;"

(11)   "electronically updating the movie rental queue;"

(12)   "determining the order of the two or more movies based upon one or more preferences of the customer;"

(13)   "a number of movies delivered to the customer and not yet returned does not exceed the specified number;"

(14)   "establishing over the Internet a rental agreement with a customer that provides for charging the customer a periodic fee;"

(15)   "a computer system;"

(16)   "a computer that is coupled to a digital telecommunications network by a digital telecommunications link;"

(17)   "an electronic digital memory in the computer;"

///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

4

BLOCKBUSTER'S PRELIMINARY INVALIDITY
CONTENTIONS FOR U.S. PATENT NO. 7,024,381
C 06 2361 WHA

Case 3:06-cv-02361-WHA    Document 46    Filed 09/18/2006    Page 5 of 8

1     (18)   "one or more sequences of computer program instructions stored

2     in the electronic digital memory which, when executed, cause the computer to

3     performer the steps of;"

4          (19)   "computer-implemented steps;" and

5          (20)   "movie selection criteria.

6          In addition, claims 44 through 51 of the '381 Patent are invalid for

7     indefiniteness under § 112 ¶ 2 because they recite both an apparatus and a method

8     of using that apparatus. Such claims are invalid under 35 U.S.C. § 112 ¶ 2. *See*

9     *IPXL Holdings v. Amazon.com, Inc.*, 430 F.3d 1377, 1384-85 (Fed. Cir. 2005); *see*

10    *also Amgen, Inc. v. Chugai Pharm. Co.*, 927 F.2d 1200, 1217 (Fed. Cir. 1991) (A

11    claim is considered indefinite if it does not reasonably apprise those skilled in the

12    art of its scope).

13          "The Board of Patent Appeals and Interferences ('Board')

14          of the PTO . . . has made it clear that reciting both an

15          apparatus and a method of using that apparatus renders a

16          claim indefinite under section 112, paragraph 2. *Ex parte*

17          *Lyell*, 17 USPQ 2d 1548 (1990). . . . This rule is well

18          recognized and has been incorporated into the PTO's

19          *Manual of Patent Examination Procedure.*

20          § 2173.05(p)(II) (1999) ('A single claim which claims

21          both an apparatus and the method steps of using the

22          apparatus is indefinite under 35 U.S.C. 112, second

23          paragraph.'); *see also* Robert C. Faber, *Landis on*

24          *Mechanics of Patent Claim Drafting* § 60A (2001)

25          ('Never mix claim types to different classes of invention

26          in a single claim.'). "

27    IPXL, 430 F.d at 1384.

28    ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

5

BLOCKBUSTER'S PRELIMINARY INVALIDITY
CONTENTIONS FOR U S PATENT NO. 7,024,381
C 06 2361 WHA

**B.    35 U.S.C. § 112, PARAGRAPH 1**

The Court's Patent Local Rules do not require any disclosure in Preliminary Invalidity Contentions concerning best-mode defenses. *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431 SBA, 2006 WL 1329997 (N.D. Cal. May 15, 2006); *see* Pat. L.R. 3-3(d). Blockbuster provides the following information as a courtesy, without prejudice to its presentation of any additional or different defenses at any time.

Blockbuster contends that the '381 Patent and all claims thereof are invalid for failure to disclose best mode as required by 35 U.S.C. § 112 ¶ 1. Blockbuster's grounds for this contention include, without limitation, the following:

1.    Claims of the '381 Patent recite selecting movies for delivery to a customer. The '381 Patent does not disclose any mode of selecting movies that prioritizes between requests of different customers. For example, and without limitation:

a.    The '381 Patent does not disclose any mode of selecting movies for customers that takes into account how often a customer returns movies and receives new ones;

b.    The '381 Patent does not disclose any step, method, device, or feature for anything known or described as "throttling."

2.    Claims of the '381 Patent recite delivery of movies to customers and delivery by mail.

a.    The '381 Patent does not disclose any mode of delivery of movie to customers by mail that includes any particular type, design, or features for the envelope or package used for such delivery. Indeed, the '381 Patent does not refer to an envelope or packaging at all.

b.    The '381 Patent does not disclose any particular type, design, or feature for return of monies by a customer.

///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

6

BLOCKBUSTER'S PRELIMINARY INVALIDITY
CONTENTIONS FOR U S PATENT NO. 7,024,381
C 06 2361 WHA

1   **III.   INVALIDITY CONTENTIONS BASED ON 35 U.S.C. § 101**

2            The Court's Patent Local Rules do not require any disclosure in

3   Preliminary Invalidity Contentions concerning § 101 defenses. *See* Pat. L.R. 3-

4   3(d). Blockbuster presents the following information as a courtesy, without

5   prejudice to its presentation of any additional or different defense at any time in the

6   future.

7            Claims 1-51 of the '381 Patent are invalid under 35 U.S.C. § 101.

8            **A.   UNPATENTABLE SUBJECT MATTER**

9            Blockbuster contends that the '381 Patent and each and every

10  individual claim thereof are invalid under 35 U.S.C. § 101 because the subject

11  matter of each such claim is not patentable under that section or under Article I,

12  Section 8 of the United States Constitution.

13           Blockbuster's grounds for these contentions include, without

14  limitation:

15           1.   Each such claim fails to set forth a patentable invention or

16  "discovery" by an "inventor" within the meaning of Article I, Section 8;

17           2.   Each such claim fails to set forth a patentable invention under

18  38 U.S.C. § 101;

19           3.   Each such patent and claim improperly attempts to provide

20  patent protection for a business method;

21           4.   Each such patent and claim improperly attempts to provide

22  patent protection for an algorithm; and

23           5.   Each such patent and claim otherwise fails to meet

24  Constitutional, statutory, or case law requirements for patentability.

25           **B.   DOUBLE PATENTING**

26           Blockbuster further contends that the '381 patent and each claim to the

27  '381 patent are invalid under 35 U.S.C. § 101 for double patenting. Blockbuster's

28  grounds for this contention include, without limitation:

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

7

BLOCKBUSTER'S PRELIMINARY INVALIDITY
CONTENTIONS FOR U.S. PATENT NO. 7,024,381
C 06 2361 WHA

1    1.    The '381 Patent and each of its claims set forth the same

2    invention claimed in U.S. Patent No. 6,584,450 (the "'450 Patent"); and

3    2.    The '381 Patent and each of its claims are nothing more than

4    obvious modifications of claims of the '450 Patent.

5    Based on the reasons stated above, Blockbuster contends that the '381

6    Patent and each and every individual claim thereof are invalid.

7

8

9    DATED: Sept. 18, 2006    ALSCHULER GROSSMAN STEIN & KAHAN LLP

10

11    By _____/s/_____

12    William J. O'Brien
      Attorneys for Defendant and Counterclaimant,
13    Blockbuster Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

8

BLOCKBUSTER'S PRELIMINARY INVALIDITY
CONTENTIONS FOR U S  PATENT NO. 7,024,381
C 06 2361 WHA