ALSCHULER GROSSMAN STEIN & KAHAN LLP
Marshall B. Grossman (No. 35958)
William J. O'Brien (No. 99526)
Tony D. Chen (No. 176635)
Dominique N. Thomas (No. 231464)
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA 90404-4060
Telephone: 310-907-1000
Facsimile: 310-907-2000
Email: mgrossman@agsk.com
       wobrien@agsk.com
       tchen@agsk.com
       dthomas@agsk.com

Attorneys for Defendant and Counterclaimant,
Blockbuster Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>  vs.<br><br>BLOCKBUSTER INC., a Delaware corporation, DOES 1-50,<br><br>            Defendants.<br><br>AND RELATED COUNTER ACTION. | CASE NO. C 06 2361 WHA (JCS)<br><br>**BLOCKBUSTER'S OPPOSITION TO MOTION TO FILE CLASS-ACTION COMPLAINT IN INTERVENTION**<br><br>Hearing Date: Dec. 7, 2006<br>Time: 8:00 A.M.<br>Courtroom: 9, 19th Floor<br>Judge: William H. Alsup<br>Complaint Filed: April 4, 2006 |

ALSCHULER GROSSMAN STEIN & KAHAN LLP

BLOCKBUSTER'S OPPOSITION TO MOTION TO INTERVENE C 06 2361 WHA (JCS)

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..........................................................................................................1

II. THE COURT SHOULD EXERCISE ITS DISCRETION TO DENY LEAVE TO INTERVENE ...........................................................................................2

    A. Whether to Allow the Permissive Intervention Sought by Dilbeck Is Purely in this Court's Discretion ............................................2

    B. Intervention Would Cause Delay and Prejudice ..................................3

    C. All Relevant Factors Militate Against Intervention ............................3

        1. The Case Is Significantly Advanced ..........................................3

        2. The Proposed Class Action Would Be a Significant Departure from the Existing Case ................................................4

        3. The Number of Possible Intervenors Is Also Problematical ..................................................................................5

        4. Dilbeck Can Seek the Same Remedy in a Separate Class Action ..................................................................................5

        5. Intervention Would Not Benefit the Class ...............................6

        6. Opposition of Existing Parties Militates Against Intervention ..................................................................................6

III. CONCLUSION ..............................................................................................................7

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

i

BLOCKBUSTER'S OPPOSITION TO MOTION
TO INTERVENE C 06 2361 WHA (JCS)

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co.*,
  207 F. Supp. 252 (N.D. Ill. 1962) .................................................................... 6

*Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc.*,
  51 F. Supp. 972 (D. Mass. 1943) ..................................................................... 5

*Daggett v. Commission on Governmental Ethics & Election Practices*,
  172 F.3d 104 (1st Cir. 1999) ......................................................................... 4, 6

*Donnelly v. Glickman*,
  159 F.3d 405 (9th Cir. 1998) ..................................................................... 2, 3, 4

*Levin v. Mississippi River Corp.*,
  47 F.R.D. 294 (S.D.N.Y. 1969) ....................................................................... 6

*Montgomery v. Rumsfeld*,
  572 F.2d 250 (9th Cir. 1978) ............................................................................ 5

*National American Corp. v. Federal Republic of Nigeria*,
  425 F. Supp. 1365 (S.D.N.Y. 1977) .............................................................. 5, 6

*Orange v. Air Cal.*,
  799 F.2d 535 (9th Cir. 1986) ............................................................................ 2

*Our Children's Earth Foundation v. United States E.P.A*,
  2006 WL 1305223 at *3 (N.D. Cal. 2006) ...................................................... 5

*Spangler v. Pasadena City Board of Educ.*,
  552 F.2d 1326 (9th Cir. 1977) ......................................................................... 3

*UMG Recordings, Inc. v. Bertelsmann AG*,
  222 F.R.D. 408 (N.D. Cal. 2004) ................................................................. 4, 5

*United States v. Michigan*,
  424 F.3d 438 (6th Cir. 2005) ............................................................................ 3

**FEDERAL RULES**

Federal Rule of Civil Procedure 23 .................................................................... 4

Federal Rule of Civil Procedure 24(a) ................................................................ 2

Federal Rule of Civil Procedure 24(b) ............................................................ 2, 3

**OTHER AUTHORITIES**

7C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL
  PRACTICE AND PROCEDURE § 1913 (2nd ed. 2003) .................................... 3

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

ii

BLOCKBUSTER'S OPPOSITION TO MOTION
TO INTERVENE C 06 2361 WHA (JCS)

## I. INTRODUCTION

The Court should deny Dennis Dilbeck's motion to intervene in this case. In opposing intervention, Blockbuster does not question the legitimacy of Dilbeck's proposed consumer antitrust claims against Netflix, nor Dilbeck's proposal to pursue those claims in a class action. Instead, the question raised by Dilbeck's motion is whether such a class action, and all the attendant issues and proceedings, should be inserted into the already-pending litigation between Netflix and Blockbuster. They should not.

Intervention would greatly complicate this case by injecting into it a new party or parties, new counsel, and complex new class-action issues, as well as a new damage claim that, according to Dilbeck's own motion, is entirely different from the antitrust damages presently being sought by Blockbuster. (*See* Mot. at 8:3-17.) Blockbuster would be made an involuntary party to all proceedings on these issues, even though it has no direct interest in them. The effect would be to substantially increase Blockbuster's litigation expenses and, inevitably, to complicate, confuse, and delay proceedings in the case. Blockbuster, in defending itself against an attempt by Netflix to shut down one of Blockbuster's major business units, should not have to compete with the proposed class action representative and his counsel for deposition time, scheduling consideration, or the attention of the trier of fact.

Also, subjecting the proposed class action to the schedule that is already in place for this case would be impractical – indeed, a recipe for confusion and delay. For example, following the Court's schedule, Netflix and Blockbuster have already selected patent claim terms for construction at the Claim Construction Hearing, have formulated their respective constructions of those terms, and have prepared and filed the Joint Claim Construction and Prehearing Statement. (*See* Order Re Schedule for Claim Construction at 1 (Doc. 32, filed July 31, 2006); Joint Claim Construction and Prehearing Statement (Doc. 89, filed Nov. 15, 2006).)

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

1

BLOCKBUSTER'S OPPOSITION TO MOTION
TO INTERVENE C 06 2361 WHA (JCS)

1  Netflix will have filed its opening brief on claim construction by December 6 – the
2  day before the hearing on Dilbeck's motion to intervene.  (*See* Order Re Schedule
3  for Claim Construction at 1; Clerk's Notice Rescheduling Hearing (Doc. 65, filed
4  Oct. 25, 2006).)  Unless the Court is going to reset the claim construction schedule,
5  intervention would deprive the class of effective representation in connection with
6  such important matters.

7  In contrast, denying intervention will in no way prejudice Dilbeck or
8  the proposed class.  On the contrary, class members will enjoy the best of both
9  worlds by pursuing a separate action.  They will be positioned to take advantage of
10 any victories won by Blockbuster while retaining the advantages of a separate case,
11 including the time to address important procedural questions.  Intervention would
12 burden and prejudice Blockbuster – and impair the interests of justice – without any
13 legitimate offsetting benefit to anyone.

14 **II.    THE COURT SHOULD EXERCISE ITS DISCRETION TO DENY**
15 **LEAVE TO INTERVENE.**

16 A.    **Whether to Allow the Permissive Intervention Sought by Dilbeck**
17 **Is Purely in this Court's Discretion.**

18 Dilbeck moves to intervene under Rule 24(b) of the Federal Rule of
19 Civil Procedure.  (*See* Mot. at 2:8-19.)[1]  "Permissive intervention [under
20 Rule 24(b)] is committed to the broad discretion of the district court."  *Orange v.*
21 *Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986).  Such intervention is subject to the
22 discretion of the District Court, even if an applicant satisfies the statutory threshold
23 requirements.  *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (affirming
24 denial of leave to intervene); *see* Fed. R. Civ. P. 24(b) (providing that an applicant

---

[1] Dilbeck also suggests, in a footnote, that he may be entitled to intervene as a right because he "has an interest in a competitive market for online DVD rental services." (Mot. at 8 n.6.) He cites no authority supporting such an expansive interpretation of Rule 24(a), which would seemingly give any consumer the right to intervene in any case affecting competitiveness of a market for any products or services he or she consumes.

1  "may" be permitted to intervene); *see also Spangler v. Pasadena City Board of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (identifying nonexclusive discretionary factors that the district court may consider when deciding whether to grant permissive intervention).

### B.  Intervention Would Cause Delay and Prejudice.

Rule 24(b) states that, "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). "[T]he district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Donnelly*, 159 F.3d at 412. Indeed, the possibility of prejudice to the original parties is the "principal consideration" in deciding whether to allow permissive intervention. 7C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1913 (2nd ed. 2003).

Intervention by Dilbeck would seriously prejudice Blockbuster by embroiling it in complex, time-consuming, and potentially contentious class-action proceedings, which are properly a matter between Dilbeck and Netflix. Blockbuster's defense would also be impaired because it would have to share the stage – in discovery, at trial, and in all the phases in between – with a different party and different counsel who are pursuing different remedies and are likely to have a different focus in the litigation. Blockbuster should be allowed to defend its online business against Netflix's attack without the distraction of being forced to do so as part of a case that is also a consumer class action.

### C.  All Relevant Factors Militate Against Intervention.

#### 1.  The Case Is Significantly Advanced.

Courts have denied intervention where, as here, cut-off and trial dates have already been set and intervention would call the schedule into question. *See, e.g., United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) (affirming denial of leave to intervene). This case has been in progress for more than seven months.

The case schedule is fast-moving, and some key dates have already passed. It is not realistic for the proposed class and its proposed representative and counsel to effectively litigate on the current schedule – especially if, as is likely, additional counsel and proposed class representatives attempt to join the class action.

### 2. The Proposed Class Action Would Be a Significant Departure from the Existing Case.

Courts have also denied leave to intervene where the applicant's claims depart from the existing litigation in a way that would complicate and delay its determination. *See, e.g., Donnelly*, 159 F.3d at 142 (affirming denial of intervention that "would only serve to undermine the efficiency of the litigation process"); *Daggett v. Commission on Governmental Ethics & Election Practices*, 172 F.3d 104 (1st Cir. 1999) (denying permissive intervention where the addition of more parties would unduly complicate the case). Thus, in *UMG Recordings, Inc. v. Bertelsmann AG*, 222 F.R.D. 408, 415 (N.D. Cal. 2004), the court denied leave to intervene, because the applicant's "allegations would divert time and resources from the principal thrust of [the] lawsuit and entangle the legal and factual issues involved therein within a web that is not of the original parties' making." The court further commented:

> Moreover, it is far from clear that UMG and Bridgeport's interests will always align – co-plaintiffs who find themselves in roles of adversity regarding several crucial (and potentially very financially significant) issues are unlikely to be able to propel this litigation forward in an effective matter. The court finds that UMG will incur significant prejudice if Bridgeport is allowed to intervene in its action against Hummer Winblad.

*Id.*

Obviously, Dilbeck's proposed class action raises significant and complicated new issues, such as the appropriateness of a class action, the definition of the proposed class, representation of the class, and requirements for notice to class members. *See* Fed. R. Civ. P. 23. Blockbuster should not be saddled with the

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

4

BLOCKBUSTER'S OPPOSITION TO MOTION
TO INTERVENE C 06 2361 WHA (JCS)

1   expense and delay of involvement with such issues.  In addition, Dilbeck indicates
2   that his antitrust arguments "diverge and compete with" the interests of
3   Blockbuster.   (Mot. at 7:15.)  The possibility of such conflicting arguments
4   militates against intervention.

5          3.      <u>The Number of Possible Intervenors Is Also Problematical.</u>

6         In *Montgomery v. Rumsfeld*, 572 F.2d 250, 255 (9th Cir. 1978), the
7   Ninth Circuit affirmed a District Court's refusal to allow thirteen additional
8   plaintiffs to intervene.  *See also Our Children's Earth Foundation v. United States*
9   *E.P.A*, 2006 WL 1305223 at *3 (N.D. Cal. 2006) (Alsup, J.) ("Such a crush of
10  intervenors would not be compatible with efficiency and might impede the original
11  parties due-process interest in prompt adjudication.").  "Additional parties always
12  take additional time.  Even if they have no witnesses of their own, they are the
13  source of additional questions, objections, briefs, arguments, motions and the like
14  which tend to make the proceeding a Donnybrook Fair." *National American Corp.*
15  *v. Federal Republic of Nigeria*, 425 F. Supp. 1365, 1372 (S.D.N.Y. 1977) (denying
16  intervention) (quoting *Crosby Steam Gage & Valve Co. v. Manning, Maxwell &*
17  *Moore, Inc.*, 51 F. Supp. 972, 973 (D. Mass. 1943)).

18        A consumer class action like the one proposed by Dilbeck would, of
19  course, involve numerous class members (potentially, millions of them), further
20  increasing the burden and complexity that would result from intervention.  Further,
21  additional class actions against Netflix are likely to emerge, along with additional
22  candidates for class representative and class counsel.

23         4.      <u>Dilbeck Can Seek the Same Remedy in a Separate Class Action.</u>
24        Another important factor is an applicant's ability to obtain relief in a
25  separate action if intervention is denied  *See, e.g., UMG*, 222 F.R.D. at 415 ("While
26  hardly dispositive, Bridgeport's ability to pursue its claims through an alternative
27  mechanism without any prejudice to its own rights is significant in the context of a
28  motion to intervene brought by that party.").  Dilbeck is free to file a separate class

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

5   BLOCKBUSTER'S OPPOSITION TO MOTION
TO INTERVENE C 06 2361 WHA (JCS)

action lawsuit.

### 5. Intervention Would Not Benefit the Class.

Dilbeck provides no reason why intervention would be more beneficial to the proposed class than pursuing a separate class action. The motion asserts the possibility of a so-called "collusive" settlement (*see* Mot. at 8:17-9:19), but it provides no evidence whatsoever for suggesting collusion between Netflix and Blockbuster. In reality, Blockbuster is aggressively defending its right to compete with Netflix and aggressively challenging the validity and enforceability of Netflix's patents. Dilbeck has no basis for suggesting otherwise, and mere speculation about collusion provides no support for his attempt to intervene. *See*, *e.g, Daggett*, 172 F.3d at 112 (declining to permit intervention where "[t]he Attorney General is prepared to defend the constitutionality of the Reform Act in full, and there is no indication that he is proposing to compromise or would decline to appeal if victory were only partial . . . If and when there is such a compromise or refusal to appeal, the question of intervention on this ground can be revisited.").

### 6. Opposition of Existing Parties Militates Against Intervention.

Blockbuster's opposition provides another reason for denying the motion to intervene. "[W]hile the opposition of the existing parties to the proposed intervention is not conclusive, it is . . . another factor to be considered." *National American Corp.*, 425 F. Supp. at 1373 (denying intervention); *see Levin v. Mississippi River Corp.*, 47 F.R.D. 294, 299 (S.D.N.Y. 1969) (denying intervention based on plaintiffs' opposition, among other things); *Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co.*, 207 F. Supp. 252 (N.D. Ill. 1962) (denying intervention in light of existing parties' opposition). Intervention should not be ordered in the face of Blockbuster's opposition and the serious concerns prompting that opposition.

### III. **CONCLUSION**

For all of the foregoing reasons, Dilbeck's motion for intervention should be denied.

DATED: November 16, 2006        Alschuler Grossman Stein & Kahan LLP

By        /s/
William J. O'Brien
Attorneys for Defendant and Counterclaimant, Blockbuster Inc.

ALSCHULER GROSSMAN STEIN & KAHAN LLP

7

BLOCKBUSTER'S OPPOSITION TO MOTION TO INTERVENE C 06 2361 WHA (JCS)