# EXHIBIT 3

Dockets.Justia.com

Serial No. 08/901,687

Docket No. 56055-0011

#9

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | |
|---|---|
| In re Application of | ) Group Art Unit: 2167 |
| | ) |
| Reed Hastings, et al. | ) Examiner: K. Rice |
| | ) |
| Application No. 09/561,041 | ) |
| | ) |
| Filed: April 28, 2000 | ) |

For:   METHOD AND APPARATUS FOR RENTING ITEMS

Commissioner for Patents
Washington, D.C. 20231

<u>**SUPPLEMENTAL DECLARATION OF NEIL D. HUNT**</u>

I, NEIL D. HUNT, declare:

1.      I am Vice President, E-Commerce, of Netflix Incorporated (hereinafter "Netflix"), which is the sole Assignee and the owner of the entire right, title and interest in the above-referenced patent application.

2.      I have been employed by Netflix since January 25, 1999. I have personal knowledge of the inception and formation of Netflix. I have personal knowledge of the conception, development and deployment of Netflix's movie rental services. I am also a named inventor on the above-referenced patent application, and I am personally familiar with the claims now pending in that application.

3.      Netflix was incorporated on August 27, 1997. Netflix began offering movies for rental to customers on April 14, 1998 using a conventional pay-per-rental model. The pay-per-rental model did not implement the invention recited in Claims 1-100 of the above-referenced patent application on the basis that one or more features recited in Claims 1-100 were not implemented in the pay-per-rent model. For example, the pay-per-rental model did not include "receiving one or more item selection criteria that indicates one or more items that a customer desires to rent; providing to the customer up to a specified number of the one or more items indicated by the one or more item selection criteria" and "in response in response to receiving any of the items provided to the customer, providing to the customer one or more other items

-2-

56055-0011

Serial No. 08/901,687

indicated by the one or more item selection criteria" as required by Claims 1-30 and 36-95. Claims 31-35 and 96-100 include similar limitations, except in the context of movies.

4.    In particular, in the pay-per-rental model, customers rented movies one at a time. The pay-per-rental model did not include a mechanism, such as a rental queue, for establishing a set of specified movies from which initial and subsequent movies were rented. Furthermore, the pay-per-rental model did not provide subsequent movies from the set of specified movies "in response to receiving any of the items provided to the customer." In the pay-per-rental model, movies were provided to customers when customers actively selected a particular movie to rent and not in response to receiving back previously rented movies from customers.

5.    As another example, the pay-per-rental model did not implement a method "wherein a total current number of items provided to the customer does not exceed the specified number," as required by Claims 1-15, 31-80 and 96-100, since there was no limit on the total current number of movies that a customer could have rented at any particular time. In addition, the pay-per-rental model did not include "wherein a total number of items provided to the customer within a specified period of time does not exceed a specified limit," as required by claims 16-30 and 81-95, since there was no limit the number of movies that a customer could rent within any specified period of time.

6.    There may be other limitations required by Claims 1-100 that were not included in the Netflix pay-per-rental model and these examples are not meant to be exhaustive.

7.    The invention defined by Claims 1-100 of the above-referenced patent application was first publicly implemented in Netflix's "Marquee Program." The Marquee Program was first made available to test customers on or around September 23, 1999, and put into widescale public use on or around December 16, 1999, both of which occurred less than one year before the March 28, 2000 filing date of the above-referenced patent application. A press release announcing the Marquee Program, dated December 16, 1999, is attached to this Supplemental Declaration.

8.    The dates set forth in this Declaration are not, and should not be construed as, a date of invention of the subject matter of the above-referenced patent application.

Having been warned under 18 U.S.C. 1001 that any false statements made in this Declaration may adversely affect the validity of any patent issuing from the present patent application, I hereby declare that all statements made by me herein are true, and all statements made by me upon information and belief are believed by me to be true.

-3-

56055-0011

NFLIX0000291

Serial No. 08/901,687

SUBSCRIBED AND SWORN at Los Gatos, California, on October 18, 2002.

_____
NEIL D. HUNT

56055-0011

NFLIX0000292