# EXHIBIT 5

HICKMAN PALERMO TRUONG & BECKER LLP
2055 GATEWAY PLACE, SUITE 550
SAN JOSE, CALIFORNIA 95110-1089
TEL: (408) 414-1080
FAX: (408) 414-1076

### FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Examiner Andrew Joseph Rudy | Christopher J. Palermo |
| | Tel. (408) 414-1080 x202 |
| **COMPANY:** | **DATE:** |
| U.S. Patent and Trademark Office | OCTOBER 17, 2005 |
| **FAX NUMBER:** | **TOTAL NO. OF PAGES INCLUDING COVER:** |
| (571) 273-6789 | 34 |
| **PHONE NUMBER:** | **SENDER'S REFERENCE NUMBER:** |
| (571) 272-6789 | 56055-0019 |
| **RE:** | **YOUR REFERENCE NUMBER:** |
| U.S. Serial No. 10/438,727 | Group Art Unit No.: 3627 |
| | Confirmation No. 7297 |

NOTES/COMMENTS:

OFFICIAL COMMUNICATION INTENDED FOR ENTRY

The following documents follow:

1. Letter to Examiner (7 pages)
2. Declaration (4 pages including duplicate signature pages)
3. Exhibit A to Declaration (7 pages)
4. Exhibit B to Declaration (3 pages)
5. Complete English translation of JP-9231279-A (11 pages)

# BEST AVAILABLE COPY

THE INFORMATION CONTAINED IN THIS FACSIMILE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENT(S) NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR AN AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU.

PAGE 1/34 * RCVD AT 10/17/2005 8:30:33 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-6/26 * DNIS:2736789 * CSID:4084141076 * DURATION (mm-ss):07-54

NFLIX0000859

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of ) | Group Art Unit: 3627 |
| ) | |
| W. Reed HASTINGS, et al. ) | Examiner: Andrew J. Rudy |
| ) | |
| Application No. 10/438,727 ) | |
| ) | |
| Filed: May 14, 2003 ) | |
| ) | |
| For: APPROACH FOR RENTING ITEMS TO ) | |
|      CUSTOMERS ) | |
| _____) | |

**Mail Stop Amendment**
Commissioner for Patents
P. O. Box 1450
Alexandria, VA 22313-1450

### LETTER TO EXAMINER

The Office mailed an action in this case on October 29, 2004, to which Applicants filed a timely reply on January 31, 2005. The Office has mailed no other written action, but the Examiner has identified, in informal communications with the Applicants' representative, the following references:

1. "NetFlix.com Transforms DVD Business Eliminating Late Fees and Due Dates From Movie Rentals; NetFlix.com's New Marquee Program Creates Near 'DVD-on-Demand'," Business Wire, September 28, 1999, *republished in* ProQuest UMI database (3 pp.) (referred to herein as "Business Wire");

2. "NetFlix launched DVd subscription club; Blockbuster set to stock up on formats" [sic], Billboard, October 16, 1999, vol. 111, issue 42, pp. 77, *republished in* ProQuest UMI database (3 pp.) (referred to herein as "Billboard");

-1-

PAGE 2/34 * RCVD AT 10/17/2005 8:30:33 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-6/26 * DNIS:2736789 * CSID:4084141076 * DURATION (mm-ss):07-54

NFLIX0000860

3.  "The Talking Book Library at the Kenton County Public Library," August 11, 1997, archived at http://www.archive.org/web/19980130051137/www.kenton.lib.ky.us/talking.html (referred to herein as "Kenton Library");

4.  Japanese published patent application No. 9231279-A, September 5, 1997 (referred to herein as "JP-9231279-A").

The references either do not qualify as prior art, or do not teach or suggest the subject matter of the claims. The case was counted for allowability months ago, and prosecution in this case has already involved multiple levels of review of the claims extending over more than two years. Therefore, the Office should issue a Notice of Allowance.

I.  **Business Wire and Billboard Describe the Applicants' Own Work and Are Not Citable as Prior Art**

The Business Wire and Billboard references describe the Applicants' own work, and therefore Business Wire and Billboard are not citable as prior art, and should be removed as references.

The claims of this application are entitled to an effective filing date of April 28, 2000, which is the filing date of the parent application. The dates of Business Wire and Billboard are September 28, 1999 and October 16, 1999, respectively. Thus, neither Business Wire nor Billboard can qualify as a statutory bar under 35 U.S.C. §102(b).

Further, an applicant's disclosure of his or her own work within the year before the application filing date cannot be used against the applicant under 35 U.S.C. 102(a). *In re Katz*, 687 F.2d 450, 215 USPQ 14 (CCPA 1982); MPEP 2132.01. A rejection based on an applicant's own work is overcome by a declaration of the applicant establishing that a reference is describing the applicant's own work, even if the applicant is not explicitly identified as a coauthor of the reference. *In re Katz, supra*. For example, in *Katz*, the applicant stated in a

-2-

NFLIX0000861

declaration that the coauthors of the publication "were students working under the direction and supervision of the inventor ..." The court held that this declaration, in combination with the fact that the publication was a research paper, was enough to establish Katz as the sole inventor and that the work described in the publication was his own. In research papers, students involved only with assay and testing are normally listed as coauthors but are not considered co-inventors.

Similarly, Business Wire and Billboard fail to qualify as prior art references under the *Katz* rule. As the named inventors of this application state in a formal declaration submitted herewith, the external press announcements of Netflix, the assignee hereof and the subject of Business Wire and Billboard, have used the term "Marquee program" to describe a computer-implemented commercial service that includes performing the methods that are the subject matter of this application. Declaration Under 37 C.F.R. 1.132, attached hereto, at ¶5. Business Wire identifies the service announced in Business Wire as the "Marquee program" of Netflix. *Id.* Billboard describes the subject matter of Billboard as the Marquee Program. *Id.* Business Wire and Billboard both describe the start of a commercial service that included and embodied the subject matter of this application. Business Wire and Billboard both describe a service that included the invention of this application. *Id.*

Business Wire is a republication of a press release originally authored by employees of Netflix and prepared at the direction of one of the named inventors, Mr. Hastings. *Id.* at ¶6. The Netflix press release of which Business Wire is a republication is submitted as Exhibit B to the declaration. Mr. Hastings reviewed, revised, and approved a draft of the press release before it was sent to media outlets, and the text of the press release is identical to all the substantive text of Business Wire. *Id.* Mr. Hastings is quoted extensively in Business Wire. *Id.* Thus, within itself, Business Wire states that it is describing the work of the Applicants. Further, because Mr.

-3-

NFLIX0000862

Hastings is quoted extensively within Business Wire and participated materially in preparing Business Wire, Mr. Hastings is equivalent to a co-author of Business Wire. For all these reasons, Business Wire does not qualify as prior art and should be removed as a reference.

Netflix also sent a copy of the press release to Billboard Magazine of New York, or to BPI Communications Inc. *Id.* at ¶7. The text at pages 1-2 of Billboard, prefaced "DVD OF THE MONTH CLUB:," is clearly based upon the press release and upon an interview of Mr. Hastings held in the fall of 1999. *Id.* Billboard describes the Marquee program of Netflix based in part on quoted statements of Mr. Hastings. Thus, within itself, Billboard states that it is describing the work of the Applicants. Further, because Mr. Hastings is quoted extensively within Billboard, Mr. Hastings as equivalent to a co-author of Billboard. For all these reasons, Billboard does not qualify as prior art and should be removed as a reference.

II. **The Claims Contain Features Not Found in Kenton Library and JP-9231279-A**

Kenton Library describes a library-based loan program for books on recorded cassettes. In the reply of January 31, 2005, Applicants addressed similar library art, noting that such library references voluntarily submitted by Applicants do not teach or suggest establishing a movie rental queue based upon information received over the Internet. The reply observed that the library art does not teach or suggest rental queues, but rather, only describes a written list of books that an individual desires to borrow; the list cannot be updated, it is not electronic, it is not established over the Internet, it is not ordered so as to establish a priority of desired rentals, and neither the list nor the order of the list are updateable. The same is true for Kenton Library.

Neither Kenton Library, nor any of the previously disclosed or newly cited library references teaches delivery according to the order of a list, or updating a list over the Internet. The Kenton Library would lend to a reader whatever books on a reader's list were available at

-4-

NFLIX0000863

the time, but there is no teaching about adhering to the order of a list, as claimed, or updating the list, as claimed. In Kenton Library, the list submitted by a patron also is not established in electronic digital memory over the Internet. Therefore, the feature of "establishing, in electronic digital form, from electronic digital information received over the Internet, a movie rental queue associated with a customer comprising an ordered list indicating two or more movies for renting to the customer," as recited in independent Claims 55, 65, 75 and 85, is not taught or suggested by Kenton Library, alone or in combination with JP-9231279-A.

Libraries also do not "rent" movies or other items under the common, ordinary meaning of "rent," which involves some form of payment based on the rented article.

Kenton Library also does not teach any way for a patron to self-manage a book list. Only a librarian could change the list of a patron after submission of the list. In contrast, the approach of the independent claims, and dependent claims 56-58, supports electronic self-management of a movie rental queue by a customer. The approach of the independent claims permits a computer electronically, and automatically, to change the order of a customer's list in response to electronic information received from the customer requesting such a change.

Claims 55, 65, 75 and 85 each recite one or more features that are not taught or suggested by Kenton Library. Therefore, Claims 55, 65, 75 and 85 are patentable over Kenton Library.

JP-9231279-A also fails to teach the features of the claims. In JP-9231279-A, a user registers with a rental store and receives a catalog listing videotapes and videotape identification numbers. To rent videotapes, the user telephones an interactive voice response system using a touch-tone telephone number. The user enters personal identification information, and then selects rental videotapes by entering videotape identification numbers with touch-tone digits.

-5-

NFLIX0000864

Taken alone, JP-9231279-A lacks many features of the claims. For example, JP-9231279-A has no provision for providing electronic digital information that causes one or more attributes of movies to be displayed, as claimed. JP-9231279-A does not allow for establishing, in electronic digital form, from electronic digital information received over the Internet, a movie rental queue associated with a customer comprising an ordered list indicating two or more movies for renting to the customer. JP-9231279-A has no queue of any kind; rather, using a telephone, patrons order up to four tapes videotapes, one by one at the time of rental, without establishing a queue. JP-9231279-A has no teaching of the claim feature of "in response to one or more delivery criteria being satisfied, selecting another movie based upon the order of the list and causing the selected movie to be delivered to the customer." JP-9231279-A has no mechanism for receiving other electronic digital information received from the customer over the Internet and electronically updating a movie rental queue.

A combination of Kenton Library and JP-9231279-A also fails to provide the subject matter of the claims. Combining Kenton Library and JP-9231279-A would merely provide a library or rental system in which a patron could select items for delivery, if available, by touch-tone telephone, rather than allowing library staff to select items. Such a combination would not provide for establishing an ordered list or queue based on information received over the Internet, as claimed. The combination would not provide for selecting and delivering subsequent items according to the order of the list. The combination would not provide for updating the list or queue based on information received over the Internet. The combination would not provide for providing electronic digital information that causes one or more attributes of movies to be displayed.

-6-

NFLIX0000865

For at least the preceding reasons, the claims define subject matter that is not taught, disclosed or suggested by Kenton Library or JP-9231279-A, taken alone or in combination.

## III. CONCLUSION

Applicants respectfully submit that all of the pending claims are in condition for allowance, and issuance of a formal notice of allowance is respectfully requested. No fees are believed to be due at this time. If the Applicant is in error, the Commissioner is hereby authorized to charge any applicable fees to our Deposit Account No. 50-1302.

The Examiner is invited to contact the undersigned by telephone if the Examiner believes that such contact would assist in advancing prosecution of this application. Please direct any telephone calls to the undersigned at (408) 414-1080, extension 202.

Respectfully submitted,

HICKMAN PALERMO TRUONG & BECKER LLP

Dated: October 17, 2005

Christopher J. Palermo
Reg. No. 42,056

2055 Gateway Place, Suite 550
San Jose, California 95110-1089
Telephone No.: (408) 414-1080 ext. 202
Facsimile No.: (408) 414-1076

---

**CERTIFICATE OF TRANSMISSION**

I hereby certify that this correspondence is being facsimile transmitted to the U.S. Patent and Trademark Office Fax No. (703) 273-6789.

On  October 17, 2005   By _____
                            Christopher J. Palermo

---

-7-

PAGE 8/34 * RCVD AT 10/17/2005 8:30:33 PM [Eastern Daylight Time] * SVR:USPTO-EFXRF-6/26 * DNIS:2736789 * CSID:4084141076 * DURATION (mm-ss):07-54

NFLIX0000866