# EXHIBIT 11

# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/438,727 | 05/14/2003 | W. Reed Hastings | 56055-0019 | 7297 |

| 29989 | 7590 | 10/29/2004 |
|---|---|---|

HICKMAN PALERMO TRUONG & BECKER, LLP
1600 WILLOW STREET
SAN JOSE, CA 95125

| EXAMINER |
|---|
| RUDY, ANDREW J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3627 | |

DATE MAILED: 10/29/2004

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

NFLIX0000654

| Office Action Summary | Application No. | Applicant(s) |
|---|---|---|
| | 10/438,727 | HASTINGS ET AL. |
| | Examiner | Art Unit |
| | Andrew Joseph Rudy | 3627 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

## Period for Reply

**A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.**
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on *10 September 2004*.
2a) ☐ This action is **FINAL**.     2b) ☐ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4) ☒ Claim(s) *55-94* is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) *55-94* is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9) ☐ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All   b) ☐ Some * c) ☐ None of:
       1. ☐ Certified copies of the priority documents have been received.
       2. ☐ Certified copies of the priority documents have been received in Application No. _____.
       3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**
1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08) Paper No(s)/Mail Date _____.
4) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date _____.
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____.

Application/Control Number: 10/438,727                                                                 Page 2
Art Unit: 3627

## DETAILED ACTION

1.  Claims 55-94 are pending. Applicant cancelled claims 1-54.

### *Claim Rejections - 35 USC §101*

2.  Claims 55-94 are rejected under 35 U.S.C. 101 because the claimed invention is directed to non-statutory subject matter.

   The basis of this rejection is set forth in a two-prong test of:

   (1) whether the invention is within the technological arts; and

   (2) whether the invention produces a useful, concrete, and tangible result.

   For a claimed invention to be statutory, the claimed invention must be within the technological arts. Mere ideas in the abstract (i.e., abstract idea, law of nature, natural phenomena) that do not apply, involve, use, or advance the technological arts fail to promote the "progress of science and the useful arts" (i.e., the physical sciences as opposed to social sciences, for example) and therefore are found to be non-statutory subject matter. For a process claim, the recited process must somehow apply, involve, use, or advance the technological arts.

   In the present case, claims 55-94 only recite an abstract idea. The recited steps of establishing, causing to be delivered, selecting and updating does not apply, involve, use, or advance the technological arts since all of the recited steps can be performed in the mind of the user or by use of a pencil and paper. The terms "computer implemented" and "Internet," as claimed, do not obviate this line of reasoning. These steps only constitute an idea of how to rent a movie. The computer need not be present to execute any of the steps, and if executed may merely be given by hand (digital data) or orally.

NFLIX0000656

Application/Control Number: 10/438,727 Page 3
Art Unit: 3627

*Claim Rejections - 35 USC § 103*

3.  The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

4.  Claims 55-94 are rejected under 35 U.S.C. 103(a) as being unpatentable over Kleiman, US 5,959,945.

Kleiman discloses distributing over the Internet from a central location a specified number of music plays or videos, e.g. cols. 5-6, lines 59-21. Kleiman does not specifically disclose selecting a movie based upon the rental queue.

Official Notice is taken that selecting a movie/book based upon a rental queue was common knowledge in the library art prior to Applicant's filing date.

To have provided a video, i.e. movie, based upon a rental queue as recited in the claim language for Kleiman would have been obvious to one of ordinary skill in the art in view of Official Notice. The motivation for having done such would have been to incorporate common knowledge and extremely well known item rental procedures with the system of Kleiman. It is noted that Applicant's intended use, e.g. for renting, do not positively recite claim limitations that are given great patentable weight.

5.  Further pertinent references of interest are noted on the attached PTO-892.

Application/Control Number: 10/438,727                                                      Page 4
Art Unit: 3627

6.   Applicant's Information Disclosure Statement (IDS) received July 11, 2003 and March 8, 2004 have been reviewed. Note attached PTO-1449.

Applicant's IDS received October 6, 2004 has been reviewed in part. Note attached PTO-1449. The page 3 notation that other applications are related to the present Application is noted. However, it is incumbent upon Applicant to disclose which other Applications have substantially similar claim language. This duty is necessary in order to prevent double patenting situations, among other concerns.

*Conclusion*

7.   Any inquiry concerning this communication or earlier communications from the examiner should be directed to Andrew Joseph Rudy whose telephone number is 703-308-7808. The examiner can normally be reached on Tuesday thru Friday, 7:30 a.m until 6 p.m..

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Mr. Robert P. Olszewski can be reached on (703) 308-5183. The fax phone number for the organization where this application or proceeding is assigned is 703-872-9306.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

*Andrew Joseph Rudy*
October 28, 2004