# EXHIBIT 12

Dockets.Justia.com

RECEIVED
CENTRAL FAX CENTER

HICKMAN PALERMO TRUONG & BECKER LLP  JAN 3 1 2005

2055 GATEWAY PLACE, SUITE 550

SAN JOSE, CALIFORNIA 95110-1089

TEL: (408) 414-1080

FAX: (408) 414-1076

---

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO:<br>Examiner Andrew J. Rudy | FROM:<br>Angelica Maloney<br>for Christopher J. Palermo |
| COMPANY:<br>U.S. Patent and Trademark Office | DATE:<br>JANUARY 31, 2005 |
| FAX NUMBER:<br>(703) 872-9306 | TOTAL NO. OF PAGES INCLUDING COVER:<br>20 |
| PHONE NUMBER:<br>(703) 308-7808 | SENDER'S REFERENCE NUMBER:<br>Customer No. 29989 |
| RE:<br>Reply to Office Action mailed<br>October 29, 2004 for U.S. Serial No.<br>10/438,727 | YOUR REFERENCE NUMBER:<br>Group Art Unit No.: 3627<br>Confirmation No. 7297 |

NOTES/COMMENTS:

THE INFORMATION CONTAINED IN THIS FACSIMILE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENT(S) NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR AN AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU.

NFLIX0000672

01/31/2005  16:52    4084141076          HPTB SAN JOSE CALIFO          PAGE  02/20

Attorney Docket No. 56055-0019                                    Patent

RECEIVED
CENTRAL FAX CENTER
JAN 3 1 2005

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of | )    Group Art Unit: 3627 |
| | ) |
| W. Reed HASTINGS, et al. | )    Examiner:  Andrew J. Rudy |
| | ) |
| Application No. 10/438,727 | ) |
| | ) |
| Filed:  May 14, 2003 | ) |
| | ) |
| For:    APPROACH FOR RENTING ITEMS TO | ) |
| CUSTOMERS | ) |

**Mail Stop Amendment**
Commissioner for Patents
P. O. Box 1450
Alexandria, VA  22313-1450

### REPLY TO OFFICE ACTION

In reply to the Office Action mailed on October 29, 2004, for which the shortened statutory period for response runs until January 31, 2005, please reconsider this application in light of the amendments and remarks herein.

Amendments to the claims are reflected in the listing of claims starting at page 2.

Remarks are presented starting at page 11.

/ / /

/ / /

/ / /

PAGE 2/20 * RCVD AT 1/31/2005 6:59:24 PM [Eastern Standard Time] * SVR:USPTO-EFXRF-1/3 * DNIS:8729306 * CSID:4084141076 * DURATION (mm-ss):05-30

NFLIX0000673

## LISTING OF CLAIMS

1 - 54. (CANCELED)

55.    (CURRENTLY AMENDED)        A computer-implemented method for renting
movies to customers, the method comprising:

providing electronic digital information that causes one or more attributes of movies to be
        displayed;

establishing, in electronic digital form, from electronic digital information received over
        the Internet, a movie rental queue associated with a customer comprising an
        ordered list indicating two or more movies for renting to the customer;

causing to be delivered to the customer up to a specified number of movies based upon
        [[the movie rental queue]] the order of the list;

in response to [[receipt of a movie previously delivered to the customer]] one or more
        delivery criteria being satisfied, selecting [[a]] another movie based upon the
        order of the list and causing the selected movie to be delivered to the customer;
        and

in response to other electronic digital information received from the customer over the
        Internet, electronically updating the movie rental queue.

56.    (PREVIOUSLY PRESENTED)        A computer-implemented method as recited in
Claim 55, wherein updating the movie rental queue comprises changing the order of the
two or more movies for renting to the customer.

57.    (PREVIOUSLY PRESENTED)        A computer-implemented method as recited in
Claim 55, wherein updating the movie rental queue comprises indicating an additional
movie in the ordered list.

58.    (PREVIOUSLY PRESENTED)        A computer-implemented method as recited in
Claim 55, wherein updating the movie rental queue comprises removing an indication of
one or more of the movies from the ordered list.

56055-0019                            2

NFLIX0000674

59.    (PREVIOUSLY PRESENTED)        A computer-implemented method as recited in
Claim 55, wherein the two or more movies for renting to the customer are selected by the
customer.

60.    (PREVIOUSLY PRESENTED)        A computer-implemented method as recited in
Claim 55, further comprising determining the order of the two or more movies based
upon one or more preferences of the customer.

61.    (PREVIOUSLY PRESENTED)        A computer-implemented method as recited in
Claim 55, wherein the delivery of the selected movie comprises delivery by mail.

62.    (PREVIOUSLY PRESENTED)        A computer-implemented method as recited in
Claim 55, wherein the delivery of the selected movie comprises delivery by mail on one
or more optical media.

63.    (CURRENTLY AMENDED)        A computer-implemented method as recited in Claim
55, wherein the [[receipt of the movie previously delivered to the customer]] delivery
criteria comprises receipt of the movie by mail.

64.    (PREVIOUSLY PRESENTED)        A computer-implemented method as recited in
Claim 55, wherein a number of movies delivered to the customer and not yet returned
does not exceed the specified number.

65.    (CURRENTLY AMENDED)        A computer-implemented method for renting
movies to customers, the method comprising:
    providing electronic digital information that causes one or more attributes of movies to be
        displayed;
    establishing, in electronic digital form, from electronic digital information received over
        the Internet, a movie rental queue associated with a customer comprising an
        ordered list indicating two or more movies for renting to the customer;

56055-0019                                3

NFLIX0000675

01/31/2005  16:52    4084141076              HPTB SAN JOSE CALIFO              PAGE  05/20

causing to be delivered to the customer up to a specified number of movies based upon
[[the movie rental queue]] the order of the list, wherein the customer is not
required to return the movies within a specified time associated with delivery;

in response to [[receipt of a movie previously delivered to the customer]] one or more
delivery criteria being satisfied, selecting [[a]] another movie based upon the
order of the list and causing the selected movie to be delivered to the customer;
and

in response to other electronic digital information received from the customer over the
Internet, electronically updating the movie rental queue.

66.    (PREVIOUSLY PRESENTED)    A computer-implemented method as recited in
Claim 65, wherein updating the movie rental queue comprises changing the order of the
two or more movies for renting to the customer.

67.    (PREVIOUSLY PRESENTED)    A computer-implemented method as recited in
Claim 65, wherein updating the movie rental queue comprises indicating an additional
movie in the ordered list.

68.    (PREVIOUSLY PRESENTED)    A computer-implemented method as recited in
Claim 65, wherein updating the movie rental queue comprises removing an indication of
one or more of the movies from the ordered list.

69.    (PREVIOUSLY PRESENTED)    A computer-implemented method as recited in
Claim 65, wherein the two or more movies for renting to the customer are selected by the
customer.

70.    (PREVIOUSLY PRESENTED)    A computer-implemented method as recited in
Claim 65, further comprising determining the order of the two or more movies based
upon one or more preferences of the customer.

PAGE 5/20 * RCVD AT 1/31/2005 6:59:24 PM [Eastern Standard Time] * SVR:USPTO-EFXRF-1/3 * DNIS:8729306 * CSID:4084141076 * DURATION (mm-ss):05-30

NFLIX0000676

01/31/2005  16:52    4084141076              HPTB SAN JOSE CALIFO                    PAGE  06/20

71.   (PREVIOUSLY PRESENTED)    A computer-implemented method as recited in
      Claim 65, wherein the delivery of the selected movie comprises delivery by mail.

72.   (PREVIOUSLY PRESENTED)    A computer-implemented method as recited in
      Claim 65, wherein the delivery of the selected movie comprises delivery by mail on one
      or more optical media.

73.   (CURRENTLY AMENDED)    A computer-implemented method as recited in Claim
      65, wherein the [[receipt of the movie previously delivered to the customer]] delivery
      criteria comprises receipt of the movie by mail.

74.   (PREVIOUSLY PRESENTED)    A computer-implemented method as recited in
      Claim 65, wherein a number of movies delivered to the customer and not yet returned
      does not exceed the specified number.

75    (CURRENTLY AMENDED)    A computer-implemented method for renting
      movies to customers, the method comprising:
      providing electronic digital information that causes one or more attributes of movies to be
            displayed;
      establishing, in electronic digital form, from electronic digital information received over
            the Internet, a movie rental queue associated with a customer comprising an
            ordered list indicating two or more movies for renting to the customer;
      causing to be delivered to the customer up to a specified number of movies based upon
            [[the movie rental queue]] the order of the list, wherein the customer is not
            charged a fee for retaining one or more movies beyond a specified time associated
            with delivery;
      in response to [[receipt of a movie previously delivered to the customer]] one or more
            delivery criteria being satisfied, selecting [[a]] another movie based upon the
            order of the list and causing the selected movie to be delivered to the customer;
            and

56055-0019                        5

NFLIX0000677

in response to other electronic digital information received from the customer over the
Internet, electronically updating the movie rental queue.

76.    (PREVIOUSLY PRESENTED)        A computer-implemented method as recited in
Claim 75, wherein updating the movie rental queue comprises changing the order of the
two or more movies for renting to the customer.

77.    (PREVIOUSLY PRESENTED)        A computer-implemented method as recited in
Claim 75, wherein updating the movie rental queue comprises indicating an additional
movie in the ordered list.

78.    (PREVIOUSLY PRESENTED)        A computer-implemented method as recited in
Claim 75, wherein updating the movie rental queue comprises removing an indication of
one or more of the movies from the ordered list.

79.    (PREVIOUSLY PRESENTED)        A computer-implemented method as recited in
Claim 75, wherein the two or more movies for renting to the customer are selected by the
customer.

80.    (PREVIOUSLY PRESENTED)        A computer-implemented method as recited in
Claim 75, further comprising determining the order of the two or more movies based
upon one or more preferences of the customer.

81.    (PREVIOUSLY PRESENTED)        A computer-implemented method as recited in
Claim 75, wherein the delivery of the selected movie comprises delivery by mail.

82.    (PREVIOUSLY PRESENTED)        A computer-implemented method as recited in
Claim 75, wherein the delivery of the selected movie comprises delivery by mail on one
or more optical media.

56055-0019                                      6

NFLIX0000678

83.    (CURRENTLY AMENDED)       A computer-implemented method as recited in Claim
75, wherein the [[receipt of the movie previously delivered to the customer]] delivery
criteria comprises receipt of the movie by mail.

84.    (PREVIOUSLY PRESENTED)       A computer-implemented method as recited in
Claim 75, wherein a number of movies delivered to the customer and not yet returned
does not exceed the specified number.

85.    (CURRENTLY AMENDED)       A computer-implemented method for renting movies
to customers, the method comprising:
establishing over the Internet a rental agreement with a customer that provides for
       charging the customer a periodic fee;
providing electronic digital information that causes one or more attributes of movies to be
       displayed;
establishing, in electronic digital form, from electronic digital information received over
       the Internet, a movie rental queue associated with a customer comprising an
       ordered list indicating two or more movies for renting to the customer;
causing to be delivered to the customer up to a specified number of movies based upon
       [[the movie rental queue]] the order of the list;
in response to [[receipt of a movie previously delivered to the customer]] one or more
       delivery criteria being satisfied, if the customer is current on the periodic fee,
       selecting [[a]] another movie based upon the order of the list and causing the
       selected movie to be delivered to the customer; and
in response to other electronic digital information received from the customer over the
       Internet, electronically updating the movie rental queue.

86.    (PREVIOUSLY PRESENTED)       A computer-implemented method as recited in
Claim 85, wherein updating the movie rental queue comprises changing the order of the
two or more movies for renting to the customer.

56055-0019                              7

NFLIX0000679

01/31/2005  16:52    4084141076              HPTB SAN JOSE CALIFO              PAGE  09/20

87.    (PREVIOUSLY PRESENTED)        A computer-implemented method as recited in
       Claim 85, wherein updating the movie rental queue comprises indicating an additional
       movie in the ordered list.

88.    (PREVIOUSLY PRESENTED)        A computer-implemented method as recited in
       Claim 85, wherein updating the movie rental queue comprises removing an indication of
       one or more of the movies from the ordered list.

89.    (PREVIOUSLY PRESENTED)        A computer-implemented method as recited in
       Claim 85, wherein the two or more movies for renting to the customer are selected by the
       customer.

90.    (PREVIOUSLY PRESENTED)        A computer-implemented method as recited in
       Claim 85, further comprising determining the order of the two or more movies indicated
       by the movie rental queue based upon preferences of the customer.

91.    (PREVIOUSLY PRESENTED)        A computer-implemented method as recited in
       Claim 85, wherein the delivery of the selected movie comprises delivery by mail.

92.    (PREVIOUSLY PRESENTED)        A computer-implemented method as recited in
       Claim 85, wherein the delivery of the selected movie comprises delivery by mail on one
       or more optical media.

93.    (PREVIOUSLY PRESENTED)        A computer-implemented method as recited in
       Claim 85, wherein the receipt of the movie previously delivered to the customer
       comprises receipt by mail.

94.    (PREVIOUSLY PRESENTED)        A computer-implemented method as recited in
       Claim 85, wherein a number of movies delivered to the customer and not yet returned
       does not exceed the specified number.

56055-0019                           8

NFLIX0000680

95.    (NEW)      A computer system for renting movies to customers, comprising:
a computer that is coupled to a digital telecommunications network by a digital
        telecommunications link;
an electronic digital memory in the computer;
one or more sequences of computer program instructions stored in the electronic digital
        memory which, when executed, cause the computer to perform the steps of:
    providing electronic digital information that causes one or more attributes of movies
            to be displayed;
    establishing, in electronic digital form, from electronic digital information received
            over the Internet, a movie rental queue associated with a customer comprising
            an ordered list indicating two or more movies for renting to the customer;
    causing to be delivered to the customer up to a specified number of movies based
            upon the order of the list;
    in response to one or more delivery criteria being satisfied, selecting another movie
            based upon the order of the list and causing the selected movie to be delivered
            to the customer; and
    in response to other electronic digital information received from the customer over
            the Internet, electronically updating the movie rental queue.


96.    (NEW)   A computer system as recited in Claim 95, wherein the other electronic digital
information specifies changing the order of the two or more movies for renting to the
customer.


97.    (NEW)   A computer system as recited in Claim 95, wherein the other electronic digital
information specifies an additional movie to add to the ordered list.


98.    (NEW)   A computer system as recited in Claim 95, wherein the other electronic digital
information specifies removing an indication of one or more of the movies from the
ordered list.


56055-0019                          9

NFLIX0000681

99. (NEW)  A computer system as recited in Claim 95, wherein the delivery of the selected movie comprises delivery by mail.

100. (NEW)  A computer system as recited in Claim 95, wherein the delivery of the selected movie comprises delivery by mail on one or more optical media.

101. (NEW)  A computer system as recited in Claim 95, wherein the delivery criteria comprise receipt by mail.

102. (NEW)  A computer system as recited in Claim 95, wherein a number of movies delivered to the customer and not yet returned does not exceed the specified number.

103. (NEW)  A method as recited in Claim 55, wherein the other electronic digital information indicates one or more delivery criteria being satisfied.

104. (NEW)  A method as recited in Claim 55, wherein the other electronic digital information comprises one or more selection criteria.

105. (NEW)  A method as recited in Claim 55, wherein the movies comprise any of motion pictures, television series, documentaries, cartoons, music videos, video recordings of concert performances, instructional programs, and educational programs.

56055-0019                                10

NFLIX0000682

01/31/2005  16:52    4084141076                    HPTB SAN JOSE CALIFO              PAGE  12/20

## REMARKS

Applicants thank the Examiner for extending the courtesy of a personal interview with their undersigned representative on December 14, 2004. Claims 55, 63, 65, 73, 75, 83 and 85 have been amended in this reply, and Claims 95-105 are new. Hence, Claims 55-105 are pending in this application. All issues raised in the Office Action mailed October 29, 2004 are addressed hereinafter.

I.    CLAIMS 55-94—ISSUES UNDER 35 U.S.C. § 101

The Office Action rejects Claims 55-94 under 35 U.S.C. § 101 because the claimed invention allegedly is directed to non-statutory subject matter. The Office Action contends that the claimed invention does not satisfy the two-prong test of: (1) whether the invention is within the technological arts; and (2) whether the invention produces a useful, concrete and tangible result.

Applicants disagree. Claims 55-94 are directed to a novel, computerized method and system for renting movies to customers over the Internet, a including an ordered list or "queue" of movies to be rented ("the movie rental queue") maintained in electronic digital form that expresses the delivery preferences of the customer, updating of the queue order in response to certain delivery parameters being satisfied and in response to electronic information received from the customer over the Internet, and an electronic method and system for causing delivery of movies to the customer based upon the order of the queue. The method includes providing electronic digital information that causes one or more attributes of movies to be displayed, processing and storing in electronic digital form information received over the Internet, maintaining in electronic digital form an ordered list that indicates movies to be rented to the customer, the delivery of a specified number of movies to the customer based upon the order of

56055-0019                              11

NFLIX0000683

the list in response to certain delivery criteria being satisfied, and automatically selecting another movie based upon the order of the list to be delivered to the customer either in response to receiving electronic information from the customer over the Internet, or in response to other delivery criteria being satisfied, and the electronic updating of the movie rental queue either in response to receiving electronic information from the customer over the Internet, or in response to other delivery criteria being satisfied. The specification provides examples of changes that can be made to the movie rental queue using electronic digital signals received over the Internet, which changes are implemented electronically. Updates may include changing item selection criteria (see paragraph [0022]), changing the order or priority of movies in the queue ([0042]), adding a movie to the queue by providing electronic information that specifies item selection criteria ([0050]), or changing the number of movies in the queue ([0056]), etc.

   Thus, using computer technology and the Internet, an enterprise can remotely engage in the periodic renting of multiple movies to a customer in the order of customer preference. Technology is used to provide electronic digital information that causes attributes of movies to be displayed to the user, to establish multiple, electronic movie rental queues each associated with a particular customer, to store the movie rental queue information, to update the movie rental queue, and to cause the selection of movies to be delivered to the customer, all without any human mediation on the part of the renting enterprise. Each of the independent claims, as amended, recites that the movie rental queue is established, maintained, and updated in digital electronic form (in the computer memory or hard drive). Further, certain steps in the claimed method operate based upon the order of the list comprising the electronic movie rental queue; thus each step of the method involves interacting with technical elements. Therefore, Claims 55-94 recite subject matter within the technological arts.

NFLIX0000684

The Office Action asserts "all of the recited steps can be performed in the mind of the user or by user of a pencil and paper," that the "steps only constitute an idea of how to rent a movie," and that "the computer need not be present to execute any of the steps, and if executed may merely be given by hand (digital data) or orally." This is incorrect. The claims recite steps that are directed to computer-implemented functionality that cannot be performed in the mind of the user or by hand. For example, the claims recite "providing electronic digital information that causes one or more attributes of movies to be displayed," "establishing, in digital electronic form from electronic digital information received over the Internet, a movie rental queue associated with a customer," and "in response to other electronic digital information received from the customer over the Internet, electronically updating the movie rental queue," which cannot be performed in the mind of the user or by hand.

The methods of Claims 55-94 also produce a useful, concrete and tangible result. First, practicing the claimed methods results in permitting the establishment and management of a dynamic movie queue over the Internet. This approach is useful because it can permit convenient storage and management of a movie rental queue, allowing a customer to change the preferred order of movies that are delivered.

The Office Action ignores the terms "computer-implemented" and "Internet" in the claims, but no rationale is given. These terms bring the recited methods within the technological arts, and establish that the recited methods provide a useful result that involves concrete and tangible elements. Ignoring these terms is unsupported in the statutory language cited in the Office Action or in case law.

Reconsideration and withdrawal of the rejection of Claims 55-94 under 35 U.S.C. § 101 is respectfully requested.

56055-0019                                          13

NFLIX0000685

## II.    CLAIMS 55-94—ISSUES UNDER 35 U.S.C. § 103(a)

The Office Action rejects Claims 55-94 under 35 U.S.C. § 103(a) as allegedly

unpatentable over *Kleiman*, U.S. Patent No. 5,959,945. The rejection is respectfully traversed.

### A.    INDEPENDENT CLAIMS 55, 65, 75 AND 85

Independent Claims 55, 65, 75 and 85 all recite "in response to one or more delivery

criteria being satisfied, selecting another movie based upon the order of the list and causing the

selected movie to be delivered to the customer." In these claims, the selection and delivery to

the customer of another movie is performed "in response to one or more delivery criteria being

satisfied," such as receipt of a movie previously delivered to the customer. Further, the

independent claims all recite updating the queue in response to information received from the

customer over the Internet—that is, the queue is dynamic. In contrast, *Kleiman* does not teach or

suggest the use of a queue mechanism, delivery in response to receiving previous music back or

satisfying any other delivery criteria, or a dynamic queue.

In the approach of Claims 55-94, renting movies to customers involves providing an

initial set of movies to a customer, and movies are then replenished, for example, in response to

movies that are returned. Unlike *Kleiman*, in Claims 55-94 the selection and delivery of a

replacement movie is performed in response to receiving a movie previously delivered to a

customer. In the music distribution system of *Kleiman*, music is not selected and delivered in

response to receiving music previously delivered to a customer. Rather, in *Kleiman* (Col. 6, lines

45-47) the jukeboxes request selected music from regional distribution platforms, which forward

the requests to the global distribution platform, which in turn up-links the requests to the

satellite. The satellite transmits the requested music to the satellite receiver connected to the

jukebox (Col. 7, lines 38-45). Songs that are not accessed frequently are deleted from jukeboxes;

56055-0019                                14

NFLIX0000686

01/31/2005  16:52    4084141076            HPTB SAN JOSE CALIFO           PAGE  16/20

new songs are uploaded (Col. 10, lines 3-8), but there is no teaching or suggestion in *Kleiman*

that songs are ever returned from a jukebox to a regional distribution platform, or that the return

of a song or any other delivery criteria triggers the selection and delivery of a another song from

a queue. There is no indication in *Kleiman* that the selection and delivery of songs depends in

any way upon receiving a song previously delivered to a jukebox. Therefore, the feature noted

above—"in response to one or more delivery criteria being satisfied, selecting another movie

based upon the movie rental queue and causing the selected movie to be delivered to the

customer"—recited in independent Claims 55, 65, 75 and 85 is not taught or suggested by

*Kleiman*.

   *Kleiman* also lacks an ordered queue or list. Claims 55, 65, 75 and 85 also all feature

"establishing, in electronic digital form, from electronic digital information received over the

Internet, a movie rental queue associated with a customer comprising an ordered list indicating

two or more movies for renting to the customer." Thus, the movie rental queue for the customer

is both based on information received over the Internet and comprises an ordered list. The movie

rental queue for a customer is used to manage multiple requests that are processed over time as

movies are returned. However, *Kleiman* does not teach or suggest using a queue mechanism.

Music requests are received and processed one at a time, and there is no mention or suggestion of

queuing up music requests and fulfilling those requests over time, or managing a queue, let alone

in response to return of a song previously delivered, as discussed above.

   *Kleiman* has no teaching that a receiving customer or jukebox can update a song list to

add songs, delete songs, or re-order songs. Thus, *Kleiman* lacks anything corresponding to the

"updating" feature of all the independent claims. For all the foregoing reasons, the claims are

patently distinct from *Kleiman*.

56055-0019                                    15

NFLIX0000687

01/31/2005 16:52    4084141076                HPTB SAN JOSE CALIFO            PAGE  17/20

The Office Action took Official Notice that "selecting a movie/book based upon a rental

queue was common knowledge in the library art ..." No reference is cited. Official Notice is

proper only in "limited circumstances," for facts that are "capable of such instant and

unquestionable determination as to defy dispute." MPEP 2144.03, *citing In re Ahlert*, 424 F.2d

1088, 1091, 165 USPQ 418, 420 (CCPA 1970).   The subject matter of Official Notice in the

Office Action is not the kind of fact that qualifies for Official Notice.  First, the Official Notice

does not consider the complete claimed combination, and ignores specific features in the claims

that are discussed above.  Further, the library art presently of record does not support the

substance of the Official Notice.  The library art of record does not teach or suggest establishing

a movie rental queue based upon information received over the Internet.  To the extent that the

library art teaches or suggests rental queues, the art only provides a written list of books that an

individual desires to borrow; the list cannot be updated, is not electronic, is not established over

the Internet, and is not ordered.

    In the references of record, the written lists used by libraries identify book titles that an

individual desires to borrow, but the written lists are not ordered lists.  None of the library

references teach delivery according to the order of a list, or updating a list over the Internet.  The

libraries would lend available items from the lists as the items became available, but no reference

teaches adhering to the order of a list, or updating the list.  Therefore, the feature noted above—

"establishing, in electronic digital form, from electronic digital information received over the

Internet, a movie rental queue associated with a customer comprising an ordered list indicating

two or more movies for renting to the customer"—as recited in independent Claims 55, 65, 75

and 85, is not taught or suggested by the library art of record, alone or in combination with

*Kleiman.*

56055-0019                                16

NFLIX0000688

Even the "reserve lists" offered by some contemporary libraries do not support a rejection of the claims.  These lists are unordered, and are not established in electronic digital memory over the Internet.  Libraries also do not "rent" movies or other items under the common, ordinary meaning of "rent," which involves some form of payment based on the rented article.

The library art also does not teach any way for a patron to self-manage a book list.  Only a librarian could change a reserve list in a library.  In contrast, the approach of the independent claims supports electronic self-management of a movie rental queue by a customer.  The approach of the independent claims permits a computer electronically, and automatically, to change the order of a customer's list in response to electronic information received from the customer requesting such a change.

Claims 55, 65, 75 and 85 recite one or more features that are not taught or suggested by *Kleiman* or the library art of record.  Therefore, Claims 55, 65, 75 and 85 are patentable over *Kleiman* and the library art of record.  Further, the subject matter of the Official Notice is capable of reasonable disagreement, and has been traversed by Applicants' foregoing remarks.  Applicants request citation of documentary evidence or other recognized authority, and suggest that any subsequent Office Action relying on the Official Notice cannot be made final.  MPEP 2144.03(D).

### B.    DEPENDENT CLAIMS 56-64, 66-74, 76-84 AND 86-94

Claims 56-64, 66-74, 76-84 and 86-94 depend from independent Claims 55, 65, 75 and 85 and include all of the features of Claims 55, 65, 75 and 85, respectively.  Therefore, Claims 56-64, 66-74, 76-84 and 86-94 are patentable over *Kleiman* and the library art of record for at least the reasons set forth above with respect to Claims 55, 65, 75 and 85.  Furthermore, Claims 56-64, 66-74, 76-84 and 86-94 recite additional limitations that independently render them

56055-0019                              17

NFLIX0000689

patentable over *Kleiman* and the library art of record.  Reconsideration and withdrawal of the

rejection of Claims 55-94 under 35 U.S.C. § 103(a) is respectfully requested.

## III.    INFORMATION DISCLOSURE STATEMENT

The Office Action referred to the Information Disclosure Statement (IDS) filed on

October 6, 2004 that identified one issued patent and three pending patent applications.  The

Office Action requested that the Applicant disclose which of these have substantially similar

claim language to avoid double patenting.  Applicants suggest that the Examiner review the

identified patent, but Applicants do not believe that any of the identified patent applications have

claims that are sufficiently similar to the claims of the present application so as to establish

grounds for a double patenting rejection.  Applicants have filed the IDS so that the Examiner has

sufficient information to independently consider the issue.

## IV.    CONCLUSION

Applicants respectfully submit that all of the pending claims are in condition for

allowance, and issuance of a formal notice of allowance is respectfully requested.  No fees are

believed to be due at this time.  If the Applicant is in error, the Commissioner is hereby

authorized to charge any applicable fees to our Deposit Account No. 50-1302.

NFLIX0000690

The Examiner is invited to contact the undersigned by telephone if the Examiner believes that such contact would assist in advancing prosecution of this application.  Please direct any telephone calls to the undersigned at (408) 414-1080, extension 202.

Respectfully submitted,

HICKMAN PALERMO TRUONG & BECKER LLP

Dated: January 31, 2005

Christopher J. Palermo
Reg. No. 42,056

2055 Gateway Place, Suite 550
San Jose, California  95110-1089
Telephone No.: (408) 414-1080 ext. 202
Facsimile No.:  (408) 414-1076

---

**CERTIFICATE OF TRANSMISSION**

I hereby certify that this correspondence is being facsimile transmitted to the U.S. Patent and Trademark Office Fax No. (703) 872-9306

On   January 31, 2005   By   Angelica Maloney
                                   Angelica Maloney

NFLIX0000691