ALSCHULER GROSSMAN STEIN & KAHAN LLP
Marshall B. Grossman (No. 35958)
William J. O'Brien (No. 99526)
Tony D. Chen (No. 176635)
Dominique N. Thomas (No. 231464)
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA  90404-4060
Telephone:  310-907-1000
Facsimile:  310-907-2000
Email: mgrossman@agsk.com
       wobrien@agsk.com
       tchen@agsk.com
       dthomas@agsk.com

Attorneys for Defendant and Counterclaimant,
Blockbuster Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation, | CASE NO. C 06 2361 WHA |
| Plaintiff, | **BLOCKBUSTER'S AMENDED PRELIMINARY INVALIDITY CONTENTIONS FOR U.S. PATENT NO. 7,024,381** |
| vs. | |
| BLOCKBUSTER INC., a Delaware corporation, DOES 1-50, | Complaint Filed:  April 4, 2006 |
| Defendants. | |
| BLOCKBUSTER INC., a Delaware corporation, | |
| Counterclaimant, | |
| vs. | |
| NETFLIX, INC., a Delaware corporation, | |
| Counterclaim Defendant. | |

      Pursuant to Patent Local Rule 3-3 and the Court's Case Management Order filed June 30, 2006, Defendant and Counterclaimant, Blockbuster Inc., hereby states its Preliminary Invalidity Contentions as to United States Patent

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

BLOCKBUSTER'S AMENDED PRELIMINARY INVALIDITY
CONTENTIONS FOR U.S. PATENT NO. 7,024,381
C 06 2361 WHA

Dockets.Justia.com

No. 7,024,381 issued on April 4, 2006, entitled "Approach for Renting Items to Customers" (hereinafter referred to as "the '381 Patent").

This statement of Preliminary Invalidity Contentions is based on the information currently available to Blockbuster and is subject to revision. Discovery from Netflix and third parties remains pending, and other investigations are still in progress.

This statement is provided without prejudice to all rights to supplement or modify Blockbuster's contentions as additional information is obtained, further research and analysis are completed, and patent claims are construed. This statement is also made without waiver or limitation of any attorney-client privilege, work product protection or any other privileges or evidentiary objections whatsoever.

I.    **INVALIDITY CONTENTIONS BASED ON 35 U.S.C. §§ 102 AND 103**

A.    **IDENTIFICATION OF PRIOR ART**

1    **Prior Art Patents and Published Patent Applications**

Prior art patents and published patent applications identified for purposes of these Preliminary Invalidity Contentions are listed in Exhibit A attached hereto.

2    **Prior Art Publications**

Prior art publications (other than published applications) identified for purposes of these Preliminary Invalidity Contentions are listed in Exhibit B attached hereto.

3    **Prior Art Public Use**

Prior art public use, public knowledge, sales, and offers for sale identified for purposes of these Preliminary Invalidity Contentions are listed in Exhibit C attached hereto.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

2

BLOCKBUSTER'S AMENDED PRELIMINARY INVALIDITY
CONTENTIONS FOR U.S. PATENT NO. 7,024,381
C 06 2361 WHA

**B.    CLASSIFICATIONS, COMBINATIONS AND MOTIVATIONS**

Classifications, combinations and motivations for combinations of prior art are listed in Exhibits D (Part 1), E (Part 2) and F (Part 3) attached hereto.

**C.    CLAIM CHARTS**

**1    Claims 1 through 13**

A Claim Chart for Claims 1 through 13 of the '381 Patent is attached hereto as Exhibit G.

**2    Claims 14 through 23**

A Claim Chart for Claims 14 through 23 of the '381 Patent is attached hereto as Exhibit H.

**3    Claims 24 through 33**

A Claim Chart for Claims 24 through 33 of the '381 Patent is attached hereto as Exhibit I.

**4    Claims 34 through 43**

A Claim Chart for Claims 34 through 43 of the '381 Patent is attached hereto as Exhibit J.

**5    Claims 44 through 51**

A Claim Chart for Claims 44 through 51 of the '381 Patent is attached hereto as Exhibit K.

**II.    INVALIDITY CONTENTIONS BASED ON 35 U.S.C. § 112**

Claims 1-51 of the '381 Patent are invalid for failing to comply with the requirements of 35 U.S.C. § 112.

**A.    35 U.S.C. § 112, PARAGRAPH 2**

The '381 Patent and all claims thereof are invalid for indefiniteness under 35 U.S.C. § 112 ¶ 2.

Blockbuster's grounds for this contention include, without limitation, that the following claim terms are indefinite:

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

3

BLOCKBUSTER'S AMENDED PRELIMINARY INVALIDITY
CONTENTIONS FOR U.S. PATENT NO. 7,024,381
C 06 2361 WHA

1     (1) "computer-implemented method;"

2     (2) "renting;"

3     (3) "providing electronic digital information;"

4     (4) "attributes;"

5     (5) "movie rental queue;"

6     (6) "associated with a customer;"

7     (7) "ordered list;"

8     (8) "causing to be delivered to the customer up to a specified

9 number of movies;"

10     (9) "based upon the order of the list;"

11     (10) "selecting another movie based upon the order of the list;"

12     (11) "electronically updating the movie rental queue;"

13     (12) "determining the order of the two or more movies based upon

14 one or more preferences of the customer;"

15     (13) "a number of movies delivered to the customer and not yet

16 returned does not exceed the specified number;"

17     (14) "establishing over the Internet a rental agreement with a

18 customer that provides for charging the customer a periodic fee;"

19     (15) "a computer system;"

20     (16) "a computer that is coupled to a digital telecommunications

21 network by a digital telecommunications link;"

22     (17) "an electronic digital memory in the computer;"

23     (18) "one or more sequences of computer program instructions stored

24 in the electronic digital memory which, when executed, cause the computer to

25 performer the steps of;"

26     (19) "computer-implemented steps;" and

27     (20) "movie selection criteria.

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

4

BLOCKBUSTER'S AMENDED PRELIMINARY INVALIDITY
CONTENTIONS FOR U.S. PATENT NO. 7,024,381
C 06 2361 WHA

1    In addition, claims 44 through 51 of the '381 Patent are invalid for

2    indefiniteness under § 112 ¶ 2 because they recite both an apparatus and a method

3    of using that apparatus.  Such claims are invalid under 35 U.S.C. § 112 ¶ 2.  *See*

4    *IPXL Holdings v. Amazon.com, Inc.*, 430 F.3d 1377, 1384-85 (Fed. Cir. 2005); *see*

5    *also Amgen, Inc. v. Chugai Pharm. Co.*, 927 F.2d 1200, 1217 (Fed. Cir. 1991) (A

6    claim is considered indefinite if it does not reasonably apprise those skilled in the

7    art of its scope).

8        "The Board of Patent Appeals and Interferences ('Board') of

9        the PTO . . . has made it clear that reciting both an apparatus

10        and a method of using that apparatus renders a claim indefinite

11        under section 112, paragraph 2.  *Ex parte Lyell*, 17 USPQ 2d

12        1548 (1990). . . .  This rule is well recognized and has been

13        incorporated into the PTO's *Manual of Patent Examination*

14        *Procedure*.  § 2173.05(p)(II) (1999) ('A single claim which

15        claims both an apparatus and the method steps of using the

16        apparatus is indefinite under 35 U.S.C. 112, second

17        paragraph.'); *see also* Robert C. Faber, *Landis on Mechanics*

18        *of Patent Claim Drafting* § 60A (2001) ('Never mix claim

19        types to different classes of invention in a single claim.'). "

20    IPXL, 430 F.d at 1384.

21

22    **B.    35 U.S.C. § 112, PARAGRAPH 1**

23        The Court's Patent Local Rules do not require any disclosure in

24    Preliminary Invalidity Contentions concerning best-mode defenses.  *Fresenius*

25    *Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431 SBA, 2006 WL

26    1329997 (N.D. Cal. May 15, 2006); *see* Pat. L.R. 3-3(d).  Blockbuster provides the

27    following information as a courtesy, without prejudice to its presentation of any

28    additional or different defenses at any time.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

5

BLOCKBUSTER'S AMENDED PRELIMINARY INVALIDITY
CONTENTIONS FOR U.S. PATENT NO. 7,024,381
C 06 2361 WHA

Blockbuster contends that the '381 Patent and all claims thereof are invalid for failure to disclose best mode as required by 35 U.S.C. § 112 ¶ 1. Blockbuster's grounds for this contention include, without limitation, the following:

1.      Claims of the '381 Patent recite selecting movies for delivery to a customer.  The '381 Patent does not disclose any mode of selecting movies that prioritizes between requests of different customers.  For example, and without limitation:

a.      The '381 Patent does not disclose any mode of selecting movies for customers that takes into account how often a customer returns movies and receives new ones;

b.      The '381 Patent does not disclose any step, method, device, or feature for anything known or described as "throttling."

2.      Claims of the '381 Patent recite delivery of movies to customers and delivery by mail.

a.      The '381 Patent does not disclose any mode of delivery of movie to customers by mail that includes any particular type, design, or features for the envelope or package used for such delivery.  Indeed, the '381 Patent does not refer to an envelope or packaging at all.

b.      The '381 Patent does not disclose any particular type, design, or feature for return of monies by a customer.

## III.   INVALIDITY CONTENTIONS BASED ON 35 U.S.C. § 101

The Court's Patent Local Rules do not require any disclosure in Preliminary Invalidity Contentions concerning § 101 defenses.  *See* Pat. L.R. 3-3(d).  Blockbuster presents the following information as a courtesy, without prejudice to its presentation of any additional or different defense at any time in the future.

Claims 1-51 of the '381 Patent are invalid under 35 U.S.C. § 101.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

6

BLOCKBUSTER'S AMENDED PRELIMINARY INVALIDITY
CONTENTIONS FOR U.S. PATENT NO. 7,024,381
C 06 2361 WHA

**A.    UNPATENTABLE SUBJECT MATTER**

Blockbuster contends that the '381 Patent and each and every individual claim thereof are invalid under 35 U.S.C. § 101 because the subject matter of each such claim is not patentable under that section or under Article I, Section 8 of the United States Constitution.

Blockbuster's grounds for these contentions include, without limitation:

1.    Each such claim fails to set forth a patentable invention or "discovery" by an "inventor" within the meaning of Article I, Section 8;

2.    Each such claim fails to set forth a patentable invention under 38 U.S.C. § 101;

3.    Each such patent and claim improperly attempts to provide patent protection for a business method;

4.    Each such patent and claim improperly attempts to provide patent protection for an algorithm; and

5.    Each such patent and claim otherwise fails to meet Constitutional, statutory, or case law requirements for patentability.

**B.    DOUBLE PATENTING**

Blockbuster further contends that the '381 patent and each claim to the '381 patent are invalid under 35 U.S.C. § 101 for double patenting.  Blockbuster's grounds for this contention include, without limitation:

1.    The '381 Patent and each of its claims set forth the same invention claimed in U.S. Patent No. 6,584,450 (the "'450 Patent"); and

2.    The '381 Patent and each of its claims are nothing more than obvious modifications of claims of the '450 Patent.

///

///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

BLOCKBUSTER'S AMENDED PRELIMINARY INVALIDITY
CONTENTIONS FOR U.S. PATENT NO. 7,024,381
C 06 2361 WHA

1          Based on the reasons stated above, Blockbuster contends that the '381

2    Patent and each and every individual claim thereof are invalid.

3

4

5    DATED: Dec. 20, 2006    ALSCHULER GROSSMAN STEIN & KAHAN LLP

6

7    By     /s/

8    Tony D. Chen
     Attorneys for Defendant and Counterclaimant,
9    Blockbuster Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

8

BLOCKBUSTER'S AMENDED PRELIMINARY INVALIDITY
CONTENTIONS FOR U.S. PATENT NO. 7,024,381
C 06 2361 WHA