ALSCHULER GROSSMAN STEIN & KAHAN LLP
Marshall B. Grossman (No. 35958)
William J. O'Brien (No. 99526)
Tony D. Chen (No. 176635)
Dominique N. Thomas (No. 231464)
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA 90404-4060
Telephone: 310-907-1000
Facsimile: 310-907-2000
Email: mgrossman@agsk.com
      wobrien@agsk.com
      tchen@agsk.com
      dthomas@agsk.com

Attorneys for Defendant and Counterclaimant,
Blockbuster Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>BLOCKBUSTER INC., a Delaware corporation, DOES 1-50,<br><br>    Defendants.<br><br>AND RELATED COUNTER ACTION. | CASE NO. C 06 2361 WHA (JCS)<br><br>**DECLARATION OF WILLIAM J. O'BRIEN IN SUPPORT OF BLOCKBUSTER'S BRIEF ON CLAIM CONSTRUCTION**<br><br>**Hearing Date: January 31, 2007**<br>**Time: 1:30 p.m.**<br>**Judge: William Alsup**<br><br>Complaint Filed: April 4, 2006 |

I, William J. O'Brien, declare:

1.  I am an attorney admitted to practice before this Court and a partner in the law firm of Alschuler Grossman Stein & Kahan LLP, counsel of record for Blockbuster Inc. in this case. I was personally involved in gathering each of the exhibits in this declaration from the sources indicated below and have personal knowledge of the identities and contents of these exhibits. In addition, I was personally present during the deposition testimony reflected in Exhibit G.

2.  The exhibits to this declaration are as follows:

    a.  Exhibit A is a true and correct copy of the transcript of the oral argument before the United States Supreme Court on November 28, 2006, in *KSR International Co. v. Teleflex, Inc.* (No. 04-1350), a case involving the standard for obviousness of patent claims.

    b.  Exhibit B is a true and correct copy of an article from *The New York Times*, dated December 17, 2006, recounting a description by W. Reed Hastings, Chief Executive Officer of Netflix, Inc., of the inspiration for his idea for subscription video rental. (That description appears in the final paragraph of the article.)

    c.  Exhibit C is a true and correct copy of an article on the CBS News web site quoting from a December 3, 2006, interview of Mr. Hastings on "60 Minutes" in which he also described the inspiration for his idea for subscription video rental.

    d.  Exhibit D is a true and correct copy from the records of this Court of the complaint filed by Netflix in this Court on March 10, 2006, in *Netflix, Inc. v. NCR Corporation*, Case No. 06-1892. The complaint contains admissions by Netflix concerning its knowledge of prior art asserted by NCR against Netflix. (*See* ¶¶ 22-23, 25, 27.)

    e.  Exhibit E is a true and correct copy of an Office Action dated April 18, 2002, from the United States Patent and Trademark Office's

1  file for U.S. Patent No. 6,584,450.  In the Office Action, the Examiner,
2  among other things, rejected all claims of Netflix's patent application based
3  on Netflix's own www.netflix.com web site.
4    f. Exhibit F is a true and correct copy of an Office Action
5  dated October 28, 2004, from the U.S. Patent and Trademark Office file for
6  U.S. Patent No. 7,024,381.  On Page 2 of the Office Action, the Office
7  rejected all then-pending claims for lack of subject matter in the
8  "technological arts."
9    g. Exhibit G is a true and correct copy of excerpts from the
10  transcript of the deposition of Eric Meyer, former Chief Information Officer
11  of Netflix, which was taken in this case on September 22, 2006, in which
12  Mr. Meyer refers to the meaning of "queue."
13    h. Exhibit H is a true and correct copy of the definition of
14  "item" provided by *Merriam-Webster's Colligate Dictionary*, 11th Edition
15  (2004) (hereafter "*Merriam-Webster*").
16    i. Exhibit I is a true and correct copy of the definition of
17  "movie" from *Merriam-Webster*.
18    j. Exhibit J is a true and correct copy of the definition of
19  "order" from *Merriam-Webster*.
20    k. Exhibit K is a true and correct copy of the definition of
21  "list" from *Merriam-Webster*.
22    l. Exhibit L is a true and correct copy of the definition of
23  "electronic" from *Merriam-Webster*.  Because the definition refers, without
24  elaboration, to "the methods or principles of electronics," Exhibits M and N
25  are provided by way of additional explanation.
26    m. Exhibit M is a true and correct copy of the definition of
27  "electronic" from the *Modern Dictionary of Electronics* (Seventh Edition
28  1999) by Rudolf F. Graf.

      n.    Exhibit N is a true and correct copy of the definition of "electronic" from *The American Heritage Dictionary of the English Language* (Fourth Edition 2000).

      o.    Exhibit O is a true and correct copy of the definition of "facilitate" from *Merriam-Webster*.

      p.    Exhibit P is a true and correct copy of the definition of "implement" from *Merriam-Webster*.

      q.    Exhibit Q is a true and correct copy of the definition of "fee" from *Merriam-Webster*.

      r.    Exhibit R is a true and correct copy of the definition of "periodic" from *Merriam-Webster*.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed December 27, 2006, at Santa Monica, California.

                                              /S/
                                William J. O'Brien