KEKER & VAN NEST, LLP
JEFFREY R. CHANIN - #103649
DARALYN J. DURIE - #169825
ASHOK RAMANI - #200020
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff and Counterclaim Defendant,
NETFLIX, INC.

ALSCHULER GROSSMAN LLP
MARSHALL B. GROSSMAN - #35958
WILLIAM J. O'BRIEN - #99526
TONY D. CHEN - #176635
DOMINIQUE N. THOMAS - #231464
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA 90404-4060
Telephone: 310-907-1000
Facsimile: 310-907-2000

Attorneys for Defendant and Counterclaimant,
BLOCKBUSTER INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLOCKBUSTER, INC., a Delaware corporation, DOES 1-50,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. C 06 2361 WHA (JCS)<br><br>**FURTHER STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY DISPUTES**<br><br>Hearing Date: Jan. 12, 2007<br>Time: 9:30 A.M.<br>Courtroom: A, 15th Floor<br>Magistrate Judge: Joseph C. Spero<br><br>Complaint Filed: April 4, 2006 |

FURTHER STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY DISPUTES
CASE NO. C 06 2361 WHA (JCS)

920294_2.DOC

Dockets.Justia.com

Plaintiff and Counter-Defendant, Netflix, Inc., and Defendant and Counterclaimant, Blockbuster Inc., through their respective counsel of record, hereby stipulate and agree as follows:

## I. UPDATE ON STATUS OF SUBJECT MOTIONS

### A. Resolution of Remaining Issues

1. Since filing their Stipulation Regarding Discovery Disputes on December 15, 2006 (the "Prior Stipulation"), Netflix and Blockbuster have succeeded in resolving the remaining issues in contention in the three discovery motions that were filed November 3, 2006, and are currently scheduled for hearing on January 26, 2007 (collectively, the "Subject Motions"). The two such issues that remained unresolved as of December 15, 2006, both related to Netflix's motion for a protective order as to certain Blockbuster document subpoenas to third-parties. The two issues, which were identified in the Prior Stipulation as remaining for decision by the Court, were:

   a. Netflix's motion for a protective order directed to Categories 16 and 17 of the Studio and Internet Subpoenas identified in the Prior Stipulation; and

   b. Netflix's motion for a protective order directed to Blockbuster's subpoena to the Gutride Safier law firm.

2. Both of these issues have now been resolved by the agreement reflected in Section II of this Further Stipulation.

3. The parties have therefore fully resolved the Subject Motions.

### B. Request to Vacate Hearing Date

4. The parties respectfully request that, upon approval of this Further Stipulation, the Court vacate as moot the hearing presently scheduled for January 26, 2007, at 9:30 a.m.

## II. STIPULATION REGARDING CERTAIN DVD ALLOCATION PRACTICES AND NETFLIX'S CLAIM FOR LOST PROFITS

5. In exchange for Blockbuster's stipulation to the provisions set forth in Paragraphs 6 and 7 of this Further Stipulation, Netflix stipulates and agrees as follows:

   a. Netflix hereby permanently and irrevocably waives, and Netflix stipulates and agrees that it will not pursue, now or at any time in the future, any existing, possible, or future claims for lost profit damages attributable to any act of infringement of either or both of U.S. Patents Nos. 6,584,450 and 7,024,381 (the "patents-in-suit").

   b. Netflix stipulates and agrees that it shall not make or seek to make any argument or representation that it has lost profits as a result of Blockbuster's alleged infringement of the patents-in-suit.

6. In exchange for Netflix's stipulation to the provisions of Paragraphs 5 and 8 of this Further Stipulation, Blockbuster stipulates and agrees as follows:

   a. Blockbuster stipulates and agrees to withdraw Categories Nos. 16 and 17 of the Studio and Internet Subpoenas (as defined in the Prior Stipulation) and Blockbuster's pending document subpoena to the Gutride Safier firm, and stipulates and agrees that it shall not issue new subpoenas to those nonparties containing requests similar to Categories Nos. 16 and 17 of the Studio and Internet Subpoenas or to the categories of the pending document subpoena to the Gutride Safier firm.

   b. Blockbuster stipulates and agrees that it shall not seek to discover evidence of any practice by Netflix of categorizing customers or varying the speed or priority of, or location used for, fulfilling a customer's rental request because of the number, type, or frequency of the customer's rentals ("Covered DVD Allocation Practices"), except for 1) evidence that Netflix or one of the persons named as inventors of the patents-in-suit ("named inventors") employed or contemplated such a practice prior to April 28, 2000, and 2) as provided in Sub-Paragraph 6 d below.

   c. Blockbuster stipulates and agrees that it shall not issue discovery

2

FURTHER STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY DISPUTES
CASE NO. C 06 2361 WHA (JCS)

920294_2.DOC

requests whose scope is defined using any reference to the Chavez v. Netflix litigation in the San Francisco Superior Court ("Chavez v. Netflix"), whether or not mentioned by name. Blockbuster further stipulates and agrees that it shall not issue discovery requests using the term "throttling."

    d. Subject to and consistent with the limitations set forth in Sub-Paragraphs 6 a and c above, Blockbuster may seek to conduct discovery regarding any of the following:

      (1) Any deposition or court testimony, interrogatory responses or other discovery responses, documents or things produced, admissions by parties or counsel, declarations, affidavits, or findings by the court in Chavez v. Netflix (collectively, "Chavez Evidence") that are relevant to any issue in this case other than Covered DVD Allocation Practices;

      (2) Any matter, including Covered DVD Allocation Practices, if relevant to any best mode that Netflix or one of the named inventors employed or contemplated prior to April 28, 2000, for practicing any claim of the patents-in-suit that is at issue in any of the parties' claims or defenses in this case ("contested claim"); and

      (3) Any matter, including Covered DVD Allocation Practices, if, consistent with the Court's claim constructions in effect as of such time, the evidence is relevant to whether and to what extent Netflix practices or practiced any contested claim of the patents-in-suit at any relevant time.

  7. In exchange for Netflix's stipulation to the provisions of Paragraphs 5 and 8 of this Further Stipulation, Blockbuster further stipulates and agrees as follows:

    a. Blockbuster stipulates and agrees that, and except as provided in Sub-Paragraph 7 c below, it shall not seek to introduce evidence of, or make any argument based on or statement at trial referring to or about (i) any actual or alleged Covered DVD Allocation Practices of Netflix, as defined above, that were first practiced

3

FURTHER STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY DISPUTES
CASE NO. C 06 2361 WHA (JCS)

920294_2.DOC

and first contemplated after April 28, 2000; or (ii) the existence of Chavez v. Netflix, whether or not mentioned by name.

        b.     Blockbuster stipulates and agrees that it and all persons in its employ or under its control shall not make or seek to make any arguments using the term "throttling," or refer in any way at trial to, any practices by Netflix as "throttling," or refer to Netflix's Covered DVD Allocation Practices using any comparable derogatory terms; nor shall it make or seek to make any arguments that otherwise accuse Netflix at trial of engaging in unfair or deceptive practices vis-à-vis Netflix's customers based on or consisting of Netflix's Covered DVD Allocation Practices, including without limitation by "throttling"; nor shall Blockbuster make or seek to make any arguments or elicit testimony about customer reaction to Netflix's use of Covered DVD Allocation Practices, or that relate to whether Netflix's Covered DVD Allocation Practices allegedly disadvantaged or discriminated against certain of Netflix's customers. Blockbuster further stipulates and agrees that it shall not refer to the existence or content of this Further Stipulation at trial in the presence of the jury.

        c.     Except as provided in Paragraph 7 b, Blockbuster may seek to introduce evidence of and argument on Netflix's Covered DVD Allocation Practices, if any, as reasonably necessary to establish any of the following:

        (1)     Any matter relevant to Netflix's or any named inventor's best mode for practicing any contested claim of the patents-in-suit at any time up to April 28, 2000;

        (2)     Evidence, if any, relevant to showing that Netflix does not or did not practice any contested claim of the patents-in-suit at any relevant time, but such evidence may be used at trial only if the Court so determines by order or the parties jointly so stipulate, and Blockbuster shall be entitled to such an order only if, under the Court's claim constructions in effect as of such time, a) evidence of Netflix's practices is relevant to an issue in dispute and b) the

4

FURTHER STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY DISPUTES
CASE NO. C 06 2361 WHA (JCS)

920294_2.DOC

evidence proffered is sufficient to at least raise a genuine factual issue about whether Netflix practiced any such claims at any relevant time; and

    (3) The admissibility of Chavez Evidence that is relevant to either of the issues referred to as Items 7 c (1) and 7 c (2) above, or to any issue in this case other than Covered DVD Allocation Practices to which the parties agree that Chavez Evidence is relevant. Should the parties be unable to agree that a particular item of Chavez Evidence is relevant to issues other than Covered DVD Allocation Practices, the relevance of that evidence shall be decided by the Court on a motion in limine.

  d. In determining what is "reasonably necessary" for purposes of Sub-Paragraph 7 c, it shall be considered whether (i) any more limited proof or redaction that avoids any identification of or reference to Chavez v. Netflix, or the existence of that lawsuit, is possible; or (ii) any stipulation available from Netflix would be sufficient to establish admissibility or the matter sought to be proven without identification of or reference to Chavez v. Netflix, the existence of that lawsuit, or Covered DVD Allocation Practices.

  8. Netflix also stipulates and agrees that it shall not seek to discover or introduce evidence of, or make any argument or statement referring or relating to: (i) any of the matters referred to in Sub-Paragraph 7 a or 7 b above, as limited by Sub-Paragraph 7 c, or (ii) any accusation that Blockbuster has "throttled" its customers or engaged in practices defined above as "Covered DVD Allocation Practices" except, in each case, to the extent necessary to rebut any arguments that Blockbuster may make (consistent with this stipulation) about such matters or, with regard to such "Covered DVD Allocation Practices," as necessary either to present Netflix's case for infringement or to demonstrate that Netflix practices contested claims of the patents if necessary to do so under the Court's claim construction in effect as of such time.

  9. Netflix and Blockbuster agree that breach by either party of any of the provisions of this Further Stipulation could cause irreparable harm to the other party and may

5

FURTHER STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY DISPUTES
CASE NO. C 06 2361 WHA (JCS)

920294_2.DOC

1  subject the breaching party to sanctions, including exclusion or preclusion sanctions if
2  appropriate under the circumstances.
3        10.   This Further Stipulation shall not apply to or limit discovery, evidence,
4  arguments, or other proceedings in any other case and shall not apply to or limit any proceedings,
5  whether conducted as part of the present case or separately, on any patent or intellectual property
6  other than the patents-in-suit. The stipulations and agreements contained in this Further
7  Stipulation are binding and expressly are not subject to the reservation of rights contained in
8  Paragraph 4 of the Prior Stipulation.

Dated: January 24, 2007        KEKER & VAN NEST, LLP


                              By:_____/S/_____
                              Eugene M. Paige
                              Attorneys for Plaintiff and Counterclaim Defendant,
                              NETFLIX, INC.

Dated: January 24, 2007        ALSCHULER GROSSMAN LLP



                              By:_____/S/_____
                              William J. O'Brien
                              Attorneys for Defendant and Counterclaimant,
                              BLOCKBUSTER INC.


**PURSUANT TO STIPULATION, IT SO ORDERED.**




Dated: _____   _____
                              HONORABLE JOSEPH C. SPERO
                              UNITED STATES MAGISTRATE JUDGE

920294_2.DOC