1 | KEKER & VAN NEST, LLP
JEFFREY R. CHANIN - #103649
2 | DARALYN J. DURIE - #169825
ASHOK RAMANI - #200020
3 | 710 Sansome Street
San Francisco, CA 94111-1704
4 | Telephone: (415) 391-5400
Facsimile: (415) 397-7188
5 |
Attorneys for Plaintiff and Counterclaim Defendant,
6 | NETFLIX, INC.

7 | ALSCHULER GROSSMAN LLP
MARSHALL B. GROSSMAN - #35958
8 | WILLIAM J. O'BRIEN - #99526
TONY D. CHEN - #176635
9 | DOMINIQUE N. THOMAS - #231464
The Water Garden
10 | 1620 26th Street
Fourth Floor, North Tower
11 | Santa Monica, CA 90404-4060
Telephone: 310-907-1000
12 | Facsimile: 310-907-2000

13 | Attorneys for Defendant and Counterclaimant,
BLOCKBUSTER INC.

14

15 |                           UNITED STATES DISTRICT COURT

16 |                          NORTHERN DISTRICT OF CALIFORNIA

17

| | |
|---|---|
| 18 NETFLIX, INC., a Delaware corporation, | Case No. C 06 2361 WHA (JCS) |
| 19                                   Plaintiff, | **FURTHER STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY DISPUTES** |
| 20         v. | |
| 21 BLOCKBUSTER, INC., a Delaware corporation, DOES 1-50, | Hearing Date:    Jan. 12, 2007<br>Time:                9:30 A.M.<br>Courtroom:       A, 15th Floor |
| 22                                   Defendant. | Magistrate Judge: Joseph C. Spero |
| 23 | |
| 24 AND RELATED COUNTERCLAIMS | Complaint Filed:    April 4, 2006 |

25

26

27

28

1         Plaintiff and Counter-Defendant, Netflix, Inc., and Defendant and

2  Counterclaimant, Blockbuster Inc., through their respective counsel of record, hereby stipulate

3  and agree as follows:

4  **I.    UPDATE ON STATUS OF SUBJECT MOTIONS**

5      **A.    Resolution of Remaining Issues**

6
7         1.    Since filing their Stipulation Regarding Discovery Disputes on December

   15, 2006 (the "Prior Stipulation"), Netflix and Blockbuster have succeeded in resolving the

8  remaining issues in contention in the three discovery motions that were filed November 3, 2006,

9  and are currently scheduled for hearing on January 26, 2007 (collectively, the "Subject

10  Motions"). The two such issues that remained unresolved as of December 15, 2006, both related

11  to Netflix's motion for a protective order as to certain Blockbuster document subpoenas to third-

12  parties. The two issues, which were identified in the Prior Stipulation as remaining for decision

13  by the Court, were:

14         a.    Netflix's motion for a protective order directed to Categories 16

15  and 17 of the Studio and Internet Subpoenas identified in the Prior Stipulation; and

16         b.    Netflix's motion for a protective order directed  to Blockbuster's

17  subpoena to the Gutride Safier law firm.

18         2.    Both of these issues have now been resolved by the agreement reflected in

19  Section II of this Further Stipulation.

20         3.    The parties have therefore fully resolved the Subject Motions.

21      **B.    Request to Vacate Hearing Date**

22
23         4.    The parties respectfully request that, upon approval of this Further

24  Stipulation, the Court vacate as moot the hearing presently scheduled for January 26, 2007, at

25  9:30 a.m.

26

27

28

                                 1

920294_2 DOC

1   **II.   STIPULATION REGARDING CERTAIN DVD ALLOCATION PRACTICES**

2   **AND NETFLIX'S CLAIM FOR LOST PROFITS**

3        5.   In exchange for Blockbuster's stipulation to the provisions set forth in

4   Paragraphs 6 and 7 of this Further Stipulation, Netflix stipulates and agrees as follows:

5        a.   Netflix hereby permanently and irrevocably waives, and Netflix

6   stipulates and agrees that it will not pursue, now or at any time in the future, any existing,

7   possible, or future claims for lost profit damages attributable to any act of infringement of

8   either or both of U.S. Patents Nos. 6,584,450 and 7,024,381 (the "patents-in-suit").

9        b.   Netflix stipulates and agrees that it shall not make or seek to make

10   any argument or representation that it has lost profits as a result of Blockbuster's alleged

11   infringement of the patents-in-suit.

12        6.   In exchange for Netflix's stipulation to the provisions of Paragraphs 5 and

13   8 of this Further Stipulation, Blockbuster stipulates and agrees as follows:

14        a.   Blockbuster stipulates and agrees to withdraw Categories Nos. 16

15   and 17 of the Studio and Internet Subpoenas (as defined in the Prior Stipulation) and

16   Blockbuster's pending document subpoena to the Gutride Safier firm, and stipulates and

17   agrees that it shall not issue new subpoenas to those nonparties containing requests

18   similar to Categories Nos. 16 and 17 of the Studio and Internet Subpoenas or to the

19   categories of the pending document subpoena to the Gutride Safier firm.

20        b.   Blockbuster stipulates and agrees that it shall not seek to discover

21   evidence of any practice by Netflix of categorizing customers or varying the speed or

22   priority of, or location used for, fulfilling a customer's rental request because of the

23   number, type, or frequency of the customer's rentals ("Covered DVD Allocation

24   Practices"), except for 1) evidence that Netflix or one of the persons named as inventors

25   of the patents-in-suit ("named inventors") employed or contemplated such a practice

26   prior to April 28, 2000, and 2) as provided in Sub-Paragraph 6 d below.

27        c.   Blockbuster stipulates and agrees that it shall not issue discovery

28

requests whose scope is defined using any reference to the Chavez v. Netflix litigation in the San Francisco Superior Court ("Chavez v. Netflix"), whether or not mentioned by name. Blockbuster further stipulates and agrees that it shall not issue discovery requests using the term "throttling."

d.    Subject to and consistent with the limitations set forth in Sub-Paragraphs 6 a and c above, Blockbuster may seek to conduct discovery regarding any of the following:

(1)    Any deposition or court testimony, interrogatory responses or other discovery responses, documents or things produced, admissions by parties or counsel, declarations, affidavits, or findings by the court in Chavez v. Netflix (collectively, "Chavez Evidence") that are relevant to any issue in this case other than Covered DVD Allocation Practices;

(2)    Any matter, including Covered DVD Allocation Practices, if relevant to any best mode that Netflix or one of the named inventors employed or contemplated prior to April 28, 2000, for practicing any claim of the patents-in-suit that is at issue in any of the parties' claims or defenses in this case ("contested claim"); and

(3)    Any matter, including Covered DVD Allocation Practices, if, consistent with the Court's claim constructions in effect as of such time, the evidence is relevant to whether and to what extent Netflix practices or practiced any contested claim of the patents-in-suit at any relevant time.

7.    In exchange for Netflix's stipulation to the provisions of Paragraphs 5 and 8 of this Further Stipulation, Blockbuster further stipulates and agrees as follows:

a.    Blockbuster stipulates and agrees that, and except as provided in Sub-Paragraph 7 c below, it shall not seek to introduce evidence of, or make any argument based on or statement at trial referring to or about (i) any actual or alleged Covered DVD Allocation Practices of Netflix, as defined above, that were first practiced

3

FURTHER STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY DISPUTES
CASE NO. C 06 2361 WHA (JCS)

920294_2 DOC

1    and first contemplated after April 28, 2000; or (ii) the existence of Chavez v. Netflix,

2    whether or not mentioned by name.

3           b.     Blockbuster stipulates and agrees that it and all persons in its

4    employ or under its control shall not make or seek to make any arguments using the term

5    "throttling," or refer in any way at trial to, any practices by Netflix as "throttling," or

6    refer to Netflix's Covered DVD Allocation Practices using any comparable derogatory

7    terms; nor shall it make or seek to make any arguments that otherwise accuse Netflix at

8    trial of engaging in unfair or deceptive practices vis-à-vis Netflix's customers based on or

9    consisting of Netflix's Covered DVD Allocation Practices, including without limitation

10   by "throttling"; nor shall Blockbuster make or seek to make any arguments or elicit

11   testimony about customer reaction to Netflix's use of Covered DVD Allocation Practices,

12   or that relate to whether Netflix's Covered DVD Allocation Practices allegedly

13   disadvantaged or discriminated against certain of Netflix's customers.  Blockbuster

14   further stipulates and agrees that it shall not refer to the existence or content of this

15   Further Stipulation at trial in the presence of the jury.

16          c.     Except as provided in Paragraph 7.b., Blockbuster may seek to

17   introduce evidence of and argument on Netflix's Covered DVD Allocation Practices, if

18   any, as reasonably necessary to establish any of the following:

19             (1)     Any matter relevant to Netflix's or any named inventor's

20            best mode for practicing any contested claim of the patents-in-suit at any time up

21            to April 28, 2000;

22             (2)     Evidence, if any, relevant to showing that Netflix does not

23            or did not practice any contested claim of the patents-in-suit at any relevant time,

24            but such evidence may be used at trial only if the Court so determines by order or

25            the parties jointly so stipulate, and Blockbuster shall be entitled to such an order

26            only if, under the Court's claim constructions in effect as of such time, a)

27            evidence of Netflix's practices is relevant to an issue in dispute and b) the

28

4

920294_2.DOC

evidence proffered is sufficient to at least raise a genuine factual issue about

whether Netflix practiced any such claims at any relevant time; and

   (3) The admissibility of Chavez Evidence that is relevant to either of the issues referred to as Items 7 c (1) and 7 c (2) above, or to any issue in this case other than Covered DVD Allocation Practices to which the parties agree that Chavez Evidence is relevant. Should the parties be unable to agree that a particular item of Chavez Evidence is relevant to issues other than Covered DVD Allocation Practices, the relevance of that evidence shall be decided by the Court on a motion in limine.

  d. In determining what is "reasonably necessary" for purposes of Sub-Paragraph 7 c, it shall be considered whether (i) any more limited proof or redaction that avoids any identification of or reference to Chavez v. Netflix, or the existence of that lawsuit, is possible; or (ii) any stipulation available from Netflix would be sufficient to establish admissibility or the matter sought to be proven without identification of or reference to Chavez v. Netflix, the existence of that lawsuit, or Covered DVD Allocation Practices.

  8. Netflix also stipulates and agrees that it shall not seek to discover or introduce evidence of, or make any argument or statement referring or relating to: (i) any of the matters referred to in Sub-Paragraph 7 a or 7 b above, as limited by Sub-Paragraph 7 c, or (ii) any accusation that Blockbuster has "throttled" its customers or engaged in practices defined above as "Covered DVD Allocation Practices" except, in each case, to the extent necessary to rebut any arguments that Blockbuster may make (consistent with this stipulation) about such matters or, with regard to such "Covered DVD Allocation Practices," as necessary either to present Netflix's case for infringement or to demonstrate that Netflix practices contested claims of the patents if necessary to do so under the Court's claim construction in effect as of such time.

  9. Netflix and Blockbuster agree that breach by either party of any of the provisions of this Further Stipulation could cause irreparable harm to the other party and may

920294_2.DOC

1  subject the breaching party to sanctions, including exclusion or preclusion sanctions if

2  appropriate under the circumstances.

3          10.    This Further Stipulation shall not apply to or limit discovery, evidence,

4  arguments, or other proceedings in any other case and shall not apply to or limit any proceedings,

5  whether conducted as part of the present case or separately, on any patent or intellectual property

6  other than the patents-in-suit.  The stipulations and agreements contained in this Further

7  Stipulation are binding and expressly are not subject to the reservation of rights contained in

8  Paragraph 4 of the Prior Stipulation.

9
10  Dated:  January 24, 2007           KEKER & VAN NEST, LLP

11

12                                     By:_____/S/_____
13                                     Eugene M. Paige
                                       Attorneys for Plaintiff and Counterclaim Defendant,
14                                     NETFLIX, INC.

15  Dated: January 24, 2007            ALSCHULER GROSSMAN LLP

16

17                                     By:_____/S/_____
18                                     William J. O'Brien
                                       Attorneys for Defendant and Counterclaimant,
19                                     BLOCKBUSTER INC.

20

21  **PURSUANT TO STIPULATION, IT SO ORDERED.**

22

23

24

25  Dated:  January 25, 2007           _____
26                                     HONORABLE ... Judge Joseph C. Spero
                                       UNITED S... ...RATE JUDGE
27

28                                              6

FURTHER STIPULATION AND [~~PROPOSED~~] ORDER REGARDING DISCOVERY DISPUTES
CASE NO. C 06 2361 WHA (JCS)

920294_2.DOC