ALSCHULER GROSSMAN LLP
Marshall B. Grossman (No. 35958)
William J. O'Brien (No. 99526)
Tony D. Chen (No. 176635)
Dominique N. Thomas (No. 231464)
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA 90404-4060
Telephone: 310-907-1000
Facsimile: 310-907-2000
Email: mgrossman@alschuler.com
       wobrien@alschuler.com
       tchen@alschuler.com
       dthomas@alschuler.com

Attorneys for Defendant and Counterclaimant,
Blockbuster Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation,<br><br>         Plaintiff,<br><br>   vs.<br><br>BLOCKBUSTER INC., a Delaware corporation, DOES 1-50,<br><br>         Defendants.<br><br>AND RELATED COUNTER ACTION. | CASE NO. C 06 2361 WHA (JCS)<br><br>**BLOCKBUSTER'S OPPOSITION TO DENNIS DILBECK'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED UNDER L.R. 3-12**<br><br>Judge:    Hon. William H. Alsup<br>Complaint Filed: April 4, 2006 |

ALSCHULER GROSSMAN LLP

921371_4.DOC

BLOCKBUSTER'S OPP'N TO DENNIS DILBECK'S ADMINISTRATIVE MOTION
C 06 2361 WHA (JCS)

1       Defendant and Counterclaimant, Blockbuster Inc., opposes Dennis Dilbeck's Administrative Motion to consider whether *Dennis Dilbeck v. Netflix, Inc.*, No. C 07-00643 PVT (N.D. Cal.) ("*Dilbeck*") is related to *Netflix, Inc. v. Blockbuster Inc.*, No. C 06 2361 WHA (N.D. Cal.) ("*Blockbuster*").

      These two actions are not related. Under Local Rule 3-12(a), an action is related to another only when both of two requirements are met:

      (1) The actions concern substantially the same parties, property, transaction or event; and

      (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

L.R. 3-12(a). Neither prong of the test for relatedness is satisfied here.

      As the Court knows, *Blockbuster* is a patent-infringement action between competitors. By contrast, *Dilbeck* is a national consumer class-action against one of those competitors, Netflix, Inc. *Blockbuster* does include counterclaims against Netflix under the Sherman Antitrust Act, but even the antitrust aspects of the two cases involve substantially different parties and transactions. While *Blockbuster* involves only two competing corporations, *Dilbeck* involves millions of consumers: "a class of all persons and entities who subscribed to Netflix." (Dilbeck Complaint, ¶ 1; *see id.* at 76 ("Netflix claims to have over 5 million subscribers.").)

      Not only are the parties different, but so are the subject matters of the two cases. *Blockbuster* involves allegedly infringing acts by Blockbuster, Netflix's claim for damages against Blockbuster, and other matters not at issue in *Dilbeck*, while *Dilbeck* involves claims under California's Antitrust Act and California unfair competition law, issues related to class certification, consumer remedies, and other matters not at issue in *Blockbuster*. Even the federal antitrust arguments and issues raised by Blockbuster will differ from those raised by the class representatives in *Dilbeck*. This Court noted such differences in its order denying Dilbeck's motion to intervene in *Blockbuster*, saying: "[A] *competitor* like Blockbuster faces different

1  antitrust issues from *consumers* like Dilbeck." (Order Denying Motion to Intervene at 4:24-25
2  (emphasis in original).) For all these reasons, *Blockbuster* and *Dilbeck* are not sufficiently related
3  under the first prong of Local Rule 3-12(a).
4      As a further and independently sufficient ground for opposition, the second prong
5  of Local Rule 3-12(a)'s related-case standard is also unsatisfied. Because many of the issues
6  raised in the actions are different, there is not likely to be any significant duplication of labor or
7  expense between the two cases. The Court is aware of the distinct and separate inquiries the
8  cases present even within the antitrust sphere:

> The economics of the damages theories for consumers, for example, would add a layer of complexity over and above the issues Blockbuster must litigate. Proof of consumer damages would require a wholly different set of economic facts. Finding these facts would likely require different experts and third-party discovery requests. Another difference would likely lie in how the product market and the geographic markets are to be defined.

(Order Denying Motion to Intervene at 4:24-27:5:1-3.) These distinctions suggest that the efforts expended in *Blockbuster* and *Dilbeck* will largely be directed to divergent legal issues. Furthermore, *Dilbeck*'s status as a class action will result in much of the labor in *Dilbeck* being devoted to class certification issues – issues that are nonexistent in *Blockbuster*. Because the different judges will be confronted with such distinct issues in resolving the two cases, no undue burden will be imposed by leaving the existing judicial assignments in place, and there is no basis for concern that this will result in conflicting results. For these additional reasons as well, *Blockbuster* and *Dilbeck* are not related under Local Rule 3-12(a).

DATED: February 12, 2007    ALSCHULER GROSSMAN LLP

By    /s/
  Dominique N. Thomas
  Attorneys for Defendant and Counterclaimant,
  Blockbuster Inc.