1    ALSCHULER GROSSMAN LLP
     Marshall B. Grossman (No. 35958)
2    William J. O'Brien (No. 99526)
     Tony D. Chen (No. 176635)
3    Dominique N. Thomas (No. 231464)
     The Water Garden
4    1620 26th Street
     Fourth Floor, North Tower
5    Santa Monica, CA  90404-4060
     Telephone:  310-907-1000
6    Facsimile:  310-907-2000
     Email:  mgrossman@alschuler.com
7            wobrien@alschuler.com
             tchen@alschuler.com
8            dthomas@alschuler.com

9    Attorneys for Defendant and Counterclaimant,
     Blockbuster Inc.

10
                    UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12

13
     NETFLIX, INC., a Delaware corporation,          CASE NO. C 06 2361 WHA (JCS)
14
                          Plaintiff,                 **BLOCKBUSTER'S COMMENTS ON
15                                                   TENTATIVE CLAIM
               vs.                                   CONSTRUCTION ORDER**
16
     BLOCKBUSTER INC., a Delaware corporation,
17   DOES 1-50,

18                        Defendants.

19
                                                     Judge:     William H. Alsup
     AND RELATED COUNTER ACTION.                     Complaint Filed:  April 4, 2006
20

21

22

23

24

25

26

27

28

Dockets.Justia.com

**I**   **INTRODUCTION**

Blockbuster thanks the Court for providing an opportunity to comment on its tentative claim construction order. Blockbuster does not take this as an invitation to repeat arguments already considered by the Court. Blockbuster will instead narrowly focus its comments, as set forth below, to avoid undue consumption of further time and effort on the part of the Court and parties. However, Blockbuster does not intend to thereby withdraw any requests, positions or arguments regarding claim construction, nor to waive any related rights.

Additionally, the Court has made clear its view that there is no present need to provide constructions that fully address all of the points raised by the parties. Here again, Blockbuster, in limiting its comments, does not withdraw or waive any requests, positions or arguments. Blockbuster reserves all rights to seek further elucidation of subject claim terms from the Court if appropriate in the context of further proceedings.

**II**   **BLOCKBUSTER'S COMMENTS**

**A.**   **Apparent Typographical Errors**

In reviewing the tentative order, Blockbuster has identified a few instances of what appear to be typographical errors. Blockbuster proposes corrections of these apparent errors as set forth in a "redline" of the tentative order, which is attached as Exhibit A hereto. (*See* Tentative Claim Construction Order at 1:22-23 ("A response may attach a copy of this order with short proposed edits not requiring extended argument.").)

**B.**   **Corrected Claim Language**

After issuance of the '450 patent, Netflix obtained two certificates of correction from the Patent and Trademark Office, copies of which are attached at the end of Exhibit B to Netflix's First Amended Complaint. Pages 20 and 21 of the tentative order contain quotations from claims 1, 31, and 50 of the '450 patent. In the attached redline of the tentative order (Exhibit A), Blockbuster proposes several revisions so that the quotations will incorporate changes contained in the certificates of correction.

**C.**   **Proposed Clarifications**

Finally, Blockbuster proposes a few clarifications of passages in the tentative

ALSCHULER
GROSSMAN
LLP

921534_3.DOC

1

BLOCKBUSTER'S COMMENTS ON
TENTATIVE CLAIM CONSTRUCTION
ORDER C 06 2361 WHA (JCS)

order.  These too are set forth in Exhibit A.  Blockbuster believes that the following clarifications are consistent with the intent of the Court as reflected elsewhere in the tentative order:

1.     Blockbuster proposes a revision of the sentence beginning on page 3, line 27, of the tentative order to note that the terms "movie rental queue" and "ordered list" appear in all the independent claims of the '381 patent and not just in claim 34.  The proposed revision parallels the language of an existing, similar passage at page 8, lines 26 and 27, of the tentative order.

2.     Blockbuster proposes inserting the word "may" at page 4, line 18, of the proposed order to avoid any impression that the sequence of items in the "queue" and in the "ordered list" must always be determined by different factors.  On the contrary, as indicated by the claim language and the Court's tentative construction, the "queue" includes the "ordered list."  Indeed, the "queue" may consist entirely of the "ordered list."  (*See, e.g.*, Tentative Order at 4:14-16 ("The word 'comprising' indicates that the ordered list must be part of the queue, but the queue *may* include other things as well."  (emphasis added.)).)

3.     Blockbuster proposes revisions to the final sentence on page 10 of the tentative order (at lines 25-27) to make sure it is clear that this sentence's references to the order of the "queue" and "ordered list" are illustrative rather than mandatory.  This revision is consistent with numerous other passages in the tentative order.  (*See, e.g.*, Tentative Order at 4:18 ("The 'queue' *may, but does not have to be*, [in] the exact order specified by the customer."  (emphasis added)), 4:26-27 ("The 'ordered list' indicates movies for renting to the customer, but it *need not* necessarily be in the customer's preferred order." (emphasis added)), 5:5-11 ("[T]he ordered list itself *may* be, *but is not required to be* arranged in the customer's specified order.  The ordered list *may* include items arranged in some other way *such as* a default order set by a computer. . . .   The queue's sequence *can* also take into account other factors . . . ." (emphasis added)), 7:2-7 ("[T]he provider, in arranging the queue, *may* take into account different priorities than those used to create the 'ordered list.' . . .  The ordered list is part of the queue but *may* contain additional items arranged according to *some other priority*." (emphasis added)), 8:20-21 ("A queue . . . includes the ordered list but *may also include other items.*" (emphasis added)).)

ALSCHULER
GROSSMAN
LLP

921534_3.DOC

2

BLOCKBUSTER'S COMMENTS ON
TENTATIVE CLAIM CONSTRUCTION
ORDER C 06 2361 WHA (JCS)

4.      Blockbuster proposes adding the word "or" at page 11, line 13 of the tentative order merely to clarify that a "default" order is an example of, but not a limitation on, the other types of order that could be used for the "ordered list." (*See, e.g.*, Tentative Order at 5:6-11 ("The ordered list *may* include items arranged in some other way *such as* a default order set by a computer. . . .  The queue's sequence *can* also take into account other factors . . . ." (emphasis added)).)

5.      Blockbuster proposes simplifying the language at page 15, lines 26-28, of the tentative order concerning the Court's construction of "electronically updating."  The present phrasing leaves it unclear whether the clause "using an electronic device" modifies "changing" or modifies "received from the customer via the Internet."  Additionally, the reference to "information received from the customer via the Internet" should not be included in the construction of "electronically updating," because the claims of the '381 patent already refer to such receipt of information separately from and prior to their use of the term "electronically updating." (*See, e.g.*, '381 patent, claims 1, 14, 24, 34, 44 (" . . . *in response to other electronic digital information received from the customer over the Internet,* electronically updating the movie rental queue . . .").)

DATED: February 13, 2007                    ALSCHULER GROSSMAN LLP


By_____/S/_____
          William J. O'Brien
          Attorneys for Defendant and Counterclaimant,
          Blockbuster Inc.

ALSCHULER
GROSSMAN
LLP

921534_3.DOC

3

BLOCKBUSTER'S COMMENTS ON
TENTATIVE CLAIM CONSTRUCTION
ORDER C 06 2361 WHA (JCS)