1  KEKER & VAN NEST, LLP
   JEFFREY R. CHANIN - #103649
2  DARALYN J. DURIE - #169825
   ASHOK RAMANI - #200020
3  710 Sansome Street
   San Francisco, CA  94111-1704
4  Telephone:  (415) 391-5400
   Facsimile:  (415) 397-7188
5
   Attorneys for Plaintiff
6  NETFLIX, INC.

7
                    UNITED STATES DISTRICT COURT
8
                    NORTHERN DISTRICT OF CALIFORNIA
9

10
11 NETFLIX, INC., a Delaware corporation,       Case No. C 06 2361 WHA (JCS)

12                              Plaintiff,      **NETFLIX'S CRITIQUE OF THE
                                                COURT'S TENTATIVE CLAIM
13        v.                                    CONSTRUCTION ORDER**

14 BLOCKBUSTER, INC., a Delaware
   corporation, DOES 1-50,                      Complaint filed:     April 4, 2006
15
                                Defendant.
16
   AND RELATED COUNTERCLAIMS
17

18
19
20
21
22
23
24
25
26
27
28

NETFLIX'S CRITIQUE OF THE COURT'S TENTATIVE CLAIM CONSTRUCTION ORDER
CASE NO. C 06 2361 WHA (JCS)

1    Netflix respectfully submits these comments to address just one issue in the Court's
2 February 9, 2007 Tentative Claim Construction Order ("Tentative Order"):  whether an "ordered
3 list" reflects a customer's desired order.  Netflix appreciates the Court's careful effort to define
4 the related terms "queue" and "ordered list" such that they are not co-extensive.  In defining the
5 "queue," the Court correctly observed that "the provider, in arranging the queue, may take into
6 account different priorities than those used to create the 'ordered list,'" (Tentative Order at 7:2-
7 3), and that, while the items in the queue "may not be in a customer-determined order, they still
8 would be arranged in some manner for the system to rent items." (*Id.* at 8:6-7).  But, by holding
9 that, even when the queue comprises (*i.e.*, includes) an "ordered list," the ordered list may itself
10 be in "some default order" other than one which consists of, or at least includes, the customer's
11 desired rental order, the Court's tentative construction of "ordered list" arguably erases the
12 distinction between the ordered list and the queue.

13    The patents use the term "ordered list" to capture two related, but distinct, concepts: (1) a
14 sequence (which derives from the word "list"), and (2) a priority (which derives from the word
15 "ordered").  A list that is simply in a default order has a sequence (it is a list), but it does not
16 reflect any priority (it is not ordered).  The patent uses the term "ordered" list to capture this
17 concept of priority:  a sequence of items is placed into the order of desired delivery.  Otherwise,
18 "ordered" would be surplusage, and the claims would refer simply to a list.

19    The Court has correctly observed that, in the patented system, the provider itself may
20 select items for rental to a customer based, at least in part, on input received from the customer.
21 (*Id.* at 7:22-25).  The Court also concluded that, when the queue comprises an "ordered list," that
22 ordered list need not be in the customer's preferred order because Claim 38, which depends from
23 Claim 34, recites that "the two or more movies [making up the ordered list] for renting to the
24 customer are selected by the customer."  The Court further concluded that "[f]or Claim 38 to add
25 a limitation, the ordered list itself must be able to be based on some sequence other than the
26 customer's preferences." (*Id.* at 5:4-5).  However, Claim 38 does add a limitation to what is
27 contained in the "ordered list," independent of the customer's desired order.  When not further
28 limited by Claim 38, the "ordered list" could consist of movies selected by the provider (not

---
1
NETFLIX'S CRITIQUE OF THE COURT'S TENTATIVE CLAIM CONSTRUCTION ORDER
CASE NO. C 06 2361 WHA (JCS)

1  selected by the customer) based, in part, on input from the customer (but not selected by the
2  customer). Claim 38 limits the "ordered list" to movies selected by the customer.
3  What the "ordered" part of "ordered list" adds is a prioritization, different from the
4  default sequence of the queue. In the example of Claim 34 when not further limited by Claim
5  38, the movies selected by the provider and queued up for rental would subsequently be ordered
6  (*i.e.*, prioritized) by the customer, and thereby placed into the customer's desired order. The
7  customer would not necessarily have to rearrange the movies in order for this to be true --
8  reviewing the list and accepting the default order of the queue would suffice. Indeed, the Court's
9  Tentative Order discusses this possibility at the top of page 11, in explaining that the provider
10 could automatically add all adventure movies starring Harrison Ford, and the customer could
11 then place one ahead of the other, resulting in his or her "ordered list." Claim 38 therefore does
12 not compel the conclusion that an "ordered list" must be broader than a list reflecting a
13 customer's desired order.
14 The Court's discussion of "in the order of the list," "based upon the desired order" and
15 "in the desired order" reflects this distinction. The Court appears to agree that "desired order" is,
16 necessarily, the order desired by the customer, not an order established by a default setting on the
17 part of the provider (which does not reflect any "desire" at all). Indeed, if "ordered list" meant a
18 list in any order, rather than a list in the customer's desired order, then there would be no reason
19 to distinguish between providing movies "in" the order of the list and providing movies "based
20 upon" the order of the list. The "ordered list" would simply be whatever list was used to rent
21 movies, even if it did not reflect the customer's desired order at all. That is clearly not the
22 invention of these patents, which require that the customer's preferences inform the order in
23 which movies will be received.
24 Therefore, the Court's construction of "ordered list" should make clear that the ordered
25 list must reflect a customer's desired rental order. Netflix believes that the ordered list should be
26 construed as exclusively the order desired by the customer, since the customer, either by
27 reordering the list itself, or by choosing to accept the order established by the queue, expresses
28 his or her desired order, but if the Court disagrees, the "ordered list" should at least in part reflect

1  the customer's desired order, and not just a default order (which already exists by operation of
2  the queue).

3

4  Dated: February 13, 2007                    KEKER & VAN NEST, LLP

5

6
                                              By:  /s/ Eugene M. Paige
7                                                  EUGENE M. PAIGE
                                                   Attorneys for Plaintiff
8                                                  NETFLIX, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28