KEKER & VAN NEST, LLP
JEFFREY R. CHANIN - #103649
DARALYN J. DURIE - #169825
ASHOK RAMANI - #200020
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
NETFLIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation,<br><br>                      Plaintiff,<br><br>   v.<br><br>BLOCKBUSTER, INC., a Delaware corporation, DOES 1-50,<br><br>                      Defendant. | Case No. C 06 2361 WHA (JCS)<br><br>**NETFLIX'S RESPONSE TO BLOCKBUSTER'S CRITIQUE OF THE COURT'S TENTATIVE CLAIM CONSTRUCTION ORDER**<br><br>Complaint filed: April 4, 2006 |
| AND RELATED COUNTERCLAIMS | |

NETFLIX'S RESPONSE TO BLOCKBUSTER'S CRITIQUE OF THE COURT'S TENTATIVE CLAIM
CONSTRUCTION ORDER
CASE NO. C 06 2361 WHA (JCS)

Dockets.Justia.com

1    Netflix respectfully submits these comments in response to Blockbuster's critique of the
2 Court's February 9, 2007 Tentative Claim Construction Order ("Blockbuster Critique").  Netflix
3 has no objection to many of Blockbuster's proposed revisions, but believes that certain of the
4 proposed revisions should not be adopted for the reasons set forth below.

5    **<u>Sections II.A and II.B of the Blockbuster Critique.</u>**  Netflix has no objection to the
6 proposed revisions Blockbuster describes in these sections.  Netflix wishes to point out, however,
7 that page 4, lines 18-19 of the Court's Order should read "Claim 39 depended from claim 34,"
8 not "Claim 34 depended from claim 39" as Blockbuster suggests.

9    **<u>Section II.C of the Blockbuster Critique.</u>**  Netflix has no objection to the proposed
10 revisions set forth in Section II.C.1 and Section II.C.2.

11    Blockbuster's proposed revisions contained in Section II.C.3 are incorrect and should not
12 be adopted.  Blockbuster proposes to revise the Court's Order to state that the "rental queue <u>may</u>
13 <u>reflect</u> the provider's priorities in addition to customer preferences."  Although Netflix believes
14 that the provider, as the entity that controls the queue, will always have its priorities reflected in
15 the queue, that is not Netflix's main concern with Blockbuster's proposed change.  It appears
16 that Blockbuster is proposing that the queue "<u>may</u> reflect . . . customer preferences," and thus
17 that the queue need not necessarily reflect customer preferences at all.  For the reasons discussed
18 below, that proposed revision is incorrect, and the Court should reject Blockbuster's proposed
19 injection of the word "may."

20    This proposed elimination of the customer's role in determining the order in which
21 movies are to be sent also appears in Blockbuster's proposed revision of the Order to read that
22 "the ordered list includes items for possible rental to the customer, the order may be determined
23 in whole or in part by the customer, but may also be based on some default or other order."
24 Thus, Blockbuster is suggesting that the Court should move away from the concept that the
25 ordered list reflects (at least in part) the order desired by a customer.  At a minimum, the
26 customer's preferences must be reflected,to some extent, in the order of the "ordered list."  As
27 Netflix explained in its critique submitted on February 13, 2007, the list of movies can only be
28 ordered (*i.e.*, prioritized) by the customer.  While movies may be selected by the provider and

listed in a default sequence, they are not prioritized until the customer changes or accepts that list, at which time the sequenced list becomes an "ordered list." Therefore, to suggest that the "ordered list" could be created without any input from the customer does not follow from the patent.

In Section II.C.3 and Section II.C.4 of the Blockbuster Critique, Blockbuster contends that the phrase "default order" found at page 10, line 28 of the Order should be revised to read "default or other order," while the phrase "some other default order" found at page 11, line 13 should be changed to "some other or default order." Neither of these changes, which would inject unnecessary confusion regarding the types of possible orders, should be adopted. Blockbuster claims that "a 'default' order is an example of, but not a limitation on, the other types of order that could be used for the 'ordered list.'" Blockbuster Critique at 3:2-3. But Blockbuster offers no inkling of what sort of orders could exist, or be used, aside from (i) the order desired by the customer or (ii) a default order utilized by the provider. To be sure, there are many different sorts of default orders that a provider could use, but each is still a default order, not an undefined "other" order. And Blockbuster's suggestion that the *queue* can be ordered based on factors desired by the provider, *see* Blockbuster Critique at 3:5, supplies no reason to modify the language it wishes to change, which addresses the *ordered list*, not the *queue*. Therefore, Blockbuster's proposed changes to that language should be rejected.

In Section II.C.5, Blockbuster asserts that the Court should "simplify[]" its claim construction by removing the phrase "based on information received from the customer via the Internet" from the definition of the claim term "electronically updating." However, the Court correctly recognized but a few lines prior to its definition that "the device that performs the function [of electronically updating] must be able to receive information in this manner [over the Internet]." Tentative Order at 15:19. Given that plain requirement, it would be helpful to the jury's understanding of the claims to make explicit that whatever device is employed for the electronic updating function must do so based on the information that it receives from the customer via the Internet. Blockbuster's proposed revision should therefore not be adopted.

1 | Dated: February 14, 2007.                                KEKER & VAN NEST, LLP

                                                By:    /s/ Eugene M. Paige
                                                       EUGENE M. PAIGE
                                                       Attorneys for Plaintiff
                                                       NETFLIX, INC.