ALSCHULER GROSSMAN LLP
Marshall B. Grossman (No. 35958)
William J. O'Brien (No. 99526)
Tony D. Chen (No. 176635)
Dominique N. Thomas (No. 231464)
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA 90404-4060
Telephone: 310-907-1000
Facsimile: 310-907-2000
Email: mgrossman@alschuler.com
       wobrien@alschuler.com
       tchen@alschuler.com
       dthomas@alschuler.com

Attorneys for Defendant and Counterclaimant,
Blockbuster Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BLOCKBUSTER INC., a Delaware corporation, DOES 1-50,<br><br>　　　　Defendants.<br><br>AND RELATED COUNTER ACTION. | CASE NO. C 06 2361 WHA (JCS)<br><br>**BLOCKBUSTER'S REPLY TO NETFLIX'S CRITIQUE OF THE COURT'S TENTATIVE CLAIM CONSTRUCTION ORDER**<br><br><br>Judge: 　William H. Alsup<br>Complaint Filed: April 4, 2006 |

ALSCHULER
GROSSMAN
LLP

BLOCKBUSTER'S REPLY TO NETFLIX'S CRITIQUE
OF THE COURT'S TENTATIVE CLAIM
CONSTRUCTION ORDER C 06 2361 WHA (JCS)

Dockets.Justia.com

# I    INTRODUCTION

Netflix's Critique of the Tentative Claim Construction Order consists entirely of an attempt to get the Court to change its construction of "ordered list" by reading-in a non-existent limitation.  Netflix wants to rewrite the independent claims of the '381 patent by requiring that an "ordered list" not only must be *ordered* – as the claim language says – but also must be in *one particular kind of order*: order of customer preference.  The Court has correctly concluded that an "ordered list" need not be in any particular order.  (*See*, *e.g.*, Tentative Order at 4:26-27, 5:5-11, 7:2-7.)  No other conclusion is consistent with the wording of the "ordered list" limitation itself, with the other claims of the '381 and '450 patents, and with the patents' specifications.  Netflix offers no persuasive reason for changing the Court's position.

# II    THE COURT'S CONCLUSION IS SUPPORTED BY ABUNDANT EVIDENCE – MOST OF WHICH NETFLIX FAILS TO ADDRESS.

Netflix's Critique ignores most of the overwhelming evidence indicating that an "ordered list" need *not* be in order according to customer preference.  In summary, that evidence includes the following:

### A.    The Claim Language Supporting the Court's Decision.

1.    The plain language of the '381 patent's independent claims makes it clear that no particular order is required.  The claims refer merely to an "ordered list."  If Netflix had intended to require a particular order, it could and would have easily said so.  Its proposed construction is merely an after-the-fact attempt to avoid prior art.  Although the Court pointed out that the plain meaning of "ordered list" is "easily understood" (Tentative Order at 9:18-19), Netflix ignores this plain meaning in its Critique.

2.    Numerous dependent claims of the '381 patent demonstrate that the "ordered list" is not necessarily in order according to customer preference.  For example, dependent claims 6, 19, 29, and 39 differ from their respective independent claims (each of which requires an "ordered list") only in specifying that the order of the list is based upon customer preference.  Dependent claims 6, 19 and 29 call for a "computer-implemented method as recited in claim 1 [or 14 or 24], *further comprising determining the order of the two or more movies*

ALSCHULER
GROSSMAN
LLP

1    BLOCKBUSTER'S REPLY TO NETFLIX'S CRITIQUE
OF THE COURT'S TENTATIVE CLAIM
CONSTRUCTION ORDER C 06 2361 WHA (JCS)

*based upon one or more preferences of the customer*" (emphasis added), while dependent claim 39 calls for a "computer-implemented method as recited in claim 34, *further comprising determining the order of the two or more movies indicated by the movie rental queue based upon preferences of the customer*" (emphasis added). All four of these claims would be utterly meaningless under the construction proposed by Netflix. The Court clearly explained this point with respect to claim 39 (*see* Tentative Order at 4:18-25), but Netflix's Critique ignores that claim as well as claims 6, 19 and 29.

        3.      Multiple claims of the '450 patent refer to a "desired order." (*See* '450 Pat., claims 4, 5, 19, 20.) As the Critique implicitly admits, Netflix is conflating that distinct claim term with "ordered list," and its construction would effectively substitute "desired order" for "ordered list" in the independent claims of the '381 patent. (*See* Netflix's Critique at 2:11-13.) Netflix makes a fallacious argument founded on the desirability of distinguishing between the claim terms "in" and "based upon," while ignoring that its construction would obliterate the far more pertinent distinction between "ordered list" and "desired order." (*See id*. at 2:17-23; *see also* § III 4, *infra*.)

### B. <ins>The Specification Supports the Court's Decision.</ins>

        1.      The specifications of the '381 and '450 patents make it clear that ordering movies by customer preference is ***not*** required to practice the purported inventions. In both of the two passages referring to order by customer preference, the specifications refer to such ordering as an optional additional feature by using the words "***may also***." ('381 Pat., col. 7:27-28, col. 8:34-35 (emphasis added).) Netflix's Critique ignores this optional language.

        2.      Even Netflix admits that the subject patents teach and claim ways of practicing the patents that would ***not*** order items according customer preference. (*See* Netflix's Claim Construction Reply Brief at 5:14-24.) As the Court has pointed out (*see* Tentative Order at 11:1-10), the specifications describe automatic selection of movies – which would ***not*** be in order according to customer preference. ('381 pat., col. 7:17-27.) Netflix's Critique ignores this point.

ALSCHULER
GROSSMAN
LLP

2    BLOCKBUSTER'S REPLY TO NETFLIX'S CRITIQUE
OF THE COURT'S TENTATIVE CLAIM
CONSTRUCTION ORDER C 06 2361 WHA (JCS)

## III  NETFLIX'S CRITICISMS OF THE COURT'S CONSTRUCTION ARE NOT PERSUASIVE.

None of Netflix's criticisms of the Tentative Order is persuasive. Netflix's arguments do not remotely begin to overcome the abundant evidence recited above.

1. The Court cited *two* dependent claims of the '381 patent – claims 38 and 39 – as supporting its conclusion that an "ordered list" does not necessarily have to be in order according to customer preference. (*See* Tentative Order at 3:26-5:6.) Netflix argues that claim 38 addresses the movies selected for the ordered list, rather than the order of the list. (Netflix's Critique at 1:26-27.) Netflix ignores claim 39, as well as claims 6, 19, and 29, which differ from their respective independent claims only in providing that the "ordered list" of those independent claims is in order according to customer preference. Netflix's silence about claim 39 resoundingly proclaims its inability to reconcile its proposed construction with that claim or with the three other, similar claims.

2. Netflix argues that the word "ordered" in "ordered list" would be "surplusage" unless "ordered" is read to require order according to customer preference. (Netflix's Critique at 1:17-18.) Even if this were correct, Netflix cites no authority indicating that avoidance of a single surplus word would justify reading-in nonexistent limitations, conflating plainly different claim terms ("ordered list" and "desired order"), and making nonsense of multiple dependent claims. Further, Netflix fails to consider other explanations for the use of the word "ordered." These include that the claim drafter was attempting to provide an "antecedent basis" for the claims' later references to selection of movies "based upon the *order* of the list" (emphasis added). In the absence of such an antecedent basis, a patent examiner might have regarded a reference to the list's previously unstated "order" as justifying a rejection for indefiniteness. *See* Manual of Patent Examining Procedure § 2173.05(e), *Lack of Antecedent Basis* ("A claim is indefinite when it contains words or phrases whose meaning is unclear. The lack of clarity could arise where a claim refers to 'said lever' or 'the lever,' where the claim contains no earlier recitation or limitation of a lever and where it would be unclear as to what element the limitation was making reference.").

ALSCHULER
GROSSMAN
LLP

3    BLOCKBUSTER'S REPLY TO NETFLIX'S CRITIQUE
OF THE COURT'S TENTATIVE CLAIM
CONSTRUCTION ORDER C 06 2361 WHA (JCS)

3.  Netflix argues that, unless "ordered list" is construed to exclude a "default" order, the Court's construction "arguably erases the distinction between the ordered list and the queue." (Netflix's Critique at 1:8-12.) Netflix apparently misinterprets the Court's Tentative Order, which does not say that the "queue" must be in a default order. Instead, the "'queue' may, but does not have to be, [in] the exact order specified by the customer." (Tentative Order at 4:18; *see id.* at 5:8-13.) Accordingly, Netflix's objection about "arguably eras[ing] the distinction between the ordered list and the queue" applies to its own proposed construction as much if not more than it does to the Court's. Further, Netflix's objection is baseless in view of the claims' open-ended reference to a "queue . . . *comprising* an ordered list" (emphasis added). This wording does not exclude the possibility that the queue and the ordered list might be identical – it merely avoids imposing a requirement that they be so. (*See id.* at 4:14-16 ("The word 'comprising' indicates that the ordered list must be part of the queue, but the queue *may* include other things as well." (emphasis added)).)

4.  Netflix mistakenly argues that the Court's construction would eliminate any reason to distinguishing between "in" and "based upon" in the claims. (*See* Netflix's Critique at 2:17-23.) Netflix is wrong because "in" and "based upon" refer – not to the *order* f the list – but to the manner in which items are *selected from* the list. Regardless of how the Court construes "ordered list," it can draw a separate distinction between always selecting Item #1 from the list and sometimes passing over Item #1 to select later items.

5.  Finally, Netflix advances a new fall-back proposal that an "ordered list" should be required to be "at least in part" in the customer's desired order. (Netflix's Critique at 2:28-3:2.) There is no more basis for reading-in such a watered-down limitation than for reading-in the one originally proposed by Netflix. Both are unsupported and contrary to all of the evidence set forth above.

DATED: February 14, 2007    ALSCHULER GROSSMAN LLP

By _____/S/_____
William J. O'Brien
Attorneys for Defendant and Counterclaimant,
Blockbuster Inc.