# EXHIBIT B
# (Part 2 of 3)

Dockets.Justia.com

1  documents sufficient to reasonably describe the development of Blockbuster Online
2  and will produce such documents so located that have not already been produced in
3  this case.
4  **REQUEST FOR PRODUCTION NO. 32:**
5        DOCUMENTS sufficient to describe fully the corporate organization
6  of BLOCKBUSTER and each of its divisions, subdivisions, units, subsidiaries or
7  affiliates, including but not limited to organizational charts, personnel directories,
8  telephone directories, and electronic mail user and address lists.
9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**
10        Each of Blockbuster's General Objections is incorporated here by
11  reference.  Blockbuster specifically objects to this request to the extent it seeks
12  documents that are protected by the attorney-client privilege, the attorney work-
13  product doctrine, or any other applicable privilege or immunity and to the extent
14  that it seeks documents that are confidential or proprietary.  Blockbuster further
15  specifically objects to this request on the grounds that it is vague, ambiguous,
16  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor
17  calculated to lead to the discovery of admissible evidence in this case, and is
18  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.
19  The bases for these objections include, without limitation, this request's use of the
20  term "BLOCKBUSTERONLINE."
21        Subject to and without waiving the foregoing objections, Blockbuster
22  will conduct a reasonable and diligent search for non-privileged, non-work-product
23  documents sufficient to reasonably describe the corporate organization of
24  Blockbuster Inc. since 2004 and will produce such documents so located that have
25  not already been produced in this case.
26  **REQUEST FOR PRODUCTION NO. 33:**
27        DOCUMENTS sufficient to identify each and every BLOCKBUSTER
28  officer, manager, director, agent, and employee who had responsibility for, or who

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

30

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1   was assigned to implement, the design, research, development, testing, and

2   operation of BLOCKBUSTERONLINE.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

4           Each of Blockbuster's General Objections is incorporated here by

5   reference. Blockbuster specifically objects to this request to the extent it seeks

6   documents that are protected by the attorney-client privilege, the attorney work-

7   product doctrine, or any other applicable privilege or immunity and to the extent

8   that it seeks documents that are confidential or proprietary. Blockbuster further

9   specifically objects to this request on the grounds that it is vague, ambiguous,

10  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

11  calculated to lead to the discovery of admissible evidence in this case, and is

12  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

13  The bases for these objections include, without limitation, this request's use of the

14  terms "BLOCKBUSTER" and "BLOCKBUSTERONLINE."

15          Subject to and without waiving the foregoing objections, Blockbuster

16  will conduct a reasonable and diligent search for non-privileged, non-work-product

17  documents sufficient to reasonably identify employees of Blockbuster Online and

18  will produce such documents so located that have not already been produced in this

19  case.

20  **REQUEST FOR PRODUCTION NO. 34:**

21          All DOCUMENTS RELATING TO agreements between

22  BLOCKBUSTER and any consultant, including but not limited to ACCENTURE,

23  IBM, and David Perkovich, to provide consultation services or products to

24  BLOCKBUSTER relating to the development or operation of

25  BLOCKBUSTERONLINE.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

27          Each of Blockbuster's General Objections is incorporated here by

28  reference. Blockbuster specifically objects to this request to the extent it seeks

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

31

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1   documents that are protected by the attorney-client privilege, the attorney work-
2   product doctrine, or any other applicable privilege or immunity and to the extent
3   that it seeks documents that are confidential or proprietary. Blockbuster further
4   specifically objects to this request on the grounds that it is vague, ambiguous,
5   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor
6   calculated to lead to the discovery of admissible evidence in this case, and is
7   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.
8   The bases for these objections include, without limitation, this request's use of the
9   terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "ACCENTURE,"
10  "IBM," and "RELATING TO."

11          Subject to and without waiving the foregoing objections, Blockbuster
12  will conduct a reasonable and diligent search for non-privileged, non-work-product
13  documents sufficient to reasonably describe any agreements by Blockbuster Inc. for
14  consulting services provided by Accenture, IBM, and David Perkovich for
15  Blockbuster Online and will produce such documents so located that have not
16  already been produced in this case.

17  **REQUEST FOR PRODUCTION NO. 35:**

18          All DOCUMENTS exchanged between BLOCKBUSTER and any
19  consultant, including but not limited to ACCENTURE, IBM, and David Perkovich,
20  in connection with any agreement to provide consulting services or products to
21  BLOCKBUSTER relating to the development or operation of
22  BLOCKBUSTERONLINE.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

24          Each of Blockbuster's General Objections is incorporated here by
25  reference. Blockbuster specifically objects to this request to the extent it seeks
26  documents that are protected by the attorney-client privilege, the attorney work-
27  product doctrine, or any other applicable privilege or immunity and to the extent
28  that it seeks documents that are confidential or proprietary. Blockbuster further

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

32

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    specifically objects to this request on the grounds that it is vague, ambiguous,

2    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

3    calculated to lead to the discovery of admissible evidence in this case, and is

4    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

5    The bases for these objections include, without limitation, this request's use of the

6    terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "ACCENTURE," and

7    "IBM."

8           Subject to and without waiving the foregoing objections, Blockbuster

9    will conduct a reasonable and diligent search for non-privileged, non-work-product

10   documents sufficient to reasonably describe consulting services provided by

11   Accenture, IBM, and David Perkovich for Blockbuster Online and will produce

12   such documents so located that have not already been produced in this case.

13   **REQUEST FOR PRODUCTION NO. 36:**

14          DOCUMENTS sufficient to identify the employees, contractors, or

15   agents of any consultant, including but not limited to ACCENTURE, IBM and

16   DVDRentalCentral, who provided any information or performed any service for

17   BLOCKBUSTER in connection with the design, research, development, testing,

18   marketing, and operation of BLOCKBUSTERONLINE.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

20          Each of Blockbuster's General Objections is incorporated here by

21   reference.  Blockbuster specifically objects to this request to the extent it seeks

22   documents that are protected by the attorney-client privilege, the attorney work-

23   product doctrine, or any other applicable privilege or immunity and to the extent

24   that it seeks documents that are confidential or proprietary.  Blockbuster further

25   specifically objects to this request on the grounds that it is vague, ambiguous,

26   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

27   calculated to lead to the discovery of admissible evidence in this case, and is

28   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP                    33        BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    The bases for these objections include, without limitation, this request's use of the

2    terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "ACCENTURE," and

3    "IBM."

4            Subject to and without waiving the foregoing objections, Blockbuster

5    will conduct a reasonable and diligent search for non-privileged, non-work-product

6    reasonably identify employees of Accenture, IBM, and David Perkovich who are

7    known to Blockbuster Inc. to have had significant involvement in providing

8    consulting services for Blockbuster Online and will produce such documents so

9    located that have not already been produced in this case.

10   **REQUEST FOR PRODUCTION NO. 37:**

11           All DOCUMENTS RELATING TO the consideration by

12   BLOCKBUSTER, or by any consultant retained in connection with developing or

13   operating BLOCKBUSTERONLINE, of NETFLIX's ON-LINE rental system,

14   products, services, website, or methods.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

16           Each of Blockbuster's General Objections is incorporated here by

17   reference.  Blockbuster specifically objects to this request to the extent it seeks

18   documents that are protected by the attorney-client privilege, the attorney work-

19   product doctrine, or any other applicable privilege or immunity and to the extent

20   that it seeks documents that are confidential or proprietary.  Blockbuster further

21   specifically objects to this request on the grounds that it is vague, ambiguous,

22   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

23   calculated to lead to the discovery of admissible evidence in this case, and is

24   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

25   The bases for these objections include, without limitation, this request's use of the

26   terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "NETFLIX," and "ON-

27   LINE."

28           Subject to and without waiving the foregoing objections, Blockbuster

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

34

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  will conduct a reasonable and diligent search for non-privileged, non-work-product

2  documents discussing consideration of Netflix in connection with developing or

3  operating Blockbuster Online and will produce such documents so located that have

4  not already been produced in this case.

5  **REQUEST FOR PRODUCTION NO. 38:**

6          All DOCUMENTS RELATING TO the consideration by

7  BLOCKBUSTER, or by any consultant retained in connection with developing or

8  operating BLOCKBUSTERONLINE, of any NETFLIX patents or patent

9  applications.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

11         Each of Blockbuster's General Objections is incorporated here by

12 reference. Blockbuster specifically objects to this request to the extent it seeks

13 documents that are protected by the attorney-client privilege, the attorney work-

14 product doctrine, or any other applicable privilege or immunity and to the extent

15 that it seeks documents that are confidential or proprietary. Blockbuster further

16 specifically objects to this request on the grounds that it is vague, ambiguous,

17 overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

18 calculated to lead to the discovery of admissible evidence in this case, and is

19 beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

20 The bases for these objections include, without limitation, this request's use of the

21 terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," and "NETFLIX."

22         Subject to and without waiving the foregoing objections, Blockbuster

23 will conduct a reasonable and diligent search for non-privileged, non-work-product

24 documents discussing consideration of Netflix patents or patent applications in

25 connection with developing or operating Blockbuster Online and will produce such

26 documents so located that have not already been produced in this case.

27 **REQUEST FOR PRODUCTION NO. 39:**

28         DOCUMENTS sufficient to show when BLOCKBUSTER, or any

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

35

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  consultant retained by BLOCKBUSTER in connection with

2  BLOCKBUSTERONLINE, first became aware of each of the PATENTS-IN-SUIT.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

4        Each of Blockbuster's General Objections is incorporated here by

5  reference. Blockbuster specifically objects to this request to the extent it seeks

6  documents that are protected by the attorney-client privilege, the attorney work-

7  product doctrine, or any other applicable privilege or immunity and to the extent

8  that it seeks documents that are confidential or proprietary. Blockbuster further

9  specifically objects to this request on the grounds that it is vague, ambiguous,

10  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

11  calculated to lead to the discovery of admissible evidence in this case, and is

12  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

13  The bases for these objections include, without limitation, this request's use of the

14  terms "BLOCKBUSTER" and "BLOCKBUSTERONLINE."

15        Subject to and without waiving the foregoing objections, Blockbuster

16  will conduct a reasonable and diligent search for non-privileged, non-work-product

17  documents sufficient to reasonably show when Blockbuster Inc. became aware of

18  the patents-in-suit and will produce such documents so located that have not

19  already been produced in this case.

20  **REQUEST FOR PRODUCTION NO. 40:**

21        All DOCUMENTS RELATING TO the patentability of any claim of

22  the PATENTS-IN-SUIT including without limitation, any study, analysis, review,

23  conclusions, or opinions, whether written or oral.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

25        Each of Blockbuster's General Objections is incorporated here by

26  reference. Blockbuster specifically objects to this request to the extent it seeks

27  documents that are protected by the attorney-client privilege, the attorney work-

28  product doctrine, or any other applicable privilege or immunity and to the extent

1  that it seeks documents that are confidential or proprietary.  Blockbuster further

2  specifically objects to this request on the grounds that it is vague, ambiguous,

3  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

4  calculated to lead to the discovery of admissible evidence in this case, and is

5  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure,

6  the Patent Local Rules, and the Court's Scheduling Order at this time.  The bases

7  for these objections include, without limitation, this request's use of the term

8  "RELATING TO."

9          Subject to and without waiving the foregoing objections, Blockbuster

10  will conduct a reasonable and diligent search for non-privileged, non-work-product

11  documents providing evidence whether claims of the patents-in-suit were or are

12  patentable and will produce such documents so located that have not already been

13  produced in this case.

14  **REQUEST FOR PRODUCTION NO. 41:**

15          All DOCUMENTS RELATING TO the validity or invalidity of any

16  claim of the PATENTS-IN-SUIT, including without limitation, any study, analysis,

17  review, conclusions, research, investigation, or opinions, whether written or oral.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

19          Each of Blockbuster's General Objections is incorporated here by

20  reference.  Blockbuster specifically objects to this request to the extent it seeks

21  documents that are protected by the attorney-client privilege, the attorney work-

22  product doctrine, or any other applicable privilege or immunity and to the extent

23  that it seeks documents that are confidential or proprietary.  Blockbuster further

24  specifically objects to this request on the grounds that it is vague, ambiguous,

25  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

26  calculated to lead to the discovery of admissible evidence in this case, and is

27  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure,

28  the Patent Local Rules, and the Court's Scheduling Order at this time.  The bases

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

37

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  for these objections include, without limitation, this request's use of the term
2  "RELATING TO."

3         Subject to and without waiving the foregoing objections, Blockbuster
4  will conduct a reasonable and diligent search for non-privileged, non-work-product
5  documents providing evidence whether claims of the patents-in-suit were or are
6  valid and will produce such documents so located that have not already been
7  produced in this case.

8  **REQUEST FOR PRODUCTION NO. 42:**

9         All DOCUMENTS RELATING TO the novelty or lack thereof of any
10 claim of the PATENTS-IN-SUIT, including without limitation, any study, analysis,
11 review, conclusions, research, investigation, or options, whether written or oral.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

13        Each of Blockbuster's General Objections is incorporated here by
14 reference.  Blockbuster specifically objects to this request to the extent it seeks
15 documents that are protected by the attorney-client privilege, the attorney work-
16 product doctrine, or any other applicable privilege or immunity and to the extent
17 that it seeks documents that are confidential or proprietary.  Blockbuster further
18 specifically objects to this request on the grounds that it is vague, ambiguous,
19 overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor
20 calculated to lead to the discovery of admissible evidence in this case, and is
21 beyond the scope of discovery permitted by the Federal Rules of Civil Procedure,
22 the Patent Local Rules, and the Court's Scheduling Order at this time.  The bases
23 for these objections include, without limitation, this request's use of the term
24 "RELATING TO."

25        Subject to and without waiving the foregoing objections, Blockbuster
26 will conduct a reasonable and diligent search for non-privileged, non-work-product
27 documents providing evidence whether claims of the patents-in-suit were novel and
28 will produce such documents so located that have not already been produced in this

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

38

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    case.

2    **REQUEST FOR PRODUCTION NO. 43:**

3        All DOCUMENTS RELATING TO the obviousness or non-

4    obviousness of any claim of the PATENTS-IN-SUIT, including without limitation,

5    any study, analysis, review, conclusions, research, investigation, or opinions,

6    whether written or oral.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

8        Each of Blockbuster's General Objections is incorporated here by

9    reference. Blockbuster specifically objects to this request to the extent it seeks

10   documents that are protected by the attorney-client privilege, the attorney work-

11   product doctrine, or any other applicable privilege or immunity and to the extent

12   that it seeks documents that are confidential or proprietary. Blockbuster further

13   specifically objects to this request on the grounds that it is vague, ambiguous,

14   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

15   calculated to lead to the discovery of admissible evidence in this case, and is

16   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure,

17   the Patent Local Rules, and the Court's Scheduling Order at this time. The bases

18   for these objections include, without limitation, this request's use of the term

19   "RELATING TO."

20       Subject to and without waiving the foregoing objections, Blockbuster

21   will conduct a reasonable and diligent search for non-privileged, non-work-product

22   documents providing evidence whether claims of the patents-in-suit were obvious

23   and will produce such documents so located that have not already been produced in

24   this case.

25   **REQUEST FOR PRODUCTION NO. 44:**

26       All DOCUMENTS RELATING TO the enforceability or non-

27   enforceability of any claim of the PATENTS-IN-SUIT, including without

28   limitation, any study, analysis, review, conclusions, research, investigation, or

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

39

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1   opinions, whether written or oral.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

3               Each of Blockbuster's General Objections is incorporated here by

4   reference.  Blockbuster specifically objects to this request to the extent it seeks

5   documents that are protected by the attorney-client privilege, the attorney work-

6   product doctrine, or any other applicable privilege or immunity and to the extent

7   that it seeks documents that are confidential or proprietary.  Blockbuster further

8   specifically objects to this request on the grounds that it is vague, ambiguous,

9   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

10  calculated to lead to the discovery of admissible evidence in this case, and is

11  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure,

12  the Patent Local Rules, and the Court's Scheduling Order at this time.  The bases

13  for these objections include, without limitation, this request's use of the term

14  "RELATING TO."

15              Subject to and without waiving the foregoing objections, Blockbuster

16  will conduct a reasonable and diligent search for non-privileged, non-work-product

17  documents providing evidence whether claims of the patents-in-suit were or are

18  enforceable and will produce such documents so located that have not already been

19  produced in this case.

20  **REQUEST FOR PRODUCTION NO. 45:**

21              All DOCUMENTS RELATING TO actual or potential infringement

22  or non-infringement of any claim of the PATENTS-IN-SUIT by

23  BLOCKBUSTERONLINE, including without limitation, any study, analysis,

24  review, conclusions, research, investigation or opinions, whether written or oral.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

26              Each of Blockbuster's General Objections is incorporated here by

27  reference.  Blockbuster specifically objects to this request to the extent it seeks

28  documents that are protected by the attorney-client privilege, the attorney work-

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

40

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1   product doctrine, or any other applicable privilege or immunity and to the extent

2   that it seeks documents that are confidential or proprietary.  Blockbuster further

3   specifically objects to this request on the grounds that it is vague, ambiguous,

4   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

5   calculated to lead to the discovery of admissible evidence in this case, and is

6   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure,

7   the Patent Local Rules, and the Court's Scheduling Order at this time.  The bases

8   for these objections include, without limitation, this request's use of the terms

9   "BLOCKBUSTERONLINE" and "RELATING TO."

10       Subject to and without waiving the foregoing objections, Blockbuster

11  will conduct a reasonable and diligent search for non-privileged, non-work-product

12  documents discussing infringement or non-infringement of the patents-in-suit and

13  will produce such documents so located that have not already been produced in this

14  case.

15  **REQUEST FOR PRODUCTION NO. 46:**

16       All DOCUMENTS RELATING TO any opinion of legal counsel with

17  respect to infringement, non-infringement, validity, invalidity, enforceability,

18  interpretation or scope of any claim of the PATENTS-IN-SUIT, including without

19  limitation any oral or written options or advice.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

21       Each of Blockbuster's General Objections is incorporated here by

22  reference.  Blockbuster specifically objects to this request to the extent it seeks

23  documents that are protected by the attorney-client privilege, the attorney work-

24  product doctrine, or any other applicable privilege or immunity and to the extent

25  that it seeks documents that are confidential or proprietary.  Blockbuster further

26  specifically objects to this request on the grounds that it is vague, ambiguous,

27  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

28  calculated to lead to the discovery of admissible evidence in this case, and is

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

41

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure,

2    the Patent Local Rules, and the Court's Scheduling Order at this time. The bases

3    for these objections include, without limitation, this request's use of the term

4    "RELATING TO."

5          Subject to and without waiving the foregoing objections, Blockbuster

6    will produce any requested documents only at the time provided in the Court's

7    scheduling order.

8    **REQUEST FOR PRODUCTION NO. 47:**

9          All DOCUMENTS RELATING TO any COMMUNICATION

10    between BLOCKBUSTER, or anyone acting on its behalf, and any other third party

11    about the patentability, validity, enforceability, scope, or infringement by

12    BLOCKBUSTERONLINE of any claim of the PATENTS-IN-SUIT.

13    **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

14          Each of Blockbuster's General Objections is incorporated here by

15    reference. Blockbuster specifically objects to this request to the extent it seeks

16    documents that are protected by the attorney-client privilege, the attorney work-

17    product doctrine, or any other applicable privilege or immunity and to the extent

18    that it seeks documents that are confidential or proprietary. Blockbuster further

19    specifically objects to this request on the grounds that it is vague, ambiguous,

20    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

21    calculated to lead to the discovery of admissible evidence in this case, and is

22    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

23    The bases for these objections include, without limitation, this request's use of the

24    terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "RELATING TO," and

25    "other third party."

26          Subject to and without waiving the foregoing objections, Blockbuster

27    will conduct a reasonable and diligent search for non-privileged, non-work-product

28    communications between Blockbuster and unrelated third parties discussing

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

42

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    patentability, validity, enforceability, scope, or infringement by Blockbuster Online

2    of the patents-in-suit and will produce such documents so located that have not

3    already been produced in this case.

4    **REQUEST FOR PRODUCTION NO. 48:**

5         All DOCUMENTS RELATING TO any COMMUNICATION, study,

6    analysis, review, conclusions, or opinions, whether written or oral, regarding any of

7    the NCR PATENTS.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

9         Each of Blockbuster's General Objections is incorporated here by

10    reference. Blockbuster specifically objects to this request to the extent it seeks

11    documents that are protected by the attorney-client privilege, the attorney work-

12    product doctrine, or any other applicable privilege or immunity and to the extent

13    that it seeks documents that are confidential or proprietary. Blockbuster further

14    specifically objects to this request on the grounds that it is vague, ambiguous,

15    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

16    calculated to lead to the discovery of admissible evidence in this case, and is

17    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

18    The bases for these objections include, without limitation, this request's use of the

19    term "RELATING TO."

20         Subject to and without waiving the foregoing objections, Blockbuster

21    will conduct a reasonable and diligent search for non-privileged, non-work-product

22    documents discussing the NCR patents and will produce such documents so located

23    that have not already been produced in this case.

24    **REQUEST FOR PRODUCTION NO. 49:**

25         All DOCUMENTS RELATING TO any COMMUNICATION, study,

26    analysis, review, conclusions, or opinions, whether written or oral, as to United

27    States Patent. No. 5,459,306, issued on October 17, 1995, entitled "Method and

28    System for Delivering On Demand, Individually Targeted Promotions."

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

43

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

2          Each of Blockbuster's General Objections is incorporated here by

3  reference.  Blockbuster specifically objects to this request to the extent it seeks

4  documents that are protected by the attorney-client privilege, the attorney work-

5  product doctrine, or any other applicable privilege or immunity and to the extent

6  that it seeks documents that are confidential or proprietary.  Blockbuster further

7  specifically objects to this request on the grounds that it is vague, ambiguous,

8  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

9  calculated to lead to the discovery of admissible evidence in this case, and is

10 beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

11 The bases for these objections include, without limitation, this request's use of the

12 term "RELATING TO."

13         Subject to and without waiving the foregoing objections, Blockbuster

14 will conduct a reasonable and diligent search for non-privileged, non-work-product

15 documents discussing the '306 patent and will produce such documents so located

16 that have not already been produced in this case.

17 **REQUEST FOR PRODUCTION NO. 50:**

18         All DOCUMENTS RELATING TO any comparison of the functions,

19 features, or characteristics of BLOCKBUSTERONLINE with any of the functions,

20 features, or characteristics of NETFLIX's system.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

22         Each of Blockbuster's General Objections is incorporated here by

23 reference.  Blockbuster specifically objects to this request to the extent it seeks

24 documents that are protected by the attorney-client privilege, the attorney work-

25 product doctrine, or any other applicable privilege or immunity and to the extent

26 that it seeks documents that are confidential or proprietary.  Blockbuster further

27 specifically objects to this request on the grounds that it is vague, ambiguous,

28 overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

44

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1   calculated to lead to the discovery of admissible evidence in this case, and is
2   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.
3   The bases for these objections include, without limitation, this request's use of the
4   terms "BLOCKBUSTERONLINE" and "RELATING TO."

5       Subject to and without waiving the foregoing objections, Blockbuster
6   will conduct a reasonable and diligent search for non-privileged, non-work-product
7   documents comparing Blockbuster Online with Netflix and will produce such
8   documents so located that have not already been produced in this case.

9   **REQUEST FOR PRODUCTION NO. 51:**

10      All DOCUMENTS RELATING to any comparison of the functions,
11  features, or characteristics of BLOCKBUSTERONLINE with any claim of the
12  PATENTS-IN-SUIT.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

14      Each of Blockbuster's General Objections is incorporated here by
15  reference. Blockbuster specifically objects to this request to the extent it seeks
16  documents that are protected by the attorney-client privilege, the attorney work-
17  product doctrine, or any other applicable privilege or immunity and to the extent
18  that it seeks documents that are confidential or proprietary. Blockbuster further
19  specifically objects to this request on the grounds that it is vague, ambiguous,
20  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor
21  calculated to lead to the discovery of admissible evidence in this case, and is
22  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.
23  The bases for these objections include, without limitation, this request's use of the
24  terms "BLOCKBUSTERONLINE," "NETFLIX," and "RELATING TO."

25      Subject to and without waiving the foregoing objections, Blockbuster
26  will conduct a reasonable and diligent search for non-privileged, non-work-product
27  documents comparing Blockbuster Online with the patents-in-suit and will produce
28  such documents so located that have not already been produced in this case.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

45

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    **REQUEST FOR PRODUCTION NO. 52:**

2    　　　　　All DOCUMENTS RELATING to any comparison of the functions,

3    features, or claims of the NCR PATENTS with any claim of the PATENTS-IN-

4    SUIT.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

6    　　　　　Each of Blockbuster's General Objections is incorporated here by

7    reference. Blockbuster specifically objects to this request to the extent it seeks

8    documents that are protected by the attorney-client privilege, the attorney work-

9    product doctrine, or any other applicable privilege or immunity and to the extent

10    that it seeks documents that are confidential or proprietary. Blockbuster further

11    specifically objects to this request on the grounds that it is vague, ambiguous,

12    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

13    calculated to lead to the discovery of admissible evidence in this case, and is

14    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

15    The bases for these objections include, without limitation, this request's use of the

16    term "RELATING TO."

17    　　　　　Subject to and without waiving the foregoing objections, Blockbuster

18    will conduct a reasonable and diligent search for non-privileged, non-work-product

19    documents comparing the NCR patents with any claims of the patents-in-suit and

20    will produce such documents so located that have not already been produced in this

21    case.

22    **REQUEST FOR PRODUCTION NO. 53:**

23    　　　　　All DOCUMENTS RELATING to any comparison of the functions,

24    features, or claims of United States Patent. No. 5,459,306, issued on October 17,

25    1995, entitled "Method and System for Delivering On Demand, Individually

26    Targeted Promotions," with any claim of the PATENTS-IN-SUIT.

27    **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

28    　　　　　Each of Blockbuster's General Objections is incorporated here by

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

46

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  reference.  Blockbuster specifically objects to this request to the extent it seeks

2  documents that are protected by the attorney-client privilege, the attorney work-

3  product doctrine, or any other applicable privilege or immunity and to the extent

4  that it seeks documents that are confidential or proprietary.  Blockbuster further

5  specifically objects to this request on the grounds that it is vague, ambiguous,

6  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

7  calculated to lead to the discovery of admissible evidence in this case, and is

8  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

9  The bases for these objections include, without limitation, this request's use of the

10  term "RELATING TO."

11           Subject to and without waiving the foregoing objections, Blockbuster

12  will conduct a reasonable and diligent search for non-privileged, non-work-product

13  documents comparing the '306 patent with any claims of the patents-in-suit and

14  will produce such documents so located that have not already been produced in this

15  case.

16  **REQUEST FOR PRODUCTION NO. 54:**

17           All DOCUMENTS RELATING TO any patent, literature or prior art

18  search conducted with respect to either of the PATENTS-IN-SUIT.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

20           Each of Blockbuster's General Objections is incorporated here by

21  reference.  Blockbuster specifically objects to this request to the extent it seeks

22  documents that are protected by the attorney-client privilege, the attorney work-

23  product doctrine, or any other applicable privilege or immunity and to the extent

24  that it seeks documents that are confidential or proprietary.  Blockbuster further

25  specifically objects to this request on the grounds that it is vague, ambiguous,

26  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

27  calculated to lead to the discovery of admissible evidence in this case, and is

28  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure,

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

47

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  the Patent Local Rules, and the Court's Scheduling Order at this time. The bases

2  for these objections include, without limitation, this request's use of the term

3  "RELATING TO."

4          Subject to and without waiving the foregoing objections, Blockbuster

5  will conduct a reasonable and diligent search for non-privileged, non-work-product

6  documents discussing searches referred to in this request and will produce such

7  documents so located that have not already been produced in this case.

8  **REQUEST FOR PRODUCTION NO. 55:**

9          All DOCUMENTS RELATING TO any COMMUNICATIONS

10  between BLOCKBUSTER and NETFLIX.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

12          Each of Blockbuster's General Objections is incorporated here by

13  reference. Blockbuster specifically objects to this request to the extent it seeks

14  documents that are protected by the attorney-client privilege, the attorney work-

15  product doctrine, or any other applicable privilege or immunity and to the extent

16  that it seeks documents that are confidential or proprietary. Blockbuster further

17  specifically objects to this request on the grounds that it is vague, ambiguous,

18  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

19  calculated to lead to the discovery of admissible evidence in this case, and is

20  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

21  The bases for these objections include, without limitation, this request's use of the

22  terms "BLOCKBUSTER," "NETFLIX," and "RELATING TO."

23          Subject to and without waiving the foregoing objections, Blockbuster

24  will conduct a reasonable and diligent search for non-privileged, non-work-product

25  documents constituting or recording communications between Blockbuster Inc. and

26  Netflix, Inc., and will produce such documents so located that have not already

27  been produced in this case.

28  ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

48

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    **REQUEST FOR PRODUCTION NO. 56:**

2         DOCUMENTS sufficient to describe fully BLOCKBUSTER's

3    electronic mail, electronic mail backup, and electronic mail deletion policies.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

5         Each of Blockbuster's General Objections is incorporated here by

6    reference. Blockbuster specifically objects to this request to the extent it seeks

7    documents that are protected by the attorney-client privilege, the attorney work-

8    product doctrine, or any other applicable privilege or immunity and to the extent

9    that it seeks documents that are confidential or proprietary. Blockbuster further

10   specifically objects to this request on the grounds that it is vague, ambiguous,

11   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

12   calculated to lead to the discovery of admissible evidence in this case, and is

13   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

14   The bases for these objections include, without limitation, this request's use of the

15   term "BLOCKBUSTER."

16        Subject to and without waiving the foregoing objections, Blockbuster

17   will conduct a reasonable and diligent search for non-privileged, non-work-product

18   documents sufficient to reasonably describe any potentially relevant email policies

19   of Blockbuster Inc. in effect between January 1, 2003 and the present and will

20   produce such documents so located that have not already been produced in this

21   case.

22   **REQUEST FOR PRODUCTION NO. 57:**

23        DOCUMENTS sufficient to describe fully each of BLOCKBUSTER's

24   document retention policies in effect between January 1, 2003 to the present.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

26        Each of Blockbuster's General Objections is incorporated here by

27   reference. Blockbuster specifically objects to this request to the extent it seeks

28   documents that are protected by the attorney-client privilege, the attorney work-

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

49

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  product doctrine, or any other applicable privilege or immunity and to the extent
2  that it seeks documents that are confidential or proprietary.  Blockbuster further
3  specifically objects to this request on the grounds that it is vague, ambiguous,
4  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor
5  calculated to lead to the discovery of admissible evidence in this case, and is
6  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.
7  The bases for these objections include, without limitation, this request's use of the
8  term "BLOCKBUSTER."

9         Subject to and without waiving the foregoing objections, Blockbuster
10  will conduct a reasonable and diligent search for non-privileged, non-work-product
11  documents sufficient to reasonably describe any potentially relevant document
12  retention policies of Blockbuster Inc. during the stated period and will produce such
13  documents so located that have not already been produced in this case.

14  **REQUEST FOR PRODUCTION NO. 58:**

15         All DOCUMENTS RELATING TO BLOCKBUSTER's expenditures
16  to develop and implement BLOCKBUSTERONLINE.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

18         Each of Blockbuster's General Objections is incorporated here by
19  reference.  Blockbuster specifically objects to this request to the extent it seeks
20  documents that are protected by the attorney-client privilege, the attorney work-
21  product doctrine, or any other applicable privilege or immunity and to the extent
22  that it seeks documents that are confidential or proprietary.  Blockbuster further
23  specifically objects to this request on the grounds that it is vague, ambiguous,
24  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor
25  calculated to lead to the discovery of admissible evidence in this case, and is
26  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.
27  The bases for these objections include, without limitation, this request's use of the
28  terms "BLOCKBUSTER," "BLOCKBUSTERONLINE,"and "RELATING TO."

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP
                              50          BLOCKBUSTER'S RESPONSES TO NETFLIX'S
                                          FIRST SET OF REQUESTS FOR PRODUCTION
                                          C 06 2361 WHA

1      Subject to and without waiving the foregoing objections, Blockbuster

2  will conduct a reasonable and diligent search for non-privileged, non-work-product

3  documents sufficient to reasonably describe expenditures to develop and implement

4  Blockbuster Online and will produce such documents so located that have not

5  already been produced in this case.

6  **REQUEST FOR PRODUCTION NO. 59:**

7      All DOCUMENTS RELATING TO BLOCKBUSTER's expenditures

8  to maintain and operate BLOCKBUSTERONLINE from launch to the present.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

10      Each of Blockbuster's General Objections is incorporated here by

11  reference.  Blockbuster specifically objects to this request to the extent it seeks

12  documents that are protected by the attorney-client privilege, the attorney work-

13  product doctrine, or any other applicable privilege or immunity and to the extent

14  that it seeks documents that are confidential or proprietary.  Blockbuster further

15  specifically objects to this request on the grounds that it is vague, ambiguous,

16  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

17  calculated to lead to the discovery of admissible evidence in this case, and is

18  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

19  The bases for these objections include, without limitation, this request's use of the

20  terms "BLOCKBUSTER," and "BLOCKBUSTERONLINE," and "RELATING

21  TO."

22      Subject to and without waiving the foregoing objections, Blockbuster

23  will conduct a reasonable and diligent search for non-privileged, non-work-product

24  documents sufficient to reasonably describe expenditures to maintain and operate

25  Blockbuster Online and will produce such documents so located that have not

26  already been produced in this case.

27  ///

28  ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

51

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1 **REQUEST FOR PRODUCTION NO. 60:**

2         All DOCUMENTS RELATING TO BLOCKBUSTER'S

3 consideration(s) of acquiring NETFLIX, including without limitation any

4 COMMUNICATION, plan, report, analysis and research.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

6         Each of Blockbuster's General Objections is incorporated here by

7 reference. Blockbuster specifically objects to this request to the extent it seeks

8 documents that are protected by the attorney-client privilege, the attorney work-

9 product doctrine, or any other applicable privilege or immunity and to the extent

10 that it seeks documents that are confidential or proprietary. Blockbuster further

11 specifically objects to this request on the grounds that it is vague, ambiguous,

12 overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

13 calculated to lead to the discovery of admissible evidence in this case, and is

14 beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

15 The bases for these objections include, without limitation, this request's use of the

16 terms "BLOCKBUSTER," and "NETFLIX," and "RELATING TO."

17         Subject to and without waiving the foregoing objections, Blockbuster

18 will conduct a reasonable and diligent search for non-privileged, non-work-product

19 documents discussing Blockbuster Inc.'s acquiring Netflix and will produce such

20 documents so located that have not already been produced in this case.

21 **REQUEST FOR PRODUCTION NO. 61:**

22         All DOCUMENTS RELATING TO any actions taken by

23 BLOCKBUSTER RELATING TO the potential acquisition of NETFLIX,

24 including without limitation any plans or financial arrangements.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

26         Each of Blockbuster's General Objections is incorporated here by

27 reference. Blockbuster specifically objects to this request to the extent it seeks

28 documents that are protected by the attorney-client privilege, the attorney work-

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

52

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  product doctrine, or any other applicable privilege or immunity and to the extent

2  that it seeks documents that are confidential or proprietary. Blockbuster further

3  specifically objects to this request on the grounds that it is vague, ambiguous,

4  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

5  calculated to lead to the discovery of admissible evidence in this case, and is

6  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

7  The bases for these objections include, without limitation, this request's use of the

8  terms "BLOCKBUSTER," "NETFLIX," and "RELATING TO."

9           Subject to and without waiving the foregoing objections, Blockbuster

10  will conduct a reasonable and diligent search for non-privileged, non-work-product

11  documents discussing actions taken by Blockbuster Inc. to acquire Netflix and will

12  produce such documents so located that have not already been produced in this

13  case.

14  **REQUEST FOR PRODUCTION NO. 62:**

15           All DOCUMENTS RELATING TO BLOCKBUSTER'S

16  consideration of selling BLOCKBUSTERONLINE to any company, including

17  without limitation any COMMUNICATION, plan, report, analysis, or research.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

19           Each of Blockbuster's General Objections is incorporated here by

20  reference. Blockbuster specifically objects to this request to the extent it seeks

21  documents that are protected by the attorney-client privilege, the attorney work-

22  product doctrine, or any other applicable privilege or immunity and to the extent

23  that it seeks documents that are confidential or proprietary. Blockbuster further

24  specifically objects to this request on the grounds that it is vague, ambiguous,

25  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

26  calculated to lead to the discovery of admissible evidence in this case, and is

27  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

28  The bases for these objections include, without limitation, this request's use of the

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

53

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," and "RELATING TO."

2  Subject to and without waiving the foregoing objections, Blockbuster

3  will conduct a reasonable and diligent search for non-privileged, non-work-product

4  documents discussing Blockbuster Inc.'s selling Blockbuster Online and will

5  produce such documents so located that have not already been produced in this

6  case.

7  **REQUEST FOR PRODUCTION NO. 63:**

8  All DOCUMENTS RELATING TO the possibility of

9  BLOCKBUSTER'S obtaining a license to any of the PATENTS-IN-SUIT from

10  NETFLIX, including without limitation any COMMUNICATION, plan, report,

11  analysis, or research.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

13  Each of Blockbuster's General Objections is incorporated here by

14  reference. Blockbuster specifically objects to this request to the extent it seeks

15  documents that are protected by the attorney-client privilege, the attorney work-

16  product doctrine, or any other applicable privilege or immunity and to the extent

17  that it seeks documents that are confidential or proprietary. Blockbuster further

18  specifically objects to this request on the grounds that it is vague, ambiguous,

19  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

20  calculated to lead to the discovery of admissible evidence in this case, and is

21  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

22  The bases for these objections include, without limitation, this request's use of the

23  terms "BLOCKBUSTER," "NETFLIX," and "RELATING TO."

24  Subject to and without waiving the foregoing objections, Blockbuster

25  will conduct a reasonable and diligent search for non-privileged, non-work-product

26  documents discussing Blockbuster Inc.'s obtaining a license to the patents-in-suit

27  from Netflix and will produce such documents so located that have not already been

28  produced in this case.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

54

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1 **REQUEST FOR PRODUCTION NO. 64:**

2         All DOCUMENTS referred to or described an Pages 72 through 77 of

3 BLOCKBUSTER's July 28, 2006 Supplemented Initial Disclosures as documents

4 that may BLOCKBUSTER may use to support its claims and defenses.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

6         Each of Blockbuster's General Objections is incorporated here by

7 reference. Subject to and without waiving the foregoing objections, Blockbuster

8 will conduct a reasonable and diligent search for non-privileged, non-work-product

9 documents as requested by this request and will produce such documents so located

10 that have not already been produced in this case.

11 **REQUEST FOR PRODUCTION NO. 65:**

12         All DOCUMENTS RELATING to the categories of damages and the

13 computation thereof described on pages 77 through 79 of BLOCKBUSTER's July

14 28, 2006 Supplemented Initial Disclosures.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

16         Each of Blockbuster's General Objections is incorporated here by

17 reference. Blockbuster specifically objects to this request to the extent it seeks

18 documents that are protected by the attorney-client privilege, the attorney work-

19 product doctrine, or any other applicable privilege or immunity and to the extent

20 that it seeks documents that are confidential or proprietary. Blockbuster further

21 specifically objects to this request on the grounds that it is vague, ambiguous,

22 overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

23 calculated to lead to the discovery of admissible evidence in this case, and is

24 beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

25 The bases for these objections include, without limitation, this request's use of the

26 term "RELATING TO."

27         Subject to and without waiving the foregoing objections, Blockbuster

28 will conduct a reasonable and diligent search for non-privileged, non-work-product

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

55

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    documents showing the damages referred to in this request and will produce such

2    documents so located that have not already been produced in this case.

3    **REQUEST FOR PRODUCTION NO. 66:**

4            All DOCUMENTS on Page 79 of BLOCKBUSTER's July 28, 2006

5    Supplemented Initial Disclosures as documents supporting Blockbuster Inc.'s

6    damages.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

8            Each of Blockbuster's General Objections is incorporated here by

9    reference. Subject to and without waiving the foregoing objections, Blockbuster

10   will conduct a reasonable and diligent search for non-privileged, non-work-product

11   documents as requested by this request and will produce such documents so located

12   that have not already been produced in this case.

13   **REQUEST FOR PRODUCTION NO. 67:**

14           All DOCUMENTS RELATING TO BLOCKBUSTER's allegation in

15   its ANSWER, ¶ 88, that "[t]he relevant product market...is the market for ON-

16   LINE DVD rentals and related subscription services," including without limitation

17   all documents that tend to support or contradict that allegation.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

19           Each of Blockbuster's General Objections is incorporated here by

20   reference. Blockbuster specifically objects to this request to the extent it seeks

21   documents that are protected by the attorney-client privilege, the attorney work-

22   product doctrine, or any other applicable privilege or immunity and to the extent

23   that it seeks documents that are confidential or proprietary. Blockbuster further

24   specifically objects to this request on the grounds that it is vague, ambiguous,

25   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

26   calculated to lead to the discovery of admissible evidence in this case, and is

27   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

28   The bases for these objections include, without limitation, this request's use of the

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

56

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    terms "ON-LINE" and "RELATING TO."

2           Subject to and without waiving the foregoing objections, Blockbuster

3    will conduct a reasonable and diligent search for non-privileged, non-work-product

4    documents sufficient to reasonably describe and support the relevant market

5    referred to in this request and will produce such documents so located that have not

6    already been produced in this case.

7    **REQUEST FOR PRODUCTION NO. 68:**

8           All DOCUMENTS RELATING TO the market(s) in which ONLINE

9    DVD rental companies such as BLOCKBUSTERONLINE and NETFLIX compete

10   or may compete, including without limitation any reports, analyses, studies, or

11   statements made by BLOCKBUSTER, or on its behalf, concerning such market(s)

12   or market definitions.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

14          Each of Blockbuster's General Objections is incorporated here by

15   reference.  Blockbuster specifically objects to this request to the extent it seeks

16   documents that are protected by the attorney-client privilege, the attorney work-

17   product doctrine, or any other applicable privilege or immunity and to the extent

18   that it seeks documents that are confidential or proprietary.  Blockbuster further

19   specifically objects to this request on the grounds that it is vague, ambiguous,

20   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

21   calculated to lead to the discovery of admissible evidence in this case, and is

22   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

23   The bases for these objections include, without limitation, this request's use of the

24   terms "BLOCKBUSTER," "NETFLIX," "ON-LINE," and "RELATING TO."

25          Subject to and without waiving the foregoing objections, Blockbuster

26   will conduct a reasonable and diligent search for non-privileged, non-work-product

27   documents sufficient to reasonably describe and support the market referred to in

28   this request and will produce such documents so located that have not already been

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

57

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1 | produced in this case.

2 | **REQUEST FOR PRODUCTION NO. 69:**

3 | All DOCUMENTS RELATING TO the identity or characteristics of

4 | actual or prospective competitors with ONLINE DVD rental companies, such as

5 | BLOCKBUSTERONLINE and NETFLIX, including without limitation any

6 | reports, analyses, studies, or statements made by BLOCKBUSTER, or on its behalf,

7 | concerning actual or prospective competition from IN-STORE rentals, new or used

8 | DVD sales, Broadband Internet, or video on demand.

9 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

10 | Each of Blockbuster's General Objections is incorporated here by

11 | reference. Blockbuster specifically objects to this request to the extent it seeks

12 | documents that are protected by the attorney-client privilege, the attorney work-

13 | product doctrine, or any other applicable privilege or immunity and to the extent

14 | that it seeks documents that are confidential or proprietary. Blockbuster further

15 | specifically objects to this request on the grounds that it is vague, ambiguous,

16 | overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

17 | calculated to lead to the discovery of admissible evidence in this case, and is

18 | beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

19 | The bases for these objections include, without limitation, this request's use of the

20 | terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "NETFLIX," "ON-

21 | LINE," and "RELATING TO."

22 | Subject to and without waiving the foregoing objections, Blockbuster

23 | will conduct a reasonable and diligent search for non-privileged, non-work-product

24 | documents sufficient to reasonably identify competitors referred to in this request

25 | and will produce such documents so located that have not already been produced in

26 | this case.

27 | **REQUEST FOR PRODUCTION NO. 70:**

28 | All DOCUMENTS RELATING TO BLOCKBUSTER's allegation in

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

58

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1   its ANSWER, ¶ 88, that "the relevant geographical market is the United States and
2   its territories as a whole," including without limitation all documents that tend to
3   support or contradict that allegation.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

5          Each of Blockbuster's General Objections is incorporated here by
6   reference. Blockbuster specifically objects to this request to the extent it seeks
7   documents that are protected by the attorney-client privilege, the attorney work-
8   product doctrine, or any other applicable privilege or immunity and to the extent
9   that it seeks documents that are confidential or proprietary. Blockbuster further
10  specifically objects to this request on the grounds that it is vague, ambiguous,
11  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor
12  calculated to lead to the discovery of admissible evidence in this case, and is
13  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.
14  The bases for these objections include, without limitation, this request's use of the
15  term "RELATING TO."

16         Subject to and without waiving the foregoing objections, Blockbuster
17  will conduct a reasonable and diligent search for non-privileged, non-work-product
18  documents sufficient to reasonably describe and support the market referred to in
19  this request and will produce such documents so located that have not already been
20  produced in this case.

21  **REQUEST FOR PRODUCTION NO. 71:**

22         All DOCUMENTS RELATING TO BLOCKBUSTER's allegation in
23  its ANSWER, ¶ 89, that "throughout the relevant time period up to and including
24  the present, Netflix has had market power in the relevant product and geographical
25  markets," including without limitation all documents that tend to support or
26  contradict that allegation.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

28         Each of Blockbuster's General Objections is incorporated here by

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

59

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA