# EXHIBIT B
# (Part 3 of 3)

Dockets.Justia.com

1  reference. Blockbuster specifically objects to this request to the extent it seeks
2  documents that are protected by the attorney-client privilege, the attorney work-
3  product doctrine, or any other applicable privilege or immunity and to the extent
4  that it seeks documents that are confidential or proprietary. Blockbuster further
5  specifically objects to this request on the grounds that it is vague, ambiguous,
6  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor
7  calculated to lead to the discovery of admissible evidence in this case, and is
8  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.
9  The bases for these objections include, without limitation, this request's use of the
10  term "RELATING TO."

11  Subject to and without waiving the foregoing objections, Blockbuster
12  will conduct a reasonable and diligent search for non-privileged, non-work-product
13  documents sufficient to reasonably describe and support the Netflix market power
14  referred to in this request and will produce such documents so located that have not
15  already been produced in this case.

16  **REQUEST FOR PRODUCTION NO. 72:**

17  All DOCUMENTS RELATING TO BLOCKBUSTER's allegation in
18  its ANSWER, ¶ 90, that "Netflix's share of the relevant product and geographical
19  markets exceed 65%," including without limitation all documents that tend to
20  support or contradict that allegation.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

22  Each of Blockbuster's General Objections is incorporated here by
23  reference. Blockbuster specifically objects to this request to the extent it seeks
24  documents that are protected by the attorney-client privilege, the attorney work-
25  product doctrine, or any other applicable privilege or immunity and to the extent
26  that it seeks documents that are confidential or proprietary. Blockbuster further
27  specifically objects to this request on the grounds that it is vague, ambiguous,
28  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

60

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1 | calculated to lead to the discovery of admissible evidence in this case, and is
2 | beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.
3 | The bases for these objections include, without limitation, this request's use of the
4 | term "RELATING TO."

5 | Subject to and without waiving the foregoing objections, Blockbuster
6 | will conduct a reasonable and diligent search for non-privileged, non-work-product
7 | documents sufficient to reasonably describe and support Netflix's market share
8 | referred to in this request and will produce such documents so located that have not
9 | already been produced in this case.

10 | **REQUEST FOR PRODUCTION NO. 73:**

11 | All DOCUMENTS RELATING TO BLOCKBUSTER's allegation in
12 | its ANSWER, ¶ 91, that "should Netflix succeed in inducing
13 | BLOCKBUSTERONLINE to exit the relevant market, Netflix would again be
14 | without significant competition in that market," including without limitation all
15 | documents that tend to support or contradict that allegation.

16 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

17 | Each of Blockbuster's General Objections is incorporated here by
18 | reference. Blockbuster specifically objects to this request to the extent it seeks
19 | documents that are protected by the attorney-client privilege, the attorney work-
20 | product doctrine, or any other applicable privilege or immunity and to the extent
21 | that it seeks documents that are confidential or proprietary. Blockbuster further
22 | specifically objects to this request on the grounds that it is vague, ambiguous,
23 | overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor
24 | calculated to lead to the discovery of admissible evidence in this case, and is
25 | beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.
26 | The bases for these objections include, without limitation, this request's use of the
27 | term "RELATING TO."

28 | Subject to and without waiving the foregoing objections, Blockbuster

1  will conduct a reasonable and diligent search for non-privileged, non-work-product

2  documents sufficient to reasonably support the allegation referred to in this request

3  and will produce such documents so located that have not already been produced in

4  this case.

5  **REQUEST FOR PRODUCTION NO. 74:**

6        All DOCUMENTS RELATING TO the identity of all companies

7  operating in the "relevant product market," as alleged by BLOCKBUSTER in its

8  ANSWER, ¶ 88.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

10        Each of Blockbuster's General Objections is incorporated here by

11  reference. Blockbuster specifically objects to this request to the extent it seeks

12  documents that are protected by the attorney-client privilege, the attorney work-

13  product doctrine, or any other applicable privilege or immunity and to the extent

14  that it seeks documents that are confidential or proprietary. Blockbuster further

15  specifically objects to this request on the grounds that it is vague, ambiguous,

16  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

17  calculated to lead to the discovery of admissible evidence in this case, and is

18  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

19  The bases for these objections include, without limitation, this request's use of the

20  term "RELATING TO."

21        Subject to and without waiving the foregoing objections, Blockbuster

22  will conduct a reasonable and diligent search for non-privileged, non-work-product

23  documents sufficient to reasonably identify competitors referred to in this request

24  and will produce such documents so located that have not already been produced in

25  this case.

26  **REQUEST FOR PRODUCTION NO. 75:**

27        All DOCUMENTS RELATING TO the market share of each company

28  operating in the "relevant product market," as alleged by BLOCKBUSTER in its

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

62

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  ANSWER ¶ 88, "throughout the relevant time period up to and including the

2  present," as alleged by BLOCKBUSTER in its ANSWER, ¶ 89.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

4         Each of Blockbuster's General Objections is incorporated here by

5  reference. Blockbuster specifically objects to this request to the extent it seeks

6  documents that are protected by the attorney-client privilege, the attorney work-

7  product doctrine, or any other applicable privilege or immunity and to the extent

8  that it seeks documents that are confidential or proprietary. Blockbuster further

9  specifically objects to this request on the grounds that it is vague, ambiguous,

10  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

11  calculated to lead to the discovery of admissible evidence in this case, and is

12  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

13  The bases for these objections include, without limitation, this request's use of the

14  term "RELATING TO."

15         Subject to and without waiving the foregoing objections, Blockbuster

16  will conduct a reasonable and diligent search for non-privileged, non-work-product

17  documents stating market shares referred to in this request and will produce such

18  documents so located that have not already been produced in this case.

19  **REQUEST FOR PRODUCTION NO. 76:**

20         All DOCUMENTS RELATING TO BLOCKBUSTER's allegations in

21  its ANSWER, ¶¶ 111-12, that Netflix "acted with the specific intent to monopolize

22  the relevant market," including without limitation all documents that tend to

23  support or contradict that allegation,

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

25         Each of Blockbuster's General Objections is incorporated here by

26  reference. Blockbuster specifically objects to this request to the extent it seeks

27  documents that are protected by the attorney-client privilege, the attorney work-

28  product doctrine, or any other applicable privilege or immunity and to the extent

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

63

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  that it seeks documents that are confidential or proprietary. Blockbuster further
2  specifically objects to this request on the grounds that it is vague, ambiguous,
3  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor
4  calculated to lead to the discovery of admissible evidence in this case, and is
5  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.
6  The bases for these objections include, without limitation, this request's use of the
7  term "RELATING TO."

8      Subject to and without waiving the foregoing objections, Blockbuster
9  will conduct a reasonable and diligent search for non-privileged, non-work-product
10  documents sufficient to reasonably support the allegation referred to in this request
11  and any documents contradicting that allegation and will produce such documents
12  so located that have not already been produced in this case.

13  **REQUEST FOR PRODUCTION NO. 77:**

14      All DOCUMENTS RELATING TO BLOCKBUSTER's allegation in
15  its ANSWER, ¶¶ 113-14, that Netflix has a dangerous probability of success of
16  monopolizing the relevant market, including without limitation all documents that
17  tend to support or contradict that allegation.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

19      Each of Blockbuster's General Objections is incorporated here by
20  reference. Blockbuster specifically objects to this request to the extent it seeks
21  documents that are protected by the attorney-client privilege, the attorney work-
22  product doctrine, or any other applicable privilege or immunity and to the extent
23  that it seeks documents that are confidential or proprietary. Blockbuster further
24  specifically objects to this request on the grounds that it is vague, ambiguous,
25  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor
26  calculated to lead to the discovery of admissible evidence in this case, and is
27  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.
28  The bases for these objections include, without limitation, this request's use of the

1  term "RELATING TO."

2         Subject to and without waiving the foregoing objections, Blockbuster

3  will conduct a reasonable and diligent search for non-privileged, non-work-product

4  documents sufficient to reasonably support the allegation referred to in this request

5  and any documents contradicting that allegation and will produce such documents

6  so located that have not already been produced in this case.

7  **REQUEST FOR PRODUCTION NO. 78:**

8         All DOCUMENTS RELATING TO actual or potential substitutes for

9  ON-LINE DVD rentals, including without limitation any analyses, reports or

10  surveys.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

12         Each of Blockbuster's General Objections is incorporated here by

13  reference.  Blockbuster specifically objects to this request to the extent it seeks

14  documents that are protected by the attorney-client privilege, the attorney work-

15  product doctrine, or any other applicable privilege or immunity and to the extent

16  that it seeks documents that are confidential or proprietary.  Blockbuster further

17  specifically objects to this request on the grounds that it is vague, ambiguous,

18  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

19  calculated to lead to the discovery of admissible evidence in this case, and is

20  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

21  The bases for these objections include, without limitation, this request's use of the

22  terms "ON-LINE" and "RELATING TO."

23         Subject to and without waiving the foregoing objections, Blockbuster

24  will conduct a reasonable and diligent search for non-privileged, non-work-product

25  documents sufficient to reasonably identify substitutes referred to in this request

26  and will produce such documents so located that have not already been produced in

27  this case.

28  ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

65

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  **REQUEST FOR PRODUCTION NO. 79:**

2  　　　All DOCUMENTS RELATING TO BLOCKBUSTER's allegation in

3  its ANSWER, ¶ 93, that "Netflix has engaged in monopolization in the relevant

4  market during the relevant time period," including without limitation all documents

5  that tend to support or contradict that allegation.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

7  　　　Each of Blockbuster's General Objections is incorporated here by

8  reference.  Blockbuster specifically objects to this request to the extent it seeks

9  documents that are protected by the attorney-client privilege, the attorney work-

10  product doctrine, or any other applicable privilege or immunity and to the extent

11  that it seeks documents that are confidential or proprietary.  Blockbuster further

12  specifically objects to this request on the grounds that it is vague, ambiguous,

13  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

14  calculated to lead to the discovery of admissible evidence in this case, and is

15  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

16  The bases for these objections include, without limitation, this request's use of the

17  term "RELATING TO."

18  　　　Subject to and without waiving the foregoing objections, Blockbuster

19  will conduct a reasonable and diligent search for non-privileged, non-work-product

20  documents sufficient to reasonably support the allegation referred to in this request

21  and any documents contradicting that allegation and will produce such documents

22  so located that have not already been produced in this case.

23  **REQUEST FOR PRODUCTION NO. 80:**

24  　　　All DOCUMENTS RELATING TO any alleged injury to competition

25  in any relevant market that BLOCKBUSTER alleges was caused by any alleged

26  antitrust violation committed by NETFLIX.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

28  　　　Each of Blockbuster's General Objections is incorporated here by

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

66

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  reference. Blockbuster specifically objects to this request to the extent it seeks
2  documents that are protected by the attorney-client privilege, the attorney work-
3  product doctrine, or any other applicable privilege or immunity and to the extent
4  that it seeks documents that are confidential or proprietary. Blockbuster further
5  specifically objects to this request on the grounds that it is vague, ambiguous,
6  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor
7  calculated to lead to the discovery of admissible evidence in this case, and is
8  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.
9  The bases for these objections include, without limitation, this request's use of the
10 terms "BLOCKBUSTER," "NETFLIX," and "RELATING TO."

11        Subject to and without waiving the foregoing objections, Blockbuster
12 will conduct a reasonable and diligent search for non-privileged, non-work-product
13 documents showing the injury to competition referred to in this request and will
14 produce such documents so located that have not already been produced in this
15 case.

16 **REQUEST FOR PRODUCTION NO. 81:**

17        All DOCUMENTS RELATING TO BLOCKBUSTER's allegation in
18 its ANSWER, ¶ 107, that "Netflix has succeeded in restraining competition in the
19 relevant market during the relevant time period," including without limitation all
20 documents that tend to support or contradict that allegation.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

22        Each of Blockbuster's General Objections is incorporated here by
23 reference. Blockbuster specifically objects to this request to the extent it seeks
24 documents that are protected by the attorney-client privilege, the attorney work-
25 product doctrine, or any other applicable privilege or immunity and to the extent
26 that it seeks documents that are confidential or proprietary. Blockbuster further
27 specifically objects to this request on the grounds that it is vague, ambiguous,
28 overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

67

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  calculated to lead to the discovery of admissible evidence in this case, and is

2  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

3  The bases for these objections include, without limitation, this request's use of the

4  term "RELATING TO."

5          Subject to and without waiving the foregoing objections, Blockbuster

6  will conduct a reasonable and diligent search for non-privileged, non-work-product

7  documents sufficient to reasonably support the allegation referred to in this request

8  and will produce such documents so located that have not already been produced in

9  this case.

10 **REQUEST FOR PRODUCTION NO. 82:**

11         All DOCUMENTS RELATING TO BLOCKBUSTER's allegation in

12 its ANSWER, ¶ 107, that NETFLIX's alleged conduct will "deter other potential

13 competitors from entering the relevant market," including without limitation all

14 documents that tend to support or contradict that allegation,.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

16         Each of Blockbuster's General Objections is incorporated here by

17 reference.  Blockbuster specifically objects to this request to the extent it seeks

18 documents that are protected by the attorney-client privilege, the attorney work-

19 product doctrine, or any other applicable privilege or immunity and to the extent

20 that it seeks documents that are confidential or proprietary.  Blockbuster further

21 specifically objects to this request on the grounds that it is vague, ambiguous,

22 overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

23 calculated to lead to the discovery of admissible evidence in this case, and is

24 beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

25 The bases for these objections include, without limitation, this request's use of the

26 terms "NETFLIX" and "RELATING TO."

27         Subject to and without waiving the foregoing objections, Blockbuster

28 will conduct a reasonable and diligent search for non-privileged, non-work-product

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP
                              68        BLOCKBUSTER'S RESPONSES TO NETFLIX'S
                                        FIRST SET OF REQUESTS FOR PRODUCTION
                                        C 06 2361 WHA

1   documents sufficient to reasonably support the allegation referred to in this request

2   and any documents contradicting that allegation and will produce such documents

3   so located that have not already been produced in this case.

4   **REQUEST FOR PRODUCTION NO. 83:**

5       All DOCUMENTS RELATING TO any damages BLOCKBUSTER

6   alleges it has suffered or will suffer as a result of any alleged antitrust violation

7   committed by NETFLIX.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

9       Each of Blockbuster's General Objections is incorporated here by

10   reference.  Blockbuster specifically objects to this request to the extent it seeks

11   documents that are protected by the attorney-client privilege, the attorney work-

12   product doctrine, or any other applicable privilege or immunity and to the extent

13   that it seeks documents that are confidential or proprietary.  Blockbuster further

14   specifically objects to this request on the grounds that it is vague, ambiguous,

15   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

16   calculated to lead to the discovery of admissible evidence in this case, and is

17   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

18   The bases for these objections include, without limitation, this request's use of the

19   terms "BLOCKBUSTER," "NETFLIX," and "RELATING TO."

20       Subject to and without waiving the foregoing objections, Blockbuster

21   will conduct a reasonable and diligent search for non-privileged, non-work-product

22   documents showing the damages referred to in this request and will produce such

23   documents so located that have not already been produced in this case.

24   **REQUEST FOR PRODUCTION NO. 84:**

25       All DOCUMENTS RELATING TO BLOCKBUSTER'S actual or

26   potential use of any method used by NETFLIX to rent DVDs to customers

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

28       Each of Blockbuster's General Objections is incorporated here by

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

69

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    reference. Blockbuster specifically objects to this request to the extent it seeks

2    documents that are protected by the attorney-client privilege, the attorney work-

3    product doctrine, or any other applicable privilege or immunity and to the extent

4    that it seeks documents that are confidential or proprietary. Blockbuster further

5    specifically objects to this request on the grounds that it is vague, ambiguous,

6    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

7    calculated to lead to the discovery of admissible evidence in this case, and is

8    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

9    The bases for these objections include, without limitation, this request's use of the

10   terms "BLOCKBUSTER," "NETFLIX," and "RELATING TO."

11           Subject to and without waiving the foregoing objections, Blockbuster

12   will conduct a reasonable and diligent search for non-privileged, non-work-product

13   documents discussing use by Blockbuster Inc. of a rental method used by Netflix

14   and will produce such documents so located that have not already been produced in

15   this case.

16   **REQUEST FOR PRODUCTION NO. 85:**

17           All DOCUMENTS RELATING TO the actual or potential effect of

18   competition from NETFLIX on BLOCKBUSTER's profits or revenues from in-

19   store rentals.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

21           Each of Blockbuster's General Objections is incorporated here by

22   reference. Blockbuster specifically objects to this request to the extent it seeks

23   documents that are protected by the attorney-client privilege, the attorney work-

24   product doctrine, or any other applicable privilege or immunity and to the extent

25   that it seeks documents that are confidential or proprietary. Blockbuster further

26   specifically objects to this request on the grounds that it is vague, ambiguous,

27   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

28   calculated to lead to the discovery of admissible evidence in this case, and is

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

70

1  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.
2  The bases for these objections include, without limitation, this request's use of the
3  terms "BLOCKBUSTER," "NETFLIX," and "RELATING TO."
4      Subject to and without waiving the foregoing objections, Blockbuster
5  will conduct a reasonable and diligent search for non-privileged, non-work-product
6  documents discussing Neflix's effect on Blockbuster's in-store-rental profits or
7  revenues and will produce such documents so located that have not already been
8  produced in this case.
9  **REQUEST FOR PRODUCTION NO. 86:**
10     All DOCUMENTS RELATING TO the actual or potential effect of
11 competition from NETFLIX on BLOCKBUSTER's profit or revenues from sales of
12 DVDs.
13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**
14     Each of Blockbuster's General Objections is incorporated here by
15 reference.  Blockbuster specifically objects to this request to the extent it seeks
16 documents that are protected by the attorney-client privilege, the attorney work-
17 product doctrine, or any other applicable privilege or immunity and to the extent
18 that it seeks documents that are confidential or proprietary.  Blockbuster further
19 specifically objects to this request on the grounds that it is vague, ambiguous,
20 overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor
21 calculated to lead to the discovery of admissible evidence in this case, and is
22 beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.
23 The bases for these objections include, without limitation, this request's use of the
24 terms "BLOCKBUSTER," "NETFLIX," and "RELATING TO."
25     Subject to and without waiving the foregoing objections, Blockbuster
26 will conduct a reasonable and diligent search for non-privileged, non-work-product
27 documents discussing an effect of Netflix on Blockbuster's profit or revenues from
28 sale of DVDs and will produce such documents so located that have not already

1    been produced in this case.

2    **REQUEST FOR PRODUCTION NO. 87:**

3    AU DOCUMENTS RELATING TO the actual or potential effect of

4    the launch of BLOCKBUSTERONLINE on BLOCKBUSTER's profits or revenues

5    from IN-STORE rentals.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

7    Each of Blockbuster's General Objections is incorporated here by

8    reference. Blockbuster specifically objects to this request to the extent it seeks

9    documents that are protected by the attorney-client privilege, the attorney work-

10    product doctrine, or any other applicable privilege or immunity and to the extent

11    that it seeks documents that are confidential or proprietary. Blockbuster further

12    specifically objects to this request on the grounds that it is vague, ambiguous,

13    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

14    calculated to lead to the discovery of admissible evidence in this case, and is

15    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

16    The bases for these objections include, without limitation, this request's use of the

17    terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," and "RELATING TO."

18    Subject to and without waiving the foregoing objections, Blockbuster

19    will conduct a reasonable and diligent search for non-privileged, non-work-product

20    documents discussing an effect of the launch of Blockbuster Online on

21    Blockbuster's profit or revenues from in-store rentals and will produce such

22    documents so located that have not already been produced in this case.

23    **REQUEST FOR PRODUCTION NO. 88:**

24    All DOCUMENTS RELATING TO the actual or potential effect of

25    raising or lowering the sale price of new or used DVDs on BLOCKBUSTER's

26    profits or revenues from IN-STORE DVD rentals.

27    **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

28    Each of Blockbuster's General Objections is incorporated here by

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

72

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    reference. Blockbuster specifically objects to this request to the extent it seeks

2    documents that are protected by the attorney-client privilege, the attorney work-

3    product doctrine, or any other applicable privilege or immunity and to the extent

4    that it seeks documents that are confidential or proprietary. Blockbuster further

5    specifically objects to this request on the grounds that it is vague, ambiguous,

6    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

7    calculated to lead to the discovery of admissible evidence in this case, and is

8    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

9    The bases for these objections include, without limitation, this request's use of the

10   terms "BLOCKBUSTER" and "RELATING TO."

11           Subject to and without waiving the foregoing objections, Blockbuster

12   will conduct a reasonable and diligent search for non-privileged, non-work-product

13   documents an effect of varied DVD sale prices on Blockbuster's profit or revenues

14   from in-store DVD rentals and will produce such documents so located that have

15   not already been produced in this case.

16   **REQUEST FOR PRODUCTION NO. 89:**

17           All DOCUMENTS RELATING TO BLOCKBUSTER's promotion in

18   its IN-STORE locations of BLOCKBUSTERONLINE.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

20           Each of Blockbuster's General Objections is incorporated here by

21   reference. Blockbuster specifically objects to this request to the extent it seeks

22   documents that are protected by the attorney-client privilege, the attorney work-

23   product doctrine, or any other applicable privilege or immunity and to the extent

24   that it seeks documents that are confidential or proprietary. Blockbuster further

25   specifically objects to this request on the grounds that it is vague, ambiguous,

26   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

27   calculated to lead to the discovery of admissible evidence in this case, and is

28   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

73

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    The bases for these objections include, without limitation, this request's use of the

2    terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," and "RELATING TO."

3            Subject to and without waiving the foregoing objections, Blockbuster

4    will conduct a reasonable and diligent search for non-privileged, non-work-product

5    documents sufficient to show such promotions and will produce such documents so

6    located that have not already been produced in this case.

7    **REQUEST FOR PRODUCTION NO. 90:**

8            All DOCUMENTS RELATING TO price competition with

9    NETFLIX.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

11           Each of Blockbuster's General Objections is incorporated here by

12   reference.  Blockbuster specifically objects to this request to the extent it seeks

13   documents that are protected by the attorney-client privilege, the attorney work-

14   product doctrine, or any other applicable privilege or immunity and to the extent

15   that it seeks documents that are confidential or proprietary.  Blockbuster further

16   specifically objects to this request on the grounds that it is vague, ambiguous,

17   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

18   calculated to lead to the discovery of admissible evidence in this case, and is

19   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

20   The bases for these objections include, without limitation, this request's use of the

21   term "RELATING TO."

22           Subject to and without waiving the foregoing objections, Blockbuster

23   will conduct a reasonable and diligent search for non-privileged, non-work-product

24   documents reasonably sufficient to show price competition with Netflix and will

25   produce such documents so located that have not already been produced in this

26   case.

27   **REQUEST FOR PRODUCTION NO. 91:**

28           All DOCUMENTS RELATING TO the actual or potential effect of

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

74

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  subscription plan prices offered, or to be offered, by BLOCKBUSTERONLINE,

2  NETFLIX, or any other ON-LINE DVD rental company, on BLOCKBUSTER's

3  profits or revenues derived from the IN-STORE DVD rentals.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

5      Each of Blockbuster's General Objections is incorporated here by

6  reference. Blockbuster specifically objects to this request to the extent it seeks

7  documents that are protected by the attorney-client privilege, the attorney work-

8  product doctrine, or any other applicable privilege or immunity and to the extent

9  that it seeks documents that are confidential or proprietary. Blockbuster further

10  specifically objects to this request on the grounds that it is vague, ambiguous,

11  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

12  calculated to lead to the discovery of admissible evidence in this case, and is

13  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

14  The bases for these objections include, without limitation, this request's use of the

15  terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "NETFLIX," "ON-

16  LINE," and "RELATING TO."

17      Subject to and without waiving the foregoing objections, Blockbuster

18  will conduct a reasonable and diligent search for non-privileged, non-work-product

19  documents discussing effects of the pricing of subscription plans offered by

20  Blockbuster or online competitors on Blockbuster's in-store-rental profits or

21  revenues and will produce such documents so located that have not already been

22  produced in this case.

23  **REQUEST FOR PRODUCTION NO. 92:**

24      All DOCUMENTS RELATING TO the actual or potential effect of

25  subscription plan prices offered, or to be offered by BLOCKBUSTERONLINE,

26  NETFLIX, or any other ON-LINE DVD rental company, on BLOCKBUSTER's

27  profits or revenues derived from the IN-STORE DVD sales.

28  **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

75

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    Each of Blockbuster's General Objections is incorporated here by

2    reference. Blockbuster specifically objects to this request to the extent it seeks

3    documents that are protected by the attorney-client privilege, the attorney work-

4    product doctrine, or any other applicable privilege or immunity and to the extent

5    that it seeks documents that are confidential or proprietary. Blockbuster further

6    specifically objects to this request on the grounds that it is vague, ambiguous,

7    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

8    calculated to lead to the discovery of admissible evidence in this case, and is

9    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

10   The bases for these objections include, without limitation, this request's use of the

11   terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "NETFLIX," "ON-

12   LINE." and "RELATING TO."

13   Subject to and without waiving the foregoing objections, Blockbuster

14   will conduct a reasonable and diligent search for non-privileged, non-work-product

15   documents discussing effects of the pricing of subscription plans offered by

16   Blockbuster or online competitors on Blockbuster's profits or revenues from in-

17   store DVD sales and will produce such documents so located that have not already

18   been produced in this case.

19   **REQUEST FOR PRODUCTION NO. 93:**

20   All DOCUMENTS RELATING TO the effect of raising or lowering

21   the sale price of new or used DVDs on BLOCKBUSTER's profits or revenues

22   derived from BLOCKBUSTERONLINE.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

24   Each of Blockbuster's General Objections is incorporated here by

25   reference. Blockbuster specifically objects to this request to the extent it seeks

26   documents that are protected by the attorney-client privilege, the attorney work-

27   product doctrine, or any other applicable privilege or immunity and to the extent

28   that it seeks documents that are confidential or proprietary. Blockbuster further

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

76

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1   specifically objects to this request on the grounds that it is vague, ambiguous,

2   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

3   calculated to lead to the discovery of admissible evidence in this case, and is

4   beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

5   The bases for these objections include, without limitation, this request's use of the

6   terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," and "RELATING TO."

7           Subject to and without waiving the foregoing objections, Blockbuster

8   will conduct a reasonable and diligent search for non-privileged, non-work-product

9   documents discussing effects of changes in DVD sale prices on Blockbuster

10  Online's profits or revenues and will produce such documents so located that have

11  not already been produced in this case.

12  **REQUEST FOR PRODUCTION NO. 94:**

13          All DOCUMENTS RELATING TO the actual or potential effect of

14  subscription plan prices offered by NETFLIX, or by any other ON-LINE DVD

15  rental company, on BLOCKBUSTER's profits or revenues derived from

16  BLOCKBUSTERONLINE.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

18          Each of Blockbuster's General Objections is incorporated here by

19  reference. Blockbuster specifically objects to this request to the extent it seeks

20  documents that are protected by the attorney-client privilege, the attorney work-

21  product doctrine, or any other applicable privilege or immunity and to the extent

22  that it seeks documents that are confidential or proprietary. Blockbuster further

23  specifically objects to this request on the grounds that it is vague, ambiguous,

24  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

25  calculated to lead to the discovery of admissible evidence in this case, and is

26  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

27  The bases for these objections include, without limitation, this request's use of the

28  terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "NETFLIX," "ON-

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP                77           BLOCKBUSTER'S RESPONSES TO NETFLIX'S
                                      FIRST SET OF REQUESTS FOR PRODUCTION
                                      C 06 2361 WHA

1  LINE," and "RELATING TO."

2  Subject to and without waiving the foregoing objections, Blockbuster

3  will conduct a reasonable and diligent search for non-privileged, non-work-product

4  documents discussing effects of changes in competitors' online subscription prices

5  on Blockbuster Online's profits or revenues and will produce such documents so

6  located that have not already been produced in this case.

7  **REQUEST FOR PRODUCTION NO. 95:**

8  All DOCUMENTS RELATING TO the actual or potential effect of

9  on-demand distribution of movies by cable television providers on

10  BLOCKBUSTER'S profits or revenues derived from IN-STORE DVD rentals.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

12  Each of Blockbuster's General Objections is incorporated here by

13  reference. Blockbuster specifically objects to this request to the extent it seeks

14  documents that are protected by the attorney-client privilege, the attorney work-

15  product doctrine, or any other applicable privilege or immunity and to the extent

16  that it seeks documents that are confidential or proprietary. Blockbuster further

17  specifically objects to this request on the grounds that it is vague, ambiguous,

18  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

19  calculated to lead to the discovery of admissible evidence in this case, and is

20  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

21  The bases for these objections include, without limitation, this request's use of the

22  terms "BLOCKBUSTER" and "RELATING TO."

23  Subject to and without waiving the foregoing objections, Blockbuster

24  will conduct a reasonable and diligent search for non-privileged, non-work-product

25  documents discussing effects of cable TV video-on-demand on Blockbuster's

26  profits or revenues from in-store DVD rentals and will produce such documents so

27  located that have not already been produced in this case.

28  ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

78

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1 | **REQUEST FOR PRODUCTION NO. 96:**

2 | All DOCUMENTS RELATING TO the effect of distribution of

3 | movies over the internet on BLOCKBUSTER's profits or revenues derived from

4 | IN-STORE DVD rentals.

5 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

6 | Each of Blockbuster's General Objections is incorporated here by

7 | reference. Blockbuster specifically objects to this request to the extent it seeks

8 | documents that are protected by the attorney-client privilege, the attorney work-

9 | product doctrine, or any other applicable privilege or immunity and to the extent

10 | that it seeks documents that are confidential or proprietary. Blockbuster further

11 | specifically objects to this request on the grounds that it is vague, ambiguous,

12 | overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

13 | calculated to lead to the discovery of admissible evidence in this case, and is

14 | beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

15 | The bases for these objections include, without limitation, this request's use of the

16 | terms "BLOCKBUSTER," "RELATING TO," and "distribution of movies over the

17 | internet."

18 | Subject to and without waiving the foregoing objections, Blockbuster

19 | will conduct a reasonable and diligent search for non-privileged, non-work-product

20 | documents discussing effects of Internet downloading or streaming of movies on

21 | Blockbuster's profits or revenues from in-store DVD rentals and will produce such

22 | documents so located that have not already been produced in this case.

23 | **REQUEST FOR PRODUCTION NO. 97:**

24 | All DOCUMENTS RELATING TO the effect of on-demand

25 | distribution of movies by cable television providers on BLOCKBUSTER's profits

26 | or revenues derived from BLOCKBUSTERONLINE.

27 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

28 | Each of Blockbuster's General Objections is incorporated here by

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

79

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1    reference. Blockbuster specifically objects to this request to the extent it seeks
2    documents that are protected by the attorney-client privilege, the attorney work-
3    product doctrine, or any other applicable privilege or immunity and to the extent
4    that it seeks documents that are confidential or proprietary. Blockbuster further
5    specifically objects to this request on the grounds that it is vague, ambiguous,
6    overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor
7    calculated to lead to the discovery of admissible evidence in this case, and is
8    beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.
9    The bases for these objections include, without limitation, this request's use of the
10   terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "RELATING TO," and
11   "distribution of movies over the internet."

12          Subject to and without waiving the foregoing objections, Blockbuster
13   will conduct a reasonable and diligent search for non-privileged, non-work-product
14   documents discussing effects of cable TV video-on-demand on Blockbuster
15   Online's profits and revenues and will produce such documents so located that have
16   not already been produced in this case.

17   **REQUEST FOR PRODUCTION NO. 98:**

18          All DOCUMENTS RELATING TO the effect of distribution of
19   movies over the internet on BLOCKBUSTER's profits or revenues derived from
20   BLOCKBUSTERONELINE.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

22          Each of Blockbuster's General Objections is incorporated here by
23   reference. Blockbuster specifically objects to this request to the extent it seeks
24   documents that are protected by the attorney-client privilege, the attorney work-
25   product doctrine, or any other applicable privilege or immunity and to the extent
26   that it seeks documents that are confidential or proprietary. Blockbuster further
27   specifically objects to this request on the grounds that it is vague, ambiguous,
28   overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

80

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  calculated to lead to the discovery of admissible evidence in this case, and is

2  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

3  The bases for these objections include, without limitation, this request's use of the

4  terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," "RELATING TO," and

5  "distribution of movies over the internet."

6          Subject to and without waiving the foregoing objections, Blockbuster

7  will conduct a reasonable and diligent search for non-privileged, non-work-product

8  documents discussing effects of Internet downloading or streaming of movies on

9  Blockbuster Online's profits or revenues and will produce such documents so

10  located that have not already been produced in this case.

11  **REQUEST FOR PRODUCTION NO. 99:**

12          All DOCUMENTS RELATING TO BLOCKBUSTER's consideration

13  of competitive threats to BLOCKBUSTER's profits or revenues derived from IN-

14  STORE rentals of DVDs.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

16          Each of Blockbuster's General Objections is incorporated here by

17  reference.  Blockbuster specifically objects to this request to the extent it seeks

18  documents that are protected by the attorney-client privilege, the attorney work-

19  product doctrine, or any other applicable privilege or immunity and to the extent

20  that it seeks documents that are confidential or proprietary.  Blockbuster further

21  specifically objects to this request on the grounds that it is vague, ambiguous,

22  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

23  calculated to lead to the discovery of admissible evidence in this case, and is

24  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

25  The bases for these objections include, without limitation, this request's use of the

26  terms "BLOCKBUSTER" and "RELATING TO."

27          Subject to and without waiving the foregoing objections, Blockbuster

28  will conduct a reasonable and diligent search for non-privileged, non-work-product

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

81

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1   documents discussing competitive threats to Blockbuster's profits or revenues from
2   in-store DVD rentals and will produce such documents so located that have not
3   already been produced in this case.

4   **REQUEST FOR PRODUCTION NO. 100:**

5           All DOCUMENTS RELATING TO BLOCKBUSTER's consideration
6   of competitive threats to BLOCKBUSTER's profits or revenues derived from
7   BLOCKBUSTERONLINE.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

9           Each of Blockbuster's General Objections is incorporated here by
10  reference. Blockbuster specifically objects to this request to the extent it seeks
11  documents that are protected by the attorney-client privilege, the attorney work-
12  product doctrine, or any other applicable privilege or immunity and to the extent
13  that it seeks documents that are confidential or proprietary. Blockbuster further
14  specifically objects to this request on the grounds that it is vague, ambiguous,
15  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor
16  calculated to lead to the discovery of admissible evidence in this case, and is
17  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.
18  The bases for these objections include, without limitation, this request's use of the
19  terms "BLOCKBUSTER," "BLOCKBUSTERONLINE," and "RELATING TO."

20          Subject to and without waiving the foregoing objections, Blockbuster
21  will conduct a reasonable and diligent search for non-privileged, non-work-product
22  documents discussing competitive threats to Blockbuster Online's profits or
23  revenues and will produce such documents so located that have not already been
24  produced in this case.

25  **REQUEST FOR PRODUCTION NO. 101:**

26          All DOCUMENTS RELATING TO each business transaction, if any,
27  that BLOCKBUSTER contends was not consummated because of this litigation.

28  ///

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

82

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

2          Each of Blockbuster's General Objections is incorporated here by

3  reference.  Blockbuster specifically objects to this request to the extent it seeks

4  documents that are protected by the attorney-client privilege, the attorney work-

5  product doctrine, or any other applicable privilege or immunity and to the extent

6  that it seeks documents that are confidential or proprietary.  Blockbuster further

7  specifically objects to this request on the grounds that it is vague, ambiguous,

8  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

9  calculated to lead to the discovery of admissible evidence in this case, and is

10  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

11  The bases for these objections include, without limitation, this request's use of the

12  terms "BLOCKBUSTER" and "RELATING TO."

13          Subject to and without waiving the foregoing objections, Blockbuster

14  will conduct a reasonable and diligent search for non-privileged, non-work-product

15  documents sufficient to reasonably describe each transaction referred to in this

16  request and will produce such documents so located that have not already been

17  produced in this case.

18  **REQUEST FOR PRODUCTION NO. 102:**

19          All DOCUMENTS RELATING TO each business transaction, if any,

20  that BLOCKBUSTER contends was not consummated because of the PATENTS-

21  IN-SUIT.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

23          Each of Blockbuster's General Objections is incorporated here by

24  reference.  Blockbuster specifically objects to this request to the extent it seeks

25  documents that are protected by the attorney-client privilege, the attorney work-

26  product doctrine, or any other applicable privilege or immunity and to the extent

27  that it seeks documents that are confidential or proprietary.  Blockbuster further

28  specifically objects to this request on the grounds that it is vague, ambiguous,

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

83

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

1  overbroad, unduly burdensome, oppressive, harassing, is not relevant to nor

2  calculated to lead to the discovery of admissible evidence in this case, and is

3  beyond the scope of discovery permitted by the Federal Rules of Civil Procedure.

4  The bases for these objections include, without limitation, this request's use of the

5  terms "BLOCKBUSTER" and "RELATING TO."

6          Subject to and without waiving the foregoing objections, Blockbuster

7  will conduct a reasonable and diligent search for non-privileged, non-work-product

8  documents sufficient to reasonably describe each transaction referred to in this

9  request and will produce such documents so located that have not already been

10  produced in this case.

11  DATED: October 2, 2006          ALSCHULER GROSSMAN STEIN & KAHAN
                                    LLP
12

13

14                                  By _____
                                    William J. O'Brien
15                                  Attorneys for Defendant and Counterclaimant,
                                    Blockbuster Inc.
16

17

18

19

20

21

22

23

24

25

26

27

28

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

84

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA

## **PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Alschuler Grossman Stein & Kahan LLP, The Water Garden, 1620 26th Street, Fourth Floor, North Tower, Santa Monica, California 90404-4060. On October 2, 2006, I served a true copy of the within documents:

BLOCKBUSTER INC.'S RESPONSE TO NETFLIX'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.
      The above transmission was reported as complete and without error. Attached hereto is a copy of the respective transmission report, which was properly issued by the transmitting facsimile machine.

☑    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Santa Monica, California, addressed as set forth below.

☐    by placing the document(s) listed above in a sealed envelope, with the overnight delivery charge prepaid, addressed as set forth below, and deposited in a box or facility regularly maintained by the overnight delivery service carrier, Federal Express.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Jeffrey R. Chanin, Esq.        Tel:   415.391.5400
Daralyn J. Durie, Esq.        Fax:  415.397.7188
Keker & Van Nest, LLP
710 Sansome Street           Attorneys for Plaintiff
San Francisco, CA 94111-1704  Netflix, Inc.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am a member of the bar of this court.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 2, 2006.

_____
William J. O'Brien

ALSCHULER
GROSSMAN
STEIN &
KAHAN LLP

85

BLOCKBUSTER'S RESPONSES TO NETFLIX'S
FIRST SET OF REQUESTS FOR PRODUCTION
C 06 2361 WHA