# EXHIBIT F

LAW OFFICES
# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

EUGENE M. PAIGE
EPAIGE@KVN.COM

January 18, 2007

**VIA FACSIMILE**

William J. O'Brien, Esq.
Alschuler Grossman LLP
1620 26th Street, 4th Floor, North Tower
Santa Monica, CA 90404-4060

    Re:   *Netflix, Inc. v. Blockbuster, Inc.*, Case No. C-06-2361 WHA

Dear Bill:

    I write to follow up on several discovery issues.

    **Blockbuster's Continued Failure to Provide Search Information.** At our meet and confer in early December, Blockbuster agreed to provide Netflix with the description of the search it had undertaken that is required by paragraph 14 of Judge Alsup's Supplemental CMC Order. It is now over a month later, and Netflix has yet to receive that required information. Please produce the information required by Judge Alsup's Supplemental CMC Order no later than next Friday, January 26.

    **Blockbuster Has Failed To Furnish Custodian Information.** Blockbuster furnished Netflix with a spreadsheet showing the custodians for each of the documents it produced (as also required by Judge Alsup's order) in conjunction with its production of November 28, 2006. However, Blockbuster failed to provide similar custodian information in connection with its December 22, 2006 production of documents. Please provide Netflix with that custodian information immediately.

    **Blockbuster's Use of Undisclosed Prior Art.** Third, Blockbuster's presentation to the Court yesterday made reference to a "Video Connection" reference purportedly dating from May of 1981. I have not been able to locate any such reference in Blockbuster's invalidity contentions. Please confirm where this piece of purported prior art is to be found in Blockbuster's invalidity contentions and production.

    **Status of Discovery Stipulation.** Finally, as we discussed following yesterday's hearing, please provide me with Blockbuster's proposed revision to the stipulation that we have

388203.01

William J. O'Brien, Esq.
January 18, 2007
Page 2

been attempting to complete for the past several weeks. It has now been nearly a week since Netflix sent its proposed revisions, and receiving a counterproposal from Blockbuster promptly will maximize the parties' chances of being able to reach a negotiated agreement on terms rather than having to resort to briefing before Judge Spero this coming Wednesday. It should go without saying that I remain available to discuss any issues that Blockbuster may have with Netflix's proposed revisions telephonically as well.

    Thank you for your attention to these matters, and please do not hesitate to contact me should you wish to discuss them further.

                            Sincerely,

                            Eugene M. Paige

388203.01