# EXHIBIT G

LAW OFFICES
# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

EUGENE M. PAIGE
EPAIGE@KVN.COM

February 6, 2007

**VIA FACSIMILE**

William J. O'Brien, Esq.
Alschuler Grossman LLP
1620 26th Street, 4th Floor, North Tower
Santa Monica, CA 90404-4060

Re:   *Netflix, Inc. v. Blockbuster, Inc.*, Case No. C-06-2361 WHA

Dear Bill:

I write to address Blockbuster's continued failure to comply with its discovery obligations.

**Blockbuster Must Produce Its Privilege Log.** Blockbuster has entirely withheld or redacted literally hundreds of pages of documents that Netflix has subpoenaed from its consultant IBM. Blockbuster has also undoubtedly withheld countless privileged documents from its own production. However, as of today, Netflix has yet to receive Blockbuster's privilege log setting forth the basis for its repeated claims of privilege. Please produce a privilege log for the many documents that Blockbuster has either withheld or redacted no later than this Friday, February 9th.

**Blockbuster Must Comply With Its Obligations Under Judge Alsup's Order.** Nearly two months ago, Blockbuster committed to produce, as expressly required by Judge Alsup's Supplemental CMC Order, a description of the search that it has undertaken in response to Netflix's requests. Netflix reiterated its request that the required information be produced in my letters of December 20 and January 18; yet Blockbuster has still failed to provide the information expressly required by Judge Alsup's Supplemental CMC Order. Netflix's concern that it be provided with the information required promptly is only heightened by the fact that the spreadsheets that Blockbuster has provided that purport to show the custodians from whom Blockbuster has collected documents do not reflect a single document being produced from the files of Mr. John Antioco, Blockbuster's Chief Executive Officer. That omission is surprising, in light of the fact that other documents produced show that the Blockbuster Online project has been considered by decisionmakers at the very highest levels of the company. Please provide the required information no later than this Friday, February 9th.

389538.01

William J. O'Brien, Esq.
February 6, 2007
Page 2


Netflix cannot allow Blockbuster to continue to withhold these items, which should have been furnished -- and which Blockbuster committed to furnish -- literally months ago, while time runs down in discovery. Accordingly, should Blockbuster fail to produce these materials promptly, it appears that Netflix will need to seek judicial assistance in either obtaining the required information or securing an order that Blockbuster has waived its ability to withhold allegedly privileged documents as a result of its failure to supply the information required to substantiate its claims of privilege.

Thank you for your attention to these matters, and please do not hesitate to contact me should you wish to discuss them further.

Sincerely,

Eugene M. Paige