# EXHIBIT H

LAW OFFICES
# KEKER & VAN NEST
LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

EUGENE M. PAIGE
EPAIGE@KVN.COM

February 13, 2007

**VIA FACSIMILE**

William J. O'Brien, Esq.
Alschuler Grossman LLP
1620 26th Street, 4th Floor, North Tower
Santa Monica, CA 90404-4060

    Re:    *Netflix, Inc. v. Blockbuster, Inc.*, Case No. C-06-2361 WHA

Dear Bill:

    I write regarding Blockbuster's document production.

    **The Dearth of Relevant Emails in Blockbuster's Production.** Despite repeated demands over the course of several months that Blockbuster comply with its express obligations under Judge Alsup's Supplemental CMC Order, Blockbuster still has not furnished the required information to Netflix. This continues to cause Netflix great concern as it reviews the documents that Blockbuster has produced, for it appears that Blockbuster has not produced its internal emails on many topics of great importance to this litigation. Concerns of this sort are precisely what Judge Alsup's Supplemental CMC Order was designed to address. Netflix therefore reiterates its demand for the immediate production of the information Blockbuster was required to provide months ago under Judge Alsup's Supplemental CMC Order. Netflix also demands confirmation that Blockbuster has in fact searched the emails of its high-level executives for relevant emails and produced those emails.

    **Blockbuster's Assertion of Work Product Protection for IBM Documents.** In the privilege logs for the IBM documents that Blockbuster has either withheld or redacted, multiple entries reflect a claim by Blockbuster that it is withholding documents on the basis of the work product immunity. Netflix does not agree that Blockbuster has a valid basis to withhold any of these documents. Without prejudice to that position, however, Netflix requests that Blockbuster provide it with information sufficient to evaluate the claim of privilege that Blockbuster has asserted in these documents. Specifically, Blockbuster has asserted the work product immunity with respect to dozens of documents dated from July through October of 2003. Please inform Netflix of the nature of the imminent litigation that Blockbuster was expecting in that 2003 time frame.

390027.01

William J. O'Brien, Esq.
February 13, 2007
Page 2

      Thank you for your attention to these matters, and please do not hesitate to contact me should you wish to discuss them further.

                              Sincerely,

                              Eugene M. Paige

390027.01