# EXHIBIT I

LAW OFFICES
# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

EUGENE M. PAIGE
EPAIGE@KVN.COM

February 16, 2007

**VIA FACSIMILE**

William J. O'Brien, Esq.
Alschuler Grossman LLP
1620 26th Street, 4th Floor, North Tower
Santa Monica, CA 90404-4060

Re:   *Netflix, Inc. v. Blockbuster, Inc.*, Case No. C-06-2361 WHA

Dear Bill:

I write, once again, regarding Blockbuster's document production.

**Blockbuster's Failure To Produce Board of Directors Minutes.** Although Blockbuster has produced presentations reflecting the fact that the Board of Directors was briefed on plans for its infringing online service in July of 2003 and May of 2004, Blockbuster has failed to produce the minutes from those Board of Directors meetings. Nor, for that matter, has Blockbuster produced a single set of minutes from any meeting of its Board of Directors. Plainly, given the sort of presentations that have been made and Blockbuster's corporate focus on launching its infringing online service, these Board minutes would contain discussion of highly relevant issues. Please produce all responsive minutes of the meetings of Blockbuster's Board of Directors immediately.

**Blockbuster's Failure To Produce (Or To Preserve) Shane Evangelist's Email.** In addition to the concerns Netflix has previously raised with Blockbuster's failure in general to produce its responsive emails, Netflix is even more troubled that Blockbuster appears to have produced only a smattering of Mr. Evangelist's email. As you know, Mr. Evangelist has been the head of the infringing Blockbuster Online service for many years. Yet Blockbuster has produced only 191 documents from his files, and very few of those are emails. That deficiency comes despite the fact that Mr. Evangelist is copied on innumerable responsive emails produced from other Blockbuster custodians, as well as on documents that Netflix has received from non-parties pursuant to subpoena. This leads to the conclusion that either Blockbuster has not performed a through search and production of Mr. Evangelist's emails, or Mr. Evangelist has been regularly destroying emails relevant to the subject matter of this litigation. Please

390173.01

William J. O'Brien, Esq.
February 16, 2007
Page 2

immediately confirm that Mr. Evangelist's email has been searched and all responsive emails have been produced.

**Blockbuster's Failure To Produce Its Document Retention Policies.** Tying in with the concerns Netflix raises with respect to Mr. Evangelist's documents, Blockbuster has apparently not yet produced its document retention and destruction policies. Netflix needs to have access to these policies to help it determine whether Blockbuster does (or should) have additional responsive documents. Netflix therefore demands their immediate production.

**Blockbuster's Failure To Produce Its Financial Documents.** Although Netflix has received some documents showing estimates and projections for financial numbers, Blockbuster does not appear to have produced its actual financials. Nor, for that matter, has Blockbuster produced documents sufficient to demonstrate the amounts it has expended in developing Blockbuster Online. All of these documents should be produced immediately.

**Blockbuster's Failure To Produce Documents Relating To Its So-Called "Total Access" Program.** Despite Blockbuster's express commitment to produce, among other things, all documents it has exchanged with its consultants regarding each version of Blockbuster Online, Netflix's review of the production reveals that Blockbuster has yet to produce a single document relating to the newest iteration of its infringing service, the so-called "Total Access" program. Netflix accordingly demands that all responsive documents relating to that version of the infringing Blockbuster Online service be produced immediately.

**Blockbuster's Provision Of Incomplete Documents.** In the instances in which Blockbuster has produced email, its document production is replete with references to documents attached to those emails that are missing from its production. *See, e.g.*, BB00138474; BB00138860; BB00138862; BB00138877; BB00246460; BB00246462; BB00246469. Netflix is entitled to complete documents, not merely incomplete documents of this sort. Please confirm immediately that Blockbuster will produce complete documents, including all attachments to documents and emails.

Blockbuster has also still failed to produce the information it is expressly required to furnish to Netflix under Judge Alsup's Supplemental CMC Order, literally months after Netflix brought that deficiency to Blockbuster's attention and demanded that it provide that information. Netflix has been greatly impeded in discovery by Blockbuster's continued refusal to disclose that required information, which has forced Netflix to ferret out what Blockbuster has done (and not done) by reviewing the documents it has produced. In light of that fact, and the fact that Blockbuster has not committed to remedying the deficiencies discussed in my previous letters, it appears that Netflix will need to seek the Court's assistance in order to secure the discovery to which it is entitled in a timely fashion. Therefore, Netflix requests that Blockbuster provide its availability to meet-and-confer on the many deficiencies that have been identified in Blockbuster's document production over the course of Netflix's review of those documents. Given the shortness of time remaining prior to the close of discovery, that meet and confer must occur next week. Accordingly, please provide the dates and times upon which Blockbuster is

390173.01

William J. O'Brien, Esq.
February 16, 2007
Page 3

available to meet and confer next week on these matters and on the matters raised in my prior letters.

    Thank you for your attention to these matters. I will call you to discuss scheduling a mutually convenient date for the meet-and-confer required by Judge Spero first thing next week.

                        Sincerely,

                        Eugene M. Paige