# EXHIBIT K

LAW OFFICES
# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

EUGENE M. PAIGE
EPAIGE@KVN.COM

February 26, 2007

**VIA FACSIMILE**

William J. O'Brien, Esq.
Alschuler Grossman LLP
1620 26th Street, 4th Floor, North Tower
Santa Monica, CA 90404-4060

    Re:    *Netflix, Inc. v. Blockbuster, Inc.*, Case No. C-06-2361 WHA

Dear Bill:

    Thank you for your letter of February 23.

    Unfortunately, that letter leaves important questions unanswered regarding the information to which Netflix is expressly entitled under Judge Alsup's Supplemental CMC Order. The fact that Blockbuster is "still attempting to confirm that all appropriate media were appropriately searched" is troubling, for Netflix had presumed -- prior to its review of Blockbuster's documents -- that Blockbuster had conducted a diligent search for responsive documents, as it had committed to in its responses to Netflix's requests for production. At this point, it is neither appropriate nor proper for Blockbuster merely to satisfy itself that an appropriate search has taken place and announce that conclusion to Netflix -- it should have satisfied itself of that long ago. Blockbuster must instead let Netflix know what it has done to fulfill its obligations under the Federal Rules and Judge Alsup's Supplemental CMC Order, and if it determines that an appropriate search has taken place, must offer some explanation for the surprising dearth of email in its production. As discovery is rapidly drawing to a close, and this issue appears to have required Daralyn and me to take the time to fly to Los Angeles for an in-person meet and confer in order to ensure that it received Blockbuster's attention at all, Netflix expects that Blockbuster will provide that explanation when it supplies the rest of the information that it has committed to furnishing today.

    Also, following up on our discussions of Blockbuster's desire to depose Reed Hastings, and without conceding that a two-day deposition is necessary or appropriate, we have found two days back-to-back upon which Mr. Hastings can be made available for deposition: March 26th and 27th. Please confirm whether Blockbuster desires to depose Mr. Hastings on those dates promptly.

390612.01

William J. O'Brien, Esq.
February 26, 2007
Page 2


      Thank you for your attention to this matter, and please do not hesitate to contact me should you wish to discuss it further.

                Sincerely,

                Eugene M. Paige

390612.01