# EXHIBIT L

# ALSCHULER GROSSMAN LLP
## ATTORNEYS AT LAW

WILLIAM J. O'BRIEN
ATTORNEY AT LAW
WOBRIEN@ALSCHULER.COM
Direct Dial: 310-255-9033
Direct Fax: 310-907-2033

OUR FILE NUMBER
12460-206704

February 26, 2007

**BY FACSIMILE**

Eugene M. Paige, Esq.
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111-1704

Re: *Netflix, Inc. v. Blockbuster, Inc.*
U.S. District Court, N.D. Cal., Case No. C-06-2361 WHA (JCS)

Dear Gene:

This is to follow up with you about various issues related to discovery.

First, Blockbuster would like to depose Reed Hastings significantly earlier than the dates of March 26 and 27 that you have proposed. I would like to discuss his schedule with you further. If these are really the first consecutive dates he can make available, we may need to select a single initial date, while making appropriate provisions in case -- as we expect -- a second date is needed.

Of the seven deponents named in the set of depositions notices that you sent me last week, only John Antioco and Shane Evangelist are currently employed by Blockbuster Inc. We are still in the process of obtaining complete information related to the schedule for their depositions.

It appears that Carlos Chavez will cooperate in arranging a deposition through our firm, but he has indicated that your noticed date of March 13, is not acceptable. Mr. Chavez has agreed to provide us with alternative dates. He lives and works in the Dallas area and will want to have his deposition taken there.

We are in the process of contacting John Polizzi, Esmeralda Morales, Stephen Colanero, and Jerry Coker about arrangements for their depositions. We will endeavor to work with you in scheduling them.

During our meeting on Wednesday, you suggested that Blockbuster provide additional information in support of the work-product claims set forth in the privilege log for documents from IBM. As I understand it, Netflix is requesting that Blockbuster provide an explanation of the nature of the actual or anticipated litigation related to each document

Eugene M Paige, Esq.
February 26, 2007
Page 2

withheld on work-product grounds. In reviewing Netflix's privilege log, I find no such disclosure with regard to the numerous documents for which Netflix has claimed work-product protection. It seems to us that, if such information is to be provided, it should be done on a reciprocal basis.

We have located additional documents that were formerly in the custody of Shane Evangelist, and we expect to produce them to you by the end of this week. We are still attempting to confirm the exact situation with regard to emails and respond further and will respond shortly on that subject.

We look forward to hearing from Netflix about other pending issues, including arrangements for the other depositions noticed by Blockbuster (including the deposition of Marc Randolph), the missing documents pointed out in my letter of December 7, and the anticipated timing of Netflix's redaction log.

Very truly yours,

William J. O'Brien

WJO:js
922533_1.DOC