LAW OFFICES
# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

EUGENE M. PAIGE
EPAIGE@KVN.COM

March 2, 2007

**VIA HAND DELIVERY**

The Honorable Joseph C. Spero
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re: Netflix, Inc. v. Blockbuster, Inc., Case No. C-06-2361 WHA

Dear Judge Spero:

### Meet-and-Confer Efforts.

On December 6, 2006, counsel for Netflix sent a letter to counsel for Blockbuster requesting that Blockbuster produce its description of the search it had undertaken in response to Netflix's document requests, as required by Paragraph 14 of Judge Alsup's Supplemental CMC Order. Blockbuster did not provide a description of its search in response to that letter. Netflix thereafter sent follow-up requests for that information in letters dated December 20, 2006; January 2, 2007; January 18, 2007; and February 6, 2007. Blockbuster responded in a letter of February 9, 2007.

On February 13, 2007, counsel for Netflix sent a letter to counsel for Blockbuster asserting, among other things, that there appeared to be a dearth of internal emails regarding issues relevant to the case in Blockbuster's production. On February 21, 2007, counsel for Netflix, Daralyn J. Durie and Eugene M. Paige, traveled to the Los Angeles offices of counsel for Blockbuster, William J. O'Brien, in order to meet and confer in person on this and other issues.

After that conference, counsel for Netflix and Blockbuster corresponded further. Blockbuster's counsel sent letters to Netflix's counsel on February 23, 2007; February 26, 2007; and February 28, 2007. Netflix's counsel responded on February 27, 2007.

The parties' respective positions regarding the issues in controversy that were discussed during the meet and confer are as follows:

390768.02

The Honorable Joseph C. Spero
March 2, 2007
Page 2

### Netflix's Positions.

As recounted above, Netflix first asked Blockbuster for information relating to its search for responsive documents in early December of 2006. Because Blockbuster did not provide its search information then (or since), Netflix was not able readily to determine whether an appropriate search had been performed by Blockbuster until it had reviewed all of the documents that Blockbuster had produced. Netflix contends that Blockbuster should be required immediately to produce the search description required by Paragraph 14 of Judge Alsup's Supplemental CMC Order. This document was due in late November, when Blockbuster made its production of documents. Netflix has been diligently seeking to have Blockbuster produce this information for nearly three months now. At the in-person conference between the parties, Blockbuster's counsel stated that the description of the search performed by Blockbuster was still being revised and finalized by a person with responsibility for the search who was also preparing for trial at the same time, and that he was unable to provide a date certain upon which it would be produced. Blockbuster's repeated rebuffing of Netflix's requests has led to the situation Netflix now confronts: it is uncertain why it appears that Blockbuster has not appropriately searched for and produced highly relevant internal emails. Netflix was not able to learn that until now, having completed its review of Blockbuster's documents, shortly before the close of discovery. Blockbuster should therefore produce the description of its search immediately, so that Netflix can ascertain whether there are other parameters of its search that must be addressed.

Netflix further contends that, in addition to producing the document describing the search it has performed, Blockbuster should be required to state to what extent the emails of its top executives have been searched and produced, and why such emails are glaringly absent from its production. The vast bulk of the emails produced by Blockbuster relate to lower-level employee and contractor comments on the minutiae of the design of its infringing Blockbuster Online service. There do not appear to be any internal emails discussing whether to launch the Blockbuster Online service; how such a service should be rolled out if so; or details of its competition with Netflix. None of the documents that were produced came from the files of Blockbuster CEO John Antioco. Only 191 documents were produced from the files of the head of the infringing Blockbuster Online service, Shane Evangelist. Of the documents produced from Mr. Evangelist's files, fewer than 100 were emails, and most of those emails dealt with a recently proposed business deal with a restaurant chain.[1] When this issue was raised at the conference between the parties, counsel for Blockbuster stated that he was under the impression that additional documents may exist that needed to be produced. Netflix requested that it be informed of the nature of the search for emails that had taken place, and whether Blockbuster's document retention and destruction policies could explain why so little relevant email had been

---

[1] Blockbuster made an additional production of documents to Netflix following the meet-and-confer, and represented that some of those documents came from Messrs. Antioco and Evangelist; however, Blockbuster has not yet produced any list of custodians for those documents from which that assertion could be verified.

produced. Counsel for Blockbuster subsequently sent correspondence to counsel for Netflix stating that Blockbuster was "still attempting to confirm that all appropriate media were appropriately searched." Blockbuster's admission there could well be additional email documents to be produced is unsurprising in light of what Netflix has observed (and not observed) in Blockbuster's production thus far.

Blockbuster should therefore be ordered to produce any emails responsive to Netflix's document requests that have not yet been produced, whether as a result of Blockbuster's search methodology or otherwise. Blockbuster should also specifically be ordered to produce any responsive emails to and from its upper-level executives, such as its CEO John Antioco and the head of its infringing Blockbuster Online service, Shane Evangelist, as the document production from those executives has been inexplicably sparse.

Fact discovery in this case is set to close on April 27, 2007. The emails that Blockbuster has thus far failed to produce concern highly relevant topics, and are likely to provide valuable information about the views of Blockbuster's high-level executives on these topics. Netflix, naturally, desires to depose these executives prior to the close of fact discovery, and to do so after having received all of the documents to which it is entitled. Netflix has tried to obtain answers about the documents that appear to be missing and Blockbuster's search for those documents short of Court intervention, but so far has received nothing but representations that Blockbuster is investigating the parameters of its own production. Given the short time now remaining in discovery, and that the depositions at which these documents must be used are now being scheduled and will soon be fast approaching, Netflix requests that Blockbuster be ordered to comply with these discovery obligations immediately.

**Blockbuster's Positions.**

Blockbuster has provided Netflix with extensive discovery and has responded in good faith to Netflix's follow-up inquiries. In response to Netflix's inquiries, Blockbuster has located a substantial number of additional documents. Some of these have already been produced. Others are being prepared for production, and Blockbuster is attempting to produce them by the end of this week.

Creation of a final and complete description of the searches conducted has been delayed by the process being a "moving target," the need to confirm information with additional personnel, personnel changes, and other factors. Blockbuster has been working diligently to complete an appropriate description document and expects to provide one within the next few days.

Blockbuster intends to continue working with Netflix to reasonably resolve all outstanding discovery issues.

390768.02

The Honorable Joseph C. Spero
March 2, 2007
Page 4

    Under these circumstances, no order from the Court will be necessary or appropriate.

    The parties appreciate the Court's assistance in resolving these issues.

Respectfully Submitted,

*/s/ Eugene M. Paige*
Eugene M. Paige
Keker & Van Nest LLP
Counsel for Plaintiff and
Counterclaim-Defendant Netflix, Inc.

*/s/ William J. O'Brien / EMP with permission*
William J. O'Brien
Alschuler Grossman LLP
Counsel for Defendant and
Counterclaim-Plaintiff Blockbuster Inc.

390768.02