1  ALSCHULER GROSSMAN LLP
   Marshall B. Grossman (No. 35958)
2  William J. O'Brien (No. 99526)
   Tony D. Chen (No. 176635)
3  Dominique N. Thomas (No. 231464)
   The Water Garden
4  1620 26th Street
   Fourth Floor, North Tower
5  Santa Monica, CA 90404-4060
   Telephone: 310-907-1000
6  Facsimile: 310-907-2000
   Email: mgrossman@alschuler.com
7         wobrien@alschuler.com
          tchen@alschuler.com
8         dthomas@alschuler.com

9  Attorneys for Defendant and Counterclaimant,
   Blockbuster Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| NETFLIX, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BLOCKBUSTER INC., a Delaware corporation, DOES 1-50,<br><br>Defendants.<br><br>AND RELATED COUNTER ACTION. | CASE NO. C 06 2361 WHA (JCS)<br><br>**BLOCKBUSTER'S MOTION TO ENLARGE TIME FOR DEPOSITION OF MARC RANDOLPH AND ANY RELATED MOTION**<br><br>Hearing Date: N/A under L.R. 6-3(d), 7-11(c)<br>Time:<br>Courtroom:<br>Judge: Hon. William H. Alsup<br>Complaint Filed: April 4, 2006 |
|---|---|

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that Defendant and Counterclaimant, Blockbuster Inc., hereby moves for an extension of the deadline under the Court's Case Management Order for the purpose of deposing Marc B. Randolph and for any motion necessary to procure his deposition. This motion is made under Civ. L. R. 6-3 and 7-11 based on this notice and motion, the declaration below in support thereof, all pleadings and papers filed herein, oral argument of counsel if a hearing is scheduled by the Court, and any other materials that may be submitted at such a hearing.

DATED: March 13, 2007          ALSCHULER GROSSMAN LLP


By          /S/
William J. O'Brien
Attorneys for Defendant and Counterclaimant,
Blockbuster Inc.


## DECLARATION IN SUPPORT OF MOTION

1. In its initial disclosures under Rule 26 of the Federal Rules of Civil Procedure, as well as in its subsequent amended initial disclosures, Netflix listed Marc B. Randolph as one of the witnesses "likely to have discoverable information that Netflix may use to support its claims or defenses . . . ." Specifically, Netflix identified Mr. Randolph as having "[i]nformation regarding U.S. Patents 6,584,450 and 7,024,381 [the patents-in-suit in this case], including information regarding research and development work relating and prosecution." (Netflix's Initial Disclosures ¶ 17; Netflix's Amended Initial Disclosures ¶ 20.) Netflix did not provide an address, telephone number or other contact information for Mr. Randolph pursuant to Rule 26, instead saying that he "may be contacted only through counsel at Keker & Van Nest LLP, 710 Sansome Street, San

1  Francisco, California 94111, (415) 391-5400."

2      2.    Mr. Randolph is one of the three named inventors on each of the
3  patents-in-suit. He was formerly chairman and president of Netflix and thereafter
4  evidently maintained a close relationship with the company, remaining on its board
5  of directors and serving as its "Executive Producer" for a number of years.

6      3.    On October 3, 2000, Mr. Randolph signed a declaration
7  submitted to the United States Patent and Trademark Office "acknowledg[ing] the
8  duty to disclose information which is known to [him] to be material to patentability
9  in accordance with Title 37, Code of Federal Regulations, Section 1.56."
10 Mr. Randolph identified himself in the declaration as a United States citizen
11 residing in Santa Cruz, California.

12     4.    This declaration was filed with the applications for both of the
13 patents-in-suit. However, Mr. Randolph and the other named inventors failed to
14 submit any prior art whatsoever to the Patent and Trademark Office during the
15 pendency of the application for Netflix's first, '450 patent. In addition, Blockbuster
16 contends that Netflix and the inventors withheld known material prior art in
17 connection with the '381 "continuation" patent.

18     5.    Mr. Randolph also signed an October 14, 2005, declaration in
19 support of the application for the '381 patent, attempting to avert rejection of claims
20 of that application by the Patent Office. The declaration indicates that it was signed
21 by Mr. Randolph at Santa Cruz, California.

22     6.    Based on Netflix's Initial Disclosures, counsel for Blockbuster
23 believed that they could and should contact Mr. Randolph only through Netflix's
24 counsel, Keker & Van Nest. On February 21, 2007, in the course of personally
25 meeting with Netflix's attorneys, I attempted to arrange for Mr. Randolph's
26 deposition in this case, presenting them with a deposition notice and subpoena
27 directed to Mr. Randolph and proposing the date of March 13 for his deposition.
28 Netflix's counsel stated at that time that they needed to ascertain Mr. Randolph's

1  whereabouts and would get back to Blockbuster about the arrangements for his
2  deposition.

3      7.    In a letter of February 26, I again requested a response from
4  Netflix about Mr. Randolph's deposition. Thereafter, Netflix's counsel advised me
5  that Mr. Randolph now lives in Italy. I inquired whether Netflix's counsel would
6  accept service of a subpoena on Mr. Randolph and was told that Netflix would find
7  out and advise me.

8      8.    In a letter of March 7, 2007, Netflix's counsel responded that
9  Mr. Randolph "has not authorized us to accept service of a subpoena." Following
10 up in a March 8, 2007, telephone call, I was advised by counsel that Mr. Randolph
11 has no plans to be in the United States for "many months" and that he "said no" to
12 authorizing them to accept service. I pointed out that Netflix's initial disclosures
13 had indicated that he could be contacted only through Netflix's counsel, and asked
14 them to seek Mr. Randolph's cooperation in appearing for a deposition in Italy.

15     9.    On the evening of March 12, 2007, Netflix's counsel sent
16 Blockbuster's counsel a fax (which did not reach me until this morning) indicating
17 that "Mr. Randolph, who is no longer with Netflix and resides abroad, has no
18 interest in sitting for a deposition."

19     10.    As a result of the foregoing, Blockbuster is unexpectedly faced
20 with the prospect of securing Mr. Randolph for a deposition in Italy but currently
21 has no address for Mr. Randolph other than the offices of Keker & Van Nest in San
22 Francisco. Blockbuster intends to move for a subpoena for Mr. Randolph's
23 deposition as a U.S. national under 28 U.S.C. § 1783(a) and arrange for service of
24 the subpoena on Mr. Randolph in accordance with the provisions of the Federal
25 Rules of Civil Procedure relating to service of process on a person in a foreign
26 country. *See* 28 U.S.C. § 1783(b); Fed. R. Civ. P. 4(f); *Klesch & Co. v. Liberty*
27 *Media Corp.*, 217 F.R.D. 517, 523 (D. Col. 2003).[1]

28 _____

[1] Alternatively, Blockbuster could seek letters rogatory – *see* Fed. R. Civ.

1   11. As a co-inventor for the patents-in-suit, Marc Randolph is expected to have unique and potentially important information relevant to this case, and Blockbuster would be seriously prejudiced by being deprived of his testimony. Mr. Randolph's testimony is likely to be particularly important on the issue of inequitable conduct, since he is one of the three co-inventors who failed to submit any prior art whatsoever during the pendancy of the application for the '450 patent despite their acknowledged disclosure obligations under 37 C.F.R. § 1.56.

12. The requested time alteration would not require any other changes in the schedule for the case. On March 12, 2007, the Court granted Netflix's motion for extension of its deadline to file discovery motions.

13. In addition to my multiple contacts with Netflix's counsel as recounted above, my colleague Dominique Thomas attempted to reach them today to obtain a stipulation, but was unsuccessful in reaching them in the time available.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 13, 2007, at Santa Monica, California.

                                                   /S/
                                     William J. O'Brien

---

P. 28(b)(3); 28 U.S.C. § 1781 – but it appears that proceeding under § 1783 will be more expeditious. Blockbuster also intends to directly contact Mr. Randolph and attempt further to secure his voluntary cooperation.