LAW OFFICES
# KEKER & VAN NEST
LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

DARALYN J. DURIE
DDURIE@KVN.COM

April 5, 2007

**VIA HAND DELIVERY**

The Honorable Joseph C. Spero
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Netflix, Inc. v. Blockbuster, Inc.*, Case No. C-06-2361 WHA (JCS)

Dear Judge Spero:

Netflix submits this letter regarding a discovery issue. We regret that this submission is unilateral, and we hope that the following adequately explains why we have been unable to present a joint submission.

**Netflix's Position:**

On February 16, 2007, Netflix sent a letter to Blockbuster noting that while Blockbuster had produced certain presentations to the Blockbuster Board of Directors regarding its online service, Blockbuster had failed to produce the minutes of those Board of Director meetings. On February 21, 2007, Daralyn J. Durie and Eugene M. Paige traveled to Los Angeles for an in-person meet and confer with Bill O'Brien at the office of Blockbuster's counsel regarding these documents. Blockbuster's counsel responded that he did not know whether the Board minutes had been produced, but would inquire.

On February 23, 2007, counsel for Blockbuster sent counsel for Netflix a letter stating that the process of gathering "responsive minutes is in progress" and that "[o]btaining them, reviewing them, and making any required redactions will take at least a few days." On March 2, 2007, counsel for Netflix wrote to counsel for Blockbuster, noting that any redaction of the Board minutes would have the effect of delaying their production and requesting confirmation that "the only redactions Blockbuster will make to these documents will be to preserve a claim of privilege."

392873.01

The Honorable Joseph C. Spero
April 5, 2007
Page 2

On March 9, 2007, Blockbuster represented during a call with the Court that it would complete its non-email production by March 12, 2007. Netflix therefore forbore from seeking intervention from the Court, believing that the issue had been put to rest.

On March 12, Blockbuster produced a privilege log containing references to Board minutes that had been redacted for privilege, but no corresponding documents bearing those Bates numbers were produced. Netflix followed up the next day, asking about the status of the Board minutes.

On March 19, 2007, Daralyn J. Durie and Eugene M. Paige again traveled to Los Angeles to meet and confer with Blockbuster and reiterate their request for the immediate production of the Board minutes. Mr. O'Brien indicated that he could not commit to a date certain by when the Board minutes would be produced. Netflix reiterated that Blockbuster should not redact its Board minutes other than to preserve a claim of privilege.

On March 26, 2007, Netflix sent Blockbuster a draft joint submission, including a section asking the Court to order production of the Board minutes. That same day, Mr. Grossman represented during a teleconference with the Court that Blockbuster would not redact documents for relevance. On March 27, Blockbuster informed Netflix that the Board minutes would be produced no later than April 2, 2007. Netflix followed up with a letter of March 28, seeking confirmation that Blockbuster would not redact its Board minutes for relevance. Blockbuster did not respond to that letter.

When Netflix finally received the Board minutes on April 2, 2007, a month and a half after it had first began pressing for their production, it was immediately apparent that the minutes had been heavily redacted. For example, in a seven page set of minutes dated January 27, 2004, half of the first page is redacted, as are the following five pages, leaving little more than a recital of the persons attending the meeting and an indication that Blockbuster discussed the future of its proposed online subscription program. The minutes for the Board meeting of April 12, 2006—just over a week after this lawsuit was filed—fare little better. Out of seven pages of text, little more than 2 half-pages of text are left unredacted. And the August 25, 2005 Board minutes, a document of twelve pages in length, have nine pages that are fully redacted, and each of the other three bear partial redactions.

On April 3, 2007, Daralyn J. Durie and Eugene M. Paige met and conferred with William J. O'Brien in person in San Francisco regarding the redactions made to those Board minutes, and reiterated the urgency of resolving this issue. The deposition of Shane Evangelist, Blockbuster's senior vice president, general manager and 30(B)(6) designee, is scheduled for Thursday and Friday, March 12th and 13th. The deposition of Edward Stead, Blockbuster's former general counsel, is scheduled for Wednesday, March 11th. The unredacted portions of the Board minutes indicate that both gentlemen were present at some Blockbuster Board meetings.

Blockbuster's redactions are improper. Leaving aside the fact that Blockbuster represented to this Court that it was not redacting documents for relevance, Blockbuster has no cause to redact its Board minutes given the stringent protective order in place in this case. The

392873.01

The Honorable Joseph C. Spero
April 5, 2007
Page 3

Court ordered that "Attorneys' Eyes Only" documents be restricted to outside counsel only. Given the stringent nature of the protections provided, Blockbuster should not be permitted to redact documents based on its unilateral view of the relevance of the information contained therein. Because Blockbuster apparently delayed production of these documents for weeks while it decided how it wished to redact them, Netflix is left seeking an order requiring their production the week before Mr. Evangelist, a key Blockbuster executive who is shown as attending several Board meeting and Mr. Stead, Blockbuster's former General Counsel, are to be deposed. Netflix needs these documents in unredacted form to use them to prepare for the depositions of Messrs. Stead and Evangelist. Accordingly, Netflix respectfully requests that Blockbuster be ordered to produce its Board minutes without redactions (save those necessary to preserve a privilege) immediately.

### Blockbuster's Position.

Blockbuster has indicated that it is unable to provide its position until next week. The recent email correspondence on this issue is attached.

Netflix appreciates the Court's assistance in resolving this issue.

Respectfully Submitted,

Daralyn J. Durie
Keker & Van Nest LLP
Counsel for Plaintiff and
Counterclaim-Defendant Netflix, Inc.

DJD/dbm
Attachment
cc: Marshall B. Grossman, Esq. (via facsimile)
William J. O'Brien, Esq. (via facsimile)

392873.01

## Daralyn Durie

**From:** Daralyn Durie
**Sent:** Wednesday, April 04, 2007 2:02 PM
**To:** 'William O'Brien'
**Cc:** Gene Paige
**Subject:** RE: Board minutes

Bill,
We need an answer on whether Blockbuster will produce unredacted copies of its board minutes, other than as to privilege and customer information that cannot be disclosed by law.
Will you?
Please respond to me, not to Gene; as you know, Gene is travelling today.
As we said yesterday, Netflix's intent generally was not to redact its board minutes, other than for privilege and to protect customer information. The information to which you have pointed below is compensation information for particular employees, redacted on grounds of personal privacy. I didn't expect those redactions to be controversial, but we are willing to unredact that information.
Regards,
Daralyn

---

**From:** William O'Brien [mailto:wobrien@alschuler.com]
**Sent:** Wednesday, April 04, 2007 1:18 PM
**To:** Daralyn Durie
**Subject:** RE: Board minutes

I'm still trying to reach Rob Walters to discuss the issue that David Hyman brought up. Rob has apparently been in continuous meetings since early this morning.

In the meantime, please take a look at the Netflix board minutes corresponding to the approximately 100 entries in Netflix's privilege log for Bates numbers in the range NFLIX0183205-185579. (Only a small fraction of these redactions are for attorney-client privilege.) Questions include:

Is Netflix willing to produce its minutes without these redactions (except those few described in the log as being for attorney-client privilege)?

If not, which is Netflix willing to forgo and which does it intend to retain?

If Netflix intends to retain some or all of its redactions, will it agree that Blockbuster may retain comparable ones?

Thanks,

BIll

**William J. O'Brien**
**Direct Dial: 310-255-9033**
**Direct Fax: 310-907-2033**
wobrien@alschuler.com

**From:** Daralyn Durie [mailto:DDurie@KVN.com]
**Sent:** Wednesday, April 04, 2007 11:46 AM
**To:** William O'Brien
**Subject:** Board minutes

Bill,
Any word on the board minutes?
Thanks,
Daralyn

---

ALSCHULER GROSSMAN LLP

ATTORNEYS AT LAW

www.alschuler.com

The Water Garden

1620 26th Street

Fourth Floor, North Tower

Santa Monica, CA 90404-4060

Tel: 310-907-1000 Fax: 310-907-2000

---

Circular 230 Disclosure. United States Treasury regulations effective June 21, 2005 require us to notify you that to the extent that this communication, or any of its attachments, contains or constitutes advice regarding any U.S. Federal tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service. If you are not the original addressee of this communication, and if any tax advice in the communication or any of its attachments is being used to promote, market, or recommend any transaction or investment to you, the Treasury regulations require us to notify you that (1) the advice was written to support the promotion or marketing of the transaction or investment, and (2) you should seek advice from an independent tax advisor regarding the transaction or investment based on your particular circumstances. If you would like additional information regarding the Circular 230 regulations, please click here: www.alschuler.com/230.pdf

---

This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any use of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately.

---

4/5/2007

## Daralyn Durie

**From:** Marshall Grossman [mgrossman@alschuler.com]
**Sent:** Wednesday, April 04, 2007 7:08 PM
**To:** Daralyn Durie
**Cc:** Gene Paige; William O'Brien
**Subject:** RE: document preservation

i dont understand the facts to be as you have stated. in any event, bill is the person with knowledge on this issue. i believe that there is time enuf to do it in a proper and reasoned fashion. our client is entitled to notice and an opportunity to be heard. demanding a response on a days notice is hardly sufficient. we have no problem with expedited resolution of this issue and trust that can be done next week. so i suggest you extend the normal professional courtesy which and allow a reasonable opportunity to respond to your motion. mg

---

**From:** Daralyn Durie [mailto:DDurie@KVN.com]
**Sent:** Wednesday, April 04, 2007 7:04 PM
**To:** Marshall Grossman
**Cc:** Gene Paige; William O'Brien
**Subject:** RE: document preservation

Marshall,
Thanks for letting us know your position on the board minutes. Bill was not able to take any position yesterday or earlier today as to whether the redactions were or were not appropriate. But I don't think that the board minutes issue can wait until the weekend -- this issue has been lingering for almost two months and, as we have explained on several occasions, we need these documents for depositions that are to take place next week. I have already sent Bill our portion of the joint letter. This should come as no suprise; as we reiterated to Bill yesterday, the issue is not particularly complicated, but it is urgent. If no one from your office can provide your position for Judge Spero in writing tomorrow, we will send him a letter tomorrow asking him to address the issue on Friday's call.
Daralyn

-----Original Message-----
**From:** Marshall Grossman [mailto:mgrossman@alschuler.com]
**Sent:** Wednesday, April 04, 2007 6:56 PM
**To:** Daralyn Durie
**Cc:** Marshall Grossman
**Subject:** RE: document preservation

thank you. not sure what you mean when you say the predicate assumption is incorrect, but i infer you dont agree with my characterization of hastings testimony. in any event, pls respond to the substance of my inquiry about the preservatin or destruction of such documents.of the inquiry concerning document preservation/destruction on the issues i described during the referred to time period.

re board minutes, i was able to catch bill. as you know he just returned from sf and now he is off on a 6am flight tomorrow. as you have previously been informed, our position is that the redactions are appropriate. bill will provide work on our portion of the letter upon his return to the office over the weekend so you will be getting it promptly. mg

---

**From:** Daralyn Durie [mailto:DDurie@KVN.com]
**Sent:** Wednesday, April 04, 2007 6:39 PM
**To:** Marshall Grossman
**Subject:** RE: document preservation

4/5/2007

The predicate assumption in your question is incorrect. We'll respond to your email soon. In the meantime, please remind Bill that he needs to get back to us on the board minutes.
Thanks,
Daralyn

-----Original Message-----
**From:** Marshall Grossman [mailto:mgrossman@alschuler.com]
**Sent:** Wednesday, April 04, 2007 6:28 PM
**To:** Daralyn Durie
**Cc:** Marshall Grossman
**Subject:** document preservation

hi...in addition to responding to my email or earlier today, i would appreciate your letting us know if at the time netflix started looking to litigation against blockbuster in 2003 it put in place any document preservation steps. if not, then what has been destroyed or deleted in the ordinary course of business. thanks for your prompt reply. mg

---

ALSCHULER GROSSMAN LLP

ATTORNEYS AT LAW

www.alschuler.com

The Water Garden

1620 26th Street

Fourth Floor, North Tower

Santa Monica, CA 90404-4060

Tel: 310-907-1000 Fax: 310-907-2000

---

Circular 230 Disclosure. United States Treasury regulations effective June 21, 2005 require us to notify you that to the extent that this communication, or any of its attachments, contains or constitutes advice regarding any U.S. Federal tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service. If you are not the original addressee of this communication, and if any tax advice in the communication or any of its attachments is being used to promote, market, or recommend any transaction or investment to you, the Treasury regulations require us to notify you that (1) the advice was written to support the promotion or marketing of the transaction or investment, and (2) you should seek advice from an independent tax advisor regarding the transaction or investment based on your particular circumstances. If you would like additional information regarding the Circular 230 regulations, please click here: www.alschuler.com/230.pdf

---

This transmission is intended only for the use of the addressee and may contain

4/5/2007