ALSCHULER GROSSMAN LLP
Marshall B. Grossman (No. 35958)
William J. O'Brien (No. 99526)
Tony D. Chen (No. 176635)
Dominique N. Thomas (No. 231464)
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA  90404-4060
Telephone:  310-907-1000
Facsimile:  310-907-2000
Email: mgrossman@agsk.com
       wobrien@agsk.com
       tchen@agsk.com
       dthomas@agsk.com

Attorneys for Defendant and Counterclaimant,
Blockbuster Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BLOCKBUSTER INC., a Delaware corporation, DOES 1-50,<br><br>Defendants. | CASE NO. C 06 2361 WHA<br><br>**BLOCKBUSTER'S FINAL INVALIDITY CONTENTIONS FOR U.S. PATENT NO. 7,024,381**<br><br>Complaint Filed:  April 4, 2006 |
| BLOCKBUSTER INC., a Delaware corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>NETFLIX, INC., a Delaware corporation,<br><br>Counterclaim Defendant. | |

Pursuant to Patent Local Rule 3-6, Defendant and Counterclaimant Blockbuster Inc. hereby states its Final Invalidity Contentions as to United States Patent No. 7,024,381 issued on April 4, 2006 ("the '381 Patent").

ALSCHULER GROSSMAN LLP

925468_2.DOC

BLOCKBUSTER'S FINAL INVALIDITY CONTENTIONS
FOR U.S. PATENT NO. 7,024,381
C 06 2361 WHA

Dockets.Justia.com

This statement of Final Invalidity Contentions is based on the information currently available to Blockbuster and is subject to revision. Discovery remains pending, and other investigations are still in progress. This statement is provided without prejudice to all rights to supplement or modify Blockbuster's contentions as additional information is obtained, further research and analysis are completed, and patent claims are construed. This statement is also made without waiver or limitation of any attorney-client privilege, work product protection or any other privileges or evidentiary objections whatsoever.

## I. INVALIDITY CONTENTIONS BASED ON 35 U.S.C. §§ 102 AND 103

### A. IDENTIFICATION OF PRIOR ART

#### 1 Prior Art Patents and Published Patent Applications

Prior art patents and published patent applications identified for purposes of these Final Invalidity Contentions are listed in Exhibit A attached hereto.

#### 2 Prior Art Publications

Prior art publications (other than published applications) identified for purposes of these Final Invalidity Contentions are listed in Exhibit B attached hereto.

#### 3 Prior Art Public Use

Prior art public use, public knowledge, sales, and offers for sale identified for purposes of these Final Invalidity Contentions are listed in Exhibit C attached hereto.

### B. CLASSIFICATIONS, COMBINATIONS AND MOTIVATIONS

Classifications, combinations and motivations for combinations of prior art are listed in Exhibits D (Part 1), E (Part 2) and F (Part 3) attached hereto.

### C. CLAIM CHARTS

#### 1 Claims 1 through 13

A Claim Chart for Claims 1 through 13 of the '381 Patent is attached hereto as Exhibit G.

#### 2 Claims 14 through 23

A Claim Chart for Claims 14 through 23 of the '381 Patent is attached hereto as Exhibit H.

#### 3 Claims 24 through 33

A Claim Chart for Claims 24 through 33 of the '381 Patent is attached hereto as Exhibit I.

#### 4 Claims 34 through 43

A Claim Chart for Claims 34 through 43 of the '381 Patent is attached hereto as Exhibit J.

#### 5 Claims 44 through 51

A Claim Chart for Claims 44 through 51 of the '381 Patent is attached hereto as Exhibit K.

## II. INVALIDITY CONTENTIONS BASED ON 35 U.S.C. § 112

Claims 1-51 of the '381 Patent are invalid for failing to comply with the requirements of 35 U.S.C. § 112.

### A. 35 U.S.C. § 112, PARAGRAPH 2

The '381 Patent and all claims thereof are invalid for indefiniteness under 35 U.S.C. § 112 ¶ 2.

Blockbuster's grounds for this contention include, without limitation, that the following claim terms are indefinite:

(1) "computer-implemented method;"

(2) "renting;"

1       (3)    "providing electronic digital information;"

2       (4)    "attributes;"

3       (5)    "movie rental queue;"

4       (6)    "associated with a customer;"

5       (7)    "ordered list;"

6       (8)    "causing to be delivered to the customer up to a specified

7 number of movies;"

8       (9)    "based upon the order of the list;"

9       (10)   "selecting another movie based upon the order of the list;"

10      (11)   "electronically updating the movie rental queue;"

11      (12)   "determining the order of the two or more movies based upon

12 one or more preferences of the customer;"

13      (13)   "a number of movies delivered to the customer and not yet

14 returned does not exceed the specified number;"

15      (14)   "establishing over the Internet a rental agreement with a

16 customer that provides for charging the customer a periodic fee;"

17      (15)   "a computer system;"

18      (16)   "a computer that is coupled to a digital telecommunications

19 network by a digital telecommunications link;"

20      (17)   "an electronic digital memory in the computer;"

21      (18)   "one or more sequences of computer program instructions stored

22 in the electronic digital memory which, when executed, cause the computer to

23 performer the steps of;"

24      (19)   "computer-implemented steps;" and

25      (20)   "movie selection criteria.

26      In addition, claims 44 through 51 of the '381 Patent are invalid for

27 indefiniteness under § 112 ¶ 2 because they recite both an apparatus and a method

28 of using that apparatus. Such claims are invalid under 35 U.S.C. § 112 ¶ 2. *See*

*IPXL Holdings v. Amazon.com, Inc.*, 430 F.3d 1377, 1384-85 (Fed. Cir. 2005); *see also Amgen, Inc. v. Chugai Pharm. Co.*, 927 F.2d 1200, 1217 (Fed. Cir. 1991) (A claim is considered indefinite if it does not reasonably apprise those skilled in the art of its scope).

> "The Board of Patent Appeals and Interferences ('Board') of the PTO . . . has made it clear that reciting both an apparatus and a method of using that apparatus renders a claim indefinite under section 112, paragraph 2. *Ex parte Lyell*, 17 USPQ 2d 1548 (1990). . . . This rule is well recognized and has been incorporated into the PTO's *Manual of Patent Examination Procedure*. § 2173.05(p)(II) (1999) ('A single claim which claims both an apparatus and the method steps of using the apparatus is indefinite under 35 U.S.C. 112, second paragraph.'); *see also* Robert C. Faber, *Landis on Mechanics of Patent Claim Drafting* § 60A (2001) ('Never mix claim types to different classes of invention in a single claim.'). "

IPXL, 430 F.d at 1384.

### B. 35 U.S.C. § 112, PARAGRAPH 1

Blockbuster contends that the '381 Patent and all claims thereof are invalid for failure to comply with the written description requirement under 35 U.S.C. § 112 ¶ 1.

Blockbuster's grounds for this contention include, without limitation, that the specification of the '381 Patent does not describe the limitation of "providing electronic digital information that causes one or more attributes of movies to be displayed," as recited in all claims of the '381 Patent. As a result, all of the claims of the '381 Patent are invalid for lack of a written description under 35 U.S.C. § 112, ¶ 1.

The Court's Patent Local Rules do not require any disclosure in Final Invalidity Contentions concerning best-mode defenses. *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431 SBA, 2006 WL 1329997 (N.D. Cal. May 15, 2006); *see* Pat. L.R. 3-3(d). Blockbuster provides the following information as a courtesy, without prejudice to its presentation of any additional or different defenses at any time.

Blockbuster contends that the '381 Patent and all claims thereof are invalid for failure to disclose best mode as required by 35 U.S.C. § 112 ¶ 1.

Blockbuster's grounds for this contention include, without limitation, the following:

1. Claims of the '381 Patent recite selecting movies for delivery to a customer. The '381 Patent does not disclose any mode of selecting movies that prioritizes between requests of different customers. For example, and without limitation:

    a. The '381 Patent does not disclose any mode of selecting movies for customers that takes into account how often a customer returns movies and receives new ones;

    b. The '381 Patent does not disclose any step, method, device, or feature for categorizing customers or varying the speed or priority of, or location used for, fulfilling a customer's rental request because of the number or frequency of the customer's rentals.

2. Claims of the '381 Patent recite delivery of movies to customers and delivery by mail.

    a. The '381 Patent does not disclose any mode of delivery of movie to customers by mail that includes any particular type, design, or features for the envelope or package used for such delivery. Indeed, the '381 Patent does not refer to an envelope or packaging at all.

      b.      The '381 Patent does not disclose any particular type, design, or feature for return of monies by a customer.

      c.      The '381 Patent does not disclose any step, method, device or feature involving or including delivery of a single disk and not multiple disks in each envelope or package delivered by mail.

      d.      The '381 Patent does not disclose any step, method, device or feature involving or including use of letter-shaped or rectangular envelopes or packages.

## III. INVALIDITY CONTENTIONS BASED ON 35 U.S.C. § 101

The Court's Patent Local Rules do not require any disclosure in Final Invalidity Contentions concerning § 101 defenses.  *See* Pat. L.R. 3-3(d). Blockbuster presents the following information as a courtesy, without prejudice to its presentation of any additional or different defense at any time in the future.

Claims 1-51 of the '381 Patent are invalid under 35 U.S.C. § 101.

### A. UNPATENTABLE SUBJECT MATTER

Blockbuster contends that the '381 Patent and each and every individual claim thereof are invalid under 35 U.S.C. § 101 because the subject matter of each such claim is not patentable under that section or under Article I, Section 8 of the United States Constitution.  Blockbuster's grounds for these contentions include, without limitation:

1.     Each such claim fails to set forth a patentable invention or "discovery" by an "inventor" within the meaning of Article I, Section 8;

2.     Each such claim fails to set forth a patentable invention under 38 U.S.C. § 101;

3.     Each such patent and claim improperly attempts to provide patent protection for a business method;

        4.      Each such patent and claim improperly attempts to provide patent protection for an algorithm; and

        5.      Each such patent and claim otherwise fails to meet Constitutional, statutory, or case law requirements for patentability.

### B. DOUBLE PATENTING

Blockbuster further contends that the '381 patent and each claim to the '381 patent are invalid under 35 U.S.C. § 101 for double patenting.

Blockbuster's grounds for this contention include, without limitation:

        1.      The '381 Patent and each of its claims set forth the same invention claimed in U.S. Patent No. 6,584,450 (the "'450 Patent"); and

        2.      The '381 Patent and each of its claims are nothing more than obvious modifications of claims of the '450 Patent.

Based on the reasons stated above, Blockbuster contends that the '381 Patent and each and every individual claim thereof are invalid.

DATED: April 11, 2007    ALSCHULER GROSSMAN LLP

By    /s/
Tony D. Chen
Attorneys for Defendant and Counterclaimant,
Blockbuster Inc.