# BINGHAM McCUTCHEN

Donn P. Pickett
Direct Phone: 415.393.2082
Direct Fax:    415.393.2286
donn.pickett@bingham.com

April 13, 2007

**BY HAND DELIVERY**

The Honorable William Alsup
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:  *Netflix, Inc. v. Blockbuster Inc.*; Case No. C-06-2361 WHA (JCS)

Dear Judge Alsup:

I am writing as newly engaged co-counsel for defendant Blockbuster, Inc. in response to Your Honor's order dated April 12, 2007 requesting that Blockbuster file a response to a letter dated April 11, 2007 by counsel for Netflix, Inc. regarding the above-referenced matter. Our firm's notice of appearance as additional counsel of record is attached and has been filed with the Court this morning.

This dispute stems from Netflix's efforts to pierce the attorney client privilege and work-product protections that apply to Blockbuster's confidential communications with its outside counsel, including its trial counsel. Netflix asserts that Blockbuster's reliance on the opinions of its outside patent counsel that Netflix's patents are invalid waives all privileges and protections related to these patents, including Blockbuster's privileged communications with trial counsel. This assertion is unfounded.

On March 30, 2007, Blockbuster produced its opinions of counsel with respect to the invalidity of the patents in suit. Netflix immediately served deposition notices and subpoenas for depositions of current and former Blockbuster employees noticed to occur in Dallas, Texas during the weeks of April 9 and 16. Two of those depositions took place this week in Dallas, during which time Netflix's counsel repeatedly questioned the witnesses about privileged communications with Blockbuster's trial counsel. Additional depositions are scheduled for the next two weeks, including a 30(b)(6) deposition of Blockbuster, Inc. and depositions of both patent opinion counsel and trial counsel.

Blockbuster sought relief in the Northern District of Texas on behalf of these third-party individuals and Blockbuster and certain of its employees because the rules contemplate that it would do so. *See* Fed. R. Civ. P. 26(c) ("Upon motion by a party or by the person from whom discovery is sought, . . . the court in which the action is pending or alternatively, on matters related to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires"); 30(d)(4) ("At any time during the deposition, on motion of a party or of the deponent . . . the court in which the action is pending or the court in the district where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of taking of the deposition"); and

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111

415.393.2000
415.393.2286 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

The Honorable William Alsup
April 13, 2007
Page 2

Bingham McCutchen LLP
bingham.com

45(c)(2)(B) (if a recipient of a Rule 45 subpoena objects, the party serving the subpoena shall not be entitled to documents "except pursuant to an order of the court by which the subpoena was issued"). That three days ago Netflix delivered letters to these various third-party witnesses who reside in Dallas (1) demanding that they immediately state their intentions and (2) apprising them of Netflix's intention to move to compel if they do not accede to its discovery demands does not alter these witness' rights to seek relief in the Northern District of Texas.

A copy of Blockbuster's motion is attached to Netflix's letter to the Court. We discuss these waiver issues at pages 9-12 of our motion, including the *Seagate Technology* case in which the Federal Circuit has granted *en banc* review on this precise question and stayed production of the privileged and work-product documents.

Counsel for Blockbuster intends to further discuss these issues with counsel for Netflix prior to the hearing on Monday morning in an effort to reach a compromise position. We hope this meet and confer will obviate the necessity for any Court to address this issue any further. We will report to you fully on the results of those efforts during the conference on Monday.

We appreciate Your Honor's consideration of this matter.

Respectfully submitted,

*/s/ Donn P. Pickett/*

Donn P. Pickett
Attorneys for Defendant
And Counterclaimant Blockbuster Inc.

cc:  Daralyn J. Durie, Esq.
     Jeffrey R. Chanin, Esq.