```
KEKER & VAN NEST, LLP
JEFFREY R. CHANIN - #103649
DARALYN J. DURIE - #169825
ASHOK RAMANI - #200020
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff and Counterclaim Defendant,
NETFLIX, INC.

ALSCHULER GROSSMAN LLP
MARSHALL B. GROSSMAN - #35958
WILLIAM J. O'BRIEN - #99526
TONY D. CHEN - #176635
DOMINIQUE N. THOMAS - #231464
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA 90404-4060
Telephone: 310-907-1000
Facsimile: 310-907-2000

Attorneys for Defendant and Counterclaimant,
BLOCKBUSTER INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLOCKBUSTER, INC., a Delaware corporation, DOES 1-50,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. C 06 2361 WHA (JCS)<br><br>**STIPULATION AND AGREEMENT REGARDING ANTITRUST CLAIMS AND DISCOVERY DISPUTES**<br><br>Hearing Date: TBD<br>Time: 9:30 A.M.<br>Courtroom: A, 15th Floor<br>District Judge: William Alsup<br><br>Complaint Filed: April 4, 2006 |

---

STIPULATION REGARDING ANTITRUST CLAIMS AND DISCOVERY MOTIONS
CASE NO. C 06 2361 WHA (JCS)

394066.01

Plaintiff and Counter-Defendant, Netflix, Inc. ("Netflix"), and Defendant and Counterclaimant, Blockbuster Inc. ("Blockbuster"), through their respective counsel of record (collectively, "the Parties"), hereby stipulate and agree as follow:

## I. CONDITIONS OF STIPULATION

1. The Parties acknowledge and agree that nothing herein constitutes or should be construed as an admission of any wrongdoing on the part of Blockbuster or Netflix and that this Stipulation, its terms, and the agreement reflected herein ("Stipulation and Agreement") shall not be used in any manner outside of the above captioned action ("Action") except as may be necessary to enforce the terms of this Stipulation and Agreement.

2. The Parties further acknowledge and agree that this Stipulation and Agreement shall be binding on, and its benefits shall extend to, each of the Party's subsidiaries, affiliates, successors, assigns, directors, officers, employees, attorneys and agents.

3. The term "Answer to Complaint" as used herein refers to and includes both the Answer to Complaint; Counterclaims filed June 13, 2007, and the Answer to First Amended Complaint; Counterclaims filed September 11, 2007, in the Action.

## II. AGREEMENTS ON BLOCKBUSTER'S ANTITRUST COUNTERCLAIMS

4. Blockbuster and Netflix have reached agreement as set forth in Sections II and III.

5. Blockbuster hereby agrees to dismiss without prejudice its antitrust Counterclaims 1 and 2 in the Answer to Complaint.

6. Blockbuster hereby covenants not to further prosecute in this Action, to bring suit asserting, or to otherwise assert against Netflix, its antitrust Counterclaims 1 and 2 in the Answer to Complaint.

7. None of the foregoing shall prejudice the parties in any respect in their prosecution or defense of any of the remaining claims or defenses in the litigation.

## III. AGREEMENTS ON RIGHTS RELATING TO DISCOVERY

8. With respect to the issue of whether Blockbuster did not or has not

properly retained documents, including electronic data, Netflix agrees that it shall seek no relief from the Court, whether by way of discovery motion, in limine motion, jury instruction, or otherwise. Netflix also agrees that it will not mention, whether by means of argument to the jury, examination or cross-examination of any witness or in any other form, any issues with respect to the subject of documents not having been retained. Netflix further agrees it will not seek any legal advantage with respect thereto.

9. With respect to the issue of whether Netflix did not or has not properly retained documents, including electronic data, Blockbuster agrees that it shall seek no relief from the Court, whether by way of discovery motion, in limine motion, jury instruction, or otherwise. Blockbuster also agrees that it will not mention, whether by means of argument to the jury, examination or cross-examination of any witness or in any other form, any issues with respect to the subject of documents not having been retained. Blockbuster further agrees it will not seek any legal advantage with respect thereto.

10. This Stipulation and Agreement Regarding Antitrust Claims and Discovery Disputes shall not be referred to in, or be admissible at, the trial in this Action.

Dated: April 25, 2007

KEKER & VAN NEST, LLP

By: _____
DARALYN DURIE
Attorneys for Plaintiff and Counterclaim Defendant,
NETFLIX, INC.

Dated: April 25, 2007　　　　　　　ALSCHULER GROSSMAN LLP

By: _____
William J. O'Brien
Attorneys for Defendant and Counterclaimant,
BLOCKBUSTER INC.

**PURSUANT TO STIPULATION, IT SO ORDERED.**

Dated: April 30, 2007　　　　　　　_____

IT IS SO ORDERED
Judge William Alsup

HONORABLE WILLIAM ALSUP
UNITED STATES MAGISTRATE JUDGE

Dallas 1245228v.1