KEKER & VAN NEST, LLP
JEFFREY R. CHANIN - #103649
DARALYN J. DURIE - #169825
ASHOK RAMANI - #200020
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
NETFLIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation,<br><br>                          Plaintiff,<br><br>        v.<br><br>BLOCKBUSTER, INC., a Delaware corporation, DOES 1-50,<br><br>                          Defendant.<br><br>---<br>AND RELATED COUNTERCLAIMS | Case No. C 06 2361 WHA (JCS)<br><br>**NETFLIX'S CASE-MANAGEMENT MEMORANDUM**<br><br>Complaint filed:        April 4, 2006 |

1  Netflix submits this case-management memorandum as requested by the Court in its

2  April 20, 2007 Request re: Case Management.

3  **(i)  Substantive motions expected to be made before the trial to streamline the case (excluding motions in limine directed at evidentiary items).**

4

5  Netflix believes that this case should present neatly for trial, and only anticipates filing

   three pretrial motions other than motions *in limine*:

6

7  (1) *Motion for summary judgment on Blockbuster's affirmative defense of patent misuse*.

8  As the Court may know, the parties have stipulated that Blockbuster will dismiss its antitrust

9  counterclaims, and that the parties will thereafter not comment on or seek advantage relating to

   any evidence of spoliation.  But Blockbuster retains an affirmative defense of patent misuse.

10  Blockbuster's operative answer consists of two conclusory paragraphs, and it is unclear to

11  Netflix on what basis Blockbuster contends that Netflix has broadened the scope of its patents,

12  with anticompetitive effect.  Netflix intends to file this motion on June 14.

13  (2) *Motion for summary judgment on Blockbuster's affirmative defenses of laches and*

14  *estoppel on the '381 patent*.  Netflix's '381 patent, the newer of its two patents-in-suit, issued on

15  the day that Netflix filed suit.  Netflix is unaware of any basis under which Blockbuster could

16  sustain an estoppel defense as to the '381 patent.  Blockbuster's laches argument on the '381

17  patent appears to claim prosecution laches, which Netflix will demonstrate is disfavored.  Netflix

18  intends to file this motion on June 14.

19  (3) *Motion to strike prior art*.  Depending on the references on which Blockbuster's

20  validity expert relies, Netflix may move to strike particular references as untimely disclosed, to

21  the extent the references were not included in Blockbuster's preliminary invalidity contentions

22  and were impermissibly added to Blockbuster's final invalidity contentions.  Of course, should

23  Blockbuster's expert seek to rely on any references not identified in Blockbuster's final

24  invalidity contentions, Netflix would move to strike those references too.

25  **(ii)  Recommendation regarding whether the same jury should hear the patent and antitrust cases.**

26

27  Once the Court enters the parties' stipulation dismissing Blockbuster's antitrust

28  counterclaims, this question will become moot.

1

394431.01

**(iii)     To what extent the jury will need [to] or should hear the inequitable conduct cases.**

To answer the first portion of the Court's question, the jury does not *need* to hear Blockbuster's inequitable-conduct defense.  As the name suggests, inequitable conduct is an equitable defense, and there is no Seventh Amendment right to jury trial on inequitable conduct. *Gardco. Mfg. v. Herst Lighting Co.*, 820 F.2d 1209, 1213 (Fed. Cir. 1987).

To answer the second portion of the Court's question—*should* the jury hear the inequitable-conduct defense—requires more consideration.  Trial courts are given wide latitude in how they choose to try inequitable-conduct defenses:

> There are a variety of ways in which the district court may choose to handle the issue of inequitable conduct during a jury trial, as the Federal Circuit has recognized. Some courts have reserved the entire issue of inequitable conduct unto themselves; some have submitted special interrogatories to the jury on the facts of materiality and intent; and some have instructed the jury to find and weigh the facts of materiality and intent and decide the ultimate question of inequitable conduct, as in the case at bar.

*Hebert v. Lisle Corp.*, 99 F.3d 1109, 1114 (Fed. Cir. 1996).  "Absent a clear showing of prejudice, or failure to achieve a fair trial, the district court's choice of procedure will not be disturbed." *Id.*

Your Honor has previously held that "[i]ssues regarding inequitable conduct are for the Court and not the jury" and that "[t]he Court will determine the factual findings with respect to materiality for inequitable conduct." *Keytrak Inc. v. Key Register, L.L.C.*, No. C 03-00870 WHA, 2004 WL 2944043, at *4 (Mar. 30, 2004 N.D. Cal.) (granting motion *in limine* excluding expert testimony on inequitable conduct from jury trial). *Cf. Intel Corp. v. VIA Tech., Inc.*, 176 F.Supp.2d 991, 999 (N.D. Cal. 2001) ("'The defense of inequitable conduct is entirely equitable in nature, and thus not an issue for a jury to decide.'") (quoting *PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315, 1318 (Fed. Cir. 2000)) (Alsup, J.).  Netflix respectfully suggests that this case presents no reason to deviate from those holdings.

Netflix believes that it would conserve judicial resources and be fair for the Court alone to hear and decide the inequitable-conduct defense, because the inequitable-conduct allegations are of limited relation to what the parties will otherwise try.  There are three different inequitable-conduct allegations that Blockbuster has indicated it intends to advance:  (1) Netflix

NETFLIX'S CASE-MANAGEMENT MEMORANDUM
CASE NO. C 06 2361 WHA (JCS)

1    allegedly failed to disclose any prior-art references to the PTO in prosecuting its earlier patent,

2    the '450, leaving the patent examiner to uncover what he could; (2) Netflix allegedly later

3    disclosed too much by "dumping" over 100 references on the PTO in prosecuting its later patent,

4    the '381, supposedly overwhelming the patent examiner such that he could not reasonably cull

5    the wheat from the chaff; and (3) in prosecuting both patents, Netflix allegedly failed to disclose

6    material prior-art patents owned by National Cash Register that had been brought to Netflix's

7    attention before the '450 patent issued ("NCR Patents").

8         While Netflix will demonstrate that none of these allegations is true—let alone sufficient

9    to prove unenforceability under a clear-and-convincing standard—the allegations also lack any

10   relation to Netflix's claims of infringement and willful infringement (and Blockbuster's non-

11   infringement defense), because the allegations are distinct from Blockbuster's accused system

12   and method.

13        Blockbuster does contend—erroneously, as Netflix will prove—that the NCR Patents

14   constitute invalidating prior art, but the heart of Blockbuster's invalidity defense lies elsewhere.

15   Blockbuster's two opinion letters on validity rely on references other than the NCR Patents.

16   Indeed, neither letter so much as mentions the NCR Patents, though both opinion letters purport

17   to find that at least some claims of each patent are invalid on obviousness grounds (and thus,

18   were the NCR Patents important, could have relied on their combination with other references).

19   If two different sets of Blockbuster's opinion counsel do not view the NCR Patents as

20   sufficiently important to discuss in their formal, written opinions, surely they are not critical to

21   Blockbuster's invalidity defense.

22        It is common for defendants to assert the same prior art in support of both validity and

23   inequitable-conduct defenses, so this coincidence alone should not justify trying inequitable-

24   conduct issues with the rest of the case.  For example, in *Gardco*, the Court found that the district

25   court did not abuse its discretion in holding a separate inequitable-conduct trial, despite the fact

26   that the allegedly withheld art *also* allegedly constituted prior art to the patents.  820 F.2d at

27   1214.

28        In contrast to the relative unimportance of the inequitable-conduct defense's key theories

3

1   to the infringement and validity issues, it would mislead and confuse the jury to try inequitable-

2   conduct allegations together with the rest of the case.  Inequitable conduct is a serious accusation

3   that a patent's inventors, prosecuting lawyers, or both intentionally sought to mislead a federal

4   agency to secure a patent.  Such allegations, even if unsupported factually, are incendiary, and

5   can cast a long shadow over witness credibility long before any witness takes the stand.  Netflix

6   is confident that the Court would withstand such influence, but is less confident of the jury's

7   ability to do so.

8          Netflix thus requests that the Court hear and rule on the inequitable-conduct defense.

10  Dated:  April 30, 2007                              Respectfully submitted,

11                                                      KEKER & VAN NEST, LLP

13

14                                      By: _____

                                             Ashok Ramani
15                                           Attorneys for Plaintiff
                                             NETFLIX, INC.

4