1   BINGHAM McCUTCHEN LLP
    Donn P. Pickett (SBN 72257)
2   Mary T. Huser (SBN 136051)
    Adrienne L. Taclas (SBN 166115)
3   Three Embarcadero Center
    San Francisco, CA 94111-4067
4   Telephone: (415) 393-2000
    Facsimile: (415) 393-2286
5
    Marshall B. Grossman (SBN 35958)
6   William J. O'Brien (SBN 99526)
    Tony D. Chen (SBN 176635)
7   Dominique N. Thomas (SBN 231464)
    The Water Garden
8   1620 26th Street
    Fourth Floor, North Tower
9   Santa Monica, CA 90404-4060
    Telephone: (310) 907-1000
10  Facsimile: (310) 907-2000

11  Attorneys for Defendant and Counterclaimant,
    BLOCKBUSTER, INC.
12

13                   UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15

16  NETFLIX, INC, a Delaware corporation        Case No. C 06 2361 WHA (JCS)

17                  Plaintiff,                   **BLOCKBUSTER INC.'S NOTICE OF
         v.                                      MOTION AND MOTION FOR
18                                               PROTECTIVE ORDER**

19  BLOCKBUSTER, INC., a Delaware corporation,   Hearing Date:      June 8, 2007
    DOES 1-50,                                   Time:              9:30 A.M.
20                                               Courtroom:         A, 15th Floor
                    Defendant.                   Magistrate Judge:  Joseph C. Spero
21
                                                 Complaint Filed:   April 4, 2006
22

23  AND RELATED COUNTERCLAIMS

24

25

26

27

28
    LA/40379590.1

    BLOCKBUSTER, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER

TABLE OF CONTENTS

Page

I.    INTRODUCTION .................................................................................................. 2

II.   FACTUAL BACKGROUND.................................................................................. 3

    A.    Opinion Counsel -- Baker Botts and Blakely ........................................... 4

    B.    Trial Counsel -- Alschuler Grossman and Shearman & Sterling........................ 4

    C.    Expansive Scope of Subpoenas Issued to Blockbuster, Opinion Counsel, and Litigation Counsel............................................................................. 5

    D.    April 16, 2007 Hearing Before Judge Alsup ........................................... 6

III.  ARGUMENT AND AUTHORITIES.................................................................... 7

    A.    Netflix Improperly Seeks to Invade The Attorney-Client Privilege Between Blockbuster and Trial Counsel and Trial Counsel's Internal Work Product........................................................................................ 7

        1.    Attorney-Client Privilege........................................................... 7

        2.    Work Product Doctrine .............................................................. 9

    B.    Alternatively, This Court Should Stay Any Discovery Pending The Federal Circuit's En Banc Ruling In Re Seagate Technology............................ 10

IV.   CONCLUSION...................................................................................................... 11

BLOCKBUSTER, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER

1

# TABLE OF AUTHORITIES

2
Page

3

Cases

4

*Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*,
  265 F.3d 1294 (Fed. Cir. 2001) ................................................................................ 7

5

6

*Ampex Corp. v. Eastman Kodak Co.*,
  No. Civ. A. 04-1373-KAJ, 2006 WL 1995140 (D. Del. July 17, 2006)................................. 8

7

*Autobytel, Inc. v. Dealiz Corp.*,
  455 F.Supp.2d 569 (E.D. Tex. 2006) ........................................................................ 8

8

9

*Avago Technologies General IP Pte. Ltd. v. Elan Microelectronics Corp.*,
  No. C04-05385 RMW (HRL), 2007 WL 841785 (N.D. Cal. Mar. 20, 2007) ...................... 11

10

*Celerity, Inc. v. Ultra Clean Holding, Inc.*,
  2007 U.S. Dist. LEXIS 18307,  (N.D. Cal. Feb. 28, 2007) ........................................... 8

11

12

*Genentech, Inc. v. Insmed Inc.*,
  442 F.Supp. 2d 838 (N.D. Cal. 2006) ....................................................................... 8

13

*Hickman v. Taylor*,
  329 U.S. 495 (1947) ........................................................................................... 9

14

15

*In re EchoStar Communications Corporation Hickman v. Taylor*,
  448 F.3d 1294 (Fed. Cir. 2006) ................................................................. 2, 7, 8, 9, 10

16

*In re Seagate Technology*
  Misc. No 830 (Fed. Cir. 2007)...................................................................... 3, 10, 11

17

18

*Indiana Mills & Mfg., Inc. v. Dorel Indus., Inc.*,
  2006 WL 1749413, (S.D. Ind. May 26, 2006)............................................................ 10

19

*Informatica Corp. v. Business Objects Data Integration*,
  454 F.Supp.2d 957 (N.D. Cal. 2006) ........................................................................ 9

20

21

*Mattenson v. Baxter Healthcare Corp.*,
  438 F.3d 763 (7th Cir. 2006) ................................................................................. 9

22

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*,
  383 F.3d 1337 (Fed. Cir. 2004) .............................................................................. 7

23

24

*Upjohn Co. v. United States*,
  449 U.S. 383 (1981)............................................................................................ 7

25

26

Statutes

27

Fed. R. Civ. P. 30(b)(6) ...................................................................................... 1, 5

28

BLOCKBUSTER, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER

1

## NOTICE OF MOTION

2  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3  PLEASE TAKE NOTICE THAT on June 8, 2007 at 9:30 a.m., or as soon thereafter as

4  the matter can be heard, in Courtroom A, 15th Floor, located at 450 Golden Gate Avenue, San

5  Francisco, California 94102, before the Honorable Joseph C. Spero, Defendant and

6  Counterclaimant Blockbuster Inc. ("Blockbuster"), by and through undersigned counsel, will and

7  hereby does move this Court for an order protecting from discovery: (1) attorney-client

8  communications between Blockbuster and its trial attorneys, Alschuler Grossman LLP

9  ("Alschuler Grossman") and Shearman & Sterling LLP ("Shearman & Sterling"); and (2) work

10  product of Alschuler Grossman and Shearman & Sterling.

11  This Motion is based on this Notice of Motion and Motion; the below Memorandum of

12  Points and Authorities; the Declarations Ryan M. Nishimoto, Marshall B. Grossman, William J.

13  O'Brien, Tony D. Chen, Dominique N. Thomas, and Scott D. Lyne; all pleadings and papers

14  filed herein; oral argument of counsel; and any other materials that may be submitted at the

15  hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

16

17  Pursuant to Federal Rules of Civil Procedure 26(c) and 30(d), Defendant/Counter-

Plaintiff Blockbuster Inc. for itself and Alschuler Grossman and Shearman & Sterling, trial

18
counsel for Blockbuster in the above-captioned matter file this Motion for Protection to Netflix,

19
Inc.'s ("Netflix"): (1) Third Amended Notice of Deposition of Blockbuster, Inc. Pursuant to Fed.

20
R. Civ. P. 30(b)(6); (2) Notice of Deposition of Alschuler Grossman LLP Pursuant to Fed. R.

21
Civ. P. 30(b)(6); and (3) Notice of Deposition of Shearman & Sterling LLP Pursuant to Fed. R.

22
Civ. P. 30(b)(6).

23

24

25

26

27

28

LA/40379590.1

---

I.      **INTRODUCTION**

Last month, Blockbuster produced two opinions of counsel with respect to the invalidity of the patents-in-suit in support of its defense of willfulness. Since then, Netflix has unleashed a flurry of deposition notices, document requests and subpoenas to Blockbuster and its lawyers - both opinion counsel and trial counsel. These requests are extremely broad, seeking all attorney-client communications and all work product from both opinion counsel and trial counsel.

Netflix deposed Blockbuster personnel and opinion counsel, and both produced otherwise privileged documents regarding communications with respect to the invalidity of the patents in suit. After it served the requests, Netflix agreed that neither Blockbuster nor its opinion counsel need produce documents or provide testimony regarding uncommunicated work product, but Netflix requested that such documents be maintained. Both Blockbuster and opinion counsel agreed to maintain any such documents. Thus, for purposes of this motion, Blockbuster assumes no additional documents or testimony are at issue with respect to opinion counsel.

As to trial counsel, in response to the Court's suggestion, Netflix served a set of written foundational questions on both Alschuler Grossman[1] and Shearman & Sterling, which the agreed-upon representatives of those firms answered. Based on those responses, it is evident that neither firm provided opinions of counsel but both addressed invalidity as a normal part of their defense of the litigation. Both firms have declined to produce privileged information that pertains to invalidity and their service as trial counsel.

Thus, the issue before the Court is whether Netflix is entitled to discovery of attorney-client communications and production of attorney-client privileged and work product documents from Blockbuster's litigation counsel with respect to invalidity. No Federal Circuit case has found such a broad waiver as to litigation counsel. In *In re EchoStar Communications Corporation*, the Federal Circuit did not address this issue. 448 F.3d 1294, 1303-04 (Fed. Cir. 2006) ("*EchoStar*"). Since EchoStar, the majority of cases provide that no waiver exists as to

---

[1] Alschuler Grossman LLP merged with Bingham McCutchen LLP on May 1, 2007.

1  litigation counsel, especially where, as here, litigation counsel and opinion counsel are with

2  different law firms. Indeed, the scope of waiver with respect to separate litigation counsel when

3  a party produces a different firm's opinion of counsel in defense of willfulness is the precise

4  issue currently pending before the Federal Circuit in *In re Seagate Technology*, Misc. No. 830,

5  which will be heard, *en banc*, on June 7, 2007.

6  **II.    FACTUAL BACKGROUND**

7         The video rental business has been in existence for decades and, with the advent of the

8  Internet, video rental over the Internet has emerged. Netflix entered the Internet DVD

9  subscription business in 1999. Blockbuster has rented DVDs for many years in its stores

10  throughout the United States and, more recently, Blockbuster began renting DVDs over the

11  Internet. In April 2000, Netflix applied for a patent, broadly claiming rentals, not only for

12  movies, but also for any kind of "item." In its patent application for this alleged "invention,"

13  Netflix failed to disclose any prior art whatsoever, despite its existence.

14         On June 24, 2003, after a cursory Patent Office examination, Netflix received a patent,

15  U.S. Patent No. 6,584,450 (the '450 patent) for this so-called invention. Before the issuance of

16  the '450 patent, Netflix had also filed a "continuation" application, which ultimately resulted in

17  the issuance of a second Netflix patent, U.S. Patent No. 7,024,381 (the '381 patent). This time,

18  Netflix flooded the Patent Office by disclosing over 100 items of prior art. Notably, on neither

19  occasion did Netflix disclose prior art patents assigned to NCR, even though during the

20  applications for the first and second patents Netflix was well aware of the NCR patents and that

21  NCR made a claim of patent infringement against Netflix. Indeed, before the second Netflix

22  patent issued, Netflix sued NCR for declaratory relief that it was not infringing the NCR patents.

23         On April 4, 2006, nearly two years after Blockbuster entered the online rental market and

24  on the same day that the '381 patent issued, Netflix filed suit against Blockbuster in the Northern

25  District of California, alleging Blockbuster's online DVD rental services infringed the '450

26  patent and the then just-issued '381 patent. Netflix has also alleged that Blockbuster's

27  infringement of these two patents was (and continues to be) willful. Blockbuster denies Netflix's

28

LA/40379590.1                                    3

1    allegations of infringement and willful infringement. It will also present clear and convincing

2    evidence that the '450 and '381 patents are invalid and unenforceable.

3        **A.**    <u>**Opinion Counsel -- Baker Botts and Blakely**</u>

4        On March 9, 2004, Richard Frank, then Senior Vice President of Blockbuster, and

5    Edward B. Stead, then Executive Vice President and General Counsel of Blockbuster, received

6    an opinion letter from Baker Botts LLP ("Baker Botts") regarding the invalidity of the '450

7    patent. In the letter, Baker Botts concluded that all claims of the '450 patent are invalid based on

8    previously published documents.

9        On March 29, 2007, Shane Evangelist, Senior Vice President and General Manager of

10   Blockbuster Online, received an opinion letter from Blakely, Sokoloff, Taylor & Zafman

11   ("Blakely") regarding the invalidity of the '381 patent. In that letter, the Blakely firm concluded

12   that all claims of the '381 patent are likewise invalid. The following day, on March 30, 2007, in

13   support of its advice-of-counsel defense to Netflix's charges of willful infringement, Blockbuster

14   produced to Netflix the opinion letters regarding the invalidity of the '450 and '381 patents.

15       **B.**    <u>**Trial Counsel -- Alschuler Grossman and Shearman & Sterling**</u>

16       Beginning in 2003, in anticipation of a patent infringement lawsuit by Netflix,

17   Blockbuster consulted with the law firm of Shearman & Sterling about claims and defenses in

18   connection with potential litigation with Netflix. Shearman & Sterling did not provide an

19   opinion of counsel on the validity of the '450 or '381 patents. See Declaration of Scott D. Lyne

20   ("Lyne Decl."). Rather, Shearman & Sterling expressed views regarding invalidity of the '450

21   patent solely for litigation purposes. See id.

22       After this suit was filed on April 4, 2006, Blockbuster retained Alschuler Grossman to

23   defend it in this litigation. Alschuler Grossman had no role in the filing or prosecution of the

24   patents in suit, and they did not prepare the opinion letters on the invalidity of the patents-in-suit.

25   See Declaration of Marshall B. Grossman ("Grossman Decl."); Declaration of William J.

26   O'Brien ("O'Brien Decl."); Declaration of Tony D. Chen ("Chen Decl."); Declaration of

27   Dominique N. Thomas ("Thomas Decl."). Alschuler Grossman has only served as Blockbuster's

28   trial counsel in this litigation.

---

C.    **Expansive Scope of Subpoenas Issued to Blockbuster, Opinion Counsel, and Litigation Counsel**

On April 4, 2007, Netflix served Blockbuster with its Third Amended Notice of Deposition of Blockbuster, Inc. Pursuant to Fed. R. Civ. P. 30(b)(6). *See* Declaration of Ryan M. Nishimoto ("Nishimoto Decl."), Ex. 1. Topic nine of the deposition notice seeks to invade confidential attorney-client communications, because it requests testimony regarding all communications between Blockbuster and its counsel, including Alschuler Grossman and Shearman & Sterling. *Id.* On or about April 5, 2007, Netflix served Blockbuster's trial counsel -- Alschuler Grossman and Shearman & Sterling -- and Blockbuster's opinion counsel -- Baker Botts and Blakely -- with nearly identical subpoenas seeking 30(b)(6) deposition testimony and production of documents. *See* Nishimoto Decl., Exs. 2-5. Each of those 30(b)(6) notices list four different deposition topics and two document requests. *See id.* Deposition topic one seeks testimony concerning all communications between trial counsel or opinion counsel regarding the validity or invalidity of any claim of either of the patents-in-suit. *See id.* Deposition topic two seeks testimony concerning, "All studies, analyses, reviews, conclusions or opinions (including opinion of counsel)" by trial counsel or opinion counsel as to the validity or invalidity of any claim of either of the patents-in-suit. *See id.* The related document requests seek nearly identical information. *See id.*

On April 18, 2007, Alschuler Grossman and Shearman & Sterling objected to each of the requests on the grounds that all communications between Blockbuster and its trial counsel are protected by the attorney-client privilege, and that all trial counsel documents prepared for litigation are attorney work product and therefore protected from discovery. *See* Nishimoto Decl., Exs. 6-7. That same day, Baker Botts and Blakely likewise objected to each of the requests issued to them on numerous grounds, including on the basis that their internal work product that was never communicated to Blockbuster is entitled to work product protection. *See* Nishimoto Decl., Exs. 8-9.

Netflix subsequently sent letters to Blakely and Baker Botts, informing them that it was only seeking documents that embodied a communication between them and Blockbuster

5

1    concerning the subject matter of the case, or documents that discussed a communication between

2    them and Blockbuster. *See* Nishimoto Decl., Exs. 15-16. Netflix asked Blakely and Baker Botts

3    to preserve, but not produce, internal work product documents such as "documents analyzing the

4    law, facts, trial strategy, and so forth" that were not given to the client. *See id.*

5            On April 18, 2007, Blakely produced documents in response to the subpoena that

6    reflected communications between Blakely and Blockbuster regarding the validity or invalidity

7    of any claim of the '381 patent. *See* Nishimoto Decl., Ex. 11. That same day, Blakely also

8    produced its privilege log. *See* Nishimoto Decl., Ex. 17. This log was subsequently amended

9    and re-served on May 3, 2007. *See* Nishimoto Decl., Ex. 18.

10           On April 27 and April 30, 2007, Baker Botts produced documents reflecting its

11   communications with Blockbuster regarding the validity or invalidity of any claim of the '450

12   patent. *See* Nishimoto Decl., Exs. 12-13. Baker Botts also produced a privilege log on April 30,

13   2007. *See* Nishimoto Decl., Ex. 19. The 30(b)(6) witnesses designated by Blakely and Baker

14   Botts were deposed on April 26 and May 2. Nishimoto Decl., ¶ 23.

15           On May 2, 2007, Shearman & Sterling responded to a series of foundational questions

16   posed by Netflix. *See* Lyn Decl.

17           On April 27, Alschuler Grossman responded to a series of foundational questions posed

18   by Netflix and produced a privilege log on May 3, 2007. *See* Grossman Decl.; O'Brien Decl.;

19   Chen Decl.; Thomas Decl.; Nishimoto Decl., Ex. 20.

20       **D.    April 16, 2007 Hearing Before Judge Alsup.**

21           On April 16, 2007, in a hearing before District Court Judge William Alsup, Netflix

22   argued based on *EchoStar* that it was entitled to discovery of Blockbuster's privileged

23   communications with trial counsel, work product of trial counsel, and opinion counsel's work

24   product (although Netflix agreed opinion counsel's uncommunicated work product need only be

25   maintained). *See* Nishimoto Decl., Ex. 14. Judge Alsup, however, disagreed that waiver from a

26   party's reliance on the advice-of-counsel defense necessarily extends to trial counsel. *See id.* at

27   p. 12. The Court advised Blockbuster and its trial counsel to answer foundational questions

28   relating to Blockbuster's communications with Alschuler Grossman and Shearman & Sterling.

LA/40379590.1                                    6

BLOCKBUSTER, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER

*See id.* at pp. 17-18.  As to opinion counsel and trial counsel's work product that has never been shared with the expert or the client, Judge Alsup commented that it "ought to be beyond the pale" and "ought to be never touched" unless Netflix could show a compelling reason otherwise. *See id.* at p. 19.

## III.    ARGUMENT AND AUTHORITIES

### A.    Netflix Improperly Seeks to Invade The Attorney-Client Privilege Between Blockbuster and Trial Counsel and Trial Counsel's Internal Work Product.

#### 1.    Attorney-Client Privilege

Court after court recognizes the critical importance of the attorney-client privilege. *See, e.g., Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) ("The privilege recognizes that sound legal advice or advocacy serves the public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client").  As the Supreme Court noted, the attorney-client privilege encourages "full and frank communication between attorneys and their clients." *Id.*; *see also Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1344 (Fed. Cir. 2004)[2] ("There should be no risk of liability in disclosures to and from counsel in patent matters; such risk can intrude upon full communication and ultimately the public interest in encouraging open and confident relationships between client and attorney").  If counsel is to effectively and candidly advise his or her client regarding the risks of litigation, that counsel's communications and work product should not be at risk of being produced.

Netflix claims Blockbuster waived attorney-client privilege between it and trial counsel by producing opinion letters of counsel.  They are wrong.  In *EchoStar*, the Federal Circuit addressed the issue of the scope of waiver for opinion counsel when a party relies on the advice of counsel as a defense to willfulness in patent cases.  448 F.3d 1294 at 1303-04.  In *EchoStar*, the Federal Circuit identified three categories of information:  (1) documents communicated to or from the client that embody a communication between the attorney and client concerning the

---

[2] Federal Circuit law governs this discovery dispute because it implicates "substantive patent law." *See Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 265 F.3d 1294, 1307 (Fed. Cir. 2001).

BLOCKBUSTER, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER

1  subject matter of the case, such as a traditional opinion letter, (2) documents analyzing the law,

2  facts, trial strategy, and so forth that reflect the attorney's mental impressions but were not given

3  to the client, and (3) documents that discuss a communication between attorney and client

4  concerning the subject matter of the case but are not themselves communications to or from the

5  client. *See id.* at 1302. The Court ruled that categories 1 and 3 were waived but category 2 was

6  not. *See id.* at 1303.

7       *EchoStar* did not address the waiver of privilege regarding separate trial counsel. *See*

8  *Genentech, Inc. v. Insmed Inc.*, 442 F.Supp. 2d 838 (N.D. Cal. 2006) ("the issue [of whether

9  waiver should extend to trial counsel] apparently was not before the [*EchoStar*] court.");

10  *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 U.S. Dist. LEXIS 18307, at *15 (N.D. Cal. Feb.

11  28, 2007) ("The court in EchoStar did not address the issue of any distinction between work

12  product of opinion counsel and trial counsel, or attorney-client communications of opinion

13  counsel and trial counsel"). *See also Ampex Corp. v. Eastman Kodak Co.*, No. Civ. A. 04-1373-

14  KAJ, 2006 WL 1995140 (D. Del. July 17, 2006) (not reported in F.Supp.2d) (rejecting plaintiffs

15  contention that under *EchoStar* an advice-of-counsel defense in a patent case effects a wholesale

16  waiver of the privilege and that plaintiff was entitled to all of defendant's attorney-client

17  communications with its trial counsel). As the Court in Ampex observed, the Federal Circuit did

18  not intend "a wholesale revision of the historical understanding of the attorney-client privilege."

19  *Id.* at *3. Judge Alsup likewise doubted that the Federal Circuit intended to extend the scope of

20  waiver to trial counsel. *See* Nishimoto Decl., Ex. 14 at 12-13 (disagreeing with Netflix's counsel

21  that it is "quite clear" that "the scope of the waiver does extend to trial counsel" under In re

22  *EchoStar*).

23       Moreover, to the extent Netflix seeks any in-house counsel communications and

24  communicated work product where Blockbuster's in-house counsel acted as a "conduit" for

25  Blockbuster's trial counsel, Blockbuster has not waived privilege as to any of those

26  communications either. *See Autobytel, Inc. v. Dealiz Corp.*, 455 F.Supp.2d 569, 576 (E.D. Tex.

27  2006) (Davis, J.) ("To hold otherwise would effectively allow discovery of trial-counsel

28

LA/40379590.1                                    8

1   communications and work product merely because of how privileged trial-counsel documents

2   were disseminated to [defendant]").

3                    **2.    Work Product Doctrine**

4           Courts have zealously guarded the attorney work-product immunity. *See Hickman v.*

5   *Taylor*, 329 U.S. 495, 510 (1947) (holding that files and mental impressions of an attorney that

6   are prepared in the course of legal duties are "outside the arena of discovery and contravenes

7   public policy underlying the orderly prosecution and defense of legal claims"); *Mattenson v.*

8   *Baxter Healthcare Corp.*, 438 F.3d 763, 767-68 (7th Cir. 2006) ("The work-product doctrine

9   shields materials that are prepared in anticipation of litigation from the opposing party, on the

10  theory that the opponent shouldn't be allowed to take a free ride on the other party's research, or

11  get the inside dope on that party's strategy"). The Federal Circuit, in *EchoStar*, also recognized

12  the importance of the work-product immunity, reasoning that its protection "promotes a fair and

13  efficient adversarial system by protecting the attorney's thought processes and legal

14  recommendations from the prying eyes of his or her opponents." 448 F.3d at 1301.

15          In cases where the accused infringer relies on the advice-of-counsel defense, the plaintiff

16  is not entitled to "unfettered discretion to rummage through all of [defendant's] files and pillage

17  all of their litigation strategies." *EchoStar*, 448 F.3d at 1303. Attorney work product unrelated

18  to the opinion on which an accused infringer relies is not discoverable. *Informatica Corp. v.*

19  *Business Objects Data Integration*, 454 F.Supp. 2d 957, 964 (N.D. Cal. 2006). Even work

20  product relating to the opinion "deserves the highest protection from disclosure." *EchoStar*, 448

21  F.3d at 1303. This so-called "opinion" work product of opinion counsel is protected from

22  discovery to the extent that it has not been communicated to the client or references

23  communications with the client. *Id.* ("if a legal opinion or mental impression was never

24  communicated to the client, then it provides little if any assistance to the court in determining

25  whether the accused knew it was infringing, and any relative value is outweighed by the policies

26  supporting the work-product doctrine"). The Federal Circuit described these documents as a

27  "second category of work product," (*EchoStar*, 448 F.3d at 1303) which includes "documents

28

1   analyzing the law, facts, trial strategy, and so forth that reflect the attorney's mental impression

2   but were not given to the client." *Id.* at 1302. This "second category" is not discoverable. *Id.*

3          The Federal Circuit held unequivocally that such documents do not fall within the scope

4   of waiver and are protected from discovery because they were never communicated to the client,

5   and are therefore irrelevant to the client's state of mind. *EchoStar*, 448 F.3d at 1303. The same

6   reasoning applies to trial counsel, even more so. All of trial counsel's work product should thus

7   be protected from discovery. *See, e.g., Indiana Mills & Mfg., Inc. v. Dorel Indus., Inc.*, 2006 WL

8   1749413, at *4 (S.D. Ind. May 26, 2006) ("There is no indication that the EchoStar court

9   intended to extend this waiver to communications of trial counsel or to work product of trial

10  counsel. In fact, that issue was not before the Court."); withdrawn *on other grounds*, 2006 WL

11  1993420 (S.D. Ind. July 14, 2006).

12          **B.     Alternatively, This Court Should Stay Any Discovery Pending The Federal**
13          **Circuit's _En Banc_ Ruling _In Re Seagate Technology_.**

14          Alternatively, this Court should stay any discovery on the issue of whether Blockbuster

15  has waived the attorney-client privilege or work product protection as to trial counsel based on

16  its reliance on the advice of opinion counsel because the Federal Circuit has recently granted *en*

17  *banc* review to address that exact issue. See *In re Seagate Technology*, LLC, 2007 WL 196403

18  (Fed. Cir. Jan. 26, 2007) (considering the question of whether a party's assertion of the advice-

19  of-counsel defense to willful infringement extends waiver of the attorney-client privilege to

20  communications with trial counsel). The Federal Circuit will also address issues relating to the

21  discoverability of trial counsel's internal work product. *Id.* (considering the question of whether

22  a party's assertion of the advice-of-counsel defense to willful infringement extends to waiver of

23  the work-product immunity).

24          In *Seagate*, the defendant asserted the advice-of-counsel defense and relied on opinions

25  of counsel related to infringement, invalidity, and enforceability to defend against plaintiff's

26  willful infringement claim. The opinion counsel and litigation counsel in Seagate were separate

27  and independent. The plaintiff sought discovery of all communications pertaining to the subjects

28  of infringement, invalidity, and enforceability, including depositions of the lead trial lawyers for

BLOCKBUSTER, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER

1  the defendant. The defendant asserted the attorney-client privilege for its communications with

2  trial counsel. The magistrate and district court required the defendant to produce all

3  communications with trial counsel concerning infringement, invalidity, and enforceability -

4  "even if it is communicated in the context of trial preparation." *See* Petition for a Writ of

5  Mandamus, 2007 WL 903947 (quoting district court order). *Seagate* filed a petition for writ of

6  mandamus with the Federal Circuit, which decided sua sponte to hear the matter *en banc*. The

7  Federal Circuit has ordered a stay of discovery in that case pending its resolution of this

8  important question. This Court should, at minimum, do the same.[3]

9      If this Court were to permit discovery regarding communications between Blockbuster

10 and its trial counsel prior to the Federal Circuit's ruling in Seagate, Blockbuster will suffer

11 irreparable harm and prejudice if, as expected, the Federal Circuit rules that the assertion of the

12 advice-of-counsel defense does not extend the waiver of privilege to communications with trial

13 counsel. *See Avago Technologies General IP Pte. Ltd. v. Elan Microelectronics Corp.*, No. C04-

14 05385 RMW (HRL), 2007 WL 841785 (N.D. Cal. Mar. 20, 2007) (deferring ruling on whether

15 defendant waived attorney-client and work product immunity over all communications with trial

16 counsel until the Federal Circuit rules on *In re Seagate*).

17 **IV.    CONCLUSION**

18     For these reasons, Blockbuster respectfully requests that the Court issue an order that

19 Blockbuster and its trial counsel -- Alschuler Grossman and Shearman & Sterling -- are entitled

20 to a protective order relieving them of answering any questions or producing any documents

21

22

23

24

25

26 [3] Indeed, on April 17, 2007, Judge Kaplan, sitting in the Northern District of Texas (the location
   in which Blockbuster filed its previous motion for protective order, since withdrawn) issued an

27 order stating that he was "inclined to agree" that discovery should be stayed regarding the issue
   until *Seagate Technology* is decided. *See* Nishimoto Decl., Ex. 21 at 2.

28

BLOCKBUSTER, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER

1  which would divulge any attorney-client communications with Blockbuster or any of trial

2  counsel's work-product.

3

DATED:  May 4, 2007                    BINGHAM MCCUTCHEN LLP

4

5

                                       By:_____/s/_____

6                                                      Mary T. Huser
                                          Attorneys for Defendant and Counterclaimant,
7                                         BLOCKBUSTER, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA/40379590.1                          12

BLOCKBUSTER, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER