BINGHAM McCUTCHEN LLP
Donn P. Pickett (SBN 72257)
Mary T. Huser (SBN 136051)
Adrienne L. Taclas (SBN 166115)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286

Marshall B. Grossman (SBN 35958)
William J. O'Brien (SBN 99526)
Tony D. Chen (SBN 176635)
Dominique N. Thomas (SBN 231464)
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA 90404-4060
Telephone: (310) 907-1000
Facsimile: (310) 907-2000

Attorneys for Defendant and Counterclaimant,
BLOCKBUSTER INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLOCKBUSTER INC., a Delaware corporation, DOES 1-50,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. C 06 2361 WHA (JCS)<br><br>**DECLARATION OF RYAN M. NISHIMOTO IN SUPPORT OF BLOCKBUSTER, INC.'S MOTION FOR PROTECTIVE ORDER**<br><br>Complaint Filed: April 4, 2006 |

DECLARATION OF RYAN M. NISHIMOTO IN SUPPORT OF BLOCKBUSTER INC.'S MOTION FOR
PROTECTIVE ORDER
CASE NO. C 06 2361 WHA (JCS)

LA/40379387.4/3006338-0000325413

dockets.Justia.com

I, Ryan M. Nishimoto, declare as follows:

1. I am an associate at the law firm of Bingham McCutchen LLP, attorneys of record herein for Defendant and Counterclaimant Blockbuster, Inc. ("Blockbuster") in this action, and have personal knowledge of each and all of the facts stated in this declaration. If called to testify as a witness, I could and would do so competently.

2. On or about April 4, 2007, Netflix served its Third Amended Notice of Deposition of Blockbuster, Inc. Pursuant to Fed. R. Civ. P. 30(b)(6). A true and correct copy of this document is attached hereto as **Exhibit 1**.

3. On or about April 4, 2007, Netflix served its Notice of Deposition of Alschuler Grossman LLP Pursuant to Fed. R. Civ. P. 30(b)(6). A true and correct copy of this document is attached hereto as **Exhibit 2**.

4. On or about April 4, 2007, Netflix served its Notice of Deposition of Shearman & Sterling LLP Pursuant to Fed. R. Civ. P. 30(b)(6). A true and correct copy of this document is attached hereto as **Exhibit 3**.

5. On or about April 4, 2007, Netflix served its Notice of Deposition of Baker Botts LLP Pursuant to Fed. R. Civ. P. 30(b)(6). A true and correct copy of this document is attached hereto as **Exhibit 4**.

6. On or about April 4, 2007, Netflix served its Notice of Deposition of Blakely, Sokoloff, Taylor & Zafman LLP Pursuant to Fed. R. Civ. P. 30(b)(6). A true and correct copy of this document is attached hereto as **Exhibit 5**.

7. On or about April 18, 2007, Alschuler Grossman LLP ("Alschuler Grossman") served Objections and Responses of Non-Party Alschuler Grossman LLP in response to Netflix's April 4, 2007 Subpoena. A true and correct copy of this document is attached hereto as **Exhibit 6**.

8. On or about April 18, 2007, Shearman & Sterling LLP ("Shearman & Sterling") served Objections and Responses of Non-Party Shearman & Sterling LLP in response to Netflix's April 4, 2007 Subpoena. A true and correct copy of this document is attached hereto

1 | as **Exhibit 7**.

2 |     9.    On or about April 18, 2007, Baker Botts LLP ("Baker Botts") served Objections and Responses of Non-Party Baker Botts LLP in response to Netflix's April 4, 2007 Subpoena. A true and correct copy of this document is attached hereto as **Exhibit 8**.

    10.    On or about April 18, 2007, Blakely, Sokoloff, Taylor & Zafman LLP ("Blakely") served Objections and Responses of Non-Party Blakely, Sokoloff, Taylor & Zafman LLP in response to Netflix's April 4, 2007 Subpoena. A true and correct copy of this document is attached hereto as **Exhibit 9**.

    11.    On or about April 19, 2007, in a letter addressed to Michael L. Raiff from Susan J. Harriman, Netflix's counsel requested responses to ten "foundational questions pertaining to the <u>Echostar</u> privilege issues." A true and correct copy of this letter is attached hereto as **Exhibit 10**.

    12.    On or about April 18, 2007, Blakely produced documents with Bates labels BLAKELY00001-00100 "from the files of Blakely, Sokoloff, Taylor & Zafman LLP." A true and correct copy of the April 18, 2007 cover letter accompanying this production from Ryan M. Nishimoto to Kevin T. Reed is attached hereto as **Exhibit 11**.

    13.    On or about April 27, 2007, Baker Botts produced documents with Bates labels BAKER00000001-00000488 "[i]n response to the April 3, 2007 Subpoena served on Baker Botts, LLP by Netflix." A true and correct copy of the April 27, 2007 cover letter from Daniel J. Kelly to Gene Paige is attached hereto as **Exhibit 12**.

    14.    On or about April 30, 2007, Baker Botts produced a document with Bates labels BAKER00000489-00000582 as "additional document responsive to the document requests in the Subpoena issued to Baker Botts, LLP." A true and correct copy of the April 27, 2007 e-mail correspondence accompanying this production from Daniel J. Kelly to Gene Paige is attached hereto as **Exhibit 13**.

    15.    On April 16, 2007, counsel for the parties appeared before District Court Judge William Alsup. A true and correct copy of the transcript of that hearing is attached hereto

1 as **Exhibit 14**.

2   16. On April 9, 2007, in a letter addressed to Baker Botts partner Barton E. Showalter from Keker & Van Nest associate Dorothy R. McLaughlin, counsel for Netflix stated that they are "expecting production of documents in categories one and three" as defined in *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1304 (Fed. Cir. 2006). The letter further stated that "we ask that you please preserve all documents in category two because that information may become discoverable before this case is over." A true and correct copy of Ms. McLaughlin's letter to Mr. Showalter is attached hereto as **Exhibit 15**.

  17. On April 9, 2007, in a letter addressed to Blakely partner Edwin H. Taylor from Keker & Van Nest associate Dorothy R. McLaughlin, counsel for Netflix stated that they are "expecting production of documents in categories one and three" as defined in *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1304 (Fed. Cir. 2006). The letter further stated that "we ask that you please preserve all documents in category two because that information may become discoverable before this case is over." A true and correct copy of Ms. McLaughlin's letter to Mr. Taylor is attached hereto as **Exhibit 16**.

  18. On or about April 18, 2007, Blakely produced a privilege log. A true and correct copy of the privilege log is attached hereto as **Exhibit 17**.

  19. On or about May 3, 2007, Blakely produced an amended privilege log. A true and correct copy of the amended privilege log is attached hereto as **Exhibit 18**.

  20. On or about April 30, 2007, Baker Botts produced a privilege log. A true and correct copy of the privilege log is attached hereto as **Exhibit 19**.

  21. On or about May 3, 2007, Alschuler Grossman produced a privilege log. A true and correct copy of the privilege log is attached hereto as **Exhibit 20**.

  22. On April 17, 2007, Judge Kaplan, sitting in the Northern District of Texas (the location in which Blockbuster filed its previous motion for protective order) issued an order stating that he was "inclined to agree" that discovery should be stayed regarding the issue until *Seagate Technology* is decided. A true and correct copy of Judge Kaplan's order is attached

hereto as **Exhibit 21**.

23. On information and belief, on April 26, 2007, counsel for Netflix deposed Blakely partner Edwin H. Taylor. On information and belief, on May 2, 2007, counsel for Netflix deposed Baker Botts partner Bart Showalter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 4, 2007 in Los Angeles, California.

_____
Ryan M. Nishimoto

5

DECLARATION OF RYAN M. NISHIMOTO IN SUPPORT OF BLOCKBUSTER INC.'S MOTION FOR PROTECTIVE ORDER
CASE NO. C 06 2361 WHA (JCS)

LA/40379387.4/3006338-0000325413