# EXHIBIT 1

Dockets.Justia.com

04/04/2007 15:58 FAX 4153977188          KEKER & VAN NEST LLP                    ☑002

1  KEKER & VAN NEST, LLP
   JEFFREY R. CHANIN - #103649
2  DARALYN J. DURIE - #169825
   ASHOK RAMANI - #200020
3  710 Sansome Street
   San Francisco, CA  94111-1704
4  Telephone:  (415) 391-5400
   Facsimile:  (415) 397-7188
5
   Attorneys for Plaintiff
6  NETFLIX, INC.

7
                    UNITED STATES DISTRICT COURT
8
                 NORTHERN DISTRICT OF CALIFORNIA
9

10
   NETFLIX, INC., a Delaware corporation,      Case No. C 06 2361 WHA (JCS)
11
                          Plaintiff,           **THIRD AMENDED NOTICE OF
12                                             DEPOSITION OF BLOCKBUSTER, INC.
        v.                                     PURSUANT TO FED. R. CIV. P. 30(B)(6)**
13
   BLOCKBUSTER, INC., a Delaware              Date:        April 12, 2007
14 corporation, DOES 1-50,                    Time:        9:30 am
                                              Place:       Figari & Davenport, LLP
15                        Defendant.                       3400 Bank of America Plaza
                                                           901 Main Street
16 ─────────────────────────────                           Dallas, Texas 75202
   AND RELATED COUNTERCLAIMS
17                                            Complaint filed:    April 4, 2006

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1          PAGE 4

04/04/2007 15:58 FAX 4153977188          KEKER & VAN NEST LLP                    ☑003

1  **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2      **PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

3  Procedure, Plaintiff, Netflix, Inc. ("Netflix"), by and through its attorneys, will take the

4  deposition of Blockbuster, Inc. ("Blockbuster"), beginning at 9:30 a.m. on April 12, 2007 and

5  continuing from day to day until completed, except for weekends and holidays. Such deposition

6  will take place at the offices of Figari & Davenport, LLP, 3400 Bank of America Plaza, 901

7  Main Street, Dallas, Texas 75202, telephone (214) 939-2000, or such other time and place as

8  may be mutually agreed upon by counsel.

9      Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Blockbuster is hereby

10  advised that it is required to designate one or more officers, directors, managing agents or other

11  persons who consent and are most knowledgeable to testify on its behalf with respect to the

12  deposition topics described in Schedule A to this Notice of Deposition. The person or persons so

13  designated shall testify as to matters known or reasonably available to Blockbuster.

14      Blockbuster is requested to identify in writing to Netflix, on or before March 12, 2007,

15  the one or more officers, directors, managing agents, or other persons who consent to testify on

16  its behalf and the subject matters on which each person will testify.

17      **PLEASE TAKE FURTHER NOTICE** that, pursuant to Federal Rule of Civil

18  Procedure 30(b)(2), the deposition will be taken before a notary public or other officer

19  authorized by the law to administer oaths and will be recorded both stenographically and by

20  sound-and-visual means (i.e., by videotape). Furthermore, provision will be made for real-time

21  monitoring using LiveNote™ or similar means. Netflix reserves the right to use these recordings

22  at the time of trial.

23

24  Dated: April 3, 2007                              KEKER & VAN NEST, LLP

25

26

27                                   By: _____
                                    KEVIN T. REED

28                                      Attorneys for Plaintiff
                                    NETFLIX, INC.

THIRD AMENDED NOTICE OF FED. R. CIV. P. 30(B)(6) DEPOSITION OF BLOCKBUSTER, INC.

EXHIBIT ___1___   PAGE ___7___

**SCHEDULE A**

**I. DEFINITIONS**

1.    "BLOCKBUSTER" means Blockbuster, Inc., and each of its divisions, subsidiaries, departments, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its past and present employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including without limitation BLOCKBUSTERONLINE as defined herein.

2.    "BLOCKBUSTERONLINE" refers to BLOCKBUSTER'S online rental services, (including, but not limited to, services operated in the United Kingdom), their predecessors (including, but not limited to, Film Caddy and Blockbuster "Rental by Post") and successors.

3.    "NETFLIX" as used herein means Netflix, Inc., its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

4.    "ACCENTURE" as used herein means Accenture, Inc., its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

5.    "IBM" as used herein means International Business Machines Corporation, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

6.    "IMC2" refers to IMC2 GP LLC (d/b/a IMC$^2$), its parents, subsidiaries, divisions, affiliates, assigns, successors, acquired assets, business units, and any present or former officers, directors, trustees, employees, agents, representatives, attorneys, associates, and/or all other persons acting, or purporting to act, on its behalf.

7.    "MINTER & REID" refers to Minter & Associates, Inc. (d/b/a "Minter & Reid"

2

THIRD AMENDED NOTICE OF FED. R. CIV. P. 30(B)(6) DEPOSITION OF BLOCKBUSTER, INC.

EXHIBIT 1     PAGE 8

1    and/or "The Firestarters"), its parents, subsidiaries, divisions, affiliates, assigns, successors,

2    acquired assets, business units, and any present or former officers, directors, trustees, employees,

3    agents, representatives, attorneys, associates, and/or all other persons acting, or purporting to act,

4    on its behalf.

5        8.    "PATENTS-IN-SUIT" refers to United States Patent Nos. 7,024,381 and

6    6,584,450, both individually and collectively.

7        9.    "COMMUNICATION" means any provision, receipt, or exchange of any

8    information in any manner or form, including any oral, telephonic, written, electronic or other

9    means of communication.

10        10.    The connectives "and" and "or" shall be construed either disjunctively or

11    conjunctively as necessary to bring within the scope of the discovery request all responses that

12    might otherwise be construed to be outside of its scope.

13                        **II. TOPICS FOR EXAMINATION**

14        1.    The design, development, and operation of BLOCKBUSTERONLINE.

15        2.    The role played by and contributions of any third party in the design,

16    development, operation, and administration of BLOCKBUSTERONLINE, including without

17    limitation ACCENTURE, IBM, MINTER & REID, and IMC2.

18        3.    Evaluation, analysis, use, and/or testing of NETFLIX by BLOCKBUSTER.

19        4.    When and how BLOCKBUSTER first became aware of the PATENTS-IN-SUIT.

20        5.    Agreements, including without limitation license agreements, royalty agreements,

21    indemnification agreements, sales agreements, agreements concerning patents and related

22    applications, trade secrets, research and development agreements, design agreements, and/or

23    distribution agreements, and any payments made pursuant to such agreements, that address

24    BLOCKBUSTERONLINE entered into between BLOCKBUSTER and any person.

25        6.    The identities and any competitive analyses of all competitors in the market in

26    which NETFLIX and BLOCKBUSTER operate.

27        7.    Any damages that BLOCKBUSTER contends that it has suffered as a result of

28    NETFLIX'S acquisition or assertion of either of the PATENTS-IN-SUIT.

THIRD AMENDED NOTICE OF FED. R. CIV. P. 30(b)(6) DEPOSITION OF BLOCKBUSTER, INC.

EXHIBIT     1      PAGE     9

04/04/2007 15:59 FAX 4153977188          KEKER & VAN NEST LLP                      ☒006

8.     The efforts undertaken by BLOCKBUSTER to retain and locate documents, including without limitation email, in support of BLOCKBUSTER'S Fed. R. Civ. P. 26 Initial Disclosures and in response to NETFLIX'S document requests to BLOCKBUSTER.

9.     All COMMUNICATIONS between BLOCKBUSTER and its counsel, including but not limited to in-house counsel; Alschuler Grossman, LLP and its predecessor firms; Baker Botts, LLP; Blakely Sokoloff Taylor & Zafman, LLP; and/or Shearman & Sterling, LLP, regarding the validity or invalidity of any claim of either of the PATENTS-IN-SUIT.

THIRD AMENDED NOTICE OF FED R. CIV. P. 30(B)(6) DEPOSITION OF BLOCKBUSTER, INC.

EXHIBIT __1__  PAGE __10__

**PROOF OF SERVICE**

1

2      I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

3

4

5      On April 4, 2007, I served the following document(s):

6      **THIRD AMENDED NOTICE OF DEPOSITION OF BLOCKBUSTER, INC. PURSUANT TO FED. R. CIV. P. 30(B)(6)**

7

8      by **FACSIMILE TRANSMISSION (PERSONAL) AND UNITED STATES MAIL**, by transmitting via facsimile a true and correct copy on this date. The transmission was reported as complete and without error. Additionally, a true and correct copy was placed in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

9

10

11

12

13      Marshall B. Grossman, Esq.
14      William J. O'Brien, Esq.
        ALSCHULER GROSSMAN LLP
15      1620 26th Street, 4th Floor, North Tower
        Santa Monica, CA 90404-4060
16      Fax: 310/907-2033

17

18      Executed on April 4, 2007, at San Francisco, California.

19      I, Diane Blais Miller, declare under penalty of perjury under the laws of the United States that the above is true and correct.

20

21

22                          DIANE BLAIS MILLER

23

24

25

26

27

28

                                          1

EXHIBIT ___1___    PAGE ___11___

# EXHIBIT 2

1   KEKER & VAN NEST, LLP
    JEFFREY R. CHANIN - #103649
2   DARALYN J. DURIE - #169825
    ASHOK RAMANI - #200020
3   710 Sansome Street
    San Francisco, CA 94111-1704
4   Telephone: (415) 391-5400
    Facsimile: (415) 397-7188
5
    Attorneys for Plaintiff
6   NETFLIX, INC.

7                      UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9

10  NETFLIX, INC., a Delaware corporation,        Case No. C 06 2361 WHA (JCS)

11                                                **NOTICE OF DEPOSITION OF**
                          Plaintiff,              **ALSCHULER GROSSMAN LLP**
12                                                **PURSUANT TO FED. R. CIV. P. 30(B)(6)**

13          v.
                                                  Date:       April 23, 2007
14  BLOCKBUSTER, INC., a Delaware                 Time:       9:30 a.m.
    corporation, DOES 1-50,                       Place:      Caldwell Leslie Proctor &
15                                                            Pettit P.C.
                          Defendant.                          1000 Wilshire Blvd.
16                                                            Suite 600
    _____              Los Angeles, CA 90017
17
    AND RELATED COUNTERCLAIMS                     Complaint filed:    April 4, 2006
18

19

20

21

22

23

24

25

26

27

28

EXHIBIT   2   PAGE 2

1    **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2    **PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

3    Procedure, Plaintiff, Netflix, Inc. ("Netflix"), by and through its attorneys, will take the

4    deposition of Alschuler Grossman LLP ("Alschuler"), beginning at 9:30 a.m. on April 23, 2007

5    and continuing from day to day until completed, except for weekends and holidays.  Such

6    deposition will take place at the offices of Caldwell, Leslie, Proctor & Pettit, P.C., 1000 Wilshire

7    Boulevard, Suite 600, Los Angeles, CA 90017, telephone (213) 629-9040, or such other time and

8    place as may be mutually agreed upon by counsel.

9         Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Alschuler is hereby

10   advised that it is required to designate one or more officers, directors, managing agents or other

11   persons who consent and are most knowledgeable to testify on its behalf with respect to the

12   deposition topics described in Attachment A to this Notice of Deposition.  The person or persons

13   so designated shall testify as to matters known or reasonably available to Alschuler.

14   **PLEASE TAKE FURTHER NOTICE** that, pursuant to Federal Rule of Civil

15   Procedure 30(b)(2), the deposition will be taken before a notary public or other officer

16   authorized by the law to administer oaths and will be recorded both stenographically and by

17   sound-and-visual means (i.e., by videotape).  Furthermore, provision will be made for real-time

18   monitoring using LiveNote™ or similar means.  Netflix reserves the right to use these recordings

19   at the time of trial.

20        A copy of the subpoena for Alschuler Grossman LLP's deposition is attached to this

21   notice.  Topics of examination and materials requested prior to the deposition are set forth in

22   Attachment A to the Subpoena.

23   Dated: April 5, 2007                          KEKER & VAN NEST, LLP

24

25

26   By: _____
                KEVIN T. REED
27              Attorneys for Plaintiff
                NETFLIX, INC.
28

EXHIBIT  2  PAGE 13

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL   DISTRICT OF CALIFORNIA

NETFLIX, INC., a Delaware corporation

**SUBPOENA IN A CIVIL CASE**

v.

BLOCKBUSTER, INC., a Delaware
corporation, DOES 1-50

Case Number: [1] C 06 2361 WHA (JCS)
United States District Court
Northern District of California

TO:  Alschuler Grossman LLP
     1620 26th Street, 4th Floor, North Tower
     Santa Monica, CA 90404-4060  (310) 907-1000

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[X]  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
     the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Caldwell, Leslie, Proctor & Pettit, P.C. (213)629-9040<br>1000 Wilshire Blvd., Ste. 600, Los Angeles, CA 90017 | April 23, 2007<br>9:30 a.m. |

[X]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
     place, date, and time specified below (list documents or objects):
See Attachment A for topics of examination (Exhibit I) and list of requested
materials (Exhibit II)

| PLACE | DATE AND TIME |
|---|---|
| Caldwell, Leslie, Proctor & Pettit, P.C.<br>1000 Wilshire Blvd., Ste. 600, Los Angeles, CA 90017<br>(213) 629-9040 | April 18, 2007<br>10:00 a.m. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Plaintiff NETFLIX, INC. | April 4, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
KEVIN T. REED, KEKER & VAN NEST LLP, 710 Sansome Street
San Francisco, CA 94111 (415) 391-5400

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

EXHIBIT _2_ PAGE _14_

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT _2_ PAGE _15_

### ATTACHMENT A

### DEFINITIONS AND INSTRUCTIONS

1.  "YOU," "YOUR," and "ALSCHULER" mean Alschuler Grossman, LLP and any of its domestic and foreign predecessors, successors, parents, subsidiaries, divisions, affiliates, partnerships, joint ventures, or other entities within their operation or control, and their respective present and former general and limited partners, members, managers, officers, directors, employees, attorneys, agents and advisors, and anyone acting on their behalf.

2.  "BLOCKBUSTER" means Blockbuster, Inc., its parents, subsidiaries, divisions, affiliates, assigns, successors, acquired assets, business units, and any present or former officers, directors, trustees, employees, agents, representatives, attorneys, associates, and/or all other persons acting, or purporting to act, on its behalf.

3.  "PATENTS-IN-SUIT" means any of the following, both individually and collectively:

   i.  United States Patent No. 7,024,381, entitled "Approach for Renting Items to Customers," which names as inventors W. Reed Hastings, Marc B. Randolph, and Neil Duncan Hunt, issued April 4, 2006, on an application filed May 14, 2003;

   ii.  United States Patent No. 6,584,450, entitled "Method and Apparatus for Renting Items," which names as inventors W. Reed Hastings, Marc B. Randolph, and Neil Duncan Hunt, issued June 24, 2003, on an application filed April 28, 2000;

   iii.  United States Patent Application No. 10/438,727, filed May 14, 2003; and

   iv.  United States Patent Application No. 09/561,041, filed April 28, 2000.

4.  "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained

1

EXHIBIT    2    PAGE  16

1  and translated, if necessary, into reasonably useable form, including documents and translated, if

2  necessary, into reasonably useable form, including documents stored on laptop computers,

3  personal digital assistants (PDAs), Blackberrys and other similar devices.

4       5. "COMMUNICATION" means any provision, receipt, or exchange of any

5  information in any manner or form, including any oral, telephonic, written, electronic or other

6  means of communication.

7       6. "RELATING TO" means in whole or in part constituting, containing,

8  concerning, discussing, referring, describing, analyzing, identifying, evidencing, or stating.

9       7. The singular form of a word should be interpreted as plural wherever necessary to

10  bring with the scope of the request any information that might otherwise be construed to be

11  outside its scope.

12       8. The words "and" and "or" should be construed either disjunctively or

13  conjunctively wherever necessary to bring within the scope of this request any information that

14  might otherwise be construed to be outside its scope.

15       9. In responding to these Requests, you are required to furnish all documents that are

16  available to you, including documents in the possession, custody or control of your attorneys,

17  officers, agents, employees, accountants, consultants, representatives, or any persons directly or

18  indirectly employed by or connected with you or your attorneys or anyone else subject to your

19  control. All documents that are responsive, in whole or in part, to any portion of these Requests

20  shall be produced in their entirety, including all attachments.

21       10. All documents should be produced as they are kept in the ordinary course of

22  business or should be organized and labeled to correspond to the specific requests to which they

23  are responsive. All documents should be produced in any file folder or carton in which they

24  have been maintained, and should be stored, clipped, stapled, or otherwise arranged in the same

25  form and manner in which they were found.

26       11. If and to the extent that you object to any request, state with specificity all

27  grounds for any such objection.

28

2

EXHIBIT 2 PAGE 17

12. If you assert any claim of privilege to object to any request, and you do not respond based upon that asserted privilege, state or identify with respect to each such privilege objection: (a) the privilege upon which you are relying; and (b) with respect to any specific document(s) as to which you assert a privilege, provide a privilege log corresponding to all such documents.

3

EXHIBIT  2  PAGE  18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT I

## MATTERS UPON WHICH EXAMINATION REQUESTED

Pursuant to the provisions of Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are hereby directed to designate one or more officers, directors, managing agents, or other persons designated by ALSCHULER who consent to testify as to the matters set forth below:

1.    All COMMUNICATIONS between ALSCHULER and BLOCKBUSTER regarding the validity or invalidity of any claim of either of the PATENTS-IN-SUIT.

2.    All studies, analyses, reviews, conclusions or opinions (including opinion of counsel) by either ALSCHULER or any other PERSON, whether written or oral, as to the validity or invalidity of any claim of either of the PATENTS-IN-SUIT.

3.    The efforts undertaken by ALSCHULER to preserve, retain, and locate DOCUMENTS responsive to this subpoena.

4.    The manner of keeping and authenticity of any DOCUMENTS produced pursuant to this subpoena.

4

EXHIBIT __2__ PAGE __19__

## EXHIBIT II

## DOCUMENTS REQUESTED

1.    All DOCUMENTS RELATING TO COMMUNICATIONS regarding the validity or invalidity of any claim of either of the PATENTS-IN-SUIT.

2.    All DOCUMENTS RELATING TO any study, analysis, review, conclusion or opinion (including opinion of counsel) by either ALSCHULER or any other PERSON, whether written or oral, as to the validity or invalidity of any claim of either of the PATENTS-IN-SUIT, or to the research, investigation or preparation of any such DOCUMENT.

5

EXHIBIT 2 PAGE 20

**PROOF OF SERVICE**

1

2    I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

3

4

5    On April 5, 2007, I served the following document(s):

6    **NOTICE OF DEPOSITION OF ALSCHULER GROSSMAN LLP PURSUANT TO FED. R. CIV. P. 30(B)(6)**

7

8    by **FACSIMILE TRANSMISSION (PERSONAL) AND UNITED STATES MAIL**, by transmitting via facsimile a true and correct copy on this date. The transmission was reported as complete and without error. Additionally, a true and correct copy was placed in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP-for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

9

10

11

12

13

14    William J. O'Brien, Esq.
     ALSCHULER GROSSMAN LLP
15    1620 26th Street, 4th Floor, North Tower
     Santa Monica, CA 90404-4060
16    Fax: 310/907-2033

17

     Executed on April 5, 2007, at San Francisco, California.

18

19    I, Diane Blais Miller, declare under penalty of perjury under the laws of the United States that the above is true and correct.

20

21                              *Diane Blais Miller*

22                              DIANE BLAIS MILLER

23

24

25

26

27

28

                                1

EXHIBIT ___2___ PAGE _21_

# EXHIBIT 3

1  KEKER & VAN NEST, LLP
   JEFFREY R. CHANIN - #103649
2  DARALYN J. DURIE - #169825
   ASHOK RAMANI - #200020
3  710 Sansome Street
   San Francisco, CA 94111-1704
4  Telephone: (415) 391-5400
   Facsimile: (415) 397-7188
5
   Attorneys for Plaintiff
6  NETFLIX, INC.

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9

10  NETFLIX, INC., a Delaware corporation,      Case No. C 06 2361 WHA (JCS)

11                                 Plaintiff,    **NOTICE OF DEPOSITION OF
                                                SHEARMAN & STERLING, LLP
12       v.                                     PURSUANT TO FED. R. CIV. P. 30(B)(6)**

13  BLOCKBUSTER, INC., a Delaware               Date:        April 25, 2007
    corporation, DOES 1-50,                     Time:        9:30 a.m.
14                                              Place:       Cooley Godward Kronish LLP
15                                 Defendant.                1114 Avenue of the Americas
                                                            46th Floor
16                                                          New York, NY 10036
    AND RELATED COUNTERCLAIMS
17                                              Complaint filed:      April 4, 2006

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT   *6*   PAGE   *22*

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff, Netflix, Inc. ("Netflix"), by and through its attorneys, will take the deposition of Shearman & Sterling, LLP ("Shearman"), beginning at 9:30 a.m. on April 25, 2007 and continuing from day to day until completed, except for weekends and holidays. Such deposition will take place at the offices of Cooley Godward Kronish LLP, 1114 Avenue of the Americas, 46th Floor, New York, NY 10036, telephone (212) 479-6610, or such other time and place as may be mutually agreed upon by counsel.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Shearman is hereby advised that it is required to designate one or more officers, directors, managing agents or other persons who consent and are most knowledgeable to testify on its behalf with respect to the deposition topics described in Attachment A to this Notice of Deposition. The person or persons so designated shall testify as to matters known or reasonably available to Shearman.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(2), the deposition will be taken before a notary public or other officer authorized by the law to administer oaths and will be recorded both stenographically and by sound-and-visual means (i.e., by videotape). Furthermore, provision will be made for real-time monitoring using LiveNote™ or similar means. Netflix reserves the right to use these recordings at the time of trial.

A copy of the subpoena for Shearman & Sterling, LLP's deposition is attached to this notice. Topics of examination and materials requested prior to the deposition are set forth in Attachment A to the Subpoena.

Dated: April 5, 2007

                                    KEKER & VAN NEST, LLP


                                    By: _____
                                        KEVIN T. REED
                                        Attorneys for Plaintiff
                                        NETFLIX, INC.

1

EXHIBIT 3 PAGE 23

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

SOUTHERN     DISTRICT OF NEW YORK

NETFLIX, INC., a Delaware corporation

**SUBPOENA IN A CIVIL CASE**

v.

BLOCKBUSTER, INC., a Delaware
corporation, DOES 1-50

Case Number: ' C 06 2361 WHA (JCS)
United States District Court
Northern District of California

TO:  Shearman & Sterling
     599 Lexington Avenue
     New York, NY  10022    (212) 848-4000

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
   testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
   the above case.

| PLACE OF DEPOSITION Cooley Godward Kronish LLP, 1114 Avenue of the Americas, 46th Fl., New York, NY 10036 (212)479-6610 | DATE AND TIME April 25, 2007 9:30 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
   place, date, and time specified below (list documents or objects):
   See Attachment A for topics of examination (Exhibit I) and list of requested
   materials (Exhibit II)

| PLACE Cooley Godward Kronish LLP, 1114 Avenue of the Americas, 46th Fl., New York, NY 10036 (212)479-6610 | DATE AND TIME April 18, 2007 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorneys for Plaintiff NETFLIX, INC. | DATE April 4, 2007 |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
KEVIN T. REED, KEKER & VAN NEST LLP, 710 Sansome Street
San Francisco, CA 94111   (415) 391-5400

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

EXHIBIT ___3___  PAGE ___24___

AO 88 (Rev. 11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                       DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) **PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT ___3___ PAGE ___25___

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1.    "YOU," "YOUR," and "SHEARMAN" mean Shearman & Sterling, LLP and any of its domestic and foreign predecessors, successors, parents, subsidiaries, divisions, affiliates, partnerships, joint ventures, or other entities within their operation or control, and their respective present and former general and limited partners, members, managers, officers, directors, employees, attorneys, agents and advisors, and anyone acting on their behalf.

2.    "BLOCKBUSTER" means Blockbuster, Inc., its parents, subsidiaries, divisions, affiliates, assigns, successors, acquired assets, business units, and any present or former officers, directors, trustees, employees, agents, representatives, attorneys, associates, and/or all other persons acting, or purporting to act, on its behalf.

3.    "PATENTS-IN-SUIT" means any of the following, both individually and collectively:

    i.   United States Patent No. 7,024,381, entitled "Approach for Renting Items to Customers," which names as inventors W. Reed Hastings, Marc B. Randolph, and Neil Duncan Hunt, issued April 4, 2006, on an application filed May 14, 2003;

    ii.  United States Patent No. 6,584,450, entitled "Method and Apparatus for Renting Items," which names as inventors W. Reed Hastings, Marc B. Randolph, and Neil Duncan Hunt, issued June 24, 2003, on an application filed April 28, 2000;

    iii. United States Patent Application No. 10/438,727, filed May 14, 2003; and

    iv.  United States Patent Application No. 09/561,041, filed April 28, 2000.

4.    "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained

1

EXHIBIT   3   PAGE   26

1    and translated, if necessary, into reasonably useable form, including documents and translated, if

2    necessary, into reasonably useable form, including documents stored on laptop computers,

3    personal digital assistants (PDAs), Blackberrys and other similar devices.

4          5.     "COMMUNICATION" means any provision, receipt, or exchange of any

5    information in any manner or form, including any oral, telephonic, written, electronic or other

6    means of communication.

7          6.     "RELATING TO" means in whole or in part constituting, containing,

8    concerning, discussing, referring, describing, analyzing, identifying, evidencing, or stating.

9          7.     The singular form of a word should be interpreted as plural wherever necessary to

10   bring with the scope of the request any information that might otherwise be construed to be

11   outside its scope.

12         8.     The words "and" and "or" should be construed either disjunctively or

13   conjunctively wherever necessary to bring within the scope of this request any information that

14   might otherwise be construed to be outside its scope.

15         9.     In responding to these Requests, you are required to furnish all documents that are

16   available to you, including documents in the possession, custody or control of your attorneys,

17   officers, agents, employees, accountants, consultants, representatives, or any persons directly or

18   indirectly employed by or connected with you or your attorneys or anyone else subject to your

19   control.  All documents that are responsive, in whole or in part, to any portion of these Requests

20   shall be produced in their entirety, including all attachments.

21         10.    All documents should be produced as they are kept in the ordinary course of

22   business or should be organized and labeled to correspond to the specific requests to which they

23   are responsive.  All documents should be produced in any file folder or carton in which they

24   have been maintained, and should be stored, clipped, stapled, or otherwise arranged in the same

25   form and manner in which they were found.

26         11.    If and to the extent that you object to any request, state with specificity all

27   grounds for any such objection:

28

2

EXHIBIT___3___PAGE__27

04/05/2007 16:20 FAX 415 394 0134        KEKER & VAN NEST LLP        ✉028/051

12.    If you assert any claim of privilege to object to any request, and you do not respond based upon that asserted privilege, state or identify with respect to each such privilege objection: (a) the privilege upon which you are relying; and (b) with respect to any specific document(s) as to which you assert a privilege, provide a privilege log corresponding to all such documents.

3

EXHIBIT  3  PAGE  28

**EXHIBIT I**

**MATTERS UPON WHICH EXAMINATION REQUESTED**

Pursuant to the provisions of Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are hereby directed to designate one or more officers, directors, managing agents, or other persons designated by SHEARMAN who consent to testify as to the matters set forth below:

1.      All COMMUNICATIONS between SHEARMAN and BLOCKBUSTER regarding the validity or invalidity of any claim of either of the PATENTS-IN-SUIT.

2.      All studies, analyses, reviews, conclusions or opinions (including opinion of counsel) by either SHEARMAN or any other PERSON, whether written or oral, as to the validity or invalidity of any claim of either of the PATENTS-IN-SUIT.

3.      The efforts undertaken by SHEARMAN to preserve, retain, and locate DOCUMENTS responsive to this subpoena.

4.      The manner of keeping and authenticity of any DOCUMENTS produced pursuant to this subpoena.

4

EXHIBIT __3__ PAGE __29__

## EXHIBIT II

## DOCUMENTS REQUESTED

1.     All DOCUMENTS RELATING TO COMMUNICATIONS regarding the validity or invalidity of any claim of either of the PATENTS-IN-SUIT.

2.     All DOCUMENTS RELATING TO any study, analysis, review, conclusion or opinion (including opinion of counsel) by either SHEARMAN or any other PERSON, whether written or oral, as to the validity or invalidity of any claim of either of the PATENTS-IN-SUIT, or to the research, investigation or preparation of any such DOCUMENT.

EXHIBIT _3_ PAGE _30_

**PROOF OF SERVICE**

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On April 5, 2007, I served the following document(s):

**NOTICE OF DEPOSITION OF SHEARMAN & STERLING
PURSUANT TO FED. R. CIV. P. 30(B)(6)**

by **FACSIMILE TRANSMISSION (PERSONAL) AND UNITED STATES MAIL**, by transmitting via facsimile a true and correct copy on this date. The transmission was reported as complete and without error. Additionally, a true and correct copy was placed in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

William J. O'Brien, Esq.
ALSCHULER GROSSMAN LLP
1620 26th Street, 4th Floor, North Tower
Santa Monica, CA 90404-4060
Fax: 310/907-2033

Executed on April 5, 2007, at San Francisco, California.

I, Diane Blais Miller, declare under penalty of perjury under the laws of the United States that the above is true and correct.

_Diane Blais Miller_
DIANE BLAIS MILLER

1

EXHIBIT ___3___ PAGE ___31___

# EXHIBIT 4

1   KEKER & VAN NEST, LLP
    JEFFREY R. CHANIN - #103649
2   DARALYN J. DURIE - #169825
    ASHOK RAMANI - #200020
3   710 Sansome Street
    San Francisco, CA 94111-1704
4   Telephone: (415) 391-5400
    Facsimile: (415) 397-7188
5
    Attorneys for Plaintiff
6   NETFLIX, INC.

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9

10  NETFLIX, INC., a Delaware corporation,     Case No. C 06 2361 WHA (JCS)

11                                Plaintiff,   **NOTICE OF DEPOSITION OF BAKER
                                               BOTTS, LLP PURSUANT TO FED. R.**
12        v.                                   **CIV. P. 30(B)(6)**

13  BLOCKBUSTER, INC., a Delaware              Date:        April 24, 2007
14  corporation, DOES 1-50,                    Time:        9:30 a.m.
                                               Place:       Figari & Davenport LLP
15                                Defendant.                3400 Bank of America Plaza
                                                           901 Main Street
16                                                         Dallas, TX 75202
    AND RELATED COUNTERCLAIMS
17                                             Complaint filed:    April 4, 2006

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __4__ PAGE __32__

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff, Netflix, Inc. ("Netflix"), by and through its attorneys, will take the deposition of Baker Botts, LLP ("Baker"), beginning at 9:30 a.m. on April 24, 2007 and continuing from day to day until completed, except for weekends and holidays. Such deposition will take place at the offices of Figari & Davenport, LLP, 3400 Bank of America Plaza, 901 Main Street, Dallas, TX 75202, telephone (214) 939-2000, or such other time and place as may be mutually agreed upon by counsel.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Alschuler is hereby advised that it is required to designate one or more officers, directors, managing agents or other persons who consent and are most knowledgeable to testify on its behalf with respect to the deposition topics described in Attachment A to this Notice of Deposition. The person or persons so designated shall testify as to matters known or reasonably available to Baker.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(2), the deposition will be taken before a notary public or other officer authorized by the law to administer oaths and will be recorded both stenographically and by sound-and-visual means (*i.e.*, by videotape). Furthermore, provision will be made for real-time monitoring using LiveNote™ or similar means. Netflix reserves the right to use these recordings at the time of trial.

A copy of the subpoena for Baker Botts, LLP's deposition is attached to this notice. Topics of examination and materials requested prior to the deposition are set forth in Attachment A to the Subpoena.

Dated: April 5, 2007

KEKER & VAN NEST, LLP

By: _____
KEVIN T. REED
Attorneys for Plaintiff
NETFLIX, INC.

1

EXHIBIT___4___ PAGE___33___

04/05/2007 16:18 FAX 415 394 0134        KEKER & VAN NEST LLP                    ☑014/051

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

NORTHERN    DISTRICT OF TEXAS

NETFLIX, INC., a Delaware corporation

**SUBPOENA IN A CIVIL CASE**

v.

BLOCKBUSTER, INC., a Delaware
corporation, DOES 1-50

Case Number: ¹ C 06 2361 WHA (JCS)
United States District Court
Nortern District of California

TO:  Baker Botts, LLP
     2001 Ross Avenue
     Dallas, Texas 75201-2980; 214.953.6500

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
   testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
   the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Figari & Davenport, LLP, 3400 Bank of America Plaza, 901 Main Street, Dallas, Texas 75202, telephone (214) 939-2000 | April 24, 2007 9:30 a.m. |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
   place, date, and time specified below (list documents or objects):
See Attachment A for topics of examination (Exhibit I) and list of requested
materials (Exhibit II).

| PLACE | DATE AND TIME |
|---|---|
| Figari & Davenport, LLP, 3400 Bank of America Plaza, 901 Main Street, Dallas, Texas 75202, telephone (214) 939-2000 | April 18, 2007 10:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Plaintiff NETFLIX, INC. | April 3 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
KEVIN T. REED, KEKER & VAN NEST, 710 Sansome Street, San Francisco, CA 94111
(415) 391-5400

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

EXHIBIT  4   PAGE 34

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| | | | |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) **PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT __4__ PAGE __35__

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1.    "YOU," "YOUR," and "BAKER BOTTS" mean Baker Botts, LLP and any of its domestic and foreign predecessors, successors, parents, subsidiaries, divisions, affiliates, partnerships, joint ventures, or other entities within their operation or control, and their respective present and former general and limited partners, members, managers, officers, directors, employees, attorneys, agents and advisors, and anyone acting on their behalf.

2.    "BLOCKBUSTER" means Blockbuster, Inc., its parents, subsidiaries, divisions, affiliates, assigns, successors, acquired assets, business units, and any present or former officers, directors, trustees, employees, agents, representatives, attorneys, associates, and/or all other persons acting, or purporting to act, on its behalf.

3.    "PATENTS-IN-SUIT" means any of the following, both individually and collectively:

    i.    United States Patent No. 7,024,381, entitled "Approach for Renting Items to Customers," which names as inventors W. Reed Hastings, Marc B. Randolph, and Neil Duncan Hunt, issued April 4, 2006, on an application filed May 14, 2003;

    ii.   United States Patent No. 6,584,450, entitled "Method and Apparatus for Renting Items," which names as inventors W. Reed Hastings, Marc B. Randolph, and Neil Duncan Hunt, issued June 24, 2003, on an application filed April 28, 2000;

    iii.  United States Patent Application No. 10/438,727, filed May 14, 2003; and

    iv.   United States Patent Application No. 09/561,041, filed April 28, 2000.

4.    "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained

1

EXHIBIT    4    PAGE   36

1    and translated, if necessary, into reasonably useable form, including documents and translated, if

2    necessary, into reasonably useable form, including documents stored on laptop computers,

3    personal digital assistants (PDAs), Blackberrys and other similar devices.

4        5.    "COMMUNICATION" means any provision, receipt, or exchange of any

5    information in any manner or form, including any oral, telephonic, written, electronic or other

6    means of communication.

7        6.    "RELATING TO" means in whole or in part constituting, containing,

8    concerning, discussing, referring, describing, analyzing, identifying, evidencing, or stating.

9        7.    The singular form of a word should be interpreted as plural wherever necessary to

10   bring with the scope of the request any information that might otherwise be construed to be

11   outside its scope.

12       8.    The words "and" and "or" should be construed either disjunctively or

13   conjunctively wherever necessary to bring within the scope of this request any information that

14   might otherwise be construed to be outside its scope.

15       9.    In responding to these Requests, you are required to furnish all documents that are

16   available to you, including documents in the possession, custody or control of your attorneys,

17   officers, agents, employees, accountants, consultants, representatives, or any persons directly or

18   indirectly employed by or connected with you or your attorneys or anyone else subject to your

19   control. All documents that are responsive, in whole or in part, to any portion of these Requests

20   shall be produced in their entirety, including all attachments.

21       10.   All documents should be produced as they are kept in the ordinary course of

22   business or should be organized and labeled to correspond to the specific requests to which they

23   are responsive. All documents should be produced in any file folder or carton in which they

24   have been maintained, and should be stored, clipped, stapled, or otherwise arranged in the same

25   form and manner in which they were found.

26       11.   If and to the extent that you object to any request, state with specificity all

27   grounds for any such objection.

28

2

EXHIBIT___4___PAGE___37

1    12.    If you assert any claim of privilege to object to any request, and you do not

2    respond based upon that asserted privilege, state or identify with respect to each such privilege

3    objection:  (a) the privilege upon which you are relying; and (b) with respect to any specific

4    document(s) as to which you assert a privilege, provide a privilege log corresponding to all such

5    documents.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

EXHIBIT    4    PAGE    38

**EXHIBIT I**

**MATTERS UPON WHICH EXAMINATION REQUESTED**

Pursuant to the provisions of Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are hereby directed to designate one or more officers, directors, managing agents, or other persons designated by BAKER BOTTS who consent to testify as to the matters set forth below:

1.    All COMMUNICATIONS between BAKER BOTTS and BLOCKBUSTER regarding the validity or invalidity of any claim of either of the PATENTS-IN-SUIT.

2.    All studies, analyses, reviews, conclusions or opinions (including opinion of counsel) by either BAKER BOTTS or any other PERSON, whether written or oral, as to the validity or invalidity of any claim of either of the PATENTS-IN-SUIT.

3.    The efforts undertaken by BAKER BOTTS to preserve, retain, and locate DOCUMENTS responsive to this subpoena.

4.    The manner of keeping and authenticity of any DOCUMENTS produced pursuant to this subpoena.

4

EXHIBIT___4___ PAGE 39

## EXHIBIT II

## DOCUMENTS REQUESTED

1.    All DOCUMENTS RELATING TO COMMUNICATIONS regarding the validity or invalidity of any claim of either of the PATENTS-IN-SUIT.

2.    All DOCUMENTS RELATING TO any study, analysis, review, conclusion or opinion (including opinion of counsel) by either BAKER BOTTS or any other PERSON, whether written or oral, as to the validity or invalidity of any claim of either of the PATENTS-IN-SUIT, or to the research, investigation or preparation of any such DOCUMENT.

5

EXHIBIT    4    PAGE    40

## PROOF OF SERVICE

1

2      I am employed in the City and County of San Francisco, State of California in the office

3 of a member of the bar of this court at whose direction the following service was made. I am
over the age of eighteen years and not a party to the within action. My business address is Keker

4 & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

5      On April 5, 2007, I served the following document(s):

6      **NOTICE OF DEPOSITION OF BAKER BOTTS LLP**
**PURSUANT TO FED. R. CIV. P. 30(B)(6)**

7

8 by **FACSIMILE TRANSMISSION (PERSONAL) AND UNITED STATES MAIL**, by
transmitting via facsimile a true and correct copy on this date. The transmission was reported as

9 complete and without error. Additionally, a true and correct copy was placed in a sealed
envelope addressed as shown below. I am readily familiar with the practice of Keker & Van

10 Nest, LLP for collection and processing of correspondence for mailing. According to that

11 practice, items are deposited with the United States Postal Service at San Francisco, California
on that same day with postage thereon fully prepaid. I am aware that, on motion of the party

12 served, service is presumed invalid if the postal cancellation date or the postage meter date is
more than one day after the date of deposit for mailing stated in this affidavit.

13

14 William J. O'Brien, Esq.
ALSCHULER GROSSMAN LLP

15 1620 26th Street, 4th Floor, North Tower
Santa Monica, CA 90404-4060

16 Fax: 310/907-2033

17

18      Executed on April 5, 2007, at San Francisco, California.

19      I, Diane Blais Miller, declare under penalty of perjury under the laws of the United States
that the above is true and correct.

20

21                                      *Diane Blais Miller*
                                   DIANE BLAIS MILLER

22

23

24

25

26

27

28

                                          1

EXHIBIT___4___PAGE___41

# EXHIBIT 5

1  KEKER & VAN NEST, LLP
   JEFFREY R. CHANIN - #103649
2  DARALYN J. DURIE - #169825
   ASHOK RAMANI - #200020
3  710 Sansome Street
   San Francisco, CA  94111-1704
4  Telephone: (415) 391-5400
   Facsimile: (415) 397-7188
5
   Attorneys for Plaintiff
6  NETFLIX, INC.

7
                    UNITED STATES DISTRICT COURT
8
                  NORTHERN DISTRICT OF CALIFORNIA
9

10 | NETFLIX, INC., a Delaware corporation,    | Case No. C 06 2361 WHA (JCS)
11 |                              Plaintiff,    | **NOTICE OF DEPOSITION OF
12 |       v.                                   | BLAKELY, SOKOLOFF, TAYLOR &
   |                                            | ZAFMAN, LLP PURSUANT TO FED. R.
13 |                                            | CIV. P. 30(B)(6)**
   | BLOCKBUSTER, INC., a Delaware
14 | corporation, DOES 1-50,                    | Date:        April 26, 2007
   |                                            | Time:        9:30 a.m.
15 |                              Defendant.    | Place:       Caldwell Leslie Proctor &
16 |                                            |              Pettit P.C.
   | AND RELATED COUNTERCLAIMS                  |              1000 Wilshire Blvd.
17 |                                            |              Suite 600
18 |                                            |              Los Angeles, CA  90017
19 |                                            | Complaint filed:     April 4, 2006

20

21

22

23

24

25

26

27

28

NOTICE OF DEPOSITION OF BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP

EXHIBIT __5__ PAGE __42__

1   **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2   **PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

3   Procedure, Plaintiff, Netflix, Inc. ("Netflix"), by and through its attorneys, will take the

4   deposition of Blakely, Sokoloff Taylor & Zafman LLP ("Blakely"), beginning at 9:30 a.m. on

5   April 26, 2007 and continuing from day to day until completed, except for weekends and

6   holidays.  Such deposition will take place at the offices of Caldwell, Leslie, Proctor & Pettit,

7   P.C., 1000 Wilshire Boulevard, Suite 600, Los Angeles, CA 90017, telephone (213) 629-9040,

8   or such other time and place as may be mutually agreed upon by counsel.

9        Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Blakely is hereby

10  advised that it is required to designate one or more officers, directors, managing agents or other

11  persons who consent and are most knowledgeable to testify on its behalf with respect to the

12  deposition topics described in Attachment A to this Notice of Deposition.  The person or persons

13  so designated shall testify as to matters known or reasonably available to Blakely.

14       **PLEASE TAKE FURTHER NOTICE** that, pursuant to Federal Rule of Civil

15  Procedure 30(b)(2), the deposition will be taken before a notary public or other officer

16  authorized by the law to administer oaths and will be recorded both stenographically and by

17  sound-and-visual means (i.e., by videotape).  Furthermore, provision will be made for real-time

18  monitoring using LiveNote™ or similar means.  Netflix reserves the right to use these recordings

19  at the time of trial.

20       A copy of the subpoena for Blakely, Sokoloff Taylor & Zafman LLP's deposition is

21  attached to this notice.  Topics of examination and materials requested prior to the deposition are

22  set forth in Attachment A to the Subpoena.

23  Dated:  April 5, 2007                          KEKER & VAN NEST, LLP

24

25

26                                              By: _____
                                                KEVIN T. REED
27                                              Attorneys for Plaintiff
                                                NETFLIX, INC.

28

1

NOTICE OF DEPOSITION OF BLAKELY SOKOLOFF TAYLOR & ZAFMAN LLP

EXHIBIT  5  PAGE  43

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

### CENTRAL    DISTRICT OF CALIFORNIA

NETFLIX, INC., a Delaware corporation

**SUBPOENA IN A CIVIL CASE**

v.

BLOCKBUSTER, INC., a Delaware
corporation, DOES 1-50

Case Number:¹ C 06 2361 WHA (JCS)
United States District Court
Northern District of California

TO: Blakely, Sokoloff Taylor & Zafman, LLP
    12400 Wilshire Blvd., Seventh Floor
    Los Angeles, CA 90025-1030; (310) 207-3800

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Caldwell, Leslie, Proctor & Pettit, P.C. (213) 629-9040 1000 Wilshire Blvd., Ste. 600, Los Angeles, CA 90017 | April 26, 2007 9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):
See Attachment A for topics of examination (Exhibit I) and list of requested
materials (Exhibit II)

| PLACE | DATE AND TIME |
|---|---|
| Caldwell, Leslie, Proctor & Pettit, P.C. 1000 Wilshire Blvd., Ste. 600, Los Angeles, CA 90017 (213) 629-9040 | April 18, 2007 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorneys for Plaintiff NETFLIX, INC. | April 4, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
KEVIN T. REED, KEKER & VAN NEST LLP, 710 Sansome Street
San Francisco, CA 94111 (415) 391-5400

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

EXHIBIT___5___ PAGE_44_

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| | | |

| SERVED | | |
|---|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT __5__ PAGE __45__

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1. "YOU," "YOUR," and "BLAKELY" mean Blakely Sokoloff Taylor & Zafman, LLP, and any of its domestic and foreign predecessors, successors, parents, subsidiaries, divisions, affiliates, partnerships, joint ventures, or other entities within their operation or control, and their respective present and former general and limited partners, members, managers, officers, directors, employees, attorneys, agents and advisors, and anyone acting on their behalf.

2. "BLOCKBUSTER" means Blockbuster, Inc., its parents, subsidiaries, divisions, affiliates, assigns, successors, acquired assets, business units, and any present or former officers, directors, trustees, employees, agents, representatives, attorneys, associates, and/or all other persons acting, or purporting to act, on its behalf.

3. "PERSON" means individual, individuals, entity, or entities, including, but not limited to, firms, associations, organizations, corporations, partnerships, joint ventures, trusts, or other collective organization or entity, any federal, state, or local government or governmental agency, and any foreign government or foreign government agency or other organization recognizable at law, and the "acts" of a person, are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

4. "PATENTS-IN-SUIT" means any of the following, both individually and collectively:

    i. United States Patent No. 7,024,381, entitled "Approach for Renting Items to Customers," which names as inventors W. Reed Hastings, Marc B. Randolph, and Neil Duncan Hunt, issued April 4, 2006, on an application filed May 14, 2003;

    ii. United States Patent No. 6,584,450, entitled "Method and Apparatus for Renting Items," which names as inventors W. Reed Hastings, Marc B. Randolph, and Neil Duncan Hunt, issued June 24, 2003, on an application filed April 28, 2000;

1

EXHIBIT ___5___ PAGE ___46___

iii.  United States Patent Application No. 10/438,727, filed May 14, 2003; and

iv.  United States Patent Application No. 09/561,041, filed April 28, 2000.

5.    "DOCUMENTS" shall have the broadest meaning that Rule 34 of the Federal Rules of Civil Procedure allows, including any writings, drawings, graphs, charts, photographs, phonorecords, tape recordings, notes, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, email, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys and other similar devices.

6.    "COMMUNICATION" means any provision, receipt, or exchange of any information in any manner or form, including any oral, telephonic, written, electronic or other means of communication.

7.    "RELATING TO" means in whole or in part constituting, containing, concerning, discussing, referring, describing, analyzing, identifying, evidencing, or stating.

8.    The singular form of a word should be interpreted as plural wherever necessary to bring with the scope of the request any information that might otherwise be construed to be outside its scope.

9.    The words "and" and "or" should be construed either disjunctively or conjunctively wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

10.    In responding to these Requests, you are required to furnish all documents that are available to you, including documents in the possession, custody or control of your attorneys, officers, agents, employees, accountants, consultants, representatives, or any persons directly or indirectly employed by or connected with you or your attorneys or anyone else subject to your control. All documents that are responsive, in whole or in part, to any portion of these Requests shall be produced in their entirety, including all attachments.

11.    All documents should be produced as they are kept in the ordinary course of

2

EXHIBIT  5  PAGE  47

1  business or should be organized and labeled to correspond to the specific requests to which they

2  are responsive.  All documents should be produced in any file folder or carton in which they

3  have been maintained, and should be stored, clipped, stapled, or otherwise arranged in the same

4  form and manner in which they were found.

5        12.    If and to the extent that you object to any request, state with specificity all

6  grounds for any such objection.

7        13.    If you assert any claim of privilege to object to any request, and you do not

8  respond based upon that asserted privilege, state or identify with respect to each such privilege

9  objection:  (a) the privilege upon which you are relying; and (b) with respect to any specific

10  document(s) as to which you assert a privilege, provide a privilege log corresponding to all such

11  documents.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

EXHIBIT  5  PAGE  48

## EXHIBIT I

## MATTERS UPON WHICH EXAMINATION REQUESTED

1

2

3     Pursuant to the provisions of Rule 30(b)(6) of the Federal Rules of Civil Procedure, you

4  are hereby directed to designate one or more officers, directors, managing agents, or other

5  persons designated by BLAKELY who consent to testify as to the matters set forth below:

6        1.    All COMMUNICATIONS between BLAKELY and BLOCKBUSTER regarding

7  the validity or invalidity of any claim of either of the PATENTS-IN-SUIT.

8        2.    All studies, analyses, reviews, conclusions or opinions (including opinion of

9  counsel) by either BLAKELY or any other PERSON, whether written or oral, as to the validity

10  or invalidity of any claim of either of the PATENTS-IN-SUIT.

11       3.    The efforts undertaken by BLAKELY to preserve, retain, and locate

12  DOCUMENTS responsive to this subpoena.

13       4.    The manner of keeping and authenticity of any DOCUMENTS produced pursuant

14  to this subpoena.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

EXHIBIT ___5___ PAGE ___49___

## EXHIBIT II

### DOCUMENTS REQUESTED

1.    All DOCUMENTS RELATING TO COMMUNICATIONS regarding the validity or invalidity of any claim of either of the PATENTS-IN-SUIT.

2.    All DOCUMENTS RELATING TO any study, analysis, review, conclusion or opinion (including opinion of counsel) by either BLAKELY or any other PERSON, whether written or oral, as to the validity or invalidity of any claim of either of the PATENTS-IN-SUIT, or to the research, investigation or preparation of any such DOCUMENT.

5

EXHIBIT_____5_____ PAGE_____50

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On April 5, 2007, I served the following document(s):

**NOTICE OF DEPOSITION OF BLAKELY, SOKOLOFF TAYLOR & ZAFMAN LLP PURSUANT TO FED. R. CIV. P. 30(B)(6)**

by **FACSIMILE TRANSMISSION (PERSONAL) AND UNITED STATES MAIL,** by transmitting via facsimile a true and correct copy on this date. The transmission was reported as complete and without error. Additionally, a true and correct copy was placed in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

William J. O'Brien, Esq.
ALSCHULER GROSSMAN LLP
1620 26th Street, 4th Floor, North Tower
Santa Monica, CA 90404-4060
Fax: 310/907-2033

Executed on April 5, 2007, at San Francisco, California.

I, Diane Blais Miller, declare under penalty of perjury under the laws of the United States that the above is true and correct.

_Diane Blais Miller_
DIANE BLAIS MILLER

1

EXHIBIT __5__ PAGE __51__

# EXHIBIT 6

4/18/07

1   BINGHAM McCUTCHEN LLP
    Donn P. Pickett (Bar No. 72257)
2   Adrienne L. Taclas (Bar No. 211232)
    Three Embarcadero Center
3   San Francisco, CA 94111-4067
    Telephone: 415.393.2000
4   Facsimile: 415.393.2286

5   BINGHAM McCUTCHEN LLP
6   Mary T. Huser (Bar No. 136051)
    1900 University Avenue
7   East Palo Alto, CA 94303-2223
    Telephone: 650.849.4400
8   Facsimile:  650.849.4800

9   ALSCHULER GROSSMAN LLP
    Marshall B. Grossman (No. 35958)
10  William J. O'Brien (No. 99526)
    Tony D. Chen (No. 176635)
11  Dominique N. Thomas (No. 231464)
    The Water Garden
12  1620 26th Street
    Fourth Floor, North Tower
13  Santa Monica, CA 90404-4060
    Telephone:  310-907-1000
14  Facsimile:  310-907-2000

15
    Attorneys for Defendant and Counterclaimant
16  BLOCKBUSTER INC.

17              UNITED STATES DISTRICT COURT

18             NORTHERN DISTRICT OF CALIFORNIA

19

20  NETFLIX, INC., a Delaware corporation,          Case No.  C 06 2361 WHA (JCS)

21          Plaintiff,                              **OBJECTIONS AND RESPONSES**
                                                    **OF NON-PARTY ALSCHULER**
22      v.                                          **GROSSMAN LLP**

23  BLOCKBUSTER INC., a Delaware corporation,
    DOES 1-50,
24
            Defendant.
25

26  AND RELATED COUNTER ACTION

27

28

SF/21709966.1/3006338-0000325413

EXHIBIT  6   PAGE 52

1     Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Alschuler Grossman

2    LLP ("Alschuler") hereby objects and responds to Plaintiff and Counter-Defendant Netflix,

3    Inc.'s ("Netflix") subpoena dated April 4, 2007 ("Subpoena") as follows:

4                 **GENERAL OBJECTIONS**

5        1.    Alschuler objects to the Subpoena to the extent that it seeks information or

6    documents that are protected by the attorney-client privilege or the attorney work product

7    doctrine, that were prepared in anticipation of litigation, that constitute or disclose mental

8    impressions, conclusions, opinions, or legal theories of any attorney of Alschuler concerning this

9    or any other litigation, that are protected by the privilege of self-critical analyses, any pertinent

10    statutes dealing with privacy rights, or by any other privilege or doctrine.  Such documents will

11    not be produced.

12        2.    Alschuler objects to the Subpoena to the extent that it is overbroad as to

13    subject matter and time frame, vague, ambiguous, capable of multiple interpretations, and

14    otherwise seeks documents that are not relevant to the claims or defenses in this action or

15    calculated to lead to the discovery of admissible evidence.

16        3.    Alschuler objects to the Subpoena to the extent that it imposes an undue

17    burden and expense.

18        4.    Alschuler objects to the Subpoena to the extent that it purports to require

19    Alschuler to produce documents outside its possession, custody or control.

20        5.    Alschuler objects to the Subpoena to the extent that it purports to impose

21    obligations greater than those imposed by the Federal Rules of Civil Procedure and the Local

22    Rules of the United States District Court for the Central District of California.

23        6.    The specific responses set forth below are based upon information now

24    available to Alschuler, and Alschuler reserves the right at any time to amend or supplement these

25    responses and objections.

26        7.    Any response or objection to the Subpoena does not necessarily mean that

27    any documents exist or are in the possession, custody, or control of Alschuler that are responsive

28    to any specific category of documents demanded by the Subpoena.

EXHIBIT 6 PAGE 53

8. Alschuler objects to the definitions of "You," "Your," and "Alschuler" on the grounds that they are vague and overbroad. Alschuler will construe the terms "You," "Your," and "Alschuler" to refer to Alschuler and its partners and employees who records show were involved in matters relevant to this action.

9. The objections set forth above are hereby incorporated in each specific response set forth below, as if fully set forth therein, and shall be deemed to be continuing even though not specifically referred to. No such objection is waived by Alschuler responding to a Request in whole or in part.

## SPECIFIC RESPONSES AND OBJECTIONS TO EXAMINATION TOPICS

### Examination Request No. 1:

All COMMUNICATIONS between ALSCHULER and BLOCKBUSTER regarding the validity or invalidity of any claim of either of the PATENTS-IN-SUIT.

### Response to Request No. 1:

Alschuler objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or doctrine. Alschuler further objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and otherwise seeks information that is not relevant to the claims or defenses in this action or calculated to lead to the discovery of admissible evidence.

### Examination Request No. 2:

All studies, analyses, reviews, conclusions or opinions (including opinion of counsel) by either ALSCHULER or any other PERSON, whether written or oral, as to the validity or invalidity of any claim of either of the PATENTS-IN-SUIT.

### Response to Request No. 2:

Alschuler objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or doctrine. Alschuler further objects to this Request on the grounds that it is vague,

EXHIBIT 6 PAGE 54

1    ambiguous, overbroad, unduly burdensome, and otherwise seeks information that is not relevant

2    to the claims or defenses in this action or calculated to lead to the discovery of admissible

3    evidence.

4    **Examination Request No. 3:**

5    The efforts undertaken by ALSCHULER to preserve, retain, and locate

6    DOCUMENTS responsive to this subpoena.

7    **Response to Request No. 3:**

8    Alschuler objects to this Request to the extent that it seeks information that is

9    protected by the attorney-client privilege, attorney work product doctrine or any other applicable

10   privilege or doctrine.  Alschuler further objects to this Request on the grounds that it is vague,

11   ambiguous, overbroad, unduly burdensome, and otherwise seeks information that is not relevant

12   to the claims or defenses in this action or calculated to lead to the discovery of admissible

13   evidence.

14   **Examination Request No. 4:**

15   The manner of keeping and authenticity of any DOCUMENTS produced pursuant

16   to this subpoena.

17   **Response to Request No. 4:**

18   Alschuler objects to this Request to the extent that it seeks information that is

19   protected by the attorney-client privilege, attorney work product doctrine or any other applicable

20   privilege or doctrine.  Alschuler further objects to this Request on the grounds that it is vague,

21   ambiguous, overbroad, unduly burdensome, and otherwise seeks information that is not relevant

22   to the claims or defenses in this action or calculated to lead to the discovery of admissible

23   evidence.

24

25   **SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS**

26   **Document Request No. 1:**

27   All DOCUMENTS RELATING TO COMMUNICATIONS regarding the validity

28   or invalidity of any claim of either of the PATENTS-IN-SUIT.

SF/21709966.1/3006338-0000325413                     4

EXHIBIT___6___PAGE___55

1    **Response to Request No. 1:**

2      Alschuler objects to this Request to the extent that it seeks documents that are

3    protected by the attorney-client privilege, attorney work product doctrine or any other applicable

4    privilege or doctrine.  Alschuler further objects to this Request on the grounds that it is vague,

5    ambiguous, overbroad, unduly burdensome, and otherwise seeks documents that arc not relevant

6    to the claims or defenses in this action or calculated to lead to the discovery of admissible

7    evidence.  Alschuler also objects to this Request as seeking information already within the

8    possession, custody or control of Netflix and to the extent that such information has already been

9    produced to Netflix.

10    **Document Request No. 2:**

11      All DOCUMENTS RELATING TO any study, analysis, review, conclusion or

12    opinion (including opinion of counsel) by either ALSCHULER or any other PERSON, whether

13    written or oral, as to the validity or invalidity of any claim of either of the PATENTS-IN-SUIT,

14    or to the research, investigation or preparation of any such DOCUMENT.

15    **Response to Request No. 2 :**

16      Alschuler objects to this Request to the extent that it seeks documents that are

17    protected by the attorney-client privilege, attorney work product doctrine or any other applicable

18    privilege or doctrine.  Alschuler further objects to this Request on the grounds that it is vague,

19    ambiguous, overbroad, unduly burdensome, and otherwise seeks documents that arc not relevant

20    to the claims or defenses in this action or calculated to lead to the discovery of admissible

21    evidence.  Alschuler also objects to this Request as seeking information already within the

22    possession, custody or control of Netflix and to the extent that such information has already been

23    produced to Netflix.

24

25

26

27

28

EXHIBIT __6__ PAGE __56__

1 | DATED: April 18, 2007

2

3 | Bingham McCutchen LLP

4

5 | By: _____

6 | Donn P. Pickett
   | Attorneys for Defendant and Counterclaimant
7 | Blockbuster Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT  6   PAGE  57

**PROOF OF SERVICE**

    I am over eighteen years of age, not a party in this action, and employed in San Francisco County, California at Three Embarcadero Center, San Francisco, California  94111-4067.  I am readily familiar with the practice of this office for collection and processing of correspondence for mail/fax/hand delivery/next business day delivery, and they are deposited that same day in the ordinary course of business.

    On April 18, 2007, I served the attached:

OBJECTIONS AND RESPONSES OF NON-PARTY
ALSCHULER GROSSMAN LLP

✓    (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

✓    (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at San Francisco, California in sealed envelope(s) with postage prepaid, addressed as set forth below.  I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

☐    (EXPRESS MAIL/OVERNIGHT DELIVERY) by causing a true and correct copy of the document(s) listed above to be delivered by _____ in sealed envelope(s) with all fees prepaid at the address(es) set forth below.

☐    (PERSONAL SERVICE) by causing a true and correct copy of the above documents to be hand delivered in sealed envelope(s) with all fees fully paid to the person(s) at the address(es) set forth below.

    Jeffrey R. Chanin, Esq.
    Daralyn J. Durie, Esq.
    Eugene M. Paige, Esq.
    Kevin T. Reed, Esq.
    Keker & Van Nest, LLP
    710 Sansome Street
    San Francisco, CA  94111-1704
    Phone: 415.391.5400
    Fax: 415.397.7188

EXHIBIT ___6___ PAGE __58__

1    I declare that I am employed in the office of a member of the bar of this court at

2  whose direction the service was made and that this declaration was executed on April 18, 2007,

3  at San Francisco, California.

4

5

_____
Donna M. Gilliland

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

EXHIBIT 6 PAGE 59