UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> BLOCKBUSTER, INC., a Delaware corporation, DOES 1-50, <br><br> Defendant. | § § § § § § § § § § § § § § Case No. C 06 2361 WHA (JCS) |

### DECLARATION OF SCOTT D. LYNE

I, Scott D. Lyne, declare as follows:

I am an associate in the law firm of Shearman & Sterling LLP in New York, New York, former counsel to Blockbuster Inc. in connection with potential litigation with Netflix, Inc. relating to U.S. Patent 6,584,450 (the "450 patent"). I have personal knowledge of all the facts stated in this declaration.

1. Have you ever expressed any opinion on the validity of either the '450 patent or '381 patent at issue in this case?

> **Answer:** I have never expressed an opinion of counsel on the validity of the '450 Patent or the '381 patent, or any opinion on the validity of the '381 patent. In the course of my litigation work for Blockbuster Inc., I expressed my views on the likelihood that the '450 patent would be found to be valid.

How often?

> **Answer:** I do not specifically recall.

When?

**Answer:** To the best of my recollection, at various times throughout my litigation work for Blockbuster Inc. which took place from the fall of 2003 through the summer of 2004.

To whom?

**Answer:** To the best of my recollection, the people to whom I expressed my views on the likelihood that the '450 patent would be found to be valid include, but are not limited to, Judy Norris, Catherine Fancher, Rich Frank, Warren Nachlis, Salem Katsh, Nicole Coward, Samuel Waxman, Maxwell Morgan, Brendan Snodgrass and Tanya Ghani.

Was that comment expressed orally or in writing?

**Answer:** To the best of my recollection, my comments were oral and in writing.

If in writing, was the writing preserved?

**Answer:** To the best of my recollection, such writings were preserved in the ordinary course of business. Prior to the commencement of this lawsuit, Shearman & Sterling LLP sent to Blockbuster Inc.'s current counsel documents from Shearman & Sterling LLP's records concerning its representation of Blockbuster Inc. in connection with potential litigation with Netflix, Inc. relating to the '450 patent. Consequently, certain documents are no longer in Shearman & Sterling LLP's possession, custody or control.

2. Have you ever mentioned the opinion letter written by Baker & Botts as to the validity of the '450 patent to anyone at Blockbuster?

**Answer:** Yes.

How often?

**Answer:** I do not specifically recall.

When?

**Answer:** To the best of my recollection, at various times throughout my litigation work for Blockbuster Inc. which took place from the fall of 2003 through the summer of 2004.

To whom?

**Answer:** To the best of my recollection, the people at Blockbuster Inc. to whom I mentioned the opinion letter written by Baker & Botts as to the validity of the '450 patent include, but are not limited to, Judy Norris, Catherine Fancher and Rich Frank.

Was that comment expressed orally or in writing?

**Answer:** To the best of my recollection, my comments were oral and in writing.

If in writing, was the writing preserved?

**Answer:** To the best of my recollection, such writings were preserved in the ordinary course of business. Prior to the commencement of this lawsuit, Shearman & Sterling LLP sent to Blockbuster Inc.'s current counsel documents from Shearman & Sterling LLP's records concerning its representation of Blockbuster Inc. in connection with potential litigation with Netflix, Inc. relating to the '450 patent. Consequently, certain documents are no longer in Shearman & Sterling LLP's possession, custody or control.

3. Have you mentioned the opinion letter written by Blakely Sokoloff Taylor & Zafman as to the validity of the '381 patent to anyone at Blockbuster?

**Answer:** No.

How often? N/A

When? N/A

To whom? N/A

Was that comment expressed orally or in writing? N/A

If in writing, was the writing preserved? N/A

4. Have you ever discussed with anyone at Blockbuster the general subject matter of the validity of the '381 patent?

**Answer**: No.

How often? N/A

When? N/A

To whom? N/A

Was that discussion oral or in writing? N/A

If in writing, was the writing preserved? N/A

5. Have you ever discussed with anyone at Blockbuster the general subject matter of the validity of the '450 patent?

**Answer**: Yes.

How often?

**Answer**: I do not specifically recall.

When?

**Answer**: To the best of my recollection, at various times throughout my litigation work for Blockbuster Inc. from the fall of 2003 through the summer of 2004.

To whom?

**Answer:** To the best of my recollection, the people at Blockbuster Inc. with whom I had such discussions include, but are not limited, to Catherine Fancher, Judy Norris, Rich Frank, John Taylor, Nigel Travis, Shane Evangelist, Ben Cooper, Scott Jones and Dave Perkavich.

Was that discussion oral or in writing?

**Answer:** To the best of my recollection, my discussions were oral and in writing.

If in writing, was the writing preserved?

**Answer:** To the best of my recollection, such writings were preserved in the ordinary course of business. Prior to the commencement of this lawsuit, Shearman & Sterling LLP sent to Blockbuster Inc.'s current counsel documents from Shearman & Sterling LLP's records concerning its representation of Blockbuster Inc. in connection with potential litigation with Netflix, Inc. relating to the '450 patent. Consequently, certain documents are no longer in Shearman & Sterling LLP's possession, custody or control.

6. Have you made any comment to anyone at Blockbuster about the evidence concerning the validity of the '381 patent?

**Answer:** No.

How often? N/A

When? N/A

To whom? N/A

Was that comment made orally or in writing? N/A

If in writing, was the writing preserved? N/A

7. Have you made any comment to anyone at Blockbuster about the evidence concerning the validity of the '450 patent?

**Answer**: Yes

How often?

**Answer**: I do not specifically recall.

When?

**Answer**: To the best of my recollection, at various times throughout my litigation work for Blockbuster Inc. which took place from the fall of 2003 through the summer of 2004.

To whom?

**Answer**: To the best of my recollection, the people at Blockbuster Inc. to whom I made such comments include, but are not limited to, Catherine Fancher, Judy Norris, Rich Frank, John Taylor, Nigel Travis, Shane Evangelist, Ben Cooper, Scott Jones and Dave Perkavich.

Was that comment made orally or in writing?

**Answer**: To the best of my recollection, my comments were oral and in writing.

If in writing, was the writing preserved?

**Answer**: To the best of my recollection, such writings were preserved in the ordinary course of business. Prior to the commencement of this lawsuit, Shearman & Sterling LLP sent to Blockbuster Inc.'s current counsel documents from Shearman & Sterling LLP's records concerning its representation of Blockbuster Inc. in connection with potential litigation with Netflix, Inc. relating to the '450 patent. Consequently, certain documents are no longer in Shearman & Sterling LLP's possession, custody or control.

8. Have you had any communications with anyone in your office commenting on conversations with Blockbuster that in any way related to the validity of the '381 patent?

**Answer:** No.

How often? N/A

When? N/A

To whom? N/A

Was that communication oral or in writing? N/A

If in writing, was the writing preserved? N/A

9. Have you had any communications with anyone in your office commenting on conversations with Blockbuster that in any way related to the validity of the '450 patent?

**Answer:** Yes.

How often?

**Answer:** I do not specifically recall.

When?

**Answer:** To the best of my recollection, at various times throughout my litigation work on behalf of Blockbuster Inc. from the fall of 2003 through the summer of 2004.

To whom?

**Answer:** To the best of my recollection, the people in my office with whom I had such communications include, but are not limited to, Warren Nachlis, Salem Katsh, Nicole Coward, Samuel Waxman, Maxwell Morgan, Brendan Snodgrass and Tanya Ghani.

NYDOCS04/475216.1

Was that communication oral or in writing?

**Answer:** To the best of my recollection, my communications were oral and in writing.

If in writing, was the writing preserved?

**Answer:** To the best of my recollection, such writings were preserved in the ordinary course of business. Prior to the commencement of this lawsuit, Shearman & Sterling LLP sent to Blockbuster Inc.'s current counsel documents from Shearman & Sterling LLP's records concerning its representation of Blockbuster Inc. in connection with potential litigation with Netflix, Inc. relating to the '450 patent. Consequently, certain documents are no longer in Shearman & Sterling LLP's possession, custody or control.

10. Have you ever discussed the likelihood that either the '450 patent or the '381 patent will be found to be valid?

**Answer:** I discussed the likelihood that the '450 patent will be found to be valid. I had no discussions with respect to the '381 patent.

How often?

**Answer:** I do not specifically recall.

When?

**Answer:** To the best of my recollection, at various times throughout my litigation work for Blockbuster Inc. which took place from the fall of 2003 through the summer of 2004.

To whom?

**Answer:** To the best of my recollection, the people with whom I discussed the likelihood that the '450 patent will be found to be valid include, but are not limited to, Judy Norris, Catherine Fancher, Rich Frank, Warren Nachlis, Salem

Katsh, Nicole Coward, Samuel Waxman, Maxwell Morgan, Brendan Snodgrass, Tanya Ghani, Bruce Rubinger and Matthew Kasap.

Was that discussion oral or in writing?

**Answer**: To the best of my recollection, my communications were oral and in writing.

If in writing, was the writing preserved?

**Answer**: To the best of my recollection, such writings were preserved in the ordinary course of business. Prior to the commencement of this lawsuit, Shearman & Sterling LLP sent to Blockbuster Inc.'s current counsel documents from Shearman & Sterling LLP's records concerning its representation of Blockbuster Inc. in connection with potential litigation with Netflix, Inc. relating to the '450 patent. Consequently, certain documents are no longer in Shearman & Sterling LLP's possession, custody or control.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 2, 2007 in New York, New York.

_/s/ Scott D. Lyne_
Scott D. Lyne

NYDOCS04/475216.1