1 ALSCHULER GROSSMAN LLP
Marshall B. Grossman - (SBN 35958)
2 William J. O'Brien - (SBN 99526)
Tony D. Chen - (SBN 176635)
3 Dominique N. Thomas - (SBN 231464)
The Water Garden
4 1620 26th Street
Fourth Floor, North Tower
5 Santa Monica, CA 90404-4060
Telephone: (310) 907-1000
6 Facsimile: (310) 907-2000

7 BINGHAM McCUTCHEN LLP
Donn P. Pickett (SBN 72257)
8 Mary T. Huser (SBN 136051)
Adrienne L. Taclas (SBN 166115)
9 Three Embarcadero Center
San Francisco, CA 94111-4067
10 Telephone: (415) 393-2000
Facsimile: (415) 393-2286
11
Attorneys for Defendant and Counterclaimant,
12 BLOCKBUSTER INC.

13 UNITED STATES DISTRICT COURT

14 NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> BLOCKBUSTER, INC., a Delaware corporation, DOES 1-50, <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | Case No. C 06 2361 WHA (JCS) <br><br> **DECLARATION OF TONY D. CHEN** <br><br> Hearing Date: TBD <br> Time: 9:30 A.M. <br> Courtroom: A, 15th Floor <br> Magistrate Judge: Joseph C. Spero <br><br> Complaint Filed: April 4, 2006 |

DECLARATION OF TONY D. CHEN

LA/40378487.3/3006338-0000325413

I, Tony D. Chen, declare as follows:

I am a partner in the law firm of Alschuler Grossman LLP, the attorneys of record herein for Defendant and Counterclaimant Blockbuster Inc. ("Blockbuster") in this action, and have personal knowledge of each and all of the facts stated in this declaration. If called to testify as a witness, I could and would do so competently.

1. Have you ever expressed any opinion on the validity of either the '450 patent or '381 patent at issue in this case?

**Answer: No, I have not expressed an opinion of counsel but have been involved in defending the litigation with respect to invalidity issues.**

- How often?
- When?
- To whom?
- Was that opinion expressed orally or in writing?
- If in writing, was the writing preserved?

2. Have you ever mentioned the opinion letter written by Baker & Botts as to the validity of the '450 patent to anyone at Blockbuster?

**Answer:** Yes

- How often?

    **Answer:** at least twice

- When?

    **Answer:** In or about April 2006 and May 2006

- To whom?

    **Answer:** Judy Norris and Bryan Stevenson

- Was that comment expressed orally or in writing?

    **Answer:** Orally

- If in writing, was the writing preserved?

3. Have you mentioned the opinion letter written by Blakely Sokoloff Taylor & Zafman as to the validity of the '381 patent to anyone at Blockbuster?

**Answer:** No

- How often?
- When?
- To whom?
- Was that comment expressed orally or in writing?
- If in writing, was the writing preserved?

4. Have you ever discussed with anyone at Blockbuster the general subject matter of the validity of the '381 patent?

**Answer:** Yes

- How often?
  **Answer:** from time to time throughout the course of the litigation
- When?
  **Answer:** from time to time throughout the course of the litigation
- To whom?
  **Answer:** Judy Norris and Bryan Stevenson
- Was that discussion oral or in writing?
  **Answer:** Oral
- If in writing, was the writing preserved?

5. Have you ever discussed with anyone at Blockbuster the general subject matter of the validity of the '450 patent?

**Answer:** Yes

- How often?
  **Answer:** from time to time throughout the course of the litigation
- When?
  **Answer:** from time to time throughout the course of the litigation

3
DECLARATION OF TONY D. CHEN

LA/40378487.3/3006338-0000325413

1     •     To whom?

2         **Answer:** Judy Norris and Bryan Stevenson

3     •     Was that discussion oral or in writing?

4         **Answer:** Oral

5     •     If in writing, was the writing preserved?

6. Have you made any comment to anyone at Blockbuster about the evidence concerning the validity of the '381 patent?

    **Answer:** Yes

    •     How often?

        **Answer:** from time to time throughout the litigation

    •     When?

        **Answer:** from time to time throughout the litigation

    •     To whom?

        **Answer:** Judy Norris and Bryan Stevenson

    •     Was that comment made orally or in writing?

        **Answer:** Oral

    •     If in writing, was the writing preserved?

7. Have you made any comment to anyone at Blockbuster about the evidence concerning the validity of the '450 patent?

    **Answer:** Yes

    •     How often?

        **Answer:** from time to time throughout the litigation

    •     When?

        **Answer:** from time to time throughout the litigation

    •     To whom?

        **Answer:** Judy Norris and Bryan Stevenson

    •     Was that comment made orally or in writing?

**Answer:** Oral

- If in writing, was the writing preserved?

8. Have you had any communications with anyone in your office commenting on conversations with Blockbuster that in any way related to the validity of the '381 patent?

**Answer:** Yes

- How often?

    **Answer:** from time to time throughout the course of the litigation

- When?

    **Answer:** from time to time throughout the course of the litigation

- To whom?

    **Answer:** Bill O'Brien and Marshall Grossman

- Was that communication oral or in writing?

    **Answer:** Oral

- If in writing, was the writing preserved?

9. Have you had any communications with anyone in your office commenting on conversations with Blockbuster that in any way related to the validity of the '450 patent?

**Answer:** Yes

- How often?

    **Answer:** from time to time throughout the course of the litigation

- When?

    **Answer:** from time to time throughout the course of the litigation

- To whom?

    **Answer:** Bill O'Brien and Marshall Grossman

- Was that communication oral or in writing?

    **Answer:** Oral

- If in writing, was the writing preserved?

10. Have you ever discussed the likelihood that either the '450 patent or the '381 patent will be found to be valid?

**Answer:** No

- How often?
- When?
- To whom?
- Was that discussion oral or in writing?
- If in writing, was the writing preserved?

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 27, 2007 in Los Angeles, California.

_____
Tony D. Chen

## PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in the County of Los Angeles, California at 355 South Grand Avenue, Suite 4400, Los Angeles, California 90071-3106. I am readily familiar with the practice of this office for collection and processing via electronic transmission that same day in the ordinary course of business.

Today I served the attached:

**DECLARATION OF TONY D. CHEN**

☒ (BY ELECTRONIC TRANSMISSION) This document was transmitted, without exhibits, by electronic transmission from ryan.nishimoto@bingham.com and the transmission was reported as complete and without error. I then caused the transmitting e-mail account to properly issue a report confirming the electronic transmission.

Susan J. Harriman, Esq.
Eugene Paige, Esq.
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
Email: sharriman@kvn.com
Email: epaige@kvn.com

Michael Raiff, Esq.
Rob Walters, Esq.
Dan Kelly, Esq.
Vinson & Elkins LLP
Trammell Crow Center
2001 Ross Avenue
Suite 3700
Dallas, TX 75201-2975
Telephone: (214) 220-7700
Facsimile: (214) 220-7716
Email: mraiff@velaw.com
Email: rwalters@velaw.com
Email: dkelly@velaw.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on April 27, 2007.

_____
Ryan M. Nishimoto

PROOF OF SERVICE

LA/40379026.1