1  ALSCHULER GROSSMAN LLP
   Marshall B. Grossman - (SBN 35958)
2  William J. O'Brien - (SBN 99526)
   Tony D. Chen - (SBN 176635)
3  Dominique N. Thomas - (SBN 231464)
   The Water Garden
4  1620 26th Street
   Fourth Floor, North Tower
5  Santa Monica, CA 90404-4060
   Telephone: (310) 907-1000
6  Facsimile: (310) 907-2000

7  BINGHAM McCUTCHEN LLP
   Donn P. Pickett (SBN 72257)
8  Mary T. Huser (SBN 136051)
   Adrienne L. Taclas (SBN 166115)
9  Three Embarcadero Center
   San Francisco, CA 94111-4067
10 Telephone: (415) 393-2000
   Facsimile: (415) 393-2286
11
   Attorneys for Defendant and Counterclaimant,
12 BLOCKBUSTER INC.

13            UNITED STATES DISTRICT COURT
14            NORTHERN DISTRICT OF CALIFORNIA

| NETFLIX, INC., a Delaware corporation, | Case No. C 06 2361 WHA (JCS) |
|---|---|
| Plaintiff, | **DECLARATION OF WILLIAM J. O'BRIEN** |
| v. | Hearing Date: TBD |
| BLOCKBUSTER, INC., a Delaware corporation, DOES 1-50, | Time: 9:30 A.M.<br>Courtroom: A, 15th Floor<br>Magistrate Judge: Joseph C. Spero |
| Defendant. | Complaint Filed: April 4, 2006 |
| AND RELATED COUNTERCLAIMS | |

DECLARATION OF WILLIAM J. O'BRIEN

LA/40378486.3

1   I, William J. O'Brien, declare as follows:

2   I am a partner in the law firm of Alschuler Grossman LLP and an attorney of record for Defendant and Counterclaimant, Blockbuster Inc. ("Blockbuster"), in this action. I have personal knowledge of each of the facts stated in this declaration.

1. Have you ever expressed any opinion on the validity of either the '450 patent or '381 patent at issue in this case?

**Answer:** I have not expressed any opinion that either patent is valid. I do not recall whether I have expressed an opinion that either patent is invalid.

2. Have you ever mentioned the opinion letter written by Baker & Botts as to the validity of the '450 patent to anyone at Blockbuster?

**Answer:** Yes

- How often?

    **Answer:** I do not recall.

- When?

    **Answer:** At various times during my work on the defense of Blockbuster in this case between April or May 2006 and this week.

- To whom?

    **Answer:** The applicable Blockbuster personnel I recall are John Antioco, Shane Evangelist, Judy Norris, and Bryan Stevenson.

- Was that comment expressed orally or in writing?

    **Answer:** I only recall oral mentions.

3. Have you mentioned the opinion letter written by Blakely Sokoloff Taylor & Zafman as to the validity of the '381 patent to anyone at Blockbuster?

**Answer:** Yes

- How often?

    **Answer:** I do not recall.

- When?

**Answer:** Beginning in the first quarter of 2007 and continuing into this week.

- To whom?

**Answer:** The applicable Blockbuster personnel I recall are John Antioco, Shane Evangelist, and Bryan Stevenson.

- Was that comment expressed orally or in writing?

**Answer:** I only recall oral mentions.

4. Have you ever discussed with anyone at Blockbuster the general subject matter of the validity of the '381 patent?

**Answer:** Yes

- How often?

**Answer:** I do not recall

- When?

**Answer:** At various times during my work on the defense of Blockbuster in this case between April or May 2006 and this week.

- To whom?

**Answer:** The Blockbuster applicable personnel I recall are John Antioco, Shane Evangelist, Judy Norris, and Bryan Stevenson

- Was that discussion oral or in writing?

**Answer:** My communications with persons at Blockbuster having to do with the general subject matter of validity of the '381 patent have been both oral and in writing.

- If in writing, was the writing preserved?

**Answer:** Yes.

5. Have you ever discussed with anyone at Blockbuster the general subject matter of the validity of the '450 patent?

**Answer:** Yes

- How often?

    **Answer:** I do not recall.

- When?

    **Answer:** At various times during my work on the defense of Blockbuster in this case between April or May 2006 and this week.

- To whom?

    **Answer:** The applicable Blockbuster personnel I recall are John Antioco, Shane Evangelist, Judy Norris, and Bryan Stevenson.

- Was that discussion oral or in writing?

    **Answer:** My communications with persons at Blockbuster having to do with the general subject matter of validity of the '381 patent have been both oral and in writing.

- If in writing, was the writing preserved?

    **Answer:** Yes.

6. Have you made any comment to anyone at Blockbuster about the evidence concerning the validity of the '381 patent?

**Answer:** Yes.

- How often?

    **Answer:** I do not recall.

- When?

    **Answer:** At various times during my work on the defense of Blockbuster in this case between April or May 2006 and this week.

- To whom?

    **Answer:** The Blockbuster personnel to whom I recall mentioning evidence concerning the validity of the '381 patent are John Antioco, Shane Evangelist, Judy Norris, and Bryan Stevenson.

- Was that comment made orally or in writing?

**Answer:** My communications with persons at Blockbuster having to do with evidence concerning the validity of the '381 patent have been both oral and in writing.

- If in writing, was the writing preserved?

**Answer:** Yes.

7. Have you made any comment to anyone at Blockbuster about the evidence concerning the validity of the '450 patent?

**Answer:** Yes.

- How often?

**Answer:** I do not recall.

- When?

**Answer:** At various times during my work on the defense of Blockbuster in this case between April or May 2006 and this week.

- To whom?

**Answer:** The Blockbuster personnel to whom I recall I recall mentioning evidence concerning the validity of the '450 patent are John Antioco, Shane Evangelist, Judy Norris, and Bryan Stevenson.

- Was that comment made orally or in writing?

**Answer:** My communications with persons at Blockbuster having to do with evidence concerning the validity of the '450 patent have been both oral and in writing.

- If in writing, was the writing preserved?

**Answer:** Yes.

8. Have you had any communications with anyone in your office commenting on conversations with Blockbuster that in any way related to the validity of the '381 patent?

**Answer:** Yes.

- How often?

1         **Answer:** I recall at least two occasions.

2     •     When?

3         **Answer:** In April or May 2006 and possibly at other times during my work on the defense of Blockbuster in this case.

5     •     To whom?

6         **Answer:** The applicable persons in my office that I recall are Marshall Grossman and Tony Chen.

8     •     Was that communication oral or in writing?

9         **Answer:** I recall only oral communications.

10     9.     Have you had any communications with anyone in your office commenting on conversations with Blockbuster that in any way related to the validity of the '450 patent?

12     **Answer:** Yes.

13     •     How often?

14         **Answer:** I recall at least two occasions.

15     •     When?

16         **Answer:** In April or May 2006 and possibly at other times during my work on the defense of Blockbuster in this case.

18     •     To whom?

19         **Answer:** The applicable persons in my office that I recall are Marshall Grossman and Tony Chen.

21     •     Was that communication oral or in writing?

22         **Answer:** I recall only oral communications.

23     10.     Have you ever discussed the likelihood that either the '450 patent or the '381 patent will be found to be valid?

25     **Answer:** I have never stated it is likely that either the '450 patent or the '381 patent will be found to be valid. I do not recall whether I have otherwise discussed the likelihood that either the '450 patent or the '381 patent will be found to be valid.

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct.

        /s William J. O'Brien
        William J. O'Brien

PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in the County of Los Angeles, California at 355 South Grand Avenue, Suite 4400, Los Angeles, California 90071-3106. I am readily familiar with the practice of this office for collection and processing via electronic transmission that same day in the ordinary course of business.

Today I served the attached:

**DECLARATION OF WILLIAM J. O'BRIEN**

☒ (BY ELECTRONIC TRANSMISSION) This document was transmitted, without exhibits, by electronic transmission from ryan.nishimoto@bingham.com and the transmission was reported as complete and without error. I then caused the transmitting e-mail account to properly issue a report confirming the electronic transmission.

Susan J. Harriman, Esq.
Eugene Paige, Esq.
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
Email: sharriman@kvn.com
Email: epaige@kvn.com

Michael Raiff, Esq.
Rob Walters, Esq.
Dan Kelly, Esq.
Vinson & Elkins LLP
Trammell Crow Center
2001 Ross Avenue
Suite 3700
Dallas, TX 75201-2975
Telephone: (214) 220-7700
Facsimile: (214) 220-7716
Email: mraiff@velaw.com
Email: rwalters@velaw.com
Email: dkelly@velaw.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on April 27, 2007.

_____
Ryan M. Nishimoto

PROOF OF SERVICE

LA/40379026.1