BINGHAM McCUTCHEN LLP
Donn P. Pickett (SBN 72257)
Mary T. Huser (SBN 136051)
Adrienne L. Taclas (SBN 166115)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286

Marshall B. Grossman (SBN 35958)
William J. O'Brien (SBN 99526)
Tony D. Chen (SBN 176635)
Dominique N. Thomas (SBN 231464)
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA 90404-4060
Telephone: (310) 907-1000
Facsimile: (310) 907-2000

Attorneys for Defendant and Counterclaimant,
BLOCKBUSTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC, a Delaware corporation<br><br>　　　　Plaintiff,<br>　　v.<br>BLOCKBUSTER, INC., a Delaware corporation, DOES 1-50,<br><br>　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. C 06 2361 WHA (JCS)<br><br>**BLOCKBUSTER INC.'S RESPONSE TO THE COURT'S REQUEST FOR INPUT ON PAGE LIMITS**<br><br>Complaint Filed:　　April 4, 2006 |

In response to the Court's Request For Input On Page Limits, dated May 1, 2007, Defendant Blockbuster, Inc. responds as follows:

Blockbuster agrees with the Court's proposed length of thirty (30) pages of briefing for opening memoranda and fifteen (15) pages for reply briefs.

With respect to the 100 pages of evidentiary support, Blockbuster raises the following issues for the Court to consider. Blockbuster may move for invalidity on some or all

PA/52202097.2/

**BLOCKBUSTER INC.'S RESPONSE TO THE COURT'S REQUEST FOR INPUT ON PAGE LIMITS**

of the claims asserted by Netflix in this case. Doing so necessarily requires Blockbuster to introduce into evidence numerous pieces of prior art, to compare them to the numerous elements of the claims, and to explain why it would have been obvious to combine or modify prior art to obtain the same combinations of elements set forth in various claims.

Some items of prior art are described in multiple documents as well as in deposition testimony. One important document – a government-sponsored Reference Guide for libraries for the blind – is almost 300 pages in length. Blockbuster will be selective as to the prior art and supporting documents used. Still, the total number of pages required is likely to approach or exceed 100. A significant number of additional pages will be required for expert analysis of the claim elements, comparison of them to the prior art, and analysis of the obviousness of combinations and modifications.

In addition, Blockbuster may move with respect to non-infringement of certain claims and with respect to inequitable conduct. Significant additional evidence and analysis would be required for each of these motions.

Should the Court and Netflix agree to allow Blockbuster to cite to only the specific pages within the prior art references on which it relies, it would be possible for Blockbuster to limit itself to 200 pages of evidentiary support for all motions combined. However, if complete references are required, the evidentiary support required would be much more voluminous.

Blockbuster accepts the Court's suggestion that no evidentiary support be provided with reply memoranda without leave of Court.

DATED: May 7, 2007         Bingham McCutchen LLP

By:           /s/ Donn P. Pickett
              Donn P. Pickett
Attorneys for Defendant and Counterclaimant
              Blockbuster Inc.