1  KEKER & VAN NEST, LLP
   JEFFREY R. CHANIN - #103649
2  DARALYN J. DURIE - #169825
   ASHOK RAMANI - #200020
3  710 Sansome Street
   San Francisco, CA 94111-1704
4  Telephone: (415) 391-5400
   Facsimile: (415) 397-7188
5
   Attorneys for Plaintiff
6  NETFLIX, INC.

7
                    UNITED STATES DISTRICT COURT
8
                   NORTHERN DISTRICT OF CALIFORNIA
9

10 NETFLIX, INC., a Delaware corporation,    Case No. C 06 2361 WHA (JCS)
11                              Plaintiff,   NETFLIX'S MEMORANDUM OF POINTS
                                             AND AUTHORITIES IN SUPPORT OF ITS
12     v.                                    OPPOSITION TO MOTION FOR
                                             PROTECTIVE ORDER
13 BLOCKBUSTER, INC., a Delaware
14 corporation, DOES 1-50,
                                             Date:      June 8, 2007
15                              Defendant.   Time:      9:30 a.m.
                                             Courtroom: A, 15th Floor
16                                           Judge:     The Honorable Joseph C. Spero
   AND RELATED COUNTERCLAIMS
17
                                             Complaint filed:  April 4, 2006
18

19
20
21
22                          **PUBLIC VERSION**
23
24
25
26
27
28

393477.02    MEMORANDUM OF POINTS AND AUTHORITIES ISO NETFLIX'S OPPOSITION TO MOTION FOR
                                      PROTECTIVE ORDER
                              CASE NO. C 06 2361 WHA (JCS)

dockets.Justia.com

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ..................................................................................................................1

II.  FACTUAL BACKGROUND ................................................................................................2

III. ARGUMENT .........................................................................................................................4

    1.  Under EchoStar, Blockbuster and its Attorneys Must Produce to Netflix All Documents Containing or Referencing Communications With Blockbuster About the Validity of Netflix's Patents ..................................................................................................4

    2.  Blockbuster's Waiver of the Attorney-Client Privilege and Work Product Immunity Extends to Trial Counsel .................................6

    3.  Blockbuster Knowingly Waived Its Attorney-Client and Work Product Privileges ..................................................................................8

    4.  In Light of In re Seagate, Blockbuster's Advice and Trial Counsel Must Preserve All Work Product Related to the Validity of Netflix's Patents ..........................................................10

IV.  CONCLUSION ...................................................................................................................11

i

MEMORANDUM OF POINTS AND AUTHORITIES ISO NETFLIX'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER
CASE NO. C 06 2361 WHA (JCS)

393477.02

# TABLE OF AUTHORITIES

Page(s)

### FEDERAL CASES

*Affinion Net Patents, Inc. v. Maritz, Inc.*,
  440 F.Supp.2d 354 (D. Del. 2006) .................................................................................. 2, 7

*Akeva LLC v. Mizuno Corp.*,
  243 F.Supp.2d 418, (M.D. NC. 2003) ................................................................................ 5

*Ampex Corp. v. Eastman Kodak Co.*,
  2006 WL 1995140, at 3, (D. Del. July 17, 2006) ............................................................... 8

*Avago Technologies v. Elan Microelectronics Corp.*,
  2007 WL 841785 (N.D. Cal. 2007) .................................................................................... 6

*Beck Systems, Inc. v. Management Corp.*,
  2006 WL 2037356, at 5 (N.D. Ill., July 14, 2006 ............................................................ 2, 7

*Celerity, Inc. v. Ultra Clean Holding*,
  476 F.Supp.2d 1159 (N.D. Cal. 2006) ............................................................................. 1, 7

*Computer Associates International v. Simple.Com, Inc.*,
  2006 WL 3050883, at *4 (E.D.N.Y. Oct. 23, 2006) ..................................................... 2, 3, 7

*In re EchoStar Comm'ns Corp.*,
  448 F.3d 1294 (Fed. Cir. 2006) ........................................................... 1, 4, 5, 6, 9, 10, 11

*Federal National Mortgage Association v. United States*,
  469 F.3d 968 (Fed. Cir. 2006) .......................................................................................... 11

*Genentech, Inc. v. Insmed, Inc.*,
  442 F.Supp.2d 838 (N.D. Cal. 2006) ............................................................................. 1, 6, 7

*Informatica Corp. v. Business Objects Data Integration*,
  454 F.Supp.2d 957 (N.D. Cal. 2006) ............................................................................... 1, 6

*Intex Recreation Corp. v. Team Worldwide Corp.*,
  439 F.Supp.2d 46 (D.D.C. 2006) ....................................................................................... 8

*Iridex Corp v. Synergetics, Inc.*,
  2007 WL 445275, at *1 (E.D. Mo. Feb. 2, 2007) ............................................................ 1, 7

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge v. Dana Corp.*,
  383 F.3d 1337 (Fed. Cir. 2004) ...................................................................................... 8, 10

*Outside the Box Innovations, LLC v. Travel Caddy, Inc.*,
  455 F.Supp.2d 1374 (N.D. Ga. 2006) ............................................................................. 2, 7

*In re Seagate Technology*,
  2007 WL 196403 (Fed. Cir. January 26, 2007) .................................................................. 6

ii

MEMORANDUM OF POINTS AND AUTHORITIES ISO NETFLIX'S OPPOSITION TO MOTION FOR
PROTECTIVE ORDER
CASE NO. C 06 2361 WHA (JCS)

393477.02

## I. INTRODUCTION

Netflix, Inc. ("Netflix") hereby opposes Blockbuster's motion for a protective order and seeks to compel the production of documents and deposition testimony responsive to the subpoenas that Netflix served.

Under Federal Circuit law, Netflix is entitled to this otherwise-privileged information, which privilege Blockbuster knowingly and voluntarily waived, in order (1) to prove that Blockbuster willfully infringed—and continues to infringe—Netflix's patents and (2) to evaluate fully the advice of counsel defense on which Netflix relies to avoid a willfulness finding. See In re EchoStar Comm'ns Corp., 448 F.3d 1294, 1299 (Fed. Cir. 2006). Without any supporting citations, Blockbuster claims that "[s]ince EchoStar, the majority of cases provide that no waiver exists as to litigation counsel, especially where, as here, litigation counsel and opinion counsel are with different law firms." Motion for protective order, pp. 2-3. Not true.

First, in those cases where litigation and opinion counsel were within the same law firm, that fact did not drive the Court's finding of waiver. See, e.g., Informatica Corp. v. Business Objects Data Integration, 454 F. Supp. 2d 957, 959 (N.D. Cal. 2006) ("It is immaterial whether BODI's opinion counsel and trial counsel are from the same firms, different firms or are even the same person"). Second, the majority of courts following EchoStar have found a waiver of litigation counsel's attorney-client privilege and communicated work product when the defendant relies on the advice of defense counsel. See Genentech, Inc. v. Insmed, Inc., 442 F. Supp. 2d 838, 846 (N.D. Cal. 2006) ("Taking into account the pre- and post-EchoStar cases as well as EchoStar itself, the Court concludes that, although EchoStar does not expressly overrule those cases that decline to extend waiver to trial counsel, the thrust of the case is that a blanket immunity for trial counsel is not appropriate."); Celerity, Inc. v. Ultra Clean Holding, 476 F.Supp. 2d 1159, 1166 (N.D. Cal. Feb. 28, 2007) (Although opinion counsel and trial counsel were from the same firm, the issue was what the client knew "regardless of who conveyed the information."); Iridex Corp v. Synergetics, Inc., 2007 WL 445275, at *1 (E.D. Mo. Feb. 2, 2007) ("Synergetics must provide discovery about opinions of counsel that were communicated to Synergetics concerning whether its accused devices infringe, regardless whether the opinions

1

MEMORANDUM OF POINTS AND AUTHORITIES ISO NETFLIX'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER
CASE NO. C 06 2361 WHA (JCS)

393477.02

were given by trial counsel or by other lawyers, unless those opinions were given <u>solely</u> for the purpose of considering settlement options.") (emphasis in original); <u>Affinion Net Patents, Inc. v. Maritz, Inc.</u>, 440 F. Supp. 2d 354, 356 (D. Del. 2006) (finding that defendant waived attorney-client privilege "as to communications with 'litigation counsel,' and any other counsel"); <u>Outside the Box Innovations, LLC v. Travel Caddy, Inc.</u>, 455 F. Supp. 2d 1374, 1379 (N.D. Ga. 2006) (finding that the overall scope of the waiver includes "any document or opinion that embodies or discusses a communication to or from Union Rich concerning whether the '992 and '104 patents are valid, enforceable and infringed by Union Rich, <u>regardless of the counsel involved</u> and regardless of the date.") (emphasis added); <u>Beck Systems, Inc. v. Management Corp.</u>, 2006 WL 2037356, at *5 (N.D. Ill., July 14, 2006) ("<u>EchoStar</u> did not disturb the approach we adopted in [a previous case] which extends the waiver to attorney-client privilege and certain work-product material involving trial counsel."); <u>Computer Associates International v. Simple.Com, Inc.</u>, 2006 WL 3050883, at *4 (E.D. N.Y. Oct. 23, 2006) ("the Federal Circuit would extend the waiver to all attorneys who provide advice, including, in the case of ongoing infringement, trial counsel.").

For these reasons and as more fully explained below, the Court should deny Blockbuster's motion for a protective order and compel Blockbuster to produce the testimony and documents that relate in any way to its advice of counsel defense.

## II.     FACTUAL BACKGROUND

On April 4, 2006, Netflix sued Blockbuster for patent infringement claiming, among other things, that Blockbuster willfully infringed its '381 and '450 patents. In its Answer, Blockbuster asserted an affirmative defense that the '381 and '450 patents are invalid. On March 30, 2007, in support of its invalidity defense, Blockbuster produced two letters from its outside counsel offering opinions on the validity of Netflix's patents: (1) a March 9, 2004 letter from Baker Botts LLP to Richard Frank, Senior Vice President and Senior Corporate Counsel for Blockbuster; and (2) a March 29, 2007 letter from Edwin H. Taylor of Blakely, Sokoloff, Taylor & Zafman ("Blakely") to Shane Evangelist, Senior Vice President and General Manager of Blockbuster Online. Paige Decl., Exs. A and B.

Immediately thereafter, on April 6, 2007, Netflix served subpoenas on four law firms -- Alschuler Grossman, Baker Botts, LLP, Blakely and Shearman & Sterling -- and on Richard Frank. The subpoenas sought documents and deposition testimony related to the advice-of-counsel letters and any other communications that Blockbuster had with its attorneys about the validity of Netflix's patents. Nishimoto Decl., Exs. 3 through 6. Following the service of these subpoenas, Netflix wrote to Blockbuster, explaining that Federal Circuit law required Blockbuster to produce this information and asking whether Blockbuster and its attorneys intended to comply with the subpoena. Id., Ex. 16.

On April 11, 2007, Blockbuster responded by filing a motion for protection in the Northern District of Texas, Paige Decl., Ex. C.[1] Netflix immediately wrote to Judge Alsup, informing him of the Texas motion. Id., Ex. D.

Following a hearing before Judge Alsup in which he instructed the parties to answer foundational questions, the parties agreed on a procedure to obtain responses to foundational questions. Litigation counsel submitted declarations in which they responded under oath to questions that Netflix proposed. Those declarations make plain that Blockbuster's litigation counsel have communicated, both orally and in writing, with Blockbuster about the validity of the '381 and '450 patent. O'Brien Declaration, ¶¶ 4, 5; Grossman Declaration, ¶¶ 4 and 5; Chen Declaration, ¶¶ 4 and 5; Lyne Declaration, ¶ 1. They also have discussed the evidence concerning the validity of those patents with individuals at Blockbuster. O'Brien Declaration, ¶¶ 6 and 7; Grossman Declaration, ¶¶ 6 and 7; Chen Declaration, ¶¶ 6 and 7; Lyne Declaration, ¶ 5. And, they have talked to Blockbuster about the opinion letters that Baker & Botts and Blakely wrote. O'Brien Declaration, ¶¶ 2 and 3; Chen Declaration, ¶ 2; Lyne Declaration, ¶ 2. Blockbuster has disclosed its communications about the validity of Netflix's patents with opinion counsel and some of its communications with in-house counsel but has refused to disclose any of its communications with litigation counsel on the same subject, hiding behind the privilege that it waived.

---

[1] On April 25, 2007, the Texas court dismissed the miscellaneous action without prejudice based on Blockbuster's withdrawal of its motion. Paige Decl., Ex. E.

3
MEMORANDUM OF POINTS AND AUTHORITIES ISO NETFLIX'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER
CASE NO. C 06 2361 WHA (JCS)

Paige Decl., Ex. F (Stevenson depo. [rough] 1:19 - 2:1; 2:16-19). In addition, the law firms have withheld work product documents that reflect communications with Blockbuster on the subject of invalidity. Nishimoto Decl., Ex. 20 (Alschuler Grossman Privilege Log, Doc. Nos. 1, 2, 3, 4, 6, 8 and 11); and Ex. J (Shearman & Sterling Privilege Log, Doc. Nos., 3, 7, 9, 11, 12 and 13).

Finally, Blockbuster refuses to disclose communications between opinion and litigation counsel, and communications between opinion counsel and in-house counsel.

Paige Decl., Ex. H (Taylor depo., 24:17-27:15).

Ex. I (Showalter depo., 179:23-180:22, 195:10-196:18).

### III.   ARGUMENT

**1.   Under <u>EchoStar</u>, Blockbuster and its Attorneys Must Produce to Netflix All Documents Containing or Referencing Communications With Blockbuster About the Validity of Netflix's Patents**

Federal Circuit law governs the issue of privilege and discoverability arising from assertion of the advice-of-counsel defense. See In re EchoStar Comm'ns Corp., 448 F.3d 1294, 1298 (Fed. Cir. 2006) ("[Q]uestions of privilege and discoverability that arise from assertion of the advice-of-counsel defense necessarily involve issues of substantive patent law."). In EchoStar, TiVO sued EchoStar for patent infringement. See EchoStar, 448 F.3d at 1297. Prior to the filing of the action, EchoStar relied on advice of in-house counsel. After the action was filed, EchoStar obtained additional legal advice from the law firm of Merchant & Gould but chose not to rely on it. Id. When EchoStar asserted the defense of reliance on the advice of counsel, TiVO sought production of, inter alia, documents in the possession of Merchant & Gould. See id.

The Federal Circuit made two rulings with respect to these documents. First, regarding

4

MEMORANDUM OF POINTS AND AUTHORITIES ISO NETFLIX'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER
CASE NO. C 06 2361 WHA (JCS)

393477.02

the attorney-client privilege, the court held that, "when EchoStar chose to rely on the advice of in-house counsel, it waived the attorney-client privilege with regard to <u>any</u> attorney-client communications relating to the same subject matter, including communications with counsel other than in-house counsel, which would include communications with Merchant & Gould." <u>EchoStar</u>, 448 F.3d at 1299 (emphasis added). The Federal Circuit confirmed that the assertion of advice of counsel "opens to inspection the advice received during the entire course of the alleged infringement." <u>Id.</u> at 1302 n.4. The court cited approvingly a district court case that extended the waiver to trial counsel. <u>Id.</u>, <u>citing</u>, <u>Akeva LLC v. Mizuno Corp.</u>, 243 F. Supp. 2d 418, 423 (M.D. NC. 2003).

Second, regarding the work product privilege, the Federal Circuit held that the waiver reached documents that discussed a communication between attorney and client concerning the subject matter of the case even if the communications themselves were not to or from the client. <u>EchoStar</u>, 448 F.3d at 1302. While this category of work product is not a direct communication to the client, "it will aid the parties in determining what communications were made to the client and protect against intentional or unintentional withholding of attorney-client communications from the court." <u>Id.</u> at 1304.[2]

The above waiver as to both the attorney-client privilege and work product extends to advice given after the litigation began if "the advice is relevant to ongoing willful infringement, so long as that ongoing infringement is at issue in the litigation. When an accused infringer asserts the advice-of-counsel defense to a charge of willful infringement, the accused infringer places its state of mind at issue." <u>Id.</u> at 1303. In assessing willfulness, the trier of fact must inquire whether the advice of counsel was "thorough enough, as combined with other factors, to instill a belief in the infringer that a court might reasonably hold the patent is invalid, not infringed, or unenforceable." <u>Id.</u> at 1303 (internal citations omitted).

<u>EchoStar</u> articulates the current state of the law with regard to waiver of the attorney-

---

[2] The Federal Circuit found that the attorney's work product that was not communicated to the client remains protected because "[i]t is what the alleged infringer knew or believed, and by contradistinction not what other items counsel may have prepared but did not communicate to the client, that informs the court of an infringer's willfulness." <u>EchoStar</u>, 448 F.3d at 1303.

client privilege and work product immunity when an accused infringer decides to rely on an advice-of-counsel defense in combating willfulness. Having voluntarily chosen to assert such a defense and thus waive privilege, Blockbuster and its attorneys must answer all questions and produce all documents that relate to communications to Blockbuster concerning the validity of Netflix's patents.

   2.   **Blockbuster's Waiver of the Attorney-Client Privilege and Work Product Immunity Extends to Trial Counsel**

Blockbuster has waived not only the attorney-client privilege and, to some extent, work product immunity with regard to opinion counsel, but has also waived the attorney client-privilege and work product immunity with regard to its litigation counsel. See EchoStar, 448 F.3d at 1303 n.4; see, e.g., Genentech, Inc. v. Insmed Inc., 442 F. Supp. 2d 838, 843 (N.D. Cal. 2006); Informatica Corp. v. Business Objects Data Integration, 454 F. Supp. 2d 957 (N.D. Cal. 2006).

When faced with the issue regarding the scope of the waiver, the judges in the Northern District of California have applied the waiver to all counsel, holding as follows:[3]

| Case | Holding |
|---|---|
| Informatica Corp. v. Business Objects Data Integration, 454 F. Supp. 2d 957, 965 (N.D. Cal. 2006) aff'd, 2006 WL 2329460, at *3 (Aug. 9, 2006) | "The categories of information which BODI must turn over to Informatica, Inc. include (a) attorney-client communications with <u>any</u> counsel on the subject of the opinion or advice on which BODI relies; (b) work product communicated to BODI on that same subject; (c) work product which reflects any communication on that subject." (emphasis added) |
| Judge Larson/Judge White | "The holding of In Re EchoStar, especially when it is considered in light of the Akeva case, does not provide any support for BODI's proposed limitation on the scope of the waiver to exclude opinions or advice given by trial counsel on the same subject matter of the opinion given by |

---

[3] In Avago Technologies v. Elan Microelectronics Corp., 2007 WL 841785 (N.D. Cal. 2007), the court (per Magistrate Judge Lloyd) deferred decision on the waiver issue until the Federal Circuit's ruling in In re Seagate Technology, 2007 WL 196403 (Fed. Cir. Jan 16, 2007). That case is not further discussed herein because it indicates that it is "NOT FOR CITATION."

Likewise, in 3Com v. D-Link Systems, Inc., No. C 03-2177 (N.D. Cal. April 24, 2007), Judge Walker postponed his discovery ruling until the Federal Circuit clarified the scope of the privilege waiver in In re Seagate Technology, 2007 WL 196403 (Fed. Cir. January 26, 2007) [Docket # 397].

| | | |
|---|---|---|
| 1 | | Mr. Albert." |
| 2 | Genentech, Inc. v. Insmed, Inc., 442 F. Supp. 2d 838, 847 (N.D. Cal. 2006)<br><br>Judge Chen | "Waiver of trial counsel communication with the client should apply to documents and communications that are most akin to that which opinion counsel normally renders – i.e., documents and communications that contain opinions (formal or informal) and advice central and highly material to the ultimate question of infringement and invalidity (the subject matter of the advice given by Foley opinion counsel)." |
| 7 | Celerity, Inc. v. Ultra Clean Holding, 476 F.Supp. 2d 1159, 1167 (N.D. Cal. Feb. 28, 2007)<br><br>Judge Larson | "UCT has waived attorney-client privilege and the work product doctrine for <u>all</u> attorney-client communications on the same subject matter as the opinion relied upon, for all work product which references such communications and for all work product on the same subject which was communicated to the client." (Emphasis added). |

In the wake of EchoStar, most courts outside of the Northern District also concluded that the privilege waiver extends to trial counsel. See Iridex Corp v. Synergetics, Inc., 2007 WL 445275, at *1 (E.D. Mo. Feb. 2, 2007) ("Synergetics must provide discovery about opinions of counsel that were communicated to Synergetics concerning whether its accused devices infringe, regardless of whether the opinions were given by trial counsel or by other lawyers, unless those opinions were given <u>solely</u> for the purpose of considering settlement options.") (emphasis in original); Affinion Net Patents, Inc. v. Maritz, Inc., 440 F. Supp. 2d 354, 356 (D. Del. 2006) (finding that defendant waived attorney-client privilege "as to communications with 'litigation counsel,' and any other counsel"); Outside the Box Innovations, LLC v. Travel Caddy, Inc., 455 F. Supp. 2d 1374, 1379 (N.D. Ga. 2006) (finding that the overall scope of the waiver includes "any document or opinion that embodies or discusses a communication to or from Union Rich concerning whether the '992 and '104 patents are valid, enforceable and infringed by Union Rich, <u>regardless of the counsel involved</u> and regardless of the date.") (emphasis added); Beck Systems, Inc. v. Management Corp., 2006 WL 2037356, at *5 (N.D. Ill., July 14, 2006) ("EchoStar did not disturb the approach we adopted in [a previous case] which extends the waiver to attorney-client privilege and certain work-product material involving trial counsel."); Computer Associates International v. Simple.Com, Inc., 2006 WL 3050883, at *4 (E.D. NY. Oct. 23, 2006) ("the Federal Circuit would extend the waiver to all attorneys who provide advice,

including, in the case of ongoing infringement, trial counsel.").

A minority of courts have tried to narrow the scope of the waiver, while some courts have sought a middle ground. See, e.g., Ampex Corp. v. Eastman Kodak Co., 2006 WL 1995140, at *3, (D. Del. July 17, 2006) (rejecting argument that waiver should extend to trial counsel as that would "demolish [ ] the practical significance of the attorney-client privilege, a result obviously at odds with other comments in EchoStar"); Intex Recreation Corp. v. Team Worldwide Corp., 439 F. Supp. 2d 46, 52 (D.D.C. 2006) (adopting a "middle ground" approach under which "waiver extends only to those trial counsel work product materials that have been communicated to the client and contained conclusions or advice that contradict or cast doubt on the earlier opinions").

### 3. Blockbuster Knowingly Waived Its Attorney-Client and Work Product Privileges

The Federal Circuit's decision in EchoStar was a natural consequence of its earlier ruling in Knorr-Bremse Systeme Fuer Nutzfahrzeuge v. Dana Corp., 383 F.3d 1337 (Fed. Cir. 2004). In Knorr-Bremse, the Federal Circuit reconsidered its precedent on the issue of whether an alleged infringer's failure to produce an exculpatory opinion of counsel results in an adverse inference. As the Federal Circuit noted, "a defendant may of course choose to waive the privilege and produce the advice of counsel." But if the defendant chooses not to do so, the withholding of the advice of counsel "shall no longer entail an adverse inference as to the nature of the advice." Id. at 1345.

The Federal Circuit also revisited its precedent of whether it was appropriate to draw an adverse inference with respect to willful infringement if the defendant had not obtained opinion of counsel. It held that the failure to obtain an exculpatory opinion of counsel "shall no longer provide an adverse inference or evidentiary presumption that such an opinion would have been unfavorable." Knorr-Bremse, 383 F.3d at 1346.

Following Knorr-Bremse, all parties to patent infringement cases have had a choice: 1) they may choose to not assert the advice of counsel defense and thus not waive privilege; or 2) they may choose to assert the advice of counsel defense and waive privilege. The ramifications

8

MEMORANDUM OF POINTS AND AUTHORITIES ISO NETFLIX'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER
CASE NO. C 06 2361 WHA (JCS)

393477.02

1  of that choice were made clear in EchoStar.  If defendants in patent infringement actions choose
2  to rely on the advice of counsel defense to avoid a finding of willfulness, they will waive the
3  attorney-client privilege and some work product as to all counsel on the subject matters set forth
4  in the opinion letters.  That waiver naturally flows from the now voluntary decision to rely on the
5  advice of counsel to avoid willfulness.  As the Federal Circuit aptly explained, the relevant
6  inquiry is not into the attorneys' files, but into the infringer's state of mind:  "It is what the
7  alleged infringer knew or believed, . . . that informs the court of an infringer's willfulness."  In re
8  EchoStar, 448 F.3d at 1303.

9       In order to delve into Blockbuster's state of mind, Netflix is entitled to learn what
10  Blockbuster heard from all of its attorneys about the validity of Netflix's patents, not just what
11  opinion counsel told Blockbuster.

13       Paige Decl.,
14  Ex. G (Antioco depo., 196:11-19; 204:4-23; 222:12-15).

16  , (Antioco depo., 220:6-20).  Even though Alschuler's advice thus played
17  a part in Blockbuster's belief as to the validity of the '450 and '381 patents, Blockbuster seeks to
18  shield that advice from disclosure.

20       Paige Decl., Ex. G
21  (Compare Antioco depo., 219:12-24 to 220:22 – 221:8).  Moreover, Alschuler provided
22  information to Blakely that it relied upon in writing its opinion letter.  See Paige Decl., Ex. B
23  (Blakely opinion letter, 3 n.9).  Blockbuster's refusal to disclose its in-house and litigation
24  counsel's views on validity allows Blockbuster to use the opinion of counsel defense as both a
25  sword and a shield -- just what the Federal Circuit in EchoStar sought to prevent.  EchoStar, 448
26  F. 3d at 1303 ("The overarching goal of waiver . . . is to prevent a party from using the advice he
27  received as both a sword, by waiving privilege to favorable advice, and a shield, by asserting
28  privilege to unfavorable advice.").

9
MEMORANDUM OF POINTS AND AUTHORITIES ISO NETFLIX'S OPPOSITION TO MOTION FOR
PROTECTIVE ORDER
CASE NO. C 06 2361 WHA (JCS)
393477.02

9
MEMORANDUM OF POINTS AND AUTHORITIES ISO NETFLIX'S OPPOSITION TO MOTION FOR
PROTECTIVE ORDER
CASE NO. C 06 2361 WHA (JCS)

1       At a minimum, Blockbuster must disclose its own communications with opinion counsel.

2 Paige Decl. Ex. I (Showalter depo., 195:10-196:18).

4

5       Id., Ex. G (Antioco depo. 158:9-22; 213:20-217:16). As a result, Blockbuster has waived the privilege over communications between opinion counsel and Blockbuster's in-house counsel. EchoStar, 448 F.3d at 1299.

8       Moreover, unlike parties who asserted the advice of counsel defense before the Federal Circuit's decision in EchoStar and could claim that they did not expect that decision to lead to a full-scale waiver, Blockbuster can make no such claim of surprise or prejudice. All of the cases cited herein were published prior to Blockbuster's producing its advice of counsel letters to Netflix (and prior to Blockbuster's ever retaining Blakely to tender its advice). Under these circumstances, Blockbuster was well aware of the risks it took as to waiver and could hardly be prejudiced. Having made the knowing and deliberate decision to rely on the advice of counsel defense (when it did not need to do so under Knorr-Bremse), it has no grounds for complaint about the scope of its waiver.

17       This Court therefore should enforce the Federal Circuit's decision in EchoStar and order Blockbuster to produce any and all communications between it and any of its lawyers regarding the validity of Netflix's patents, and any internal communications or work product from any attorney which reflect discussions with Blockbuster about the validity of the patents.

      **4.   In Light of In re Seagate, Blockbuster's Advice and Trial Counsel Must Preserve All Work Product Related to the Validity of Netflix's Patents**

The state of the law with regard to the scope of the waiver articulated in EchoStar may change, given the Federal Circuit's decision to hear en banc In re Seagate Technology, 2007 WL 196403, at *1 (Fed. Cir. Jan. 26, 2007). In June, the Federal Circuit will hear arguments on: (1) whether "a party's assertion of the advice of counsel defense to willful infringement [should] extend waiver of the attorney-client privilege to communications with that party's trial counsel;" and (2) "the effect of any such waiver on work-product immunity." Id.

The Seagate decision may widen or narrow the scope of Blockbuster's waiver in this case. Given the possibility that uncommunicated work product concerning an opinion of validity might become discoverable after Seagate, this Court should order Blockbuster and its attorneys to preserve all "documents analyzing the law, facts, trial strategy, and so forth that reflect the attorney's mental impressions but were not given to [Blockbuster]." EchoStar, 448 F.3d at 1302.

### IV. CONCLUSION

EchoStar sets forth the law governing Blockbuster's motion for a protective order. Unless and until it is overturned, the decision in EchoStar is binding upon this Court. See e.g., Fed. Nat.'l Mortgage Ass'n. v. United States, 469 F.3d 968, 972 (Fed. Cir. 2006) ("A panel of this court is bound by prior precedential decisions unless and until overturned en banc.") (quotation marks and citation omitted). Therefore and for the reasons stated above, Netflix respectfully requests that this Court deny the motion for a protective order and instead (1) compel Blockbuster to respond fully to questions about all communications, both orally and in writing, that it had with any lawyer that relates to the subject of invalidity and to produce all documents on that subject; and (2) compel Blockbuster's opinion counsel and its litigation counsel (a) to respond fully to questions at deposition about their communicated opinions that relate to Blockbuster's invalidity defense; and (b) to produce documents responsive to the subpoenas served on them.

Dated: May 18, 2007

KEKER & VAN NEST, LLP

By: /s/ Daralyn J. Durie
Daralyn J. Durie
Attorneys for Plaintiff
NETFLIX, INC.

11
MEMORANDUM OF POINTS AND AUTHORITIES ISO NETFLIX'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER
CASE NO. C 06 2361 WHA (JCS)

393477.02