1  KEKER & VAN NEST, LLP
   JEFFREY R. CHANIN - #103649
2  DARALYN J. DURIE - #169825
   ASHOK RAMANI - #200020
3  710 Sansome Street
   San Francisco, CA 94111-1704
4  Telephone: (415) 391-5400
   Facsimile: (415) 397-7188
5
   Attorneys for Plaintiff
6  NETFLIX, INC.

7
                     UNITED STATES DISTRICT COURT
8
                    NORTHERN DISTRICT OF CALIFORNIA
9

10  NETFLIX, INC., a Delaware corporation,     Case No. C 06 2361 WHA (JCS)
11                         Plaintiff,           ADMINISTRATIVE MOTION TO FILE
                                                UNDER SEAL AND DECLARATION OF
12        v.                                    KLAUS H. HAMM IN SUPPORT
                                                THEREOF
13  BLOCKBUSTER, INC., a Delaware
    corporation, DOES 1-50,                     Date:  June 8, 2007
14                                              Time:  9:30 a.m.
                           Defendant.           Dept:  A, 15th Floor
15                                              Judge: Hon. Joseph C. Spero

Plaintiff Netflix, Inc. submits this Request under Civil Local Rules 7-11 and 79-5 to file documents under seal in connection with Netflix's Opposition to Blockbuster's Motion for Protective Order. Netflix makes this Request in a good-faith effort to maintain the confidentiality of deposition transcripts relied upon in Netflix's brief that Blockbuster designated as Confidential—Attorneys' Eyes Only under the Protective Order in this case. This Request is narrowly tailored as required under Local Rule 79-5(b), and there is therefore good cause for filing the following documents under seal.

**Netflix's Memorandum of Points and Authorities in Support of its Opposition to Motion for Protective Order**

Portions of Netflix's Memorandum refer to and discuss deposition testimony that Blockbuster has designated "Confidential" or "Confidential – Attorneys' Eyes Only" under the Protective Order. Under paragraphs 4(d) and 10 of the Protective Order (Docket # 64) Netflix is obligated to lodge this document with the Court with a request to file it under seal, pursuant to Civil Local Rule 75-5.

**Exhibits to Paige Declaration**

Concurrently filed in support of Netflix's Opposition to Blockbuster's Motion for Protective Order is the Declaration of Eugene Paige, which attaches four exhibits which consist of deposition transcripts that Blockbuster designated "Confidential – Attorneys' Eyes Only" under the Protective Order, or that are otherwise designated "Confidential" under the Protective Order.

**Exhibit F**: This exhibit is excerpts of the rough transcript of the deposition of Bryan Stevenson, taken May 10, 2007. Under paragraphs 4(d) and 10 of the Protective Order (Docket # 64), Netflix is obligated to lodge this document with the Court with a request to file it under seal, pursuant to Civil Local Rule 75-5.

**Exhibit G**: This exhibit is excerpts of the transcript of the deposition of John Antioco, taken April 25, 2007. Under paragraphs 4(d) and 10 of the Protective Order (Docket # 64), Netflix is obligated to lodge this document with the Court with a request to file it under seal, pursuant to Civil Local Rule 75-5.

1     **Exhibit H:** This exhibit is excerpts of the transcript of the deposition of Edwin H. Taylor, taken April 26, 2007. Under paragraphs 4(d) and 10 of the Protective Order (Docket # 64), Netflix is obligated to lodge this document with the Court with a request to file it under seal, pursuant to Civil Local Rule 75-5.

    **Exhibit I:** This exhibit is excerpts of the transcript of the deposition of Bart Showalter, taken May 2, 2007. Under paragraphs 4(d) and 10 of the Protective Order (Docket # 64), Netflix is obligated to lodge this document with the Court with a request to file it under seal, pursuant to Civil Local Rule 75-5.

    Netflix respectfully requests that the Court permit the sealing of the documents set forth above, and order that the Clerk of the Court maintain them in accordance with the provisions of Local Civil Rule 79-5(f).

Dated: May 18, 2007

Respectfully submitted,

KEKER & VAN NEST, LLP

By: /s/ Klaus H. Hamm
    JEFFREY R. CHANIN
    DARALYN J. DURIE
    KLAUS H. HAMM
    ASHOK RAMANI
    Attorneys for Plaintiff
    NETFLIX, INC.

**DECLARATION OF KLAUS H. HAMM IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

I, KLAUS H. HAMM, declare and state as follows:

1. I am an attorney licensed to practice law in the State of California and before this Court, and am associated with Keker & Van Nest, LLP, counsel for Plaintiff Netflix, Inc. I have personal knowledge of the facts set forth below and if called to testify as a witness thereto could do so competently under oath.

2. In the course of Discovery in this case, Netflix took the deposition of Bryan Stevenson on May 10, 2007. Excerpts of the rough transcript of this deposition are attached as Exhibit F to the declaration of Eugene Paige in support of Netflix's Opposition to Blockbuster's Motion for Protective Order. According to paragraph 4(d) of the protective order filed in this case (Docket # 64) "Deposition testimony and transcripts shall be treated as CONFIDENTIAL in their entirety until receipt of written notice as provided above or the expiration of the ten working day period for giving such notice, whichever is earlier." Since we have not yet received the final transcript of this deposition, the Protective Order requires Netflix to treat the transcript as CONFIDENTIAL. That same order requires that Netflix move to seal the document.

3. In the course of Discovery in this case, Netflix took the deposition of John Antioco on April 25, 2007. Excerpts of the transcript of this deposition are attached as Exhibit G to the declaration of Eugene Paige in support of Netflix's Opposition to Blockbuster's Motion for Protective Order. According to paragraph 4(d) of the protective order filed in this case (Docket # 64) "Testimony taken at a deposition may be designated as CONFIDENTIAL or AEO by counsel for any party (or any witness or counsel for such a witness) who makes a statement to that effect on the record at the deposition." Blockbuster has designated this deposition transcript as AEO. The Protective Order requires that Netflix move to seal the document.

4. In the course of Discovery in this case, Netflix took the deposition of Edwin H. Taylor on April 26, 2007. Excerpts of the transcript of this deposition are attached as Exhibit H to the declaration of Eugene Paige in support of Netflix's Opposition to Blockbuster's Motion for Protective Order. According to paragraph 4(d) of the protective order filed in this case

1  (Docket # 64) "Deposition testimony and transcripts shall be treated as CONFIDENTIAL in
2  their entirety until receipt of written notice as provided above or the expiration of the ten
3  working day period for giving such notice, whichever is earlier." We received the transcript for
4  this deposition on April 3, 2007, which was 11 working days ago. But because Blockbuster's
5  counsel may have received the transcript on April 4, 2007 or later, it is unclear whether the 10
6  working day period has expired and thereby removed the provisional CONFIDENTIAL
7  designation. Out of an abundance of caution and under the Protective Order, Netflix moves to
8  seal the document.

9      5.    In the course of Discovery in this case, Netflix took the deposition of Bart
10  Showalter on May 2, 2007. Excerpts of the transcript of this deposition are attached as Exhibit I
11  to the declaration of Eugene Paige in support of Netflix's Opposition to Blockbuster's Motion
12  for Protective Order. According to paragraph 4(d) of the protective order filed in this case
13  (Docket # 64) "Testimony taken at a deposition may be designated as CONFIDENTIAL or AEO
14  by counsel for any party (or any witness or counsel for such a witness) who makes a statement to
15  that effect on the record at the deposition." During the deposition, counsel for Blockbuster stated
16  on the record that Blockbuster would like to designate the transcript as confidential. The
17  Protective Order requires Netflix to treat the transcript as CONFIDENTIAL. That same order
18  requires that Netflix move to seal the document.

19      I declare under penalty of perjury under the laws of the State of California that the
20  foregoing is true and correct. Executed on this 18th day of May 2007, at San Francisco,
21  California.

24  By: /s/ Klaus H. Hamm