BINGHAM McCUTCHEN LLP
Donn P. Pickett (SBN 72257)
Mary T. Huser (SBN 136051)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286

Marshall B. Grossman (SBN 35958)
William J. O'Brien (SBN 99526)
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA 90404-4060
Telephone: (310) 907-1000
Facsimile: (310) 907-2000

Attorneys for Defendant and Counterclaimant,
BLOCKBUSTER INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETFLIX, INC, a Delaware corporation<br><br>　　　　Plaintiff,<br><br>v.<br><br>BLOCKBUSTER INC., a Delaware corporation, DOES 1-50,<br><br>　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. C 06 2361 WHA (JCS)<br><br>**BLOCKBUSTER INC.'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**<br><br>Hearing Date:　　June 8, 2007<br>Time:　　　　　　9:30 A.M.<br>Courtroom:　　　A, 15th Floor<br>Magistrate Judge:　Joseph C. Spero<br><br>Complaint Filed:　　April 4, 2006 |

ACTIVE/72029312.1

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 2

    A. Netflix Overreaches In Arguing That The *EchoStar* Waiver Extends To Blockbuster's Privileged Communications With Trial Counsel And Trial Counsel's Internal Work Product ............................................................................ 2

        1. *EchoStar* Did Not Address The Waiver Of Privilege Regarding Separate And Independent Trial Counsel ................................................. 2

        2. Federal Circuit Precedent Protects Trial Counsel's Privileged Information ................................................................................................. 4

    B. The Vast Majority Of Cases Do Not Extend Waiver To Separate And Independent Trial Counsel. The Court Should Not Follow The Minority That Extend Waiver Because The Issue Is Ripe For Consideration Before The Federal Circuit ............................................................................................... 5

III. CONCLUSION ................................................................................................................... 10

ACTIVE/72029312.1　　　　　　　　　　　　　　　　i

BLOCKBUSTER INC.'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
CASE NO. C 06 2361 WHA (JCS)

# TABLE OF AUTHORITIES

Page

**CASES**

*3Com v. D-Link Systems, Inc.*,
No. C 03-2177 (N.D. Cal. April 24, 2007) .................................................................... 10

*Affinion Net Patents, Inc. v. Maritz, Inc.*,
440 F. Supp. 2d 354 (D. Del. 2006) ............................................................................... 7

*Akeva LLC v. Mizuno Corp.*,
243 F. Supp. 2d 418 (M.D.N.C. 2003) ....................................................................... 3, 4

*Ampex Corp. v. Eastman Kodak Co.*,
No. CIV A. 04-1373-KAJ, 2006 WL 1995140 (D. Del. July 17, 2006) ............ 2, 3, 4, 5, 6

*Avago Technologies v. Elan Microelectronics Corp.*,
2007 WL 841785 (N.D. Cal. 2007) .............................................................................. 10

*Beck Systems, Inc. v. Management Corp.*,
No. 05 C 2036, 2006 WL 2037356 (N.D. Ill. July 14, 2006) ......................................... 7

*Beneficial Franchise Co., Inc. v. Bank One, N.A.*,
205 F.R.D. 212 (N.D. Ill. 2001) ..................................................................................... 7

*Celerity, Inc. v. Ultra Clean Holding, Inc.*,
476 F. Supp. 2d 1159 (N.D. Cal. 2007) ................................................................. 3, 6, 9

*Computer Assoc. Int'l, Inc. v. Simple.com, Inc.*,
No. 02 Civ. 2748 (DRM) (MLO), 2006 WL 3050883 (E.D.N.Y. Oct. 23,
2006) ........................................................................................................................... 8, 9

*Convolve, Inc. v. Compaq Computer Corp.*,
224 F.R.D. 98 (S.D.N.Y. 2004) ..................................................................................... 9

*Convolve, Inc. v. Compaq Computer Corp.*,
No. 00 Civ. 5141 (GBD), 2006 WL 2788234 (S.D.N.Y. Sept. 27, 2006) ............... 7, 8, 9

*Genentech, Inc. v. Insmed Incorporated*,
442 F. Supp. 2d 838 (N.D. Cal. 2006) ................................................................ 3, 4, 6, 10

*In re Seagate Technology, LLC*,
Misc. No. 830, 2007 WL 196403 (Fed. Cir. Jan. 26, 2007) ............................ 1, 2, 8, 9, 10

*Indiana Mills & Mfg., Inc. v. Dorel Indus., Inc.*,
No. 1:04CV01102-LJM-WTL, 2006 WL 1749413 (S.D. Ind. May 26, 2006) ............... 7

*Informatica Corporation v. Business Objects Data Integration, Inc.*,
454 F. Supp. 2d 957 (N.D. Cal. 2006) ....................................................................... 6, 10

*Intex Recreation Corp. v. Team Worldwide Corp.*,
439 F. Supp. 2d 46 (D.D.C. 2006) ................................................................................. 7

TABLE OF AUTHORITIES
(continued)

Page

*Iridex Corp. v. Synergetics, Inc.*,
   No. 4:05CV1916 CDP, 2007 WL 445275 (E.D. Mo. Feb. 2, 2007) .................................. 8, 9

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge v. Dana Corporation*,
   383 F.3d 1337 (Fed. Cir. 2004) ............................................................................................ 4

*Outside the Box Innovations, LLC v. Travel Caddy, Inc.*,
   455 F. Supp. 2d 1374 (N.D. Ga. 2006) ................................................................................ 7

## I. INTRODUCTION

Blockbuster Inc. ("Blockbuster") hereby replies to the Opposition to Motion for Protective Order of Netflix, Inc. ("Netflix").

Netflix's attempt to destroy the attorney-client privilege between Blockbuster and its trial counsel is at odds with Federal Circuit precedent. Netflix seeks to improperly stretch the Federal Circuit's holding in *In re EchoStar Communications Corporation*, 448 F.3d 1294 (Fed. Cir. 2006) to reach (1) all privileged communications between Blockbuster and its trial counsel-- Alschuler Grossman LLP ("Alschuler Grossman") and Shearman & Sterling LLP ("Shearman & Sterling")--that reference the invalidity of U.S. Patent Nos. 7,024,381 ("the '381 patent") or 6,584,450 ("the '450 patent"), and (2) all of trial counsel's internal work product that references these discussions.[1] Netflix's arguments are unsupported by law. *Echostar* did not address waiver as to separate trial counsel, and emphatic statements made by the Federal Circuit cut against Netflix's attempt to stretch waiver here. Additionally, as Blockbuster explained in its moving papers, no case in the Northern District of California has extended waiver to litigation counsel where, as here, litigation counsel and opinion counsel are wholly separate and independent law firms. Only three judges--and none from any California district--have stretched waiver to reach separate and independent trial counsel. One of those cases led to *In re Seagate*, now pending *en banc* before the Federal Circuit; the second was decided before the Federal Circuit acted *sua sponte* in granting its *en banc* review in *In re Seagate*; and the third case fails to

---

[1] Blockbuster objects to the production of any of trial counsel's work product. This Reply, however, limits discussion to work product referencing communications with Blockbuster because Netflix has limited its arguments requesting discovery of trial counsel's work product. *See* Netflix's Opposition to Motion for Protective Order ("Opp'n"), p. 5 (arguing that Netflix is entitled to work product "that discussed a communication between attorney and client concerning the subject matter of the case even if the communication themselves were not to or from the client."); May 4, 2007 Declaration of Ryan M. Nishimoto ("Nishimoto Decl."), Ex. 14, at p. 10:3-13.

ACTIVE/72029312.1                                    1

even mention *In re Seagate* despite being decided after the Federal Circuit accepted this issue for review.

## II. ARGUMENT

### A. Netflix Overreaches In Arguing That The *EchoStar* Waiver Extends To Blockbuster's Privileged Communications With Trial Counsel And Trial Counsel's Internal Work Product

Netflix overreaches in its attempt to discover privileged information because *EchoStar* did not address the waiver of privilege regarding separate and independent trial counsel and Netflix's attempt to stretch *EchoStar* to reach trial counsel flies in the face of clear Federal Circuit precedent protecting the attorney-client and work-product privileges.

#### 1. *EchoStar* Did Not Address The Waiver Of Privilege Regarding Separate And Independent Trial Counsel

As discussed in Blockbuster's moving papers, *EchoStar* did not address the waiver of privilege regarding separate trial counsel. *See* Blockbuster Inc.'s Motion for Protective Order ("Def.'s Br."), p. 8. In *EchoStar*, the defendant wanted to rely on the advice of its in-house counsel, while at the same time refusing to produce an outside opinion it had obtained on the same subject. *EchoStar*, 448 F.3d at 1297. As the District of Delaware has observed, this was an "artificial and unpersuasive distinction between inside and outside counsel," made in an attempt to selectively produce two separate opinion letters. *See Ampex Corp. v. Eastman Kodak Co.*, No. CIV A. 04-1373-KAJ, 2006 WL 1995140, at *3 (D. Del. July 17, 2006). The Federal Circuit "call[ed] that maneuver a foul" and stopped EchoStar from using the advice-of-counsel defense as both a sword and a shield. *See id.* It is far from evident, given this context, that the Federal Circuit wanted to "have every communication a client has with its trial counsel on the very subject of an infringement trial open to review by opposing counsel." *Id.*

Unlike defendant's counsel in *EchoStar*, Blockbuster's trial counsel--Alschuler Grossman and Shearman & Sterling-- are separate and independent from Blockbuster's opinion

ACTIVE/72029312.1                    2

counsel--Baker Botts LLP and Blakely, Sokoloff, Zafman & Taylor LLP. *See* Declaration of Marshall B. Grossman ("Grossman Decl."); Declaration of William J. O'Brian ("O'Brien Decl."); Declaration of Tony D. Chen ("Chen Decl."); Declaration of Dominique N. Thomas ("Thomas Decl."); Declaration of Scott D. Lyne ("Lyne Decl."). Blockbuster has produced the written opinions of its opinion counsel, Baker Botts and Blakely, Sokoloff, Zafman & Taylor. Netflix has deposed each of Blockbuster's opinion counsel and opinion counsel has produced documents and privilege logs responsive to Netflix subpoenas. Nishimoto Decl., ¶ 23 and Exs. 11-13, 17-19. Blockbuster's trial counsel, however, have repeatedly objected to Netflix's attempts to invade attorney-client and work-product privileges as applied to trial counsel because neither of the trial counsel provided opinions of counsel on the issue of invalidity. *See* Grossman Decl.; O'Brien Decl.; Chen Decl.; Thomas Decl.; Lyne Decl.; Nishimoto Decl., Ex. 20. Thus, the facts in *EchoStar* are substantially different from the facts now before this Court. *See Genentech, Inc. v. Insmed Incorporated*, 442 F. Supp. 2d 838, 841 (N.D. Cal. 2006) ("the issue [of whether waiver should extend to trial counsel] apparently was not before the [*EchoStar*] court."); *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 476 F. Supp. 2d 1159, 1166 (N.D. Cal. 2007) ("The court in *EchoStar* did not address the issue of any distinction between work product of opinion counsel and trial counsel, or attorney-client communications of opinion counsel and trial counsel."); *see also Ampex*, 2006 WL 1995140, at *4 ("*Echostar* did not even address the issue of communications with trial counsel.").

Netflix also ignores the distinction of separate and independent trial counsel in its argument that the Federal Circuit cites to *Akeva LLC v. Mizuno Corp.*, 243 F. Supp. 2d 418, 423 (M.D.N.C. 2003). *See* Opp'n, p. 5. *Akeva* dealt with circumstances in which defendant expressly relied on its <u>trial counsel's</u> non-infringement opinion to continue operating, while awaiting a separate opinion from another source. *Akeva*, 243 F. Supp. 2d at 419-20. Again,

Blockbuster has not chosen to use the same attorney as both opinion counsel and trial counsel. As the *Ampex* court observed, "[t]hat choice involves an unfortunate blending of roles that is, thankfully, rare and beyond the discussion provided here." *Ampex*, 2006 WL 1995140, at *4 n.4; *see also Genentech*, 442 F. Supp. 2d at 841 n.3 ("Simply because the Federal Circuit cited *Akeva* in support of certain conclusions does not mean that it wholesale adopted every holding in *Akeva*.").

### 2. Federal Circuit Precedent Protects Trial Counsel's Privileged Information

Netflix overreaches in arguing that the *EchoStar* decision "was a natural consequence" of the Federal Circuit's earlier ruling in *Knorr-Bremse Systeme Fuer Nutzfahrzuege v. Dana Corporation*, 383 F.3d 1337 (Fed. Cir. 2004), and by concluding that "waiver naturally flows from the now voluntary decision to rely on the advice of counsel to avoid willfulness." See Opp'n, pp. 8, 9. This reasoning is wholly out of step with the fundamental principles of privilege, evidenced by emphatic statements made by the Federal Circuit.

For example, in *Knorr-Bremse*, the Federal Circuit made clear that "[t]here should be no risk of liability in disclosures to and from counsel in patent matters; such risk can intrude upon full communication and ultimately the public interest in encouraging open and confident relationships between client and attorney." 383 F.3d at 1344. The *EchoStar* court did not retreat from this holding. To the contrary, *EchoStar* makes clear that "[w]e recognize the privilege in order to promote full and frank communication between a client and his attorney so that the client can make well-informed legal decisions and conform his activities to the law." *EchoStar*, 448 F.3d at 1300-01.

It was in this context that the *EchoStar* court discussed the general principles of the attorney-client privilege. The court stated that "[t]he overarching goal of waiver . . . is to prevent a party from using the advice he received as both a sword, by waiving privilege to favorable

ACTIVE/72029312.1

4

advice, and a shield, by asserting privilege to unfavorable advice." *EchoStar*, 448 F.3d at 1303. This is a well-established rule, since "selective waiver of the privilege may lead to the inequitable result that the waiving party could waive its privilege for favorable advice while asserting its privilege on unfavorable advice." *Id.* at 1301. Using similarly broad language, the *EchoStar* court also made the comment so heavily relied on by Netflix here: "[W]hen EchoStar chose to rely on the advice of in-house counsel, it waived the attorney-client privilege with regard to <u>any</u> attorney-client communications relating to the same subject matter, including communications with counsel other than in-house counsel, which would include communications with [outside patent counsel] Merchant & Gould." *Id.* at 1299 (emphasis added).

It goes well beyond the Federal Circuit's opinion to stretch the word "any" to reach every communication Blockbuster has had with its litigation counsel on the subject of invalidity. Here, Netflix stresses the Federal Circuit's use of the word "any" as justification to undermine the well-established principles of attorney-client privilege. By arguing that all attorney-client discussions touching on the subject of invalidity are on a par with the legal opinions that were at issue in *EchoStar*, Netflix is attempting to "demolish [ ] the practical significance of the attorney-client privilege." *See Ampex*, 2006 WL 1995140, at *3. As this Court noted in the April 16 hearing before Judge Alsup, "that's putting a lot of weight on one word." *See* Nishimoto Decl., Ex. 14 at p. 13:8-9.

  **B. <u>The Vast Majority Of Cases Do Not Extend Waiver To Separate And Independent Trial Counsel. The Court Should Not Follow The Minority That Extend Waiver Because The Issue Is Ripe For Consideration Before The Federal Circuit</u>**

Netflix relies on three cases from the Northern District of California to argue that Blockbuster's production of two opinion letters from opinion counsel destroys the privileges as to Blockbuster's separate and independent trial counsel. None of those cases extends the scope of *EchoStar* to reach these privileged communications and documents. In each of the three

opinions cited by Netflix, the holdings are limited to cases where <u>same</u> lawyer or law firm served as <u>both</u> trial counsel and opinion counsel.

In *Informatica Corporation v. Business Objects Data Integration, Inc.*, an attorney from the firm representing defendant at trial authored one of the written opinions of counsel relied on by defendant in its advice-of-counsel defense. 454 F. Supp. 2d 957, 959, 960 (N.D. Cal. 2006). In *Genentech*, defendants' trial counsel also authored one of the three formal patent opinions produced by defendants. 442 F. Supp. 2d at 839-40. The defendant in *Celerity* relied on an advice-of-counsel defense, employing the same counsel as both opinion counsel and trial counsel. 476 F. Supp. 2d at 1163, 1167. In each case, the court found that the scope of waiver reached the attorney or firm who authored the produced opinion, irrespective of that attorney's or firm's role as trial counsel. *Celerity*, 476 F. Supp. 2d at 1167; *Genentech*, 442 F. Supp. 2d at 847; *Informatica*, 454 F. Supp. 2d at 965.

Blockbuster chose <u>separate</u> firms to serve as trial counsel and opinion counsel. This important distinction was not before the *EchoStar* court, (*see Celerity*, 476 F. Supp. 2d at 1166; *Ampex*, 2006 WL 1995140, at *4; *Genentech*, 442 F. Supp. 2d at 841), nor was it presented in any of the three Northern District of California cases cited by Netflix as support for its overreaching argument. *See Celerity*, 476 F. Supp. 2d at 1163, 1167; *Genentech*, 442 F. Supp. 2d at 839-40; *Informatica*, 454 F. Supp. 2d at 959, 960.

Virtually all courts outside of California also reject the argument made by Netflix to extend waiver to trial counsel. *See Ampex*, 2006 WL 1995140, at *3 (rejecting argument that waiver should extend to trial counsel as that would "demolish [ ] the practical significance of the attorney-client privilege, a result obviously at odds with other comments in *EchoStar*"); *Indiana Mills & Mfg., Inc. v. Dorel Indus., Inc.*, No. 1:04CV01102-LJM-WTL, 2006 WL 1749413, at *7 (S.D. Ind. May 26, 2006) ("There is no indication that the *EchoStar* court intended to extend this

ACTIVE/72029312.1                                6

waiver to communication of trial counsel or to work product of trial counsel. In fact, that issue was not before the court."), *withdrawn on other grounds*, 2006 WL 1993420 (S.D. Ind. July 14, 2006)); *cf. Intex Recreation Corp. v. Team Worldwide Corp.*, 439 F. Supp. 2d 46, 52 (D.D.C. 2006) (adopting a "middle ground" approach under which "waiver extends only to those trial counsel work product materials that have been communicated to the client and contained conclusions or advice that contradict or cast doubt on the earlier opinions"). In the few cases outside of California that have extended waiver to trial counsel, they have done so only where trial counsel and opinion counsel are from the same firm. *See Affinion Net Patents, Inc. v. Maritz, Inc.*, 440 F. Supp. 2d 354, 355-356 (D. Del. 2006) (Defendant retained opinion and trial counsel, although different lawyers, from the same firm); *Outside the Box Innovations, LLC v. Travel Caddy, Inc.*, 455 F. Supp. 2d 1374, 1376 (N.D. Ga. 2006) (Plaintiff sought deposition and production of documents from attorney who "provided opinion letters to Union Rich on potential infringement issues" and whose firm "also served as Union Rich's original litigation counsel.").[2]

A minority of courts have extended waiver to include separate trial counsel: *Convolve, Inc. v. Compaq Computer Corp.*, No. 00 Civ. 5141 (GBD), 2006 WL 2788234 (S.D.N.Y. Sept. 27, 2006) (Daniels, J.); *Computer Assoc. Int'l, Inc. v. Simple.com, Inc.*, No. 02 Civ. 2748 (DRM) (MLO), 2006 WL 3050883 (E.D.N.Y. Oct. 23, 2006) (Hurley, J.), and; *Iridex Corp. v. Synergetics, Inc.*, No. 4:05CV1916 CDP, 2007 WL 445275 (E.D. Mo. Feb. 2, 2007) (Perry, J.).

The first of the three cases is currently on appeal before an *en banc* panel of the Federal

---

[2] Netflix cites to *Beck Systems, Inc. v. Management Corp.*, No. 05 C 2036, 2006 WL 2037356, at *5 (N.D. Ill. July 14, 2006), as support for its argument that extra-jurisdictional cases extend the privilege waiver to trial counsel in the wake of *EchoStar*. *See* Opp'n, pp. 2, 7. This is misleading to the extent that the *Beck Systems* court relied solely on a previous case from the Northern District of Illinois, *Beneficial Franchise Co., Inc. v. Bank One, N.A.*, 205 F.R.D. 212 (N.D. Ill. 2001), to extend waiver to trial counsel, finding only that *EchoStar* "did not disturb" the approach taken in *Beneficial*. *Beck Systems*, 2006 WL 2037356, at *5. Indeed, as Blockbuster explains in its moving papers, *EchoStar* did not address the waiver of privilege

(Footnote Continued on Next Page.)

Circuit in *In re Seagate Technology, LLC*, Misc. No. 830, 2007 WL 196403 (Fed. Cir. Jan. 26, 2007).[3] In *Seagate*, District Court Judge Daniels had refused to disturb the magistrate's findings that defendant Seagate Technology, Inc. ("Seagate") "waived the attorney-client privilege as to all communications not only with [opinion counsel], but also with its other attorneys, including trial counsel." *Convolve*, 2006 WL 2788234, at *1. Seagate immediately petitioned the Federal Circuit for writ of mandamus. See RJN, Ex. A. Acting *sua sponte*, the Federal Circuit announced an *en banc* review of Seagate's petition on January 26, 2007. *Seagate*, 2007 WL 196403, at *1. Oral arguments are set for June 7, 2007. Nishimoto Decl., Ex. 14 at p. 21:15. The court stayed the production of any privileged materials.

In the second case, *Computer Associates*, Judge Hurley adopted the report and recommendation of the special master extending waiver of attorney-client communications and work-product doctrine to separate trial counsel. 2006 WL 3050883, at *4. Significantly, when Judge Hurley made his decision on October 23, 2006, the Federal Circuit had not yet agreed to hear *Seagate*. Judge Hurley noted the lack of consistent rulings among courts that had considered the issue of waiver with respect to trial counsel, both before and after *EchoStar*. *Id.* at *4 n.4 (citing to one of the three orders that led to the appeal in *Seagate*: *Convolve, Inc. v.*

---

(Footnote Continued from Previous Page.)

regarding separate trial counsel. Def.'s Br., p. 8.

[3] A brief background is helpful in understanding the connection between *In re Seagate* and *Convolve*. *In re Seagate* arose as an appeal from *Convolve, Inc. v. Compaq Computer Corp.*, No. 1:00-cv-05141-GBD-JCF, a patent infringement case currently pending in the Southern District of New York. See Request for Judicial Notice ("RJN"), Ex. A at p. 7. Petitioner Seagate and co-defendant Compaq Computer Corp. produced several opinion letters relating to validity, infringement, and enforcement of the patents-in-suit. *Id.* at pp. 8-10. The magistrate judge found a subject matter waiver, and ruled that Seagate's waiver reached its separate and independent trial counsel. *Id.* at 11-12. The magistrate judge then ordered a broad production of Seagate's trial counsel's privileged communications and work product. *Id.* at 11-14. In the published opinion cited in this Reply, the district court denied Seagate's request to certify the magistrate's orders for interlocutory appeal. *Id.* at 13; *Convolve*, 2006 WL 2788234. Seagate appealed this decision to the Federal Circuit.

*Compaq Computer Corp.*, 224 F.R.D. 98, 103-04 (S.D.N.Y. 2004)).

The final case, *Iridex*, is the <u>sole reported decision</u> to come down after the Federal Circuit agreed to hear *Seagate*, and which extends waiver of the attorney-client privilege and work-product doctrine to separate trial counsel. In *Iridex*, Judge Perry concluded that "[t]here is no doubt that [defendant] has waived the attorney-client privilege and work-product protections with regard to opinions of counsel related to infringement." 2007 WL 445275, at *1. Although Judge Perry cited to four cases that reach "slightly different conclusions," at no point did she acknowledge *Seagate*. *Id.* Instead, Judge Perry ordered the production of "all matters that fit within what *Echostar* described as its first and third categories only," directed the parties "to attempt to work this out," and made clear that "I do not want further briefs or motions on this issue." *Id.*

Here, this Court should decline to follow *Convolve (Seagate)*, *Computer Associates*, and *Iridex* because the issue presented in each of these three cases, and now squarely before this Court, is ripe for consideration before the Federal Circuit.

Moreover, in the Northern District of California, only Judge Larson has opined on the scope of waiver since the Federal Circuit announced *en banc* review of *Seagate*. *Celerity*, 476 F. Supp. 2d at 1163-67. In finding that waiver applied to counsel who served as <u>both</u> opinion and trial counsel, Judge Larson noted that the Federal Circuit "is considering the question whether a party's assertion of the advice of counsel defense to willful infringement should extend waiver of the attorney-client privilege to communications with that party's trial counsel." *Id.* at 1164. However, because the defendant in *Celerity* had retained the <u>same counsel</u> as both opinion counsel and trial counsel, Judge Larson applied the precedent set forth in *Genentech* and *Informatica*, in addition to three pre-*EchoStar* decisions. *See id.* at 1164-65. The only other two courts in the Northern District of California that have dealt with this issue since the Federal

Circuit granted *en banc* review have deferred the issue until after a decision in *Seagate*.[4]

## III. CONCLUSION

For these reasons, Blockbuster respectfully requests that the Court issue an order that Blockbuster and its trial counsel -- Alschuler Grossman and Shearman & Sterling -- are entitled to a protective order relieving them of answering any questions or producing any documents with respect to attorney client communications or work product.

DATED: May 25, 2007

BINGHAM MCCUTCHEN LLP

By: /s Mary T. Huser
Mary T. Huser
Attorneys for Defendant
BLOCKBUSTER INC.

---

[4] As noted by Netflix in its Opposition, Magistrate Judge Loyd and Judge Walker have both deferred or postponed discovery rulings on the waiver issue until the Federal Circuit's ruling in *Seagate*. *See* Opp'n, p. 6 n.3 (citing *Avago Technologies v. Elan Microelectronics Corp.*, 2007 WL 841785 (N.D. Cal. 2007); *3Com v. D-Link Systems, Inc.*, No. C 03-2177 (N.D. Cal. April 24, 2007) (Docket #397)). Neither of these rulings are published decisions.

## PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in the County of Los Angeles, California at 355 South Grand Avenue, Suite 4400, Los Angeles, California 90071-3106. I am readily familiar with the practice of this office for collection and processing of correspondence for mail/fax/hand delivery/next business day delivery/electronic transmission, and they are deposited that same day in the ordinary course of business.

On May 25, 2007, I served the following document:

**BLOCKBUSTER INC.'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

☒ (BY ELECTRONIC TRANSMISSION) These documents were transmitted, by electronic transmission from nichele.goitia@bingham.com and the transmission was reported as complete and without error. I then caused the transmitting e-mail account to properly issue a report confirming the electronic transmission.

| | |
|---|---|
| **Jeffrey R. Chanin, Esq.**<br>Email: jrc@kvn.com<br>**Ashok Ramani, Esq.**<br>Email: axr@kvn.com<br>**Asim M. Bhansali, Esq.**<br>Email: amb@kvn.com<br>**Daralyn J. Durie, Esq.**<br>ddurie@kvn.com<br>KEKER & VAN NEST, LLP<br>710 Sansome Street<br>San Francisco, CA 94111-1704<br>Phone: 415.391.5400<br>Fax: 415.397.7188 | **Eugene M. Paige, Esq.**<br>Email: emp@kvn.com<br>**Kevin T. Reed, Esq.**<br>Email: kreed@kvn.com<br>**Leo L. Lam**<br>Email: leo@kvn.com<br>KEKER & VAN NEST, LLP<br>710 Sansome Street<br>San Francisco, CA 94111-1704<br>Phone: 415.391.5400<br>Fax: 415.397.7188 |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on May 25, 2007, at Los Angeles, California.

_____
Nichele M. Goitia